QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac forthcoming*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:  (617) 712-7100
Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Defendant Viasat, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD., <br><br> Plaintiff, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DEFENDANT VIASAT, INC.'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> <u>Hearing</u> <br> <u>Date</u>:  February 9, 2023 <br> <u>Time</u>:  2:00 p.m. <br> <u>Judge</u>:  Hon. Haywood S. Gilliam, Jr. <br> <u>Courtroom</u>:  2, 4th Fl. <br> 1301 Clay Street <br> Oakland, CA 94612 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 9, 2023, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Haywood S. Gilliam, Jr. at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, Defendant Viasat, Inc. will and hereby does move the Court for dismissal, under Fed. R. Civ. P. 12(b)(1), of the Complaint. As described in the following memorandum, Plaintiffs Western Digital Technologies, Inc., Western Digital Ireland Ltd., Sandisk 3D IP Holdings Ltd., Sandisk Technologies LLC, and Sandisk Storage Malaysia SDN. BHD do not have standing to assert causes of action for infringement of U.S. Patent Nos. 9,424,400 (the "'400 patent"), 10,447,667 (the "'667 patent"), and 8,504,834 (the "'834 patent") (collectively, the "Patents-in-Suit").

Viasat, Inc.'s motion is based on this Notice of Motion and Motion; the following memorandum of points and authorities; the supporting declaration of Jodie W. Cheng ("Cheng Decl."), all matters of which the Court may take judicial notice; other pleadings on file in this action; and other written or oral argument that Viasat, Inc. may present to the Court.

## RELIEF REQUESTED

Defendant Viasat, Inc. respectfully requests that the Court dismiss Plaintiffs' Complaint.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................... 1
II. BACKGROUND .......................................................................................................... 2
    A. The Parties ........................................................................................................ 2
    B. The Patents-in-Suit ........................................................................................... 2
    C. Viasat's Efforts to Resolve This Dispute ....................................................... 3
III. LEGAL STANDARDS ............................................................................................. 3
    A. Motions To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ......... 3
IV. ARGUMENT .............................................................................................................. 4
    A. Plaintiffs Have Not Plausibly Alleged Standing ....................... 4
V. CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010) .....5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).....4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).....4

*Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, No. CV 08-4220 PJH, 2009 WL 10692620 (N.D. Cal. Apr. 20, 2009).....6

*DJO Glob., Inc. v. Glader*, No. 16-CV-02208-CAB-NLS, 2016 WL 11622009 (S.D. Cal. Dec. 22, 2016) .....5

*Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266 (Fed. Cir. 2004) .....5

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).....3, 7

*Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567 (Fed. Cir. 1997) .....4

*Kokken v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).....3

*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936).....4

*Mutascu v. Botezatu*, 2019 WL 2719407 (C.D. Cal. June 28, 2019).....4

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005) .....4

*Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-cv-05227-VC, Dkt. No. 70 (N.D. Cal. July 22, 2014) .....6

*Uniloc 2017 LLC v. Google LLC*, 508 F. Supp. 3d 556 (N.D. Cal. 2020).....3, 5

*Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315 (Fed. Cir. 2021) .....4

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) .....3

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ................................................................................4

*Wyers Prod. Grp. v. Cequent Performance Prod., Inc.*,
    No. 12-CV-02640-REB-KMT, 2013 WL 2466917 (D. Colo. June 7,
    2013) ....................................................................................................................6

**<u>RULES</u>**

Fed. R. Civ. P. 12(b)(1) ...........................................................................................1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Complaint fails on its face. Five distinct Plaintiffs assert three patents against Viasat, but the Complaint says nothing regarding which, if any, of the Plaintiffs has rights to bring such claims. Rather, the Complaint makes contradictory statements regarding ownership of the Patents-in-Suit. For example, Plaintiffs allege in one paragraph that the collective group of five Plaintiffs "own[s]" the patents—a legal impossibility. And in other paragraphs, Plaintiffs state that "one or more" of them holds title, or all substantial rights, to each of the patents. This is meaningless. Asserting that one or more of a list of plaintiffs has rights under a patent fails on its face to show any have standing. Nowhere does the Complaint include what should be a straight-forward allegation that a specific named Plaintiff owns, or is exclusively licensed under, any of the asserted patents. The Complaint's allegations are thus insufficient to establish that any of the Plaintiffs' (let alone all of them) have standing to bring this action.

Standing must be adequately pled at the outset of a litigation. But even taking Plaintiffs' allegations as true, standing is plainly not established here. In order to avoid burdening the court with this motion, Viasat asked Plaintiffs a straightforward question: which of the five named Plaintiffs own each of the three Patents-in-Suit? Plaintiffs refused to answer or to amend their Complaint, instead telling Viasat to pursue discovery on this issue. But Viasat should not have to litigate with "one or more" parties who do not have standing, let alone fail to make out a facial case of standing. The Court should not tolerate such game-playing, especially with respect to the important threshold issue of its jurisdiction to hear this action.

Plaintiffs have not plausibly alleged standing to bring patent infringement claims. The Complaint should be dismissed for lack of subject matter jurisdiction.

