# EXHIBIT 1

quinn emanuel trial lawyers | boston

111 Huntington Avenue, Suite 520, Boston, Massachusetts 02199-7626 | TEL (617) 712-7100 FAX (617) 712-7200

WRITER'S DIRECT DIAL NO.
**(617) 712-7103**

WRITER'S EMAIL ADDRESS
**patrickcurran@quinnemanuel.com**

October 17, 2022

**VIA ELECTRONIC MAIL**

Kieran Kieckhefer
Shearman & Sterling LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
kieran.kieckhefer@shearman.com

Re:   *Western Digital Technologies, Inc. et. al v. Viasat, Inc*., No. 4:22-cv-04376 (NDCA)

Counsel:

I write regarding the five named plaintiffs in this matter:

1. Western Digital Technologies, Inc. ("WDT"), described in the complaint only as "a wholly owned subsidiary of Western Digital Corporation, a publicly traded corporation … located at 5601 Great Oaks Parkway in San Jose, California" (Cplt. ¶ 3);

2. Western Digital Ireland Ltd. ("WDI"), described in the complaint only as a wholly owned subsidiary of WDT "in George Town, Grand Cayman, Cayman Islands" (*id*. ¶ 6);

3. SanDisk 3D IP Holdings Ltd. ("SD3D"), similarly described in the complaint only as a wholly owned subsidiary of WDT "in George Town, Grand Cayman, Cayman Islands" (*id*.);

4. SanDisk Technologies LLC ("SDT"), described in the complaint only as "a wholly owned subsidiary of WDT" with another "parent, SanDisk Corporation"(*id*. ¶ 7); and

5. SanDisk Storage Malaysia Sdn. Bhd. ("SDSM"), described in the complaint only as "a wholly owned subsidiary of WDT" "in Palau Pinang, Malaysia" (*id*. ¶ 10).

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

The complaint makes no plausible factual allegation as to why all five plaintiffs have standing in this matter. The complaint instead alleges in conclusory fashion that "*[o]ne or more* Plaintiffs holds title to the '400 patent" (Cplt. ¶ 19), that "*[o]ne or more* Plaintiffs holds title to the '667 patent") (*id*. ¶ 35), and that "*[o]ne or more* Plaintiffs holds title to the '834 patent") (*id*. ¶ 47) (emphases added). The complaint similarly makes the conclusory assertion that "*[o]ne or more* Plaintiffs together owns all substantial rights to the '400 patent" (*id*. ¶ 19), that "*[o]ne or more* Plaintiffs together owns all substantial rights to the '667 patent" (*id*. ¶ 35), and that "*[o]ne or more* Plaintiffs together owns all substantial rights to the '834 patent" (*id*. ¶ 47) (emphases added),

A viable complaint "must contain sufficient factual matter that would plausibly establish standing if accepted as true." *Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1355 (Fed. Cir. 2018). "Threadbare recitals of the elements of [standing], supported by mere conclusory statements, do not suffice." *Id.*

The complaint falls well short of this standard. Its vague assertion that an unspecified "one or more" plaintiffs own the asserted patents, and that an unspecified "one or more" plaintiffs also own rights to the patents, does not meet plaintiffs' burden. Which "one or more" plaintiffs own or hold rights to which patent? And why do all five of these entities supposedly have standing to sue on all three patents? Plaintiffs bear the burden on these fundamental issues. And plaintiffs surely know the answers. Yet the complaint does not even attempt to identify who owns each patent, or who holds what rights to each patent. This case should not proceed until plaintiffs address these threshold issues.

Please confirm no later than October 24, 2022 that plaintiffs will amend their complaint to explain why the five named plaintiffs allegedly have standing in this matter. If plaintiffs will not do so, Viasat will seek appropriate relief.

Sincerely,

*Patrick D. Cu*