L. Kieran Kieckhefer (SBN 251978)
Aaron Morris (SBN 341166)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
Email: kieran.kieckhefer@shearman.com
       aaron.morris@shearman.com

Ahmed E. ElDessouki (*Pro Hac Vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4908
Email: ahmed.eldessouki@shearman.com

Matthew G. Berkowitz (SBN 310426)
Lillian J. Mao (SBN 267410)
Patrick R. Colsher (SBN 336958)
Yue (Joy) Wang (SBN 300594)
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: matthew.berkowitz@shearman.com
       lillian.mao@shearman.com
       patrick.colsher@shearman.com
       joy.wang@shearman.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, and SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No. 4:22-cv-04376-HSG<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT VIASAT, INC.'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>Date:       February 9, 2023<br>Time:      2:00 p.m.<br>Courtroom: Courtroom 2, 4th Floor, Oakland<br>Judge:     Hon. Haywood S. Gilliam, Jr. |

# TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

II. Background ................................................................................................................. 2

III. Legal Standards ........................................................................................................... 2

IV. Argument ..................................................................................................................... 3

    A. Viasat's Arguments Are Directed To Statutory Standing And Are Not Properly Brought Under Rule 12(b)(1). ......................................................... 3

    B. Contrary To Viasat's Belief, Multiple Entities Can Jointly Sue For Patent Infringement. ................................................................................................. 4

    C. Plaintiffs Adequately Allege Their Right To Sue. ........................................ 5

    D. Viasat's Facial Standing Challenge Is An Inappropriate Vehicle To Resolve Disputes About Joinder Of Plaintiffs. ........................................................... 6

    E. Alternatively, Plaintiffs Should Be Granted Leave To Amend. .................... 6

V. Conclusion ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*,
   604 F.3d 1354 (Fed. Cir. 2010) .................................................................................. 1, 4

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
   434 F.3d 1336 (Fed. Cir. 2006) ........................................................................................ 1

*Jim Arnold Corp. v. Hydrotech Sys., Inc.*,
   109 F.3d 1567 (Fed. Cir. 1997) ....................................................................................... 3

*Kokken v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1994) ......................................................................................................... 2

*Kunkel v. Topmaster Int'l, Inc.*,
   906 F.2d 693 (Fed. Cir. 1990) ..................................................................................... 3, 6

*Lexmark Int'l v. Static Control Components, Inc.*,
   472 U.S. 118 (2014) ......................................................................................................... 3

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) .............................................................................. 3, 4, 5, 6

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
   795 F.3d 997 (9th Cir. 2015) ........................................................................................... 3

*Propat Int'l Corp. v. RPost US, Inc.*,
   473 F.3d 1187 (Fed. Cir. 2007)) ...................................................................................... 7

*Uniloc 2017 LLC v. Google LLC*,
   508 F. Supp. 3d 556 (N.D. Cal. 2020) ......................................................................... 3, 4

*Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*,
   19 F.4th 1315 (Fed. Cir. 2021) ........................................................................................ 3

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ......................................................................................... 2

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ....................................................................................... 3, 5

**Statutes**

35 U.S.C. § 281 ....................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 2, 3, 4, 6

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 3

Fed. R. Civ. P. 19 ............................................................................................................................ 4

**Other Authorities**

Menell et al., *Patent Case Management Judicial Guide* (3d ed. 2017) ...................................... 5, 6

## I. INTRODUCTION

Plaintiffs oppose Viasat's motion to dismiss. Viasat's motion is based on an incorrect statement of the law: that it is "a legal impossibility" for multiple entities to collectively own a patent and sue for patent infringement. Mot. at 1. The body of law upon which Viasat relies holds that there can be only one "patentee" with standing to sue "on its own." *Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 604 F.3d 1354, 1359 & n.2 (Fed. Cir. 2010) (citing *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336 (Fed. Cir. 2006)). But these cases are concerned with *omitted* plaintiffs and address policy considerations such as concerns about multiple lawsuits on the same patent against the same accused infringer, and preventing a "party with lesser rights from bringing a lawsuit that may put the licensed patent at risk of being held invalid or unenforceable in an action that did not involve the patentee." *Aspex Eyewear*, 434 F.3d at 1343. None of those concerns apply here.

