QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac forthcoming*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD., <br><br> Plaintiff, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DEFENDANT VIASAT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> <u>**Hearing**</u> <br> <u>Date:</u> February 9, 2023 <br> <u>Time:</u> 2:00 p.m. <br> <u>Judge:</u> Hon. Haywood S. Gilliam, Jr. <br> <u>Courtroom:</u> 2, 4th Fl. <br>     1301 Clay Street <br>     Oakland, CA 94612 |

## I. INTRODUCTION

Only parties with *exclusionary* rights in a patent, like its owner or its exclusive licensee, can invoke federal jurisdiction to sue for patent infringement. Others, like non-exclusive licensees, lack standing. Plaintiffs do not dispute this. But they still refuse to answer a simple threshold question: Why do *five* different entities *all* have standing to sue on *each* of the three patents in suit? The Complaint offers no answer. It does not allege all five entities own each patent. It does not (and cannot) say all five entities are each exclusive licensees. It simply says "one or more" unnamed plaintiffs own each patent, and that some unidentified combination of plaintiffs owns all substantial rights in each patent. That is not enough. The Complaint lacks what should be a straightforward threshold allegation to demonstrate that each Plaintiff is properly before this Court: Party A owns Patent X, Party B is the exclusive licensee of Patent X, Party C owns Patent Y, and so on. This is basic information in Plaintiffs' possession and control.

A motion should not be necessary to get these simple answers. Plaintiffs should have just amended voluntarily and made this a nonissue. Plaintiffs, however, refused and *still* refuse to identify which of them properly are before this Court and, incredibly, admit they are playing a shell game. Plaintiffs acknowledge they know who holds the rights to the asserted patents but they refuse to identify any entity or entities that have the rights needed to commence a patent infringement action. Plaintiffs say they possess documents establishing that "one or more" of them has standing (Dkt. 28 at 1, 6), but they will not produce those documents until discovery starts (*id*. 1-2, 6). But it is Plaintiffs' burden to show at the outset that each of them properly is before this Court, and Viasat should not be required to obtain discovery from entities that do not have even facial standing to assert patents. Under Plaintiffs' view, an unlimited number of companies can assert a finite set of patents without alleging *any* facts that plausibly explain why *any* company has standing to do so— and then Viasat must waste time and money (not to mention limited discovery

requests) taking discovery of each plaintiff to ascertain whether any or all of them had sufficient rights to assert the patents in suit in the first place. That plainly is not the law.

Plaintiffs' remaining arguments in opposition are meritless. Plaintiffs assert their standing defects concern statutory, not Constitutional, standing, but these requirements are not mutually exclusive—both types of standing are required, and a litigant can lack both. That is the case here; the Complaint fails to establish either form of standing. Arguments about Rule 12(b)(1) and Rule 12(b)(6) likewise set up a false dichotomy; Plaintiffs have not pled sufficient facts to establish any form of standing and the Complaint warrants dismissal under both sections of Rule 12.

Finally, after wasting considerable party and judicial resources on an unnecessary motion, Plaintiffs ask to be rewarded for their conduct by being allowed to amend with answers they have now twice refused to give (*id.* at 6-7). This Court has ample discretion to decide whether Plaintiffs should get a third bite at the apple on this record. *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 826 (9th Cir. 2002). If one or more Plaintiffs are now willing to amend the Complaint, they should file a motion to amend explaining their grounds for amendment. But as it currently stands, the allegations in Plaintiffs' complaint are facially insufficient to establish standing even if accepted as true. Thus, the Complaint must be dismissed.

## II.     ARGUMENT

### A.     Plaintiffs Have Not Pled Sufficient Plausible Facts to Support Standing

Plaintiffs do not dispute that they failed to allege which Plaintiff allegedly owns which rights to which patents. Dkt. 28 at 5. But Plaintiffs claim this is no worry, because "[a]t worst, *Plaintiffs have joined more entities than are needed to maintain suit.*" *Id.*[1] This is incorrect. That is simply not how federal jurisdiction works. *See, e.g., Raines v. Byrd*, 521 U.S. 811, 818 (1997) (affirming the "bedrock

---

[1]   Emphasis added, unless otherwise stated.

requirement" that each "plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct" to have standing to sue in federal court) (emphasis in original). To the extent anyone has suffered injury from Viasat's alleged infringement of the asserted patents, it is plainly only those entities with exclusionary rights in the patents that have been harmed. *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) ("[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury."); *Lone Star Silicon Innovations v. Nanya Tech.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019). And thus, only *those specific entities* can properly invoke this Court's jurisdiction to seek a remedy for Viasat's alleged infringement. It is for this simple reason Plaintiffs need to explain which if any of them allegedly is the owner or exclusive licensee of each of the asserted patents and how they all may own, or be the exclusive licensee, of any one of those patents. Plaintiffs' collective refusal to do so is confounding and improper. Their excuses for not doing so mischaracterize Viasat's arguments.

