UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, and SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>VIASAT, INC.,<br><br>    Defendant. | Case Number: 4:22-CV-04376-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the *Standing Order for All Judges of the Northern District of California*, Civil Local Rule 16-9, and Patent Local Rule 2-1(b).

**1.  Jurisdiction & Service**

Plaintiffs assert claims for patent infringement under 35 U.S.C. § 1, *et seq.*, over which Plaintiffs contend the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Defendant contests Plaintiffs' subject matter jurisdiction to bring this action as laid out in Defendant's pending motion to dismiss (Dkts. 27 & 29).

All parties have been served.

At present, there are no issues regarding personal jurisdiction or venue.

## 2. Facts

Plaintiffs allege that Defendant infringes U.S. Patent Nos. 9,424,400; 10,447,667; and 8,504,834 (collectively, the "Asserted Patents") based on its sale of media streaming software, systems, and services, such as in-flight entertainment and communication (IFEC) systems for commercial and private aviation. The parties dispute whether Plaintiffs have adequately pleaded ownership of the Asserted Patents and standing to sue, as set forth in briefing on Defendant's pending motion to dismiss (Dkts. 27-29).

The parties expect that the principal factual issues will include:

- The operation of Defendant's products accused of infringement
- The value of the patented technology
- The purported ownership of the Asserted Patents
- Each of Plaintiffs' purported rights in the Asserted Patents
- Facts related to Plaintiffs' purported standing to sue Defendant for infringement of the Asserted Patents
- Facts related to invalidity of the patents under 35 U.S.C. § 102, 103 and 112, including the scope and content of the prior art
- Facts related to any claims by any Plaintiff to practice the Asserted Patents
- Facts related to licensing and the marking of the Asserted Patents
- Facts related to the purported priority dates of the Asserted Patents
- Facts related to any purported conception or reduction to practice earlier than the filing dates of the Asserted Patent

## 3. Legal Issues

The disputed points of law include:

- Whether any of the Asserted Patents are infringed under 35 U.S.C. § 271
- Whether any asserted claims of the Asserted Patents are invalid under 35 U.S.C. § 101, 102, 103, or 112, or otherwise invalid or unenforceable
- The appropriate remedy for Defendant's infringement

- Whether Plaintiffs have standing to sue Defendant for infringement of the Asserted Patents
- Whether the Plaintiffs practice the Asserted Patents
- Whether the Asserted Patents are entitled to claim priority to earlier-filed patents or applications
- Whether U.S. Patent Nos. 9,424,400 and 8,504,834 were conceived of or reduced to practice before their effective filing dates
- The meaning and scope of the claims of the Asserted Patents
- Whether there are any limitations on damages

**4.     Motions**

Defendant filed a Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction (Dkt. 27), which is fully briefed and set to be heard on February 9, 2023.

Plaintiffs do not presently anticipate filing any motions in the near term. Plaintiffs may file a motion for summary judgment on one or more issues later in the case.

Defendant may, if the case proceeds beyond the pending motion to dismiss, file a motion for judgment on the pleadings as to ineligibility of one or more of the Asserted Patents under 35 U.S.C. § 101. Defendant may also file a motion for summary judgment on one or more issues later in the case.

**5.     Amendment of Pleadings**

Plaintiffs may amend the Complaint depending on the Court's ruling on Defendant's Motion to Dismiss. Plaintiffs propose a deadline of April 26, 2023, for amending the pleadings.

Defendant's position on amendment is that the Court should decide in its discretion whether leave to amend should be granted based on Plaintiffs' specific actions in this case, as set out in Defendant's motion to dismiss (Dkt. 29 at 2).

**6.     Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f)

regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant in this action.

**7.     Disclosures**

Pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines, the parties are exchanging initial disclosures pursuant to Fed. R. Civ. P. 26(a) concurrent with the filing of this Joint Case Management Statement.

**8.     Discovery**

To date, no discovery has been taken. The parties do not presently propose any limitations or modification of the discovery rules under the Federal Rules of Civil Procedure and the Civil Local Rules of this District. The parties anticipate entering into a stipulated e-discovery order. The parties are not currently aware of any discovery disputes.

**9.     Related Cases**

A case between Plaintiff Western Digital Technologies, Inc. and Defendant Viasat, Inc. is currently pending before Judge Albright in the Western District of Texas. *Viasat, Inc. v. Western Digital Technologies, Inc.*, Case No. 6:21-cv-01230-ADA (the "Texas Case").

Defendant disagrees that the Texas Case is a "related case" —although the Texas Case is pending between the same parties, it was filed more than a year ago (on November 29, 2021) and involves entirely different technologies, different products, and different patents.

**10.    Relief**

Plaintiffs seek the following relief (*see* Dkt. 1): judgment that Defendant has and continues to infringe on or more claims of the Asserted Patents; an order enjoining Defendant's infringement, or alternatively, a compulsory ongoing future royalty; Plaintiffs' damages arising from Defendant's infringement, including lost profits and in an amount not less than a reasonable royalty, together with pre-judgment and post-judgment interest; Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285; Plaintiffs' costs of court; and such other and further relief ad the Court may deem just and proper.

