March 29, 2023

**VIA ECF**
The Honorable Haywood Gilliam, Jr.
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 2 – 4th Floor
1301 Clay Street, Oakland, CA 94612

Re:   *Western Digital Technologies, Inc. et al. v. Viasat, Inc.*, 4:22-cv-04376-HSG

Dear:   Judge Gilliam,

Pursuant to Paragraphs 19 and 20 of the Court's January 4, 2022 Standing Order for Civil Cases, Plaintiffs Western Digital Technologies, Inc. ("WDT"), Western Digital Ireland Ltd. ("WDI"), SanDisk 3D IP Holdings Ltd. ("SD3D"), SanDisk Technologies LLC ("SDT"), and SanDisk Storage Malaysia Sdn. Bhd. ("SDSM") (collectively, "Plaintiffs") and Defendant Viasat, Inc. ("Defendant") (collectively with Plaintiffs, the "Parties") submit the following discovery dispute for resolution.

**I.      Defendant's Position**

Defendant seeks the Court's guidance on whether discovery is open in this case.  Although Plaintiffs contend discovery is open, no initial case management conference has occurred – and for good reason, since a motion to dismiss on threshold standing issues is pending.  Plaintiffs filed this action on July 28, 2022, alleging "one or more" Plaintiffs owned each of the three asserted patents – U.S. Patent Nos. 9,424,400 (the "'400 patent"), 10,447,667 (the "'667 patent"), and 8,504,834 (the "'834 patent") (collectively, the "Patents-in-Suit").   On October 27, 2022, Defendant moved to dismiss under Fed. R. Civ. P. 12(b)(1) for failure to plausibly allege why all five named plaintiffs have standing to sue on each of the three Patents-In-Suit.  Dkt. 27.  Plaintiffs opposed on November 17, 2022 (Dkt. 28) and Defendant replied on November 30, 2022 (Dkt. 29).  On February 8, 2023, the Court vacated both the scheduled initial case management conference and motion hearing set for February 9, 2023, stating that "the Court will issue a written order" on the pending motion to dismiss. (Dkt. 34.)  No date was set for an initial case management conference in the future.

Plaintiffs' rush to start discovery is particularly inappropriate where Defendant's pending motion to dismiss expressly noted discovery should *not* commence until these threshold questions of standing are resolved, and where the Court declined to hold or reschedule the initial case management conference pending its ruling on that motion to dismiss.  Dkt. 27 at 6-7 (noting in Defendant's motion to dismiss that "courts routinely stay cases pending resolution of standing questions" to "avoid expending judicial resources on a dispute for which the court may ultimately lack jurisdiction").  Here, as in many other cases, the Court should hold discovery until threshold jurisdictional issues are resolved.  Indeed, courts routinely stay cases pending resolution of standing questions for those exact reasons. *See Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-CV-05227-VC (N.D. Cal. July 22, 2014), Dkt. No. 70 (staying case pending resolution of patent ownership dispute in separate action because "[i]f the current defendants are found not to own the

patents at issue, they will lack standing to pursue their counterclaims, and . . . [i]t would be a waste of the parties' and the Court's resources to proceed with this case, only to later learn that it involves the wrong defendants"); *Comm. for Immigrant Rts. Of Sonoma Cnty. v. Cnty. of Sonoma*, No. 08-CV-4220 PJH, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009) ("when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first"); *Wyers Prod. Grp. v. Cequent Performance Prod., Inc.*, No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *3 (D. Colo. June 7, 2013) (finding that the court's and defendant's interests favored a stay because of the "potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction").

