UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No. 22-cv-04376-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 27 |

Pending before the Court is Defendant's motion to dismiss Plaintiffs' Complaint. *See* Dkt. No. 27 ("Mot."). The Court found this matter appropriate for disposition without oral argument and took the motion under submission. *See* Civil L.R. 7-1(b); Dkt. No. 34. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss with leave to amend.

**I.      BACKGROUND**

   **A.      Factual Allegations**

Plaintiffs are five companies: Western Digital Technologies, Inc.; Western Digital Ireland Ltd.; SanDisk 3D IP Holdings Ltd.; SanDisk Technologies LLC; and SanDisk Storage Malaysia Sdn. Bhd. *See* Dkt. No. 1, Complaint ("Compl."), ¶¶ 3-10. Defendant Viasat, Inc. ("Viasat") "provides satellite internet to customers' homes and businesses, and provides satellite internet, live TV, and in-flight entertainment to commercial and private aviation customers." *Id*. ¶ 12.

Plaintiffs assert claims for infringement of the following patents: U.S. Patent Nos. 9,424,400 (the "'400 Patent"); 10,447,667 (the "'667 Patent"); and 8,504,834 (the "'834 Patent"). *Id*. ¶ 1. Plaintiffs allege that "[o]ne or more" of them "holds title to" each of the asserted patents. *Id*. ¶¶ 19, 35, 47. The '400 Patent is titled "Digital rights management system transfer of content and distribution." *Id*. ¶ 19. The '400 Patent is directed to technology that transfers media content

between devices. Dkt. No. 1-1, Ex. 1 to Compl., '400 Patent, Abstract. The '667 Patent is titled "Secure Stream Buffer on Network Attached Storage." Compl. ¶ 35. The '667 Patent is directed to network technology for receiving digital content remotely. Dkt. No. 1-2, Ex. 2 to Compl., '667 Patent, Abstract. The '834 Patent is titled "Method and System for Activation of Local Content with Legacy Streaming Systems." Compl., ¶ 47. The '834 Patent is directed to encrypted streaming technology. Dkt. No. 1-3, Ex. 3 to Compl., '834 Patent, Abstract. Plaintiffs allege that Viasat "develops and/or sells media streaming software, systems, and services" that infringe the '400 Patent, the '667 Patent, and the '834 Patent. Compl. ¶¶ 20, 21, 36, 37, 48, 49.

### B. Procedural History

Plaintiffs filed these patent infringement claims against Defendant on July 28, 2022. On October 27, 2022, Defendant moved to dismiss Plaintiffs' claims for infringement of the asserted patents on the ground that the Court lacks subject matter jurisdiction over this dispute because Plaintiffs have failed to sufficiently plead facts establishing standing. *See* Mot. at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (noting that "[i]t is to be presumed that a cause lies outside . . . [a federal court's] jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted). To meet this burden, the pleading party must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003). A facial challenge

"asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

If a plaintiff fails to establish subject matter jurisdiction, "the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp.*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).  Where the plaintiff cannot cure a jurisdictional defect by amendment, the court may dismiss the complaint without leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citations omitted).

## III. DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction because Plaintiffs have failed to plead facts sufficient to establish standing in light of their failure to identify which plaintiff owns the rights to the asserted patents. The Court agrees and dismisses Plaintiffs' complaint with leave to amend.

### A. Plaintiffs Fail to Plead that Any One of Them Has Standing[1]

"Only a 'patentee' may bring a civil action for patent infringement." *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1319 (Fed. Cir. 2021) (citing 35 U.S.C. § 281).  Under 35 U.S.C. § 100(d), a patentee is the person "to whom the patent was issued but also the successors in title to the patentee."

Plaintiffs assert that they "are suing as a group who together own all substantial rights in the patents-in-suit." Dkt. No. 28 ("Opp.") at 1.  But as a matter of law, this blanket assertion is not enough to plead standing as to each patent as required, because alleging that "[o]ne or more" of

---

[1] At the outset, the parties dispute whether Viasat's 12(b)(1) motion is appropriate at all. No party disagrees that the onus is on Plaintiffs to establish standing. Plaintiffs argue that Defendant's motion is a challenge to statutory standing that should be addressed as a joinder question under Rule 19 rather than via a Rule 12(b)(1) motion. *See* Opp. at 3-4.  The Court disagrees, because Defendant challenges Plaintiffs' Article III standing based on their failure to specify who has exclusionary rights in each patent, making Rule 12(b)(1) the correct vehicle whether or not Plaintiffs also might be challenged as to statutory standing. *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) (holding that "the touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury").

the plaintiffs "holds title to" the asserted patents does not establish that any one of them has standing.

In *Morrow v. Microsoft Corp.*, the Federal Circuit held that:
> There are three general categories of plaintiffs encountered when analyzing the constitutional standing issue in patent infringement suits: those that can sue in their own name alone; those that can sue as long as the patent owner is joined in the suit; and those that cannot even participate as a party to an infringement suit.

