L. Kieran Kieckhefer (SBN 251978)
Aaron Morris (SBN 341166)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
Email: kieran.kieckhefer@shearman.com
       aaron.morris@shearman.com

Lillian J. Mao (SBN 267410)
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: lillian.mao@shearman.com

Ahmed E. ElDessouki (*Pro Hac Vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4908
Email: ahmed.eldessouki@shearman.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, and SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No. 4:22-cv-04376-HSG<br><br>ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' AMENDED COMPLAINT |

1  Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs file this Administrative Motion to
2  File Under Seal the highlighted portions of its Amended Complaint, for the reasons set forth
3  below.
4  The "compelling reasons" standard applies to sealing portions of a complaint.  *Karkarnen*
5  *v. Family Court Servs. of Contra Costa Cnty.*, No. 17-cv-00999-HSG, 2017 WL 2730227, *4
6  (N.D. Cal. June 26, 2017); *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79
7  (9th Cir. 2006).  Here, compelling reasons justify the sealing of limited information in Plaintiffs'
8  Amended Complaint to protect Plaintiffs' interests in maintaining the confidentiality of its
9  corporate organizational structure, particularly how it allocates ownership of assets and rights
10 among companies in the corporate family, and the tax implications thereof.  Plaintiffs would be
11 harmed by the disclosure of the information sought to be sealed because outside observers would
12 be able to glean details about Plaintiffs' organizational structure that is otherwise valuable, highly
13 confidential, and not disclosed publicly, and use that information to Plaintiffs' detriment.  *See*
14 Decl. of Robert Stockton ¶¶ 3-7.  For example, competitors could use the information to gain
15 insights about how Plaintiffs achieve their tax rate, potentially reverse-engineering and copying
16 Plaintiffs' tax strategies, and, thus, compete more effectively against Plaintiffs.  *Id.* ¶ 5.  Courts
17 have previously sealed such corporate organizational information under the "compelling reasons"
18 standard.  *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6395513, *2
19 (N.D. Cal. Feb. 4, 2020) (finding compelling reasons to seal information regarding "organizational
20 structure"); *Via Techs., Inc. v. Asus Computer Int'l*, No. 14-cv-03586-BLF, 2017 U.S. Dist. LEXIS
21 52464, *3 (compelling reasons to seal "company structure" and "business relationships");
22 *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, *2 (N.D. Cal. June 18,
23 2019) (compelling reasons to seal "Confidential Corporate Structure Charts"); *Jones v. PGA Tour,*
24 *Inc.*, No. 22-cv-04486-BLF, 2023 WL 2167400, *2 (N.D. Cal. Feb. 21, 2023) (compelling reasons
25 to seal "investment structure" that "may deter outside funders or change the terms that those
26 funders demand").
27 Plaintiffs' request is narrowly tailored to seal only the particular ways the rights in each
28 asserted patent are allocated.  Plaintiffs' interest in sealing this information outweighs the

presumption in favor of access to judicial records and the public interest in understanding the judicial process because there is limited incremental benefit to the public in understanding the details of Plaintiffs' corporate organization and inter-company relationships. Even with the subject information under seal, the public will still have notice of which plaintiffs are asserting exclusionary rights in which patents. A less restrictive alternative to sealing, such as omitting the information sought to be sealed or describing it with generality, is not sufficient to simultaneously satisfy Plaintiffs' pleading obligations (*see* Dkt. 36) and protect Plaintiffs' confidentiality interests.

For the foregoing reasons, Plaintiffs' respectfully request the sealing of the specified portions of the Amended Complaint.

| Document | Portion Sought to Be Sealed | Evidence Offered in Support of Sealing |
| --- | --- | --- |
| Plaintiffs' Amended Complaint | Highlighted text in paragraphs 20, 37, and 50 | Stockton Decl. at ¶¶ 3-7 |

DATED: May 9, 2023

SHEARMAN & STERLING LLP

By:   */s/ L. Kieran Kieckhefer*
     L. Kieran Kieckhefer

Attorneys for Plaintiffs