1  L. Kieran Kieckhefer (SBN 251978)
   Aaron Morris (SBN 341166)
2  SHEARMAN & STERLING LLP
   535 Mission Street, 25th Floor
3  San Francisco, CA 94105
   Telephone: 415.616.1100
4  Fax: 415.616.1339
   Email: kieran.kieckhefer@shearman.com
5          aaron.morris@shearman.com

6  Lillian J. Mao (SBN 267410)
   SHEARMAN & STERLING LLP
7  1460 El Camino Real, 2nd Floor
   Menlo Park, CA 94025
8  Telephone: 650.838.3600
   Fax: 650.838.3699
9  Email: lillian.mao@shearman.com

10 Ahmed E. ElDessouki (*Pro Hac Vice*)
   SHEARMAN & STERLING LLP
11 599 Lexington Avenue
   New York, NY 10022
12 Telephone: 212.848.4000
   Fax: 646.848.4908
13 Email: ahmed.eldessouki@shearman.com

14 *Attorneys for Plaintiffs*

15

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                    OAKLAND DIVISION

19 WESTERN DIGITAL TECHNOLOGIES, INC.,    Case No. 4:22-cv-04376-HSG
   WESTERN DIGITAL IRELAND LTD.,
20 SANDISK 3D IP HOLDINGS LTD., SANDISK   DECLARATION OF ROBERT STOCKTON
   TECHNOLOGIES LLC, and SANDISK          IN SUPPORT OF ADMINISTRATIVE
21 STORAGE MALAYSIA SDN. BHD.,            MOTION TO FILE UNDER SEAL
                                          PORTIONS OF PLAINTIFFS' AMENDED
22              Plaintiffs,               COMPLAINT

23      v.

24 VIASAT, INC.,

25              Defendant.

26

27

28

DECL. ISO ADMIN. MOT. TO SEAL                    CASE NO. 4:22-CV-04376-HSG
                                                 AMERICAS/2023807645.4

I, Robert Stockton, declare as follows:

1. I am a Vice President of Tax at Western Digital, where my responsibilities include, among other things, tax planning and the management of the Company's tax compliance efforts including its effective tax rate. I am over 18 years old, and I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness.

2. I make this declaration in support of Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Amended Complaint.

3. Plaintiffs seek to seal the portions of the Amended Complaint that describe how the rights in each asserted patent are allocated among Plaintiffs. If not kept under seal, that information would publicly reveal specific and confidential details about Plaintiffs' corporate structure and provide insights about how Plaintiffs achieve their financial results, including their tax rate. Public disclosure of such information would cause great competitive harm to Plaintiffs.

4. Plaintiffs' corporate structure and allocation of rights and interests in assets, including patent rights, has a direct bearing on Plaintiffs' financial results, including tax rate. Plaintiffs' financial results, including its tax rate, are heavily scrutinized by analysts and competitors. For example, financial analysts and competitors analyze companies' corporate tax rates and compare it to other companies in the industry. Although tax rates are disclosed in public securities filings, companies generally do not disclose the mechanisms employed such that those tax rates can be achieved. Companies like Western Digital expend significant effort to develop and implement legal ways of reducing their corporate tax rates, and Western Digital considers its corporate structuring and resultant tax methodology to be highly confidential.

5. The allocation of patent rights described in the Amended Complaint is the result of complex arrangements among the Western Digital family of companies. An analyst or a competitor is not presently able to reverse-engineer publicly available information to determine Plaintiffs' corporate and tax structure. However, if an analyst or a competitor were able to obtain the information in the Amended Complaint, such analyst or competitor could use such information to reverse-engineer Plaintiffs' corporate and tax structure and cause competitive harm. By doing so, the analyst or competitor would have a better understanding of Western Digital's tax rate as

compared to other companies in the industry and could, for example, use that insight in evaluating Western Digital's relative suitability as an investment. A competitor might further try to copy aspects of Western Digital's structure, as gleaned from the Amended Complaint, in order to improve its own tax rate and compete more effectively with Western Digital. Thus, public disclosure of the rights allocation information in the Amended Complaint would be useful to others and correspondingly harm Plaintiffs, including by harming Plaintiffs' competitive standing.

6. Plaintiffs employ great efforts to keep the information regarding their corporate structure, how they achieve their financial results, and their tax rate highly confidential. Specific details about this information are not shared within Western Digital except with those that need to know the information. Similarly, Plaintiffs take great pains to ensure that such information cannot be reverse engineered from information that Plaintiffs disclose publicly.

7. Confirming the highly confidential and potential competitive harm of such information, Plaintiffs' competitors similarly keep such information confidential such that Plaintiffs are unable to determine similar information about their competitors. Disclosure of the information in the Amended Complaint would hurt Plaintiffs, including by putting Plaintiffs at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 9, 2023 in Irvine, California.



Robert Stockton