QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac forthcoming*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Nicola Felice (*pro hac forthcoming*)
  nicolafelice@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:    (617) 712-7100
Facsimile:     (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
  Gyushik (Kevin) Jang (Bar No. 337747)
  kevinjang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | CASE NO. 4:22-cv-04376-HSG<br><br>**VIASAT, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' AMENDED COMPLAINT (DKT. 37)** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Viasat, Inc. ("Viasat") hereby files this Opposition to Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Amended Complaint (Dkt. 37) ("Plaintiffs' Motion").

"As a public forum, the Court has a policy of providing to the public full access to documents filed with the Court." Civil L.R. 79-5 (Commentary). That is particularly true for a Complaint explaining to the public who is using the judicial system and on what basis. As plaintiffs admit, a party must demonstrate "compelling reasons" to seal portions of a complaint. Dkt. 37 at 1 (*citing Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

Here, no compelling reasons exist for sealing the three paragraphs at issue. Contrary to Plaintiffs' assertions (Dkt. 37 at 1), the three paragraphs Plaintiffs ask to seal do not reveal specific financial terms of a patent license, or information about an "organizational structure" of any particular company, or disclose "business relationships" or other financial arrangements. The paragraphs at issue provide only a high-level assertion of what rights each Plaintiff purportedly possesses in each asserted patent, and disclose that licenses for certain rights *exist*. This is not sensitive business information. "The mere existence of a licensing agreement, and the identity of the parties involved, is not protectable" through sealing. *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. C 11-CV-05973 PSG, 2013 WL 2285210, at *1 (N.D. Cal. May 23, 2013) (denying administrative motion to seal). Where, as here, a party seeks to seal "the existence of [license] agreements" or "very basic information about their scope" sealing is not appropriate under even a relaxed "good cause" standard, *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510–11 (D. Del. 2012), much less a heightened "compelling reasons" standard.

Plaintiffs claim there could be "tax implications" (Dkt. 37 at 1; Dkt. 37-1 at 1-2) from disclosure of the redacted information. But none of the material at issue mentions taxes. And speculative concerns regarding "tax implications," or a desire to avoid "tax implications," is not a compelling interest outweighing the public's right of access. Similarly, none of the cases cited in Plaintiffs' motion (Dkt. 37 at 1:18-26) support sealing to avoid "tax implications" (indeed, none of the four cited cases mention taxes at all) and none support sealing a high-level explanation of the

1  rights a plaintiff purportedly possesses in a patent in order to demonstrate that plaintiff's standing
2  to assert the patent.
3        Accordingly, Plaintiffs' Motion should be denied.

4

5  DATED: May 15, 2023              Respectfully Submitted,

6

7                                              By  /s/ *Patrick D. Curran*
8                                                  Patrick D. Curran

9                                           QUINN EMANUEL URQUHART & SULLIVAN, LLP
10                                            Steven Cherny (*pro hac forthcoming*)
                                           stevencherny@quinnemanuel.com
11                                            Patrick Curran (Bar No. 241630)
                                           patrickcurran@quinnemanuel.com
12                                            Nicola Felice (*pro hac forthcoming*)
                                           nicolafelice@quinnemanuel.com
13                                          111 Huntington Ave, Suite 520
14                                        Boston, MA 02199
                                       Telephone:   (617) 712-7100
15                                        Facsimile:    (617) 712-7200

16                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP
17                                        Jodie Cheng (Bar No. 292330)
                                       jodiecheng@quinnemanuel.com
18                                        Gyushik (Kevin) Jang (Bar No. 337747)
                                       kevinjang@quinnemanuel.com
19                                      50 California Street, 22nd Floor
20                                      San Francisco, CA 94111
                                   Telephone:   (415) 875-6600
21                                  Facsimile:    (415) 875-6700

22
23                              *Attorneys for Viasat, Inc.*

24

25

26

27

28