QUINN EMANUEL URQUHART & SULLIVAN, LLP
Steven Cherny (*pro hac forthcoming*)
stevencherny@quinnemanuel.com
Patrick Curran (Bar No. 241630)
patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Jodie Cheng (Bar No. 292330)
jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S MOTION TO DISMISS CLAIMS OF WESTERN DIGITAL IRELAND LTD. AND SANDISK 3D IP HOLDINGS LTD. FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**Hearing**<br>Date: August 17, 2023<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2, 4th Fl.<br>1301 Clay Street<br>Oakland, CA 94612<br><br>**REDACTED VERSION FILED UNDER SEAL** |

## I. INTRODUCTION

The Court previously granted Viasat's motion to dismiss because Plaintiffs pled no facts establishing that each of the five named Plaintiffs had standing to commence the action. The Court noted that it was "hard to understand why Plaintiffs cannot (or will not) allege the[] basic jurisdictional facts" to show which named Plaintiff "holds which rights to which patents, and why." Dkt. 36 at 5. The Court gave Plaintiffs twenty-one days to plead facts sufficient to support each Plaintiff's standing. On May 9, Plaintiffs refiled their complaint, adding facts supporting standing for three entities. But Plaintiffs' amendment also confirms that two of them do not have standing—likely the reason why Plaintiffs previously refused to "allege [] basic jurisdictional facts" as to who "holds which rights to which patents, and why." *Id*. Those Plaintiffs' claims must again be dismissed, this time with prejudice.

Only parties with exclusionary rights in a patent can invoke federal jurisdiction to sue for patent infringement. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). That does not suffice. First, it is not at all clear what these ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, it does not seem possible that WDI could have *any* exclusionary rights. Plaintiffs also allege that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. But ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ what exclusionary rights are left for SDSM that entitle it to bring suit against Viasat? The Complaint has no answer; rather than provide this simple information, Plaintiffs instead double down on their "seemingly intentionally ambiguous pleading strategy."[1] Dkt. 36 at 5 n.2.

---

[1] Plaintiffs' Amended Complaint also improperly redacts all of the new allegations regarding the alleged basis for standing despite the Court's Order that it did not see "any legitimate confidentiality basis for avoiding what should be a simple pleading requirement." Dkt. 36 at 5.

Plaintiffs' continued (and studied) ambiguity wastes this Court's and Viasat's time, and undermines the Court's jurisdiction. It is Plaintiffs' burden to show at the outset that each of them properly is before this Court. They have failed to do this for a second time. WDI's and SDSM's claims should be dismissed.

## II.     BACKGROUND

### A.    Allegations Regarding Standing

On July 28, 2022, five separate and distinct entities—WDT, WDI, SD3D, SDT, and SDSM—filed claims of patent infringement against Viasat. The five Plaintiffs alleged that each of them had standing to pursue such claims because "[o]ne or more" of them "together own all substantial rights." Dkt. 1 ¶ 19.

The Court dismissed Plaintiffs' Complaint with leave to amend, finding that "Plaintiffs' claim that 'one or more' of them holds the rights in the asserted patents, without identifying which entity holds which rights to which patents, and why, simply states a conclusion and is insufficient" to establish standing for any of them. Dkt. 36 at 4.

The same five Plaintiffs filed their Amended Complaint on May 9, 2023, pursuing identical infringement claims against Viasat. The Amended Complaint differs from Plaintiffs' earlier Complaint only in that it sets forth three new paragraphs regarding Plaintiffs' rights in the '400, '667, and '834 patents.

For the '400 and '667 patents, Plaintiffs make the following factual allegations: (1) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉; (2) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉t; and (3) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉; and (4) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Dkt. 38 ¶¶ 20, 37.

---

These improper redactions are the subject of Viasat's co-pending Opposition to Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Amended Complaint. Dkt. 39.



  For the '834 patent, Plaintiffs allege that ███████████████
███████████████████████████████████████████████
███████████████████████████ *Id.* ¶ 50.

### III. ARGUMENT
#### A. Plaintiffs Have Not Pled Plausible Facts to Support Standing

The Court previously advised Plaintiffs that to plausibly allege standing they needed to state "which entity holds which rights to which patents, and why." Dkt. 36 at 4. ███████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████. Dkt. 38 ¶¶ 20, 37. ██████████████
███████████████████████████████████████████████
████████████████ *Id.* ¶ 50. Plaintiffs' Amended Complaint thus does not provide notice of the specific exclusionary rights held by WDI and SDSM—nor does it explain why there would be any exclusionary rights left for WDI and SDSM to hold, ███████████████████████████████████████████
████████████████████████. Plaintiffs' Amended Complaint therefore fails to make the allegations required by the Court in its April 18th Order, which warrants dismissal of at least WDI and SDSM from this action.

