QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac forthcoming*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Nicola Felice (*pro hac forthcoming*)
  nicolafelice@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:    (617) 712-7100
Facsimile:     (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
  Gyushik (Kevin) Jang (Bar No. 337747)
  kevinjang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>        Plaintiffs,<br><br>    v.<br><br>VIASAT, INC.,<br><br>        Defendant. | CASE NO. 4:22-cv-04376-HSG<br><br>**DECLARATION OF JODIE CHENG RE INADVERTENT LATE FILING OF DKT. 40** |

04568-00014/14105712.2

I, Jodie Cheng, declare as follows:

1. I am an attorney licensed to practice law in the State of California and Of Counsel at Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, California 94111. I am counsel for Defendant Viasat, Inc. ("Viasat") in the above-captioned matter.

2. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to the matters set forth herein.

3. I submit this declaration in connection with Viasat's Motion To Dismiss Count III Of The Amended Complaint (Dkt. 40 (the "Motion To Dismiss")), which was entered into the Court's ECF system at 12:58 a.m. today, May 24, 2023.

4. On April 18, 2023, the Court granted Viasat's motion to dismiss Plaintiffs' original complaint, concluding "that Plaintiffs have failed to plead the necessary threshold facts to establish jurisdiction." (Dkt. 27 at n. 3.) The Court permitted Plaintiffs to file an amended complaint to attempt to cure the jurisdictional defect. (*Id*. at 6.) On May 9, 2023, Plaintiffs filed an amended complaint (Dkt. 38 (the "Amended Complaint")). Viasat's response to the Amended Complaint was due 14 days later, on May 23, 2023.

5. On the evening of May 23rd, my residence[1] experienced a power outage, causing me to be unable to power my computer; and, as a result, I was unable to access the files that comprise Viasat's Motion To Dismiss or connect to the Court's ECF system.

6. Shortly after midnight, I regained access to the files and network connectivity, and filed Viasat's Motion To Dismiss via electronic filing. Viasat's Motion To Dismiss was entered into the Court's ECF system at 12:58 a.m. on May 24, 2023.

7. The technical difficulties I encountered at home caused the Motion To Dismiss to be inadvertently filed 58 minutes past the filing deadline for Viasat's response to the Amended Complaint. I did not edit the Motion To Dismiss after the deadline for

---

[1] I work from home on occasion and was doing so on the evening of May 23rd.

filing, and would have filed the Motion to Dismiss before the deadline but for my temporary loss of access to the files and network connectivity.[2]

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  May 24, 2023                         Respectfully Submitted,


By /s/ *Jodie Cheng*
Jodie Cheng

---

[2] While there were no substantive edits or other manually entered edits to the Motion To Dismiss after the filing deadline, it appears the date fields in the document automatically updated after midnight when the Microsoft Word document was opened for conversation to a PDF document for filing.