L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Lillian J. Mao (SBN 267410)
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: lillian.mao@shearman.com

Ahmed E. ElDessouki (*Pro Hac Vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4908
Email: ahmed.eldessouki@shearman.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, and SANDISK STORAGE MALAYSIA SDN. BHD.,

Plaintiffs,

v.

VIASAT, INC.,

Defendant.

Case No. 4:22-cv-04376-HSG

PLAINTIFFS' OPPOSITION TO DEFENDANT VIASAT, INC.'S MOTION TO DISMISS CLAIMS OF WESTERN DIGITAL IRELAND LTD. AND SANDISK STORAGE MALAYSIA SDN. BHD. FOR LACK OF SUBJECT MATTER JURISDICTION

**REDACTED VERSION**

Date: August 17, 2023
Time: 2:00 p.m.
Courtroom: 2, 4th Floor, Oakland
Judge: Hon. Haywood S. Gilliam, Jr.

## TABLE OF CONTENTS

I. Introduction ..... 1
II. Legal Standards ..... 1
III. Argument ..... 2
A. WDI Has Standing To Assert The '400 and '667 Patents ..... 2
B. SDSM Has Standing To Assert The '834 Patent. ..... 5
IV. Conclusion ..... 6

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Alfred E. Mann Found. for Sci. v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010) .......... 2, 3, 4, 5

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336 (Fed. Cir. 2006) .......... 1, 3, 5

*Dep't. of Commerce v. U.S. House of Reps.*, 525 U.S. 316 (1999) .......... 3

*Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926) .......... 3

*Lone Star Silicon Innovations v. Nanya Tech.*, 925 F.3d 1225 (Fed. Cir. 2019) .......... 2

*Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007) .......... 3, 5, 6

*Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995) .......... 6

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) .......... 2

*Vaupel Textilmaschinen v. Meccanica Euro Italia*, 944 F.2d 870 (Fed. Cir. 1991) .......... 3

*Vertigo Media, Inc. v. Earbuds, Inc.*, No. CV 21-120, 2021 WL 4806410 (D. Del. Oct. 14, 2021) .......... 4

*Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252 (1977) .......... 3

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) .......... 1

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) .......... 1, 2, 5, 6

**Other Authorities**

Stevenson & Fitzgerald, *Rutter Group Practice Guide—Federal Civil Procedure Before Trial (Cal & 9th Cir. Ed.)* Ch. 2E-2 (2023) .......... 3, 5

## I. INTRODUCTION

Plaintiffs oppose Viasat's motion to dismiss the claims of Western Digital Ireland Ltd. ("WDI") and SanDisk Storage Malaysia Sdn. Bhd. ("SDSM") (Dkt. 45, "Motion"). Plaintiffs have complied with the Court's prior order and amended their complaint with allegations "identify[ing] which plaintiffs own[] the rights to the asserted patents." Dkt. 36 at 3. Viasat, again, has made a facial attack on standing,[1] and the allegations of the Amended Complaint must be taken as true. Plaintiffs' allegations establish that each of the five Plaintiffs has standing in this case because they possess exclusionary rights in the asserted patents. Moreover, Plaintiffs are owners and exclusive licensees of the patents, who must be joined in a patent infringement suit. *See, e.g.*, *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) ("For the same policy reasons that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee."). Viasat agrees that Plaintiffs have met their burden to allege standing for three plaintiffs (Mot. at 6) but argues that WDI and SDSM should be dismissed. Improperly, Viasat ignores that the allegations in the pleading are to be taken as true and, instead, improperly draws inferences against Plaintiffs and attempts to find contradictions in Plaintiffs' allegations where none exist. But Plaintiffs have alleged clearly and without obfuscation the basis for WDI's and SDSM's standing. As previously stated, Plaintiffs are fully prepared to demonstrate their right to sue, to the evidentiary standard appropriate for each stage of this case. For pleading purposes, Plaintiffs have met their burden, and this case should move forward.

## II. LEGAL STANDARDS

A plaintiff's Article III standing may be challenged as a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A jurisdictional attack under Rule 12(b)(1) may be either facial or factual: "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to

[1] Viasat's motion makes a facial attack, *i.e.*, argues that "the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction," *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), not a factual attack. *See, e.g.*, Mot. at 3 ("Plaintiffs Have Not Pled Plausible Facts to Support Standing").

invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Wolfe*, 392 F.3d at 362 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the Court "assume[s] [the plaintiff's] allegations to be true and draw[s] all reasonable inferences in his favor." *Id.*

## III. ARGUMENT

### A. WDI Has Standing To Assert The '400 and '667 Patents.

Three Plaintiffs assert the infringement of U.S. Patent Nos. 9,424,400 (the "'400 Patent") and 10,447,667 (the "'667 Patent"): SanDisk 3D IP Holdings Ltd. ("SD3D"), [redacted], and Western Digital Technologies, Inc. ("WDT") and WDI, [redacted]. *See* Am. Compl. ¶¶ 20, 37; *Lone Star Silicon Innovations v. Nanya Tech.*, 925 F.3d 1225, 1228 (Fed. Cir. 2019) ("a patentee [is] one with 'all rights or all substantial rights' in a patent"); *Alfred E. Mann Found. for Sci. v. Cochlear Corp.*, 604 F.3d 1354, 1359 n.2 (Fed. Cir. 2010) ("[A] patent may be owned by a group."). As far as ownership, [redacted]. Am. Compl. ¶¶ 20, 37.

