QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac forthcoming*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:    (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS OF WESTERN DIGITAL IRELAND LTD. AND SANDISK STORAGE MALAYSIA SDN. BHD. FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br><u>Hearing</u><br><u>Date:</u>  August 17, 2023<br><u>Time:</u>  2:00 p.m.<br><u>Judge:</u>  Hon. Haywood S. Gilliam, Jr.<br><u>Courtroom:</u>  2, 4th Fl.<br>                1301 Clay Street<br>                Oakland, CA 94612<br><br>**REDACTED VERSION** |

## I.   INTRODUCTION

Plaintiffs agree that only parties with exclusionary rights have standing to sue for patent infringement. Yet they refuse to identify any exclusionary rights held by Western Digital Ireland Ltd. ("WDI") and SanDisk Storage Malaysia Sdn. Bhd. ("SDSM"), relying instead on bare conclusions.

For the '400 and '667 patents, Plaintiffs allege: (1) Western Digital Technologies, Inc. ("WDT") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ those patents; (2) SanDisk 3D IP Holdings Ltd. ("SD3D") ▮ ▮▮▮▮▮▮▮▮▮ of those patents; while asserting (3) WDI ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ in those patents. Dkt. No. 38 ¶¶ 20, 37. But Plaintiffs never explain what those ▮▮▮▮▮▮▮▮▮ (or could be) or why they confer standing on WDI to participate in this action.

For the '834 patent, Plaintiffs' allegations are in conflict. SanDisk Technologies LLC ("SDT") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 50. But Plaintiffs never explain what rights remain for SDSM to hold when ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs are correct that the Court must presume the truth of its factual allegations at this stage—but where Plaintiffs' own allegations are inconsistent such that they cannot both be true, the complaint is inadequately pled and standing is not established.

Indeed, the pleading deficiency is especially pronounced here given that the Court already has instructed Plaintiffs to specify the bases for standing and told Plaintiffs exactly what to plead.  As the Court explained, Plaintiffs must allege "which entity holds which rights to which patents, ***and why***." Dkt. No. 36 at 4 (emphasis added).  Saying, for example, that a Plaintiff owns ▮▮▮▮▮▮▮▮ without explaining what those rights are, does not comply with the Court's Order; the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation

1  omitted).  To withstand a motion to dismiss, Plaintiffs must allege facts that provide

2  a plausible foundation for their claim. Plaintiffs' unwillingness to provide what

3  should be simple threshold information casts doubt on their ability to do so.

4      Plaintiffs now have had numerous opportunities to come forward with the

5  basic jurisdictional facts to show which named Plaintiffs hold which rights to which

6  patents.  Indeed, Plaintiffs had no problem alleging those facts ████████████████.

7  Plaintiffs' apparent unwillingness to describe the precise rights held by WDI and

8  SDSM warrants only one conclusion: Those entities lack standing to bring suit

9  against Viasat and must be dismissed.

10 **II.   ARGUMENT**

11     **A.   Plaintiffs Have Not Pled Plausible Facts to Support Standing for
            WDI**

12     Plaintiffs allege that ██████████████████████████ in the '400 and

13 '667 patents which are ████████████████████████████████, but

14 Plaintiffs refuse to state *which rights* those are, *why* WDI allegedly holds them, and

15 how or why those ███████████ matter to the standing inquiry.  Dkt. 38 ¶¶ 20, 37.

16 Indeed, neither in their Amended Complaint nor in their Opposition do Plaintiffs

17 provide any explanation of any rights owned by WDI, let alone the basis for

18 concluding WDI holds an exclusionary right.

19     Plaintiffs argue, however , that they have established that SD3D, WDT, and

20 WDI "all . . . have exclusionary rights" in the '667 and '400 patents and thus have

21 established standing because: ████████████████████████████████

22 ████████████████████████████████████████████████

23 ███████████████████████████ ████████████████████████

24 ████████████████████████████████████████████████

25 ███████████     Dkt. 56 at 2.  But this argument, like the allegations in Plaintiffs' Amended

26

27 ――――――――――――――――――
   [1]  Although in one part of their briefing, Plaintiffs state that WDT ████████████████ other
28 parts of Plaintiffs' briefing and their Amended Complaint state that ████████████████████
   ████████ the '667 and '400 patent.  Dkt. 38 ¶¶ 20, 37; *see also* Dkt. 56 at 2.

