1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    WESTERN DIGITAL TECHNOLOGIES,          Case No.  22-cv-04376-HSG
     INC., et al.,
8                                           **ORDER DENYING ADMINISTRATIVE**
                    Plaintiffs,             **MOTIONS TO SEAL**
9
             v.                             Re: Dkt. Nos. 37, 44, 55, 58
10
     VIASAT, INC.,
11
                    Defendant.
12

13          Pending before the Court are Plaintiffs Western Digital Technologies, Inc. ("WDT"),

14   Western Digital Ireland Ltd. ("WDI"), SanDisk Technologies LLC ("SDT"), SanDisk 3D IP

15   Holdings Ltd. ("SD3D"), and SanDisk Storage Malaysia Sdn. Vhd.'s ("SDSM") (collectively,

16   "Plaintiffs") administrative motion to seal portions of Plaintiff's Amended Complaint (Dkt. No.

17   37).  Also pending before the Court is Defendant Viasat Inc.'s amended administrative motion to

18   conditionally file under seal Defendant's motion to dismiss for lack of subject matter jurisdiction

19   (Dkt. No. 44), Plaintiffs' administrative motion to file under seal portions of opposition to

20   Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 55), and

21   Defendant's administrative motion to conditionally file under seal portions of Defendant's reply in

22   support of motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 58).  All four

23   motions relate to the same information, and the Court accordingly considers them together.  For

24   the reasons detailed below, the Court **DENIES** all four motions.

25   **I.      LEGAL STANDARD**

26          Courts generally apply a "compelling reasons" standard when considering motions to seal

27   documents attached to or portions of dispositive motions or pleadings.  *Pintos v. Pac. Creditors*

28   *Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d

1172, 1178 (9th Cir. 2006)); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at \*2 (N.D. Cal. Oct. 19, 2016) (applying "compelling reasons" standard to sealing of a complaint).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).

To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion or pleading must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.*  The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id.*

Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ."  Civil L.R. 79-5(a).  The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient.  *See* Civil L.R. 79-5(c).

United States District Court
Northern District of California

## II.    DISCUSSION

Plaintiffs seek to file under seal three paragraphs of the Amended Complaint that relate to the ownership of rights by each Plaintiff in each of the asserted patents. *See* Dkt. No. 37. Plaintiff also seeks to seal the same information that is cited and discussed in its opposition to Defendant's Rule 12(b)(1) motion to dismiss. *See* Dkt. No. 55. Defendant opposes Plaintiff's motion to seal these paragraphs in the Amended Complaint, but has moved to conditionally file under seal portions of their Rule 12(b)(1) motion to dismiss and reply in support thereof. *See* Dkt. Nos. 39, 44, 58.

The Court finds that Plaintiffs have failed to carry their burden of "articulating compelling reasons supported by specific factual findings" to seal the requested information. *See Kamakana*, 447 F.3d at 1178. Specifically, Plaintiffs seek to seal the following paragraphs in their Amended Complaint:

> WDT holds legal title to the '400 patent and possesses the rights to enforce and license the '400 patent. SD3D is the exclusive licensee of the '400 patent. WDI owns all other rights and interests in the '400 patent. WDT and WDI together are the owner and patentee of the '400 patent within the meaning of the Patent Laws of the United States. Each of WDT, WDI, and SD3D possesses exclusionary rights in the '400 patent that Viasat has infringed.

Dkt. No. 37-3, ¶ 20;

> WDT holds legal title to the '667 patent and possesses the rights to enforce and license the '667 patent. SD3D is the exclusive licensee of the '667 patent. WDI owns all other rights and interests in the '667 patent. WDT and WDI together are the owner and patentee of the '667 patent within the meaning of the Patent Laws of the United States. Each of WDT, WDI, and SD3D possesses exclusionary rights in the '400 patent that Viasat has infringed.

*Id.*, ¶ 38;

> SDT is the owner and patentee of the '834 patent and holds all substantial rights to the '834 patent. SDSM is the exclusive licensee of the '834 patent. Each of SDT and SDSM possesses exclusionary rights in the '834 patent that Viasat has infringed.

*Id.*, ¶ 50.

1    Plaintiffs argue that the information in these paragraphs is confidential, and disclosure

2  would reveal sensitive details relating to their corporate structure and cause them competitive

3  harm.  The Court is unpersuaded. First, that WDT and SDT hold legal title to and own the

4  respective asserted patents is a matter of public record and not sealable.  Second, the fact that

5  SD3D and SDSM are exclusive licensees of the asserted patents is also not sealable, as "the mere

6  existence of a licensing agreement, and the identity of the parties involved, is not protectable."

7  *See Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. 11-CV-05973 PSG, 2013 WL 2285210, at *1

8  (N.D. Cal. May 23, 2013).  None of the remaining allegations contained in these paragraphs rise

9  the level of confidentiality sufficient to overcome the strong presumption of public access.

10  Indeed, the fact that Plaintiffs allege that each of them possess exclusionary rights in the asserted

11  patent weighs against sealing the information, as the public has a strong interest in knowing the

12  identities of parties claiming exclusionary patent rights for the purposes of licensing and/or

13  avoiding infringement.  *See Uniloc 2017 LLC v. Apple Inc.,* No. 18-CV-00360 WHA, 2019 WL

14  2009318, at *1 (N.D. Cal. May 7, 2019), *aff'd in part, vacated in part on other grounds,*

15  *remanded*, 964 F.3d 1351 (Fed. Cir. 2020) ("generalized assertions of potential competitive harm

16  fail to outweigh the public's right to learn of the ownership of the patents-in-suit, which patents

17  grant said owner the right to *publicly* exclude others." (emphasis in original)).

18    The Court is also unpersuaded by Plaintiffs' argument that disclosing this information

19  would allow a competitor to "reverse-engineer Plaintiffs' corporate and tax structure and cause

20  competitive harm."  Dkt. No. 37-1, ¶ 5.  The Court sees no indication in the information Plaintiffs

21  seek to seal that would permit a party to reverse-engineer specifics of Plaintiffs corporate or tax

22  structure.  Nothing in these paragraphs mentions taxes, and the only corporate structure revealed

23  would be that the Plaintiffs here are related entities and each hold certain exclusionary rights to the

24  asserted patents.  This is a far cry from the kinds of detailed corporate information that has been

25  sealed in the cases Plaintiffs rely upon.  *Cf. Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF,

26  2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (sealing documents disclosing Google's

27  "internal policies, organizational structure, and systems functionality related to detecting and

28  addressing invalid activity and processing associated advertising payments"); *Jones v. PGA Tour,*

*Inc.*, No. 22-CV-04486-BLF, 2023 WL 2167400, at *2 (N.D. Cal. Feb. 21, 2023) (sealing portions of counterclaim that "describe a Shareholder Agreement that sets out LIV's relationship with its investors, including investor rights under that agreement."); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, at *2 (N.D. Cal. June 18, 2019) (granting *unopposed* motion to seal "Confidential Corporate Structure Charts"); *Via Techs., Inc. v. Asus Computer Int'l*, No. 14-cv-03586-BLF, 2017 U.S. Dist. LEXIS 52464, *3 (granting *unopposed* motion to seal "competitively sensitive information regarding Defendants' revenues, sales, company structure, and their business relationships.").

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's administrative motion to seal portions of Plaintiff's Amended Complaint, as well as the Parties' respective motions to seal portions of the briefing on Defendants' motion to dismiss for lack of subject matter jurisdiction. The parties are instructed to file unredacted versions of the relevant documents within 7 days of this Order.

**IT IS SO ORDERED.**

Dated: 10/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge