UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No. 22-cv-04376-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 45 |

Pending before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 45. The Court found this matter appropriate for disposition without oral argument and took the motion under submission. *See* Civil L.R. 7-1(b); Dkt. No. 63. For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

**I.    BACKGROUND**

The factual background of this case is described in greater detail in the Court's prior order. Dkt. No. 36. In summary, Plaintiffs are five companies: Western Digital Technologies, Inc. ("WDT"); Western Digital Ireland Ltd. ("WDI"); SanDisk 3D IP Holdings Ltd. ("SD3D"); SanDisk Technologies LLC ("SDT"); and SanDisk Storage Malaysia Sdn. Bhd ("SDSM"). *See* Dkt. No. 38, ¶¶ 3–10. On July 28, 2022, Plaintiffs brought this action, alleging that Defendant Viasat, Inc. ("Viasat") infringed claims of U.S. Patent Nos. 9,424,400 (the "'400 patent"); 10,447,667 (the "'667 patent"); and 8,504,834 (the "'834 patent"). *See* Dkt. No. 1. Defendant subsequently moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) because the Complaint's generalized pleading that "[o]ne or more Plaintiffs holds title to [the asserted patents]" was insufficient to identify which Plaintiff owned rights to which asserted patent(s), and thus failed to establish Plaintiffs' standing to sue. The Court granted Defendant's

motion with leave to amend on April 18, 2023. Dkt. No. 36.

On May 9, 2023, Plaintiffs amended their complaint to add the following allegations:

> WDT holds legal title to the '400 patent and possesses the rights to enforce and license the '400 patent. SD3D is the exclusive licensee of the '400 patent. WDI owns all other rights and interests in the '400 patent. WDT and WDI together are the owner and patentee of the '400 patent within the meaning of the Patent Laws of the United States. Each of WDT, WDI, and SD3D possesses exclusionary rights in the '400 patent that Viasat has infringed.
>
> . . .
>
> WDT holds legal title to the '667 patent and possesses the rights to enforce and license the '667 patent. SD3D is the exclusive licensee of the '667 patent. WDI owns all other rights and interests in the '667 patent. WDT and WDI together are the owner and patentee of the '667 patent within the meaning of the Patent Laws of the United States. Each of WDT, WDI, and SD3D possesses exclusionary rights in the '400 patent that Viasat has infringed.
>
> . . .
>
> SDT is the owner and patentee of the '834 patent and holds all substantial rights to the '834 patent. SDSM is the exclusive licensee of the '834 patent. Each of SDT and SDSM possesses exclusionary rights in the '834 patent that Viasat has infringed.

Dkt. No. 38, ¶¶ 20, 37, 50. Defendant now moves to dismiss WDI and SDSM's claims for lack of subject matter jurisdiction, on the grounds that the Amended Complaint fails to identify what exclusionary rights (if any) WDI and SDSM hold in the asserted patents. *See* Dkt. No. 45.

## II.    LEGAL STANDARD

Defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1). However, the Federal Circuit has clarified that, following the Supreme Court's decision in *Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118 (2014), questions of "whether a party possesses all substantial rights in a patent do[] not implicate [Article III] standing or subject-matter jurisdiction." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019). Rather, to satisfy Article III standing at the pleading stage, a plaintiff need only plead general factual allegations sufficient to demonstrate "that it suffers an injury which can be fairly traced to the defendant and likely redressed by a favorable judgment." *Id.* at 1234. For the purposes of patent infringement, a plaintiff need only

plead that "it possess exclusionary rights and that [the defendant] infringe[s] those rights." *Id.*

As to statutory standing under the Patent Act, such questions are properly addressed under Rule 12(b)(6) and not Rule 12(b)(1). *Id.* at 1235. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In assessing plausibility, the Court must accept well-pleaded facts as true and construe the pleadings in the light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III.   DISCUSSION

#### A.   Article III Standing

As a preliminary matter, the Court finds that Plaintiffs have pled sufficient facts to establish Article III constitutional standing. "As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020) (citing *Lone Star*, 925 F.3d 1235). "[C]onstitutional standing also does not depend on labels; it is the substance of the allegations that matters." *Lone Star*, 925 F.3d at 1234. Here, Plaintiffs have alleged that WDI and SDSM possess some exclusionary rights to the asserted patents, and that Defendants have infringed those rights. These allegations are sufficient to allege a cognizable injury for the purposes of constitutional standing. *See id.*

