UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, and SANDISK STORAGE MALAYSIA SDN. BHD., <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>VIASAT, INC., <br><br>　　　　Defendant. | Case Number: 4:22-CV-04376-HSG <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the *Standing Order for All Judges of the Northern District of California*, Civil Local Rule 16-9, Patent Local Rule 2-1(b), and the Clerk's Notice Setting a Telephonic Case Management Conference (Dkt. No. 79).

**1.      Jurisdiction & Service**

Plaintiffs assert claims for patent infringement under 35 U.S.C. § 1, *et seq.*, over which Plaintiffs contend the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Plaintiffs disagree with Defendant's position below that Plaintiffs SanDisk Technologies LLC and SanDisk Storage Malaysia Sdn. Bhd. should be dismissed.  Rather, those Plaintiffs remain continue to have standing, as the Court has not entered an appealable final judgement as to the '834 patent.

Defendant moved to dismiss for lack of subject matter jurisdiction.  (Dkt. Nos. 27, 29, 45, & 59.)  The Court determined that, at this stage in the proceedings, Plaintiffs met their burden to

adequately plead subject matter jurisdiction to bring this action, but noted that "if facts come to light during discovery that undermine these allegations, the Court would consider entertaining a partial motion for summary judgment as to issues of patentee standing." (Dkt. No. 72.) Defendant is seeking discovery on standing issues and will promptly raise further standing issues for the Court's consideration if appropriate. At this time, in view of the Court's dismissal of Count III asserting U.S. Patent No. 8,504,834 (Dkt. No. 75), at least plaintiffs SanDisk Technologies LLC and SanDisk Storage Malaysia Sdn. Bhd. should be dismissed for lack of standing. These two plaintiffs only claimed to have an interest in the now-dismissed '834 patent. (Dkt. No. 56 at 5 ("Two Plaintiffs assert the infringement of U.S. Patent No. 8,504,834 (the ''834 Patent'): SanDisk Technologies LLC ('SDT') * * * and SDSM * * *."); Dkt. 28 at 6, n. 3 ("Indeed, Plaintiffs would likely be amenable to dismissing specific plaintiffs if Viasat contends, and agrees, that suit can be maintained without them.").)

All parties have been served.

At present, there are no currently disputed issues regarding personal jurisdiction or venue.

**2.    Facts**

Plaintiffs allege that Western Digital Technologies, Inc. ("WDT"), Western Digital Ireland Ltd. ("WDI"), and SanDisk 3D IP Holdings Ltd. ("SD3D") possess the requisite rights in U.S. Patent Nos. 9,424,400 and 10,447,667 (collectively, the "Asserted Patents")[1] and that Defendant infringes these patents based on its sale of media streaming software, systems, and services, such as in-flight entertainment and communication (IFEC) systems for commercial and private aviation.

The parties expect that the principal factual issues will include:

---

[1] Plaintiffs originally asserted a third patent, U.S. Patent No. 8,504,834, which the Court dismissed under 35 U.S.C. § 101 (Dkt. No. 75). Plaintiffs asserted that SanDisk Technologies LLC and SanDisk Storage Malaysia Sdn. Bhd. possessed the requisite rights in the now-dismissed '834 patent, but not in the Asserted Patents. (Dkt. No. 56.) Hours before this statement was due, Defendant sought Plaintiffs' confirmation that they will promptly withdraw/dismiss SanDisk Technologies LLC and SanDisk Storage Malaysia Sdn. Bhd. from this action. This statement is the first time that Plaintiffs informed Defendant of their position.

- The operation of Defendant's products accused of infringement
- Defendant's relationship with its customers related to operation of the products accused of infringement
- The value of the patented technology
- The ownership of the Asserted Patents
- Each of Plaintiffs' rights in the Asserted Patents
- Facts related to Plaintiffs' standing to sue Defendant for infringement of the Asserted Patents
- Facts related to invalidity of the patents under 35 U.S.C. § 102, 103 and 112, including the scope and content of the prior art
- Facts related to any claims by any Plaintiff to practice the Asserted Patents
- Facts related to licensing and marking of the Asserted Patents
- Facts related to the priority dates of the Asserted Patents
- Facts related to any conception or reduction to practice earlier than the filing dates of the Asserted Patents

3. **Legal Issues**

The disputed points of law include:

- Whether any of the Asserted Patents are infringed under 35 U.S.C. § 271
- Whether any asserted claims of the Asserted Patents are invalid under 35 U.S.C. § 101, 102, 103, or 112, or otherwise invalid or unenforceable
- The appropriate remedies for Defendant's infringement
- Whether Plaintiffs have standing to sue Defendant for infringement of the Asserted Patents
- Whether the Plaintiffs practice the Asserted Patents
- Whether the Asserted Patents are entitled to claim priority to earlier-filed patents or applications

- Whether U.S. Patent Nos. 9,424,400 was conceived of or reduced to practice before its effective filing date
- The meaning and scope of the claims of the Asserted Patents
- Whether there are any limitations on damages

**4.    Motions**

There are no pending motions.

Defendant previously filed several Rule 12 motions to dismiss. The Court found that the Amended Complaint adequately alleges that Plaintiffs have standing but also found in a separate ruling that the '834 patent is directed to ineligible subject matter and, thus, that patent has been dismissed by the Court.

Plaintiffs anticipate filing a motion to substitute SanDisk Technologies LLC in place of Western Digital Ireland Ltd., based on the latter company's recent merger into the former.

Other than any motion practice the Court may require regarding the discovery dispute referenced below (*see* Section 8), Defendant does not presently anticipate filing any motions in the near term.

Plaintiffs and Defendant may file motions for summary judgment on one or more issues later in the case.

**5.    Amendment of Pleadings**

Defendant's response to the Amended Complaint is due December 20, 2023. The parties do not presently anticipate any amendments to the pleadings.

Plaintiffs propose a deadline of March 28, 2024 for amending the pleadings. Discovery in this case has been stayed for many months, and discovery was in very early stages when this case was stayed. Plaintiffs are therefore entitled to amend their pleadings after receiving discovery from Defendant.

Defendant's position on amendment is that Plaintiffs already had two opportunities to amend their Complaint and, thus, no further amendment is appropriate or warranted. Plaintiffs filed an Amended Complaint after the Court granted Defendant's first motion to dismiss for lack

of standing.  (Dkt. Nos. 36, 38).  The Court also invited Plaintiffs to amend their complaint a second time after granting Defendant's motion to dismiss Count Three of the Amended Complaint. (Dkt. No. 75).  Plaintiffs declined that invitation.  (Dkt. No. 76).  Plaintiffs should not get a third opportunity to amend with yet another deadline for that amendment.

6. **Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant in this action.

7. **Disclosures**

The parties exchanged initial disclosures on February 2, 2023.

8. **Discovery**

To date, the parties have exchanged contentions and accompanying production of documents pursuant to Patent L.R. 3-1 through 3-4.  On December 8, 2023, Viasat responded to Plaintiffs' First Set of Interrogatories and Requests for Production, as well as served its own First Set of Interrogatories and Requests for Production, to which Plaintiffs' responses are not yet due.

The parties do not presently propose any limitations or modification of the discovery rules under the Federal Rules of Civil Procedure and the Civil Local Rules of this District.  The parties anticipate entering into a stipulated Protective Order that will include provisions governing production of source code.  The parties also anticipate entering into a stipulated e-discovery order.

Plaintiffs are not presently aware of any discovery disputes that require the Court's intervention at this time.  Regarding Defendant's statement below, Plaintiffs contend that the infringement contentions provide adequate notice of Plaintiffs' infringement theories, that Defendant's proposal to redo Patent L.R. 3-1 and 3-3 exchanges (or iteratively update them) is not required by the local rules and, moreover, appears to be an improper tactic to further delay this case, and is inappropriate to raise via this joint case management statement.  Plaintiffs

further dispute the claim that Defendant's source code has been available for eight months: Defendant's offer in April 2023 to make source code available for inspection was illusory because (1) one week later, discovery in this case was stayed at Defendant's request (*see* Dkt. No. 36 at 5 n.3) and only recently resumed[2] and (2) Defendant's offer for source code review was expressly conditioned on a protective order that the parties are currently still negotiating. As such Plaintiff has not had an opportunity to review this source code. Moreover, Defendant's initial production—which included fewer than ten non-public documents—is wholly inadequate to allow for amendment of the infringement contentions. Plaintiffs reserve the right to further respond to Defendant's arguments if and when properly raised by motion or discovery dispute letter.

Defendant believes Plaintiffs' infringement contentions are deficient. Defendants have explained these deficiencies to Plaintiffs in voluminous correspondence, and have tried to negotiate a path forward without judicial intervention. Defendant asked Plaintiffs to amend their infringement contentions and comply with Patent L.R. 3-1 by citing to the technical materials Defendant has already produced, so that Defendant could understand what exactly is being accused. Defendant produced extensive technical documentation ***eight months ago*** for the accused functionalities that could be identified in Plaintiffs' contentions. Defendant also made source code available to Plaintiffs ***eight months ago*** for the accused functionalities that could be identified, pending entry of a Protective Order governing source code. Plaintiffs have not amended their contentions to cite any of the technical documents Defendant already produced. They also have not inspected any of the source code Defendant made available eight months ago. Plaintiffs' failure to provide sufficient infringement contentions, especially after having technical information from the Defendant already, will prevent discovery from proceeding efficiently.

---

[2] Given the fact the case was stayed, Defendant's complaint that Plaintiffs' have failed to update their infringement contentions—which they are not required to do—is similarly flawed. Importantly, Defendants **did not** make their source code available prior to the Case Management Conference.

This court has repeatedly required plaintiffs to provide more detailed infringement contentions at the outset of similar cases, so that discovery can proceed efficiently. For example, where a defendant makes its source code available for inspection prior to the case management conference, courts in this District have required a plaintiff's infringement contentions to include pinpoint source code citations in order to comply with the Patent Local Rules. *E.g., Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, ECF No. 29 (N.D. Cal. Aug. 10, 2018). *See also Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1228 (C.D. Cal. 2010) ("Once source code has been provided to the plaintiffs, . . . courts have required plaintiffs to supplement their infringement charges with pinpoint citations."); *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (requiring source-code level supplementation within 30 days of code availability)

Defendant proposes a schedule that will not only resolve infringement contention disputes, but should also streamline discovery going forward. Plaintiffs should take 45 days to inspect source code that has been available for months but has not yet been inspected by Plaintiffs. After 45 days, Plaintiffs should serve amended infringement contentions explaining what is actually accused, using pin-cites to source code and technical documentation. No later than 45 days thereafter, Viasat would provide any amendments to its Invalidity Contentions. The case could then proceed on the typical schedule set out in the Patent Local Rules, with a detailed roadmap to guide disputes during the discovery process over relevance and proportionality. Plaintiffs declined this proposal. Defendant therefore asks the Court to set a schedule adopting this approach.

**9.    Related Cases**

A case between Plaintiff Western Digital Technologies, Inc. and Defendant Viasat, Inc. is currently pending before Judge Albright in the Western District of Texas. *Viasat, Inc. v. Western Digital Technologies, Inc.*, Case No. 6:21-cv-01230-ADA (the "Texas Case").

Defendant disagrees that the Texas Case is a "related case" —although the Texas Case is pending between the same parties, it was filed more than a year before this case (on November 29, 2021) and involves entirely different technologies, different products, and different patents.

**10.    Relief**

Plaintiffs seek the following relief (*see* Dkt. 73): judgment that Defendant has and continues to infringe on or more claims of the Asserted Patents; an order enjoining Defendant's infringement, or alternatively, a compulsory ongoing future royalty; Plaintiffs' damages arising from Defendant's infringement, including lost profits and in an amount not less than a reasonable royalty, together with pre-judgment and post-judgment interest; Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285; Plaintiffs' costs of court; and such other and further relief ad the Court may deem just and proper.

Pursuant to Patent L.R. 2-1(b)(5), Plaintiffs are unable at this time to provide a non-binding, good-faith estimate of the damages range expected for this case.  Plaintiffs expect that the computation of damages in this case will involve expert analysis, and will be based, at least in part, on information to be obtained in discovery, including Defendant's revenues, costs, and profits relating to products and services accused of infringement.  Plaintiffs expect they should be in a position to provide such an estimate within a reasonable time after Defendant produces financial information and Plaintiffs retain a damages expert.

Defendant disputes that Plaintiffs are entitled to any relief.  Defendant reserves its right to any relief the Court deems appropriate upon conclusion of this case, including fees and costs.

**11.    Settlement and ADR**

The parties have not engaged in ADR to date.

The parties propose private mediation, with discussions to encompass settlement of both this case and the Texas Case.  The parties propose a deadline of March 28, 2024, to complete mediation.

Plaintiffs expect that the following discovery or motions may affect the parties' ability to negotiate a resolution: discovery of Defendant's financials; the Court's ruling on claim construction; and/or the Court's ruling on any motions for summary judgment.

Defendant expects that the following discovery or motions may affect the parties' ability to negotiate a resolution: the Court's ruling on the above-identified discovery dispute regarding

the deficiencies in Plaintiffs' infringement contentions and Defendant's proposed solution, discovery of each of the named Plaintiffs' purported standing to sue on the Asserted Patents; licensing agreements and assignment agreements for each of the Asserted Patents, including agreements related to the rights each of the five named Plaintiffs holds in each Asserted Patent; and Plaintiffs' contentions on infringement and damages under the Patent Local Rules.

**12.      Other References**

The parties do not currently believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**13.      Narrowing of Issues**

Plaintiffs do not currently propose any narrowing or bifurcation of issues.

Defendant proposes that the parties submit case narrowing proposals no later than three weeks after amended disclosures under Patent Local Rules 3-1, 3-2, 3-3, and 3-4, should they be permitted, are complete.

**14.      Expedited Trial Procedure**

The parties do not believe this case is suitable for expedited trial procedures.

**15.      Scheduling**

The parties propose the following schedules and have noted where the parties have offered competing deadlines.

Plaintiffs' proposal picks up where this case left off in April 2023 when discovery was stayed: the parties having exchanged infringement and invalidity contentions, the next phase under the Patent Local Rules is claim construction. Plaintiffs disagree that either party should be required, or allowed, to amend their contentions at this stage. The Patent Local Rules explicitly contemplate that technical documents are produced *after* infringement contentions (*see* Patent L.R. 3-1, 3-4). Moreover, Defendant has made no showing to the Court that Plaintiffs' current contentions are deficient.

Defendant's proposed schedule accords with the requirements and timing of the Patent Local Rules, and reflects the sequencing of deadlines that follow disclosures complying with

those Rules. As discussed *supra*, Plaintiffs have not yet served infringement contentions that comply with Patent L.R. 3-1. Thus, Defendant's proposed schedule provides Plaintiffs with a reasonable amount of time to serve sufficient Patent L.R. 3-1 contentions, similar to the approach adopted in prior cases where technical materials are available to Plaintiffs early in a case.

Pursuant to the Standing Order for Patent Cases Before District Judge Haywood S. Gilliam, Jr., the parties expect to propose dates for the remainder of the case after the Court issues its claim construction ruling.

| Event | Date |
| --- | --- |
| Defendant's Proposal: Deadline to file stipulated Protective Order including provisions governing production of source code | 1/9/2024 |
| Defendant's Proposal: Deadline for Plaintiffs to Amend Patent L.R. 3-1 Contentions with pinpoint citations to technical documentation and source code | 2/23/2024 |
| Defendant's Proposal: Deadline for Defendant to Amend Patent L.R. 3-3 Contentions | 4/8/2024 |
| Plaintiffs' Proposal: Exchange of proposed terms for construction | 1/11/2024 |
| Defendant's Proposal: Exchange of proposed terms for construction | 4/22/2024 |
| Plaintiffs' Proposal: Exchange of preliminary claim constructions and extrinsic evidence | 2/1/2024 |
| Defendant's Proposal: Exchange of preliminary claim constructions and extrinsic evidence | 5/13/2024 |
| Plaintiffs' Proposal: Plaintiffs' Damages Contentions | 2/16/2024 |
| Defendant's Proposal: Plaintiffs' Damages Contentions | 5/28/2024 |
| Plaintiffs' Proposal: Deadline to Amend Pleadings | 2/16/2024 |
| Plaintiffs' Proposal: Joint Claim Construction and Prehearing Statement and deadline to serve expert reports in support of claim construction | 2/26/2024 |

| Event | Date |
|---|---|
| Defendant's Proposal: Joint Claim Construction and Prehearing Statement and Deadline to serve expert reports in support of claim construction | 6/7/2024 |
| ~~Deadline to serve expert reports in support of claim construction~~ | ~~2/26/2024~~ |
| Plaintiffs' Proposal: Defendant's Responsive Damages Contentions | 3/18/2024 |
| Defendants' Proposal: Defendant's Responsive Damages Contentions | 6/27/2024 |
| Plaintiff's Proposal: Completion of claim construction discovery | 3/27/2024 |
| Defendant's Proposal: Completion of claim construction discovery | 7/8/2024 |
| Deadline to Complete ADR | 3/28/2024 |
| Plaintiff's Proposal: Plaintiffs' Opening Claim Construction Brief | 4/11/2024 |
| Defendant's Proposal: Plaintiffs' Opening Claim Construction Brief | 7/22/2024 |
| Plaintiff's Proposal: Defendant's Responsive Claim Construction Brief | 4/25/2024 |
| Defendant's Proposal: Defendant's Responsive Claim Construction Brief | 8/5/2024 |
| Plaintiff's Proposal: Plaintiffs' Reply Claim Construction Brief | 5/2/2024 |
| Defendant's Proposal: Plaintiffs' Reply Claim Construction Brief | 8/12/2024 |
| Technology Tutorial | At the Court's convenience |
| Plaintiffs' Proposal: Claim Construction Hearing | On or after 5/23/2024, at the Court's convenience |
| Defendant's Proposal: Claim Construction Hearing | On or after 8/26/2024, at the Court's convenience |

Pursuant to Patent L.R. 2-1(b)(1), the parties do not propose any modifications of the obligations or deadlines set forth in the Patent Local Rules other than the minor adjustments in timing reflected above.

**16.   Trial**

The parties request a jury trial.  Plaintiffs estimate that trial will last 7 full court days.  Defendant is unable at this time to estimate the length of trial, since the number of asserted claims is not yet known, but anticipate that with appropriate case narrowing, 7 full court days will be sufficient for trial.

**17.   Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed a Certificate of Interested Entities and Corporate Disclosures on July 28, 2022 (Dkt. 3).  Other than the named parties, Plaintiffs identify the following entity: Western Digital Corporation.

At this time, Defendant is not aware of additional non-party interested entities.

**18.   Professional Conduct**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Claim Construction**

Pursuant to Patent L.R. 2-1(b)(2), the parties anticipate that claim construction discovery may include depositions of any experts identified pursuant to Patent L.R. 4-3.  The parties intend to complete claim construction discovery in the time prescribed by the Patent Local Rules.

Pursuant to Patent L.R. 2-1(b)(3) and (4), the parties state that they intend to follow the format for technology tutorial and claim construction hearing set forth in the Standing Order for Patent Cases Before District Judge Haywood S. Gilliam, Jr.  The parties propose that the technology tutorial be scheduled at any time convenient for the Court, if an in-person tutorial is preferable to a recorded submission.

/ / /

Dated: December 12, 2023         */s/ L. Kieran Kieckhefer*
                                 Counsel for plaintiffs

Dated: December 12, 2023         */s/ Jodie Cheng*
                                 Counsel for defendant

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

                                 */s/ L. Kieran Kieckhefer*
                                 L. Kieran Kieckhefer

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE