QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac forthcoming*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD., <br><br> Plaintiff, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DEFENDANT VIASAT, INC.'S ANSWER** <br><br> **DEMAND FOR A JURY TRIAL** |

Defendant Viasat, Inc. ("Viasat") by and through its counsel, hereby submits its Answer and Defenses to the Amended Complaint filed by Plaintiffs Western Digital Technologies, Inc. ("WDT"), Western Digital Ireland Ltd. ("WDI"), SanDisk 3D IP Holdings Ltd. ("SD3D"), SanDisk Technologies LLC ("SDT"), and SanDisk Storage Malaysia Sdn. Bhd. ("SDSM"). Unless expressly and specifically admitted, Viasat denies each and every allegation made by Plaintiffs in their Amended Complaint. Viasat answers as follows:

## INTRODUCTION

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent that a response is required, Viasat denies that it infringes U.S. Patent No. 9,424,400 (the "'400 patent") or U.S. Patent No. 10,447,667 (the "'667 patent") (collectively, the "Patents-in-Suit"). Viasat denies all remaining allegations in this paragraph.

2. Viasat admits that it develops and/or sells Wireless In-Flight Entertainment systems and In-Flight Connectivity systems. Viasat denies that its systems utilize technologies patented by Plaintiffs to deliver media content to end-users. To the extent not expressly admitted, all remaining allegations in this paragraph 2 are denied.

## THE PARTIES

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and therefore denies them.

4. Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and therefore denies them.

5. Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and therefore denies them.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and therefore denies them.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore denies them.

8. Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore denies them.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and therefore denies them.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and therefore denies them.

11. Viasat admits it is a company organized under the laws of Delaware, with headquarters at 6155 El Camino Real, Carlsbad, California 92009. Viasat also admits that it maintains a place of business at 333 West San Carlos Street, Suite 1700, San Jose, California 95110. To the extent not expressly admitted, all remaining allegations in this paragraph 11 are denied.

12. Admitted.

## JURISDICTION AND VENUE

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required, Viasat admits that Plaintiffs' Amended Complaint purports to arise under the Patent Laws of the United States. Viasat denies that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338. To the extent not expressly admitted, all remaining allegations in this paragraph 13 are denied.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, Viasat denies that it is subject to the personal jurisdiction of this Court. In addition, Viasat further denies that it has ever committed any act of infringement, whether directly or indirectly.

15. Viasat does not contest that Venue is proper in this District under 28 U.S.C. 1400(b) for the instant litigation. To the extent not expressly admitted, all remaining allegations in this paragraph 15 are denied.

16. Viasat does not contest that Venue is proper in this District for the instant litigation. To the extent not expressly admitted, all remaining allegations in this paragraph 16 are denied.

## DIVISIONAL ASSIGNMENT

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, Viasat does not contest that this action is properly assigned to any of the divisions of this District and is subject to assignment on a district-wide basis. To the extent not expressly admitted, all remaining allegations in this paragraph 17 are denied.

**COUNT ONE: INFRINGEMENT OF THE '400 PATENT**

18. Viasat incorporates by reference its responses to the allegations in Paragraphs 1 through 17 above, as if fully set forth herein.

19. Viasat does not contest that Exhibit 1 to the Amended Complaint purports to be a copy of United States Patent No. 9,424,400 (the "'400 patent") entitled "Digital rights management system transfer of content and distribution," and that the face of the document indicates the patent issued on August 23, 2016. Viasat denies that all claims of the '400 patent are valid and enforceable. To the extent not expressly admitted, all remaining allegations in this paragraph 19 are denied.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and therefore denies them. Viasat denies that each of WDT, WDI, and SD3D possesses exclusionary rights in the '400 patent that Viasat has infringed.

21. Viasat admits that it develops and/or sells Wireless In-Flight Entertainment systems and In-Flight Connectivity systems for use in commercial and private aviation. To the extent not expressly admitted, all remaining allegations in this paragraph 21 are denied.

22. Viasat denies that it has ever directly infringed one or more claims of the '400 patent in connection with any of the '400 Accused Products. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Viasat denies the allegations in Paragraph 22 in their entirety. Viasat further denies that it and/or any of the '400 Accused Products have ever directly infringed, either literally or under the doctrine of equivalents, any claim of the '400 patent, including under 35 U.S.C. § 271(a).

23. Viasat admits that Claim 1 of the '400 patent recites:  1. A kiosk for provisioning secure media content to a plurality of portable data storage devices, the kiosk comprising: a first data interface configured to communicate with a portable data storage device; a second data interface configured to communicate, over a network, with a remote trusted server; and a processor configured to: obtain a unique identifier from the portable data storage device, wherein the unique identifier is specific to the portable data storage device and is concealed by the portable data storage

device; authenticate the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface; and in response to the authentication, provide to the portable data storage device an encrypted first media content and a corresponding access key. To the extent not expressly admitted, all remaining allegations in this paragraph 23 are denied.

24. Denied.

25. Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and therefore denies them.

26. Denied.

27. Denied.

28. Viasat does not contest that its Wireless In-Flight Entertainment systems and In-Flight Connectivity systems utilize processors. To the extent not expressly admitted, all remaining allegations in this paragraph 28 are denied.

29. Paragraph 29 cites to a September 9, 2021 version of Viasat's Sponsored Access Privacy Notice, but the link to that document provided in footnotes 10 and 11 of Plaintiffs' Amended Complaint is inoperable. Nonetheless, Viasat admits that the September 9, 2021 Sponsored Access Privacy Notice states, "This identifier is a modified version of your device MAC address that is collected through the internet access service provided by your airline or other service on which you are traveling, or by us, and Viasat does not link or otherwise associate this identifier to your MAC address or device as part of our provision of Sponsored Access." To the extent not expressly admitted, all remaining allegations in this paragraph 29 are denied.

30. Paragraph 30 cites to a September 9, 2021 version of Viasat's Sponsored Access Privacy Notice, but the link to that document provided in footnote 13 of Plaintiffs' Amended Complaint is inoperable. Nonetheless, Viasat admits that the September 9, 2021 Sponsored Access Privacy Notice states, "to deliver the Sponsored Access services to you, we collect a unique identifier associated with the device that you use to access the Services." To the extent not expressly admitted, all remaining allegations in this paragraph 30 are denied.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Viasat admits that it has had knowledge of the '400 patent as of the date of service of the Complaint. To the extent not expressly admitted, all remaining allegations in this paragraph 31 are denied.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Viasat denies that it has ever induced infringement of one or more claims of the '400 patent, in violation of 35 U.S.C. § 271(b). Viasat further denies that it has ever promoted use of the '400 Accused Products and participated in encouraging airline customers to use functionality of the '400 Accused Products that is covered by the '400 patent. Viasat denies all remaining allegations in this paragraph.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Viasat denies the allegations in Paragraph 33 in their entirety.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Viasat denies the allegations in Paragraph 34 in their entirety.

### COUNT TWO: INFRINGEMENT OF THE '667 PATENT

35. Viasat incorporates by reference its responses to the allegations in Paragraphs 1 through 34 above, as if fully set forth herein.

36. Viasat does not contest that Exhibit 2 to the Amended Complaint purports to be a copy of United States Patent No. 10,447,667 (the "'667 patent") entitled "Secure stream buffer on network attached storage," and that the face of the document indicates the patent issued on October 15, 2019. Viasat denies that all claims of the '667 patent are valid and enforceable. To the extent not expressly admitted, all remaining allegations in this paragraph 36 are denied.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore denies them. Viasat denies that each of WDT, WDI, and SD3D possesses exclusionary rights in the '667 patent that Viasat has infringed.

38. Viasat admits that it develops and/or sells Wireless In-Flight Entertainment systems and In-Flight Connectivity systems for use in commercial and private aviation. To the extent not expressly admitted, all remaining allegations in this paragraph 38 are denied.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Viasat denies the allegations in Paragraph 39 in their entirety. Viasat further denies that it and/or any of the '667 Accused Products have ever directly infringed, either literally or under the doctrine of equivalents, any claim of the '667 patent, including under 35 U.S.C. § 271(a).

40. Viasat admits that Claim 11 of the '667 patent recites: 11. A method of transmitting media content from a media streaming system, the method comprising: establishing a connection, via a wide area network (WAN), to a network attached storage (NAS) device operating on a local area network (LAN); receiving an indication of the NAS device having a secure region comprising a buffer for streaming media on a separate display device on the local area network, wherein access to the secure region is controlled by the media streaming system; transmitting media content to the secure region within the NAS device for playback by the display device from the buffer; and transmitting instructions to the NAS device to control streaming access to the media content stored on the buffer. To the extent not expressly admitted, all remaining allegations in this paragraph 40 are denied.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Viasat denies the allegations in Paragraph 41 in their entirety. Viasat further denies that it and/or any of the '667 Accused Products have ever infringed any claim of the '667 patent.

42. Denied.

43. Denied.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Viasat admits that it has had knowledge of the '667 patent as of the date of service of the Complaint. To the extent not expressly admitted, all remaining allegations in this paragraph 44 are denied.

1      45. Paragraph 45 contains legal conclusions to which no response is required. To the
2 extent a response is required, Viasat denies the allegations in Paragraph 45 in their entirety. Viasat
3 further denies that it has ever induced infringement of any claim of the '667 patent, in violation of
4 35 U.S.C. § 271(b).

5      46. Paragraph 46 contains legal conclusions to which no response is required. To the
6 extent a response is required, Viasat denies the allegations in Paragraph 46 in their entirety.

7      47. Paragraph 47 contains legal conclusions to which no response is required. To the
8 extent a response is required, Viasat denies the allegations in Paragraph 47 in their entirety.

9 **COUNT THREE: INFRINGEMENT OF THE '834 PATENT**

10      48. Paragraph 48 was struck from the Amended Complaint (Dkt. No. 75) and thus no
11 response to Paragraph 48 is required.

12      49. Paragraph 49 was struck from the Amended Complaint (Dkt. No. 75) and thus no
13 response to Paragraph 49 is required.

14      50. Paragraph 50 was struck from the Amended Complaint (Dkt. No. 75) and thus no
15 response to Paragraph 50 is required.

16      51. Paragraph 51 was struck from the Amended Complaint (Dkt. No. 75) and thus no
17 response to Paragraph 51 is required.

18      52. Paragraph 52 was struck from the Amended Complaint (Dkt. No. 75) and thus no
19 response to Paragraph 52 is required.

20      53. Paragraph 53 was struck from the Amended Complaint (Dkt. No. 75) and thus no
21 response to Paragraph 53 is required.

22      54. Paragraph 54 was struck from the Amended Complaint (Dkt. No. 75) and thus no
23 response to Paragraph 54 is required.

24      55. Paragraph 55 was struck from the Amended Complaint (Dkt. No. 75) and thus no
25 response to Paragraph 55 is required.

26      56. Paragraph 56 was struck from the Amended Complaint (Dkt. No. 75) and thus no
27 response to Paragraph 56 is required.

28

57. Paragraph 57 was struck from the Amended Complaint (Dkt. No. 75) and thus no response to Paragraph 57 is required.

58. Paragraph 58 was struck from the Amended Complaint (Dkt. No. 75) and thus no response to Paragraph 58 is required.

59. Paragraph 59 was struck from the Amended Complaint (Dkt. No. 75) and thus no response to Paragraph 59 is required.

60. Paragraph 60 was struck from the Amended Complaint (Dkt. No. 75) and thus no response to Paragraph 60 is required.

61. Paragraph 61 was struck from the Amended Complaint (Dkt. No. 75) and thus no response to Paragraph 61 is required.

**RESPONSE TO JURY TRIAL DEMAND**

62. Viasat admits that Plaintiffs purport to demand a jury trial. To the extent not expressly admitted, all remaining allegations in this paragraph 62 are denied.

**RESPONSE TO PRAYER FOR RELIEF**

Viasat denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief, or any other relief whatsoever.

**AFFIRMATIVE DEFENSES**

Viasat asserts the following affirmative defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of them. Viasat reserves the right to amend its answer with additional defenses as further information is obtained through discovery.

**FIRST DEFENSE**

**(Invalidity of the '400 Patent)**

Each of the claims of the '400 patent is invalid for failure to satisfy one or more provisions of the Patent Laws, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**SECOND DEFENSE**

**(Non-Infringement of the '400 patent)**

Viasat has not infringed and does not infringe any valid and enforceable claim of the '400 patent, directly or indirectly, either literally, or under the doctrine of equivalents.

**THIRD DEFENSE**

**(Invalidity of the '667 Patent)**

Each of the claims of the '667 patent is invalid for failure to satisfy one or more provisions of the Patent Laws, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**FOURTH DEFENSE**

**(Non-Infringement of the '667 patent)**

Viasat has not infringed and does not infringe any valid and enforceable claim of the '667 patent, directly or indirectly, either literally, or under the doctrine of equivalents.

**FIFTH DEFENSE**

**(Failure to State a Claim)**

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

**SIXTH DEFENSE**

**(Lack of Standing)**

One or more of Plaintiffs lack standing to assert infringement of the '400 and '667 patents because they do not have sufficient rights to the '400 and '667 patents.

**SEVENTH DEFENSE**

**(Limitation on Damages)**

Plaintiffs claim for damages is statutorily limited by the Patent Act, including damages limits based on time, geography, territoriality, apportionment, exhaustion, marking, and other requirements of the Act, including the requirements of 35 U.S.C. § 286.

**EIGHTH DEFENSE**

**(No Enhanced Damages)**

In the event that Viasat is found to infringe any valid, enforceable claim of the '400 or '667 patents, Plaintiffs are precluded from recovering increased or enhanced damages under 35 U.S.C. § 284.

**NINTH DEFENSE**

**(No Willfulness)**

In the event that Viasat is found to infringe any valid, enforceable claim of the '400 or '667 patents, such infringement was not willful.

**TENTH DEFENSE**

**(No Attorneys' Fees)**

Plaintiffs are precluded from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

**ELEVENTH DEFENSE**

**(No Costs)**

Plaintiffs are precluded from recovering costs associated with this action under 35 U.S.C. § 288.

**TWELFTH DEFENSE**

**(No Injunctive Relief)**

Plaintiffs are not entitled to any injunctive relief under any theory because of, but not limited to, the following reasons: (1) any alleged injury to Plaintiffs is not immediate or irreparable; (2) in the unlikely event Plaintiffs prevail, Plaintiff has an adequate remedy at law; and/or (3) public policy concerns weigh against any injunctive relief.

**THIRTEENTH DEFENSE**

**(Waiver, Estoppel, Unclean Hands)**

Plaintiffs attempted enforcement of the '400 and '667 patents against Viasat is barred by one or more of the equitable doctrines of waiver, estoppel, and unclean hands.

## FOURTEENTH DEFENSE

### (Failure to Mark)

To the extent that Plaintiffs or any predecessors-in-interest and/or any and all licensees of the '400 or '667 Patents failed to properly mark any of their relevant products as required 35 U.S.C. § 287 or otherwise give proper notice that Viasat's actions allegedly infringe the '400 and '667 patents, Viasat is not liable to Plaintiffs for the acts alleged to have been performed before receiving actual notice that it was allegedly infringing the '400 and '667 patents.

## RESERVATION OF DEFENSES

Viasat reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now be or in the future will become available based on discovery or any other factual investigation concerning this action or any related action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Viasat demands a trial by jury on all issues so triable.

DATED: December 20, 2023    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Jodie Cheng

*Attorneys for Defendant Viasat Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2023, a copy of the foregoing document was served on the following counsel for Plaintiffs via ECF:

| | |
|---|---|
| L. Kieran Kieckhefer: | KKieckhefer@gibsondunn.com |
| Ahmed ElDessouki: | aeldessouki@gibsondunn.com |
| Lillian J. Mao: | LMao@gibsondunn.com |

DATED: December 20, 2023          By  */s/ Jodie Cheng*
                                              Jodie Cheng