IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | CASE NO. 4:22-cv-4376-HSG<br><br>**JOINT REQUEST FOR ENTRY OF CASE SCHEDULE AND [PROPOSED] ORDER** |

Pursuant to the Court's direction at the December 19, 2023 Case Management Conference, the parties hereby submit their respective proposals for a case schedule. The parties have met and conferred but were unable to reach agreement on a case schedule.

**Plaintiffs' Statement:** Per the Court's guidance at the December 19, 2023 Case Management Conference, Plaintiffs have adjusted their proposed schedule by 2 weeks to allow more time to resolve issues relating to Viasat's deficient production of technical documents and Viasat's complaints about Plaintiffs' infringement contentions. *See* Dkt. No. 80 at 5-6, 10-11. Due to the holidays, the parties have had limited time to confer about the issue since the Case Management Conference. Nonetheless, Plaintiffs provided a proposal to Viasat on December 22, and—if that does not resolve the issues—are

prepared to file a joint discovery dispute letter the week of January 2.[1]  Plaintiffs believe Viasat's effort to treat the sufficiency of Plaintiffs' contentions as a "gating issue", and hold the case essentially stayed until the issue is resolved, is improper.  Viasat's position is also counterproductive because Plaintiffs' ability to provide a fulsome supplementation of their contentions depends on their receiving additional discovery from Viasat.  Consistent with the Court's guidance, Plaintiffs believe such discovery and supplementation can, and should, proceed in parallel with claim construction exchanges.

Plaintiffs further propose a deadline for amendment to the pleadings, which Plaintiffs submit should be set after Plaintiffs have received some discovery from Viasat.  *See also* Dkt. No. 80 at 4.

**Defendant's Statement:**  Consistent with the Court's guidance at the Initial CMC, Viasat proposes the following case schedule that: (1) follows the sequencing of events/deadlines contemplated by the Patent Local Rules and (2) allows for resolution of the parties' ongoing dispute regarding the sufficiency of Plaintiffs' Infringement Contentions under Patent L.R. 3-1 before proceeding with claim construction and subsequent patent deadlines and events.

Specifically, the parties' December 12 Joint Case Management Statement (Dkt. 80) sets forth the parties' dispute regarding the sufficiency of Plaintiffs' Infringement Contentions; and, as discussed during the December 19 CMC, resolution of this threshold issue before claim construction and subsequent patent events promotes efficiency and judicial economy.  As such, Viasat has prepared, and provided to Plaintiffs two days after the CMC (December 21), its portions of a joint letter-brief that raises this issue for the Court's guidance.  However, Plaintiffs have not provided their portions of the joint letter-brief and, moreover, indicated that they will not do so by December 29.  Accordingly, Viasat's proposed schedule sets the first claim construction deadline on February 9, 2024, which would allow a reasonable amount of time to resolve the parties' dispute.

As discussed at the CMC, this dispute is ripe and the parties have endeavored to, but cannot reach agreement on this issue.  Moreover, the sufficiency and compliance of Plaintiffs' Infringement Contentions under Patent L.R 3-1 impacts claim construction and subsequent case events.  For

---

[1] Plaintiffs received Viasat's portion of a joint letter brief at 9:49 p.m. on December 21 and provided their proposal at 7:59 a.m. the following morning.  Due to the holidays, Plaintiffs and their counsel have had limited availability since Friday, December 22, but offered to Viasat to file the joint letter as soon as possible after New Year's Day.

example, if the Court agrees that Plaintiffs' Infringement Contentions are deficient and do not comply with Patent L.R. 3-1, proceeding with claim construction and subsequent case events would require Viasat to identify terms, exchange constructions, and proceed with claim construction briefing without contentions that provide notice of Plaintiffs' positions and allegations in this case.  That is, the Patent Local Rules contemplate a sequence of case events that is initiated by infringement contentions that comply with Patent L.R. 3-1.

Plaintiffs' proposal does not allow sufficient time for the Court to resolve the parties' dispute over the infringement contentions prior to the other case events/deadlines, including, inter alia, the claim construction deadlines under Patent L.R. 4-1 and 4-2.

By continuing to forestall resolution of this issue, Plaintiffs have prevented Viasat from expediently raising and resolving the deficiencies in Plaintiffs' Infringement Contentions with the Court and, in light of this, Viasat believes a case schedule that sets the first claim construction deadline on Feb. 9, 2024 is most reasonable.

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Deadline to file stipulated Protective Order including provisions governing production of source code | (no date) | 1/9/2024 |
| Exchange of proposed terms for construction | 1/25/2024 | 2/9/2024 |
| Exchange of preliminary claim constructions and extrinsic evidence | 2/15/2024 | 2/29/2024 |
| Plaintiffs' Damages Contentions | 3/1/2024 | 3/15/2024 |
| Joint claim construction and prehearing statement | 3/12/2024 | 3/25/2024 |
| Expert reports in support of claim construction | 3/12/2024 | 3/28/2024 |
| Plaintiffs' Proposal: Deadline to Amend Pleadings | 3/28/2024 | (no date) |
| Defendant's Responsive Damages Contentions | 4/2/2024 | 4/15/2024 |
| Completion of claim construction discovery | 4/10/2024 | 4/23/2024 |
| Patentee Opening Claim Construction Brief | 4/25/2024 | 5/9/2024 |
| Defendant Responsive Claim Construction Brief | 5/9/2024 | 5/23/2024 |

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Patentee Reply Claim Construction Brief | 5/16/2024 | 5/30/2024 |
| Technology Tutorial | 5/30/2024, or at the Court's convenience thereafter | TBD by the Court |
| Claim Construction Hearing | 5/30/2024, or at the Court's convenience thereafter | TBD by the Court |
| Close of Fact Discovery | [60 days after the Court's Markman Order] | |
| Opening Expert Reports | [4 weeks after close of fact discovery] | |
| Rebuttal Expert Reports | [4 weeks after opening reports] | |
| Close of Expert Discovery | [4 weeks after rebuttal reports] | |
| Deadline to File Dispositive and Daubert Motions | [2 weeks after close of expert discovery] | |
| MSJ / Daubert Oppositions | [4 weeks after motion] | |
| MSJ / Daubert Replies | [2 weeks after opposition] | |
| Hearing on Dispositive and Daubert Motions | April 2025 | |
| Final Pretrial Conference | July 2025 | |
| Trial | August 2025 | |

The parties respectfully request that the Court enter a case schedule in light of their proposals.

Respectfully submitted,

DATED: December 26, 2023                GIBSON, DUNN & CRUTCHER LLP

By: /s/ L. Kieran Kieckhefer
    L. Kieran Kieckhefer

*Attorneys for Plaintiffs*

DATED: December 26, 2023                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Jodie Cheng
    Jodie Cheng

*Attorneys for Defendant*

**[PROPOSED] ORDER**

In light of the parties' submission, the Court hereby adopts [Plaintiffs'] [OR] [Defendant's] proposed schedule.

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE