L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

*Attorneys for Plaintiffs*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   Steven Cherny (*pro hac forthcoming*)
   stevencherny@quinnemanuel.com
   Patrick Curran (Bar No. 241630)
   patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   Jodie Cheng (Bar No. 292330)
   jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

*Attorneys for Defendant.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, and SANDISK STORAGE MALAYSIA SDN. BHD.<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No.   4:22-cv-04376-HSG<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |

Pursuant to Patent Local Rule 4-3 and this Court's Scheduling Order (Dkt. 86), the Parties jointly submit this Joint Claim Construction and Prehearing Statement.

A. **Agreed Constructions**

The Parties have not agreed to the construction of any terms at this time.

B. **Proposed Disputed Constructions and Supporting Evidence**

The Parties respectfully refer the Court to Appendix 1.

C. **Identification of Dispositive and/or Most Significant Terms**

Defendant identifies the following terms as most significant to the resolution of the case and contends that these terms are also claim dispositive.

**The '400 patent:**

1. "kiosk"

2. "authenticat[e/ing] the portable data storage device, using at least the unique identifier"

3. "provid[e/ing] to the portable data storage device . . . a corresponding access key"

**The '667 patent:**

4. "secure region"

5. "receiv[e/ing] an indication of the NAS device having a secure region"

6. "access to the secure region is controlled by the media streaming system"/"control streaming access to the digital content stored on the buffer"

D. **Anticipated Time for Hearing**

The Parties believe that four hours should be sufficient for the hearing.

E. **Witnesses for Claim Construction Hearing**

<u>Plaintiffs</u>: None

<u>Defendant</u>: Dr. Kevin Almeroth

F. **Factual Findings Related to Claim Construction**

<u>Plaintiffs</u>: None

1   Defendant: Viasat requests that the Court find that the evidence cited by Viasat, including
2   the testimony of Dr. Almeroth, supports Viasat's claim construction proposals and does not support
3   Plaintiffs' proposals. *See Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 324, 135 S. Ct. 831,
4   837, 190 L. Ed. 2d 719 (2015)("Claim construction is a question of law with underlying questions
5   of fact.").

Dated: March 12, 2024         /s/ Ahmed ElDessouki
                              Counsel for plaintiffs


Dated: March 12, 2024         /s/ Patrick Curran
                              Counsel for defendant


**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

          /s/ Ahmed ElDessouki
          *Counsel for Plaintiffs*

APPENDIX 1

PROPOSED DISPUTED CONSTRUCTIONS AND SUPPORTING EVIDENCE

I. U.S. Patent No. 9,424,400 ("the '400 patent")

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A **kiosk** for provisioning secure media content to a plurality of portable data storage devices, the **kiosk** comprising . . .<br><br>Found in asserted claim numbers: 1, 2, 6, 8-10, 13, 17 | **Proposed Construction:** Non-limiting preamble; in the alternative, plain and ordinary meaning.<br><br>**Intrinsic Evidence:**<br>• '400 Patent at, e.g., 2:22-25, 6:35-51, 19:1-7, 20:50-54, and accompanying figures.<br>• File History of U.S. Patent No. 8,914,634 including all office actions, applicant remarks and submissions, and claim amendments therein. | **Proposed Construction:** "a device whose user interface is used by consumers"<br><br>**Intrinsic Evidence:**<br>• '400 Patent at, e.g., 2:23-34; 6:36-43; 6:44-52; 6:14-7:13; 18:44-19:56; 20:9-67, and accompanying figures; Claims 1-10, 14, and 17; Figs. 1C, 4, 7C, and accompanying text.<br>• File History of U.S. Patent No. 9,424,400 including all office actions, applicant remarks and submissions, and claim amendments therein.<br>• File History of U.S. Patent No. 8,914,634 including all office actions, applicant remarks and submissions, and claim amendments therein.<br><br>**Extrinsic Evidence:**<br>• Expert declaration of Dr. Kevin Almeroth.<br>• VII Oxford English Dictionary 455 (2d ed. 1989), "Kiosk"<br>• The American Heritage Dictionary of the English Language 966 (4th ed. 2000), "Kiosk" |

1

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | | • The New Oxford American Dictionary 938 (2001), "Kiosk"<br>• Random House Webster's College Dictionary 730 (2d ed. 1999), "Kiosk"<br>• Random House Webster's Unabridged Dictionary 1059 (2d ed. 2001), "Kiosk"<br>• Merriam-Webster, Online Dictionary, 2011, "Kiosk" |
| 1. A kiosk for provisioning secure media content to a plurality of **portable data storage devices**, the kiosk comprising:<br>a first data interface configured to communicate with a **portable data storage device**;<br>. . .<br>a processor configured to:<br>obtain a unique identifier from **the portable data storage device**, wherein the unique identifier is specific to the portable data storage device and is concealed by the **portable data storage device**;<br>authenticate the **portable data storage device**, using at least the unique identifier, by communicating with the remote | **Proposed Construction:** Plain and ordinary meaning<br><br>**Intrinsic Evidence:**<br>• '400 Patent at, e.g., 5:10-12, 5:19-34, 6:62-67, and accompanying figures.<br>• File History of U.S. Patent No. 8,914,634 including all office actions, applicant remarks and submissions, and claim amendments therein. | **Proposed Construction:** "a storage device that can be easily carried or moved about by its user"<br><br>**Intrinsic Evidence:**<br>• '400 Patent at, e.g., Abstract, 1:29-36, 2:35-56, 3:4-45, 4:19-51, 4:61-65, 5:9-34; 6:14-19; 6:44-51; 6:62-7:13; 7:44-54; 8:50-9:10; 9:11-64; 10:10-20; 10:35-42; 10:49-57; 10:58-64; 15:32-40; 17:20-26; 22:10-33, and accompanying figures; Claims 1, 3, 4, 9, 11, 16; Figs. 1, 1A, 1B, 1C, 4, 5, 6, 7, 7A, 7B, 7C, 8, and accompanying text.<br><br>**Extrinsic Evidence:**<br>• Merriam-Webster, Online Dictionary, 2011, "Portable" |

2

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| trusted server over the second data interface; and<br><br>in response to the authentication, provide to the **portable data storage device** an encrypted first media content and a corresponding access key.<br><br>**Found in asserted claim numbers**: 1, 9 | | |
| **authenticate the portable data storage device, using at least the unique identifier**, by communicating with the remote trusted server over the second data interface; and<br><br>**Found in asserted claim numbers**: 1, 9 | **Proposed Construction:** Plain and ordinary meaning<br><br>**Intrinsic Evidence:**<br>- '400 Patent at, e.g., 11:45-53, 11:60-12:8, 12:9-13, 12:29-34, 14:8-12, 15:52-57, 21:18-22, and accompanying figures.<br>- '400 Patent at, e.g., 3:23-33, 3:48-54, 7:44-54, and accompanying figures.<br>- File History of U.S. Patent No. 8,914,634 including all office actions, applicant remarks and submissions, and claim amendments therein.<br>- See also disclosures cited above for "portable data storage device."<br><br>**Extrinsic Evidence:**<br>- Dictionary.com defines "authenticate" as "to make authoritative or valid." WD-Viasat-NDCA00002705. | **Proposed Construction:** "confirming that the portable data storage device is trusted using at least the unique identifier"<br><br>**Intrinsic Evidence:**<br>- '400 Patent at, e.g., Abstract, 1:23-36; 2:48-56; 3:23-54; 4:3-9; 4:61-5:8, 6:14-35; 7:4-62; 8:29-9:23; 9:63-10:9; 10:35-42; 12:23-13:67; 14:37-40; 15:14-51; 16:9-60; 17:12-19; 17:32-42; 18:56-20:7; 20:38-41; 21:1-6, and accompanying figures; Claim 1 and 9; Figs. 4, 7, 7A, 7B, 7C, 8, and accompanying text.<br>- File History of U.S. Patent No. 9,424,400 including all office actions, applicant remarks and submissions, and claim amendments therein.<br>- File History of U.S. Patent No. 8,914,634 including all office actions, |

3

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | • Merriam-Webster defines "authenticate" as "to prove or serve to prove to be real, true, or genuine." WD-Viasat-NDCA00002714. | applicant remarks and submissions, and claim amendments therein.<br><br>**Extrinsic Evidence:**<br>• Expert declaration of Dr. Kevin Almeroth.<br>• RFC 5246 TLS v1.2 (August 2008)<br>• ITU-T Rec. X.509 (11/2008)<br>• ISO/IEC 9798-1 (2010)<br>• ISO/IEC 9798-2 (1999)<br>• ISO/IEC 9798-4 (1999)<br>• Alfred J. Menezes, et. al, Handbook of Applied Cryptography (1997)<br>• Eric Diehl, Securing Digital Video (2012)<br>• Free On-Line Dictionary of Computing (2011), "Authentication" |
| in response to the authentication, **provide to the portable data storage device** an encrypted first media content and **a corresponding access key**.<br><br>**Found in asserted claim numbers**: 1, 9 | **Proposed Construction:** Plain and ordinary meaning<br><br>**Intrinsic Evidence:**<br>• '400 Patent at, e.g., 2:65-3:1, 8:19-23, 6:35-36, and accompanying figures.<br>• '400 Patent at, e.g., 2:65-3:1, 3:4-16, 7:67-8:2, 9:24-36, and accompanying figures.<br>• File History of U.S. Patent No. 8,914,634 including all office actions, applicant remarks and submissions, and claim amendments therein. | **Proposed Construction:** "provide to the portable data storage device . . . a key for the portable data storage device to decrypt the first media content"<br><br>**Intrinsic Evidence:**<br>• '400 Patent at, e.g., 1:23-36; 2:57-3:54; 34:3-17; 5:19-21; 6:13-43; 7:4-62; 7:66-8:18; 8:50-9:36; 9:63-10:9; 10:35-12:50; 14:1-15:9; 15:52-16:10; 16:61-17:31; 17:43-18:55; 20:8-64; 21:1-22:33, and accompanying figures; Claims 1, 7, 9, 14, ; Figs. 5-8, and accompanying text. |

4

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | **Extrinsic Evidence:**<br>• Dictionary.com defines "provide" as "to make available; furnish." WD-Viasat-NDCA00002768.<br>• Merriam-Webster defines "provide" as "to make something available to." WD-Viasat-NDCA00002775.<br>• IBM Glossary defines "access" as "To obtain computing services or data." WD-Viasat-NDCA00002733<br>• Dictionary.com defines "access" as "Computers. (of a program or system component) to retrieve (data) for use by another program or application or for transfer from one part of the system to another." WD-Viasat-NDCA00002736.<br>• Microsoft Computer Dictionary, Fifth Edition defines "key" as "In encryption and digital signatures, a string of bits used for encrypting and decrypting information to be transmitted. Encryption commonly relies on two different types of keys, a public key known to more than one person (say, both the sender and the receiver) and a private key known only to one person (typically, the sender)." WD-Viasat-NDCA00002743. | • File History of U.S. Patent No. 9,424,400 including all office actions, applicant remarks and submissions, and claim amendments therein.<br>• File History of U.S. Patent No. 8,914,634 including all office actions, applicant remarks and submissions, and claim amendments therein.<br><br>**Extrinsic Evidence:**<br>• Expert declaration of Dr. Kevin Almeroth. |

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 8. The kiosk of claim 1, wherein the kiosk is located in a **public environment.**<br><br>**Found in asserted claim numbers**: 8, 17 | **Proposed Construction:** Plain and ordinary meaning<br><br>**Intrinsic Evidence**:<br>• '400 Patent at, e.g., 6:35-42, and accompanying figures.<br>• File History of U.S. Patent No. 8,914,634 including all office actions, applicant remarks and submissions, and claim amendments therein.<br><br>**Extrinsic Evidence:**<br>• Dictionary.com defines "public" as "of, relating to, or affecting a population or a community as a whole." WD-Viasat-NDCA00002746.<br>• Merriam-Webster defines "public" as "exposed to general view." WD-Viasat-NDCA00002756. | **Proposed Construction:** "a location accessible by the general public"<br><br>**Intrinsic Evidence:**<br>• '400 Patent at, e.g., 6:36-43, and accompanying figures; Claim 8 and 17.<br><br>**Extrinsic Evidence:**<br>• Merriam-Webster, Online Dictionary, 2011, "Public" |

II. <u>U.S. Patent No. 10,447,667 ("the '667 patent")</u>

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| receive an indication of the NAS device having a **secure region** comprising a buffer for streaming media on a separate display device on the local area network, wherein access to the **secure** | **Proposed Construction:** Plain and ordinary meaning<br><br>**Intrinsic Evidence:** | **Proposed Construction:** "a portion of an NAS device not freely accessible by users"<br><br>**Intrinsic Evidence:**<br>• '667 Patent at, e.g., Abstract, 2:10-22, 2:29-37, 2:46-51, 2:56-3:4, 3:19-4:46, |

6

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| **region** is controlled by the media streaming system;<br><br>transmit the digital content to the **secure region** within the NAS device for playback by the separate display device from the buffer; and<br><br>**Found in asserted claim numbers**: 1, 4-7, 11-16 | • '667 Patent at, e.g., 2:46-51, 3:19-28, 3:29-37, 4:3-7, 5:21-30, 5:31-40, 5:61-6:4, 7:9-11, and accompanying figures.<br>• File History of U.S. Patent No. 9,948,618, including all office actions, applicant remarks and submissions, and claim amendments therein. | 5:5-6:41, 6:63-8:23, and accompanying figures; Claims 1, 4-7, 11, 14-16; Figs. 1-6, and accompanying text. |
| **receive an indication of the NAS device having a secure region** comprising a buffer for streaming media on a separate display device on the local area network, wherein access to the secure region is controlled by the media streaming system;<br><br>**Found in asserted claim numbers**: 1, 11 | **Proposed Construction:** Plain and ordinary meaning<br><br>**Intrinsic Evidence:**<br>• '667 Patent at, e.g., 4:24-40, 6:25-41, 7:22-41, and accompanying figures.<br>• File History of U.S. Patent No. 9,948,618, including all office actions, applicant remarks and submissions, and claim amendments therein. | **Proposed Construction:** "receive an indication of the presence of a secure region within the NAS device"<br><br>**Intrinsic Evidence:**<br>• '667 Patent at, e.g., 2:29-37, 4:24-46, 5:49-60, 6:25-41, 7:22-41, and accompanying figures; Claims 1, 11; Fig. 5, and accompanying text. |
| receive an indication of the NAS device having a secure region comprising a buffer for streaming media on a separate display device on the local area network, wherein **access to the secure** | **Proposed Construction:** Plain and ordinary meaning<br><br>**Intrinsic Evidence:**<br>• '667 Patent at, e.g., 2:46-51, 3:19-28, 4:4-14, 4:15-23, 6:5-10, 6:63-7:8, 7:12- | **Proposed Construction:** "access to the secure region is managed by the media streaming system"/"manage streaming access to the digital content stored on the buffer"<br><br>**Intrinsic Evidence:** |

7

| Claim Language (Disputed Terms in Bold) | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| **region is controlled by the media streaming system**; <br><br> transmit instructions to the NAS device to **control streaming access to the digital content stored on the buffer**. <br><br> **Found in asserted claim numbers**: 1, 11 | 16, 7:17-20, 7:52-57, and accompanying figures.<br>• File History of U.S. Patent No. 9,948,618, including all office actions, applicant remarks and submissions, and claim amendments therein. | • '667 Patent at, e.g., Abstract, 1:15-38, 2:29-37, 2:46-51, 2:56-3:4, 3:19-28, 3:32-37, 3:49-52, 4:4-23 5:5-20, 5:61-6:41, 6:63-7:8, 7:42-8:3, and accompanying figures; Claims 11, 18; Figs. 5, 6, and accompanying text. |

# CERTIFICATE OF SERVICE

I certify that on March 12, 2024, the foregoing **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

DATED: March 12, 2024                    By:    /s/  *Ahmed ElDessouki*