# EXHIBIT E

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re Appln. of: | Blankenbeckler, et al. | Art Unit: | 2433 |
| Serial No.: | 13/460,805 | Examiner: | Brandon S. Hoffman |
| Filing Date: | April 30, 2012 | Confirmation No.: | 8288 |
| For: DIGITAL RIGHTS MANAGEMENT SYSTEM TRANSFER OF CONTENT AND DISTRIBUTION | | Docket No.: | T5921 |

## REPLY TO NON-FINAL OFFICE ACTION MAILED ON FEBRUARY 6, 2014

MAIL STOP AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Examiner:

In response to the Office Action mailed on February 6, 2014 ("Office Action") for the above-identified patent application, please consider the following amendments and/or remarks.

Amendments to the **Claims** are reflected in the listing of claims that begins on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:

1-20. **Canceled**

20.    (**New**) A kiosk for provisioning secure media content to a plurality of portable data storage devices, the kiosk comprising:
a first data interface configured to communicate with a portable data storage device;
a second data interface configured to communicate with a verification server; and
a processor configured to:
obtain a binding key from the portable data storage device, wherein the binding key is unique to the portable data storage device and based on a key that was concealed by the portable data storage device;
authenticate the binding key by communicating with the verification server over the second data interface;
generate an access key for accessing the media content based on the binding key and a content key associated with a first media content;
encrypt the first media content using the access key; and
provide the encrypted first media content, the content key but not the access key to the portable data storage device.

21.    (**New**) The kiosk of claim 20, wherein the portable data storage device is configured to:
provide the encrypted first media content, the content key and the binding key to a playback device;

wherein the playback device is configured to recreate the access key based on the content key and the binding key and then decrypt the encrypted first media content using the recreated access key.

22.    (**New**) The kiosk of claim 20, wherein the portable device comprises:

a user area for storing the encrypted first media content that is accessible by the playback device; and

a non-user area for storing cryptographic data that is not accessible by the playback device.

23.    (**New**) The kiosk of claim 20, wherein the first data interface is a USB interface.

24.    (**New**) The kiosk of claim 20, wherein the second data interface is a network interface.

25.    (**New**) The kiosk of claim 20, wherein the access key is an ephemeral key that is not stored on the kiosk after being generated.

26.    (**New**) The kiosk of claim 20, wherein the kiosk is located in a public environment.

27.    (**New**) The kiosk of claim 20, further comprising a local storage for media content.

28.    (**New**) The kiosk of claim 27, the kiosk further comprising a user interface for receiving a selection of the first media content from the local storage, wherein the selection causes the kiosk to provide the encrypted first media content to the portable data storage device.

29.    (**New**) A method for provisioning secure media content to a plurality of portable data storage devices from a kiosk, the method comprising:

      obtaining a binding key from a portable data storage device connected to a first data interface, wherein the binding key is unique to the portable data storage device and based on a key that was concealed by the portable data storage device;

      authenticating the binding key by communicating with a verification server over a second data interface;

      generating an access key for accessing the media content based on the binding key and a content key associated with a first media content;

      encrypting the first media content using the access key; and

      providing the encrypted first media content, the content key but not the access key to the portable data storage device.

30.    (**New**) The method of claim 29, wherein the portable data storage device is configured to:

      provide the encrypted first media content, the content key and the binding key to a playback device;

      wherein the playback device is configured to recreate the access key based on the content key and the binding key and then decrypt the encrypted first media content using the recreated access key.

31.    (**New**) The method of claim 29, wherein the first data interface is a USB interface.

32.    (**New**) The method of claim 29, wherein the second data interface is a network interface.

33.    (**New**) The method of claim 29, wherein the access key is an ephemeral key that is not stored on the kiosk after being generated.

34.    (**New**) The method of claim 29, wherein the binding key is an ephemeral key that is not stored on the portable data storage device after being generated.

35.    (**New**) The method of claim 29, further comprising receiving a selection of the first media content from content stored on a local storage, wherein the selection causes the kiosk to provide the encrypted first media content to the portable data storage device.

36.    (**New**) The method of claim 29, authorizing copying of the content based on at least one of a digital certificate or a permission specified in secure metadata of the content.

37.    (**New**) The method of claim 29, further comprising encrypting a digital certificate and storing the encrypted digital certificate in a secure area of the portable storage device.

38.    (**New**) The method of claim 29, wherein the kiosk is located in a public environment.

Art Unit 2433                                          Reply to Office Action of: 2/6/2014
Serial No.: 13/460,805                                   Attorney Docket No.: T5921

## REMARKS

By way summary, claims 1-20 are rejected. Applicants have canceled claims 1-20 and added new claims 20-38. No new matter has been added. Therefore, claims 20-38 are currently pending.


## Double Patenting

In light of the cancellation of claims 1-20, Applicants believes this double patenting rejection is moot.


## The claims are not anticipated by the cited art

The Office Action rejected now canceled claims 1-20 under 35 U.S.C. § 102(b) as unpatentable over U.S. Patent Publication 2009/0052671 ("Bauchot"). While Applicants respectfully disagree with this rejection, this rejection is now moot as claims 1-20 have been canceled. Regarding new claims 20-38, Bauchot fails to teach or suggest every element of the claims.

Independent claim 20 recites, among other things "a kiosk for provisioning secure media content [the kiosk configured to] obtain a binding key from the portable data storage device [and] provide the encrypted first media content, the content key but not the access key to the portable data storage device."

First, Bauchot fails to even mention use of a kiosk. Second, the system of Bauchot relies on storing content and keys separately for security (See FIG. 3-4 and par.12 - reproduced below).

> With the invention, the user only needs to be provided with at least two separate components, the mobile memory unit and the storage device, and to connect these components: initially, to enable encryption of the files (copy with encryption); and subsequently, to authorize decryption of the files for operation on the files, such as a playing operation.

As recited above, Bauchot relies on storing content and keys separately (on a storage device and a mobile memory unit, respectively) rather than on binding content to a

portable storage device using a "binding key unique to the portable data storage device and based on a key that was concealed by the portable data storage device" as recited in claim 20.  In fact, Bauchot teaches away from binding content specifically to a portable storage device, stating that "the invention also makes it possible to use a same mobile memory unit to **provide access to several storage devices or to transfer the security keys to a target memory unit**." (par. 14, emphasis added).  Therefore, Bauchot fails to teach or suggest every element of claim 20

Independent claim 29 recites similar limitations as discussed above with respect to claim 20.  For similar reasons, Bauchot fails to teach or suggest the above limitations. Accordingly, Applicants believe this application is in condition for allowance.

**Dependent claims**

Applicant respectfully submits that the rejections of the dependent claims are improper in view of the respective dependency of each such claim from an allowable independent claim. In addition, the dependent claims recite features that represent additional patentable distinctions over the cited art.

**Conclusion**

The present application is believed to be in condition for allowance.  If, however, any unresolved issues remain, the Examiner is respectfully invited to contact the undersigned attorney of record at the telephone number indicated below and whatever is required will be done at once.

Although the present communication may include alterations to the application or claims, or characterizations of claim scope or referenced art, Applicants are not conceding in this application that previously pending claims are not patentable over the cited references. Rather, any alterations or characterizations are being made to facilitate expeditious prosecution of this application.  Applicants reserve the right to pursue at a later date any previously pending or other broader or narrower claims that capture any subject matter supported by the present disclosure, including subject matter found specifically disclaimed herein or by any prior prosecution. Accordingly, reviewers

of this or any parent, child or related prosecution history shall not reasonably infer that the Applicants have made any disclaimers or disavowals of any subject matter supported by the present application.

Please charge any additional fees, including any fees for additional extension of time, or credit overpayment to Deposit Account No. 23-1209.  A one-month extension of time is respectfully petitioned.

Respectfully submitted,


Date: 6/6/2014                         By: /Don Pua/_____
                                                 Don Pua, Esq.
                                                 Reg. No. 67,028


WESTERN DIGITAL CORPORATION
3355 Michelson Drive, Suite 100
Irvine, CA  92612
Tel.:   (949) 672-7000
Fax:   (949) 672-6604

**If the attorney is unavailable, please direct inquiries to:
Tanya Josephs, IP Paralegal:  (949) 672-9439**

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 13460805 |
| **Filing Date:** | 30-Apr-2012 |
| **Title of Invention:** | DIGITAL RIGHTS MANAGEMENT SYSTEM TRANSFER OF CONTENT AND DISTRIBUTION |
| **First Named Inventor/Applicant Name:** | David L. BLANKENBECKLER |
| **Filer:** | Don Neil Caceres Pua/Tanya Josephs |
| **Attorney Docket Number:** | T5921 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| Extension - 1 month with $0 paid | 1251 | 1 | 200 | 200 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **200** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19232550 |
| **Application Number:** | 13460805 |
| **International Application Number:** | |
| **Confirmation Number:** | 8288 |
| **Title of Invention:** | DIGITAL RIGHTS MANAGEMENT SYSTEM TRANSFER OF CONTENT AND DISTRIBUTION |
| **First Named Inventor/Applicant Name:** | David L. BLANKENBECKLER |
| **Customer Number:** | 35219 |
| **Filer:** | Don Neil Caceres Pua/Tanya Josephs |
| **Filer Authorized By:** | Don Neil Caceres Pua |
| **Attorney Docket Number:** | T5921 |
| **Receipt Date:** | 06-JUN-2014 |
| **Filing Date:** | 30-APR-2012 |
| **Time Stamp:** | 12:51:38 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $ 200 |
| RAM confirmation Number | 12345 |
| Deposit Account | 231209 |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | T5921_Amendment_EFS.pdf | 38556<br>4598169aad08bf7ba01f3165419d9e4e5bb9b9cc | yes | 8 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 5 |
| Applicant Arguments/Remarks Made in an Amendment | 6 | 8 |

| Warnings: |
|---|

| Information: |
|---|

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30756<br>f7dac2a9919c591bbcffe9316935940d823f0a70 | no | 2 |
|---|---|---|---|---|---|

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 69312 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>13/460,805 | Filing Date<br>04/30/2012 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE ☐ SMALL ☐ MICRO

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **06/06/2014** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/ROSS W. BROWN/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*