# EXHIBIT 9

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re Appln. of: | DAVID L. BLANKENBECKLER, et al. | Art Unit: | 2433 |
| Serial No.: | 14/571,178 | Examiner: | HOFFMAN, BRANDON S |
| Filing Date: | December 15, 2014 | Confirmation No.: | 3967 |
| For: DIGITAL RIGHTS MANAGEMENT SYSTEM TRANSFER OF CONTENT AND DISTRIBUTION | | Docket No.: | T5921.C1 |

### REPLY TO OFFICE ACTION MAILED NOVEMBER 4, 2015

MAIL STOP AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Examiner:

In response to the Office Action mailed on November 4, 2015 for the above-identified patent application, please consider the following amendments and/or remarks.

Amendments to the **Specification** begin on page **1** of this paper.

**Remarks/Arguments** begin on page **2** of this paper.

Art Unit 2433                                                Reply to Office Action of: November 4, 2015
Serial No.: 14/571,178                                       Attorney Docket No.: T5921.C1

**AMENDMENTS TO THE SPECIFICATION**

**In the Specification:**

*Please replace paragraph [0001] on page 1, following the heading* **CROSS-REFERENCE TO RELATED APPLICATIONS**, *with the following amended paragraph:*

[0001] The present application is a continuation of U.S. Patent Application Serial No. 13/460,805 (Docket No. T5921), filed on April 30, 2012 entitled, "DIGITAL RIGHTS MANAGEMENT SYSTEM TRANSFER OF CONTENT AND DISTRIBUTION," <u>issued on December 16, 2014 as Patent No: 8,914,634, which</u> ~~and~~ claims priority to U.S. Provisional Application No. 61/622,312 (Docket No. T5453.P), filed April 10, 2012 entitled, "DIGITAL RIGHTS MANAGEMENT SYSTEM, DEVICES, AND METHODS FOR DIGITAL CONTENT," and U.S. Provisional Application No. 61/636,460 (Docket No. T5921.P), filed April 20, 2012, entitled, "DIGITAL RIGHTS MANAGEMENT SYSTEM TRANSFER OF CONTENT AND DISTRIBUTION," all of which are herein incorporated by reference in their entirety.

Art Unit 2433 | Reply to Office Action of: November 4, 2015
Serial No.: 14/571,178 | Attorney Docket No.: T5921.C1

# REMARKS

## CLAIM REJECTIONS – DOUBLE PATENTING

The examiner rejected claims 1-17 based on non-statutory double patenting as being unpatentable over claims 1-19 of U.S. Patent No. 8,914,634. To overcome the non-statutory double patenting rejection, the applicant files with this response a terminal disclaimer under 37 CFR 1.321 (c).

Although the present communication may include alterations to the application or claims, or characterizations of claim scope or referenced art, Applicant is not conceding in this application that previously pending claims are not patentable over the cited references. Rather, any alterations or characterizations are being made to facilitate expeditious prosecution of this application. Applicant reserves the right to pursue at a later date any previously pending or other broader or narrower claims that capture any subject matter supported by the present disclosure, including subject matter found specifically disclaimed herein or by any prior prosecution. Accordingly, reviewers of this or any parent, child or related prosecution history shall not reasonably infer that the Applicant has made any disclaimers or disavowals of any subject matter supported by the present application.

Art Unit 2433                                           Reply to Office Action of:  November 4, 2015
Serial No.: 14/571,178                                      Attorney Docket No.:  T5921.C1

## CONCLUSION

In view of the foregoing amendments and/or remarks, Applicant respectfully submits that the pending claims are now in condition for allowance and requests reconsideration of the rejections.  If it is believed that a telephone conversation would expedite the prosecution of the present application, or clarify matters with regard to its allowance, the Examiner is invited to contact the undersigned attorney at the number listed below.

The Commissioner is hereby authorized to charge payment of any required fees associated with this Communication or credit any overpayment to Deposit Account No. 23-1209.

Respectfully submitted,

Date: 2/1/2016                              By: /Don Pua/
                                                Don Pua, Esq.
                                                Reg. No. 67,028

WESTERN DIGITAL CORPORATION
3355 Michelson Drive, Suite 100
Irvine, CA  92612
Tel.:  (949) 672-7000
Fax:  (949) 672-6604

**If the attorney is unavailable, please direct inquiries to:**
**Tanya Josephs, IP Paralegal:  (949) 672-9439**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/571,178 | 12/15/2014 | DAVID L. BLANKENBECKLER | T5921.C1 | 3967 |

35219            7590            11/04/2015
WESTERN DIGITAL CORPORATION
ATTN: NANDAR AUNG-MULQUEEN / IP LAW DEPARTMENT
3355 MICHELSON DRIVE, SUITE 100
IRVINE, CA 92612

| EXAMINER |
|---|
| HOFFMAN, BRANDON S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2433 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/04/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

IPDocket@wdc.com
nandar.aungmulqueen@wdc.com

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 14/571,178 | BLANKENBECKLER ET AL. |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | BRANDON HOFFMAN | 2433 | No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>December 15, 2014</u>.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☐ This action is **FINAL**.   2b)☒ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5)☒ Claim(s) <u>1-17</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☐ Claim(s) _____ is/are allowed.
7)☒ Claim(s) <u>1-17</u> is/are rejected.
8)☐ Claim(s) _____ is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10)☒ The specification is objected to by the Examiner.
11)☒ The drawing(s) filed on <u>December 15, 2014</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
   a)☐ All    b)☐ Some**  c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>5-6-15</u>.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

Application/Control Number: 14/571,178 Page 2
Art Unit: 2433

1. The present application is being examined under the pre-AIA first to invent provisions.

**DETAILED ACTION**

1. Claims 1-17 are pending in this office action.

*Information Disclosure Statement*

2. The information disclosure statement (IDS) submitted on May 6, 2015, is in compliance with the provisions of 37 CFR 1.97. Accordingly, the information disclosure statement is being considered by the examiner.

*Specification*

3. The disclosure is objected to because of the following informalities: the CROSS-REFERENCE TO RELATED APPLICATIONS section needs to be updated to reflect applications that have matured into patents. Appropriate correction is required.

*Double Patenting*

2. The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. A nonstatutory double patenting rejection is appropriate where the claims at issue are not identical, but at least

Application/Control Number: 14/571,178                                                                                    Page 3
Art Unit: 2433

one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); In re Vogel, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the reference application or patent either is shown to be commonly owned with this application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file provisions of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) - 706.02(l)(3) for applications not subject to examination under the first inventor to file provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR 1.321(b).

The USPTO Internet website contains terminal disclaimer forms which may be used. Please visit www.uspto.gov/forms/. The filing date of the application in which the form is filed  determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and approved immediately upon submission. For more

Application/Control Number: 14/571,178 Page 4
Art Unit: 2433

information about eTerminal Disclaimers, refer to

http://www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

3.  <u>Claims 1-17</u> are rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1-19 of U.S. Patent No. 8,914,634. Although the claims at issue are not identical, they are not patentably distinct from each other because both application and patent claim a kiosk for provisioning secure media content to a plurality of portable devices, comprising a first interface to communicate with the device, a second interface to communicate with a server, obtaining a unique data that is concealed, authenticating the device using the unique data, and provide an encrypted first media content. The patent further claims generating an access key. It would have been obvious to generating an access key because the access key dictates whether a device would gain access, therefore preventing any portable device entry to the data.


Any inquiry concerning this communication or earlier communications from the examiner should be directed to BRANDON HOFFMAN whose telephone number is (571)272-3863. The examiner can normally be reached on M-F 8:30 - 5:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jeffrey C. Pwu can be reached on 571-272-6798. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 14/571,178                                                                 Page 5
Art Unit: 2433

      Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/BRANDON HOFFMAN/
Primary Examiner, Art Unit 2433

PATENT
ATTY. DOCKET NO. T5921.C1

WHAT IS CLAIMED IS:

1. A kiosk for provisioning secure media content to a plurality of portable data storage devices, the kiosk comprising:

a first data interface configured to communicate with a portable data storage device;

a second data interface configured to communicate, over a network, with a remote trusted server; and

a processor configured to:

obtain a unique identifier from the portable data storage device, wherein the unique identifier is specific to the portable data storage device and is concealed by the portable data storage device;

authenticate the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface; and

in response to the authentication, provide an encrypted first media content and a corresponding access key to the portable data storage device.

2. The kiosk of claim 1, further comprising a local data storage storing a plurality of encrypted media content.

3. The kiosk of claim 2, the kiosk further comprising a user interface for receiving a selection of the first media content from the local data storage, wherein the selection causes the kiosk to provide the encrypted first media content to the portable data storage device.

4. The kiosk of claim 1, wherein the portable data storage device comprises:

a user area for storing the encrypted first media content that is accessible by a playback device; and

a non-user area for storing cryptographic data that is not accessible by the playback device.

PATENT
ATTY. DOCKET NO. T5921.C1

5.  The kiosk of claim 1, wherein the first data interface is a USB interface.

6.  The kiosk of claim 1, wherein the second data interface is a network interface.

7.  The kiosk of claim 1, wherein the access key is an ephemeral key that is not stored on the kiosk after being generated.

8.  The kiosk of claim 1, wherein the kiosk is located in a public environment.

9.  A method for provisioning secure media content to a plurality of portable data storage devices from a kiosk, the method comprising:
    establishing communications with a portable data storage device over a first data interface;
    establishing communications with a remote trusted server via a second data interface over a network;
    obtain a unique identifier from the portable data storage device, wherein the unique identifier is specific to the portable data storage device and is concealed by the portable data storage device;
    authenticate the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface; and
    in response to the authentication, provide an encrypted first media content and a corresponding access key to the portable data storage device.

10. The method of claim 9, wherein the kiosk comprises a local data storage storing a plurality of encrypted media content.

11. The method of claim 10, further comprising:
    receiving, on a user interface, a selection of the first media content from the local data storage; and

PATENT
ATTY. DOCKET NO. T5921.C1

providing the encrypted first media content to the portable data storage device in response to the selection.

12. The method of claim 9, wherein the first data interface is a USB interface.

13. The method of claim 9, wherein the second data interface is a network interface.

14. The method of claim 9, wherein the access key is an ephemeral key that is not stored on the kiosk after being generated.

15. The method of claim 9, further comprising authorizing copying of the content based on at least one of a digital certificate or a permission specified in secure metadata of the content.

16. The method of claim 9, further comprising encrypting a digital certificate and storing the encrypted digital certificate in a secure area of the portable storage device.

17. The method of claim 9, wherein the kiosk is located in a public environment.