Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Jane Nelson
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF MERGER

The undersigned, as Secretary of State of Texas, hereby certifies that a filing instrument merging

Western Digital Ireland, Ltd.
Other Foreign Entity
Cayman Islands
[Entity not of Record, Filing Number Not Available]

Into

SanDisk Technologies LLC
Domestic Limited Liability Company (LLC)
[File Number: 802459283]

has been received in this office and has been found to conform to law.

Accordingly, the undersigned, as Secretary of State, and by the virtue of the authority vested in the secretary by law, hereby issues this certificate evidencing the acceptance and filing of the merger on the date shown below.

Dated: 10/30/2023

Effective: 10/30/2023



Jane Nelson
Secretary of State

*Come visit us on the internet at https://www.sos.texas.gov/*

Phone: (512) 463-5555          Fax: (512) 463-5709          Dial: 7-1-1 for Relay Services
Prepared by: Elizabeth "Annie" Denton          TID: 10343          Document: 1300049310002



**Form 623**
**(Revised 12/15)**
Return in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512 463-5709
**Filing Fee: see instructions**

**Parent-Subsidiary**
**Certificate of Merger**
**Business Organizations Code**

This space reserved for office use.

F I L E D
In the Office of the
Secretary of State of Texas

OCT 3 0 2023

**Corporations Section**

### Parties to the Merger

Pursuant to chapter 10 of the Texas Business Organizations Code, and the title applicable to each domestic filing entity identified below, the undersigned parties submit this certificate of merger.

The name, organizational form, and state of incorporation or organization, and file number, if any, issued by the secretary of state for the parent and subsidiary organization(s) are as follows:

| Parent |

SanDisk Technologies LLC
_____
*Name of Organization*

The organization is a ___Limited Liability Company___ It is organized under the laws of
                        *Specify organizational form (e.g., for-profit corporation)*

TX                USA           The file number, if any, is  0802459283
_____
*State           Country*                              *Texas Secretary of State file number*

If not a domestic entity, its registered or principal office address in its jurisdiction of formation is:

_____
*Street Address*                              *City*                    *State      Country*

| Subsidiary 1 |

Western Digital Ireland, Ltd.
_____
*Name of Organization*

The organization is a:   ___Cayman Island exempted company___   It is organized under the laws of:
                          *Specify organizational form (e.g., for-profit corporation)*

_____Cayman Islands_____   The file number, if any, is  N/A
_____
*State           Country*                              *Texas Secretary of State file number*

If not a domestic entity, its registered or principal office address in its jurisdiction of formation is:

P.O. Box 309, Ugland House, South Church Street       Grand Cayman            KY
_____
*Street Address*                              *City*                    *State      Country*

The number of outstanding ownership interests of each class or series and the number and percentage of ownership interests of each class or series owned by the parent organization are as follows:

| Number of ownership interests outstanding | Class | Series | Number owned by parent | Percentage Owned |
|---|---|---|---|---|
| 1,000,000 | Common | | 900,002 | 100% |

☐ The organization will survive the merger.   ☑ The organization will not survive the merger.

| Subsidiary 2 |

RECEIVED

OCT 3 0 2023

Secretary of State

Name of Organization
The organization is a: _____   It is organized under the laws of:
                        *Specify organizational form (e.g., for-profit corporation)*

_____ The file number, if any, is: _____

*State*          *Country*                                              *Texas Secretary of State file number*

If not a domestic entity, its registered or principal office address in its jurisdiction of formation is:

_____

*Street Address*                                      *City*                    *State*    *Country*

The number of outstanding ownership interests of each class or series and the number and percentage of ownership interests of each class or series owned by the parent organization are as follows:

*Number of ownership interests outstanding*    *Class*    *Series*    *Number owned by parent*    *Percentage Owned*

_____

_____

☐ The organization will survive the merger.          ☐ The organization will not survive the merger.

| Subsidiary 3 |

_____

*Name of Organization*

The organization is a: _____    It is organized under the laws of:

*Specify organizational form (e.g., for-profit corporation)*

_____ The file number, if any, is: _____

*State*          *Country*                                              *Texas Secretary of State file number*

If not a domestic entity, its registered or principal office address in its jurisdiction of formation is:

_____

*Street Address*                                      *City*                    *State*    *Country*

The number of outstanding ownership interests of each class or series and the number and percentage of ownership interests of each class or series owned by the parent organization are as follows:

*Number of ownership interests outstanding*    *Class*    *Series*    *Number owned by parent*    *Percentage Owned*

_____

_____

☐ The organization will survive the merger.          ☐ The organization will not survive the merger.

## Resolution of Merger

☑ A copy of the resolution of merger is attached.

The attached resolution was adopted and approved by the governing authority of the parent organization as required by the laws of its jurisdiction of formation and by its governing documents.

The resolution was adopted by the parent organization on _____10/30/2023_____

                                                                            *mm/dd/yyyy*

## Organizations Created by Merger

The name, jurisdiction of organization, principal place of business address, and entity description of each entity or other organization to be created pursuant to the resolution of merger are set forth below. The certificate of formation of each new domestic filing entity to be created is being filed with this certificate of merger.

_____

*Name of New Organization 1*                          *Jurisdiction*    *Entity Type (See instructions)*

_____

*Principal Place of Business Address*                 *City*                    *State*    *Zip Code*

| *Name of New Organization 2* | | *Jurisdiction* | *Entity Type (See instructions)* | |
|---|---|---|---|---|

| *Principal Place of Business Address* | *City* | *State* | *Zip Code* |
|---|---|---|---|

| *Name of New Organization 3* | | *Jurisdiction* | *Entity Type (See instructions)* | |
|---|---|---|---|---|

| *Principal Place of Business Address* | *City* | *State* | *Zip* |
|---|---|---|---|

## Effectiveness of Filing (Select either A, B, or C.)

A. ☑ This document becomes effective when the document is accepted and filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

C. ☐ This document takes effect on the occurrence of the future event or fact, other than the passage of time. The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

*Text Area*

This document/merger becomes effective 10/30/2023.

## Tax Certificate

☐ Attached hereto is a certificate from the comptroller of public accounts that all taxes under title 2, Tax Code, have been paid by the non-surviving filing entity.

☑ In lieu of providing the tax certificate, one or more of the surviving, acquiring or newly created organizations will be liable for the payment of the required franchise taxes.

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument. The undersigned certifies that the statements contained herein are true and correct, and that the person signing is authorized under the provisions of the Business Organizations Code, or other law applicable to and governing the parent organization, to execute the filing instrument.

Date:   10/30/2023 _____

SanDisk Technologies LLC
_____
Parent Organization Name

_____
Signature of authorized person (see instructions)

Brandi Steege
_____
Printed or typed name of authorized person

**JOINT WRITTEN CONSENT**
**OF THE SOLE MEMBER AND SOLE MANAGER**
**OF**
**SANDISK TECHNOLOGIES LLC**

Effective as of October 30, 2023

Pursuant to the provisions of Section 101.359 of the Texas Business Organizations Code (the "TBOC"), the undersigned, being the sole member (the "Sole Member") and sole manager (the "Sole Manager") of SanDisk Technologies LLC, a Texas limited liability company (the "Surviving Entity"), hereby waives notice and approves, adopts and consents in writing to the adoption of the following resolutions to have the same force and effect as though adopted at separate meetings of the sole member of the Merger Entities duly called and held.

**APPROVAL OF MERGER**

WHEREAS, the Sole Member desires to merge Western Digital Ireland, Ltd. (the "Merging Entity" and, together with the Surviving Entity, the "Merger Entities") with and into the Surviving Entity (the "Merger") a (i) Plan of Merger (the "Plan") and (ii) Certificate of Merger (the "Certificate of Merger"), the particulars of which have been made available to the Sole Member and Sole Manager to its satisfaction, with the Surviving Entity being the surviving limited liability company of the Merger pursuant to Sections 10.006 and 10.151 of the TBOC;

WHEREAS, the terms of the Merger are as follows:
   a) Immediately prior to the Merger Effective Date (as defined below) , the share capital of the Merging Entity will be US$1,000,000.00 divided into 1,000,000 ordinary shares of a par value of US$1.00 each and the Merging Entity will have 900,002 ordinary shares in issue.
   b) The date on which it is intended that the Merger is to take effect is 30 October 2023 (the "Merger Effective Date").
   c) There are no amounts or benefits which are or shall be paid or payable to any director of either constituent company or the Surviving Entity consequent upon the Merger.
   d) The terms and conditions of the Merger are such that, on the Merger Effective Date each Ordinary share issued and outstanding in the Merging Entity on the Merger Effective Date shall be cancelled and each Unit issued and outstanding in the Surviving Entity immediately prior to the Merger Effective Date shall continue to be one Unit in the Surviving Entity.
   e) The rights and restrictions attaching to the Units in the Surviving Entity are set out in the operating agreement of the Surviving Entity in effect as of the date hereof.
   f) The operating agreement of the Surviving Entity immediately prior to the Merger shall be its operating agreement after the Merger.
   g) The Merging Entity has granted no fixed or floating security interests that are outstanding as at the date of the Plan.
   h) The Plan has been approved by the board of directors of the Merging Entity pursuant to section 233(3) of the Part XVI of the Cayman Islands Companies Act (As Revised) (the "Statute").
   i) The Plan has been authorized by the sole shareholder of the Merging Entity pursuant to section 233(6) of the Statute.
   j) At any time prior to the Merger Effective Date, the Plan may be:
       i.   terminated by either the manager of the Surviving Entity or the board of directors of the Merging Entity;

    ii.    amended by both of (i) the manager of the Surviving Entity, and (ii) the board of directors of the Merging Entity to:

- change the Merger Effective Date provided that such changed date shall not be a date later than the ninetieth day after the date of registration of the Plan with the Cayman Islands Registrar of Companies; and
- effect any other changes to the Plan which both of the manager of the
Surviving Entity, and the board of directors of the Merging Entity deem
advisable, provided that such changes do not materially adversely affect any rights of the shareholders of the Surviving Entity or the Merging Entity, as determined by both of the manager of the Surviving Entity, and the board of directors of the Merging Entity, respectively.

**WHEREAS**, the Sole Member and Sole Manager consider that they have had had before them and have given due and proper consideration to all matters that are necessary or appropriate to enable the Sole Member and Sole Manager to evaluate fully and reach an informed conclusion as to the fairness and reasonableness of the Merger, the Plan and the Certificate of Merger and the transactions contemplated thereby; and

**WHEREAS**, the Sole Member and Sole Manager deem it fair, reasonable, advisable and in the best interests of the Surviving Entity to (i) approve, authorize and ratify the Merger, (ii) authorize and direct any manager and officer of the Surviving Entity to execute and deliver the Plan and Certificate of Merger on behalf of the Surviving Entity and (iii) authorize and direct any manager and officer of the Surviving Entity to take any other such actions as they may deem necessary to effect the Merger.

**NOW, THEREFORE, BE IT RESOLVED**, that the Merger and any other transactions contemplated by, ancillary or related thereto (collectively, the "Transactions") and the Plan and the Certificate of Merger and any other instruments, documents, agreements and certificates related thereto or to the Transactions (collectively, the "Documents") are hereby authorized, approved, adopted, confirmed, ratified and accepted in all respects and are deemed to be fair, reasonable, advisable and in the best interests of the Surviving Entity, and the Surviving Entity are hereby authorized to enter into and perform its obligations thereunder.

## MISCELLANEOUS

**RESOLVED FURTHER**, that any manager or officer of the Surviving Entity or such other individuals that the Merger Entities shall, by power of attorney or otherwise, respectively determine to be necessary, appropriate or advisable (together, the "Authorized Representatives" and each, an "Authorized Representative"), be and each hereby is authorized, empowered and directed, acting severally or jointly with one or more other Authorized Representatives of the Surviving Entity, to do or cause to be done all things and acts, to negotiate, approve, execute, acknowledge, sign, deliver, file and perform or cause to be negotiated, approved, executed, acknowledged, signed, delivered, filed and performed on behalf of the Surviving Entity any such agreements, instruments or other documents, make all filings, issue powers of attorney, and otherwise take any further action, which in the judgment of the Authorized Representatives are necessary, appropriate or advisable to consummate the Transactions and Documents and perform its obligations thereunder and otherwise to carry out and comply with the intent and purposes of the resolutions herein.

2

**RESOLVED FURTHER**, that the execution, delivery and performance by any Authorized Representative of the Transactions and the Documents, including without limitation, any changes therein, additions thereto and deletions therefrom by such Authorized Representative, shall constitute conclusive evidence of the approval of such Authorized Representative, and each of such Transactions and Documents shall constitute the valid and binding obligation of the Surviving Entity;

**RESOLVED FURTHER**, that all of the past acts and transactions of any Authorized Representative (or other representative or agent of the Surviving Entity), including, but not limited to, preparation, execution, deliveries and filings of agreements, instruments, certificates and other documents in the name of and on behalf of the Surviving Entity or any of their respective affiliates, and all fees and expenses (including taxes) incurred or paid by any Authorized Representative (or other representative or agent of the Surviving Entity) having been deemed necessary, proper or advisable to carry out the intent and effectuate the purposes hereof, prior to the execution of these resolutions, taken in good faith in the name and on behalf of the Surviving Entity or any of its respective affiliates pursuant to and consistent with the resolutions contained herein, be and hereby are authorized, approved, adopted, confirmed, ratified and accepted in all respects; and

**RESOLVED FURTHER**, that these resolutions may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, but all such counterparts together shall constitute one and the same instrument.

[Signature Page Follows.]

3

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the date first above written.

SOLE MEMBER:

SANDISK LLC

By: _____

Name:  Michael Ray
Title:  Manager


SOLE MANAGER:


By: _____

Name:  Brandi Steege


Signature page to Consent of Sole Member and Sole Manager