L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
rvincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

*Attorneys for Plaintiffs*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   Steven Cherny (*pro hac forthcoming*)
   stevencherny@quinnemanuel.com
   Patrick Curran (Bar No. 241630)
   patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:     (617) 712-7100
Facsimile:     (617) 712-7200

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   Jodie Cheng (Bar No. 292330)
   jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Defendant.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>VIASAT, INC.,<br><br>    Defendant. | Case Number: 4:22-CV-04376-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the *Standing Order for All Judges of the Northern District of California*, Civil Local Rule 16-9, Patent Local Rule 2-1(b), and the Claim Construction Order (Dkt. No. 120).

**1.    Jurisdiction & Service**

Plaintiffs assert claims for patent infringement under 35 U.S.C. § 1, *et seq.*, over which Plaintiffs contend the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiffs disagree with Defendant's position below that Plaintiffs SanDisk Technologies LLC and SanDisk Storage Malaysia Sdn. Bhd. should be dismissed. Rather, those Plaintiffs remain continue to have standing, as the Court has not entered an appealable final judgement as to the '834 patent. In addition, Plaintiffs have moved, and Defendant has not opposed, substituting SanDisk Technologies LLC for Western Digital Ireland Ltd. with respect to the 400 and 667 patents. Dkt. 121. As explained in Plaintiffs' motion, SanDisk Technologies LLC has standing with respect to the 400 and 667 patents as well.

Defendant moved to dismiss for lack of subject matter jurisdiction. (Dkt. Nos. 27, 29, 45, & 59.) The Court determined that, at this stage in the proceedings, Plaintiffs met their burden to adequately plead subject matter jurisdiction to bring this action, but noted that "if facts come to light during discovery that undermine these allegations, the Court would consider entertaining a partial motion for summary judgment as to issues of patentee standing." (Dkt. No. 72.) Defendant is seeking discovery on standing issues and will promptly raise further standing issues for the Court's consideration if appropriate. At this time, in view of the Court's dismissal of Count III asserting U.S. Patent No. 8,504,834 (Dkt. No. 75), at least plaintiffs SanDisk Technologies LLC and SanDisk Storage Malaysia Sdn. Bhd. should be dismissed for lack of standing. These two plaintiffs only claimed to have an interest in the now-dismissed '834 patent. (Dkt. No. 56 at 5 ("Two Plaintiffs assert the infringement of U.S. Patent No. 8,504,834 (the ''834 Patent'): SanDisk Technologies LLC ('SDT') * * * and SDSM * * *."); Dkt. 28 at 6, n. 3 ("Indeed, Plaintiffs would

likely be amenable to dismissing specific plaintiffs if Viasat contends, and agrees, that suit can be maintained without them.").)

All parties have been served. At present, there are no currently disputed issues regarding personal jurisdiction or venue.

**2.      Facts**

Plaintiffs alleges Defendant infringes U.S. Patent Nos. 9,424,400 and 10,447,667 (collectively, the "Asserted Patents") based on its manufacture, use, sale, and/or offer for sale of media streaming software, systems, and services, such as in-flight entertainment and communication (IFEC) systems for commercial and private aviation, as well as for residential applications.

The parties expect that the principal factual issues will include:

- The operation of Defendant's products accused of infringement
- Defendant's relationship with its customers related to operation of the products accused of infringement
- The value of the patented technology
- The ownership of the Asserted Patents
- Each of Plaintiffs' rights in the Asserted Patents
- Facts related to Plaintiffs' standing to sue Defendant for infringement of the Asserted Patents
- Facts related to invalidity of the patents under 35 U.S.C. § 102, 103 and 112, including the scope and content of the prior art
- Facts related to any claims by any Plaintiff to practice the Asserted Patents
- Facts related to licensing and marking of the Asserted Patents
- Facts related to the priority dates of the Asserted Patents
- Facts related to any conception or reduction to practice earlier than the filing dates of the Asserted Patents

### 3. Legal Issues

The disputed points of law include:

- Whether any of the Asserted Patents are infringed under 35 U.S.C. § 271
- Whether any asserted claims of the Asserted Patents are invalid under 35 U.S.C. § 101, 102, 103, or 112, or otherwise invalid or unenforceable
- The appropriate remedies for Defendant's infringement
- Whether Plaintiffs have standing to sue Defendant for infringement of the Asserted Patents
- Whether the Plaintiffs practice the Asserted Patents
- Whether the Asserted Patents are entitled to claim priority to earlier-filed patents or applications
- Whether U.S. Patent Nos. 9,424,400 was conceived of or reduced to practice before its effective filing date
- The meaning and scope of the claims of the Asserted Patents
- Whether there are any limitations on damages

### 4. Motions

Defendant previously filed several Rule 12 motions to dismiss. The Court found that the Amended Complaint adequately alleges that Plaintiffs have standing but also found in a separate ruling that the '834 patent is directed to ineligible subject matter and, thus, that patent has been dismissed by the Court.

Plaintiffs recently moved to substitute parties and amend case caption to replace Plaintiff Western Digital Ireland Ltd. ("WDI") with Plaintiff SanDisk Technologies LLC ("SDT LLC"), and Plaintiff Western Digital Technologies, Inc. ("WDT") with its wholly owned subsidiary Sandisk Technologies Inc. ("SDT Inc."). (Dkt. No. 121). Defendant's deadline to respond to the motion has passed, and Defendant has not filed an opposition. That motion remains pending before the Court.

Plaintiffs may file motions for summary judgment on one or more issues later in the case. Plaintiffs disagree with Defendant's position that the court's claim construction has resolved this action—although Defendants have unilaterally identified certain claim terms as case dispositive, Defendants have never presented any factual basis for that assertion. Plaintiffs further believe that it would be premature for Defendants to seek summary judgment of non-infringement at this time since fact discovery is ongoing.

As set forth below, Viasat proposes that Plaintiffs stipulate to non-infringement of the '400 and '667 patents and agree to dismiss this action.[12] Plaintiffs have had Viasat's proposed claim constructions since February 15, 2024 and have known for many months that those proposed constructions were case dispositive. (Indeed, Plaintiffs admitted as much in their own briefing in opposition to these proposed constructions (Dkt. No. 105)). At no point in the last six months did Plaintiffs seek leave to amend their infringement contentions to articulate any alternative infringement theory that aligned with Viasat's proposed constructions. This is true even though, as demonstrated in the email attached as Exhibit A to this Statement, Viasat explained to Plaintiffs that Plaintiffs' infringement contentions did not articulate any viable theory of infringement under Viasat's proposed constructions (or, frankly, any proposed construction). Plaintiffs already amended their infringement contentions once after receiving Viasat's proposed constructions, serving new contentions on March 22, 2024, more than a month after receiving Viasat's proposed claim constructions on February 15, 2024. Plaintiffs also inspected Viasat's source code for the accused products multiple times, over four days. Plaintiffs still did not articulate any theory of

---

[1] Only hours before this statement was due, Defendant sought Plaintiffs' stipulation to non-infringement of the '400 and '667 patents. This mirrors Defendant's actions during the filing of the previous Joint Case Management Statement, in which Defendant notified Plaintiffs mere hours before the filing deadline that it seeks Plaintiffs' confirmation that they will promptly withdraw/dismiss SanDisk Technologies LLC and SanDisk Storage Malaysia Sdn. Bhd. from this action. *See* Dkt. 80 at fn. 1.

[2] Plaintiffs sent Viasat a draft of this Statement after business hours on Friday, October 4. Viasat's counsel responded one business day later.

infringement under the constructions the Court ultimately adopted. Now that the Court has adopted certain of Viasat's case-dispositive constructions, Plaintiffs have no viable theory of infringement upon which to proceed. Viasat therefore asked Plaintiffs to stipulate to non-infringement of the '400 and '667 patents. If Plaintiffs would not stipulate to dismissal, Viasat asked Plaintiffs to explain their Rule 11 basis to proceed. Plaintiffs did not do so. Plaintiffs instead stated that they would seek discovery in the future. That is not a basis to proceed with the case—it is an admission that Plaintiffs are searching for some basis to proceed. Litigation is not an endless fishing expedition. After six months in search of a theory under Viasat's proposed constructions, Plaintiffs either have a theory or do not. They should articulate any alternative theory of infringement immediately, or if they have none, dismiss this case.

**5.     Amendment of Pleadings**

Plaintiffs filed the complaint on July 28, 2022 (Dkt. No. 1) and filed an amended complaint on May 9, 2023 (Dkt. No. 38).

**6.     Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant in this action.

**7.     Disclosures**

The parties exchanged initial disclosures on February 2, 2023.

**8.     Discovery**

To date, the parties have exchanged contentions and accompanying production of documents pursuant to Patent L.R. 3-1 through 3-4. On December 8, 2023, Viasat responded to Plaintiffs' First Set of Interrogatories and Requests for Production, as well as served its own First Set of Interrogatories and Requests for Production, to which Plaintiffs' responded on January 17, 2024. On October 2, 2024, Plaintiffs' served a Second Set of Interrogatories and Requests for Production. Viasat's Responses & Objections to the Second Set is due on November 1, 2024.

Other than Plaintiffs' taking of Viasat's expert for the purpose of claim construction, the parties have not yet taken depositions, and expert discovery has not yet occurred. In addition to the schedule proposed in Section 16 below, Plaintiffs propose the following discovery plan:

     a)     Depositions

Rule 30 of the Federal Rules of Civil Procedure will govern depositions.

     b)     Written Discovery

The parties submit that the written discovery requests shall be governed by the limitations set forth in the Federal Rules of Civil Procedure.

     c)     Expert Discovery

Identifying experts and topics for expert discovery will be accomplished in accordance with the scheduling order entered in this case and the Federal Rules of Civil Procedure.

     d)     Production of Electronically Stored Information

Pursuant to the Court's ESI Guidelines, Plaintiffs propose to cooperate to develop protocols to lessen the burden of producing electronic discovery. As noted above, Plaintiffs disagree with Defendant's position that the court's claim construction has resolved this action. Viasat is long overdue in providing discovery that the parties had agreed would be provided ***before*** Plaintiffs supplemented their infringement contentions.[3]

Viasat proposes that Plaintiffs stipulate to non-infringement of the '400 and '667 patents and agree to dismiss this action. Thus, Viasat does not believe that discovery in this case should proceed.

**9.     Claim Construction**

The Court entered its Claim Construction Order on September 20, 2024. *See* Dkt. 120.

---

[3]  Viasat has provided the discovery requested by Plaintiffs. Indeed, Plaintiffs have inspected Viasat's source code on four separate occasions. Plaintiffs have not identified any outstanding deficiencies with Viasat's discovery. Rather, it is Plaintiffs who never responded to Viasat's July 22, 2024 email identifying deficiencies with Plaintiffs' discovery responses and productions to date.

**10.    Related Cases**

A case between Plaintiff Western Digital Technologies, Inc. and Defendant Viasat, Inc. is currently pending before Judge Albright in the Western District of Texas, but has been stayed pending resolution of an appeal of a Final Written Decision ("FWD") related to one of the two asserted patents, or until Viasat drops claims invalidated by the FWD. *Viasat, Inc. v. Western Digital Technologies, Inc.*, Case No. 6:21-cv-01230-ADA (the "Texas Case").

Defendant disagrees that the Texas Case is a "related case" —although the Texas Case is pending between the same parties, it was filed more than a year before this case (on November 29, 2021) and involves entirely different technologies, different products, and different patents.

**11.    Relief**

Plaintiffs seek the following relief (*see* Dkt. 73): judgment that Defendant has and continues to infringe on or more claims of the Asserted Patents; an order enjoining Defendant's infringement, or alternatively, a compulsory ongoing future royalty; Plaintiffs' damages arising from Defendant's infringement, including lost profits and in an amount not less than a reasonable royalty, together with pre-judgment and post-judgment interest; Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285; Plaintiffs' costs of court; and such other and further relief ad the Court may deem just and proper.

Pursuant to Patent L.R. 2-1(b)(5), Plaintiffs are unable at this time to provide a non-binding, good-faith estimate of the damages range expected for this case. Plaintiffs expect that the computation of damages in this case will involve expert analysis, and will be based, at least in part, on information to be obtained in discovery, including Defendant's revenues, costs, and profits relating to products and services accused of infringement.

Defendant disputes that Plaintiffs are entitled to any relief. Defendant reserves its right to any relief the Court deems appropriate upon conclusion of this case, including fees and costs.

**12.    Settlement and ADR**

The parties have engaged in ADR on May 17, 2024, but have not reached resolution.

**13.   Other References**

The parties do not currently believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues**

Plaintiffs do not currently propose any narrowing or bifurcation of issues. As noted above, Plaintiffs disagree with Defendant's position that the court's claim construction has resolved this action, and Defendant reneged on an agreement to provide discovery that it knew were was meant to inform Plaintiffs' infringement contentions.[4]

Viasat proposes that Plaintiffs stipulate to non-infringement of the '400 and '667 patents and agree to dismiss this case. In light of the Court's constructions and the fact that Plaintiffs lost on many of the terms, Plaintiffs infringement contentions set forth no viable theory of infringement of either patent. Viasat thus believes that continuing to proceed with this case in view of the construed claims would not be good-faith litigation and would waste the Court and the parties' time and money.

**15.   Expedited Trial Procedure**

The parties do not believe this case is suitable for expedited trial procedures.

**16.   Scheduling**

Plaintiffs propose the schedule set forth below. As noted, Plaintiffs disagree with Defendant's position that the court's claim construction has resolved this action. With respect to the Court's constructions, the fact is that the Court denied Defendant's proposal for many of the terms. In addition, Defendant, merely hours before this statement is due, requests Plaintiffs to dismiss this case without providing sufficient factual support rebutting why the '400 and '667 patents are infringed. Plaintiffs believe that a schedule is required for the orderly resolution of

---

[4] As stated above, Viasat has provided Plaintiffs with all of the discovery they requested. Prior to this Statement, Plaintiffs have not identified any outstanding deficiencies with Viasat's productions. Rather, it was Viasat who on July 22, 2024 identified deficiencies with Plaintiffs' productions to date. Plaintiffs never responded to Viasat's email identifying those deficiencies.

the parties disputes, and proposed the schedule below. Given Defendant's refusal to provide an alternative schedule, Plaintiffs' proposal should be adopted.

As noted above, Viasat proposes that Plaintiffs stipulate to non-infringement of the '400 and '667 patents and agree to dismiss this case. In light of the Court's constructions and the fact that Plaintiffs lost on many of the terms, Plaintiffs infringement contentions set forth no viable theory of infringement of either patent. As demonstrated in Exhibit A to this Statement, Plaintiffs have long been aware of Viasat's position that Plaintiffs' infringement contentions fail to provide evidence of infringement, including under Viasat's proposed constructions, which the Court has now adopted. [5] Viasat thus believes that continuing to proceed with this case in view of the construed claims would not be good-faith litigation and would waste the Court and the parties' time and money. As such, Viasat has not proposed a schedule for the remainder of the case and objects to the schedule proposed by Plaintiffs.

**Plaintiffs' Proposed Schedule:**

| Event | Date |
|---|---|
| Deadline for Substantial Completion of Document Discovery | January 31, 2025 |
| Deadline to Complete Fact Discovery | March 14, 2025 |
| Opening Expert Disclosures and Reports on issues where the party bears the burden of proof | April 18, 2024 |
| Rebuttal Expert Disclosures and Reports | May 16, 2025 |
| Close of Expert Discovery | June 13, 2025 |

---

[5] Plaintiffs' position is that Viasat's email of April 2, 2024 attached herein as Exhibit A is improper and should not be included in a case management statement. In any event, the email illustrates that Viasat has failed to explain any basis for its position that Plaintiffs have failed to identify a viable infringement theory. Fact discovery is on-going, and Plaintiffs have sought and intend to continue to seek further discovery to further support their infringement theories under the Court's claim constructions.

| Event | Date |
|---|---|
| Dispositive Motion Filing Deadline (Summary Judgement and Daubert motions) | July 11, 2025 |
| Dispositive Motion Opposition | August 1, 2025 |
| Dispositive Motion Reply | August 15, 2025 |
| Dispositive Motion Hearing | On or after August 29, 2025, at the Court's convenience |
| Final Pretrial Conference | On or after November 21, 2025, at the Court's convenience |
| Jury Selection / Trial | On or after December 8, 2025, at the Court's convenience |

Pursuant to Patent L.R. 2-1(b)(1), Plaintiffs do not propose any modifications of the obligations or deadlines set forth in the Patent Local Rules other than the minor adjustments in timing reflected above.

**17.   Trial**

Plaintiffs request a jury trial.  Plaintiffs estimate that trial will last 7 full court days.

**18.   Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed a Certificate of Interested Entities and Corporate Disclosures on July 28, 2022 (Dkt. 3).  Other than the named parties, Plaintiffs identify the following entity: Western Digital Corporation.

At this time, Defendant is not aware of additional non-party interested entities.

**19.   Professional Conduct**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 8, 2024          */s/ Ahmed ElDessouki*
                                 Counsel for plaintiffs

Dated: October 8, 2024                     /s/ Nicola Felice
                                           Counsel for defendant

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

                                           /s/ Ahmed ElDessouki

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE