# EXHIBIT A

# Nicola Felice

| | |
|---|---|
| **From:** | Nicola Felice |
| **Sent:** | Tuesday, April 2, 2024 9:53 PM |
| **To:** | ElDessouki, Ahmed; Jake Blecher |
| **Cc:** | Mao, Lillian; Jodie Cheng; *** GDC-NDCA Western Digital-Viasat; Vincent, Robert; QE-Viasat-WD; Jin, Hyunjong Ryan |
| **Subject:** | RE: WD v. Viasat - Source Code Review |

Counsel,

We have reviewed your amended infringement contentions and they are still deficient in numerous ways. Most notably, your claim charts fail to articulate a consistent theory of infringement that runs through each element of any claim for either the '400 or the '667 patent. Instead, your contentions appear to mix and match different products, applications, and systems, some of which are not even owned or controlled by Viasat, to nonsensically allege infringement where it does not exist. As you know, to prove infringement by Viasat, Plaintiffs must show that each element of each claim of the Asserted Patents exists in a product Viasat sells or is practiced by a system that Viasat controls. Plaintiffs' contentions have failed to demonstrate, even at a high level, how Plaintiffs plan to satisfy that burden.

Moreover, like your initial infringement contentions, you again fail to identify with specificity the products or systems that you accuse of infringement. Rather, you state generally that "[t]he Accused Instrumentalities are Viasat's media streaming software, systems, and services, including, specifically, Viasat's in-flight entertainment and communication ("IFEC") systems for use in commercial and private aviation and other Viasat systems implementing edge storage solutions." Additionally, your contentions for the '400 patent fail to provide any evidence that the broad range of "Accused Instrumentalities" practice the step of "authenticating the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface." The same is true for the limitation of the '667 patent requiring "one or more hardware processors configured to: receive an indication of the NAS device having a secure region comprising a buffer for streaming media on a separate display device on the local area network, wherein access to the secure region is controlled by the media streaming system." Plaintiffs' contentions are thus insufficient to put Viasat on notice of not just Plaintiffs' infringement theories, but also the systems and products Plaintiffs accuse of infringement in this case.

In sum, Plaintiffs' contentions continue to demonstrate that Plaintiffs lack a good faith basis to assert infringement of the '667 and '400 patents. Indeed, even after Plaintiffs had the opportunity to analyze over 13,000 pages of technical documentation and proprietary source code, Plaintiffs still are unable to articulate a consistent theory of infringement across the claim elements. As we must under the case schedule, Viasat is relying on Plaintiffs' infringement contentions to develop its defenses and claim construction positions but, given the deficiencies noted above, Viasat reserves all rights, including to seek fees for an exceptional case under Section 285.

Best,

**Nicola Felice**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7346 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolafelice@quinnemanuel.com
www.quinnemanuel.com