UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VIASAT, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-04376-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE AND AMEND CASE CAPTION**<br><br>Re: Dkt. No. 121 |

On May 9, 2023, Plaintiffs Western Digital Technologies, Inc. ("WDT"), Western Digital Ireland Ltd. ("WDI"), SanDisk 3D IP Holdings Ltd. ("SD3D"), SanDisk Technologies LLC ("SDT LLC"), SanDisk Storage Malaysia Sdn Bhd. ("SDSM") (collectively, "Plaintiffs") filed a first amended complaint against Defendant Viasat, Inc. ("Defendant") alleging infringement of U.S. Patent Nos. 9,424,400 ("'400 Patent"), 10,447,667 ("'667 Patent"), and 8,504,834 ("'834 Patent").[1] *See* Dkt. No. 38 ("FAC"). When the FAC was filed, WDT was the title owner, SD3D was the exclusive licensee and WDI held "all other rights and interests" to the '400 and '667 Patents (collectively, "Asserted Patents"). *Id*.

On September 20, 2024, Plaintiffs filed the present motion to substitute and amend case caption. *See* Mot. at 2. Plaintiffs seek to substitute SDT LLC for WDI and SanDisk Technologies, Inc. ("SDT Inc.") for WDT. *Id*. at 3–4. Plaintiffs represent that WDI "merged with and into" SDT LLC effective October 30, 2023. Dkt. No. 121-2. Plaintiffs also represent that WDT entered into an Intellectual Property Legal Title Transfer Agreement ("Agreement") with

---

[1] On May 24, 2023, Defendant moved to dismiss Count Three of Plaintiffs' FAC, which alleged infringement of the '834 Patent. Dkt. No. 40. The Court granted Defendant's motion after concluding the '834 Patent was "directed to a patent-ineligible abstract idea" with "no inventive concept." Dkt. No. 75 at 10.

SDT Inc. on May 6, 2024, which transferred "legal title/ownership," including "the right to sue and recover damages for past, present and future infringement claims," for the '400 and '667 Patents from WDT to SDT Inc. Dkt. No. 121 at 3.

Federal Rule of Civil Procedure 25(c) states "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting *Collateral Control Corp. v. Deal*, 638 F.2d 1362, 1364 (5th Cir. 1981)). Rule 25(c) "leaves the substitution decision to the trial court's sound discretion." *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-CV-06737-JST, 2019 WL 690290, at *1 (N.D. Cal. Feb. 19, 2019) (quoting *In re Bernal*, 207 F.3d at 598). Accordingly, the court "may allow the transferee to be substituted for the transferor or . . . it may retain the transferor as a party and order that the transferee be made an additional party." *McKesson Info. Sols., Inc. Bridge Med., Inc.*, No. CIVS022669 FCD KJM, 2006 WL 658100, at *2 (E.D. Cal. Mar. 13, 2006).

Plaintiffs argue that SDT Inc. should be substituted for WDT, because "WDT held legal title to the '400 and '667 Patents as the time of the filing of the litigation" and "[t]hose rights . . . have been transferred to SDT Inc. by way of an assignment agreement." Mot. at 4. Plaintiffs further argue that SDT LLC should be substituted for WDI, because WDI merged into SDT LLC and SDT LLC now "holds all of WDI's interests in the Asserted Patents." *Id.* The Court finds substituting WDI with SDT LLC and WDT with SDT Inc. is appropriate here. WDT no longer holds any rights in the Asserted Patents, and WDI no longer exists as a corporate entity. Defendant will not be prejudiced by the substitution,[2] and it is clear that "this litigation will be most fairly and efficiently adjudicated" by allowing substitution. *See MobileMedia Ideas LLC v. Samsung Elecs. Co.*, Case No. 17-cv-01958-HSG, Dkt. 92 (N.D. Cal. Jul. 6, 2017).

//
//

---

[2] Defendant did not oppose Plaintiffs' motion and has not otherwise claimed that any prejudice would result from granting Plaintiffs' motion.

1   Accordingly, Plaintiffs' motion to substitute and amend case caption is **GRANTED**. The
2   Clerk is therefore **DIRECTED** to terminate Western Digital Technologies, Inc. and Western
3   Digital Ireland Ltd. from the docket and add SanDisk Technologies, Inc. The Clerk is further
4   **DIRECTED** to update the case caption to "SANDISK TECHNOLOGIES, INC., et. al., v.
5   VIASAT, INC."

**IT IS SO ORDERED.**

Dated: 11/27/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge