L. Kieran Kieckhefer (SBN 251978)
Brian M. Buroker (*pro hac vice*)
Robert A. Vincent (*pro hac vice*)
Lillian J. Mao (SBN 267410)
Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8200

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR INFRINGEMENT CONTENTIONS** <br><br> Date: February 27, 2025 <br> Time: 2:00 p.m. <br> Courtroom 2, 4th Floor <br> Judge: Hon. Haywood S. Gilliam, Jr. |

# **TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................2

    A. Procedural History ...............................................................................................2

    B. The Court's Claim Constructions .........................................................................2

    C. SanDisk's Attempt To Reach An Agreement With Viasat Regarding Amended Contentions .............................................................................................................4

    D. SanDisk's Proposed Amendments To The Contentions Are Narrowly Tailored to the Court's Construction and the New Discovery Received And Cause No Prejudice To Viasat ...............................................................................................5

    E. Viasat Produced The Vast Majority Of Its Total Production Right Before and Right After The Substantial Close of Fact Discovery ...........................................7

II. LEGAL STANDARDS .....................................................................................................8

III. ARGUMENT ....................................................................................................................9

    A. There is Good Cause to Amend SanDisk's Contentions ......................................9

    B. SanDisk's Request Is Timely And Diligent .......................................................10

    C. There is No Prejudice to Viasat ..........................................................................12

IV. CONCLUSION ...............................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*ChriMar Sys. Inc. v. Cisco Sys. Inc.*,
  No. 13CV01300JSWMEJ, 2015 WL 13449849 (N.D. Cal. May 14, 2015) ................ 9, 11, 12

*Emblaze Ltd. v. Apple Inc.*,
  Case No. 5:11-cv-01079-PSG, 2013 U.S. Dist. LEXIS 132169 (N.D. Cal. Sept. 12, 2013) ... 9

GPNE Corp. v. Apple Inc.,
  No. 512CV02885LHKPSG, 2013 WL 6157930 (N.D. Cal. Nov. 22, 2013) .......................... 9

Nuance Commc'ns, Inc. v. ABBYY Software House,
  No. C 08-02912 JSW MEJ, 2012 WL 2427160 (N.D. Cal. June 26, 2012) ......................... 11

Positive Techs., Inc. v. Sony Elecs., Inc.,
  No. 11-cv-2226, 2013 WL 322556 (N.D. Cal. Jan. 28, 2013) ............................................... 11

Radware Ltd. v. F5 Networks, Inc.,
  2014 WL 3728482 (N.D. Cal. 2014) .............................................................................. 11, 12

Wisk Aero LLC v. Archer Aviation Inc.,
  No. 3:21-CV-02450-WHO, 2022 WL 5007912 (N.D. Cal. Oct. 4, 2022) ......................... 8, 11

**Other Authorities**

U.S. Patent No. 9,424,400 ............................................................................................. 2, 3, 5, 6

U.S. Patent No. 10,447,667 ................................................................................................. 2, 3, 7

**Rules**

L.R. 3-1 ........................................................................................................................................ 2

L.R. 3-3 ........................................................................................................................................ 2

L.R. 3-6 .......................................................................................................................... 1, 4, 8, 12

L.R. 3-6(a) .................................................................................................................................... 8

L.R. 3-6(a), (c) ............................................................................................................................. 9

L.R. 3-6(c) .................................................................................................................................... 9

L.R. 3-6, examples ....................................................................................................................... 9

Local Rule 3-4(a) ......................................................................................................................... 6

Regulations

Claim Construction Order. Dkt. 120 ......................................................................................... 10

PLR 3-6 ........................................................................................................................................ 5

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on February 27, 2025 at 2:00 p.m. in Courtroom 2, 4th Floor located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs will, and hereby move for leave to amend their infringement contentions. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting declaration of Ahmed ElDessouki, and the proposed order submitted herewith, and such other evidence and argument as may be presented at or before any hearing on this Motion, and all matters of which the Court may take judicial notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Patent L.R. 3-6, Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd., (together "SanDisk") respectfully move for leave to amend its patent infringement contentions. Patent L.R. 3-6 provides that infringement contentions may be amended by a showing of good cause, which includes "[a] claim construction by the Court different from that proposed by the party seeking amendment," and also "discovery of nonpublic information" about the accused products. Here, SanDisk has good cause for the proposed amended contentions because the amendments account for the Court's claim constructions by clarifying SanDisk's positions under the Court's constructions that differed from those SanDisk proposed, and by including additional contentions under the doctrine of equivalents to address and cite recently-produced nonpublic discovery regarding the accused products including a discovery response by Viasat regarding its source code and the cited source code itself. Viasat is not prejudiced by these amendments from a substantive standpoint because the proposed amendments do not assert new claims, do not identify new Accused Products, and only introduce one infringement theory on a dependent claim that was directly responsive to one of the Court's constructions. Nor do the amendments require that new claim terms be construed. Further, fact discovery is ongoing and neither side has taken any depositions.

I.   BACKGROUND

   A.   Procedural History

SanDisk asserts in this litigation that Viasat infringes two Asserted Patents: U.S. Patent No. 9,424,400 (the "'400 Patent") and U.S. Patent No. 10,447,667 (the "'667 Patent"). The '400 Patent is entitled "Digital Rights Management System Transfer of Content and Distribution" and was issued on August 23, 2016. *See* Dkt. No. 103-1. The '667 Patent is entitled "Secure Stream Buffer on Network Attached Storage" and was issued on October 15, 2019. *See* Dkt. No. 103-2. The Accused Products are Viasat's media streaming software, systems, and services (the "Accused Products"). *See* Dkt. No. 38 ¶ 2.

On February 23, 2023, SanDisk served its initial infringement contentions on Viasat pursuant to Patent L.R. 3-1. Under the local rules and the Court's schedule, Viasat had not yet been required to provide any confidential technical documents at that time and thus, the initial infringement contentions relied exclusively on publicly available information. After the parties exchanged initial rounds of discovery, by agreement of the parties, SanDisk served amended infringement contentions pursuant to Patent L.R. 3-1 on March 22, 2024, which relied on Viasat's initial productions of technical documents and source code to explain why and how the Accused Products practiced each limitation of each asserted claim as SanDisk understood that the claims should be understood and applied. Similarly, and by agreement of the parties, Viasat served its initial invalidity contentions on April 10, 2023, and then supplemented its contentions on April 19, 2024, pursuant to Patent L.R. 3-3.

   B.   The Court's Claim Constructions

Following the parties exchange of initial and amended contentions, the Court held a claim construction hearing and construed eight claim terms in a comprehensive claim construction order that addressed almost every limitation of the asserted independent claims. The Court issued its Claim Construction Order (Dkt. 120) on September 20, 2024. As to the eight terms, the Court construed five of the eight terms in a way that neither party had proposed, two terms in the way that

Viasat had proposed, and one term in the way that SanDisk had proposed. Specifically, the Court construed the disputed claims as follows:

| Claim Term | SanDisk's Proposal | Viasat's Proposal | Court's Construction |
|---|---|---|---|
| "kiosk" ('400 Patent) | Plain and ordinary meaning | "a device whose user interface is used by consumers" | "any device used to access and distribute content provided by the system" |
| "portable data storage device" ('400 Patent) | Plain and ordinary meaning | "a storage device that can be easily carried or moved about by its user" | "a storage device that can be easily carried or moved about" |
| "authenticate the portable data storage device, using at least the unique identifier" ('400 Patent) | Plain and ordinary meaning | "confirming that the portable data storage device is trusted using at least the unique identifier" | "confirming that the portable data storage device is trusted using at least the unique identifier<br><br>*(adopting Viasat's proposal)*" |
| "provide to the portable data storage device . . . a corresponding access key" ('400 Patent) | Plain and ordinary meaning | "provide to the portable data storage device . . . a key for the portable data storage device to decrypt the first media content" | "provide to the portable data storage device . . . a key to decrypt the first media content" |
| "public environment" ('400 Patent) | Plain and ordinary meaning | "a location accessible by the general public" | "location accessible by the public" |
| "secure region" ('667 Patent) | Plain and ordinary meaning | "a portion of an NAS device not freely accessible by users" | "a region of the NAS device to which access is controlled" |
| "receive an indication of the NAS device having a secure region" ('667 Patent) | Plain and ordinary meaning | "receive an indication of the presence of a secure region within the NAS device" | "receive an indication of the presence of a secure region within the NAS device<br><br>*(adopting Viasat's proposal)*" |
| "access to the secure region is controlled by the media streaming system" / "control streaming access to the digital content stored on the buffer" ('667 Patent) | Plain and ordinary meaning | "access to the secure region is managed by the media streaming system" … "manage streaming access to the digital content stored on the buffer" | No construction necessary<br><br>*(adopting SanDisk's proposal)* |

*See* Dkt. 120 at 21.

Following the Court's claim construction order, and as contemplated by the Local Rules, SanDisk began the process of amending its contentions by seeking additional discovery from Viasat into the design and operation of the Accused Products. Specifically, shortly after the claim construction order issued, on October 2, 2024, SanDisk served its Second Set of Interrogatory Requests. Those interrogatory requests specifically requested a mapping of Viasat's source code to Viasat's technical documentation in order to confirm, for example, what funcationality was performed at which location. ElDessouki Decl., ¶8. This information that was not previously made available to SanDisk in Viasat's source code production. When Viasat answered that request on December 13, 2024 (*id.*), SanDisk promptly sent its source code review expert to perform additional reviews of Viasat's source code that were informed by the Court's comprehensive claim construction order and further informed by a mapping of Viasat's source code to Viasat's documentation. Now, SanDisk seeks leave from this Court to amend its infringement contentions pursuant to Patent L.R. 3-6, to address the Court's claim construction order and further to incorporate additional discovery that Viasat provided since SanDisk served its infringement contentions on March 22, 2024, including the source code mapping and documents produced in December 2024.

    **C.**    **SanDisk's Attempt To Reach An Agreement With Viasat Regarding Amended Contentions**

On January 3, 2025, SanDisk served Viasat with clean and redline copies of the proposed amendments to the infringement contentions, and asked if Viasat would oppose SanDisk's request to amend its infringement contentions. *See* Declaration of A. ElDessouki ("ElDessouki Decl."), ¶2. The parties met and conferred on the issue by phone on January 7, 2025 (*id.*), and then Viasat responded by email to indicate that it would oppose this motion unless SanDisk allowed it to amend its invalidity contentions without any restrictions. Viasat did not indicate the nature of its proposed amendments to its invalidity contentions such that SanDisk could meaningfully evaluate Viasat's proposal for unlimited amendments—but Viasat did not propose limiting any proposed amendments

4

to Viasat's invalidity contentions to be responsive to SanDisk's revisions to its infringement contentions. As a result, because no good cause was met, SanDisk declined. Moreover, the deadline Viasat proposed for invalidity contentions was just shortly before the close of fact discovery, which could substantially prejudice SanDisk, if, for example, Viasat raised new invalidity grounds about which SanDisk would need to take either third party or party discovery. SanDisk is however willing to consider any timely and specific amendments that are responsive to SanDisk's amendments to the infringement contentions or that satisfy the good cause standard set forth in PLR 3-6.

### D. SanDisk's Proposed Amendments To The Contentions Are Narrowly Tailored to the Court's Construction and the New Discovery Received And Cause No Prejudice To Viasat

SanDisk proposes amendments for two primary purposes: (1) to clarify its infringement theories as a result of the Court's claim construction order and (2) to clarify the support for such theories in view of additional nonpublic discovery that Viasat provided, including a full source code mapping. SanDisk's proposed amendments do not assert new claims, do not identify new Accused Products, and only provide one new infringement theory necessitated by the Court's construction that differed from what both parties proposed – namely a doctrine of equivalents argument for dependent claim 8 of the '400 patent). Nor do the amendments require that new claim terms be construed. Further, fact discovery is ongoing and neither side has taken any depositions of fact witnesses from either the parties or third parties. Moreover, in opposing this motion, Viasat did not articulate any prejudice caused by the minimal nature of the proposed amendments to the contentions. In particular, in respect of the '400 Patent, the amended contentions address the Court's claim constructions as follows:

- **"kiosk"** – in view of the Court's construction that this preamble term is limiting, the amended contentions add citations to source code files that relate to the software executed by the kiosk previously identified in the contentions, and also added citations to Viasat's December 13, 2024 Interrogatory Response to explain the

5

relevance of the cited source code files to the kiosk. *See* ElDessouki Decl., Ex. 2 ('400 Patent Redline Chart) at 3, 18-19, 26, 36, 75.

- "**portable data storage device**" – the amended contentions elaborate on a previously provided disclosure that the "seatback" devices satisfy this limitation because they "perform substantially the same function in substantially the same way to obtain substantially the same result." *See id*. at 11, 19, 47.

- "**authenticate the portable data storage device, using at least the unique identifier**" – the amended contentions provide additional citations to source code files that relate to the unique identifies used by the Accused Products and the authentication procedures, and rely on Viasat's December 13, 2024 Interrogatory Response to explain the relevance of the cited source code files. Moreover, the amended contentions also add citations to documents related to the unique identifiers and authentication procedures used by the Accused Products, expanding on previously cited documents. These documents were only produced by Viasat on December 19, 2024, despite being responsive at least to Patent Local Rule 3-4(a), Plaintiffs' RFP No. 1 served on April 7, 2023, and Plaintiffs' RFP No. 67, 71 served on October 2, 2024. *See id*. at 45, 58-59, 68-69; ElDessouki Decl., ¶7.

- "**public environment**" – the amended contentions provide a description of how the Accused Products meet this limitation of dependent claim 8 under the doctrine of equivalents based on the Court's construction that differed from the parties' proposed constructions. *See* ElDessouki Decl., Ex. 2 ('400 Patent Redline Chart) at 11, 19, 47.

SanDisk's amendments to the infringement contentions as to the '677 Patent are similarly narrowly tailored to the claim constructions adopted and the new nonpublic discovery received and cause no prejudice to Viasat. The amended contentions address in respect of the '667 Patent are as follows:

- **"secure region"** and **"receive an indication of the NAS device having a secure region"** – the amended contentions provide citations to source code files with additional explanations as to how the Accused Products include a "secure region" and provide an "indication," consistent with the Court's claim constructions. Moreover, the amended contentions also rely on Viasat's December 13, 2024 Interrogatory Response to explain the relevance of the cited source code files. *See* ElDessouki Decl., Ex. 4 ('667 Patent Redline Chart) at 48-49 (limitation 1[c] introducing the "secure region" limitation), 55-56 (limitation 1[d], requiring transmitting digital content to the secure region), 60-62 (limitation 1[e], explaining how the instructions control streaming access to content stored on the buffer of the secure region), 77-78 (claim 4, requiring that the secure region be inaccessible without permission), 81 (claim 5, requiring that the NAS device use encryption to secure digital content to the secure region).[1]

- Additionally, the amended contentions rely on Viasat's December 13, 2024 Interrogatory Response to identify additional source code files that correspond to functionality previously identified, and to explain the relevance of the cited source code files. *See id.* at 13-14, 31-32, 67, 73.

**E.     Viasat Produced The Vast Majority Of Its Total Production Right Before and Right After The Substantial Close of Fact Discovery**

Since January 3, 2025, Viasat produced over 106,000 pages of new materials, including over 57,000 pages of new materials *after* the January 6, 2025, deadline for substantial completion of document discovery set by the Court in its Scheduling Order dated December 2, 2024.  Dkt. 131;

---

[1] Although the contentions were amended as to claim limitations that were not subject to claim construction, those amendments relate to the Court's construction of limitations that were construed and which have an impact on the limitations that were not subject to claim construction.

ElDessouki Decl., ¶9. Before January 3, Viasat produced less than 12,000 pages of information regarding the Accused Products. *Id*. As a result of such a significant document dump—particularly in comparison to the prior total production—the infringement contentions served on January 3 do not incorporate any of the documents provided by Viasat on or after January 3. Moreover, throughout the 2.5-year pendency of this litigation, Viasat had only identified *one* technical Viasat witness who will testify regarding the "[o]peration, design and development of the accused Viasat products," but at the tail-end of fact discovery, on December 10, 2024, Viasat identified *six additional* witnesses who will testify regarding this subject-matter and *two additional* witnesses who will testify regarding financial information related to the Accused Products. *Id*. SanDisk has not yet had an opportunity to depose any of these witnesses, and the infringement contentions served on January 3 do not incorporate the subject-matter of their testimony.

SanDisk served the revised contentions on Viasat and brought this motion diligently following the claim construction order, the discovery it sought as a result of that claim construction order and the completion of SanDisk's review of Viasat's source code review based on the discovery sought. SanDisk's contentions explain its infringement theories but not do not itemize all relevant evidence in support of its contentions. SanDisk, however, may be required to revisit its infringement theories because of Viasat's belated document productions (including productions after the close of fact discovery).

## II.     LEGAL STANDARDS

"Amendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause," Patent L.R. 3-6, provided that the non-moving party will not suffer undue prejudice by the amendments and further provided that the moving party was diligent in amending its contentions. *Wisk Aero LLC v. Archer Aviation Inc.*, No. 3:21-CV-02450-WHO, 2022 WL 5007912, at *2 (N.D. Cal. Oct. 4, 2022). "The moving party has the burden to establish diligence, but the court has discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Id*. (internal quotations omitted). Patent L.R.

3-6(a) provides that good cause to amend infringement contentions may exist "when the Court issues any claim construction 'different from that proposed by the party seeking amendment." *Emblaze Ltd. v. Apple Inc.*, Case No. 5:11-cv-01079-PSG, 2013 U.S. Dist. LEXIS 132169, at *5-6 (N.D. Cal. Sept. 12, 2013) (granting leave to amend following a claim construction order in which the court adopted its constructions proposed by the non-moving party). Patent L.R. 3-6(c) further provides that good cause to amend infringement contentions may exist in view of "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."

## III.    ARGUMENT

### A.    There is Good Cause to Amend SanDisk's Contentions

Pursuant to Patent L.R. 3-6, examples of "circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include[s]: (a) A claim construction by the court different from that proposed by the party seeking amendment," and "(c) [r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."

Here, good cause exists for SanDisk's proposed amendments based on the Court's claim constructions that differed from those proposed by SanDisk and additional discovery that SanDisk diligently pursued from Viasat after the date of the Court's claim construction order. The Court's claim constructions and newly received discovery provide clear grounds for amendment. *See* Patent L.R. 3-6(a), (c); *see, e.g., Emblaze*, Case No. 5:11-cv-01079-PSG, at 3 (granting leave to amend in view of the court's claim construction order); *ChriMar Sys. Inc. v. Cisco Sys. Inc.*, No. 13CV01300JSWMEJ, 2015 WL 13449849, at *4 (N.D. Cal. May 14, 2015), *report and recommendation adopted*, No. C 13-01300 JSW, 2015 WL 13450357 (N.D. Cal. June 8, 2015) (same); *GPNE Corp. v. Apple Inc.*, No. 512CV02885LHKPSG, 2013 WL 6157930, at *2 (N.D. Cal. Nov. 22, 2013) (same).

SanDisk's original infringement contentions were based on the plain and ordinary meaning of the disputed claim terms. The parties disputed the meaning of eight claim terms, and the Court provided constructions for all eight in its September 20, 2024 Claim Construction Order. Dkt. 120. As discussed, the Court construed five of the eight terms in a way different than either praty proposed, two terms in the way that Viasat proposed, and one term in the way that SanDisk had proposed. SanDisk's amendments are responsive to these constructions, and informed by evidence Viasat produced in December. As such, good cause exists under these circumstances.

### B. SanDisk's Request Is Timely And Diligent

SanDisk has acted diligently throughout this process. Following the Court's claim construction order, SanDisk served additional discovery requests on October 2, 2024, within less than two weeks of the date of the Court's claim construction order, requesting additional information regarding the operation of the Accused Products. As explained below, the requested information, including the source code mapping, was necessary to fully analyze the impact of the Court's claim construction order on SanDisk's infringement contentions.

The Court's constructions directly impacted SanDisk's infringement positions by clarifying how the claim terms apply to the Accused Products. After the Court's Markman ruling, SanDisk promptly began the process of reviewing its contentions in light of the new constructions. On October 2, 2024, SanDisk sought new discovery from Viasat, including a mapping of Viasat's source code to components and functions identified in its documentation, which was essential to enable SanDisk's expert to accurately map various source code files to components of the Accused Products. This mapping was necessary because Viasat made 35.1 Gigabytes of source code, containing 46,178 files and 14,983 folders available for review, and because the Court's claim constructions – for example, of the "authenticate," "provide," and "indication" terms – required

SanDisk's expert to analyze the flow of data between various components of the system.[2] Viasat, however, did not provide the requested mapping until December 13, 2024. Then on December 18 and 19, 2024, SanDisk performed additional reviews of Viasat's source code information by the Court's constructions and the new discovery. Based on this information, working over the holiday time period, SanDisk prepared amended infringement contentions and then, on January 3, 2025, SanDisk provided Viasat with amended contentions and informed Viasat of its intent to seek leave to amend. As such, SanDisk was diligent in amending its contentions after the Court's claim construction order, under these circumstances.

Further, as explained above, SanDisk's proposed amendments are narrowly tailored to address the Court's claim constructions and incorporate additional technical information recently produced by Viasat, including discovery responses dated December 13, 2024 and documents produced by Viasat on December 19, 2024.

As such, SanDisk's amendments are timely and leave to amend should be granted. *See e.g., Nuance Commc'ns, Inc. v. ABBYY Software House*, No. C 08-02912 JSW MEJ, 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012) (finding diligence despite a period of a "few months" between learning of the new relevant information and moving to amend infringement contentions); *Radware Ltd. v. F5 Networks, Inc.*, 2014 WL 3728482, at *2 (N.D. Cal. 2014) (finding it reasonable for plaintiff to move for leave to amend three months after claim construction); *ChriMar Sys.*, 2015 WL 13449849, at *4 (finding plaintiff acted diligently in bringing the motion less than one month after the court's claim construction order).

---

[2] Although Viasat provided SanDisk's expert with access to its source code in a source code room, Viasat has refused to print certain source code files which SanDisk requested pursuant to the provisions of the Protective Order, further denying SanDisk the with timely discovery and the opportunity to use those source code print outs to prepare for and for taking depositions.

### C. There is No Prejudice to Viasat

Viasat will suffer no undue prejudice from SanDisk's narrowly tailored amendments, which merely clarify SanDisk's contentions, and provide a clear roadmap for further discovery in this litigation. The proposed amendments cause no prejudice to Viasat as they do not assert new claims, do not identify new Accused Products, and only introduce one infringement theory on a dependent claim that was directly responsive to one of the Court's constructions. Nor do the amendments require that new claim terms be construed. Further, fact discovery is ongoing and neither side has taken any depositions. *See e.g.*, *Wisk*, , 2022 WL 5007912, at *5 (Finding no prejudice where the "amendments merely clarify which technology is being accused of infringement."); *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226, 2013 WL 322556, at *3 (N.D. Cal. Jan. 28, 2013) (granting leave to amend where new issues were identified two months after the claim construction order and before the close of discovery); *Radware Ltd. v. F5 Networks, Inc.*, 2014 WL 3728482, at *2 (N.D. Cal. 2014) (finding no prejudice where plaintiff moved for leave to amend three months after claim construction); *ChriMar Sys.*, 2015 WL 13449849, at *4 (finding no prejudice where proposed amendments introduced theories only previously disclosed in an ITC case).

## IV. CONCLUSION

For the reasons stated above, there is good cause for SanDisk's proposed amendment under Patent L.R. 3-6, and there will be no undue prejudice to Viasat. Accordingly, SanDisk respectfully requests that the Court issue an order granting SanDisk leave to amend its infringement contentions.

| | | |
|---|---|---|
| 1 | DATED: January 16, 2025 | Respectfully submitted, |
| 2 | | GIBSON, DUNN & CRUTCHER LLP |
| 3 | | |
| 4 | | By: /s/ L. Kieran Kieckhefer |
|   | |     L. Kieran Kieckhefer |
|   | |     Brian M. Buroker |
| 5 | |     Robert A. Vincent |
|   | |     Lillian J. Mao |
| 6 | |     Ahmed ElDessouki |
| 7 | | *Attorneys for Plaintiffs* |