# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| SanDisk Technologies, Inc., et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22-cv-04376-HSG |
| Viasat, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Intelsat, S.A.
7900 Tysons One Place, McLean, VA 22102

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A

| Place: | Date and Time: |
|---|---|
| 7900 Tysons One Place, McLean, VA 22102 | 02/28/2025 12:00pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/04/2025

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs SanDisk Technologies, Inc., et al. , who issues or requests this subpoena, are: Spencer Ririe, Mangum Ririe LLP, 999 Corporate Dr., Ste. 255, Ladera Ranch, CA 92694; spencer@mangumririe.com; 949-699-2499

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-04376-HSG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

## EXHIBIT A

## DEFINITIONS

The following definitions and instructions are set forth for the purposes of these requests and should be considered part of each request.

These definitions apply regardless of whether a defined term is capitalized in a request.

1.      "You" or "Your" means the corporation to whom this subpoena is directed, together with any of its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys.

2.      "Plaintiffs" means Plaintiffs Sandisk Technologies, Inc., SanDisk Technologies LLC, SanDisk 3D IP Holdings Ltd., and SanDisk Storage Malaysia Sdn. Bhd.

3.      "Defendant" or "Viasat" means Viasat, Inc., together with any of its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys.

4.      "Litigation" means the above-captioned patent infringement lawsuit pending in the United States District Court for the Northern District of California.

5.      "Viasat Accused Products" means any in-flight entertainment (IFE) and/or in-flight communication (IFC) and/or in-flight entertainment and communication (IFEC) system (as defined below) made, sold, leased, and/or offered for sale or lease by Viasat to You.

6.      "IFE system" means any in-flight entertainment system and any system that facilitates the playback of media on an aircraft, and any related hardware, software, and/or services (*e.g.*, the provision of internet connectivity, the provision of media content, and the provision of DRM services).

7.      "IFC system" means any in-flight communication system and any system that facilitates communications on an aircraft, and any related hardware, software, and/or services.

This definition includes any in-flight communication system, software, or service related to facilitating communications within an aircraft, between aircraft, and/or between an aircraft and any ground-based component.

8.    "IFEC system" means any product and/or service, or combination of products and/or services, that includes both an IFE system and an IFC system, whether sold or leased together or separately.  This definition includes any instances in which Viasat provides both an IFE system and IFC system for use on the same aircraft.

9.    "Playback Device" means any device that supports media playback by any Viasat IFE, IFC, and/or IFEC system.  This definition includes but is not limited to "seatback" devices, "semi-embedded" devices, and passenger devices.

10.    "Document(s)" is synonymous in meaning and equal in scope to its usage in Fed. R. Civ. Proc. 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

11.    "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including without limitation letters, memoranda, emails, face-to-face meetings, telephone conversations, internet-based remote meetings, and telephonic notes in connection with the same.

12.    "Concerning" means concerning, regarding, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing, constituting, or being.

13.     "Thing" and "Things" have the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure.  This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens thereof.

14.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

15.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

16.     "Including" means including, but not limited to.

17.     The use of singular form includes plural and vice versa.

18.     The use of present tense includes past tense and vice versa.

## **INSTRUCTIONS**

The following instructions apply to the requests for production below and should be considered part of each request.

These instructions apply regardless of whether a defined term is capitalized in a request.

1.     You are requested to provide all responsive Documents, electronically stored information, and Things.  If you withhold any requested Documents, electronically stored information, or Things responsive to these requests for any reason, you are requested to state the basis for withholding the Documents, electronically stored information, or Things in a manner sufficient to enable Plaintiffs and the Court to evaluate the validity of the withholding.

2.     If you object to any request on the ground that it is ambiguous in whole or in part, identify in the objection the particular language that you contend is ambiguous and state the interpretation of that language that you have used to identify responsive Documents, electronically stored information, or Things.

3.      None of the definitions and instructions or the requests set forth below should be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request.

4.      These requests are ongoing and continuing in nature. You are requested to supplement your responses in accordance with Federal Rule of Civil Procedure 26(e).

5.      In the event that multiple copies of a Document exist, you should produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

6.      The Documents produced in response to these requests shall be organized and designated to correspond to the categories in these requests or, if not, produced in the same file or manner as they are maintained in the normal course of business, and in either case: (a) all associated file labels, file headings, and file folders shall be produced together with the responsive Documents from each file and each file shall be identified as to its owner or custodian; (b) all Documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; (c) all photocopies shall be stapled or clipped as the originals; and (d) each page shall be given a discrete production number.

7.      If you represent an inability to comply with a particular demand for production, you shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request.  Your statement should specify the reason you cannot comply, and shall set forth the name and address of any person known or believed by you to have possession, custody, or control of the Document or category of Documents.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

The most recent version of the full aircraft maintenance manual or aircraft maintenance manual supplement for every Intelsat IFE system installed on each of the following aircraft:

1. Airbus 321 aircraft operated by American Airlines (including, but not limited to, Intelsat's Gogo Vision IFE system on these aircraft);

2. Airbus 220-100 aircraft operated by Delta Air Lines (including, but not limited to, Intelsat's Gogo Vision Touch IFE system on these aircraft);

3. Airbus 220-300 aircraft operated by Delta Air Lines (including, but not limited to, Intelsat's Gogo Vision Touch IFE system on these aircraft).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

| | |
|---|---|
| SanDisk Technologies, Inc., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Viasat, Inc. | ) |
| *Defendant* | ) |

Civil Action No.  22-cv-04376-HSG

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Intelsat, S.A.
7900 Tysons One Place, McLean, VA 22102

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:    SEE EXHIBIT B

| Place: To be determined at a location mutually acceptable to the SanDisk Plaintiffs and the subpoena recipient | Date and Time: To be determined pursuant to Civil L.R. 30-1 |
|---|---|

The deposition will be recorded by this method:    Stenographic, audiovisual methods and/or LiveNote

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/04/2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs SanDisk Technologies, Inc., et al.                                    , who issues or requests this subpoena, are:
Spencer Ririe, Mangum Ririe LLP, 999 Corporate Dr., Ste. 255, Ladera Ranch, CA 92694; spencer@mangumririe.com; 949-699-2499

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. **22-cv-04376-HSG**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                        *Server's signature*

                                        _____

                                        *Printed name and title*

                                        _____

                                        *Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment          Reset

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

## EXHIBIT B

## DEFINITIONS

1.      All definitions set forth in Exhibit A are incorporated herein by reference.

## INSTRUCTIONS

1.      This request seeks disclosure to the full extent of the Federal Rules of Civil Procedure and shall be interpreted as inclusive rather than exclusive.

2.      Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, it is Your duty in responding to this request to designate one or more officers, directors, managing agents, or other persons who are the most knowledgeable with respect to the topics identified below.

3.      Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, it is Your obligation to ensure that said designees must know, be educated on, and testify about, information known or reasonably available to You.

**DEPOSITION TOPICS**

**TOPIC NO. 1:**

Authentication of all documents produced in response to the Document Requests of Exhibit

A.

**EXHIBIT C**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, and SANDISK STORAGE MALAYSIA SDN. BHD. | Case No. 4:22-cv-04376-HSG<br><br>STIPULATED [PROPOSED] PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |
| Plaintiff, | |
| v. | |
| VIASAT, INC., | |
| Defendant. | |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      CONFIDENTIAL – FOUO INFORMATION: information that has previously been designated as For Official Use Only, provided that the Producing Party reasonably believes in good faith that the prior designation is appropriate at the time of the production.  This designation was used to identify materials that may have been subject to heightened protections, including a possible exemption from mandatory disclosure under the Freedom of Information Act or other restrictions on controlled unclassified information under U.S. laws and regulations.

2.4      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5      <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "SENSITIVE – SUBJECT TO EXPORT CONTROL," "CONFIDENTIAL – FOUO INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.7      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time

United States District Court
Northern District of California

of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.14 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." "SENSITIVE – SUBJECT TO EXPORT CONTROL," "CONFIDENTIAL – FOUO INFORMATION," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.18  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.19  SENSITIVE – SUBJECT TO EXPORT CONTROL: information that a Party reasonably believes in good faith to be subject to U.S. export control laws and regulations, including, without limitation, the U.S. Arms Export Control Act, as amended, the International Traffic in Arms Regulations (ITAR), as amended, the Export Administration Act, as amended, and the U.S. Export Administration Regulations, as amended.

3.  <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  <u>DESIGNATING PROTECTED MATERIAL</u>

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-

4

Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "SENSITIVE – SUBJECT TO EXPORT CONTROL," "CONFIDENTIAL – FOUO INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not

designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "SENSITIVE – SUBJECT TO EXPORT CONTROL," "CONFIDENTIAL – FOUO INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "SENSITIVE – SUBJECT TO EXPORT CONTROL," "CONFIDENTIAL – FOUO INFORMATION."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

United States District Court
Northern District of California

1  at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

2  designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

3  "SENSITIVE – SUBJECT TO EXPORT CONTROL," "CONFIDENTIAL – FOUO

4  INFORMATION."

5       Transcripts containing Protected Material shall have an obvious legend on the title page that the

6  transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

7  line numbers as appropriate) that have been designated as Protected Material and the level of protection

8  being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

9  requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall

10  be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript

12  shall be treated only as actually designated.

13       (c) for information produced in some form other than documentary and for any other tangible

14  items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

15  which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY," "SENSITIVE – SUBJECT TO EXPORT CONTROL,"

17  "CONFIDENTIAL – FOUO INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

18  If only a portion or portions of the information or item warrant protection, the Producing Party, to the

19  extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

20       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

21  qualified information or items does not, standing alone, waive the Designating Party's right to secure

22  protection under this Order for such material. Upon timely correction of a designation, the Receiving Party

23  must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

24  Order.

25  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

26       6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

27  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

28  is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

United States District Court
Northern District of California

1    disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

2    designation by electing not to mount a challenge promptly after the original designation is disclosed.

3         6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by

4    providing written notice of each designation it is challenging and describing the basis for each challenge.

5    To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

6    challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

7    Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

8    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

9    days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

10    belief that the confidentiality designation was not proper and must give the Designating Party an

11    opportunity to review the designated material, to reconsider the circumstances, and, if no change in

12    designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

13    the next stage of the challenge process only if it has engaged in this meet and confer process first or

14    establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

15    manner.

16         6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention,

17    the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in

18    compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

19    within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

20    whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the

21    movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

22    by the Designating Party to make such a motion including the required declaration within 21 days (or 14

23    days, if applicable) shall automatically waive the confidentiality designation for each challenged

24    designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation

25    at any time if there is good cause for doing so, including a challenge to the designation of a deposition

26    transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

27    competent declaration affirming that the movant has complied with the meet and confer requirements

28    imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

United States District Court
Northern District of California

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person

who otherwise possessed or knew the information.

7.4     Disclosure of "SENSITIVE – SUBJECT TO EXPORT CONTROL" Information or

Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, information

designated "SENSITIVE – SUBJECT TO EXPORT CONTROL" shall not be disclosed to any person other

than those persons identified in paragraphs (a)-(e) below who are also U.S. Nationals as defined by 8

U.S.C. § 1101(a)(22) or who is a protected individual as defined by 8 U.S.C. § 1324b(a)(3)(A):

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as

to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and

Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed

the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person

who otherwise possessed or knew the information.

Further:

(1) Each party or person who receives documents, information, or material designated as

"SENSITIVE – SUBJECT TO EXPORT CONTROL" shall become adhere to all applicable U.S.

export control laws and regulations, including, but not limited to, the U.S. Arms Export Control

Act, as amended, 22 U.S.C. § 2751–2799, the International Traffic in Arms Regulations, as

amended, 22 C.F.R. §§ 120–130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401–

2420, and the U.S. Export Administration Regulations, as amended, 15 C.F.R. § 730 et seq.

(2) If documents, information, or material designated "SENSITIVE – SUBJECT TO

EXPORT CONTROL" are stored electronically on a server, access to such designated documents,

information, or material shall be password protected, and access to the designated documents,

information, and material shall be limited to those persons identified in paragraphs (a)-(e) above, and the electronically stored designated documents, information, or material shall be maintained on U.S.-based servers in systems with role-based access controls with security controls that are approved using an industry standard system such as ISO27001.

(3) In addition to the restrictions set forth above documents, information, and material designated "SENSITIVE – SUBJECT TO EXPORT CONTROL" shall be treated in the same manner as documents, information, and material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

7.5    Disclosure of "CONFIDENTIAL – FOUO INFORMATION" or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, information designated "CONFIDENTIAL – FOUO INFORMATION" " shall not be disclosed to any person other than those persons identified in paragraphs (a)-(e) below who are also U.S. Nationals as defined in 8 U.S.C. § 1101(a)(22) or who is a protected individual as defined by 8 U.S.C. § 1324b(a)(3)(A):

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Further:

(1) All individuals handling "CONFIDENTIAL – FOUO INFORMATION" materials are required to protect them from unauthorized disclosure. Handling, storage, reproduction, and

disposition of such materials must ensure that such materials are only viewed by those with a need to see it related to this action. If CONFIDENTIAL – FOUO INFORMATION material is unattended, it must be stored in a locked container or area offering sufficient protection against theft, compromise, inadvertent access, and unauthorized disclosure. When no longer needed, CONFIDENTIAL – FOUO INFORMATION materials must be destroyed and disposed of securely.

(2) In addition to the restrictions set forth above, documents, information, and material designated "SENSITIVE – SUBJECT TO EXPORT CONTROL" shall be treated in the same manner as documents, information, and material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

7.6 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

United States District Court
Northern District of California

employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

Counsel or Expert.

8.      PROSECUTION BAR

        Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to content distribution, including the use of storage systems for content distribution systems, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination), and does not include representing a patent owner in such proceedings unless in relation to a motion to amend the claims of a patent held by a party to this action or any parent, subsidiary, or entity related to a party to this action, whether U.S. or foreign.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that is technical in nature is first received by the affected individual and shall end two (2) years after final termination of this action.

9.      SOURCE CODE

        (a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

        (b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

---

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

United States District Court
Northern District of California

1    information  including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the

2    individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be

3    disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

4              (c)      Any source code produced in discovery shall be made available for inspection, in a format

5    allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually

6    agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location that

7    is reasonably convenient for the Receiving Party and any experts to whom the source code may be

8    disclosed. The source code shall be made available for inspection on a secured computer in a secured room

9    without Internet access or network access to other computers, and the Receiving Party shall not copy,

10   remove, or otherwise transfer any portion of the source code onto any recordable media or recordable

11   device. The Producing Party may visually monitor the activities of the Receiving Party's representatives

12   during any source code review, but only to ensure that there is no unauthorized recording, copying, or

13   transmission of the source code.

14             (d)      The Receiving Party may request paper copies of limited portions of source code that are

15   reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

16   deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other

17   than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all

18   such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL -

19   SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy

20   form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

21   Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes

22   of dispute resolution.

23             (e)      The Receiving Party shall maintain a record of any individual who has inspected any

24   portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies

25   of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create

26   any electronic or other images of the paper copies and shall not convert any of the information contained in

27   the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if

28   such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a

16

testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the

preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party

at the end of each day and must not be given to or left with a court reporter or any other unauthorized

individual.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL –

SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy

of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena

or court order shall not produce any information designated in this action as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the

subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

Designating Party shall bear the burden and expense of seeking protection in that court of its

confidential material – and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in

this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery order

that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product protection,

the parties may incorporate their agreement in the stipulated protective order submitted to the

court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

Party waives any right it otherwise would have to object to disclosing or producing any information or item

on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to

object on any ground to use in evidence of any of the material covered by this Protective Order.


14.3    Filing Protected Material. Without written permission from the Designating Party or a

court order secured after appropriate notice to all interested persons, a Party may not file in the public

record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is

privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving

Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the

court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

Rule 79-5 unless otherwise instructed by the court.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 9, 2024          /s/ Ahmed ElDessouki
                                 _____
                                 Counsel for plaintiffs

Dated: February 9, 2024          /s/ Jodie Cheng
                                 _____
                                 Counsel for defendant

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

                                 ___/s/ Jodie Cheng_____
                                 Jodie Cheng
                                 Counsel for defendant

United States District Court
Northern District of California

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____   _____

                                        HAYWOOD S. GILLIAM, JR.
                                        United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ***Western Digital Technologies, Inc. et al. v. Viasat, Inc.*, Case No. 4:22-cv-04376**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                            [printed name]

Signature: _____
                       [signature]

22