L. Kieran Kieckhefer (SBN 251978)
Brian M. Buroker (*pro hac vice*)
Robert A. Vincent (*pro hac vice*)
Lillian J. Mao (SBN 267410)
Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8200

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR INFRINGEMENT CONTENTIONS**<br><br>Date: February 27, 2025<br>Time: 2:00 p.m.<br>Courtroom 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. SanDisk Has Good Cause to Amend the Infringement Contentions ......................1

    B. SanDisk's Amendments Were Timely .....................................................................3

    C. There Is No Prejudice to Viasat ...............................................................................5

III. CONCLUSION .....................................................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

SanDisk seeks to amend its infringement contentions to clarify its infringement theories as a result of the Court's claim construction order. Good cause for SanDisk's proposed amendments exists pursuant to Patent L.R. 3-6 in view of the Court's claim constructions and the recent source code mapping provided by Viasat. Dkt. 146 ("Mot."), 9. SanDisk has proposed amendments to its infringement contentions to address the Court's claim constructions of terms where the Court adopted Viasat's claim construction or applied a construction different from what either party had proposed. Moreover, there is no prejudice to Viasat in view of the limited amendments proposed; the proposed amendments are narrowly tailored, do not add new products or claims, and only add one new theory under DOE as it relates to a dependent claim term that was construed by the Court. Finally, SanDisk acted diligently to revise its contentions in view of the Court's constructions, despite Viasat's failure to produce documents timely.

**II.    ARGUMENT**

**A.     SanDisk Has Good Cause to Amend the Infringement Contentions**

<u>Claim Construction</u>:  First, Viasat concedes that SanDisk has good cause to amend the infringement contentions in view of the Court's claim constructions on at least two terms: (i) "authenticate the portable data storage device, using at least the unique identifier" ('400 claim 1[e]) and "receive an indication of the NAS device having a secure region" ('667 claim 1[c]). Dkt. 153 ("Opp."), 12. However, Viasat argues that, at most, only the five pages of proposed amendments that specifically show support for these claim terms should be permitted. *Id*. In so arguing, Viasat ignores the impact of these two terms on other limitations. As to the '400 patent, claim 1 includes at least two limitations that are impacted by the "authenticate" limitation: (i) "obtain a unique identifier from the portable data storage device, wherein the unique identifier is specific to the portable data storage device and is concealed by the portable data storage device", and (ii) "in response to the authentication, provide to the portable data storage device an encrypted first media

1

content and a corresponding access key." The first limitation relates to the "unique identifier" of the portable data storage device that is used during the "authenticate" step that was subject to the Court's construction. The second limitation explicitly references the authentication that was subject to the Court's construction. *See also*, Mot., 6 (citing amendments across multiple limitations "that relate to the unique identifiers used by the Accused Products and the authentication procedures" of the '400 patent). As to the '667 patent, the Court's construction of the "receive an indication" limitation impacts the following two limitations: (i) "transmit the digital content to the secure region" and (ii) "transmit instructions to the NAS device to control streaming access to the digital content," which depend on the completion of the "receiv[ing] an indication" step. *See*, *id.*, 7 (citing amendments across multiple limitations that relate to the indication claim limitation of the '667 patent). As such, the amendments related to the other claim limitations should also be allowed.

Second, as to the "kiosk" claim term, Viasat incorrectly argues that the Court's construction adopts SanDisk's proposal. Opp., 6-7. Not so. SanDisk's proposal was that the "kiosk" term is a non-limiting pre-amble, although it proposed an alternative construction at the Court's request at the hearing. Hearing Tr. 9:8-12:5. As such, the proposed amendments in view of the Court's construction as to the "kiosk" limitation should be permitted.

Third, as to the "portable data storage device" limitation, SanDisk is not proposing a different DOE theory, contrary to Viasat's assertions. Opp., 8. Rather, SanDisk is merely clarifying its position in view of the arguments that were made during claim construction. *Compare* ElDessouki, Ex. 2, 11 (explaining that "'seatback' devices perform substantially the same function in substantially the same way to obtain substantially the same result") *with* Ex. 2, 19 (seatback "devices perform substantially the same function in substantially the same way to obtain substantially the same result as the claimed portable data storage device."). The proposed amendments to the "portable data storage device" limitation should also be permitted.

Fourth, as to the "public environment" limitation, there was a clear dispute at the claim construction hearing as to the meaning of Viasat's proposed construction, which was resolved by

the Court's claim construction order. *See e.g.*, Hearing Tr. at 71:12-13 (SanDisk: "Viasat's construction . . . doesn't provide clarity"), 73:4-25 (THE COURT: "[W]hat's the difference between public and general public?"), 74:20-21 (VIASAT: "We are very concerned that there is a dispute over claim scope on 'public'"). Again, the proposed amendments to the "public environment" limitation should also be permitted.

Source Code Mapping: Viasat argues that SanDisk's reliance on the source code mapping is pretextual because SanDisk did not attach the mapping to its filing. Opp., 8-10. However, how SanDisk relied on the mapping is reflected in the proposed amendments that were filed with the Court: the mapping provided a roadmap for the additional source code review, so that SanDisk's expert could reliably determine (without guessing) "what functionality was performed at which location." Mot., 4. This was particularly important in view of the Court's constructions of the "authenticate" and "indication" limitations, which require the expert to trace the flow of data items within the system to ensure that messaging within the accused products related to the authentication and indication flows through the system in a manner consistent with the Court's claim construction. Moreover, SanDisk repeatedly explained the relevance of the requested mapping to Viasat since it requested it on October 2, 2024, including on November 1, November 4, November 5, November 20, and December 4. It was not until December 13 that Viasat provided the mapping, even though it was due to SanDisk on October 2. SanDisk then expeditiously re-reviewed the source code on December 17 and 18, and then served the amended contentions on January 3, 2025. Declaration of Ahmed ElDessouki ISO Reply Brief ("ElDessouki Reply Decl."), ¶3.

**B.    SanDisk's Amendments Were Timely**

Viasat argues that SanDisk's proposed amendments were not served timely, on account of not providing the amended contentions months *before* the Court's claim construction issued. Opp., 10-11. Not so. As an initial matter, there is no requirement that SanDisk amend its infringement contentions before the Court's claim construction. *Emblaze*, *Ltd. v. Apple Inc.*, Case No. 5:11-cv-01079-PSG, 2013 U.S. Dist. LEXIS 132169, at *3 (N.D. Cal. Sept. 12, 2013) (finding that the Local

3

PLAINTIFFS' REPLY ISO MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS
CASE NO. 4:22-CV-4376-HSG

Patent Rules "impose[] no different standard *when* the different claim construction was first proposed by the opposing party.") (emphasis added); *ChriMar Sys. Inc. v. Cisco Sys. Inc.*, No. 13CV01300JSWMEJ, 2015 WL 13449849, at *4 (N.D. Cal. May 14, 2015), *report and recommendation adopted*, No. C 13-01300 JSW, 2015 WL 13450357 (N.D. Cal. June 8, 2015) ("Rule 3-6(a) does not require a party to seek leave to amend prior to issuance of the final claim construction order."); *GPNE Corp. v. Apple Inc.*, No. 512CV02885LHKPSG, 2013 WL 6157930, at *2 (N.D. Cal. Nov. 22, 2013) (finding that the moving party "could not have anticipated the full scope of the amendments needed without the court's claims construction order before it."). Moreover, "the court has discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-CV-02450-WHO, 2022 WL 5007912, at *2 (N.D. Cal. Oct. 4, 2022).[1]

SanDisk immediately began the process of assessing the Court's claim construction order, Viasat's source code, and document productions in light of the claim construction order, and issued new discovery requests immediately after the Court's claim construction order issued (including requests for the source code mapping referenced above). Mot., 10. Moreover, although Viasat argues that SanDisk did not raise the potential for amendment at the October 15, 2024 case management conference (Opp., 1), it did raise that issue with Viasat's counsel on a meet and confer on October 14, 2024. ElDessouki Reply Decl., ¶4. SanDisk waited until Viasat provided the source code mapping[2] before serving amended contentions to avoid any potential argument from Viasat

---

[1] Viasat only cites one case in support of its position that SanDisk was untimely. Opp., 11 (citing *Google, Inc. v. Netlist, Inc.*, No. C 08-4144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010)). However, in *Google*, the moving party "filed its motion for leave to amend its infringement contentions on the day before the close of fact discovery," following the competition of depositions. That is far from the case here. SanDisk served the amended contentions more than one month before the close of fact discovery, and before any depositions had occurred.

[2] Viasat did not provide the source code mapping until December 13, despite having been required to respond fully on November 1. ElDessouki Reply Decl., ¶3.

that SanDisk has not identified files within the relevant system component sufficient to show the data flows required by the claims in light of the Court's claim constructions.

Moreover, Viasat ignores that it has been dilatory in producing technical documents to SanDisk—Viasat produced only 12,000 pages prior to January 3, 2025 (the date that SanDisk served the amended contentions to Viasat), but over 106,000 pages after that date, including more than 57,000 pages after the deadline for the substantial completion of document discovery. Mot., 7-8. While Viasat faults SanDisk for not supplementing the contentions previously, SanDisk was awaiting additional discovery from Viasat that is highly relevant to the contentions at-issue, which impeded its ability to supplement the infringement contentions. Ultimately, SanDisk elected to proceed with amending the contentions even in light of the deficiencies in Viasat's production on January 3, 2025 to ensure that Viasat had the contentions in advance of the deadline for substantial completion of document production, and in advance of any depositions.

### C. There Is No Prejudice to Viasat

As explained in SanDisk's Opening Brief, SanDisk's proposed amendments to the infringement contentions "clarify its infringement theories as a result of the Court's claim construction order," and "provide a roadmap for further discovery." Mot., 5, 12. The proposed amendments "do not assert new claims, do not identify new Accused Products, and only provide one new infringement theory necessitated by the Court's construction that differed from what both parties proposed – namely a doctrine of equivalents argument for dependent claim 8 of the '400 patent)." *Id*. The narrowly tailored proposed amendments were served on Viasat on January 3, 2025, before any depositions had occurred and more than a month before any deposition of Viasat technical witness occurred. There is plainly no prejudice to Viasat, and Viasat's Opposition confirms as such. Viasat makes four arguments, but each one fails.[3]

---

[3] In all the cases that Viasat relies on to support its prejudice arguments, unlike here, the moving party sought to add new claims and/or new products through its amended contentions. Opp., 12-13. *See e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF-NC, 2023 WL 2394539, at *3 (N.D.

First, Viasat argues that the proposed amendments present "new theories" and "seek significant amendments to nearly every limitation." Opp., 2-4, 12.  Viasat's arguments are unsubstantiated, and Viasat has failed to explain what those alleged new theories are (there are none other than a DOE theory as to a dependent claim), what new discovery it would have sought (in fact, Viasat did not serve any new discovery related to the proposed amendments), or how any proposed amendment would be significant.  Viasat insinuates that the amendments are significant because they cite 20,000 lines of code.  Opp., 14 (citing Curran Decl., ¶¶4-5).  Viasat's argument is disingenuous at best—20,000 lines of code are likely no more than 100 pages, which pales in comparison with the volume of files that Viasat made available to SanDisk for review or that it produced.  Mot., 10.  As such, SanDisk's proposed amendments are similar to the amendments in *Wisk*, where the Court "found no prejudice because 'none of the amendments assert new theories or seem to require new discovery." *Id*., 15 (citing *Wisk Aero LLC v. Archer Aviation Inc*., No. 21-CV-02450-WHO, 2022 WL 5007912, at *5 (N.D. Cal. Oct. 4, 2022)).

Second, Viasat argues incorrectly that SanDisk is seeking to newly accuse its residential media streaming systems of infringing the '400 patent at this stage (Opp., 2-4, 12-13), despite SanDisk clearly stating in the Motion that the proposed amendments "do not identify new Accused Products." Mot., 5.  Viasat's argument is predicated on the addition of parentheticals clarifying the subject-matter of previously cited documents.  *Id*., 12 (citing Ex. 2 at 1).  This argument takes out of context prior discussions between the parties relating to a discovery dispute as to whether Viasat should produce documents relating to Viasat's residential products.  Viasat's residential media streaming system—which is fundamentally the same system that streams media to Viasat aircrafts

---

Cal. Mar. 6, 2023) (plaintiff sought to add new products and new claims to its infringement contentions); *Sun Microsystems, Inc. v. Network Appliance, Inc*., No. C-07-05488 EDL, 2009 WL 508448, at *1 (N.D. Cal. Feb. 27, 2009) (plaintiff sought to add new "segment cleaning" functionality and new dependent claims); *Oyster Optics, LLC v. Ciena Corp*., No. 20-CV-02354-JSW(LB), 2022 WL 561931, at *4 (N.D. Cal. Feb. 24, 2022) (finding that the "charted product was new.").

and other mobility products—was identified as an accused product against the '667 patent as early as March 22, 2024. *See e.g.*, ElDessouki Decl., Ex. 4 at 1 (listing the Accused Product to include Viasat's media streaming system, known as the "Viasat Content Delivery System" or "VCDS"), 8-11 (listing various applications of Viasat's VCDS), 30 (pictorially illustrating that Viasat's VCDS provides content to residential applications). Yet, Viasat took, and continues to take, the position that SanDisk failed to identify residential applications as infringing the '667 patent. The addition of clarifying parentheticals on the first page of each chart illustrates that those products were identified as early as March 2024 for purposes of discovery and the parentheticals do not alter the scope of the infringement contentions in any way.

Third, Viasat argues that the alleged addition of two source code files would raise a "prior use" defense. Opp., 14-15. But one of two files (mediaSystemState.h) was already cited in the March 22, 2024 contentions for the '667 patent and yet Viasat's invalidity contentions did not raise a prior use defense based on that citation. *See* ElDessouki Decl., Ex. 4 at 28, 48. The proposed amendments simply expand on the relevance of the file to the claim limitation. *Id.*, 48 (explaining that the file contains a variable named "encrypted" that "indicates the presence of a secure region"), 14 (explaining that the file contains information about the storage device). The second file (systemStateManager.c) is related to the first and is cited in connection with the first. *Id.*, at 32. Moreover, these citations do not add a new infringement theory; rather, they explain how the Viasat system satisfies the claim limitations in light of the Court's claim construction of the "indication" limitation. For example, SanDisk had previously cited documents that confirm that encryption is used. *Id.*, at 41-43. Finally, a prior use defense pursuant to Section 273[4] requires that Viasat show

---

[4] Viasat's Opposition appears to incorrectly cite the prior art provision of the patent statute (pre-AIA Section 102(b)) in support of a prior use defense. Opp., 14. Pursuant to the AIA, 35 U.S.C. §273 establishes a "[d]efense to infringement based on prior commercial use." Assuming that Viasat meant to say that it would have a prior art defense based on its own system, Viasat identified the Arconics CloudStore system, a predecessor system to the Accused Products, as an alleged prior art system in its invalidity contentions served on April 19, 2024 but did not identify the VCDS system

that Viasat's own prior commercial use predates the February 5, 2015 priority date *by at least one year*; but a copyright date of 2014 on two source code files out of over 46,000 files (*see* Mot., 10) plainly fails to raise any viable prior use defense. Moreover, Viasat failed to make available to SanDisk the source code change log that would indicate what changes were made to the source code, including changes after 2014. ElDessouki Reply Decl., ¶5. It is likely that the instructions cited in the infringement contentions were added after 2014 and thus, that is why Viasat did not assert the VCDS system that execute the identified source code files performed those same instructions prior to the 2015 priority date.

### III. CONCLUSION

For the reasons stated above, there is good cause for SanDisk's proposed amendment under Patent L.R. 3-6, and there will be no undue prejudice to Viasat. Accordingly, SanDisk respectfully requests that the Court issue an order granting SanDisk leave to amend its infringement contentions.

DATED: February 6, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Ahmed ElDessouki
L. Kieran Kieckhefer
Brian M. Buroker
Robert A. Vincent
Lillian J. Mao
Ahmed ElDessouki

*Attorneys for Plaintiffs*

---

to which these two source code files relate. ElDessouki Reply Decl., ¶6. Moreover, Viasat failed to chart either system as part of its invalidity contentions, even though Viasat is the only party that could have any information concerning that system, which confirms that the Viasat systems are not a viable prior art systems. Thus, there is no prejudice to the amendment.