1  L. Kieran Kieckhefer (SBN 251978)
   GIBSON, DUNN & CRUTCHER LLP
2  One Embarcadero Center, Suite 2600
   San Francisco, CA 94105-0921
3  Telephone: 415.393.8337
   Email: KKieckhefer@gibsondunn.com
4
   Robert A. Vincent (*pro hac vice*)
5  GIBSON, DUNN & CRUTCHER LLP
   2001 Ross Avenue Suite 2100
6  Dallas, TX 75201-2923
   Telephone: 214.698.3281
7  RVincent@gibsondunn.com

8  Lillian J. Mao (SBN 267410)
   GIBSON, DUNN & CRUTCHER LLP
9  310 University Avenue
   Palo Alto, CA 94301-1744
10 Telephone: 650.849.5307
   LMao@gibsondunn.com
11
   Ahmed ElDessouki (*pro hac vice*)
12 GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
13 New York, NY 10166-0193
   Telephone: 212.351.2345
14 AElDessouki@gibsondunn.com

15 Brian M. Buroker (*pro hac vice*)
   Shuo Zhang (*pro hac vice*)
16 GIBSON, DUNN & CRUTCHER LLP
   1700 M St, N.W.
17 Washington DC 20036-4504
   BBuroker@gibsondunn.com
18 SZhang@gibsondunn.com

19 *Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al., | Case No. 4:22-CV-4376-HSG |
| Plaintiffs, | **SANDISK'S MOTION TO EXTEND THE DEADLINE FOR THE CLOSE OF FACT DISCOVERY AND EXTEND CASE SCHEDULE** |
| v. | |
| VIASAT, INC, | |
| Defendants | |

## I. INTRODUCTION

Plaintiffs SanDisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (collectively, "Plaintiffs" or "SanDisk") bring this motion to request an extension of the deadline for the close of fact discovery and other deadlines. On December 2, 2024, the Court set the case schedule, including February 7, 2025, as the deadline for the Close of Fact Discovery in the above-captioned action. Dkt. 131. Plaintiffs seek to extend this deadline to March 14, 2025, and to adjust the remainder of the case schedule accordingly. The parties have been unable to reach an agreement regarding this extension.[1]

This motion requests a limited extension of the fact discovery deadline due to the difficulty in completing fact discovery by the current February 7, 20205 deadline, caused in large part by significant delays by Defendant Viasat, Inc. ("Defendant" or "Viasat"), including Viasat's late identification of witnesses and its delayed and still deficient document productions. Just weeks before the fact discovery deadline, Viasat more than tripled the number of Viasat witnesses on its Rule 26 disclosures that SanDisk has had to scramble to schedule for deposition. Also within the final weeks of discovery, Viasat has increased its document production over tenfold, with more than half of its overall production coming after the deadline to substantially complete document production. Together with Viasat's continuing refusal to produce relevant documents and witnesses, a short extension of the schedule to account for these issues is warranted, as indicated below.

SanDisk believed the parties had agreed to extend the close of fact discovery for at least 2 weeks to accommodate the deposition scheduling issues, and that the parties would also work through discovery disputes during those two weeks, particularly given many of the discovery disputes just arose this week as a result of witness testimony. Importantly, this is the course of conduct between the parties – SanDisk (then Western Digital) has agreed to multiple extensions, including multiple full case extensions, in the case Viasat filed against Western Digital in the Western District of Texas. ElDessouki

---

[1] The parties discussed an extension to the deadline for close of fact discovery on January 29, 2025. SanDisk believed the parties were in agreement to extend the deadline for the close of fact discovery, but understood that Viasat would not agree to extend other case deadlines accordingly. On Thursday February 6, Viasat stated that it would not agree to extend fact discovery and would not agree to extend other case deadlines, and would only agree to allow certain depositions to occur out of time. ElDessouki Decl., ¶ 9.

Decl., ¶ 10. Only yesterday did Viasat inform SanDisk that it would not agree to a general extension of fact discovery; it would only agree to an extension for a limited purpose to take certain depositions out of time. *Id.* ¶ 9.

Below is SanDisk's proposal for an extended schedule:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery | February 7, 2025 | March 14, 2025 |
| Opening Expert Disclosures and Reports for Party Bearing Burden of Proof | March 24, 2025 | May 28, 2025 |
| Rebutting Expert Disclosures and Reports | April 14, 2025 | June 19, 2025 |
| Close of Expert Discovery | May 9, 2025 | July 14, 2025 |
| Dispositive Motion Filing Deadline | June 9, 2025 | August 13, 2025 |
| Dispositive Motion Opposition | June 30, 2025 | September 4, 2025 |
| Dispositive Motion Reply | July 14, 2025 | September 18, 2025 |
| Dispositive Motion Hearing | August 14, 2025, at 2:00 p.m. | October 17, 2025 |
| Final Pretrial Conference | November 18, 2025, at 3:00 p.m. | January 19, 2026 |
| Jury Trial | December 1, 2025, at 8:30 a.m. | February 16, 2026, at 8:30 am |

## II.     ARGUMENT

### A.    Viasat's Belated Identification of Witnesses Necessitates a Modest Extension.

Viasat waited until almost the end of discovery to disclose the large majority of its relevant witnesses and to produce the vast majority of its documents, rendering it all but impossible to complete fact discovery by the current deadline. Viasat's initial Rule 26 disclosures, served February 2, 2023, identified only three Viasat-affiliated witnesses as having information relevant to this case—one for operation and design of the Accused Products, one for financial information, and one for marketing. *Id.*, ¶ 5. This case proceeded for the next *twenty-two months* with no further identification of any additional Viasat witnesses. *Id.* But on December 10, 2024, days after the Court entered a Scheduling Order setting a fact discovery deadline of February 7, 2025, Viasat amended its Rule 26 disclosures to more than *triple* the number of Viasat-affiliated witnesses with relevant information, identifying two new financial witnesses and six new technical witnesses—including two in Ireland—with knowledge

of the Accused Products. These include witnesses who Viasat has designated as corporate representatives. Even worse, Viasat also added a third party relating to the operation, design, and development of products and instrumentalities that relate to the Accused Products. *Id*. Viasat has provided no excuse for withholding the identity of these relevant witnesses for nearly two years. *Id*.

Notwithstanding Viasat's delay, SanDisk has worked to schedule as many depositions of Viasat's witnesses within the current discovery schedule. But Viasat has hampered even those efforts. Specifically, Viasat unilaterally canceled two of its scheduled depositions the night before they were set to occur without any explanation. *Id*., ¶ 6. Scheduling depositions for all of Viasat's late-disclosed witnesses was a daunting enough task; Viasat's last-minute cancellations made an already jam-packed schedule unworkable.[2] Moreover, Viasat still refuses to produce a corporate witness on relevant topics such as the "design, architecture, and use of passenger portals by the Accused Products to collect information regarding end-user devices and/or end-users" (which is relevant to the unique identifier claim limitations), "[t]he use of passenger portals by the Accused Products to allow or deny the provision of services to end-users" (which is relevant to the authentication claim limitations), and the "total volume of data traffic transmitted or received by Viasat's IFE systems to Playback Devices, and total volume of data traffic that relates to media protected using a digital rights management system and transmitted or received by Viasat's IFE systems to Playback Devices" (which is relevant to the volume of use of the accused functionalities). *Id*., ¶ 8. The modest extension of the schedule requested by Plaintiffs is necessary to accommodate the remaining depositions, especially, as discussed below, in light of the Viasat's dilatory document production efforts.

### B. Viasat's Belated Document Production and Discovery Supplementation Further Necessitate an Extension.

Compounding the difficulty in scheduling and preparing for the depositions of Viasat's witnesses is Viasat's belated (and still-incomplete) document production. Again, Viasat waited until just weeks before the close of fact discovery to begin producing documents in earnest. Indeed, **over 90%**

---

[2] Plaintiffs also had to postpone depositions of two Viasat witnesses because of an unfortunate and unforeseen family emergency. *Id*., ¶ 7. While the parties have agreed to take some depositions out of time, an overall extension of the discovery schedule is also necessary because of Viasat's discovery deficiencies.

of Viasat's document productions were made in January 2025, and **more than half** of Viasat's document production occurred *after* the January 6, 2025 deadline for substantial completion of document discovery (Dkt. 131). *Id*., ¶ 2. These included relevant documents Sandisk has been requesting for months, including documents related to invoices for the accused functionalities, documents that show the volume of use of the accused functionalities, and manuals and specifications regarding the accused VCDS system. *Id*. The reason for the deadline for substantial completion of document production is to provide ample time to prepare for depositions with knowledge of the full scope of relevant documents. Viasat's inexcusable delay in providing key documents has short circuited the proper sequence of discovery, and it has directly impacted Plaintiffs' ability to proceed with discovery in an organized and efficient manner.

Even worse, recent depositions have confirmed that the deficiencies in Viasat's production remain, including missing source code and financial information related to the Accused Products—information that should have been produced long ago. *Id*., ¶ 3. As recent depositions have made clear, these gaps are not minor oversights. For example, while SanDisk has long attempted to determine the scope of Viasat's source code production relevant to the Accused Products, the recent depositions of Viasat's technical witnesses have revealed significant deficiencies in Viasat's source code production. Furthermore, Viasat's witness recently testified that multiple versions of the source code should exist for the relevant time period, but Viasat has improperly made only one version available for inspection in this case. *Id*.

Similarly, despite repeated requests, recent depositions have made clear that Viasat has failed to produce financial and other damages-related data for the Accused Functionalities. This missing information includes documents sufficient to determine the number of aircrafts equipped with the accused Viasat IFE/IFEC systems on a quarterly basis. *Id*. Viasat has not produced data sufficient to show essential operational and financial metrics, such as the number of flights, passengers, data usage, and content delivery. *Id*. Despite its business model relying on this data, it has failed to produce it, even though it has become clear through recent depositions that such data readily exists and can easily be provided. Viasat witnesses confessed the existence of quarterly profitability analyses of the Accused Products, which also have not been produced. *Id*. Furthermore, Viasat has failed to produce relevant

third-party market data in its possession, as well as information sufficient to determine relevant costs attributable to the Accused Products. All of the above-mentioned missing documents fall squarely within SanDisk's discovery requests, but Viasat has inexpiably failed to produce them.[3]

Finally, just this morning, **on the last day of the current discovery period**, Viasat amended its discovery responses to, for the first time, articulate factual bases for its alleged non-infringement positions. *Id.*, ¶ 4. Viasat should have supplemented these responses long ago. Viasat's delay in doing so until the literal last day of discovery prejudices SanDisk's ability to develop discovery on Viasat's late-identified defenses.

These overlapping challenges, nearly all of which were entirely within Viasat's control, have disrupted the scheduled timelines to complete fact discovery. Plaintiffs have worked diligently to stay on track and continue to make every effort to move the discovery process forward efficiently. However, these combined delays have necessitated the requested extension to ensure that discovery can be completed in a fair and thorough manner.

### III. CONCLUSION

For the reasons outlined above, SanDisk respectfully requests that the Court grant a short extension of fact discovery generally and a corresponding short extension of the case deadlines.

Dated: February 7, 2025                                          GIBSON, DUNN & CRUTCHER LLP

                                                                 */s/ Ahmed ElDessouki*
                                                                 Ahmed ElDessouki

                                                                 *Counsel for Plaintiffs*

---

[3] These missing documents may necessitate additional depositions beyond those already taken or scheduled. SanDisk is filing a motion to compel this information concurrently with the present motion.