1  L. Kieran Kieckhefer (SBN 251978)
   Brian M. Buroker (*pro hac vice*)
2  Robert A. Vincent (*pro hac vice*)
   Lillian J. Mao (SBN 267410)
3  Ahmed ElDessouki (*pro hac vice*)
   GIBSON, DUNN & CRUTCHER LLP
4  One Embarcadero Center, Suite 2600
   San Francisco, CA 94105-0921
5  Telephone: 415.393.8200

6

7  *Attorneys for Plaintiffs*

8                  **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
9                            **OAKLAND DIVISION**

10 | SANDISK TECHNOLOGIES, INC., et al., | Case No.: 4:22-cv-4376-HSG |
11 | | |
   | Plaintiffs, | **DECLARATION OF AHMED** |
12 | | **ELDESSOUKI IN SUPPORT OF** |
   | v. | **SANDISK'S MOTION TO EXTEND** |
13 | | **THE DEADLINE FOR THE CLOSE OF** |
   | VIASAT, INC., | **FACT DISCOVERY AND EXTEND** |
14 | | **CASE SCHEDULE** |
15 | Defendant. | |
16 | | Date: |
   | | Time: |
17 | | Courtroom 2, 4th Floor |
   | | Judge: Hon. Haywood S. Gilliam, Jr. |
18

---

ELDESSOUKI DECL. ISO SANDISK'S MOTION TO EXTEND THE DEADLINE FOR THE CLOSE OF FACT
DISCOVERY AND EXTEND CASE SCHEDULE
CASE NO. 4:22-CV-4376-HSG

I, Ahmed ElDessouki, hereby declare that:

1. I am an attorney with the law firm Gibson, Dunn & Crutcher LLP. I represent Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd., (together "SanDisk") in the above-captioned action asserting that Viasat Inc. ("Viasat") infringes two Asserted Patents: U.S. Patent No. 9,424,400 (the "'400 Patent") and U.S. Patent No. 10,447,667 (the "'667 Patent"). I have personal knowledge of the matters discussed herein.

2. The close of fact discovery is today, February 7, 2025, and the substantial completion of discovery was one month ago on January 6, 2025. Since January 3, 2025, Viasat has produced over 121,000 pages of new material. By contrast, Viasat had produced less than 12,000 pages of information regarding the Accused Products before January 3, 2025. Of the 121,000 pages produced last month, over 72,000 pages were produced *after* the January 6, 2025 substantial completion of discovery. These included relevant documents SanDisk has been requesting for months, including documents related to invoices for the accused functionalities, documents that show the volume of use of the accused functionalities, and manuals and specifications regarding the accused VCDS system.

3. Viasat witnesses confirmed at their depositions that the vast majority of the requested documents are well within the possession, custody, and control of Viasat, and are readily available, including: source code, financial and damages documents, profitability analyses, documents related to the number of aircrafts that implement the accused products on a quarterly basis, operational parameters, such as such as the number of flights, passengers, data usage, and content delivery using the accused products.

4. On February 6, 2024 at 11:48 PM Pacific Time, Viasat for the first time ever articulated its non-infringement defenses and non-infringing alternatives.

5. Viasat's Initial Disclosures were originally served on February 2, 2023, identifying three Viasat-affiliated witnesses—one financial, one technical, and one marketing.

1

ELDESSOUKI DECL. ISO SANDISK'S MOTION TO EXTEND THE DEADLINE FOR THE CLOSE OF FACT DISCOVERY AND EXTEND CASE SCHEDULE
CASE NO. 4:22-CV-4376-HSG

On December 10, 2024, Viasat amended its Initial Disclosures to identify eight new Viasat witnesses, six of whom may testify regarding the operation of the accused products, and two of who may testify regarding financial information relating to the accused products.  Viasat also added a third party who has knowledge concerning the accused products' operation.

6. Viasat unilaterally cancelled two scheduled depositions the night before they were set to occur, without any explanation. For one of them, a Gibson Dunn lawyer had traveled to and was in Boston, where the deposition was set to occur, when Viasat canceled it.  The first deposition had been set to occur on January 21 and the second on January 28.  Both depositions were rescheduled for the week of February 3, resulting in nine depositions being scheduled that week alone.

7. Plaintiffs also had to postpone depositions of two Viasat witnesses in Ireland because of an unfortunate and unforeseen family medical crisis.  The Gibson Dunn lawyer who would be taking the depositions had traveled to Ireland in order to take the depositions, and had to leave Ireland as a result of the crisis.  Viasat has agreed to reschedule those depositions, but they have not yet been rescheduled.

8. The parties have engaged in ongoing meet and confer efforts regarding their respective Rule 30(b)(6) topics to attempt to resolve their disputes, but Viasat has refused to provide Rule 30(b)(6) deposition testimony on approximately 27 topics and significantly and unilaterally narrowed the scope of many others.  These topics include topics related to the "design, architecture, and use of passenger portals by the Accused Products to collect information regarding end-user devices and/or end-users" (which is relevant to the unique identifier claim limitations), "[t]he use of passenger portals by the Accused Products to allow or deny the provision of services to end-users" (which is relevant to the authentication claim limitations), and the "total volume of data traffic transmitted or received by Viasat's IFE systems to Playback Devices, and total volume of data traffic that relates to media protected using a

digital rights management system and transmitted or received by Viasat's IFE systems to Playback Devices" (which is relevant to the volume of use of the accused functionalities).

9. I spoke with counsel for Viasat on January 29 regarding scheduling. During that call, it was my understanding that Viasat had agreed to extend the deadline for the close of fact discovery, but it had not agreed to move other case deadlines. On February 6, I sent Viasat a scheduling proposal to extend the close of fact discovery, consistent with my understanding. In response, for the first time, Viasat refused to a general extension of fact discovery and said it would only agree that certain depositions occur out of time. This created the current urgency and compressed timeline for this motion. On February 7, 2025, counsel for Viasat responded by email, stating that Viasat would oppose the motion.

10. Viasat and Western Digital Technologies (a predecessor in interest to the asserted patents and previously a plaintiff in this case) are also engaged in a litigation in the Western District of Texas, where Viasat filed suit against Western Digital Technologies. It has been the course of conduct between the parties to agree to schedule extensions. In the Texas case, Western Digital has agreed to multiple extensions, including multiple full case extensions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 7, 2025

By:  /s/ Ahmed ElDessouki
         Ahmed ElDessouki

3
ELDESSOUKI DECL. ISO SANDISK'S MOTION TO EXTEND THE DEADLINE FOR THE CLOSE OF FACT DISCOVERY AND EXTEND CASE SCHEDULE
CASE NO. 4:22-CV-4376-HSG