1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Steven Cherny (*pro hac vice*)
2   stevencherny@quinnemanuel.com
    Patrick D. Curran (Bar No. 241630)
3   patrickcurran@quinnemanuel.com
    Tzivya H. Beck (*pro hac vice*)
4   tzivyabeck@quinnemanuel.com
    Hannah Dawson (*pro hac vice*)
5   hannahdawson@quinnemanuel.com
    111 Huntington Ave, Suite 520
6   Boston, MA 02199
    Telephone:   (617) 712-7100
7   Facsimile:    (617) 712-7200

8  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Jodie Cheng (Bar No. 292330)
9   jodiecheng@quinnemanuel.com
    Gyu Shik Jang (Bar No, 337747)
10  kevinjang@quinnemanuel.com
    50 California Street, 22nd Floor
11  San Francisco, CA 94111
    Telephone:   (415) 875-6600
12  Facsimile:    (415) 875-6700

13 QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Anastasia M. Fernands (*pro hac vice*)
14  anastasiafernands@quinnemanuel.com
    Nicola R. Felice (*proc hac vice*)
15  nicolafelice@quinnemanuel.com
    Vanessa Blecher (*pro hac vice*)
16  vanessablecher@quinnemanuel.com
    Alicia Lai (*pro hac vice*)
17  alicialai@quinnemanuel.com
    295 5th Avenue
18  New York, NY 10016
    Telephone:   (212) 849-7000
19  Facsimile:    (212) 849-7100

20   *Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>VIASAT, INC.,<br><br>           Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**VIASAT'S OPPOSITION TO SANDISK'S MOTION TO EXTEND THE DEADLINE FOR THE CLOSE OF FACT DISCOVERY AND EXTEND CASE SCHEDULE (DKT. 158)** |

## I. INTRODUCTION

Fact discovery closed on Feb. 7. Just before midnight, Plaintiffs moved to extend the entire case schedule by 5-8 weeks based on discovery disputes Plaintiffs first raised with the Court that same night. But the Court's standing order directs parties to raise issues with the Court promptly, long before discovery ends, so that the schedule is not needlessly derailed. That did not happen here. Plaintiffs ignored fact discovery for most of the schedule, backloaded the process till its last weeks, and now seek to extend the entire schedule despite never raising a single discovery dispute with the Court before discovery closed. This is the antithesis of diligence.

Plaintiffs' discovery complaints are not just untimely but meritless. Viasat made all accused source code available by Mar. 2024. To the extent Plaintiffs disagreed, the time to raise that issue was long before the final hours of fact discovery. Viasat's document productions were also timely and complete. Indeed, Plaintiffs complain about a large production Viasat made on Jan. 10 (days after the Jan. 6 substantial completion deadline), but ignore that much of this was material Plaintiffs first requested on Dec. 7. Viasat is concerned that Plaintiffs' request for schedule relief was made solely to fix holes in Plaintiffs' case that, to the extent they even could be fixed, should have been addressed far earlier. But wanting a "do-over" is not a valid basis to amend a case schedule. The Court should thus deny Plaintiffs' motion.[1]

## II. ARGUMENT

### A. Plaintiffs Have Not Diligently Conducted Discovery

A case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires diligence in pursing discovery. "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Plaintiffs were not

---

[1] Plaintiffs always wanted the longer schedule they now seek. After claim construction, Plaintiffs proposed this same longer schedule (Dkt. 126 at 10), likely to try to reboot their case after losing key constructions—but the Court *rejected* that schedule (Dkt. 131). Plaintiffs now seek the exact same discovery cutoff the Court rejected, effectively seeking reconsideration of the Court's Order by back-ending discovery to buy more time.

diligent.[2] They waited a year to pursue *any* fact depositions, dragged their feet on dates Viasat proposed, and did not raise supposed document issues with the Court until the literal last hour of the fact discovery period. Lack of diligence is not a basis to extend a schedule; it is a basis to deny such a request.[3]

Plaintiffs filed this case over two years ago. (Dkt. 1.) Discovery was initially stayed because Plaintiffs would not disclose which entities owned which patents. (Dkt. 36 at 5 n.3.) Discovery resumed in Nov. 2023 after Plaintiffs filed an Amended Complaint. (*See* Dkt. 72.) From Nov. 2023 until Dec. 2024, Plaintiffs engaged in extremely limited discovery and took *zero* fact depositions. Plaintiffs inspected Viasat's source code three times in 2024 (Feb., Mar., and Dec.) but sought no depositions concerning that code. Plaintiffs waited until Dec. 31, 2024 to serve a Rule 30(b)(6) notice with 104 deposition topics—including topics relevant to infringement under constructions Viasat proposed in Feb. 2024 and based on source code Viasat produced in Feb./Mar. 2024. Ex. E.[4] This notice could have been served far earlier. Having waited more than a year to take any fact depositions, scheduling difficulties in late Jan./Feb. 2025 (which, as noted below, were not due to any lack of diligence by Viasat) are not a basis for a last-minute extension of the entire case schedule—especially where Viasat has accommodated Plaintiffs' scheduling issues. Depositions could have happened earlier. Plaintiff did not request them. A plaintiff that waits until the final weeks of discovery to even identify deposition topics is not diligent.

**B.    Viasat Has Been Diligent; Any Delays Are of Plaintiffs' Own Making**

Plaintiffs say Viasat's "belated identification of witnesses," "belated" document production, and "missing" source code warrant extensions. Mot. 2-5. None of those alleged discovery issues

---

[2] Plaintiffs claim they thought Viasat agreed on Jan. 29 to move the fact discovery deadline by two weeks for all purposes. ElDessouki Decl. ¶ 9. Viasat did not. Indeed, Viasat's Jan. 30 opposition to Plaintiffs' request to amend infringement contentions stated *five times* that discovery would close Feb. 7. (Dkt. 153.) Plaintiffs did not respond to that filing by saying Viasat was wrong and fact discovery would close Feb. 21 by agreement, because *no such agreement existed*. To the extent Plaintiffs were confused, they never diligently sought to obtain Viasat's position.

[3] *Richards v. Centripetal Networks, Inc.*, No. 23-CV-00145-HSG, 2024 WL 3834386, at *2 (N.D. Cal. Aug. 15, 2024) ("[A] moving party will not be rewarded for its own procrastination."); *Davis v. Pinterest, Inc.*, No. 19-CV-07650-HSG, 2021 WL 4941534, at *6 (N.D. Cal. Oct. 22, 2021) (a party "may not create a scheduling problem through [its] own litigation tactics, then try to force the Court to delay the case by presenting the need for a continuance as a fait accompli").

[4] All referenced exhibits are attached to the Fernands Declaration, filed concurrently.

have merit—and tellingly, none were raised with the Court before the last day of fact discovery. The only thing "belated" has been Plaintiffs' pursuit of discovery.

Plaintiffs do not dispute that Viasat disclosed engineering, marketing, and finance witnesses in initial disclosures in Feb. 2023. Ex. A. Plaintiffs ***never*** tried to depose those witnesses before Dec. 2024—and every witness "belatedly" identified was (1) offered for deposition in the discovery period, and (2) except for three who were delayed based on Plaintiffs' request, were actually deposed in the discovery period. There is no merit to Plaintiffs' claim that "late" identification of witnesses caused delays; witnesses Viasat disclosed in Feb. 2023 were not deposed until Jan./Feb. 2025, ***because Plaintiffs did not seek earlier depositions.*** It was Viasat—not Plaintiffs—that diligently tried to schedule depositions. Viasat proposed a schedule for all but two of its witnesses by December 31. Ex. F at 6. Plaintiffs did not offer any dates for their own witnesses until January 12. *Id.* at 1-2. Plaintiffs also waited until Dec. 31 to serve its 104-topic 30(b)(6) notice that could have been served months earlier. Ex. E. Despite Plaintiffs' delays, Plaintiffs deposed nearly all of Viasat's witnesses before the close of fact discovery, with three exceptions:[5]

- **Kendall Wilson**, whom Viasat offered for a Jan. 31 remote deposition. Plaintiffs rejected this date and stated they could not accommodate her Jan. 31 availability, even though no other depositions were occurring Jan. 31. Ms. Wilson is scheduled to be deposed Feb. 18. *See* Ex. G at 9-10.

- **Finn Hughes** and **Des O'Sullivan**, Ireland-based Viasat witnesses whose depositions were scheduled for Jan. 28 & 30. After Viasat's counsel had already flown to Ireland, Plaintiffs cancelled these depositions late in the evening of Jan. 27 based on a family medical emergency impacting Plaintiffs' counsel. Viasat has of course accommodated that delay, and these witnesses are scheduled for depositions on Feb. 26 & 28. *See id.* at 1, 11.[6]

Plaintiffs similarly mischaracterize document productions as "belated" and "incomplete." Mot. 3-5. But Viasat produced technical documentation by the Jan. 6 substantial completion deadline, and Plaintiffs do not contend otherwise. Instead they focus on a Jan. 10 production of non-

---

[5] Plaintiffs claim Viasat "unilaterally cancelled" two depositions. Mot. 3. Not so. Both were moved, not cancelled, to accommodate new Rule 30(b)(6) designations, and both those depositions in fact occurred within the fact discovery period.

[6] Viasat is also scheduled to depose Soji John—Plaintiffs' corporate witness—on Feb. 14. This deposition is likewise taking place outside the discovery period through no fault of Viasat; Plaintiffs designated Soji John for the first time ten days before the close of fact discovery, and the only date Plaintiffs offered was Feb. 14, after the close of fact discovery.

technical marketing materials, produced four days after the substantial completion deadline. Mot. 3-4. That timeline was a result of Plaintiffs' delays requesting discovery; many of these documents were not requested until Sat. Dec. 7, 2024, when Plaintiffs served ***twenty new discovery requests***. Ex. B. Regardless, Viasat worked diligently over the holiday season to gather, review, and produce the documents by the week of the Jan. 6 substantial completion deadline. Plaintiffs' last-minute requests and Viasat's production of documents within ***four days*** of the substantial completion deadline are no basis to extend the entire schedule by ***five to eight weeks.***

Plaintiffs also say "recent depositions" of Viasat witnesses "revealed significant deficiencies in Viasat's source code production." Mot. 4. As noted, depositions are only "recent" because Plaintiffs waited more than a year to take them. Regardless, this assertion is wrong. These complaints were not from "recent depositions" that "revealed" anything; Plaintiffs raised these last-minute source code complaints on Feb. 3, ***before*** the Feb. 5 deposition. Ex. J. Plaintiffs claimed on Feb. 3 that a code inspection earlier that day to "triple check" code revealed these supposed deficiencies. *Id.* But all this code had been available for a year, since at least Mar. 2024, and Plaintiffs had inspected the code multiple times over that year with no claim of any deficiency. (Dkt. 153 at 2.) They inspected the code in Mar. 2024 and cited it in infringement contentions without saying it lacked any accused component. *Id.* They inspected code again in Dec. 2024, again served new contentions, and again never claimed an accused component was missing. *Id.* In Jan. 2025, they moved for leave to amend infringement contentions, claiming they now understood the code based on a "map" they received in response to an Oct. 2024 interrogatory (an interrogatory they could have served far earlier, but inexplicably did not), and again, Plaintiffs made no claim that the code was missing an accused component. *Id.* It was not until Feb. 2025, four days before the close of fact discovery, that Plaintiffs said ***for the first time*** that large volumes of additional code for multiple supposedly-accused components were missing. Ex. J. This complaint has no merit—nothing Plaintiffs now seek is actually accused. But more fundamentally for this motion, Plaintiffs obviously were not diligent. Plaintiffs had Viasat's code for a ***year*** before they complained. Complaining at

the last minute is no basis to extend a case schedule.[7]

### C. A Five-Week Extension Is Not Warranted and Would Prejudice Viasat

Viasat is concerned Plaintiffs' real goal is to extend discovery on *all* issues to pursue discovery Plaintiffs do not even mention in their briefing. Plaintiffs belatedly noticed three new third-party subpoenas on Feb. 5, just two days before discovery closed. (Dkt. 155.) Those new subpoenas requested responses on Feb. 28, long after discovery would end, making them invalid under L.R. 37.3. Plaintiffs' five-week extension seems designed to make those untimely subpoenas somehow timely.

More fundamentally, Plaintiffs' request to extend the schedule appears to be part of an effort to further revise their infringement theories and other contentions while they hunt for a basis on which this case can proceed.[8] For instance, at 11:31 pm on Feb. 7, Plaintiffs served their first supplemental interrogatory responses, updating certain contention responses. Ex. K. Plaintiffs' supplements in the last minutes changed their positions on priority and secondary considerations. Ex. L at 5-7. But notably Plaintiffs *never* served validity contentions—and to this day, Plaintiffs have provided *no* contentions on why *any* prior art reference supposedly does not disclose *any* limitation of *any* asserted claim. Plaintiffs should not be permitted to grant themselves an extension on contentions they chose not to update by Feb. 7.

## III. CONCLUSION

Parties must timely raise discovery disputes with the Court. Plaintiffs waited to do that until the very last day. That is not diligent. The Court should deny Plaintiffs' motion.

---

[7] Plaintiffs suggest Viasat belatedly first updated its non-infringement contentions on Feb. 6. Not so. This was Viasat's fourth supplemental response; Viasat updated these contentions regularly as discovery progressed. Updates to contention interrogatories in the discovery period are no basis to extend the case schedule, particularly on issues where Viasat does not bear the burden of proof— and especially where Plaintiffs disclosed new infringement contentions on Jan. 3.

[8] Plaintiffs invoke a separate case in W.D. Texas to claim a "course of conduct" warrants "multiple extensions." Mot. 1-2. But extensions under different rules in Texas are no basis to ignore the different rules for extensions in this District and in this Court.

DATED: February 11, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Patrick D. Curran*
Patrick D. Curran

*Attorneys for Defendant Viasat, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 11, 2025, a copy of the foregoing document was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: February 11, 2025            By  /s/ *Patrick D. Curran*
                                        Patrick D. Curran