QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
  Hannah Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  111 Huntington Ave, Suite 520
  Boston, MA 02199
  Telephone:    (617) 712-7100
  Facsimile:     (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
  Gyu Shik Jang (Bar No, 337747)
  kevinjang@quinnemanuel.com
  50 California Street, 22nd Floor
  San Francisco, CA 94111
  Telephone:    (415) 875-6600
  Facsimile:     (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*proc hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
  295 5th Avenue
  New York, NY 10016
  Telephone:    (212) 849-7000
  Facsimile:     (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No.: 4:22-cv-4376-HSG |
| Plaintiffs, | |
| v. | **DECLARATION OF ANASTASIA M. FERNANDS IN SUPPORT OF VIASAT'S OPPOSITION TO SANDISK'S MOTION TO EXTEND THE DEADLINE FOR THE CLOSE OF FACT DISCOVERY AND EXTEND CASE SCHEDULE** |
| VIASAT, INC., | |
| Defendant. | |

## DECLARATION OF ANASTASIA FERNANDS

I, Anastasia M. Fernands, declare as follows:

1. I am of counsel at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Viasat, Inc. in the above-captioned matter. I submit this Declaration in connection with Defendant's Opposition to Plaintiffs' Motion to Extend the Deadline for the Close of Fact Discovery and Extend Case Schedule ("Motion to Extend"). This Declaration is based on my personal knowledge; if called as a witness I could and would testify as follows.

2. Attached as **Exhibit A** is a true and correct copy of Viasat's Initial Disclosures, dated February 2, 2023.

3. Attached as **Exhibit B** is a true and correct copy of a December 7, 2024 email from Plaintiffs' counsel attaching new document requests and interrogatories seeking, *inter alia,* information relating to customers and usage.

4. Attached as **Exhibit C** is a true and correct copy of Viasat's January 6, 2025 Responses and Objections to Plaintiffs' December 7, 2024 Requests for Production.

5. Attached as **Exhibit D** is a true and correct copy of a December 13, 2024 email, to which Plaintiffs' counsel attached ten Rule 30(b)(1) deposition notices to Viasat.

6. Attached as **Exhibit E** is a true and correct copy of excerpts of Plaintiffs' Rule 30(b)(6) notice, dated December 31, 2024.

7. Attached as **Exhibit F** is a true and correct copy of an email chain from December 31, 2024 to January 16, 2025 between Viasat's counsel and Plaintiffs' counsel concerning the scheduling of depositions.

8. Attached as **Exhibit G** is a true and correct copy of an email chain from January 27, 2025 to February 10, 2025 between Plaintiffs' counsel and Viasat's counsel concerning deposition designations and scheduling, including the depositions of Finn Hughes, Des O'Sullivan, Kendall Wilson, and Soji John.

9. Attached as **Exhibit H** is a true and correct copy of an email chain from January 27 to January 28, 2025 between Plaintiffs' counsel and Viasat's counsel concerning the depositions of Ireland-based witnesses Finn Hughes and Des O'Sullivan.

10. Following Viasat's receipt of Plaintiffs' January 28, 2025 email, Plaintiffs' counsel and I spoke by phone on January 29, 2025, at which time I believed I had made clear that Viasat did not think that a general extension of the discovery schedule was necessary. As set forth in my subsequent February 6, 2025 email response to Plaintiffs, a true and correct copy of which is attached as **Exhibit I**, counsel for Viasat believed that the parties' correspondence and the events after the January 29, 2025 call—up until Plaintiffs' February 5, 2025 email—were entirely consistent with Viasat's understanding that the parties were seeking to address "deposition scheduling difficulties," and were not seeking a general extension of the discovery deadline. Viasat repeatedly made clear that, with the exception of these limited depositions, fact discovery would close on February 7, including by making each of its witnesses available for deposition during the discovery period.

11. Attached as **Exhibit J** is a true and correct copy of an email chain from February 3, 2025 to February 4, 2025 between Plaintiffs' counsel and Viasat's counsel concerning Viasat's source code.

12. Attached as **Exhibit K** is a true and correct copy of a February 7, 2025 email from Plaintiffs' counsel to Viasat's counsel sent at 11:31 pm PT attaching Plaintiffs' First Supplemental Responses and Objections to Viasat's First Set of Interrogatories (Nos. 1, 2, 4, 7, 8, 9, 13), a true and correct copy of which are attached as **Exhibit L**. Plaintiffs did not, and have not, provided a supplemental response to Interrogatory No. 3 concerning validity.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 11th day of February in New York, New York.

DECLARATION OF A. FERNANDS IN SUPPORT OF VIASAT'S OPPOSITION TO SANDISK'S MOTION TO EXTEND CASE SCHEDULE

By */s/ Anastasia M. Fernands*
　　Anastasia M. Fernands

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on February 11, 2025, a copy of the foregoing document was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: February 11, 2025

By  */s/ Patrick D. Curran*
Patrick D. Curran

DECLARATION OF A. FERNANDS IN SUPPORT OF VIASAT'S OPPOSITION TO SANDISK'S MOTION TO EXTEND CASE SCHEDULE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

I, Patrick D. Curran, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Anastasia M. Fernands has concurred in the aforementioned filing.

By */s/ Patrick D. Curran*

Patrick D. Curran