# EXHIBIT E

L. Kieran Kieckhefer (SBN 251978)
Brian M. Buroker (*pro hac vice*)
Robert A. Vincent (*pro hac vice*)
Lillian J. Mao (SBN 267410)
Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8200

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No.: 4:22-cv-4376-HSG |
| Plaintiffs, | PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO DEFENDANT VIASAT, INC. |
| v. | |
| VIASAT, INC., | |
| Defendant. | |

1    PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

2    Procedure, Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk

3    Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd., by and through its attorneys, will take

4    the corporate deposition of Defendant Viasat, Inc. ("Viasat") beginning at 9:00 a.m. on January 24,

5    2025, at the offices of Gibson, Dunn & Crutcher LLP, One Embarcadero Center, Suite 2600, San

6    Francisco, CA 94105-0921, or at such other time and place as may be mutually agreed upon. The

7    deposition will be recorded by a court reporter and videographer. The deposition will continue from

8    day to day until completed or adjourned, consistent with the Federal Rules of Civil Procedure.

9        Pursuant to Federal Rule of Civil Procedure 30(b)(6), Viasat shall designate one or more of

10   its officers, directors, managing agents, or other persons who are most qualified, knowledgeable,

11   and competent to testify on its behalf as to all matters known or reasonably available to Viasat with

12   respect to each of the subjects set forth below. Viasat is requested to identify each person so

13   designated and to set forth the matters on which that person will testify at least ten business days

14   before the deposition.

15                                    **DEFINITIONS**

16       1.    "Accused Products" means media streaming and/or content delivery software,

17   systems, and services such as residential and in-flight entertainment and/or communication systems,

18   including the Accused Instrumentalities identified in Plaintiffs' Patent L.R. 3-1 infringement

19   contentions served on February 23, 2023, Plaintiffs' Amended Infringement Contentions served on

20   March 22, 2024, and any amendments thereto. This definition includes any IFE and/or IFEC system

21   (as defined below) made, used, sold, leased, and/or offered for sale or lease by Viasat, as well as the

22   Viasat Content Delivery System ("VCDS").

23       2.    "IFE system" means any in-flight entertainment system and any system that facilitates

24   the playback of media on an aircraft, and any related hardware, software, and/or services. (*e.g.*, the

25   provision of internet connectivity, the provision of media content, and the provision of DRM

26   services).

27

28

1

3.    "IFC system" means any in-flight communication system and any system that facilitates communications on an aircraft, and any related hardware, software, and/or services. This definition includes any in-flight communication system, software, or service related to facilitating communications within an aircraft, between aircraft, and/or between an aircraft and any ground-based component.

4.    "IFEC system" means any product and/or service, or combination of products and/or services, that includes both an IFE system and an IFC system, whether sold or leased together or separately. This definition includes any instances in which Viasat provides both an IFE system and IFC system for use on the same aircraft.

5.    "Playback Device" means any device that supports media playback, including by any Viasat IFE system or residential system. This definition includes but is not limited to "seatback" devices, "semi-embedded" devices, and passenger devices, as described in VIASAT_00006471–6537 at -6477.

6.    "VCDS Edge Node" means an edge node for use with Viasat's VCDS system. *See e.g.*, VIASAT_00003234 at 237-238.

7.    "Media Streaming" means delivery of media through a network for rendering of that media on a Playback Device.

8.    "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including without limitation letters, memoranda, emails, face-to-face meetings, telephone conversations, internet-based remote meetings, and telephonic notes in connection with the same.

9.    "Concerning" means concerning, regarding, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding

1  to, connected with, commenting on, in respect of, about, in relation to, discussing, showing,

2  describing, reflecting, analyzing, constituting, or being.

3      10.     "Document" is synonymous in meaning and equal in scope to its usage in FRCP

4  34(a)(1)(A), which states "any designated documents or electronically stored information—

5  including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data

6  or data compilations—stored in any medium from which information can be obtained either directly

7  or, if necessary, after translation by the responding party into a reasonably usable form."

8      11.     "Entity" or "Entities" means any Person, corporation, company, partnership, sole

9  proprietorship, firm, board, joint venture, association, organization, trust, governmental body,

10  agency, authority, commission, or any other juristic Person, business unit, or collective organization,

11  and any legal, governmental, organizational, or political subdivision thereof.  The acts of an Entity

12  shall include without limitation the acts of its directors, officers, owners, members, employees,

13  agents, attorneys, and all other representatives acting on the Entity's behalf.

14      12.     "Identify" means:

15          a.   with respect to a person, to provide, to the extent known, the person's (i)

16               full name; (ii) present or last known address; and (iii) current or last known

17               place of employment;

18          b.   with respect to a document, to provide, to the extent known, the (i) type of

19               document; (ii) general subject matter; (iii) date of the document; (iv)

20               author(s); (v) addressee(s), and (vi) recipient(s); and

21          c.   with respect to a communication, to provide, to the extent known, (i) a

22               description of the substance; (ii) the form of the communication (e.g.,

23               telephone, facsimile, email, etc.); (iii) all parties to and/or present at the

24               time, as well as the full name, present or last known address, and the

25               current or last known place of employment of each person; (iv) the person

26

27

28

3

who initiated the communication; and (v) the time, date, and place of the communication.

13.    "Litigation" means the above-captioned proceeding at the United States District Court Northern District of California.

14.    "Asserted Patent[s]" means either or both of U.S. Patent Nos. U.S. Patent 9,424,400 (the "'400 patent") or 10,447,667 (the "'667 patent").

15.    "Person" or "Persons" means any natural individual or individuals.

16.    "Plaintiffs" means Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd.

17.    "Prior Art" to any Asserted Patent means all Things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of the versions of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103 applicable to such Asserted Patent. For the avoidance of doubt, the term "Prior Art" also includes publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures.

18.    "Source Code" means human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Source Code files include without limitation files containing code in "C," "Objective C," "C++," "Python," assembler, VHDL, and Verilog programming languages.  Source Code files further include without limitation include files, "make" files, link files, and other human-readable text files used in the generation and/or building of software and/or hardware.

19.    "Thing" and "Things" have the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure.  This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens thereof.

20.    "Viasat," "Defendant," "You," or "Your" means Viasat, Inc., together with any of its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or

4

██████████████████████████████

joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys.

21.    The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of this interrogatory.

22.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

23.    "Including" means including, but not limited to.

24.    The use of singular form includes plural and vice versa.

25.    The use of present tense includes past tense and vice versa.

**TOPICS**

1.    The conception, design, development, structure, architecture, specifications, configuration, operation, and functionality of each version of the Accused Products.

2.    The architecture and use of Viasat's VCDS system to enable multicasting of data and/or content (including, without limitation, live video, video-on-demand, web caching, and distributions) to residential, hotspot, and mobility applications of the VCDS system.

3.    The hardware and software used to enable Media Streaming with Viasat's IFE and IFEC systems and Viasat's VCDS system, including in residential, hotspot, and mobility applications of the VCDS system.

4.    The architecture and use of Viasat's VCDS system to enable distributions, live / linear video, video-on-demand, and web caching using Viasat's VCDS system, including in residential, hotspot, and mobility applications of the VCDS system. *See, e.g.,* VIASAT_00007343 at 379.

5.    The design, architecture, and use of passenger portals by the Accused Products to collect information regarding end-user devices and/or end-users.

6.    The use of passenger portals by the Accused Products to allow or deny the provision of services to end-users.

5

101.    Your patent licensing or cross-licensing practices, procedures, rules, or requirements from 2016 to 2022, including any agreements to purchase, or any actual or potential offers to purchase, any patents or patent applications that pertain in whole or in part to technologies constituting, or comparable or related to, any of the technologies that comprise the Accused Products, and/or that comprise any of the claimed subject matter of the Patents-in-Suit, and the negotiation of any such agreement.

102.    The basis for Your contention, if You so contend, that You do not practice any specific limitation of either of the Asserted Patents.

103.    The basis for Your contention, if You so contend, that You can, or could have, designed around any claim of either of the Asserted Patents.

104.    The basis for Your contention, if You so contend, that Viasat had or has non-infringing alternatives available to it, including all differences between the alleged non-infringing alternatives and the Accused Products, the cost to develop or acquire the alleged non-infringing alternatives, and any advantages or disadvantages of the Accused Products compared with the alleged non-infringing alternatives.

Dated:  December 31, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By:  /s/ L. Kieran Kieckhefer
        L. Kieran Kieckhefer
        Robert A. Vincent
        Lillian Mao
        Ahmed ElDessouki

        *Attorneys for Plaintiffs*

16

████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2024, I caused a copy of the foregoing document to be served on the following counsel for defendant Viasat, Inc. via email:

qe-viasat-wd@quinnemanuel.com

_/s/ Ahmed ElDessouki_

17