# EXHIBIT L

L. Kieran Kieckhefer (SBN 251978)
Brian M. Buroker (*pro hac vice*)
Robert A. Vincent (*pro hac vice*)
Lillian J. Mao (SBN 267410)
Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8200

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | CASE NO. 4:22-cv-4376-HSG |
| Plaintiffs, | **PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO VIASAT'S FIRST SET OF INTERROGATORIES (NOS. 1, 2, 4, 7, 8, 9, 13)** |
| v. | |
| VIASAT, INC., | |
| Defendant. | |

Gibson, Dunn &
Crutcher LLP

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd (collectively "Plaintiffs" or "SanDisk" or "WDT"[1]) hereby serve the following supplemental responses to Defendant Viasat, Inc.'s ("Defendant" or "Viasat") First Set of Interrogatories ("the Interrogatories").

SanDisk's response to any Interrogatory is not an admission or acknowledgment that any information provided is relevant to this litigation or, where appropriate, that any particular information exists, is non-privileged, or is admissible into evidence. SanDisk's response shall not prejudice its right to assert at the time of taking testimony, in argument, or at any other subsequent proceeding, that such information is inadmissible, irrelevant, immaterial, or not the proper basis for discovery, and is without prejudice to any objection to any future use of such information that SanDisk may make.

The following responses are based upon information and documentation that is currently available and specifically known to SanDisk following a reasonable and ongoing investigation and are given without prejudice to SanDisk's right to produce or rely on subsequently discovered, uncovered, or learned information. It is anticipated that further discovery, independent investigation, and analysis may lead to the discovery of additional documents, supply additional facts, and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, or variations from, the information set forth herein. The following responses reflect SanDisk's good faith effort to provide responsive information now known to SanDisk, but SanDisk specifically reserves the right both to supplement and amend any of the responses set forth below and to utilize at trial any further information revealed by further discovery, independent investigation, and analysis.

## GENERAL OBJECTIONS

SanDisk makes the following general objections to Defendant's Interrogatories, which SanDisk expressly incorporates by reference into each of its Responses below. By providing a specific objection to any Interrogatory or any of the Definitions and Instructions, SanDisk does not waive or otherwise limit these general objections. Furthermore, reference to these general objections in any specific

---

[1] In their original responses, Plaintiffs used "WDT" to refer to themselves.

response or with regard to specific Definitions and Instructions shall not waive or otherwise limit the applicability of these general objections to each and every Interrogatory and each Definition and Instruction.

1.    SanDisk objects to each Interrogatory to the extent that it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable Local Rules, or Standing Orders.

2.    SanDisk is responding to each Interrogatory as it interprets and understands each Interrogatory with respect to the issues in this litigation. If Defendant asserts a different interpretation of any Interrogatory, SanDisk reserves the right to supplement or amend its responses or objections.

3.    SanDisk's responses to these Interrogatories shall not be construed in any way as an admission that any Definition provided by Defendant is either factually correct or legally binding upon SanDisk.

4.    SanDisk objects to each Interrogatory to the extent it explicitly or implicitly characterizes facts, events, circumstances, or issues relating to the present litigation, the Asserted Patents, or the "Accused Products", assumes the existence of facts or the occurrence of events that did not take place, is premised upon legal conclusions or purports to require SanDisk to reach any legal conclusions. The responses to these Interrogatories shall not be considered in any way as an admission that any such characterizations or assumptions are accurate or factually or legally binding upon SanDisk.

5.    SanDisk objects to each Interrogatory, Definition, and Instruction to the extent that it prematurely seeks the disclosure of contentions and expert opinions, including to the extent they are to be provided within the framework set forth by the Court in any procedural schedule.

6.    SanDisk objects to each Interrogatory to the extent that it contains numerous subparts, is compound, poses multiple requests and/or questions, and/or requests the identification of an arbitrary number of individuals.

7.    SanDisk objects to the factual characterizations of Defendant's Interrogatories. By responding, SanDisk does not accept or admit any of Defendant's factual characterizations.

8.    SanDisk objects to each Definition and Interrogatory to the extent that they seek

information that is not relevant.

9.      SanDisk objects to each Definition and Interrogatory to the extent they are overbroad, unduly burdensome, vague, ambiguous, and disproportionate.

10.     SanDisk objects to each Definition and Interrogatory to the extent that they seek information that is not in the possession, custody, or control of SanDisk.

11.     SanDisk objects to each Interrogatory, Definition, and Instruction to the extent that it seeks documents or information provided to SanDisk that is subject to a confidentiality obligation between SanDisk and a third party. To the extent such confidentiality obligations includes a notice obligation, SanDisk is required to, and will comply, with such notice obligation.

12.     SanDisk objects to each Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or is otherwise protected from disclosure by any other applicable privilege or immunity. Inadvertent disclosure of such information shall not constitute a waiver of the right of SanDisk to object to the use of, and/or seek the return of, any such information that may be inadvertently disclosed. An objection based on attorney-client privilege and/or the attorney work product doctrine does not mean that such information necessarily exists.

13.     SanDisk objects to each Definition and Interrogatory to the extent they seek information that is protected from discovery by the right of privacy, or otherwise implicates privacy concerns and provision of which is disproportionate or unnecessary.

14.     SanDisk objects to each Definition and Interrogatory to the extent they seek information that is publicly available.

15.     SanDisk objects to the definition of "you," "your," and "Plaintiffs" to the extent the interrogatories seek to include those acting on their behalf but without their authority.  To avoid confusion or doubt, SanDisk will respond to these interrogatories as directed only to the named plaintiffs and anyone authorized to act on their behalf.

16.     SanDisk objects to the definition of "Patents-in-Suit" (as well as any similar terms such as "asserted patents") insofar as it includes the '834 patent, which has been dismissed by the Court. SanDisk will interpret "Patents-in-Suit" to refer only to the '400 and '667 patents.

17.    SanDisk's objections are made without waiver and with preservation of the right to object on any ground at any time to a demand or request for further response.

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Separately, for each of the Patents-in-Suit, identify each asserted claim that you contend Viasat, Inc. has infringed or is infringing, and for each claim, identify each Accused Product that you contend infringes; and separately, for each asserted claim and each Accused Product, state the legal and factual basis for your infringement allegations, including: (a) whether you contend that the alleged infringement is direct, induced, and/or contributory; (B) whether the alleged infringement is literal, under the doctrine of equivalents, or both; and (c) how and by whom each element, limitation, or step of each claim is allegedly met, including how, why, and by whom any direct, induced, and/or contributory infringement allegedly occurs, and how, why, and by whom infringement allegedly occurs literally or under the doctrine of equivalents.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

WDT incorporates its General Objections as if fully set forth herein. WDT further objects to this Interrogatory as premature to the extent it requires WDT to form and state contentions in advance of,or that go beyond the scope of, the infringement contentions required by the Local Patent Rules and Court's Joint Case Management Statement and Order (Dkt. 80).   WDT further objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or protection.

Subject to and without waiving its General Objections and the foregoing specific objections, WDT responds as follows: WDT incorporates by reference its February 23, 2023 Patent Local Rule 3-1 Infringement Contentions.  WDT's investigation is ongoing. To the extent that WDT forms additional contentions on this subject, WDT reserves the right to amend and/or supplement this response. Additionally, to the extent any expert witness for WDT intends to offer an opinion on this subject, the opinion will be disclosed in an expert report or reports served in accordance with case deadlines.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

SanDisk incorporates by reference its prior objections and responses as if fully set forth herein.

1    Subject to and without waiving the foregoing objections, SanDisk further responds as follows:

2         SanDisk incorporates by reference its March 22, 2024 Amended Patent L.R. 3-1 Disclosure of

3    Asserted Claims and Infringement Contentions and the revised infringement contentions provided to

4    Viasat on January 3, 2025, for which SanDisk has sought leave pursuant to Patent L.R. 3-6.

5    **INTERROGATORY NO. 2:**

6         For each asserted claim of the Patents-in-Suit, describe in detail on an element-by-element

7    basis, all facts relating to its conception and reduction to practice, including identifying the date of

8    conception, the date of reduction to practice of its subject matter, all acts you contend represent

9    diligence occurring between the dates of conception and reduction to practice, each person involved in

10   such conception, diligence and/or reduction to practice, where the invention was first reduced to

11   practice, when, where, and to whom the invention was first disclosed, and identifying each person,

12   including third parties, who worked on the development of the alleged invention(s) described and

13   claimed in the Patents-in-Suit, describing each person's role (e.g., producer, developer, tester,

14   technician, researcher, etc.) and the dates and places each such person assisted, supervised, or was

15   otherwise so involved, and identifying all documents relating to these facts.

16   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

17        WDT incorporates its General Objections as if fully set forth herein. WDT objects to this

18   Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the

19   case, particularly because the '400 and '667 patents are governed by the "first inventor to file"

20   provisions of the AIA. WDT further objects to this Interrogatory to the extent that it seeks information

21   protected from disclosure by attorney-client privilege, work product immunity, or any other applicable

22   privilege or protection.

23        Subject to and without waiving its General Objections and the foregoing specific objections,

24   WDT responds as follows: The inventions of the '400 patent were conceived no later than March 2011

25   and constructively reduced to practice no later than April 20, 2012. David L. Blankenbeckler, Danny

26   O. Ybarra, and Lambertus Hesselink were involved in both conception and reduction to practice. The

27   inventions of the '667 patent were conceived no later than August 2014 and constructively reduced to

28   practice no later than February 5, 2015. Dean M. Jenkins and Robert P. Ryan were involved in both

conception and reduction to practice. Discovery is ongoing and accordingly WDT reserves the right to supplement, amend, or modify its response at a later time.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

SanDisk incorporates by reference its prior objections and responses as if fully set forth herein. Subject to and without waiving the foregoing objections, SanDisk further responds as follows:

SanDisk corrects its prior response and states that the '400 patent is not governed by the AIA "first inventor to file" provisions. *See* May 23, 2024 Email from L. Mao to N. Felice.

SanDisk incorporates by reference the deposition testimony of David L. Blankenbeckler, Danny O. Ybarra, Lambertus Hesselink, Dean M. Jenkins, and Robert P. Ryan, which contains information responsive to this Interrogatory.

**INTERROGATORY NO. 4:**

Identify and describe in detail on a claim-by-claim basis all the manners or techniques by which each asserted claim of the Patents-in-Suit improved upon the prior art, added functionality that did not exist in the prior art, overcame technical challenges found in the prior art or the failure of others, or provided a variation on or upgrade of the prior art and for each such claimed improvement, added functionality, or variation or upgrade, state whether Plaintiffs contend it was a non-obvious or unpredictable improvement, addition of functionality, variation or upgrade and why, and identify all facts in support thereof, including but not limited to all documents in support of such facts, and any persons with knowledge of these facts.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

WDT incorporates its General Objections as if fully set forth herein. WDT objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, specifically the phrases "manners or techniques" and "added functionality." WDT also objects to this Interrogatory as composed of multiple discrete subparts and, as such, functions to circumvent the limits on number of Interrogatories under Fed. R. Civ. P. 33(a). WDT further objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or protection.

WDT further objects to this Interrogatory as premature as fact discovery has just commenced.

As of the date of these responses, document productions are currently underway, no fact depositions have been taken, and no expert reports have been served. WDT further objects to this Interrogatory as requiring WDT to form and state affirmative validity contentions which is improper as the burden of establishing invalidity lies with the defendants in accordance with established patent law and the expectations as set forth in the Court's Joint Case Management Statement and Order (Dkt. 80). WDT further objects to this Interrogatory as calling for expert testimony and/or legal conclusions.

Subject to and without waiving its General Objections and the foregoing specific objections, WDT responds as follows: Viasat has not met its burden to demonstrate that any asserted claim is invalid under 35 U.S.C. §§ 101, 102, 103, or 112. WDT's investigation is ongoing, and WDT reserves the right to amend and/or supplement this response. Additionally, to the extent any expert witness for WDT intends to offer an opinion on this subject, the opinion will be disclosed in an expert report or reports served in accordance with the deadlines set forth in the Court's Joint Case Management Statement and Order (Dkt. 80).

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

SanDisk incorporates by reference its prior objections and responses as if fully set forth herein. Subject to and without waiving the foregoing objections, SanDisk further responds as follows:

The inventions of the '400 and '667 patents had the benefit of providing media content to end-users for on-demand or live viewing while avoiding the constraints of networks with limited bandwidth and/or throttled networks, that would prevent or impede the streaming of media content, in particular, high-quality high-definition media content. At the same time, the content was secured against unauthorized access or use by end-users beyond what was permitted.

SanDisk further incorporates by reference the discussions of technical background, motivations, benefits, and advantages that are set forth in the specifications of the '400 and '667 patents.

The named inventors of the patents are knowledgeable about benefits and improvements of the claimed inventions. SanDisk incorporates by reference the deposition testimony of David L. Blankenbeckler, Danny O. Ybarra, Lambertus Hesselink, Dean M. Jenkins, and Robert P. Ryan, which contains information responsive to this Interrogatory.

**INTERROGATORY NO. 7:**

State Plaintiffs' contentions as to what constituted the level of skill of a person of ordinary skill in the art of the subject matter of each of the Patents-in-Suit as of their respective conception dates.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

WDT incorporates its General Objections as if fully set forth herein. WDT further objects to this Interrogatory as premature to the extent it requires WDT to form and state contentions in advance of the claim construction and expert discovery processes required by the Local Patent Rules and Court's Joint Case Management Statement and Order (Dkt. 80).

Subject to and without waiving its General Objections and the foregoing specific objections, WDT responds as follows: WDT will provide its position on the level of skill of a person of ordinary skill in the art in connection with claim construction proceedings, if appropriate. WDT's investigation is ongoing, and WDT reserves the right to amend and/or supplement this response. Additionally, to the extent any expert witness for WDT intends to offer an opinion on this subject, the opinion will be disclosed in an expert report or reports served in accordance with the deadlines set forth in the Court's Joint Case Management Statement and Order (Dkt. 80) or any subsequent scheduling order.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

SanDisk incorporates by reference its prior objections and responses as if fully set forth herein. Subject to and without waiving the foregoing objections, SanDisk further responds as follows:

SanDisk expects that its technical expert(s) will offer an opinion regarding the level of ordinary skill in the art at the time of invention to the extent it is relevant to their analysis, for example relating to obviousness, and thus such opinions and analysis will be set forth in the forthcoming expert reports.

SanDisk notes that, in connection with claim construction proceedings, Viasat's expert, Dr. Almeroth, opined that a person of ordinary skill in the art "would have had education in computer science or electrical engineering and experience in the field of media streaming and transmitting multimedia content between devices, as well as knowledge of the scientific literature concerning the same. The education and experience levels may vary between persons of ordinary skill, with some persons holding a basic Bachelor's degree with three years of relevant work experience, and others holding a Masters or Ph.D. but having one to two years of experience." At this time, SanDisk does not

1    dispute that this correctly describes the level of skill of a person of ordinary skill in the art.

2    **INTERROGATORY NO. 8:**

3        For each limitation of each asserted claim of the Patents-in-Suit, identify, in claim chart form,

4    the portions of the specification you contend provide written description support and an enabling

5    disclosure.

6    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

7        WDT incorporates its General Objections as if fully set forth herein. WDT objects to this

8    Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the

9    case. WDT further objects to this Interrogatory to the extent that it seeks information protected from

10   disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or

11   protection.

12       WDT further objects to this Interrogatory as premature as fact discovery has just commenced.

13   As of the date of these responses, document productions are currently underway, no fact depositions

14   have been taken, and no expert reports have been served. WDT further objects to this Interrogatory as

15   requiring WDT to form and state affirmative validity contentions which is improper as the burden of

16   establishing invalidity lies with the defendants in accordance with established patent law and the

17   expectations as set forth in the Court's Joint Case Management Statement and Order (Dkt. 80). WDT

18   further objects to this Interrogatory as calling for expert testimony and/or legal conclusions.

19       Subject to and without waiving its General Objections and the foregoing specific objections,

20   WDT responds as follows: WDT will respond to Defendant's contentions regarding lack of written

21   description or lack of enablement at an appropriate time. WDT's investigation is ongoing. To the extent

22   that WDT forms a contention on this subject, WDT reserves the right to amend and/or supplement this

23   response. Additionally, to the extent any expert witness for WDT intends to offer an opinion on this

24   subject, the opinion will be disclosed in an expert report or reports served in accordance with case

25   deadlines.

26   **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

27       SanDisk incorporates by reference its prior objections and responses as if fully set forth herein.

28   Subject to and without waiving the foregoing objections, SanDisk further responds as follows:

SanDisk's patents asserted in this case are presumed valid, and it is Viasat's burden to prove that any claims are invalid for lack of written description or enablement.  As SanDisk understands Viasat's current invalidity contentions, Viasat does not contend that any of the asserted claims as properly construed and understood by a person of ordinary skill in the art are invalid for lack of written description or enablement.  Rather, Viasat appears to contend that how Plaintiffs "interpret" the claims is not supported by the written description, but this is based upon Viasat's misunderstanding or mischaracterization of Plaintiffs' infringement contentions.  *See, e.g.*, April 19, 2024 Invalidity Contentions at 25-26 ("Plaintiffs appear to assume that all of these limitations [of the '400 patent] are met by any system/apparatus that collects a randomized unique identifier and thereafter provides a media content and a content key."), 51-52 ("Plaintiffs appear to assume that all of these limitations [of the '667 patent] are met by any system that performs 'user authentication or subscription verification.'").  Accordingly, Viasat has not met its burden at this stage to disclose any proper theory of invalidity for lack of written description or enablement.  Absent any such theory from Viasat, it is not SanDisk's burden or obligation to affirmatively show that the asserted claims have written description support or enabling disclosure.

**INTERROGATORY NO. 9:**

Identify all agreements, transactions, or negotiations involving the Patents-in-Suit, including but not limited to any assignments, licenses, settlements, dismissals of litigation, covenants not to sue, litigation financing, investments, or loans, with any third party, including but not limited to former employees of Plaintiffs, investors, financial institutions, venture funding, former defendants, or any software or device manufacturers.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

WDT incorporates its General Objections as if fully set forth herein. WDT objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case. WDT further objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or protection.  WDT further objects to this Interrogatory as vague and ambiguous in its use of the term "involving."

1      Subject to and without waiving its General Objections and the foregoing specific objections,

2  WDT responds as follows: Agreements that grant, transfer, or alter rights in the Patents-in-Suit have

3  been produced at WD-Viasat-NDCA00000391 to WD-Viasat-NDCA00001865 and WD-Viasat-

4  NDCA00002642 to WD-Viasat_NDCA00002686. Discovery is ongoing and accordingly WDT

5  reserves the right to supplement, amend, or modify its response at a later time.

6  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

7      SanDisk incorporates by reference its prior objections and responses as if fully set forth herein.

8  Subject to and without waiving the foregoing objections, SanDisk further responds as follows:

9      Additional agreements that grant, transfer, or alter rights in the Patents-in-Suit have been

10  produced at WD-Viasat-NDCA00002794 to WD-Viasat-NDCA00002822.

11  **INTERROGATORY NO. 13:**

12      Describe in detail and chronologically the complete chain of title of the Patents-in-Suit,

13  including an identification of each and every person or party that has ever had an ownership interest

14  (whether absolute or conditional) in the Patents-in-Suit of any kind, any and all promises, transfers,

15  liens, assignments, and agreements relating to the ownership of the Patents-in-Suit, or transfer or

16  assignment thereof, and including an identification of when and how each and every transfer or

17  assignment of interest occurred from the named inventor through Plaintiffs' purported ownership of

18  them and any subsequent transfer thereof by Plaintiffs.

19  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

20      WDT incorporates its General Objections as if fully set forth herein. WDT objects to this

21  Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the

22  case. WDT further objects to this Interrogatory to the extent that it seeks information protected from

23  disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or

24  protection.

25      Subject to and without waiving its General Objections and the foregoing specific objections,

26  WDT responds as follows:

27      With respect to the '400 patent: On June 5, 2023, June 18, 2023, and July 11, 2012, respectively,

28  named inventors David L. Blankenbeckler, Danny O. Ybarra, and Lambertus Hesselink assigned all

right, title, and interest in their inventions reflected in the '400 patent to Western Digital Technologies, Inc. *See* WD-Viasat-NDCA00001643-48.

With respect to the '667 patent: On November 25, 2015 and November 28, 2015, respectively, named inventors Dean M. Jenkins and Robert P. Ryan assigned all right, title, and interest in their inventions reflected in the '667 patent to Western Digital Technologies, Inc. *See* WD-Viasat-NDCA00000619-21.

With respect to both the '400 and '667 patents: By operation of Section 6.1(a) of the Research & Development Services Agreement Between WDT and WDI dated June 30, 2007 (WD-Viasat-NDCA00002673), all rights, title, and interest in the inventions automatically vested in Western Digital Ireland Ltd. upon their creation. Further, by operation of Section 6.1(b) of the same agreement, Western Digital Technologies, Inc. was assigned legal title to the patent applications and resulting issued patents, as well as certain rights in the patents. On June 22, 2018, pursuant to a Technology License Agreement between Western Digital Ireland, Ltd. and SanDisk 3D IP Holdings, Ltd. (WD-Viasat-NDCA00002651), SanDisk 3D IP Holdings, Ltd. received "a perpetual, exclusive, right and license, with the right to grant sublicenses, in, to, and under" the patents. On November 30, 2019, pursuant to a Memorandum of Understanding, SanDisk 3D IP Holdings' rights were assigned down the shareholding chain to SanDisk Storage Malaysia Sdn. Bhd. As of October 30, 2023, Western Digital Ireland, Ltd. has merged with SanDisk Technologies LLC and, as the surviving company, SanDisk Technologies LLC acquired all rights previously held by Western Digital Ireland, Ltd.

Pursuant to Rule 33(d), WDT states that additional responsive information may be found in the documents produced at WD-Viasat-NDCA00000391 to WD-Viasat-NDCA00001865 and WD-Viasat-NDCA00002642 to WD-Viasat_NDCA00002686.

Discovery is ongoing and accordingly WDT reserves the right to supplement, amend, or modify its response at a later time.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

SanDisk incorporates by reference its prior objections and responses as if fully set forth herein. Subject to and without waiving the foregoing objections, SanDisk further responds as follows:

On May 6, 2024, Western Digital Technologies, Inc. transferred to SanDisk Technologies, Inc.

the legal title and ownership of the asserted patents, including the right to recover past, present, and future damages.

Pursuant to Rule 33(d), SanDisk states that additional information may be found in the documents produced at WD-Viasat-NDCA00002794 to WD-Viasat-NDCA00002822, and in Plaintiffs' Motion to Substitute Parties and Amend Case Caption and the accompanying declaration of Carver Peterson (Dkt. 121).


DATED: February 7, 2025                    Respectfully submitted,

                                           GIBSON, DUNN & CRUTCHER LLP


                                           By: /s/ L. Kieran Kieckhefer
                                               L. Kieran Kieckhefer
                                               Brian M. Buroker
                                               Robert A. Vincent
                                               Lillian J. Mao
                                               Ahmed ElDessouki

                                           *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, I caused a copy of the foregoing document to be served on the following counsel for defendant Viasat, Inc. via email:

qe-viasat-wd@quinnemanuel.com

*/s/ Lillian J. Mao*
Lillian J. Mao