L. Kieran Kieckhefer (SBN 251978)
Brian M. Buroker (*pro hac vice*)
Robert A. Vincent (*pro hac vice*)
Lillian J. Mao (SBN 267410)
Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8200

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DECLARATION OF AHMED ELDESSOUKI IN SUPPORT OF SANDISK'S MOTION TO STRIKE VIASAT'S INTERROGATORY RESPONSES RE NON-INFRINGEMENT AND NON-INFRINGING ALTERNATIVES** <br><br> Date: March 27, 2025 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 2, 4th Floor <br> Judge: Hon. Haywood S. Gilliam, Jr. |

I, Ahmed ElDessouki, hereby declare that:

1. I am an attorney with the law firm Gibson, Dunn & Crutcher LLP. I represent Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd., (together "SanDisk") in the above-captioned action asserting that Viasat Inc. ("Viasat") infringes two Asserted Patents: U.S. Patent No. 9,424,400 (the "'400 Patent") and U.S. Patent No. 10,447,667 (the "'667 Patent"). I have personal knowledge of the matters discussed herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' First Set of Interrogatories (Nos. 1-8), served on Viasat's counsel on April 7, 2023.

3. Attached hereto as **Exhibit B** is a true and correct copy of excerpts of Viasat, Inc.'s Third Supplemental Objections & Responses to Plaintiffs' First Set of Interrogatories (Nos. 1-8), served on SanDisk's counsel on February 6, 2025 at 11:48 p.m. Pacific time.

4. Attached hereto as **Exhibit C** is a true and correct copy of Viasat, Inc.'s Third Amended Initial Disclosures, dated January 24, 2025.

5. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiffs' Second Set of Interrogatories (Nos. 9-15), served on Viasat's counsel on October 2, 2024.

6. Attached hereto as **Exhibit E** is a true and correct copy of excerpts of Viasat, Inc.'s Third Supplemental Objections & Responses to Plaintiffs' Second Set of Interrogatories (Nos. 9-15), served on SanDisk's counsel on February 6, 2025 at 11:48 p.m. Pacific time.

7. On October 8, 2024, as the parties were coordinating by email to prepare a Joint Case Management Statement, Viasat asserted that SanDisk had no viable infringement theory in light of the Court's claim constructions. SanDisk responded that "Defendants fail to provide any factual support as to why any of the Court's constructions may be case dispositive." Although the parties continued to correspond thereafter, Viasat did not provide any factual basis for its assertion.

8.     On October 14, 2024, I, along with two of my co-counsel, met and conferred with Viasat's counsel, Nicola Felice, regarding Viasat's assertion that SanDisk could not maintain its infringement claims in light of the Court's claim construction. During the call, we continued to ask for Viasat's factual basis for its assertion of non-infringement. Viasat offered that it would spell out its factual basis if SanDisk agreed to stipulate to non-infringement so that the case could be appealed. We did not agree to such an arrangement, but informed Viasat that we would of course review any information Viasat provided and take it seriously.

9.     On January 7, 2025, I, along with two of my co-counsel, met and conferred with Viasat's counsel regarding deposition scheduling and outstanding discovery issues. During the call, I asked Viasat if it was substantially done with document production in light of the January 6, 2025 deadline for substantial completion. Viasat stated that it was substantially done and anticipated "some cleanup."

10.    On February 7, 2025, at 1.01:46 p.m. Pacific time, Viasat produced over 6,000 pages of information, including close to 200 documents relating to the operation of the accused VCDS system.

11.    On January 24, 2025, SanDisk took its first deposition of a Viasat witness. On February 5, 2025, SanDisk took the deposition of Viasat's witness, Jason Neri. On February 6, 2025, SanDisk took the deposition of Viasat's witness, Josh Slater. On February 7, 2025, SanDisk took the deposition of Viasat's witness, Dan Newman. Mr. Newman is Viasat's Chief Technical Officer of Content Delivery. Mr. Newman and Mr. Neri had each been designated by Viasat to testify on numerous Rule 30(b)(6) topics, most relating to technical operation of the accused products. In total, Mr. Newman and Mr. Neri were designated on approximately 50 technical topics. Further, Mr. Newman and Mr. Neri are the only designees on technical topics as they relate to Viasat's content delivery system (VCDS).

12.    The parties were also trying to schedule the depositions of two technical Viasast witnesses in Ireland. On February 10, 2025, Viasat indicated that the "earliest available dates"

for those witnesses was February 26 and 28, 2025, respectively.  Today, February 11, 2025, SanDisk confirmed to Viasat that it would move forward with the depositions on those dates.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 11, 2025

By:  */s/ Ahmed ElDessouki*
      Ahmed ElDessouki

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer