# Exhibit A

L. Kieran Kieckhefer (SBN 251978)
Aaron Morris (SBN 341166)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
Email: kieran.kieckhefer@shearman.com
       aaron.morris@shearman.com

Matthew G. Berkowitz (SBN 310426)
Lillian J. Mao (SBN 267410)
Patrick R. Colsher (SBN 336958)
Yue (Joy) Wang (SBN 300594)
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: matthew.berkowitz@shearman.com
       lillian.mao@shearman.com
       patrick.colsher@shearman.com
       joy.wang@shearman.com

Ahmed E. ElDessouki (*Pro Hac Vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4908
Email: ahmed.eldessouki@shearman.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No.: 5:22-cv-4376<br><br>PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-8) |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure Plaintiffs Western Digital Technologies, Inc., Western Digital Ireland Ltd., SanDisk 3D IP Holdings Ltd., SanDisk

Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd., hereby request that Defendant Viasat, Inc., respond separately, fully, in writing, and under oath, to these interrogatories in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty (30) days of service.

**DEFINITIONS**

1. "Accused Products" means media streaming software, systems, and services such as in-flight entertainment and communication ("IFEC") systems for use in commercial and private aviation, including products identified in Plaintiffs' Complaint and any amendments thereto, and products identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 and any amendments thereto. For the avoidance of doubt, "Accused Products" specifically encompasses the Viasat products, services, and components referred to or described in "Viasat in-flight connectivity solutions" (WD-Viasat-NDCA00000181) and "Wireless IFE Datasheet" (WD-Viasat-NDCA00000204).

2. "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including without limitation letters, memoranda, emails, face-to-face meetings, telephone conversations, internet-based remote meetings, and telephonic notes in connection with the same.

3. "Concerning" means concerning, regarding, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing, constituting, or being.

4. "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

5. "Entity" or "Entities" means any Person, corporation, company, partnership, sole proprietorship, firm, board, joint venture, association, organization, trust, governmental body, agency, authority, commission, or any other juristic Person, business unit, or collective organization, and any legal, governmental, organizational, or political subdivision thereof. The acts of an Entity shall include without limitation the acts of its directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the Entity's behalf.

6. "Identify" means:
   a. with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;
   b. with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and
   c. with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

7. "Litigation" means the above-captioned proceeding at the United States District Court Northern District of California.

8. "Asserted Patent[s]" means any one or all of U.S. Patent Nos. U.S. Patent 9,424,400 (the "'400 patent"), 10,447,667 (the "'667 patent"), 8,504,834 (the "'834 patent").

9. "Person" or "Persons" means any natural individual or individuals.

10. "Plaintiffs" means Plaintiffs Western Digital Technologies, Inc., Western Digital Ireland Ltd., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd.

11. "Prior Art" to any Asserted Patent means all Things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of the versions of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103 applicable to such Asserted Patent. For the avoidance of doubt, the term "Prior Art" also includes publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures.

12. "Source Code" means human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Source Code files include without limitation files containing code in "C," "Objective C," "C++," "Python," assembler, VHDL, and Verilog programming languages.  Source Code files further include without limitation include files, "make" files, link files, and other human-readable text files used in the generation and/or building of software and/or hardware.

13. "Thing" and "Things" have the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure.  This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens thereof.

14. "Viasat," "Defendant," "You," or "Your" means Viasat, Inc., together with any of its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys.

15. The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of this interrogatory.

16. The terms "all," "any," or "each" encompass any and all of the matter discussed.

17. "Including" means including, but not limited to.

18. The use of singular form includes plural and vice versa.

19. The use of present tense includes past tense and vice versa.

Plaintiff's First Set of Interrogatories        -4-            Case No.: 5:22-cv-4376

# INSTRUCTIONS

The following instructions apply to each interrogatory below and should be considered a part of each interrogatory.

1. Each interrogatory is to be answered fully based on information in Your possession, custody, or control.

2. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5). If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

   a. the nature of the privilege or protection claimed;
   b. the person who made the communication, whether oral or in writing;
   c. if the communication was oral, all persons present while the communication was made;
   d. if the communication was written, the author, addressees, and any other recipients;
   e. the date and place of the communication; and
   f. the general subject matter of the communication.

3. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

4. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever appropriate, in order to bring within the scope of the interrogatory any information that might otherwise be considered beyond its scope.

5. None of the definitions or interrogatories set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definitions or an interrogatory.

Plaintiff's First Set of Interrogatories            -5-            Case No.: 5:22-cv-4376

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify by name, model number, and any other identifying indicia any Viasat products or services that use or provide media streaming, including Viasat's in-flight entertainment and communication ("IFEC") systems for use in commercial and private aviation and all products and components referred to or described in "Viasat in-flight connectivity solutions" (WD-Viasat-NDCA00000181) and "Wireless IFE Datasheet" (WD-Viasat-NDCA00000204), and that are or have been made, used, offered for sale, sold, or licensed in the United States, or imported into the United States by or on behalf of You since July 28, 2016. Include in your response the identity of each Document that supports your answer or to which you referred in preparing your answer.

**INTERROGATORY NO. 2:** For each Accused Product, including any product or service identified in response to Interrogatory No. 1, Identify the Persons or Entities most knowledgeable about its research, conception, design, development, engineering, and testing and describe the nature of each Person's or Entity's involvement. Include in your response the identity of each Document that supports your answer or to which you referred in preparing your answer.

**INTERROGATORY NO. 3:** For each Accused Product, including any product or service identified in response to Interrogatory No. 1, identify, separately for each calendar quarter of sales, the total number of units sold, total sales in dollar value, location of each sale, and the applicable gross and net profit margins. Your response should include all sales of the Accused Products, regardless of whether the sale, revenue, and/or profit was booked or recognized by Viasat itself or by an affiliated entity. Include in your response the identity of each Document that supports your answer or to which you referred in preparing your answer.

**INTERROGATORY NO. 4:** For each Accused Product, including any product or service identified in response to Interrogatory No. 1, identify all Documents showing the Accused Product's design, structure, function, operation, and development, including user manuals, training guides and/or videos, promotional, advertising, and instructional materials, datasheets, schematics, concept and design documents, research and development documentation, Source Code and documentation related thereto, troubleshooting instructions, testing results, or analysis reports.

**INTERROGATORY NO. 5:** For each Accused Product, including any product or service identified in response to Interrogatory No. 1, identify each of Your past and present customers, distributors, manufacturers, or any other entity purchasing, selling or making any Accused Product, and for each entity, identify the total number of units shipped or delivered and total sales in dollar value to or by each such entity for each calendar quarter of sales.

**INTERROGATORY NO. 6:** For each Asserted Patent, describe in detail all facts and circumstances under which You first became aware of that patent, including, but not limited to, the date(s) when this occurred, the source of the information, the identity of the person(s) who received the information on behalf of You, when and how You first obtained a copy of that patent, and any actions taken by You or any of its directors, officers, or employees as a result, and identify each person with knowledge of the foregoing and all documents relating to the foregoing.

**INTERROGATORY NO. 7:** Assuming infringement by You of the Asserted Patents, state the amount of money that You contend is owed to Plaintiffs per patent and identify the complete factual and legal bases for that contention, including, without limitation: (i) an identification of each damages theory that you contend should be used in the damages calculation (e.g., reasonable royalty, lost profits, etc.); (ii) the specific inputs that you contend should be used under each such theory in the damages calculation (e.g., the royalty rate on net sales); (iii) the date(s) on which you contend damages should begin (and the bases supporting such dates); (iv) the amount of damages attributable to any portion of the Accused Products; and (v) an identification of all documents and things on which such calculation is based. Your answer should also include all factual bases for any contentions concerning the Georgia Pacific factors or other factors relevant to the determination of damages. If you contend that the entire market value of the Accused Products is not the proper damages base, your answer should identify what You contends the proper damages base should be and identify all support for any contention that the basis of consumer demand for the Accused Products does not correspond to one or more elements of the asserted claims of the Asserted Patents.

**INTERROGATORY NO. 8:** Separately for each Accused Product, for each asserted claim of an Asserted Patent that You contend is not infringed, state in full the basis for Your

| | |
|---|---|
| 1 | contention, including the element(s) that are not met, the factual support for contending that an |
| 2 | element is not met, and all Documents supporting Your contention. |

Dated: April 7, 2023                                SHEARMAN & STERLING LLP

                                                By:      /s/ L. Kieran Kieckhefer
                                                         L. Kieran Kieckhefer

                                                Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2023, I caused a copy of the foregoing document to be served on the following counsel for defendant Viasat, Inc. via email:

Patrick Curran, patrickcurran@quinnemanuel.com
Jodie Cheng, jodiecheng@quinnemanuel.com
Kevin Jang, kevinjang@quinnemanuel.com
qe-viasat-wd@quinnemanuel.com

*/s/ Lillian J. Mao*
Lillian J. Mao