# Exhibit C

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
  Gyu Shik Jang (Bar No. 337747)
  kevinjang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*proc hac vice*)
  nicolafelice@quinnemanuel.com
  Anastasia Fernands (*pro hac vice* pending)
  anastasiafernands@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No. 4:22-cv-4376-HSG |
| Plaintiffs, | **VIASAT, INC.'S THIRD AMENDED INITIAL DISCLOSURES** |
| v. | |
| VIASAT, INC., | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Viasat, Inc. ("Viasat") hereby makes its Third Amended Initial Disclosures to Plaintiffs.

Viasat provides these disclosures subject to and without waiving any applicable privilege, doctrine, or right, including without limitation the attorney-client privilege, the work product doctrine, and all other rights and privileges recognized under the laws of the United States, the State of California, and all relevant jurisdictions. By these disclosures, Viasat does not concede the relevance or admissibility of any particular information.

Viasat makes these disclosures based on information currently available to it after its initial investigation and based on the current state of the pleadings. Viasat reserves the right to further amend or supplement these disclosures and to identify additional evidence to support any claims and/or defenses or during any proceeding in this action, including trial.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION (FED. R. CIV. P. 26(A)(1)(A)(I))

Based on the current state of the pleadings, Viasat identifies the following individuals likely to have discoverable information that Viasat may use to support potential claims and/or defenses. Viasat's investigation for discoverable information that it may use to support potential claims and/or defenses in this litigation is ongoing, and Viasat reserves the right to supplement this information as necessary. Plaintiffs should contact any current or former Viasat employee, agent, or other representative through Viasat's counsel of record herein.

| Name | Contact Information | Possible Subjects |
|---|---|---|
| Fabrice E. Jogand-Coulomb (Named Inventor) | Upon information and belief, contact through Plaintiffs' counsel | Conception, reduction to practice, prosecution, prior art, invalidity, unenforceability, and claim scope of U.S. Patent No. 8,504,834 |
| David L. Blankenbeckler (Named Inventor) | Upon information and belief, contact through Plaintiffs' counsel | Conception, reduction to practice, prosecution, prior art, invalidity, unenforceability, and claim scope of U.S. Patent No. 9,424,400 |

| Name | Contact Information | Possible Subjects |
|---|---|---|
| Danny O. Ybarra (Named Inventor) | Upon information and belief, contact through Plaintiffs' counsel | Conception, reduction to practice, prosecution, prior art, invalidity, unenforceability, and claim scope of U.S. Patent No. 9,424,400 |
| Lambertus Hesselink (Named Inventor) | Upon information and belief, contact through Plaintiffs' counsel | Conception, reduction to practice, prosecution, prior art, invalidity, unenforceability, and claim scope of U.S. Patent No. 9,424,400 |
| Dean M. Jenkins (Named Inventor) | Upon information and belief, contact through Plaintiffs' counsel | Conception, reduction to practice, prosecution, prior art, invalidity, unenforceability, and claim scope of U.S. Patent No. 10,447,667 |
| Robert P. Ryan (Named Inventor) | Upon information and belief, contact through Plaintiffs' counsel | Conception, reduction to practice, prosecution, prior art, invalidity, unenforceability, and claim scope of U.S. Patent No. 10,447,667 |
| Joseph F. Hetz | Crowell & Moring LLP 455 N. Cityfront Plaza Drive Suite 3600 Chicago, IL 60611 (312) 321-4719 | Prosecution of U.S. Patent No. 8,504,834 and related patents |
| Don C. Pua | Chang & Hale LLP 4199 Campus Dr, Suite 550 Irvine, CA 92612 (949) 336-1454 | Prosecution of U.S. Patent Nos. 10,447,667, 9,424,400, and related patents |
| Dan Newman | Viasat (United States) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Operation, design and development of the accused Viasat products |
| Des O'Sullivan | Viasat (Dublin, Ireland) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Operation, design and development of the accused Viasat products |
| Finn Hughes | Viasat (Dublin, Ireland) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Operation, design and development of the accused Viasat products |
| Josh Slater | Viasat (United States) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Operation, design and development of the accused Viasat products |
| Jason Neri | Viasat (United States) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Operation, design and development of the accused Viasat products |

| Name | Contact Information | Possible Subjects |
|---|---|---|
| Kendall Wilson | Viasat (United States) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Operation, design and development of the accused Viasat products |
| Greg Houda | Viasat (United States) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Financial information related to the accused Viasat products |
| Edwin Edillon Jr. | Viasat (United States) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Demand for and features of the accused Viasat products |
| Michelle Munoz-Talcott | Viasat (United States) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Marketing information related to the accused Viasat products |
| Ajai Tuli | Viasat (United States) c/o Quinn, Emanuel, Urquhart & Sullivan, LLP | Demand for and features of the accused Viasat products |
| Vualto (acquired by JW Player) | JW Player c/o Morrison & Foerster LLP | Operation, design, development, and availability of the DRM system in the accused Viasat products |
| Verimatrix (acquired by Insider Secure) | Verimatrix, 6059 Cornerstone Court West, San Diego, CA 92121-3713 | Operation, design, development, and availability of Verimatrix VCAS 3/MultiRights |
| 4C Entity, LLC (consisting of IBM, Intel, Panasonic Corporation f/k/a Matsushita, and Toshiba) | 4C Entity, LLC, 380 Tennant Ave., Suite #4, Morgan Hill, CA 95037 | Operation, design, development, and availability of Content Protection for Recordable Media and Pre-Recorded Media (CPRM/CPPM) |
| Intertrust Technologies | Intertrust Technologies, 2140 Shattuck Avenue, Suite 1201, Berkeley, CA 94704 | Operation, design, development, and availability of Intertrust Coral, Digibox, and Marlin/ExpressPlay DRM |
| Discretix Technologies (f/k/a Sansa Security, then acquired by ARM Holdings) | ARM Holdings, 120 Rose Orchard Way, San Jose, CA 95134-1358 | Operation, design, development, and availability of Discretix Multi-Scheme DRM |
| Digital Entertainment Content Ecosystem (DECE) (consortium) | Digital Entertainment Content Ecosystem, 1807 Santa Rita Rd, Ste D235, Pleasanton, CA, 94566-4779 | Operation, design, development, and availability of UltraViolet |

| Name | Contact Information | Possible Subjects |
|---|---|---|
| Cryptography Research, Inc. (acquired by Rambus Inc.) | Rambus Inc., 4453 North First Street, Suite 100, San Jose, CA 95134 | Operation, design, development, and availability of CryptoFirewall and VIDITY Key Issuance Center |
| eMusic (acquired by TriPlay, Inc.) | TriPlay, Inc., 215 Lexington, Suite 1800, New York, NY 10016 | Operation, design, development, and availability of eMusic Digital Kiosk |
| The Venders | The Venders c/o Founders Bryan Ross, Robert Bienias, 13395 Estelle St., Corona, CA 92879 | Operation, design, development, and availability of Flix On Stix |
| Sonic Solutions and MOD Systems (partnership) | Sonic Solutions, 9951 West 190th St, Unit B, Mokena, IL 60448<br><br>MOD Systems, 3530 Park Blvd, Orlando, FL 32839 | Operation, design, development, and availability of RoxioNow and self-service digital download kiosks |
| Secure Content Storage Association (SCSA) (consortium) | Secure Content Storage Association, 4000 Warner Blvd., Burbank, CA 91522 | Operation, design, development, and availability of Project Phenix/Phoenix and VIDITY Key Issuance Center |
| DirecTV, LLC | DirecTV, LLC, 2260 East Imperial Highway, El Segundo, CA 90245 | Operation, design, development, and availability of DirecTV VOD Services, HR23 DVR, and Genie DVR |
| DISH Network LLC (acquired by EchoStar Corporation) | EchoStar Corporation, 100 Inverness Terrace East, Englewood, CO 80112 | Operation, design, development, and availability of DISH VOD Services, ViP622 DVR, ViP722k, Hopper DVR, and Joey Receivers |
| TiVo Inc. (acquired by Rovi Corporation, then acquired by Xperi Inc.) | Xperi Inc., 2190 Gold Street, San Jose, CA 95002 | Operation, design, development, and availability of TiVo Premiere |
| CTERA Networks | CTERA Networks, 205 E 42nd St, New York, NY 10017 | Operation, design, development, and availability of CTERA CloudPlug |
| NETGEAR, Inc. | NETGEAR, Inc., 350 E. Plumeria Drive, San Jose, CA 95134 | Operation, design, development, and availability of ReadySHARE Vault, ReadyNAS Ultra 6, and ReadyNAS Vault |

| Name | Contact Information | Possible Subjects |
|---|---|---|
| Samsung Electronics Co., Ltd. | Samsung Electronics Co., Ltd., 85 Challenger Rd, Floor 6, Ridgefield Park, NJ 07660 | Operation, design, development, and availability of Smart TVs, including PAVV Bordeaux TV 750 |
| Employees, directors, and officers of Plaintiffs | Upon information and belief, contact through Plaintiffs' counsel | Plaintiffs' financial data; marketing and instructions for Plaintiffs' products; Plaintiffs' licensing practices and comparable licenses; operation, design and development of Plaintiffs' products |

In addition to those individuals identified above, Viasat hereby incorporates by reference the witnesses and their possible subjects of testimony disclosed by Plaintiffs in their initial disclosures pursuant to Rule 26(a), those individuals identified by Viasat or Plaintiffs through discovery, declaration or other means, those individuals whose names appear on produced documents, inventors, and co-inventors of patents and other materials identified as prior art in the course of this litigation, and authors and co-authors of references identified as prior art in the course of this litigation, as if set forth fully herein. Viasat believes that there are additional witnesses with information relating to this litigation whose identities have not yet been ascertained. Viasat expressly reserves the right to supplement these disclosures pursuant to Fed. R. Civ. Proc. 26(e) as its investigation continues and discovery proceeds.

## II.   DESCRIPTION OF DOCUMENTS AND THINGS (FED. R. CIV. P. 26(A)(1)(A)(II))

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), and based on presently-available information, Viasat identifies the following categories of documents within its possession, custody, or control that may be pertinent to this action. The disclosure provided herein is based upon information reasonably available at this time. By disclosing the following categories of documents, Viasat does not waive any objections that it has or may have to producing such documents, including, but not limited to, objections based on the attorney-client privilege and attorney work product doctrine. These categories of documents may be used to support Viasat's defenses, other than solely for impeachment.

1. The accused products, including the source code for the accused products;

2. Documents relating to the design, structure, and operation of the accused products;

3. The asserted patents and the file histories of the asserted patents and related patents and applications, including the prior art cited, discussed, or referenced therein;

4. Documents relating to the asserted patents, including ownership, assignment, license and valuation of the asserted patents, in whole or in part;

5. Documents relating to the invalidity of the asserted patents, including but not limited to prior art patents, publications, products, systems, and documents concerning such prior art;

6. Documents sufficient to show the sales of the accused products; and

7. Licenses and related documents concerning the technology underlying the Asserted Patents, if any.

These categories of documents are potentially located in, among others, the following locations:

- Hard drives;
- Shared drives;
- Shared databases/repositories; and
- Hardcopy files.

Viasat expressly reserves the right to supplement this response under Rule 26(e) of the Federal Rules of Civil Procedure as its investigation continues and discovery proceeds.

**III.    COMPUTATION OF DAMAGES (FED. R. CIV. P. 26(A)(1)(A)(III))**

Viasat does not currently seek damages. Viasat may seek attorneys' fees, costs, and other expenses incurred in defending against Plaintiffs' claims, the total of which is not known at this time. The amount of damages, fees, costs, and any other relief that may be deemed just and equitable is not ascertainable at this time. Viasat reserves the right to supplement, modify, or add to this disclosure as the case proceeds.

**IV.    INSURANCE AGREEMENTS (FED. R. CIV. P. 26(A)(1)(A)(IV))**

Viasat is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Viasat expressly reserves the right to supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure as its investigation continues.

## V. CERTIFICATION OF DISCLOSURE

The undersigned certifies that, to the best of his knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the above disclosure is complete and correct as of the time it is made.

DATED: January 24, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Patrick D. Curran*
Patrick D. Curran

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Attorneys for Viasat, Inc.*