# Exhibit D

L. Kieran Kieckhefer (SBN 251978)
Brian M. Buroker (*pro hac vice*)
Robert A. Vincent (*pro hac vice*)
Lillian J. Mao (SBN 267410)
Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8200

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., et al., | Case No.: 4:22-cv-4376-HSG |
| Plaintiffs, | PLAINTIFFS' SECOND SET OF INTERROGATORIES (NOS. 9-15) |
| v. | |
| VIASAT, INC., | |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure Plaintiffs Western Digital Technologies, Inc., Western Digital Ireland Ltd., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd., hereby request that Defendant Viasat, Inc., respond separately, fully, in writing, and under oath, to these interrogatories in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty (30) days of service.

## DEFINITIONS

1.      "Accused Products" means media streaming and/or content delivery software, systems, and services such as residential and in-flight entertainment and/or communication systems, including the Accused Instrumentalities identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023, Plaintiffs' Amended Infringement Contentions served on March 22, 2024, and any amendments thereto.  This definition includes any IFE and/or IFEC system (as defined below) made, used, sold, leased, and/or offered for sale or lease by Viasat, as well as the Viasat Content Delivery System.

2.      "IFE system" means any in-flight entertainment system and any system that facilitates the playback of media on an aircraft, and any related hardware, software, and/or services. (*e.g.*, the provision of internet connectivity, the provision of media content, and the provision of DRM services).

3.      "IFC system" means any in-flight communication system and any system that facilitates communications on an aircraft, and any related hardware, software, and/or services.  This definition includes any in-flight communication system, software, or service related to facilitating communications within an aircraft, between aircraft, and/or between an aircraft and any ground-based component.

4.      "IFEC system" means any product and/or service, or combination of products and/or services, that includes both an IFE system and an IFC system, whether sold or leased together or

PLAINTIFFS' SECOND SET OF INTERROGATORIES
CASE NO. 4:22-CV-4376-HSG

separately.  This definition includes any instances in which Viasat provides both an IFE system and IFC system for use on the same aircraft.

5.    "Playback Device" means any device that supports media playback by any Viasat IFE system.  This definition includes but is not limited to "seatback" devices, "semi-embedded" devices, and passenger devices, as described in VIASAT_00006471–6537 at -6477.

6.    "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including without limitation letters, memoranda, emails, face-to-face meetings, telephone conversations, internet-based remote meetings, and telephonic notes in connection with the same.

7.    "Concerning" means concerning, regarding, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing, constituting, or being.

8.    "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

9.    "Entity" or "Entities" means any Person, corporation, company, partnership, sole proprietorship, firm, board, joint venture, association, organization, trust, governmental body, agency, authority, commission, or any other juristic Person, business unit, or collective organization, and any legal, governmental, organizational, or political subdivision thereof.  The acts of an Entity shall include without limitation the acts of its directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the Entity's behalf.

10.    "Identify" means:

    a.   with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

    b.   with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

    c.   with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

11.    "Litigation" means the above-captioned proceeding at the United States District Court Northern District of California.

12.    "Asserted Patent[s]" means either or both of U.S. Patent Nos. U.S. Patent 9,424,400 (the "'400 patent") or 10,447,667 (the "'667 patent").

13.    "Person" or "Persons" means any natural individual or individuals.

14.    "Plaintiffs" means Plaintiffs Western Digital Technologies, Inc., Western Digital Ireland Ltd., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd.

15.    "Prior Art" to any Asserted Patent means all Things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of the versions of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103 applicable to such Asserted Patent.

3

For the avoidance of doubt, the term "Prior Art" also includes publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures.

16.    "Source Code" means human-readable programming language text that defines software, firmware, or electronic hardware descriptions.    Source Code files include without limitation files containing code in "C," "Objective C," "C++," "Python," assembler, VHDL, and Verilog programming languages.  Source Code files further include without limitation include files, "make" files, link files, and other human-readable text files used in the generation and/or building of software and/or hardware.

17.    "Thing" and "Things" have the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure.  This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens thereof.

18.    "Viasat," "Defendant," "You," or "Your" means Viasat, Inc., together with any of its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys.

19.    The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of this interrogatory.

20.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.    "Including" means including, but not limited to.

22.    The use of singular form includes plural and vice versa.

23.    The use of present tense includes past tense and vice versa.

**INSTRUCTIONS**

The following instructions apply to each interrogatory below and should be considered a part of each interrogatory.

4

1.    Each interrogatory is to be answered fully based on information in Your possession, custody, or control.

2.    If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5). If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

a.   the nature of the privilege or protection claimed;

b.   the person who made the communication, whether oral or in writing;

c.   if the communication was oral, all persons present while the communication was made;

d.   if the communication was written, the author, addressees, and any other recipients;

e.   the date and place of the communication; and

f.   the general subject matter of the communication.

3.    These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

4.    The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever appropriate, in order to bring within the scope of the interrogatory any information that might otherwise be considered beyond its scope.

5.    None of the definitions or interrogatories set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definitions or an interrogatory.

PLAINTIFFS' SECOND SET OF INTERROGATORIES
CASE NO. 4:22-CV-4376-HSG

## INTERROGATORIES

**INTERROGATORY NO. 9:**     Identify each type of Playback Device and describe in detail how each type of Playback Device is implemented, installed, repaired, maintained, replaced, and connected to other components in any Viasat's IFE system.

**INTERROGATORY NO. 10:**   Identify each customer for any Viasat's IFE and/or IFEC system, including any related services, and for each customer, identify (i) the Viasat legal entity that contracts with that customer, (ii) the date that Viasat first sold or licensed an IFE or IFEC system to that customer, and (iii) the revenue to Viasat, or any of its subsidiaries, for all sales and licenses for any Viasat's IFE and/or IFEC system, including any services provided to that customer that are in any way related to any Viasat's IFE or IFEC system, broken down by legal entity and quarter.

**INTERROGATORY NO. 11:**   For each customer of any Viasat IFE and/or IFEC system, identify (i) the total number of that customer's aircrafts equipped with a Viasat IFE or IFEC system, and (ii) the number of that customer's aircrafts that are equipped with seatback devices, each broken down by quarter.

**INTERROGATORY NO. 12:**   For each customer of any Viasat IFE and/or IFEC system, identify on a quarter-by-quarter basis the products and services that Viasat provides to that customer (*see e.g.*, VIASAT_00006655 at 696-98) and all associated revenue.

**INTERROGATORY NO. 13:**   On a quarter-by-quarter basis, identify the number of residential subscribers to Viasat's services that are connected to the Viasat Content Delivery System and the revenue to Viasat, or any of its subsidiaries, associated with sales or licenses or products and/or services provided to those subscribers, broken down by legal entity, quarter, and service/sale type.  *See* VIASAT_00008738 at 745.

**INTERROGATORY NO. 14:**   Identify with specificity, on a claim-by-claim basis, all factual and legal bases supporting any allegedly acceptable, non-infringing alternatives to the claims of the Asserted Patents available to You as of the earliest date that You began offering, providing, or using the Accused Products. Include the complete factual basis for Your response, including the identity

6

1   of each individual with personal knowledge regarding the non-infringing alternatives, the relative

2   costs and/or benefits of using the Accused Products in place of such non-infringing alternatives, and

3   identifying any documents relating to such allegedly non-infringing alternatives.

4       **INTERROGATORY NO. 15:**   Correlate each source code folder that Viasat made available

5   (or will make available) for review by Plaintiffs with the corresponding functionality of Viasat's

6   systems (for example, by mapping each source code folder with a block diagram provided in

7   VIASAT_00008705) and the location and type of the computing device that executes the source

8   code (*e.g.*, ground server, plane server, user device, seat-back device, etc.).

9

10   Dated:  October 2, 2024

11           Respectfully submitted,

12           GIBSON, DUNN & CRUTCHER LLP

13

14           By:  */s/ Ahmed ElDessouki*
            L. Kieran Kieckhefer

15               Robert A. Vincent
            Lillian Mao

16               Ahmed ElDessouki

17             *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27                        7

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on October 2, 2024, I caused a copy of the foregoing document to be

3     served on the following counsel for defendant Viasat, Inc. via email:

4               qe-viasat-wd@quinnemanuel.com

5

6                                                    _/s/ Ahmed ElDessouki_

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

PLAINTIFFS' SECOND SET OF INTERROGATORIES
CASE NO. 4:22-CV-4376-HSG