February 12, 2025

The Honorable Haywood S. Gilliam, Jr
United States District Court
Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

Re:    _Sandisk Technologies, Inc. et al. v. Viasat, Inc._, Case No. 4-22-cv-04376-HSG

Your Honor:

We write to provide Viasat's response to Plaintiffs' letter entered on Feb. 8 at 12:02 AM PT (Dkt. 159).[1] Plaintiffs first raised most of the topics in their letter on Friday, Feb. 7, the last day of discovery. Viasat immediately asked Plaintiffs to identify the discovery requests they believed were relevant to each issue. Plaintiffs responded at 11:56 p.m. PT that evening, and then filed their discovery letter 6 minutes later without Viasat's position.[2] Unsurprisingly, Plaintiffs' letter does not represent that the parties met and conferred and reached an impasse, or that Plaintiffs made any good-faith attempt to do so. Neither occurred, warranting denial. _See_ Standing Order ¶ 18; Civ. L.R. 37-1; _Roby v. Stewart_, 2013 WL 1636375, at *2 (N.D. Cal. Apr. 16, 2013) (denying motion to compel where there was "no evidence … Plaintiff has addressed this matter with Defendants" or "made a good faith effort to meet and confer"). Plaintiffs also raised these issues too late to resolve disputes before fact discovery closed, violating Standing Order ¶ 19. Although Plaintiffs' letter is improper, Viasat submits its position below.

---

[1]   As previously noted (Dkt. 162), Plaintiffs' letter did not comply with this Court's standing order requiring "joint" letters on discovery issues.

[2]   Moments before unilaterally filing their discovery letter, and minutes before the scheduled close of fact discovery, Plaintiffs also filed a Motion to Extend the Deadline for the Close of Fact Discovery and Extend Case Schedule (Dkt. 158). As discussed in Vasat's Opposition to Plaintiffs' motion (Dkt. 166), Plaintiffs appear to be belatedly raising purported discovery disputes to manufacture a basis to extend the case schedule.

The Honorable Haywood S. Gilliam, Jr
February 12, 2025

**Viasat's Position.** Plaintiffs' letter does not show the discovery sought is relevant or proportional. *Richards v. Centripetal Networks, Inc.*, 2024 WL 4375785, at *1 (N.D. Cal. Oct. 2, 2024) ("on a motion to compel, the moving party bears the burden to show that it has satisfied proportionality and other requirements of Rule 26") (collecting cases). Plaintiffs made no attempt to show how the materials they seek respond to any specific discovery request, are relevant generally, or are proportional in view of what was already produced. Plaintiffs do not even quote or attach any discovery requests at issue, violating Civ. L.R. 37-2. Plaintiffs' generalized complaints and long string cites force the Court to parse through long lists and conduct its own analysis; but that was Plaintiffs' burden, not the Court's. *Sanchez-Martinez v. Freitas*, 2024 WL 4933339, at *2–3 (N.D. Cal. Dec. 2, 2024) (denying motion to compel "fail[ing] to comply with Local Rule 37-2" where motion left it "unclear what documents have been produced so far, how these documents are insufficiently responsive," or how proportionality "requirements are satisfied").

**Source Code / Technical Documents**. Plaintiffs incorrectly contend Viasat's code production is deficient because Plaintiffs now seek to accuse not just "a VCDS client on board an aircraft" but also "a VCDS server on the ground." (Mot. 1.) But this ground server is *not* accused—and Plaintiffs did not assert otherwise until four days were left in discovery. The asserted patents recite a "kiosk" allegedly on a plane ('400 patent) and a "network attached storage device" also allegedly on a plane ('667 patent). Plaintiffs admit Viasat produced code for the "VCDS client on board an aircraft" in Mar. 2024. (Mot. 1) Plaintiffs inspected this code, which Viasat produced in a folder marked "vcds-client," for two days in Mar. 2024. Plaintiffs then served amended infringement contentions citing this code, and did not claim anything other than the onboard "client" code was relevant; no "server-side" code was requested. Dkt. 153 at 2. In Oct. 2024, Plaintiffs asked for a "mapping" of Viasat's source code to Viasat documents. *Id*. Viasat's Dec. 2024 "mapping" expressly confirmed the "vcds-client" code (the only VCDS code produced) was for the onboard client on the aircraft. Dkt. 153 at 9-10. With this "mapping" in hand, Plaintiffs again reviewed Viasat's source code in Dec. 2024, cited this code extensively in amended infringement contentions, and did not claim more code was relevant. No "VCDS server" code was requested or claimed to be relevant or missing. And Plaintiffs *knew* VCDS servers existed; the servers are shown clearly in the same diagrams Plaintiffs cited in their Mar. 2024 infringement contentions. But Plaintiffs did not ask for code on those servers, instead citing the code they had—the *client* in the same diagram—and saying this was what they accused. In Jan. 2025, Plaintiffs moved for leave to amend their infringement contentions, claiming amendment was justified because Plaintiffs now understood the code better. Again, Plaintiffs said nothing about a ground server being accused or ground server code being relevant or missing. Instead they extensively cited the VCDS client code. Dkt. 146. The first time Plaintiffs said VCDS *ground server* code should be produced was the evening of Feb. 3, 2025—four days before discovery closed. Dkt. 164-2. Plaintiffs' own actions show "server" code is not actually relevant, much less proportional—if it was what Plaintiffs actually accused, they would have raised that issue long ago (at least by Mar. 2024 when inspecting code, or Dec. 2024 when re-inspecting code with a "map" in hand, or even Jan. 2025 when approaching the Court to try to amend infringement contentions). Plaintiffs' last-minute request

The Honorable Haywood S. Gilliam, Jr
February 12, 2025

for "ground server" code that Plaintiffs knew existed for over a year, but did not consider relevant (or, presumably, proportional) until Feb. 3, should not now be compelled.[3]

Plaintiffs also demand all materials "*related to* specific aspects of the Digital Rights Management (DRM) system" (Mot. 1-2), a software library from third-party JWP. But RFP 87 does not ask for this—it asked for "[d]ocuments *sufficient to show* the functionality of JWP's digital rights management (DRM) system in the Accused Products." Viasat already produced this—source code for all accused products that use this DRM library have been produced, showing exactly where and how this library is used in the Accused Product code. Design documents describing JWP's DRM library were also produced (VIASAT_00006147). That is more than "sufficient to show" the relevant functionality. Plaintiffs' broad request to compel anything "related to" the library is not relevant, proportional, or even what RFP 87 asked for. *Garcia v. City of Imperial*, 2010 WL 1337224, at *3 (S.D. Cal. Apr. 5, 2010) (denying motion to compel where movant "could have asked for 'all documents' … but chose to limit the request to documents 'sufficient to show'").

**<u>Financial & Usage Data</u>**. Plaintiffs' complaints about damages information are also without merit. Plaintiffs say Viasat did not produce a "standard" marketing slide deck. But Viasat explained that the "standard" template itself is not shared outside Viasat and is therefore not responsive to requests for marketing materials and, in any event, Viasat *produced* the "standard" template on January 28 at Bates number VIASAT_00132453. Viasat had also already produced actual presentations to customers (*i.e.*, marketing materials) that included portions of the template document, *e.g.*, VIASAT_00095982-VIASAT_00096056. Plaintiffs also seek information Viasat marketing "relies" on (Mot. 2)—but do not tie this demand to any specific discovery request, do not explain how it is relevant to any claim or defense, and make no effort to establish that this extraordinarily broad view of discovery is proportional. That cannot meet their burden.

Plaintiffs' other complaints on "financials & usage data" are similarly flawed. Plaintiffs ignore materials Viasat produced that already provide the information Plaintiffs seek. Plaintiffs say Viasat has not produced the number of aircraft equipped with accused products, but Viasat already produced that "tail count." VIASAT_00042463. Plaintiffs admit they have IFE data and financial reports, and do not explain how additional information is relevant to any claim or defense, or proportional to the needs of this case. Viasat already produced relevant financial information concerning the Accused Products, including at VIASAT_00005781, VIASAT_00052299, VIASAT_00132724, and financial information for ad revenues (VIASAT_00132726) even though that information is not relevant. Plaintiffs' complaints now focus on non-accused products and "add-ons" that Plaintiffs have not tied to *any* theory of infringement or damages. Plaintiffs even seek financials on Viasat's sale of basic Internet service—but simply using the Internet is not accused. Viasat already produced usage data on what is accused, including IFE usage (*e.g.*, VIASAT_00132725; VIASAT_00123818; VIASAT_00123820; VIASAT_00123817) and residential Stream usage (*e.g.*, VIASAT_00132725; VIASAT_00123819; VIASAT_00123821;

---

[3] Plaintiffs also claim code files with unnamed "definitions" are missing, but do not say how this information is relevant or proportional. Plaintiffs likewise say only a single version of code was produced. But Plaintiffs knew this since Mar. 2024. First asking for prior versions in Feb. 2025 effectively concedes this code was neither necessary or proportional. Dkt. 153 at 2.

The Honorable Haywood S. Gilliam, Jr
February 12, 2025

VIASAT_00123822). Plaintiffs have not shown that the additional financial information and/or usage data they seek, which they concede is not directly related to the Accused Products, is proportional, relevant, or responsive.

**Witness Topics**. Plaintiffs say witnesses were "inadequately prepared," but never identify any question a witness was unable to answer. They broadly allege designees should have spoken to more employees to be prepared, but do not explain why. Viasat's witnesses were appropriately selected based on their extensive experience. Mr. Dan Newman, Chief Technology Officer for Content Delivery, has over 30 years of experience at Viasat and testified for hours on the "Residential" and "VCDS" topics listed. Mr. Ajai Tuli testified extensively on business development topics based on over a decade of experience in business development and 3.5 years of experience leading that area for Viasat. Mr. Greg Houda testified for hours on financial aspects about the accused products and the minutiae of Viasat's financial systems based on his decade of experience in Viasat finance. Plaintiffs' generalized complaints are not enough to meet their burden. *Google LLC v. Sonos, Inc.*, 2023 WL 1997753, at *4 (N.D. Cal. Feb. 14, 2023) (denying motion to compel on lack of adequate 30(b)(6) preparation because movant "d[id] not identify any particular questions" witness did not answer and "d[id] not cite deposition testimony illustrating [the witness's] lack of preparation"). Plaintiffs likewise demand a witness for a list of 27 deposition topics without even telling the Court *what they are* (much less why they are relevant and proportional). This does not meet Plaintiffs' burden. Viasat provided witnesses on 77 corporate topics. Plaintiffs have not shown that the additional 27 topics are relevant to the Accused Products or the damages theories Plaintiffs disclosed in Pat. L.R. 3-8 disclosures, nor that they are proportional to the needs of the case. This discovery should be denied.

 Respectfully submitted,

 /s/ *Patrick D. Curran*
_____

Patrick D. Curran
Quinn Emanuel Urquhart & Sullivan LLP
*Attorneys for Viasat*