L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al., <br><br>Plaintiffs, <br><br>v. <br><br>VIASAT, INC, <br><br>Defendants | Case No. 4:22-CV-4376-HSG <br><br>**SANDISK'S MOTION TO SHORTEN TIME RE SANDISK'S MOTION TO STRIKE VIASAT'S INTERROGATORY RESPONSES (DKT. 168)** |

## I. INTRODUCTION

Pursuant to Civil L.R. 6-3, Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (collectively, "Plaintiffs" or "SanDisk") bring this motion to request that the Court shorten the time for briefing and hearing on SanDisk's Motion to Strike Viasat's Interrogatory Responses re Non-Infringement and Non-Infringing Alternatives (Dkt. 168) ("Motion to Strike"), so that it may be considered together with SanDisk's Motion to Extend the Deadline for the Close of Fact Discovery and Extend Case Schedule (Dkt. 158) ("Motion to Extend"). The issues raised in the two motions are interrelated—both motions arise out of Viasat's obstruction and delay during discovery—and SanDisk submits that it would be most efficient for the Court to take the issues up at the same time so that the Court can fashion comprehensive relief that addresses all of the pending issues. That is not possible under the current timeline because the Motion to Strike would not be heard until after the new discovery deadline that SanDisk requests in the Motion to Extend. (To be clear, however, the relief requested in the Motion to Extend would be insufficient to address the prejudice caused by Viasat's conduct that is the subject of the Motion to Strike.) Thus, to facilitate more efficient consideration of both motions, SanDisk requests that the Court:

1. Shorten the time for Viasat to respond to the Motion to Strike, from February 25, 2025 to February 21, 2025,

2. Shorten the time for SanDisk's reply, from March 4, 2025 to February 24 at 9:00 a.m., and

3. Advance the motion hearing, currently set for March 27, 2025, to February 27, 2025 (on which date another SanDisk motion is currently set for hearing).

## II. BACKGROUND

Under the current case schedule, fact discovery closed on February 7, 2025. Dkt. 131. As explained more fully in the Motion to Extend, SanDisk understood that Viasat had agreed to a general extension of fact discovery, but on February 6, 2025, Viasat suddenly indicated that it would ***not*** agree to an extension except for the limited purpose of taking certain depositions.[1] As a result,

---

[1] Viasat suggests that SanDisk delayed in confirming the extension with Viasat, but SanDisk was not

SanDisk scrambled to file the Motion to Extend as well as a discovery letter (Dkt. 159) documenting many outstanding discovery issues. At the same time during those two days, SanDisk was busy taking a deposition on February 6 and preparing for and conducting *three* depositions on February 7. Mao Decl., ¶ 7. Meanwhile, overnight on February 6, Viasat served supplemental interrogatory responses that, for the first time, provided factual explanations for Viasat's assertions of non-infringement and non-infringing alternatives, as explained more fully in the Motion to Strike. *See* Dkt. 168. When it filed the Motion to Extend, SanDisk was aware that Viasat had belatedly provided long overdue interrogatory responses and referenced that in its motion, but because of the other things going on, including three depositions on February 7, SanDisk did not digest until later the sheer magnitude of Viasat's ambush.[2] Mao Decl., ¶ 7. SanDisk subsequently filed the Motion to Strike asking that the Court strike Viasat's non-infringement and non-infringing alternatives responses that were served 24 hours before the close of fact discovery.

### III. THE MOTION TO STRIKE AND MOTION TO EXTEND SHOULD BE CONSIDERED TOGETHER

The Motion to Extend and Motion to Strike are both requests by SanDisk to address unresolved discovery issues: (1) the Motion to Extend seeks an extension of fact discovery in view of, *inter alia*, outstanding depositions, documents Viasat has yet to produce, and the fact that Viasat produced most of its documents in the final 1.5 months; and (2) the Motion to Strike requests that Viasat's supplemental interrogatory responses, served overnight the day before fact discovery closed, be stricken because SanDisk was prejudiced by being unable to test those theories in discovery, including with witnesses SanDisk had already deposed. While SanDisk has requested independent relief in its two motions, the issues overlap, and SanDisk believes the Court may wish to consider the matters together in order to fashion comprehensive relief. For example, while SanDisk's requested extension would not

---

"confused" such that it thought it needed to clarify anything. Dkt. 166 at 2 n.2. SanDisk tried to wait until deposition dates were confirmed before sending Viasat a draft stipulation, but the last of the rescheduled depositions was confirmed only yesterday. *See* Dkt. 168-1 ¶ 12.

[2] To the extent the Court believes that an extension would cure the prejudice caused by Viasat's discovery responses, it would not in isolation. First, any such extension would have to be far longer than the one that SanDisk already requested because SanDisk did not realize the magnitude of the responses Viasat provided; and second, SanDisk would need relief from the Rule 30 deposition limits.

2
SANDISK'S MOTION TO SHORTEN TIME RE MOTION TO STRIKE
CASE NO. 4:22-CV-4376-HSG

Gibson, Dunn &
Crutcher LLP

be sufficient to cure the prejudice caused by Viasat's untimely interrogatory responses, the Court may prefer to grant a significantly longer extension of fact discovery—in addition to other remedies, such as relief from the Rule 30 deposition limits—in lieu of striking those responses.

The current timelines for SanDisk's two motions are incompatible.  For example, the Motion to Extend seeks a new discovery cutoff of March 14, 2025, but the Motion to Strike is not set to be heard until March 27, 2025.  Thus, SanDisk requests that the Court accelerate the timeline for the Motion to Strike.  SanDisk has a pending motion for leave to amend its infringement contentions that is noticed for February 27, 2025, so SanDisk submits that it would be convenient for the parties and the Court to have argument on the Motion to Strike the same day.  SanDisk proposes and requests the following schedule to accommodate that sooner hearing date.  Under the new schedule, Viasat's time to respond is shortened by only two business days, and the Court will have the full set of briefing at the start of business the week of the hearing.

| Event | Current Date | New Date |
| --- | --- | --- |
| Viasat's Response to SanDisk's Motion to Strike | February 25, 2025 | February 21, 2025 |
| SanDisk's Reply Regarding Motion to Strike | March 4, 2025 | February 24, 2025 at 9:00 a.m. |
| Hearing on Motion to Strike | March 27, 2025 | February 27, 2024 |

Absent a shortening of time, SanDisk will be substantially harmed because its requested discovery extension will have passed before the Court considers the Motion to Strike.  SanDisk will thus have to conduct any further discovery without knowing whether Viasat's untimely disclosed non-infringement and non-infringing alternatives arguments are part of the case or not and whether it will be afforded additional relief.  The outcome of the Motion to Strike would have a significant impact on the remaining discovery in this case due to the magnitude of Viasat's untimely disclosures (e.g., 35 pages of new non-infringement arguments).  The parties can conduct the remainder of this case more efficiently with the benefit of the Court's views on both the Motion to Strike and on extending the case schedule.

## IV. CONCLUSION

For the foregoing reasons, SanDisk respectfully requests that the Court shorten the time for briefing and hearing on SanDisk's Motion to Strike

Dated: February 12, 2025                    GIBSON, DUNN & CRUTCHER LLP

                            /s/ L. Kieran Kieckhefer
                            L. Kieran Kieckhefer

                            *Counsel for Plaintiffs*