L. Kieran Kieckhefer (SBN 251978)
Brian M. Buroker (*pro hac vice*)
Robert A. Vincent (*pro hac vice*)
Lillian J. Mao (SBN 267410)
Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8200

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DECLARATION OF LILLIAN J. MAO IN SUPPORT OF SANDISK'S MOTION TO SHORTEN TIME RE SANDISK'S MOTION TO STRIKE VIASAT'S INTERROGATORY RESPONSES** <br><br> Judge:   Hon. Haywood S. Gilliam, Jr. |

I, Lillian J. Mao, hereby declare that:

1. I am an attorney with the law firm Gibson, Dunn & Crutcher LLP. I represent Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (together "SanDisk") in the above-captioned action asserting that Viasat Inc. ("Viasat") infringes two Asserted Patents: U.S. Patent No. 9,424,400 (the "'400 Patent") and U.S. Patent No. 10,447,667 (the "'667 Patent"). I have personal knowledge of the matters discussed herein.

2. I make this declaration pursuant to Civil L.R. 6-3 in support of SanDisk's Motion to Shorten Time re SanDisk's Motion to Strike Viasat's Interrogatory Responses.

3. As explained more fully in the accompanying motion, SanDisk requests a shortening of time with respect to its Motion to Strike Viasat's Interrogatory Responses re Non-Infringement and Non-Infringing Alternatives (Dkt. 168) ("Motion to Strike") because it believes the issues raised in that motion should be considered by the Court at the same time as the issues in SanDisk's Motion to Extend the Deadline for the Close of Fact Discovery and Extend Case Schedule (Dkt. 158) ("Motion to Extend"). Under the current timeline, the Motion to Strike would not be heard until after the new fact discovery cutoff date sought in the Motion to Extend. (To be clear, however, the relief requested in the Motion to Extend would be insufficient to address the prejudice caused by Viasat's conduct that is the subject of the Motion to Strike.)

4. On February 12, 2025, at 1:02 a.m., shortly after SanDisk filed the Motion to Strike, I emailed Viasat's counsel to inform them that SanDisk intended to move to expedite briefing and consideration of the Motion to Strike, and asked if Viasat would be willing to stipulate to an expedited schedule. As of the filing of this declaration, Viasat's counsel had not responded.

5. As explained more fully in the accompanying motion, if the Court does not change the time for briefing and hearing on SanDisk's Motion to Strike, SanDisk will incur

substantial harm and prejudice in that any extension of fact discovery granted pursuant to its Motion to Extend will have passed by the time the Motion to Strike is heard, and SanDisk will have had to conduct any additional discovery without knowing whether Viasat's interrogatory responses are in the case or not.

6. SanDisk's Motion to Strike seeks an order striking Viasat's supplemental responses to Interrogatory No. 8 (non-infringement) and No. 14 (non-infringing alternatives) that were served 24 hours before the close of fact discovery and provided voluminous arguments not previously disclosed. Viasat has not communicated its position to SanDisk, but SanDisk believes Viasat opposes the motion.

7. At the time SanDisk filed the Motion to Extend on February 7, 2025, it did not fully appreciate the immense prejudice Viasat caused in untimely serving its interrogatory responses. On February 6, 2025, SanDisk took a full-day deposition of a Viasat witness. On February 7, 2025, SanDisk took full-day depositions of two Viasat witnesses, and Viasat deposed one of SanDisk's witnesses. As a result of these depositions and other activity leading up to the close of fact discovery, including attempting to confer with Viasat on outstanding discovery issues and preparing the Motion to Extend, SanDisk's case team did not realize the extremely prejudicial nature of Viasat's interrogatory responses until later. It then promptly filed the Motion to Strike on February 11, 2025.

8. There have been no prior time modifications relating to the Motion to Strike. With respect to the case schedule generally, there have been no prior time modifications to the case schedule set by the Court after claim construction (Dkt. 131). SanDisk's pending Motion to Extend seeks to modify that schedule.

9. The requested time modification with respect to briefing and hearing on the Motion to Strike would not directly affect the rest of the case schedule. However, SanDisk believes the issues in the Motion to Strike may inform the Court's consideration of the Motion

to Extend and may affect the length of any schedule extension the Court may grant in light of the Motion to Extend and/or the Motion to Strike.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of February 2025 in Menlo Park, California.

By: */s/ Lillian J. Mao*
Lillian J. Mao

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer