QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
  Gyu Shik Jang (Bar No. 337747)
  kevinjang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*proc hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DEFENDANT VIASAT, INC.'S RESPONSE IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 174]** <br><br> [FILED CONCURRENTLY WITH [PROPOSED] ORDER RE APPLICATION FOR LEAVE TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) & (f) and the Protective Order entered in this case (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, seeking to seal portions of Plaintiffs' Motion to Strike Viasat's Interrogatory Responses Re Non-Infringement And Non-Infringing Alternatives and Exhibits B and E thereto [Dkts. 167-2 through 167-4, respectively the "Motion" and "Exhibits"].

| Dkt. No. (Sealed/Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| Dkt. 167-2 / 174-2 | SanDisk's Motion To Strike Viasat's Interrogatory Responses Re Non-Infringement And Non-Infringing Alternatives | Analysis of Viasat confidential confidential technical and source code-related information (on portions of PDF page 9) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. 167-3 / 174-3 | Exhibit B to the ElDessouki Declaration in Support of SanDisk's Motion To Strike Viasat's Interrogatory Responses Re Non-Infringement And Non-Infringing Alternatives – "excerpts of Viasat, Inc.'s Third Supplemental Objections & Responses to Plaintiffs' First Set of Interrogatories (Nos. 1-8)" | Analysis of Viasat confidential confidential technical and source code-related information (on portions of PDF pages 23-28, 33-35, and 37) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. 167-4 / 174-4 | Exhibit E to the ElDessouki Declaration in Support of SanDisk's Motion To Strike Viasat's Interrogatory Responses Re Non-Infringement And Non-Infringing Alternatives – "excerpts of Viasat, Inc.'s Third Supplemental Objections & Responses to Plaintiffs' Second Set of Interrogatories (Nos. 9-15)" | Excerpts from and citation to Viasat confidential technical information and source code-related information (on portions of PDF pages 12 and 15-17) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |

Portions of SanDisk's Motion to Strike [Dkt. 167-2] and Exhibits B and E [Dkts. 167-3 and 167-4, respectively] contain analysis of Viasat's highly confidential source code and product operation information.

Viasat seeks to seal only the portions of Plaintiffs' Motion and Exhibits that contain Viasat's highly confidential information. Filed concurrently herewith are redacted versions of the Exhibits that redact only the highly confidential information

regarding the operation of and source code for Viasat's products (at the pages noted in the table above).

If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'S Response To Plaintiffs' Motion To Consider Whether Another Party's Material Should Be Sealed [Dkt. 167-2] ("Ward Decl.") (filed concurrently herewith).

Records attached to nondispositive motions are not subject to the strong presumption of access by the public. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns*, *Inc.,* 435 U.S. 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist . . . such as the use of records to . . . release trade secrets." "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (citations and internal quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source

code and noting "[c]onfidential source code clearly meets the definition of a trade secret"); Dkt. 435, Order on Motions to Seal ("The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and proprietary information relating to the operations of Defendant."); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database).

If filed publicly, the Viasat highly confidential information reflected in the Motion to Strike and Exhibits B and E could be used by Viasat's competitors to Viasat's detriment. See Ward Decl. ¶¶ 3-4. For instance, the Motion to Strike [Dkt. 167-2] contains excerpts of Viasat's interrogatory responses that reflect Viasat's highly confidential information regarding the operation of and source code for Viasat's products, including information related to which kinds of security features Viasat's products use (on portions of PDF page 9). Similarly, Exhibit B, which is an excerpt from Viasat's interrogatory responses, also reflects Viasat's highly confidential information regarding the operation of and source code for Viasat's products (on portions of PDF pages 23- 28, 33-35, and 37). Exhibit E, which is also an excerpt from Viasat's interrogatory responses, contains the same type of confidential information regarding the operation of and source code for Viasat's products (on portions of PDF pages 12 and 15-17). The confidential references to the architecture of Viasat's products and associated source code variables in the Motion and Exhibits B through E warrant sealing. The source code, operation of,

and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-party security and content sources Viasat's products interact with, and how Viasat actually maintains security of certain content—are not apparent from normal consumer operation. Ward Decl. ¶ 4.

If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; see also *Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

Pursuant to Civil Local Rule 79-5(c) and (f), and on the basis of the harm to Viasat if disclosed, Viasat submits this declaration which establishes good cause to permit the sealing of the unredacted versions of the Motion and Exhibits.

DATED: February 18, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Patrick D. Curran*
    Patrick D. Curran

*Attorney for Defendant Viasat Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2025, a copy of the foregoing response, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: February 18, 2025          By  /s/ *Patrick D. Curran*
                                      Patrick D. Curran

---

CASE NO.: 5:22-cv-4376-HSG
RESP. IN SUPPORT OF MOTION TO FILE UNDER SEAL PORTIONS OF DKTS. 145-2–5
1