# EXHIBIT F

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:     (617) 712-7100
Facsimile:     (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
  Gyu Shik Jang (Bar No, 337747)
  kevinjang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*pro hac vice*)
nicolafelice@quinnemanuel,com
  Vanessa Blecher (*pro hac vice*)
vanessablecher@quinnemanuel.com
295 5th Ave
New York, NY 10016
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA,
### OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No. 4:22-cv-4376-HSG |
|         Plaintiff, | |
|     vs. | **VIASAT, INC.'S FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-8)** |
| VIASAT, INC., | |
|         Defendant. | |

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Viasat, Inc.

2  ("Viasat") hereby supplements its responses to Plaintiffs' First Set of Interrogatories (Nos. 1-8) as

3  follows.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiff reserves the right to further

4  supplement its responses to these Interrogatories if it learns of additional responsive information.

## PRELIMINARY STATEMENT

Viasat's investigation, discovery, and analysis are ongoing. The responses to these Interrogatories are based on information presently available to Viasat after a reasonable investigation. Viasat reserves the right to supplement or amend these responses as further information and documents are identified, disclosed, or discovered. Viasat's responses are without prejudice to its right to introduce as evidence any subsequently discovered or unintentionally omitted information and/or documents.

Viasat's responses to these Interrogatories are not intended to be and shall not be construed as a concession or admission by Viasat of the competency, relevance, materiality, privilege, or admissibility of the Interrogatories or its responses thereto, or of any document or information referred to in the Interrogatories or these responses. The fact that Viasat has responded to any Interrogatory, or any part of any Interrogatory, does not imply or admit that it accepts or admits the existence of any facts stated or assumed by such Interrogatories. The failure of Viasat to object to any of the Interrogatories on a specific ground shall not be construed as a waiver of its right to object at a later time on that ground or any additional grounds. Viasat incorporates each of the following General Objections and Objections and Responses to Instructions and Definitions into its Responses to each of Plaintiffs' Interrogatories, whether or not expressly referred to in each such Response. Viasat reserves the right to object to further discovery regarding the same subject matter as any Interrogatory and to object to the introduction into evidence any documents or information provided in response to the Interrogatories.

## GENERAL OBJECTIONS

Viasat makes the following General Objections, whether or not separately set forth in response to each Interrogatory, to each and every instruction, definition, and Interrogatory. By responding to any of the Interrogatories or failing to specifically refer to or specify any particular General Objection in response to a particular Interrogatory, Plaintiff does not waive any of these General Objections, or admit or concede the appropriateness of any purported interrogatory or any assumptions contained therein.

1.     Viasat objects to these Interrogatories, including their Definitions, to the extent they attempt to impose upon Viasat obligations beyond those imposed or authorized by the Federal Rules

of Civil Procedure, Northern District of California Local Rules, or any other applicable law, rule, or regulation.

2.      Viasat objects to these Interrogatories to the extent they are compound and contain multiple subparts asserted in a single interrogatory.

3.      Viasat objects to these Interrogatories to the extent they are directed to matters and seek information, documents, or things that are not relevant to the subject matter at issue in this action.

4.      Viasat objects that Plaintiffs' Interrogatories fail to describe with reasonable particularity the information that Western Digital seeks.  Instead, Plaintiffs' Interrogatories are generally overbroad, vague, ambiguous, unduly burdensome, disproportionate to the needs of the action, unintelligible, or otherwise lack particularity and thereby require Viasat to engage in conjecture as to their meaning.  Viasat's response to each Interrogatory is subject to its reasonable interpretation of such Interrogatory.

5.      Viasat objects to these Interrogatories to the extent they seek information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, common interest privilege, or any other applicable privilege (collectively, "Privileged Information").  Such information will not be provided in response to the Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information, or of any work product doctrine protections which may attach thereto.

6.      Consistent with the foregoing privileges, Viasat will not provide information from outside counsel retained in connection with this action in response to any Interrogatory notwithstanding that such outside counsel may have acquired knowledge or information responsive to that Interrogatory in the course of representing Viasat.

7.      Viasat objects to these Interrogatories to the extent their scope is not restricted to the time period relevant to the allegations in the action, or without reference to a reasonable and relevant time period, as overbroad, unduly burdensome, beyond the scope of the allegations in the action, not relevant to any claim or defense, and not proportional, material and necessary to the prosecution

1   or defense of the action.  Viasat's response to each Interrogatory incorporates a reasonable time

2   period, taking into account the nature and scope of the Interrogatory.

3          8.     Viasat objects to these Interrogatories to the extent they seek information that is

4   already in the possession, custody, or control of Plaintiffs or otherwise equally accessible to

5   Plaintiffs, including information available from public sources.

6          9.     Viasat objects to these Interrogatories to the extent they seek information not within

7   Viasat's possession, custody, or control or purport to require Viasat to seek information in the

8   knowledge, possession, custody, or control of third parties.  Viasat disclaims any obligation to obtain

9   or provide information that is not within its knowledge, possession, custody, or control.  The

10  voluntary provision of information that may otherwise fall within this objection shall not be deemed

11  a waiver of this objection as to other information in the possession, custody, or control of third

12  parties.

13        10.    Viasat objects to these Interrogatories to the extent they seek confidential and/or

14  proprietary business, financial, and/or technical information or trade secrets, the disclosure of which

15  may damage Viasat's business, violate the privacy or proprietary rights of others including

16  employees, clients, or business partners of Viasat, or breach any duty or regulatory requirement, or

17  violate any agreement or order pursuant to which Viasat is precluded from disclosing such

18  information.  Any information provided by Viasat in response to these Interrogatories is being

19  provided for purposes of this action only.  Viasat reserves the right to withhold personal, private, or

20  non-responsive documents or information.  Viasat also objects to the use of any documents or

21  information provided in this action in any other action or proceeding and/or in any manner

22  inconsistent with any Confidentiality Order to be entered in this action.  For the avoidance of doubt,

23  any information provided to Plaintiffs will be governed by the Protective Order agreed to by the

24  parties or, until a Protective Order is entered in this case, by the Northern District of California's

25  Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information

26  and/or Trade Secrets.

27        11.    Viasat objects to these Interrogatories to the extent they are cumulative and/or

28  duplicative of other discovery sought in this case and, therefore, unduly burdensome.

12.    Viasat objects to these Interrogatories to the extent the information sought therein could be obtained through other, less burdensome discovery, and are not, therefore, the proper subject of an Interrogatory.

13.    Viasat objects to these Interrogatories to the extent they assume facts that do not exist.

14.    Viasat objects to these Interrogatories to the extent they call for a legal opinion or conclusion.

15.    Viasat objects to the Interrogatories to the extent they are unduly burdensome and oppressive in that they would require Viasat to provide information that is of little or no benefit with respect to the issues or controversies in this action, so that the value of the information would be outweighed by the burden of providing it.  Viasat further objects to the Interrogatories to the extent that they seek electronic documents and/or electronically stored information that is/are not reasonably accessible because of undue burden or cost.  Viasat will undertake a search for documents and information that is reasonable under the circumstances.

16.    Viasat objects to these Interrogatories to the extent they seek information related to expert disclosure.  Viasat will comply with obligations related to expert disclosure in accordance with the schedule agreed upon or to be agreed upon by the parties.

17.    Viasat objects to these Interrogatories as premature, including because the Court has not yet set a schedule in this case, and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

18.    Where Viasat agrees to, or does, provide information responsive to these Interrogatories, this agreement to provide information is subject to agreement with Plaintiffs over appropriate search terms and custodians.

19.    These Objections shall apply to each of the Interrogatories as if fully set forth therein.

**OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS**

1.    Viasat objects to the definition of "Accused Products" to the extent it encompasses "media streaming software, systems, and services *such as* in-flight entertainment and communication ("IFEC") systems for use in commercial and private aviation, *including* products

1  identified in Plaintiffs' Complaint and any amendments thereto, and products identified in Plaintiffs'

2  Patent L.R. 3-1 infringement contentions served on February 23, 2023, and any amendments

3  thereto," as well as "Viasat products, services, and components referred to or described in "Viasat

4  in-flight connectivity solutions" (WD-Viasat-NDCA00000181) and "Wireless IFE Datasheet"

5  (WD-Viasat-NDCA00000204)."  Viasat also objects to the definition of "Accused Products" to the

6  extent that it includes "products identified in Plaintiffs' Patent L.R. 3-1 infringement contentions

7  served on February 23, 2023" because, as Viasat has previously expressed to Plaintiffs, Plaintiffs'

8  Patent L.R. 3-1 infringement contentions are deficient in that, *inter alia*, they fail to sufficiently

9  identify the products, software, or systems that Plaintiffs accuse of infringement.  Unless otherwise

10 stated in response to a specific Interrogatory, Viasat construes the term "Accused Product" to refer

11 only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint

12 and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023, to the extent

13 any products, systems, and services were sufficiently identified such that they can be known and

14 understood by Viasat.

15         2.       Viasat objects to the definition of "Viasat," "Defendant," "You," or "Your" to the

16 extent it encompasses persons and entities other than Viasat Inc. and is overbroad, vague, and

17 ambiguous with respect to "subsidiaries, divisions, predecessor and successor companies, affiliates,

18 parents, any partnership or joint venture to which it may be a party, and each of its . . . officers,

19 directors, representatives, consultants, accountants, and attorneys."  Unless otherwise stated in

20 response to a specific Interrogatory, Viasat construes the terms "Viasat," "Defendant," "You," or

21 "Your" to encompass only Viasat Inc. and its employees and agents.

22                    **RESPONSES TO FIRST SET OF INTERROGATORIES**

23 **INTERROGATORY NO. 1:**

24         Identify by name, model number, and any other identifying indicia any Viasat products or

25 services that use or provide media streaming, including Viasat's in-flight entertainment and

26 communication ("IFEC") systems for use in commercial and private aviation and all products and

27 components referred to or described in "Viasat in-flight connectivity solutions" (WD-Viasat-

28 NDCA00000181) and "Wireless IFE Datasheet" (WD-Viasat-NDCA00000204), and that are or

have been made, used, offered for sale, sold, or licensed in the United States, or imported into the United States by or on behalf of You since July 28, 2016. Include in your response the identity of each Document that supports your answer or to which you referred in preparing your answer.

**RESPONSE TO INTERROGATORY NO. 1:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Interrogatory as overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the action to the extent it seeks information regarding "Viasat products or services that use or provide media streaming," which Plaintiffs have not accused of infringement in this action. Viasat further objects to this Interrogatory as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing objections, Viasat responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d) and Viasat's responses to Requests for Production Nos. 1, 5, and 46, Viasat has produced documents from which information pertaining to the name, model number, and any other identifying indicia of the Accused Products can be reasonably ascertained, including at VIASAT_00000618-VIASAT_00000629, VIASAT_00003234-VIASAT_00003287, VIASAT_00003288-VIASAT_00003349, VIASAT_00003446-VIASAT_00003457, VIASAT_00003458-VIASAT_00003460, VIASAT_00005782-VIASAT_00006140, VIASAT_00006141-VIASAT_00006146, and VIASAT_00006147-VIASAT_00006152.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**INTERROGATORY NO. 2:**

For each Accused Product, including any product or service identified in response to Interrogatory No. 1, Identify the Persons or Entities most knowledgeable about its research, conception, design, development, engineering, and testing and describe the nature of each Person's or Entity's involvement. Include in your response the identity of each Document that supports your answer or to which you referred in preparing your answer.

**RESPONSE TO INTERROGATORY NO. 2:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Interrogatory as overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the action to the extent it seeks, by incorporating Interrogatory No. 1, information regarding "Viasat products or services that use or provide media streaming," which Plaintiffs have not accused of infringement in this action. Viasat further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Interrogatory as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing objections, Viasat responds as follows: Dan Newman is knowledgeable regarding the operation, design, and development of the accused Viasat products/features, to the extent Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are or can be reasonably understood by Viasat. Viasat further responds, pursuant to Federal Rule of Civil Procedure 33(d) and Viasat's responses to Requests for Production Nos. 1, 5, 8 and 46, that Viasat has produced documents from which responsive information can be reasonably ascertained, including at VIASAT_00000618-VIASAT_00000629, VIASAT_00003446-VIASAT_00003457, VIASAT_00003458-VIASAT_00003460, and VIASAT_00006147-VIASAT_00006152; as well as Viasat's source code repositories, including revision history and comments thereto, which Viasat has or will make available for inspection upon entry of an appropriate inspection protocol.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**INTERROGATORY NO. 3:**

For each Accused Product, including any product or service identified in response to Interrogatory No. 1, identify, separately for each calendar quarter of sales, the total number of units sold, total sales in dollar value, location of each sale, and the applicable gross and net profit margins.

1    Your response should include all sales of the Accused Products, regardless of whether the sale,

2    revenue, and/or profit was booked or recognized by Viasat itself or by an affiliated entity. Include

3    in your response the identity of each Document that supports your answer or to which you referred

4    in preparing your answer.

5    **RESPONSE TO INTERROGATORY NO. 3:**

6         Viasat incorporates by reference all of its General Objections as if fully set forth herein.

7    Viasat further objects to this Interrogatory as overbroad, vague, ambiguous, unduly burdensome,

8    and disproportionate to the needs of the action to the extent it seeks, by incorporating Interrogatory

9    No. 1, information regarding "Viasat products or services that use or provide media streaming,"

10   which Plaintiffs have not accused of infringement in this action.  Viasat further objects to this

11   Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

12   without limitation through its use of the term "Accused Product," which as noted above, is not

13   clearly defined.  Viasat further objects to this Interrogatory as premature, including because the

14   Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions

15   served on February 23, 2023 are deficient.

16        Subject to and without waiving the foregoing objections, Viasat responds as follows:

17   Pursuant to Federal Rule of Civil Procedure 33(d) and Viasat's responses to Requests for Production

18   Nos. 2, 18, 19, and 20, Viasat has produced documents from which information pertaining to the

19   sales and profit margins of the Accused Products can be reasonably ascertained, including at

20   VIASAT_00005781.

21        Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

22   supplement its objections and/or responses as its investigation continues.

23   **INTERROGATORY NO. 4:**

24        For each Accused Product, including any product or service identified in response to

25   Interrogatory No. 1, identify all Documents showing the Accused Product's design, structure,

26   function, operation, and development, including user manuals, training guides and/or videos,

27   promotional, advertising, and instructional materials, datasheets, schematics, concept and design

28

documents, research and development documentation, Source Code and documentation related thereto, troubleshooting instructions, testing results, or analysis reports.

**RESPONSE TO INTERROGATORY NO. 4:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Interrogatory as overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the action to the extent it seeks, by incorporating Interrogatory No. 1, information regarding "Viasat products or services that use or provide media streaming," which Plaintiffs have not accused of infringement in this action. Viasat further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Interrogatory as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing objections, Viasat responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d) and Viasat's responses to Requests for Production Nos. 1, 5, 8, and 46, Viasat has produced documentation for the Accused Products, as they are or can be reasonably understood from Plaintiffs' deficient Patent L.R. 3-1 infringement contentions, and from which information responsive to this Interrogatory can be reasonably ascertained, including at VIASAT_00000618-VIASAT_00000629, VIASAT_00003234-VIASAT_00003287, VIASAT_00003288-VIASAT_00003349, VIASAT_00003350-VIASAT_00003355, VIASAT_00003446-VIASAT_00003457, VIASAT_00003458-VIASAT_00003460, VIASAT_00005782-VIASAT_00006140, VIASAT_00006141-VIASAT_00006146, and VIASAT_00006147-VIASAT_00006152.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**INTERROGATORY NO. 5:**

For each Accused Product, including any product or service identified in response to Interrogatory No. 1, identify each of Your past and present customers, distributors, manufacturers,

1  or any other entity purchasing, selling or making any Accused Product, and for each entity, identify

2  the total number of units shipped or delivered and total sales in dollar value to or by each such entity

3  for each calendar quarter of sales.

4  **RESPONSE TO INTERROGATORY NO. 5:**

5        Viasat incorporates by reference all of its General Objections as if fully set forth herein.

6  Viasat further objects to this Interrogatory as overbroad, vague, ambiguous, unduly burdensome,

7  and disproportionate to the needs of the action to the extent it seeks, by incorporating Interrogatory

8  No. 1, information regarding "Viasat products or services that use or provide media streaming,"

9  which Plaintiffs have not accused of infringement in this action.  Viasat further objects to this

10  Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

11  without limitation through its use of the term "Accused Products," which as noted above, is not

12  clearly defined.  Viasat further objects to this Interrogatory to the extent it seeks information that is

13  not in Viasat's possession, custody, or control.  Viasat further objects to this Interrogatory as

14  premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent

15  L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

16        Subject to and without waiving the foregoing objections, Viasat responds as follows:

17  Pursuant to Federal Rule of Civil Procedure 33(d) and Viasat's responses to Requests for Production

18  Nos. 2, 8, and 10, Viasat has produced documents from which information regarding the Accused

19  Products and responsive to this interrogatory can be reasonably ascertained, including at

20  VIASAT_00005781.

21        Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

22  supplement its objections and/or responses as its investigation continues.

23  **INTERROGATORY NO. 6:**

24        For each Asserted Patent, describe in detail all facts and circumstances under which You

25  first became aware of that patent, including, but not limited to, the date(s) when this occurred, the

26  source of the information, the identity of the person(s) who received the information on behalf of

27  You, when and how You first obtained a copy of that patent, and any actions taken by You or any

28

of its directors, officers, or employees as a result, and identify each person with knowledge of the foregoing and all documents relating to the foregoing.

**RESPONSE TO INTERROGATORY NO. 6:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat objects to this Interrogatory as compound and containing multiple subparts asserted in a single Interrogatory. Viasat further objects to this Interrogatory as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing objections, Viasat responds as follows: Based on Viasat's investigation to-date and facts currently known to it, Viasat first became aware of the Asserted Patents when Plaintiffs filed this Litigation in the Northern District of California on July 28, 2022; and Viasat first obtained copies of the Asserted Patents on that same day when they were attached to Plaintiffs' Complaint.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**INTERROGATORY NO. 7:**

Assuming infringement by You of the Asserted Patents, state the amount of money that You contend is owed to Plaintiffs per patent and identify the complete factual and legal bases for that contention, including, without limitation: (i) an identification of each damages theory that you contend should be used in the damages calculation (e.g., reasonable royalty, lost profits, etc.); (ii) the specific inputs that you contend should be used under each such theory in the damages calculation (e.g., the royalty rate on net sales); (iii) the date(s) on which you contend damages should begin (and the bases supporting such dates); (iv) the amount of damages attributable to any portion of the Accused Products; and (v) an identification of all documents and things on which such calculation is based. Your answer should also include all factual bases for any contentions concerning the Georgia Pacific factors or other factors relevant to the determination of damages. If you contend that the entire market value of the Accused Products is not the proper damages base, your answer should identify what You contends the proper damages base should be and identify all

-13-                                            Case No. 4:22-cv-4376-HSG
FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

support for any contention that the basis of consumer demand for the Accused Products does not correspond to one or more elements of the asserted claims of the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 7:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat objects to this Interrogatory as compound and containing multiple subparts asserted in a single Interrogatory.  Viasat further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined.  Viasat objects to this Interrogatory to the extent it seeks information related to expert disclosure.  Viasat further objects to this Interrogatory as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Discovery is at an early stage, and Viasat's investigation is ongoing.  Plaintiffs' contention interrogatory is premature to the extent that it fails to comply with applicable rules and procedures of the Court, requires Viasat to set forth the theories of its case before Plaintiffs have served sufficient infringement contentions that comply with the local rules of this Court, and without the benefit of documentary and testimonial discovery.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**INTERROGATORY NO. 8:**

Separately for each Accused Product, for each asserted claim of an Asserted Patent that You contend is not infringed, state in full the basis for Your contention, including the element(s) that are not met, the factual support for contending that an element is not met, and all Documents supporting Your contention.

**RESPONSE TO INTERROGATORY NO. 8:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined.  Viasat objects to this Interrogatory to the extent it

seeks information related to expert disclosure. Viasat further objects to this Interrogatory as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Discovery is at an early stage, and Viasat's investigation is ongoing. Plaintiffs' contention interrogatory is premature to the extent that it fails to comply with applicable rules and procedures of the Court, requires Viasat to set forth the theories of its case before Plaintiffs have served sufficient infringement contentions that comply with the local rules of this Court, and without the benefit of documentary and testimonial discovery.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (12/30/2024):**

Viasat incorporates by reference its prior objections and response to this Interrogatory. Viasat further objects to this Interrogatory to the extent that Plaintiffs' request for Viasat's basis for non-infringement improperly seeks to shift the burden to Viasat on an issue on which Plaintiffs have the burden of proof. Subject to and without waiving the foregoing response and objections, Viasat hereby supplements its objections and response as follows:

As Viasat has explained repeatedly, including in correspondence (such as those from Patrick Curran to Kieran Kieckhefer, dated May 19, August 4, and September 8, 2023), in emails (such as those sent by Nicola Felice to Ahmed ElDessouki and Ryan Jin, dated April 2 and October 8, 2024, respectively), during various meet and confers throughout the lifespan of this case, and to the Court in the recently submitted Case Management Statement as well as during the October 15, 2024 status conference, Plaintiffs have failed to set forth any infringement theory for either of the Asserted Patents and have failed to meet the requirements of Patent Local Rule 3-1(c), as they have yet to provide "[a] chart identifying specifically ***where and how each element*** of each asserted claim is found within each Accused Instrumentality." This is especially true in light of the Court's September 20, 2024 claim construction order, which rejected Plaintiffs' improper reading of several claim elements, leaving Plaintiffs with no plausible theory of infringement as to those elements.

Despite Viasat's repeated efforts and the Court's more recent warnings that proceeding under its current theories would be a clear violation of § 285 and cause for awarding fees to Viasat, Plaintiffs have not even attempted to remedy these deficiencies. Plaintiffs' repeated and longstanding failure to provide a coherent claim of infringement has prejudiced Viasat's ability to fully articulate the reasons why Plaintiffs' theory of infringement is incorrect and why Viasat does not infringe. Notwithstanding Plaintiffs' failure to meet its obligations to set forth its purported basis for asserting infringement, based on Viasat's best understanding of Plaintiffs' theories and its investigation to date, at least the claim limitations identified below are not present in the Accused Products. Viasat's investigation of these issues is ongoing and Viasat reserves its rights to further supplement this response.

### Non-Infringement of the '400 Patent

The Accused Products do not meet at least the following limitations of the asserted claims of the '400 patent:

- "A kiosk for provisioning secure media content to a plurality of portable data storage devices"/"A method for provisioning secure media content to a plurality of portable data storage devices from a kiosk" (claims 1, 9)

- "a first data interface configured to communicate with a portable data storage device"/"establishing communications with a portable data storage device over a first data interface" (claims 1, 9)

- "a second data interface configured to communicate, over a network, with a remote trusted server"/"establishing communications with a remote trusted server via a second data interface over a network" (claims 1, 9)

- "obtain[ing] a unique identifier from the portable data storage device, wherein the unique identifier is specific to the portable data storage device and is concealed by the portable data storage device" (claims 1, 9)

- "authenticat[e/ing] the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface" (claims 1, 9)

- "in response to the authentication, provid[e/ing] to the portable data storage device an encrypted first media content and a corresponding access key" (claims 1, 9)

- "The [kiosk of claim 1/method of claim 9], [further comprising/wherein the kiosk comprises] a local data storage storing a plurality of encrypted media content" (claims 2, 10)

- "The [kiosk of claim 1/method of claim 9], wherein the second data interface is a network interface" (claims 6, 13)

- "The [kiosk of claim 1/method of claim 9], wherein the kiosk is located in a public environment" (claims 8, 17)

### Non-Infringement of the '667 Patent

The Accused Products do not meet at least the following limitations of the asserted claims of the '667 patent:

- "receiv[e/ing] an indication of the NAS device having a secure region comprising a buffer for streaming media on a separate display device on the local area network, wherein access to the secure region is controlled by the media streaming system" (claims 1, 11)

- "transmit[ting] [the digital/media] content to the secure region within the NAS device for playback by the separate display device from the buffer" (claims 1, 11)

- "transmit[ting] instructions to the NAS device to control streaming access to the [digital/media] content stored on the buffer" (claims 1, 11)

- "The media streaming system of claim 1, wherein the separate display device comprises a smart television" (claim 2)

- "The [media streaming system of claim 1/method of claim 11], wherein transmitting the [digital content/media content to the secure region] comprises time-shifting [the transmitting of the media content] to a time with more available bandwidth on a connection to the NAS device" (claims 3, 12)

- "The [media streaming system of claim 1/method of claim 11], wherein the secure region is inaccessible by a user of the NAS device without permission from the media streaming system" (claims 4, 13)

- "The [media streaming system of claim 1, wherein the one or more processors are further configured to:/method of claim 11, further comprising:] caus[e/ing] the NAS device to use encryption that secures the digital content to the secure region" (claims 5, 14)

- "The [media streaming system of claim 1, wherein the one or more processors are further configured to:/method of claim 11, further comprising:] provid[e/ing] instructions to the NAS device for controlling an amount of data stored in the secure region" (claims 6, 15)

- "The [media streaming system of claim 1, wherein the one or more processors are further configured to:/method of claim 11, further comprising:] provid[e/ing] instructions to the NAS device for controlling an encryption type used in the secure region" (claims 7, 16)

Additionally, pursuant to Federal Rule of Civil Procedure 33(d), Viasat identifies the following materials from which the answer to this interrogatory may be derived or ascertained: May 19, 2024 letter from Patrick Curran to Kieran Kieckhefer; August 4, 2024 letter from Patrick Curran to Kieran Kieckhefer; September 8, 2023 letter from Patrick Curran to Kieran Kieckhefer; April 2, 2024 email from Nicola Felice to Ahmed ElDessouki; October 8, 2024 email from Nicola Felice to Ryan Jin; Dkt. 126 (Joint Case Management Statement); VIASAT_00000618; VIASAT_00003234; VIASAT_00003288;     VIASAT_00005782;     VIASAT_00006153;     VIASAT_00006166; VIASAT_00006354;     VIASAT_00006471;     VIASAT_00006779;     VIASAT_00007270; VIASAT_00007343;     VIASAT_00007559;     VIASAT_00007581;     VIASAT_00007973; VIASAT_00008075;     VIASAT_00008188;     VIASAT_00008420;     VIASAT_00008428; VIASAT_00008738; the source code produced by Viasat at *2023-04-18 Viasat code*; and the source code produced by Viasat at *2024-03-08 Viasat VCDS code*.

1

2    DATED:  December 30, 2024                QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
3

4

5                                            By _____/s/ Patrick Curran_____
                                                Patrick Curran
6                                               Attorneys for *Defendant Viasat Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on December 30, 2024, I caused a copy of the foregoing document to

3

be served on the following counsel for Plaintiffs via email:

4

5

GDCWesternDigitalNDCA@gibsondunn.com

6

7

*/s/ Vanessa Blecher*

8

Vanessa Blecher
Counsel for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28