## II. BACKGROUND

### A. The Parties

On July 28, 2022, five Plaintiffs commenced this action against Viasat, Inc. ("Viasat") (Dkt. 1 (the "Complaint" or "Compl.")).  The five named Plaintiffs are each separate and distinct entities:

- Western Digital Technologies, Inc. ("WDT") is described in the complaint as "a wholly owned subsidiary of Western Digital Corporation, a publicly traded corporation … located at 5601 Great Oaks Parkway in San Jose, California."  (*Id.* ¶ 3).

- Western Digital Ireland Ltd. ("WDI") is described in the complaint as a wholly owned subsidiary of WDT "in George Town, Grand Cayman, Cayman Islands."  (*Id.* ¶ 6).

- SanDisk 3D IP Holdings Ltd. ("SD3D") is similarly described as a wholly owned subsidiary of WDT "in George Town, Grand Cayman, Cayman Islands."  (*Id.*).

- SanDisk Technologies LLC ("SDT") is described in the complaint as "a wholly owned subsidiary of WDT" with another "parent, SanDisk Corporation."  (*Id.* ¶ 7).

- And SanDisk Storage Malaysia Sdn. Bhd. ("SDSM") is described as "a wholly owned subsidiary of WDT" "in Palau Pinang, Malaysia."  (*Id.* ¶ 10).

### B. The Patents-in-Suit

Plaintiffs' Complaint asserts that Viasat's in-flight entertainment and communication ("IFEC") offering infringes three patents:  the '400 patent, the '667 patent, and the '834 patent. (*Id.* ¶¶ 2, 23, 39, 53).  The '400 patent, entitled, "Digital Rights Management System Transfer of Content and Distribution," issued on August 23, 2016.  Dkt.1-1.  The assignee listed on the face of the patent is Western Digital Technologies, Inc. *Id.*  The '667 patent, entitled, "Secure Stream Buffer on Network Attached Storage," issued on October 15, 2019.  Dkt. 1-2.  The assignee listed on the face of the patent is also Western Digital Technologies, Inc. *Id.*  The '834 patent, entitled, "Method and System for Activation of Local Content with Legacy

Streaming Systems," issued on August 6, 2013. Dkt. 1-3. The assignee listed on the face of the patent is SanDisk Technologies Inc. *Id.* Plaintiffs Complaint nowhere alleges that the assignee of each patent has changed.

### C. Viasat's Efforts to Resolve This Dispute

Viasat wrote to Plaintiffs on October 17, 2022, in an effort to resolve this issue, with a straightforward request that Plaintiffs "amend their complaint to explain why the five named plaintiffs allegedly have standing in this matter." Decl. of Jodie Cheng, Exhibit 1. Viasat explained that, because the complaint only alleged that unnamed "one or more" plaintiffs had interests in each patent, the complaint raised more questions than it answered on standing: "Which 'one or more' plaintiffs own or hold rights to which patent? And why do all five of these entities supposedly have standing to sue on all three patents?" *Id.* at 2. Viasat also noted that Plaintiffs "surely know the answers," and asked that Plaintiffs simply amend their complaint to moot this issue. *Id.*

Unfortunately, Plaintiffs refused to provide these answers voluntarily. Plaintiffs instead stated that they would "produce in discovery the agreements that concern each plaintiff's interests in the asserted patents." Decl. of Jodie Cheng, Exhibit 2. This Motion followed.

## III. LEGAL STANDARDS

### A. Motions To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction, and thus, as a threshold matter, they "are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). In recognition of that fact, a party may move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."); *Uniloc 2017 LLC v. Google LLC*, 508

F. Supp. 3d 556, 564 (N.D. Cal. 2020) ("Standing implicates the court's subject matter jurisdiction and may be challenged under Federal Rule 12(b)(1).").

When a defendant files a Rule 12(b)(1) motion, the plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Kokken v. Guardian Life Ins. Co.*, 511 U.S. 375, 277 (1994). Jurisdictional attacks under Rule 12(b)(1) "can be either facial or factual." *Id.* In a facial attack "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Viasat brings just such a facial challenge. "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In deciding this facial challenge, the court "'take[s] the allegations in the plaintiff's complaint as true.'" *Mutascu v. Botezatu*, 2019 WL 2719407, at *1 (C.D. Cal. June 28, 2019) (quoting *Wolfe*, 392 F.3d at 362). To meet their burden, Plaintiffs must allege sufficient facts to show standing and thus a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

## IV.   ARGUMENT

### A.   Plaintiffs Have Not Plausibly Alleged Standing

It is uncontroverted that only a patentee, the patentee's successors in title, or the exclusive licensee who holds all substantial rights to the patent has standing to sue for patent infringement. *See Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1320 (Fed. Cir. 2021). Plaintiffs bear the burden of establishing standing. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). To satisfy that burden, Plaintiffs must "allege facts that demonstrate that [t]he[y] . . . own[] the patent rights on which the infringement suit is premised." *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1571–72 (Fed. Cir. 1997). "This allegation of ownership must have a plausible foundation. Federal jurisdiction cannot lie based on allegations that are frivolous or

insubstantial." *Id.* In other words, Plaintiffs "must plead facts, rather than mere legal conclusions," establishing a plausible basis for standing. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Here, the collective group of five distinct Plaintiffs—Western Digital Technologies, Inc., Western Digital Ireland Ltd., Sandisk 3D IP Holdings Ltd., Sandisk Technologies LLC, and Sandisk Storage Malaysia Sdn. Bhd.—assert that Viasat infringes the Patents-in-Suit. (Dkt. 1). The complaint fails to allege, however, which, if any, of those five distinct Plaintiffs owns each of the Patents-in-Suit, or that every named entity asserting a claim of patent infringement against Viasat has standing to do so. Indeed, the Complaint states only that the patents are "owned by" all of the Plaintiffs, (*Id.* ¶ 1), that "[o]ne or more Plaintiffs holds title" to each of the patents (*id.* ¶¶ 19, 35, 47), and that "[o]ne or more Plaintiffs together owns all substantial rights to" the patents (*id.*). The Complaint does not reference or attach any records of assignment or license agreements relating to the patents-in-suit. This falls far short of the allegations required to plausibly allege standing. As Viasat noted in its letter to Plaintiffs regarding this issue (Decl. of Jodie Cheng, Ex. 1), the Complaint leaves unanswered the basic, threshold questions of which "one or more" plaintiffs own or hold rights to which patent? And why do all five of these entities supposedly have standing to sue on all three patents? Plaintiffs surely know the answers to these questions yet have failed to include those answers in their Complaint, and thus have failed to satisfy their burden to establish standing.

Moreover, only one entity can be the patentee or assignee of each patent, yet Plaintiffs' Complaint appears to allege that either all of the Plaintiffs collectively own the Patents-in-Suit or that more than one does. *See Uniloc*, 508 F. Supp. 3d at 565 ("The determination of a 'patentee' is an all-or-nothing proposition: a patent has only one 'patentee' at a given time and cannot have 'multiple separate owners.'" (quoting *Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 604 F.3d 1354, 1359 (Fed. Cir. 2010)); *see also DJO Glob., Inc. v. Glader*, No. 16-CV-02208-CAB-

NLS, 2016 WL 11622009, at *2 (S.D. Cal. Dec. 22, 2016) (finding that plaintiffs with no rights to the asserted patents did not have standing to sue, and thus must be dismissed from the case). It is therefore not clear from Plaintiff's Complaint whether any of the five entities actually owns one or more of the patents, or whether, instead, one or more of Plaintiffs are just licensees of those patents. Whether licensees or assignees, Plaintiffs must include sufficient factual statements in the Complaint that they hold exclusionary rights in the patents to plausibly allege standing. *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004) ("[Plaintiff] has the burden to provide evidence endowing it with all substantial rights in the patent."). The Complaint includes no such statements. The Complaint thus does not plausibly allege standing; at best, it contains only contradictory legal conclusions regarding ownership.

Viasat attempted to resolve this issue without burdening the Court by detailing, through written correspondence to Plaintiffs' counsel, the deficiencies in Plaintiffs' Complaint and requesting Plaintiffs' response and position. Decl. of Jodie Cheng, Ex. 1. In response, Plaintiffs refused to answer the simple question of who owns the Patents-in-Suit. Rather, they indicated that they intend to withhold "the agreements that concern each plaintiff's interests in the asserted patents" until some uncertain time in the future. *Id.*, Ex. 2. Resolving subject matter jurisdiction at an early stage will further the interests of judicial economy and efficiency at least because resolution may avoid expending judicial resources on a dispute for which the court may ultimately lack jurisdiction. Indeed, courts routinely stay cases pending resolution of standing questions for those exact reasons. *See Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-CV-05227-VC (N.D. Cal. July 22, 2014), Dkt. No. 70 (staying case pending resolution of patent ownership dispute in separate action because "[i]f the current defendants are found not to own the patents at issue, they will lack standing to pursue their counterclaims, and . . . [i]t would be a waste of the parties' and the Court's resources to proceed with this case, only to later learn

that it involves the wrong defendants"); *see also Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, No. 08-CV-4220 PJH, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009) ("Particularly when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first."); *Wyers Prod. Grp. v. Cequent Performance Prod., Inc.*, No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *3 (D. Colo. June 7, 2013) (finding that the court's and defendant's interests favored a stay because of the "potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction").

Dismissing Plaintiffs' Complaint will force Plaintiffs to amend to clearly and specifically allege standing and thus assure the Court of its subject matter jurisdiction over this action at this early stage in the case. *See FW/PBS*, 493 U.S. at 231 ("[F]ederal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" (citation omitted)). The Court should therefore dismiss Plaintiffs' claims of infringement for lack of subject matter jurisdiction.

## V.  CONCLUSION

For the foregoing reasons, Defendant Viasat, Inc. respectfully requests that the Court dismiss the Complaint for lack of subject matter jurisdiction.

DATED: October 27, 2022                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By  /s/ Jodie Cheng


                                       *Attorneys for Defendant Viasat Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, a copy of the foregoing motion, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED:  October 27, 2022                    By  /s/ Jodie Cheng
                                                Jodie Cheng