Unlike in Viasat's cases, one plaintiff is not seeking to sue "on its own" as the patentee—here, Plaintiffs are suing as a group who together own all substantial rights in the patents-in-suit. As per the Federal Circuit, "*[o]f course*, the patent may be owned by a group." *Alfred E. Mann*, 604 F.3d at 1359 n.2 (emphasis added). And in such instances, the co-owners simply need to be joined as co-plaintiffs, which is exactly what Plaintiffs have done here.

To be clear, Viasat does not argue that an unnamed party should be joined in order for Plaintiffs to maintain suit. At the end of the day, all that Viasat is arguing about is the labeling (a legal conclusion that need not be specified in the complaint) regarding which one or more of the five plaintiffs qualifies as the "patentee" and which may qualify as the licensee(s). Viasat does not make any argument, nor could it, that the plaintiffs have failed to collectively allege ownership and the right to sue. Thus, there is no basis to dismiss this case, since there is no question that the proper rights-holder is before the Court.

To the extent Viasat has questions about exactly which plaintiff owns which rights, or whether some plaintiffs need not be joined, those issues are premature to address on a pleading motion. Viasat cites no authority for its assertion that such details must be spelled out in a complaint. Plaintiffs have assured Viasat that the relevant agreements will be produced, while

explaining that "[t]he agreements are confidential and contain sensitive information about [Plaintiffs'] business, so they are not detailed in the publicly filed complaint." Dkt. 27-3. Plaintiffs are fully prepared to demonstrate their right to sue, to the evidentiary standard appropriate for each stage of this case. For purposes of Viasat's motion—a facial challenge in which the allegations of the Complaint are taken as true (Mot. at 4)—Plaintiffs have met their burden, and the motion should be denied.

## II.     BACKGROUND

This is a patent case arising out of Viasat's infringement of three patents developed by Western Digital and SanDisk, which merged in 2016. Compl. ¶¶ 1, 4-5, 8-9. Plaintiffs are five related companies—Western Digital Technologies, Inc. and four wholly owned subsidiaries thereof. *Id.* ¶¶ 3-10. As alleged in the Complaint, one or more Plaintiffs "holds title to" and "together own all substantial rights to" each patent-in-suit, "including the rights to practice, license, and transfer [the patents], and all economic interest in [the patents]." *Id.* ¶¶ 19, 35, 47.

Prior to filing its motion to dismiss, Viasat asked Plaintiffs to amend the Complaint "to explain why the five named plaintiffs allegedly have standing in this matter." Dkt. 27-2. Plaintiffs responded by asking Viasat for any case law to support its position—which Viasat did not provide in a letter response or in its motion to dismiss—and to explain that "we fully intend to produce in discovery the agreements that concern each plaintiff's interests in the asserted patents. The agreements are confidential and contain sensitive information about our clients' business, so they are not detailed in the publicly filed complaint—and again, we disagree that plaintiffs had any obligation to do so." Dkt. 27-3. Viasat did not—and to this day, has not—asked for the agreements themselves. Instead, Viasat proceeded to file a facial motion to dismiss and argues therein that Plaintiffs' confidential business relationships had to be pleaded in the Complaint itself. To repeat, Viasat's challenge is purely facial—the question is simply whether Plaintiffs were required to plead it, *not* that they would be able to plead it if required.

## III.    LEGAL STANDARDS

A plaintiff's Article III standing may be challenged as a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A

jurisdictional attack under Rule 12(b)(1) may be either facial or factual. *Kokken v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In a facial attack, such as Viasat has brought (Mot. at 4), the allegations in the complaint are taken as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Article III standing requirements "establish when a plaintiff may invoke the judicial power." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1245 (Fed. Cir. 2019). For a patent plaintiff to invoke federal jurisdiction, "all [it] need[s] to do" is "plead[] ownership of a patent still in force, infringement by defendant," and entitlement to relief under the Patent Act. *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 695 (Fed. Cir. 1990).

Separately, so-called "statutory standing"—or "when a party may obtain relief under the patent laws"—is conferred by 35 U.S.C. § 281, which provides that a "patentee" may sue for infringement. *Lone Star*, 925 F.3d at 1235. The patentee is "one with 'all rights or all substantial rights' in a patent." *Id.* at 1228. "'[S]tatutory standing' defects do not implicate a court's subject-matter jurisdiction" and are properly brought under Rule 12(b)(6) rather than Rule 12(b)(1). *Id.* at 1235 (citing *Lexmark Int'l v. Static Control Components, Inc.*, 472 U.S. 118, 128 n.4 (2014); *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015)).

IV. **ARGUMENT**

  A. **Viasat's Arguments Are Directed To Statutory Standing And Are Not Properly Brought Under Rule 12(b)(1).**

As an initial matter, Viasat invokes Rule 12(b)(1), which encompasses challenges to Article III standing, but Viasat's arguments and case citations concern statutory standing under § 281—i.e., questions of patent ownership and status as a "patentee."[1] For example, Viasat leads with the statement that "only a patentee, the patentee's successors in title, or the exclusive licensee who holds all substantial rights to the patent has standing to sue for patent infringement." Mot. at 4 (citing *Fujifilm*, 19 F.4th at 1320). Defects in statutory standing under § 281 "do not implicate a

---

[1] *See, e.g.*, *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1319-20 (Fed. Cir. 2021) (addressing who is a "patentee" under § 281); *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1571-72 (Fed. Cir. 1997) (same); *Uniloc 2017 LLC v. Google LLC*, 508 F. Supp. 3d 556, 565 (N.D. Cal. 2020) (same).

court's subject-matter jurisdiction." *Lone Star*, 925 F.3d at 1235.  Thus, even if Viasat's arguments are correct (they are not), they would not support dismissal under Rule 12(b)(1).

The Federal Circuit has instructed that, when a plaintiff lacks ***statutory*** standing because it lacks all substantial rights in the patents, a court must first examine whether the patent owner can be joined under Rule 19 before dismissing the case.  *Id.* at 1236-39; *see also Alfred E. Mann*, 604 F.3d at 1360 ("When a plaintiff lacking a sufficiently large portion of rights brings suit … additional holders of rights under the patent must be joined as parties to the suit.").  Such an inquiry would confirm that dismissal is inappropriate here, because Plaintiffs together constitute all of the necessary rights-holders under the patents-in-suit.

> B. **Contrary To Viasat's Belief, Multiple Entities Can Jointly Sue For Patent Infringement.**

Viasat's motion is founded on a fundamentally incorrect premise: that the statutory "patentee" or patent-owner must be a single entity.  Mot. at 1, 5.  Viasat cites *Uniloc*'s statement that "[t]he determination of a 'patentee' is an all-or-nothing proposition: a patent has only one 'patentee' at a given time and cannot have 'multiple separate owners.'"  Mot. at 5 (quoting *Uniloc*, 508 F. Supp. 3d at 565).  But Viasat misses the nuance that the "one patentee" can be a group of entities that together hold all substantial rights.  This is made clear in *Alfred E. Mann*, which *Uniloc* quotes:

> Under *Aspex Eyewear*, a patent may not have multiple separate owners for purposes of determining standing to sue. …
>
> Of course, the patent may be owned by a group, as when a patent with multiple named inventors first issues. But, at least for purposes of determining standing to sue for infringement, there may not be multiple groups or unaffiliated individuals who claim ownership of the patent; one of these groups or individuals must be determined to be the owner, and that owner is the only party with standing to sue on its own.

604 F.3d at 1359 & n.2.  Plaintiffs satisfy this "one patentee" rule because they are a group of affiliated companies.

Indeed, *Alfred E. Mann* confirms that when an entity by itself "lack[s] a sufficiently large portion of rights" to bring suit, then "additional holders of rights under the patent must be joined as parties to the suit."  *Id.* at 1360.  That is exactly what Plaintiffs have done in bringing suit: in

naming the multiple related companies that hold interests in the patents-in-suit, Plaintiffs sought to ensure that no rights-holder is omitted.

### C. Plaintiffs Adequately Allege Their Right To Sue.

Plaintiffs have alleged that they "hold title" to each patent-in-suit as well as "own all substantial rights" to each patent, "including the rights to practice, license, and transfer [the patent] and all economic interest in [the patent]." Compl. ¶¶ 19, 35, 47. Since Viasat has brought only a facial—not factual—challenge to standing, these allegations are taken as true. *Wolfe*, 392 F.3d at 362. No more is needed to demonstrate Plaintiffs' right to sue. *See, e.g.*, *Lone Star*, 925 F.3d at 1228 ("[A] patentee, *i.e.*, one with 'all rights or all substantial rights' in a patent, can sue in its own name.").

Viasat complains that the Complaint does not identify which plaintiffs own which rights to which patents, but that does not warrant dismissal. First, once Plaintiffs' allegations are taken as true, it is impossible to conclude that ***none*** of Plaintiffs is the patentee. Plaintiffs have clearly alleged that "one or more" of them can sue on each patent. That precludes dismissal for lack of standing. At worst, Plaintiffs have joined more entities than are needed to maintain suit, but (1) as explained below, that issue is premature to address on Viasat's motion and (2) in any event, it does not justify throwing ***all*** Plaintiffs out of court, since the appropriate rights-holder(s) has unquestionably been named. Notably, Viasat does not argue that additional parties must be joined in order for Plaintiffs to maintain suit.

Second, Viasat cites no authority for the proposition that Plaintiffs are required to provide so much detail in the Complaint. Indeed, common practice in drafting patent complaints suggests otherwise. For example, Viasat argues that the Complaint is inadequate because it "does not reference or attach any records of assignment or license agreements relating to the patents-in-suit" (Mot. at 5), but many, if not most, patent complaints do not.[2] *See* Menell et al., 1-2 *Patent Case Management Judicial Guide* 2.2 (3d ed. 2017) ("Complaints and answers in patent cases are

---

[2] For example, in suing Western Digital, Viasat's own complaint devoted only a single sentence to its right to sue under the patents. *Viasat, Inc. v. Western Digital Technologies, Inc.*, Case No. 6:21-cv-01230-ADA, Dkt. 1 ¶ 41 (W.D. Tex. Nov. 29, 2021) ("Both the '700 and '347 patents are assigned to Viasat, Inc.").

typically deceptively simple. … Complaints rarely detail … facts about the parties' interrelationships …."); *Kunkel*, 906 F.2d at 695 ("Kunkel pleaded ownership of a patent still in force, infringement by defendants, and requested as relief treble damages and an injunction, specifically citing the Patent Act …. That is all Kunkel needed to do to invoke federal jurisdiction."). Viasat's desire for documents is properly pursued in discovery, not in a pleadings motion.

Thus, Viasat has failed to show any defects in Plaintiffs allegations of standing to warrant dismissal.

### D. Viasat's Facial Standing Challenge Is An Inappropriate Vehicle To Resolve Disputes About Joinder Of Plaintiffs.

Viasat's motion to dismiss is not the proper way to address its concerns about "litigat[ing] with … parties who do not have standing" (Mot. at 1) or understanding the exact distribution of patent rights. Plaintiffs have agreed to provide the relevant agreements in discovery. To the extent Viasat believes, after reviewing those agreements, that this case can be litigated without one or more of Plaintiffs, that can be discussed by the parties and, if necessary, brought to the Court on a factual motion.[3]

Because Viasat has not raised any issues that warrant Rule 12(b)(1) dismissal, however, the motion should be denied.

### E. Alternatively, Plaintiffs Should Be Granted Leave To Amend.

In the event the Court grants Viasat's motion, Plaintiffs request leave to amend their complaint to plead additional facts about Plaintiffs' ownership of the patents-in-suit. Viasat appears to agree that leave to amend would be appropriate. *See* Dkt. 27-4 (Viasat's proposed order granting leave to amend); *see also* 1-2 *Patent Case Management Judicial Guide* 2.2.1.1.7

---

[3] Indeed, Plaintiffs would likely be amenable to dismissing specific plaintiffs if Viasat contends, and agrees, that suit can be maintained without them. Identifying the "patentee" is a sometimes-complex inquiry that requires examining the substance of the agreements and determining from the "totality" of the agreement who owns all substantial rights. *Lone Star*, 925 F.3d at 1229. Indeed, these issues usually arise in the context of a defendant arguing that a necessary party is missing. In this case, Plaintiffs erred on the side of joining all companies with significant rights in the patents-in-suit to avoid Viasat's later argument that the named plaintiffs, by themselves, lack standing.

("If a case must be dismissed for lack of standing, it should ordinarily be dismissed without prejudice." (citing *Propat Int'l Corp. v. RPost US, Inc.*, 473 F.3d 1187, 1194 (Fed. Cir. 2007)).

As noted above, Viasat cited no authority that Plaintiffs must provide more than the current allegations of ownership and standing in the Complaint, and Plaintiffs are not aware of any such authority. Thus, to the extent the Court finds the allegations insufficient, Plaintiffs would respectfully request the Court's guidance about the level of detail it requires in an amended complaint regarding this issue.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Viasat's motion be denied.

Respectfully Submitted,

Dated: November 17, 2022         SHEARMAN & STERLING LLP

By:  */s/ L. Kieran Kieckhefer*
      L. Kieran Kieckhefer

Counsel for Plaintiffs