*First*, Plaintiffs suggest they already answered the standing question by saying someone, somewhere, among this group of five plaintiffs has standing.[2] Dkt. 28 at 5 ("[I]t is impossible to conclude that none of Plaintiffs is the patentee."). Not so. Plaintiffs only alleged "that 'one or more' of them can sue on each patent"—without saying which "one" or which "more" has that right or why. *Id.* at 5. This is not a threshold factual allegation from which the Court could draw a reasonable inference that any specific Plaintiff has standing; it is a bare, conclusory assertion that "one" "or more" has standing. That does not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[a] claim has facial plausibility when the plaintiff

---

[2] Even were this true (and it is not), it is of no help to Plaintiffs for the reasons already described above. Uninjured third parties do not magically gain standing simply by being joined to a lawsuit where at least one plaintiff's claims are properly before the Court. *See, e.g., Doe v. Cnty. of Montgomery, Ill.*, 41 F.3d 1156, 1161-62 (7th Cir. 1994) (upholding the standing of two plaintiffs while affirming the district court's dismissal of the third plaintiff's complaint for lack of standing).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," not when "it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (citation omitted)). Plaintiffs also admit that, at most, they alleged that some collection of Plaintiffs "'hold title' to each patent-in-suit as well as 'own all substantial rights' to each patent, 'including the rights to practice, license, and transfer [the patent] and all economic interest in [the patent].'" Dkt. 28 at 5 (quoting Compl. ¶¶ 19, 35, 47). But again, which (if any) entity allegedly has rights to which patent is not explained. Even if these bare conclusions were enough under *Twombly/Iqbal* (they are not[3]), they still leave open the central question: which "one" or "more" or which "collection" has any exclusionary rights for each patent? Even the legal conclusions here do not purport to say which (if any) Plaintiffs have those rights.

In any event, simply saying some Plaintiffs have "the rights to practice, license, and transfer" a patent, or have an "economic interest" in a patent (*id.*) is not an allegation that confers standing. An *exclusionary* right is required—like the right "to exclude others from practicing an invention." *Lone Star*, 925 F.3d t 1234. A right to use a patent, or license a patent, or transfer a patent, or even reap economic benefit from a patent, does not confer standing: a licensed "right to *use* the invention . . . is *not* a right to exclude others," and a "bare licensee" does not have standing. *In re Cirba Inc.*, No. 2021-154, 2021 WL 4302979, at *2 (Fed. Cir. Sept. 22, 2021).[4] Because Plaintiffs do not allege which of them received or retained which *exclusionary* rights in which patents, their allegations miss the mark. *Vertigo Media,*

---

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

[4] *See also Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1194 (Fed. Cir. 2007) (party with the right to grant licenses, but no exclusionary right, lacked standing); *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1343 (Fed. Cir. 2007) (financial or equitable interests in a patent, without an exclusionary right, is not enough; "equitable title to the patent is insufficient to confer standing"); *Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1318 (Fed. Cir. 2010) ("[O]ur case law . . . specifies that 'a bare license . . . even if it is the only license granted by the patentee, does not provide standing without the grant of a right to exclude others.'" (quoting *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1553 (Fed. Cir. 1995))).

*Inc. v. Earbuds Inc.*, No. CV 21-120 (MN), 2021 WL 4806410, at *3 (D. Del. Oct. 14, 2021) (complaint failed to "sufficiently allege facts that establish Remote's constitutional or statutory standing" where the complaint alleged only that "Vertigo is the owner of these patents by virtue of assignment from Remote" and no facts "demonstrat[ed] that Remote retained or currently possesse[d] any exclusionary rights in the '777 and '666 Patents").

*Second*, Plaintiffs argue they cannot be required to say why any particular entity has standing for any particular patent because underlying license agreements "are confidential and contain sensitive information about [their] clients' business." Dkt. 28 at 2. This ignores not only mechanisms for sealed filings, but also a more fundamental issue: *Plaintiffs* put this information at issue by filing a lawsuit claiming each plaintiff is a proper party with protectable interests in each of the three patents in suit. Having made that decision, Plaintiffs need to back up their own allegations. Calling jurisdictional information "sensitive" is no excuse to keep that information out of the Complaint. Plaintiffs routinely and sufficiently plead standing by noting their status as licensee or assignee and explaining the nature of the right that confers standing. Plaintiffs do not articulate any reason why their situation is somehow different.

*Third*, Plaintiffs try to shift the burden to Viasat, arguing Viasat did not ask Plaintiffs to provide documents that would allegedly demonstrate standing. *Id.* This is backwards. As the parties invoking federal jurisdiction, Plaintiffs have the burden to show standing.[5] *See Sherman & Assocs., Inc. v. Oxford Instruments, PLC*, No. C 11-00827 CRB, 2012 WL 78462, at *2 (N.D. Cal. Jan. 10, 2012), *aff'd*, 493 F. App'x

---

[5] Plaintiffs contend that all they needed to do was "'plead[] ownership of a patent still in force, infringement by defendant,' and entitlement to relief under the Patent Act." Dkt. 28 at 3 (quoting *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 695 (Fed. Cir. 1990)); *see also id.* at 6. But the case they rely on for that assertion, *Kunkel*, is inapposite. *Kunkel* did not even address the issue of standing, let alone consider the sufficiency of patent ownership allegations among multiple distinct plaintiffs. Rather, *Kunkel* concerned whether the plaintiff's complaint "contain[ed] a cause of action arising under the patent laws or only a cause of action based on a licensing agreement." 906 F.2d at 695.

103 (Fed. Cir. 2012) ("[t]o meet the minimum constitutional standing requirement, a plaintiff must show injury in fact, traceability and redressability," including "the legal right to exclude others from making, using, selling, or offering to sell or importing the patented invention."); *see also Lone Star*, 925 F.3d at 1234. Plaintiffs—not Viasat—need to allege each Plaintiff's exclusionary rights in each patent.

*Fourth*, Plaintiffs further attempt to excuse their pleading failure by contending that when suing Western Digital in a separate, unrelated action, "Viasat's own complaint devoted only a single sentence to its right to sue under the patents." Dkt. 28 at 5 n.2. But the quote Plaintiffs include from Viasat's complaint in that unrelated action only underscores the pleading deficiencies here. Viasat is the only named plaintiff in the other action, and Viasat properly alleged *the factual basis* for its Article III standing there: "Both the '700 and '347 patents *are assigned to Viasat, Inc.*" *Id*. Plaintiffs make no such allegations here for any of the five plaintiffs, much less for all of them.

*Fifth*, Plaintiffs attempt to minimize standing issues by calling them "facial" rather than "factual" defects. *E.g.*, *id.* at 2. That argument is meritless—the supposedly "facial" defects are the lack of plausible factual allegations regarding standing. Plaintiffs must allege facts that plausibly establish standing; as discussed above, Plaintiffs did not.

*Sixth*, Plaintiffs imply this is just a "dispute about joinder of plaintiffs" and suggest joinder is a complex factual issue to be addressed later. *Id.* at 4, 6. Not so. Plaintiffs chose five separate entities as named parties. As noted above, standing is a threshold jurisdictional issue for each of those five plaintiffs. If a Plaintiff does not have exclusionary rights in a patents-in-suit, that is not a joinder dispute; it is a dispute about this Court's subject matter jurisdiction to hear that party's claim. And where a plaintiff lacks such rights, joining the owner of title to the patent cannot cure the standing defect as to plaintiffs who do not have rights. *See Cirba*, 2021 WL

4302979 at *4 (joinder of additional parties does not cure another party's lack of exclusionary rights conferring standing; "[Licensee] lacks any right to exclude or any other exclusionary right against [defendant]. It follows from that premise that [licensee] lacks any statutory right under 35 U.S.C. § 281 to be a patent plaintiff in this case *even with [patent owner] as a co-plaintiff*."); *Morrow*, 499 F.3d at 1344 ("Only when a party holds the exclusionary rights to the patent but lacks all substantial rights may the party join the legal title owner in a suit to enforce patent rights. Joining the legal title holder only satisfies prudential standing requirements. It cannot cure constitutional standing deficiencies."). Because Plaintiffs failed to plausibly allege standing, the Court should dismiss the complaint. In view of the history on this issue, the Court can also decide in its discretion whether leave to amend should be granted.

### B. Plaintiffs' Arguments Distinguishing Statutory and Constitutional Standing Are Both Wrong And Irrelevant

Unable to point to facts in their Complaint sufficient to establish standing, Plaintiffs seek to excuse their failure by muddling the law, presenting a litany of arguments regarding constitutional standing under Article III and statutory standing under the Patent Act. This is misdirection.

*First*, Plaintiffs claim the Complaint's pleading defects only implicate statutory standing and "are properly brought under Rule 12(b)(6)" but "would not support dismissal under Rule 12(b)(1). Dkt. 28 at 4. This is wrong on both the law and the facts. By failing to say which entity has which exclusionary rights in which patent, the Complaint fails to plausibly allege *both* statutory and constitutional standing. *See Cirba*, 2021 WL 4302979 at *4. Plaintiffs' failure to satisfy either standard does not change the outcome; two standing wrongs do not make a right, and failure to allege Article III standing often overlaps with failing to allege a right to sue under § 281. *See id.* Nor is there any tension between Rule 12(b)(1) or Rule 12(b)(6) as the basis to dismiss for lack of standing. Indeed, the Federal Circuit has

"approved treating a dismissal for want of jurisdiction as a dismissal for failure to state a claim where there were no practical differences between the two forms of dismissal under the facts of the case." *Id.*; *see also* Wright & Miller, 5C FED. PRAC. & PROCESS. CIV. 1366 n.9 (3d ed.) (citing authorities for treating a Rule 12(b)(1) motion as a Rule 12(b)(6) motion where no prejudice results from characterization of the procedural vehicle).

*Second*, Plaintiffs claim "Viasat's motion is based on an incorrect statement of the law: that it is 'a legal impossibility' for multiple entities to collectively own a patent and sue for patent infringement." Dkt. 28 at 1. Not so. *See Alfred E. Mann Found. For Sci. Rsch. v. Cochlear Corp.*, 604 F.3d 1354, 1359 (Fed. Cir. 2010) ("at least for purposes of determining standing to sue for infringement, there may *not* be multiple groups or unaffiliated individuals who claim ownership of the patent."). It is Plaintiffs that misunderstand the law in claiming they "satisfy the 'one patentee' rule because they are a group of affiliated companies" that "hold *interests* in the patents-in-suit." Dkt. 28 at 4-5. Plaintiffs misleadingly quote *Alfred E. Mann* for that proposition ("the patent may be owned by a group"), completely ignoring the second half of that sentence: "*when a patent with multiple inventors first issues*." Dkt. 28 at 4 (quoting 604 F.3d at 1359 n.2). *Alfred E. Mann* does not support Plaintiffs' argument that, for purposes of statutory standing, multiple affiliated entities can collectively own a patent.[6] It also does not excuse Plaintiffs' deficient pleading. Rather, *Alfred E. Mann* makes clear that there are instances where a patent owner will not hold sufficient rights to sue. *See* 604 F.3d at 1359 ("This case . . . requir[es] us to determine whether the patent owner transferred away sufficient rights to divest

---

[6] Indeed, Plaintiffs' misreading of *Alfred E. Mann* would conflict with numerous other cases finding that an affiliated co-party with interests in the patents-in-suit nonetheless lacked standing. *See, e.g.*, *Morrow*, 499 F.3d at 1344 (finding that GUCLT lacked standing despite holding the right to bring suit on the patents owned by AHLT, a co-party and company in which GULCT held a beneficial interest); *Cirba*, 2021 WL 4302979 at *1 (denying petition to vacate district court's order dismissing Cirba Inc.'s claims for lack of standing despite the fact that Cirba Inc. held a license to the patent rights from its wholly owned subsidiary, who was the assignee of the patents-in-suit and a co-plaintiff in the case).

REPLY IN SUPPORT OF MOT. TO DISMISS THE COMPLAINT

CASE NO.: 5:22-cv-4376-HSG

8

it of any right to sue."). Thus, Plaintiffs' assertion that they hold interests in the patents-in-suit only begs the question: what interests? Mere economic interests or the simple right to use or license are insufficient. What exclusionary rights do each of five plaintiffs supposedly simultaneously possess? Plaintiffs' Complaint never explains, and thus should be dismissed.

## III.  CONCLUSION

For the foregoing reasons, Defendant Viasat, Inc. respectfully requests that the Court dismiss the Complaint for lack of subject matter jurisdiction.

Case 4:22-cv-04376-HSG   Document 29   Filed 11/30/22   Page 11 of 12

|   |   |
|---|---|
| DATED: November 30, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|   | By /s/ Jodie Cheng |
|   | *Attorneys for Defendant Viasat Inc.* |

REPLY IN SUPPORT OF MOT. TO DISMISS THE COMPLAINT

CASE NO.: 5:22-cv-4376-HSG

10

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2022, a copy of the foregoing motion, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: November 30, 2022          By  /s/ Jodie Cheng
                                      Jodie Cheng