Pursuant to Patent L.R. 2-1(b)(5), Plaintiffs are unable at this time to provide a non-binding, good-faith estimate of the damages range expected for this case.  Plaintiffs expect that the computation of damages in this case will involve expert analysis, and will be based, at least in part, on information to be obtained in discovery, including Defendant's revenues, costs, and profits relating to products and services accused of infringement.  Plaintiffs expect they should be in a position to provide such an estimate within a reasonable time after Defendant produces financial information and Plaintiffs retain a damages expert.

Defendant disputes that Plaintiffs are entitled to any relief.  Defendant reserves its right to any relief the Court deems appropriate upon conclusion of this case, including fees and costs.

**11.    Settlement and ADR**

The parties have not engaged in ADR to date.

The parties propose private mediation, with discussions to encompass settlement of both this case and the Texas Case.  The parties propose a deadline of June 30, 2023, to complete mediation.

Plaintiffs expect that the following discovery or motions may affect the parties' ability to negotiate a resolution: discovery of Defendant's financials; the Court's ruling on claim construction; and/or the Court's ruling on any motions for summary judgment.

Defendant expects that the following discovery or motions may affect the parties' ability to negotiate a resolution: discovery of each of the named Plaintiffs' purported standing to sue on the Asserted Patents; licensing agreements and assignment agreements for each of the Asserted Patents, including agreements related to the rights each of the five named Plaintiffs holds in each Asserted Patent; and Plaintiffs' contentions on infringement and damages under the Patent Local Rules.

**12.    Other References**

The parties do not currently believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**13.     Narrowing of Issues**

The parties do not currently propose any bifurcation of issues. The parties will continue to explore ways of narrowing the case, such as limiting of asserted claims and prior art references, and agree to submit case narrowing proposals no later than four weeks after disclosures under Patent Local Rules 3-1, 3-2, 3-3, and 3-4 are complete.

**14.     Expedited Trial Procedure**

The parties do not believe this case is suitable for expedited trial procedures.

**15.     Scheduling**

The parties jointly propose the following schedule. Pursuant to the Standing Order for Patent Cases Before District Judge Haywood S. Gilliam, Jr., the parties expect to propose dates for the remainder of the case after the Court issues its claim construction ruling.

| Event | Date |
| --- | --- |
| *Initial Case Management Conference* | *2/9/2023* |
| *Hearing on Motion to Dismiss* | *2/9/2023* |
| Infringement Contentions & Accompanying Document Production (Patent L.R. 3-1, 3-2) | 2/23/2023 |
| Invalidity Contentions & Accompanying Document Production (Patent L.R. 3-3, 3-4) | 4/10/2023 |
| Plaintiff's proposal: Deadline to Amend Pleadings | 4/26/2023 |
| Exchange of proposed terms for construction | 4/26/2023 |
| Exchange of preliminary claim constructions and extrinsic evidence | 5/17/2023 |
| Plaintiffs' Damages Contentions | 5/30/2023 |
| Joint Claim Construction and Prehearing Statement | 6/9/2023 |
| Deadline to serve expert reports in support of claim construction | 6/9/2023 |
| Defendant's Responsive Damages Contentions | 6/29/2023 |
| Deadline to Complete ADR | 6/30/2023 |

| Event | Date |
|---|---|
| Completion of claim construction discovery | 7/10/2023 |
| Plaintiffs' Opening Claim Construction Brief | 7/26/2023 |
| Defendant's Responsive Claim Construction Brief | 8/9/2023 |
| Plaintiffs' Reply Claim Construction Brief | 8/16/2023 |
| Technology Tutorial | At the Court's convenience |
| Claim Construction Hearing | On or after 9/6/2023, at the Court's convenience |

Pursuant to Patent L.R. 2-1(b)(1), the parties do not propose any modifications of the obligations or deadlines set forth in the Patent Local Rules other than the minor adjustments in timing reflected above.

**16.    Trial**

The parties request a jury trial.  Plaintiffs estimate that trial will last 7 full court days. Defendants are unable at this time to estimate the length of trial, since the number of asserted claims is not yet known, but anticipate that with appropriate case narrowing, 7 full court days will be sufficient for trial.

**17.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed a Certificate of Interested Entities and Corporate Disclosures on July 28, 2022 (Dkt. 3).  Other than the named parties, Plaintiffs identify the following entity: Western Digital Corporation.

Defendant has requested information on the ownership of the Asserted Patents and has not yet received that information.  At this time, Defendant is not aware of additional non-party interested entities.

**18.    Professional Conduct**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Claim Construction**

Pursuant to Patent L.R. 2-1(b)(2), the parties anticipate that claim construction discovery may include depositions of any experts identified pursuant to Patent L.R. 4-3. The parties intend to complete claim construction discovery in the time prescribed by the Patent Local Rules.

Pursuant to Patent L.R. 2-1(b)(3) and (4), the parties state that they intend to follow the format for technology tutorial and claim construction hearing set forth in the Standing Order for Patent Cases Before District Judge Haywood S. Gilliam, Jr. The parties propose that the technology tutorial be scheduled at any time convenient for the Court, if an in-person tutorial is preferable to a recorded submission.

Dated: February 2, 2023          */s/ L. Kieran Kieckhefer*
                                 Counsel for plaintiffs

Dated: February 2, 2023          */s/ Jodie Cheng*
                                 Counsel for defendant

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

                                 */s/ L. Kieran Kieckhefer*
                                 L. Kieran Kieckhefer

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT JUDGE