The Court's February 8, 2023 order purposefully did not set a future date for an initial case management conference, or adopt a schedule for discovery and disclosures – it instead vacated the prior conference *without* setting a future date for any initial conference. (Dkt. 34.) This was entirely appropriate. Starting discovery now, before threshold standing issues are decided, would not serve judicial or party economy. Multiple named plaintiffs appear to have no role at all in this dispute. Plaintiffs decided to name those entities and plaintiffs, and refused repeated requests to simply say who owns which patent. (Dkt. 27, 29.) Having made that choice, the discovery process should not start until standing to participate in this case has been established for all plaintiffs. Defendant should not be required to engage in a guessing game, expending efforts (and using limited discovery requests) on multiple entities with no standing. Courts in this district routinely hold discovery closed until motions to dismiss are resolved and an initial case management conference can occur to set the boundaries of discovery. *See, e.g.*, *Vendavo, Inc. vs. Price (f)x, Inc., et al.*, 17-cv-06930-RS (N.D. Cal. March 23, 2018), Dkt. 41 (staying all discovery proceedings pending initial case management conference and noting "generally is the practice … to continue the Initial Case Management conference until after the pleadings have been settled").

Plaintiffs rely heavily on a case management statement (Dkt. 32) setting out a proposed schedule to govern the action *if* the case were permitted to proceed past the motion to dismiss. But that proposal has not been adopted and is not in force. No schedule has been entered by the Court. No conference to discuss any of the proposals in the case management conference has occurred. And obviously no dates in that proposed schedule will apply if this action is dismissed. Plaintiffs' emphasis on this proposed schedule ignores Defendant's express reservation that discovery should ***not*** occur until standing issues had been resolved (Dkt. 27 at 6-7).

For the reasons noted above, Defendant contends that the parties should await the Court's ruling on the threshold jurisdictional issues raised by the pending motion to dismiss before engaging in discovery or disclosures,[1] and respectfully requests the Court's guidance on this issue.

---

[1] Notwithstanding the Court's cancellation of the initial case management conference, Plaintiffs served Patent Local Rule 3-1 and 3-2 disclosures on February 23, 2023. Defendant does not believe these were adequate under the Patent Local Rules. The inadequacy of these disclosures prejudices Defendant in the preparation of Defendant's own disclosures and thus may otherwise necessitate further motions practice. These disputes may be moot, however, if the Court concludes discovery and disclosures should not proceed (and should not have proceeded) until the Court rules on the pending motion to dismiss.

## II. Plaintiffs' Position

There is no question that discovery is open in this case. Defendant may be seeking a stay of such discovery, but there can be no confusion about "whether discovery is [currently] open." Under Fed. R. Civ. P. 26(d), a party may seek discovery once the parties have conferred as required by Rule 26(f). The parties held their Rule 26(f) conference almost half a year ago, on October 10, 2022. That conference opened discovery.

There is no rule—either in the Federal Rules or in this Court—that discovery cannot begin until a case management conference is held. In support of its argument that courts in this district "routinely" hold discovery closed until after the case management conference, Defendant cites only a single, easily distinguished case: *Vendavo* did not involve a jurisdictional dispute and, more importantly, the court only stayed discovery because of the parties' prior agreement. *See Vendavo*, Case No. 17-cv-06930-RS, Dkt. 41 at 1 ("[P]laintiff's counsel apparently believed—and not unreasonably so—that a mutual stay on discovery was contemplated and agreed to."). It is irrelevant that Defendant "noted" in its motion to dismiss that discovery should not commence until standing was resolved because Defendant had not actually sought a stay in discovery until now.

The parties agreed to and jointly submitted a case schedule under which Plaintiffs would serve their Patent L.R. 3-1 and 3-2 disclosures on February 23, 2023 (Dkt. 32 at 6), which Plaintiffs did. Defendant agreed to that schedule even knowing its motion to dismiss was still pending; its revisionist assertion that the schedule would govern only "if the case were permitted to proceed" should be rejected. And regardless of whether there is a court-ordered schedule, Defendant's invalidity contentions and accompany document production are due on April 10, 2023 by operation of Patent L.R. 3-3 and 3-4—a deadline Defendant previously agreed to but now seeks to avoid.[2]

Defendant's request for a stay of discovery pending its motion to dismiss should be denied. There is no automatic stay of discovery pending a motion to dismiss, and "courts generally do not look favorably upon requests for a blanket discovery stay merely because a dispositive motion has been filed." *Azad v. Tokio Marine HCC - Med. Ins. Servs. Grp.*, No. 17-cv-00618-PJH, 2017 U.S. Dist. LEXIS 81490, at *6 (N.D. Cal. May 26, 2017) (internal quotations and citation omitted); *see also Ehret v. Uber Techs., Inc.*, No. C-14-0113 EMC, 2014 U.S. Dis. LEXIS 103128, at *3 (N.D. Cal. July 28, 2014) (finding the facts that Uber had filed a case-dispositive motion and the court had not entered a discovery schedule "insufficient to warrant a discovery stay"). Courts in this district have applied a two-factor test to such requests: (1) the pending motion must be potentially dispositive of the entire case or at least the issue at which discovery is aimed, and (2) the pending motion can be decided absent additional discovery. *Azad*, 2017 U.S. Dist. LEXIS 81490, at *6. If both factors are met, the court *may* issue a protective order staying discovery; discovery should proceed if either prong is not met. *Id.* Here, neither prong is met.

---

[2] Instead of immediately informing Plaintiffs of its desire to stay discovery after Plaintiffs served their contentions on February 23, 2023, Defendant waited until 20 days later, when its own deadline had drawn substantially nearer, to raise the issue.

As to the first prong, Defendant's motion is not case dispositive nor dispositive of the issues on which discovery is being sought. First, Defendant cannot argue that all plaintiffs lack standing, only that *some* of them should be dismissed—thus, the case would proceed even if the motion were granted. *See* Dkt. 28 at 1, 5 (explaining in opposition to motion to dismiss that "Viasat does not argue that an unnamed party should be joined in order for Plaintiffs to maintain suit…. [T]here is no question that the proper rights-holder is before the Court."). Second, the discovery at issue relates to the merits of the patent claims—infringement and invalidity—which are unrelated to Defendant's standing motion and whether there are more or fewer plaintiffs in this case. Defendant should serve its invalidity contentions in accordance the Patent Local Rules, which are designed to facilitate early disclosure of the parties' patent positions.

As to the second prong, Defendant's standing challenge likely requires discovery to resolve. Already Defendant claims that it needs "records of assignment or license agreements" to evaluate standing. *See* Dkt. 27 at 5. Indeed, such issues of patent ownership and standing are typically resolved with the benefit of discovery and after examining the relevant agreements. *See, e.g.*, *Lone Star Silicon Innovations v. Nanya Tech.*, 925 F.3d 1225, 1228-29 (Fed. Cir. 2019); *Uniloc 2017 LLC v. Google LLC*, 508 F. Supp. 3d 556, 563-64 (N.D. Cal. 2020). Pursuant to the agreed schedule and Patent L.R. 3-2(d), Plaintiffs on February 23, 2023 produced "documents evidencing ownership of the patent rights by the party asserting patent infringement," including the agreements referenced in the motion to dismiss briefing. Defendant has since asked about additional potentially relevant agreements, and Plaintiffs indicated their willingness, should discovery not be stayed, to work with Defendant to address any deficiencies in the production. Thus, neither discovery in general, nor discovery relating to standing, should be stayed.[3]

---

[3] Defendant's cases are distinguishable: In *Trend Micro*, the ownership of the patents was disputed and actively being litigated in state court, *see Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-CV-05227-VC (N.D. Cal. July 22, 2014), Dkt. 79—here, Plaintiffs, a related group of companies, are the only ones claiming ownership. *Sonoma County* did not involve standing; rather, discovery there was stayed pending a ruling on qualified immunity, a doctrine specifically designed to "protect[] officials not only from liability, but also from discovery and the entire litigation process." 2009 WL 10692620 at *2-3. And *Wyers* is an out-of-district decision applying a different test, *Wyers Prods. Grp. v. Cequent Performance Prod., Inc.*, No. 12-cv-02640, 2013 WL 2466917, at *2 (D. Color. June 7, 2013), which Plaintiffs submit would also weigh against a stay here.

4

DATED: March 29, 2023 Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

SHEARMAN & STERLING LLP

By: /s/ Patrick D. Curran
    Patrick D. Curran
    *Attorneys for Defendant*

By: /s/ L. Kieran Kieckhefer
    L. Kieran Kieckhefer
    *Attorneys for Plaintiffs*

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that all signatories have concurred in the filing of this document.

By: /s/Patrick D. Curran
    Patrick D. Curran