499 F.3d 1332, 1339 (Fed. Cir. 2007) (internal citation omitted). In the first category are those "that hold all legal rights to the patent as the patentee or assignee of all patent rights[.]" *Id*. The second category is composed of those whose "exclusionary rights and interests [are] created by the patent statutes," but they do not hold all rights to the patents. *Id*. at 1340-41. Finally, the third category is a group of plaintiffs who are simply not injured-in-fact under the patent statute. *See id*. ("The third category of plaintiffs includes those that hold less than all substantial rights to the patent and lack exclusionary rights under the patent statutes to meet the injury in fact requirement.")
> The problem with Plaintiffs' approach here is that they are essentially asking the Court and the Defendants to take their word for it that all Plaintiffs fit into one of the first two categories, without providing any supporting factual allegations (as opposed to conclusions). That is inadequate: To invoke the jurisdiction of a federal court under § 1338, it is necessary that plaintiff allege facts that demonstrate that he, and not the defendant, owns the patent rights on which the infringement suit is premised. Furthermore, this allegation of ownership must have a plausible foundation. Federal jurisdiction cannot lie based on allegations that are frivolous or insubstantial.

*Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) (internal citation omitted). The Court agrees with Defendant that Plaintiffs' claim that "one or more" of them holds the rights in the asserted patents, without identifying which entity holds which rights to which patents, and why, simply states a conclusion and is insufficient.

Nor does the fact that Plaintiffs purport to sue "as a group" solve the problem. No one disputes that as a matter of law a "patent may be owned by a group." Opp. at 4 (quoting *Alfred E. Mann Found. For Sci. Rsch. v. Cochlear Corp*., 604 F.3d 1354, 1360 (Fed. Cir. 2010)). But here, Plaintiffs are not alleging that any single group collectively owns *all* of the rights under *all* of the asserted patents: instead, they allege that at least one (unspecified) company among the five

4

plaintiff entities owns the rights to each of the patents. Nothing in the complaint alleges how all (or any) of the Plaintiffs are a cohesive unit that jointly possesses rights in each patent. That makes this case plainly different than the "group ownership" scenario referenced in *Alfred E. Mann*.[2]

     Fundamentally, the Court agrees with Defendant that it is hard to understand why Plaintiffs cannot (or will not) allege these basic jurisdictional facts. Plaintiffs suggest that they adopted this pleading strategy to avoid having their suit defeated for failure to join all co-plaintiffs. *See* Opp. at 6, n.3 ("Plaintiffs erred on the side of joining all companies with significant rights to the patents-in-suit to avoid Viasat's later argument that the named plaintiffs, by themselves, lack standing.".) But in trying to solve that anticipated joinder challenge, which may or may not ever be raised, Plaintiffs have created a more fundamental problem, by muddling whether they all (or any of them) have standing to enforce each patent. Nor does the Court see any legitimate confidentiality basis for avoiding what should be a simple pleading requirement. *See* Opp. at 2 (suggesting that Plaintiffs should not be obligated to explain business arrangements which may show who holds the rights to the asserted patents because the terms of those deals are confidential). Simply put, if the Plaintiffs have agreements showing clearly who the holder(s) of the rights to the asserted patents are, then they should plead them. If it turns out that the purported patent right holders possess less than the exclusionary rights necessary to enforce the patents, then the Plaintiffs can seek to join whoever else may be necessary. *See* Fed. R. Civ. P. 19.[3]

---

[2] The Court also notes that in the cases on which Plaintiffs rely, either the relevant agreements spelled out that plaintiff retained specified rights in the asserted patents, or the plaintiff pled that it was the sole entity holding rights in the asserted patents. *See Alfred E. Mann*, 604 F.3d at 1360-63 (concluding after analyzing license agreements in depth that dismissal for lack of standing was inappropriate because plaintiff retained standing under those agreements to sue alleged infringers); *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 694, 695 (Fed. Cir. 1990) (finding ownership of the asserted patent sufficiently pled where the plaintiff alleged that he was its sole owner). The seemingly intentionally ambiguous pleading strategy here is unlike the straightforward allegations in those cases.

[3] While this motion was pending, the parties filed a joint discovery letter. Dkt. No. 35. Because the Court in this order concludes that Plaintiffs have failed to plead the necessary threshold facts to establish jurisdiction, it **STAYS** discovery until it finds that Plaintiffs have met their pleading burden. The Court notes that Plaintiffs' argument that "Defendant's standing challenge likely requires discovery to resolve," *id.* at 4, makes little sense: Plaintiffs should have all of the information necessary to plead their own standing, and they should be able to do so in a succinct manner in an amended complaint rather than forcing the Defendant to tease out this basic

### B. Leave to Amend is Granted

Plaintiffs request leave to amend the complaint. *See* Opp. at 6. Because the defect discussed above is not incurable, and given that Viasat does not oppose granting leave to amend (*see* Dkt. No. 29 ("Reply") at 7), the Court finds that leave to amend is appropriate in this case.

## IV. CONCLUSION

Plaintiffs have failed to sufficiently plead standing. As a result, the Court lacks subject matter jurisdiction over their claims. Because the Court cannot say at this stage that amendment would be futile, it **GRANTS** the motion to dismiss with leave to amend. If Plaintiffs are able to cure the pleading deficiencies described above with regard to their claimed infringement of the asserted patents, they shall file an amended complaint within 21 days from the date of this Order.

**IT IS SO ORDERED.**

Dated:   4/18/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

information from produced documents.