As Viasat previously explained, and the Court reiterated in its Order, "the touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). To meet this threshold requirement, the complaint must allege, "affirmatively and distinctly," that the plaintiff possesses an exclusionary right in at least one of the patents in suit. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). And when there is more

than one plaintiff, the threshold standing requirement requires that the operative complaint allege facts supporting a plausible inference that *each* plaintiff possesses an exclusionary right in the patents. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (affirming the "bedrock requirement" that each "plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct" to have standing to sue in federal court); *see also Vertigo Media, Inc. v. Earbuds Inc.*, No. CV 21-120 (MN), 2021 WL 4806410, at *3 (D. Del. Oct. 14, 2021) (complaint failed to "sufficiently allege facts that establish Remote's constitutional or statutory standing" where the complaint alleged only that "Vertigo is the owner of these patents by virtue of assignment from Remote" and no facts "demonstrate that Remote retained or currently possesse[d] any exclusionary rights in the '777 and '666 Patents").

Here, the factual allegations in Plaintiffs' Amended Complaint do not provide a plausible foundation for Plaintiffs' assertion that ████████████ ████████████████████████████████████████ Dkt. 38 ¶¶ 20, 37, 50. Indeed, the facts alleged support the opposite conclusion. ████████ ████████████████████████████████████████████████. Dkt. 38 ¶¶ 20, 37. Based on Plaintiffs' allegations, however, it appears that ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████) ████████████████████████████████████. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019) (citation omitted) (explaining that Lone Star "alleged that it possesses the sort of exclusionary rights that confer Article III standing" because it had "ability to grant licenses or 'forgive' infringement"); *In re Cirba Inc.*, No. 2021-154, 2021 WL 4302979, at *2 (Fed. Cir. Sept. 22, 2021) (internal citations omitted) (noting that exclusive licensees are typically seen to have exclusionary rights because "the grant of an exclusive license to make, use, or sell the patented invention carries with it the right to prevent others from practicing the invention."). It is not possible (let alone

plausible) to determine whether the leftover rights allegedly held by WDI include those exclusionary rights necessary to establish standing.

    Similarly, ▇▇▇, Plaintiffs claim that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Typically, this allegation would be sufficient to establish standing, but it is insufficient here where Plaintiffs expressly allege that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. "When a party holds all rights or all substantial rights, *it alone* has standing to sue for infringement." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007) (emphasis added). The obvious question in this scenario is thus: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇? *See Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1032 (Fed. Cir. 1995) (emphasis added) ("It is the licensee's beneficial ownership of a right to prevent others from making, using, or selling the patented technology that provides the foundation for … standing, ***not simply that the word 'exclusive' may or may not appear in the license***.").

    Plaintiffs' deficiencies in describing the rights held by each party and the basis for those rights is not just a dispute about joinder, as Plaintiffs will likely argue. As courts have recognized, "[w]hile parties are free to assign some or all patent rights as they see fit based on their interests and objectives, this does not mean that the chosen method of division will satisfy standing requirements." *Morrow*, 499 F.3d at 1341, fn. 8; *see also Uniloc USA, Inc. v. Apple, Inc.*, No. C 18-00358 WHA, 2020 WL 7122617, at *7 (N.D. Cal. Dec. 4, 2020) (explaining that standing may be defeated by contract because "[a]mong our ordinary property rights comes the right to destroy"). Indeed, in some instances "where a patent owner has granted multiple others the right to sublicense the patent[,] . . . no one would have the right to sue a particular defendant for infringement" at least "until a restructuring of the interests among them." *Uniloc*, 2020 WL 7122617 at *7. Plaintiffs allege that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, but their continued obfuscation of

the factual basis for that conclusion begs the question of whether this is one of the scenarios where standing has been eviscerated by contract.

At bottom, Plaintiffs have adequately alleged standing for three of the five entities purporting to prosecute this litigation. But for the remaining two, Plaintiffs' Amended Complaint does not establish standing—in fact, it suggests the opposite. As the Court recognized, "Plaintiffs should have all of the information necessary to plead their own standing, and they should be able to do so in a succinct manner in an amended complaint rather than forcing the Defendant to tease out this basic information." Dkt. 36 at 3 n.3. Because Plaintiffs have again failed in this regard with respect to at least WDI and SDSM, those entities must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Viasat, Inc. respectfully requests that the Court dismiss WDI and SDSM's claims for lack of subject matter jurisdiction.

DATED: May 24, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Jodie Cheng

*Attorneys for Defendant Viasat Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2023, a copy of the foregoing motion, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: May 24, 2023                    By  */s/ Jodie Cheng*
                                           Jodie Cheng