When a patent licensor does not transfer all substantial rights to the licensee, "the licensor remains the owner of the patent and retains the right to sue for infringement." *Alfred E. Mann*, 604 F.3d at 1359. "When there is an exclusive license agreement, as opposed to a nonexclusive license agreement, but the exclusive license does not transfer enough rights to make the licensee the patent owner, either the licensee or the licensor may sue, but both of them generally must be joined as parties to the litigation." *Id.* at 1360. Under that framework, each of SD3D, WDT, and WDI has standing to sue. SD3D [redacted]. WDT [redacted]. *See Lone Star*, 925 F.3d at 1234. WDI [redacted] *Alfred E. Mann*, 604 F.3d at 1359. All three have exclusionary rights. Am. Compl. ¶¶ 20, 37. Under *Alfred E. Mann*, all "must be joined as parties to the litigation." 604 F.3d at 1360. Indeed, that decision instructs that, "[w]hen

a plaintiff lacking a sufficiently large portion of rights [to be the owner] brings suit," but that plaintiff is an exclusive licensee, then "additional holders of rights under the patent must be joined as parties to the suit." *Id.* Plaintiffs have followed that mandate by including all three entities—WDT, WDI, and SD3D—in this case.

Viasat does not dispute that WDT and SD3D are properly before the Court. Viasat argues, however, that it cannot "determine whether the leftover rights allegedly held by WDI include those exclusionary rights necessary to establish standing." Mot. at 4-5. This is the wrong inquiry. WDI [REDACTED] [REDACTED]. Am. Compl. ¶¶ 20, 37 ("WDI [REDACTED]" (emphasis added)). Taking Plaintiffs' allegations as true and drawing reasonable inferences in their favor, the inevitable conclusion is that WDI [REDACTED] [REDACTED] Even when exclusionary rights are held by another entity, they sue in the name of the patentee, who should be joined. *See, e.g.*, *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) ("[T]hese exclusionary rights 'must be enforced through or in the name of the owner of the patent,' and the patentee who transferred these exclusionary interests is usually joined to satisfy prudential standing concerns." (quoting *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 467 (1926))); *Aspex Eyewear*, 434 F.3d at 1344 (same); *Vaupel Textilmaschinen v. Meccanica Euro Italia*, 944 F.2d 870, 876 (Fed. Cir. 1991) (noting "requirement to join the owner when an exclusive licensee brings suit"). WDI is therefore a proper party to this suit, which Viasat admits at least SDT and SD3D have standing to bring.

Importantly, "[i]f any plaintiff has standing, the standing requirement is satisfied for all coplaintiffs who are proper parties on the same complaint seeking the same relief." Stevenson & Fitzgerald, *Rutter Group Practice Guide—Federal Civil Procedure Before Trial (Cal & 9th Cir. Ed.)* Ch. 2E-2 § 2:4104 (2023) (quoting *Dep't. of Commerce v. U.S. House of Reps.*, 525 U.S. 316, 328 (1999); *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 264 (1977)). In other words, a separate standing analysis as to WDI is unnecessary because it is

undisputed that SDT and SD3D have standing. Nonetheless, Plaintiffs have established that WDI independently has standing by alleging both that WDI [redacted] the '400 and '667 patents, ***and*** that it "possesses exclusionary rights" in those patents. Am. Compl. ¶¶ 20, 37. Viasat's attempt to suggest otherwise is contrary to the standard for deciding a pleadings motion because it fails to take the factual allegations in Plaintiffs' complaint as true.

Plaintiffs' allegations establish that WDI has sufficient rights to bring suit. The Federal Circuit has not "establish[ed] a complete list of the rights whose holders must be examined to determine whether a licensor has transferred away sufficient rights" to lose its status as patentee. *Alfred E. Mann*, 604 F.3d at 1361. Among the rights that courts have examined, however, are the exclusive right to practice the patent, the right to bring suit, the right to sublicense, the right of the licensor to receive a portion of the recovery in infringement suits, the obligation of the licensor to continue paying patent maintenance fees, and the nature of limits on the licensee's right to assign its interests in the patent. *Id.* at 1360-61. Compared even against this nonexhaustive list, it is clear that the bundle of rights comprising a patent [redacted] [redacted]. Viasat has not argued that WDI [redacted].

Viasat's reliance on *Vertigo Media, Inc. v. Earbuds, Inc.*, No. CV 21-120, 2021 WL 4806410 (D. Del. Oct. 14, 2021), is easily distinguishable. There, the complaint alleged that one plaintiff, Vertigo, was the owner of the patents by assignment from Remote, and the assignment stated that Remote assigned "100% of its right, title, and interest." *Id.* at *3. The plaintiffs had "not alleged any facts demonstrating that Remote retained or currently possesses any exclusionary rights," and thus Remote was found to lack standing.[2] *Id.* In contrast, there is no allegation that WDI [redacted] [redacted], and in fact Plaintiffs allege that WDI [redacted] [redacted]—and it is a reasonable inference that, as explicitly alleged, those [redacted] rights include exclusionary rights. Thus, WDI [redacted], has standing, and should remain a party to

[2] Given the evidence that Remote had assigned to Vertigo "100%" of its rights in the patent, it was a stranger to the patent and thus not a "proper party" to the suit who could rely on Vertigo's satisfaction of the standing requirement. *See* Stevenson & Fitzgerald, *Rutter Group Practice Guide*, *supra*, § 2:4104.

this suit. Thus, for purposes of Viasat's motion, Plaintiffs' allegations, taken as true, establish that WDI—and all identified Plaintiffs—are properly before the Court as a matter of law. Any dispute about whether the patent rights are distributed differently from how Plaintiffs have alleged them would be a "factual attack" that "disputes the truth of the allegations," *Wolfe*, 392 F.3d at 362, which Viasat has chosen not to bring.[3] Viasat's motion to dismiss WDI should be denied.

**B. <u>SDSM Has Standing To Assert The '834 Patent.</u>**

Two Plaintiffs assert the infringement of U.S. Patent No. 8,504,834 (the "'834 Patent"): SanDisk Technologies LLC ("SDT"), [REDACTED], and SDSM, [REDACTED]. This is a classic configuration of plaintiffs to a patent infringement suit: "[f]or the same policy reasons that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee." *Aspex Eyewear*, 434 F.3d at 1344; *see also Alfred E. Mann*, 604 F.3d at 1360 ("When there is an exclusive license agreement, … either the licensee or the licensor may sue, but both of them must generally be joined as parties to the litigation."). The purpose of joining both patentee and exclusive licensee is "avoiding the potential for multiple litigations and multiple liabilities and recoveries against the same alleged infringer." *Morrow*, 499 F.3d at 1340. Thus, both SDT and SDSM are properly joined in this case.

Because SDSM is a "proper part[y] on the same complaint seeking the same relief" as SDT, and Viasat admits that SDT's standing is sufficiently alleged (Mot. at 6), "the standing requirement is satisfied." Stevenson & Fitzgerald, *Rutter Group Practice Guide*, *supra*, § 2:4104. SDSM also independently has standing to sue because [REDACTED] [REDACTED]—under *Morrow*. 499 F.3d at 1339-40.

Even Viasat admits Plaintiffs' allegations would "[t]ypically" be sufficient to establish standing but claims that SDSM should be dismissed here because of a purported contradiction in Plaintiffs' allegations. Mot. at 5. Viasat's argument again runs counter to the standard for a pleadings motion and improperly draws inferences in its own favor instead of in Plaintiffs' favor. Plaintiffs allege that SDT [REDACTED]

---

[3] To the extent the Court dismisses a Plaintiff, however, Viasat must be precluded from later arguing a lack of jurisdiction based on failure to a Plaintiff that Viasat requested be dismissed.

[REDACTED]. Am. Compl. ¶ 50. SDSM, meanwhile, [REDACTED] *Id.*; *see Morrow*, 499 F.3d at 1340 ("Parties that hold exclusionary rights [but not all substantial rights to the patent] are often identified as exclusive licensees."). There is no contradiction. The allegation that SDT [REDACTED] does not mean, as Viasat would have it, that [REDACTED]—such a conclusion would contravene Plaintiffs' allegations, as well as the legal framework of classifying entities as patentee, exclusive licensee, or nonexclusive licensee. But, as with Viasat's attack on WDI, Viasat strategically chose not to bring a factual attack and "dispute the truth of [Plaintiffs'] allegations," so Plaintiffs' allegations must be taken as true, and reasonable inferences—including that SDSM possesses exclusionary rights—must be drawn in Plaintiffs' favor.[4] *Wolfe*, 392 F.3d at 362.

Viasat's reliance on, *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995), is inapposite. There, the court found that the plaintiff was only a nonexclusive licensee and so lacked standing to bring or join a suit. *Id.* at 1033-34. There is no basis here to conclude that SDSM is merely a nonexclusive licensee.

Viasat's motion to dismiss SDSM should be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Viasat's motion be denied.

Respectfully Submitted,

Dated: June 21, 2023

GIBSON, DUNN & CRUTCHER LLP

By: */s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer

Counsel for Plaintiffs

[4] Again, if the Court dismisses any Plaintiff, Viasat should be precluded from later arguing that lack of that Plaintiff defeats the Court's subject matter jurisdiction.