1   Complaint, is based only on unsupported assertions such as that WDI had ████████

2   ████████ to begin with, and that holding rights in the patents necessarily means

3   some subset of those rights are exclusionary.  Plaintiffs have not alleged or even

4   explained in their briefing the basis for WDI's rights in the patents—the "*why*"

5   required to plausibly allege standing.  There can be no reasonable inference that WDI

6   ████████████████ in those patents when there are no allegations demonstrating

7   how or why it ███████████████████.  And even if WDI ███████████████

8   of the patents, and thus holds at least *some* unspecified rights in those patents, that

9   is not enough.  Plaintiffs plead no facts from which the Court can infer that any of

10  WDI's rights are exclusionary.   Indeed, Plaintiffs' allegations regarding WDT

11  undermine any such inference.

12          The Amended Complaint states that WDT ██████████████████████

13  ████████████████████████████████████████████████. Dkt. 38

14  ¶¶ 20, 37.  The Amended Complaint also attaches the '400 and '667 patents as

15  Exhibits 1 and 2, which state on their face that WDT is the assignee of the patents.

16  There is, thus, no factual support for Plaintiffs' contention that ***WDI*** ███████

17  ████████████████████████████████. Dkt. 56 at 4.

18          Rather, if anything, Plaintiff's allegations demonstrate that WDT is the

19  patentee and holds rights necessary for standing.   This is supported by the

20  assignments recorded with the USPTO, and publicly available on its website, which

21  state that WDT holds "the entire right, title, and interest throughout the world" to the

22  '400 and '667 patents.  Declaration of Jodie Cheng in Support of Viasat's Reply in

23  Support of Motion to Dismiss WDI and SDSM for Lack of Subject Matter

24  Jurisdiction, Ex. A, 6/29/15 Assignment for '400 patent; *id.* at Ex. B, 11/30/2015

25  Assignment for '667 patent.[2]  It also is supported by Plaintiffs' pleading, which

26

27  ───────────────────────
    [2]   The Court may take judicial notice of patent assignments. *See Flow Devices & Sys., Inc. v.*
28  *Pivotal Sys. Corp.*, No. 22-CV-02453-JST, 2023 WL 3559745, at *1 (N.D. Cal. Mar. 31, 2023)
    (taking judicial notice of a publicly available patent assignment because "[p]ublicly available
    government records, including USPTO files, are properly subject to judicial notice"); *Klang v.*

1  states, without reservation, that ███████████████████████████████████████.

2  Dkt. No. 38 ¶¶ 20, 37.  As the Federal Circuit has explained, a party lacks standing

3  to sue a defendant "who has the ability to obtain . . . a license [to engage in the

4  allegedly infringing activity] from another party with the right to grant it."  *WiAV*

5  *Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1266 (Fed. Cir. 2010).  Here, because

6  ███████████████████████████████████████████████████████████████████

7  ███████████████████, WDI cannot bring suit against Viasat.

8          Plaintiffs contend that Viasat conducts the "wrong inquiry" because Plaintiffs'

9  allegations must be accepted as true and all reasonable inferences must be drawn in

10  their favor.  *See* Dkt. No. 56 at 3.  But Plaintiffs plead only legal conclusions.  The

11  Court need not accept as true unsupported conclusory assertions or assertions that

12  contradict matters subject to judicial notice, which are all that Plaintiffs have alleged

13  for WDI.  *See Ballinger v. City of Oakland*, 398 F. Supp. 3d 560, 567 (N.D. Cal.

14  2019), *aff'd*, 24 F.4th 1287 (9th Cir. 2022) ("Courts do not 'accept as true allegations

15  that are merely conclusory, unwarranted deductions of fact, or unreasonable

16  inferences.'") (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

17  2008)); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The

18  court need not . . . accept as true allegations that contradict matters properly subject

19  to judicial notice."); *see also Lone Star Silicon Innovations LLC v. Nanya Tech.

20  Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019) ("constitutional standing . . . does not

21  depend on labels; it is the substance of the allegations that matters.").  A party cannot

22  invoke federal jurisdiction merely by pleading the existence of certain unspecified

23  "rights," as WDI has done.

24          Plaintiffs also argue that so long as any one plaintiff has exclusionary rights,

25  standing is satisfied for any remaining plaintiffs, and thus WDI may remain a party

26  to the suit.  Dkt. No. 56 at 3.  But Plaintiffs' authorities do not stand for this

27

28  *Pflueger*, No. 13-01971 JVS, 2014 WL 4922401, at *1 (C.D. Cal. July 10, 2014) (finding patent assignment to be "proper subjects for judicial notice under Federal Rule of Evidence 201").

proposition, which has no basis in law.  As Plaintiffs' own citation states, the standing of one plaintiff is sufficient to bestow standing on another party only "for all coplaintiffs **who are proper parties on the same complaint seeking the same relief.**"  Dkt. No. 56 at 3 (quoting Stevenson & Fitzgerald, *Rutter Group Practice Guide—Federal Civil Procedure Before Trial (Cal & 9th Cir. Ed.)* Ch. 2E-2 § 2:4104 (2023)) (emphasis added).  But the entire question here is whether WDI is a proper party to this complaint where it has no patent rights to assert against Viasat. It is therefore no surprise Plaintiffs fail to cite **any** case that permits parties without sufficient exclusionary rights to join in a patent lawsuit simply because different parties have the requisite rights.

To the contrary, the law is the opposite, as demonstrated by Viasat's own cases.  In *In re Cirba*, a plaintiff without an exclusionary right in the patents-in-suit was dismissed for lack of standing despite the existence of another co-plaintiff with standing.  No. 2021-154, 2021 WL 4302979, at *3 (Fed. Cir. Sept. 22, 2021).  In *Vertigo Media, Inc. v. Earbuds, Inc.*, No. CV 21-120, 2021 WL 4806410 (D. Del. Oct. 14, 2021), the operative complaint alleged that the inventors of two of the patents-in-suit assigned their rights in the patent to one of the plaintiffs, Remote Media, and that Remote Media subsequently executed an assignment to Vertigo Media.  *Vertigo Media, Inc. v. Earbuds Inc.*, No. CV 21-120 (MN), 2021 WL 4806410, at *3 (D. Del. Oct. 14, 2021); *see also Vertigo Media, Inc. v. Earbuds Inc.*, No. CV 21-120 (MN) (D. Del.), Dkt. No. 10 at ¶¶ 6-7.  The district court reviewed the document recording the assignment of both patents, which "reveal[ed] that Remote assigned to Vertigo '100% of its right, title, and interest in the inventions." *Vertigo*, 2021 WL 4806410 at *3.  The district court therefore dismissed Remote with respect to those two patents for lack of standing because "Plaintiffs [did] not allege[] any facts demonstrating that Remote retained or currently possesses any exclusionary rights in the '777 and '666 Patents."  *Id.*

Indeed, Plaintiffs acknowledge that where a plaintiff does not have exclusionary rights in the patent, as was the case in *Vertigo*, it is "not a 'proper party' to the suit who could rely on [another plaintiff's] satisfaction of the standing requirement." Dkt. No. 56 at 4 n.2. That is the exact issue here. It is unclear why Plaintiffs are fighting so hard to keep WDI in this action, but claiming it can stay because another plaintiff has standing is an invitation to error.

Here, the facts weigh even more in favor of dismissing WDI than those in *Vertigo*. Plaintiffs' Amended Complaint never even states that WDI was at one point the patentee or assignee, nor does it state that WDI was the entity that granted certain rights to WDT and SD3D such that one could infer that WDI retained for itself any exclusionary rights not granted to WDT or SD3D. Rather, the Amended Complaint is silent as to any basis for WDI's alleged rights in the '400 and '667 patents, and the assignment recorded with the USPTO states that WDT received all of the rights in the patents from the inventors.[3]

In sum, the Amended Complaint fails to allege any factual basis from which this Court could infer that WDI has any, let alone exclusionary, rights in the '400 and '667 patents. For this reason, WDI must be dismissed.

### B. Plaintiffs Have Not Pled Plausible Facts to Support Standing for SDSM

Like WDI, SDSM must be dismissed because Plaintiffs fail to allege facts from which this Court can reasonably infer that SDSM has standing to sue. Plaintiffs argue that they sufficiently alleged SDSM's standing to sue by ████████████ ████████████████████████, which the Court must take as true for purposes of this motion. As noted above, however, constitutional standing does not depend on labels and where, as here, the Plaintiffs have themselves pleaded other facts

---

[3]    Curiously, Plaintiffs state that "Viasat has not argued that ███████████████ ███████████████ (Dkt. No. 56 at 4), but for the reasons just described, that should come as no surprise. Plaintiffs have never alleged that WDI had ███████████████.

1   (which the Court must also take as true) suggesting SDSM does *not* have standing,

2   Plaintiffs' allegation that SDSM ████████████████████ does not support an

3   inference that SDSM possesses at least one exclusionary right in the '834 patent.

4   *See Miller v. Infinite Percent Partners LLC*, No. 20-CV-02253-HSG, 2021 WL

5   391301, at *2 (N.D. Cal. Feb. 3, 2021) (noting that the court is not required to accept

6   as true "conclusory allegations that contradict [the plaintiff's] complaint").

7   Plaintiffs have not demonstrated SDSM's standing to assert infringement claims

8   against Viasat.

9          Here, despite identifying SDSM ████████████████, Plaintiffs also plead

10  that SDT ███████████████████████████████████████████████████

11  ███████████████ Dkt. 38 ¶ 50 (emphasis added).  If this allegation is true, as the

12  Court must presume, it begs the question: ████████████████████████████?

13  Plaintiffs refuse to answer that question.

14         Instead, Plaintiffs argue that ████████████████████████████████████

15  ███████████████████████████████████████████████████████████████

16  ██████ Dkt. No. 56 at 6.  But without more, that is the only reasonable inference to

17  be drawn.  Contrary to Plaintiffs' assertion, "[w]hen a party holds all rights or all

18  substantial rights, it alone has standing to sue for infringement" because such a party

19  has all of the exclusionary rights in the patent. *Morrow v. Microsoft Corp.*, 499 F.3d

20  1332, 1340 (Fed. Cir. 2007); *see id.* at 1340 n.6 (explaining that "all substantial

21  rights" means "the exclusionary rights granted by the patent statutes and other

22  important incidental rights, such as the right to assign those rights or vindicate them

23  through enforcement proceedings").  And in order for a purported ████████████

24  to have standing to sue together with the patent owner, the patentee must have

25  transferred at least one exclusionary right to that licensee. *See id.* at 1340 (explaining

26  that a licensee that has been granted exclusionary rights has standing to bring suit

27  with "the patentee who transferred these exclusionary interests"); *Ortho Pharma.*

28  *Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995) (explaining that to

have "standing in an infringement suit, a licensee must hold some of the proprietary sticks from the bundle of patent rights"). There is no allegation that SDSM has received any such rights.

Here, because Plaintiffs have expressly alleged that SDT ███████████████, and thus all exclusionary rights, there can be no inference that SDSM has exclusionary rights in the '834 patent despite Plaintiffs' ████████████ ████████████████ *Morrow*, 499 F.3d at 1340 n.7 ("[I]n determining whether a party holds the exclusionary rights, we determine the substance of the rights conferred on that party, not to the characterization of those rights as exclusive licenses or otherwise."); *Ballinger*, 398 F. Supp. 3d at 567 ("[E]ven where facts are accepted as true, 'a plaintiff may plead [him]self out of court' if he 'plead[s] facts which establish that he cannot prevail on his . . . claim.'") (quoting *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted)).

For this reason, SDSM must too be dismissed.

## III.   CONCLUSION

For the foregoing reasons, Defendant Viasat, Inc. respectfully requests that the Court dismiss WDI and SDSM's claims for lack of subject matter jurisdiction.

DATED: July 7, 2023                         QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP


                                        By _/s/ Jodie Cheng_____


                                            *Attorneys for Defendant Viasat Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2023, a copy of the foregoing motion, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.


DATED:  July 7, 2023                    By  */s/ Jodie Cheng*
                                                    Jodie Cheng