#### B.   Statutory Standing

Under 35 U.S.C. § 281, "[o]nly a 'patentee' may bring a civil action for patent infringement." *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1319 (Fed. Cir. 2021) (citing 35 U.S.C. § 281). Under 35 U.S.C. § 100(d), a patentee is the person "to whom the patent was issued and the successors in title to the patentee, but it does not include mere licensees." *Id.* "If the party asserting infringement is not the patent's original patentee, 'the critical determination regarding a party's ability to sue in its own name is whether an

1    agreement transferring patent rights to that party is, in effect, an assignment or a mere license.'"
2    *Lone Star*, 925 F.3d at 1229 (quoting *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314,
3    1319 (Fed. Cir. 2009)).  While assignees may bring suit under their own name, licensees that
4    possess exclusionary rights must join the patentee in order to bring suit.  *Id.* ("If a party cannot
5    bring suit in its own name, it may still bring suit along with the patentee so long as it possesses
6    'exclusionary rights.'").  Finally, a licensee that does not possess any exclusionary rights may not
7    bring suit at all, as it would "lack[] any statutory right under 35 U.S.C. § 281 to be a patent
8    plaintiff."  *In re Cirba Inc.*, No. 2021-154, 2021 WL 4302979, at *4 (Fed. Cir. Sept. 22, 2021).

9          In the Amended Complaint, Plaintiffs allege that WDT "holds legal title to" and "possesses
10   the right to enforce and license" the '400 and '667 patents, and that SD3D is the exclusive licensee
11   of the '400 and '667 patents.  Dkt. No. 38, ¶¶ 20, 37.  Plaintiffs also allege that WDI "owns all
12   other rights and interest" in the '400 and '667 patents and that "WDT and WDI together are owner
13   and patentee of the ['400 and '667 patents] within the meaning of the Patent Laws of the United
14   States."  *Id.*  While the Court continues to view Plaintiffs' allegations that WDT and WDI
15   "together are owner and patentee" of the '400 and '667 patents as needlessly cagey, those
16   allegations, taken in the light most favorable to the non-moving party, are sufficient to support a
17   plausible inference that WDI holds some exclusionary rights in these patents.  *See A123 Sys., Inc.*
18   *v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010) ("In determining ownership for purposes
19   of standing, labels given by the parties do not control.").  Accordingly, the Court cannot conclude,
20   at this stage in the proceedings, that WDI lacks any exclusionary rights such that it would not have
21   the statutory right to sue under 35 U.S.C. § 281.

22         Similarly, for the '834 patent, Plaintiff has alleged that SDT holds "all substantial rights"
23   in the '834 patent while SDSM is the exclusive licensee of the '834 patent.  Defendant argues that
24   a party cannot simultaneously hold "all substantial rights" yet also license at least one
25   exclusionary right to an exclusive licensee.  While this argument does have some logical appeal,
26   the Court finds the issue ultimately one of semantics.  Plaintiffs' allegations make clear that SDT
27   is the owner of the '834 patent and SDSM is the exclusive licensee, meaning that both must be
28   party to this litigation.  That Plaintiffs inartfully pled that SDT holds "all substantial rights"

4

instead of "all substantial rights except for those licensed to SDSM" does not merit dismissal of the lawsuit, and Defendants have pointed to no authority holding otherwise. Thus, for purposes of 35 U.S.C. § 281, Plaintiffs have alleged that both SDT and SDSM possess some exclusionary rights in the '834 patent and thus have standing to bring suit.

Because the Court finds that Plaintiffs have sufficiently pled that each of them possess some exclusionary rights in the '400, '667 and/or '834 patents, Plaintiffs have met their burden at this stage to adequately plead standing to sue under 35 U.S.C. § 281. However, if facts come to light during discovery that undermine these allegations, the Court would consider entertaining a partial motion for summary judgment as to issues of patentee standing.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: 11/8/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge