February 28, 2025

The Honorable Peter H. Kang, Magistrate Judge
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Re:     <u>*Sandisk Technologies, Inc. et al. v. Viasat, Inc.*, Case No. 4-22-cv-04376-HSG</u>

Your Honor:

In response to the Court's order (dkt. 175), we write to provide the parties' joint one-page statement regarding the parties' efforts to resolve the discovery issues raised in Plaintiffs' discovery letters and motions (*see* dkts. 159, 168, 170, and 171).

The Honorable Peter H. Kang
February 28, 2025

**Plaintiffs' Position**: Sandisk requests a hearing on the issues below as the parties failed to reach agreement. Viasat's position below is untenable when Viasat deliberately withheld substantial amounts of relevant information until the end of discovery and continues to do so. *See* Dkt. 158. Moreover, Viasat's position that it compromised is disingenuous given it only offered to provide a trickle of discovery when Sandisk is entitled to significantly more. And contrary to Viasat's assertion below, Sandisk identified the Requests relevant to the outstanding discovery.

- **Technical deficiencies**: Viasat had agreed to produce source code for the accused VCDS and IFE functionality (including IPTV) but failed to do so, and now refuses. Viasat now claims that this code (*e.g.* "ground server" code) is not relevant, but irreconcilably argues that, *e.g.*, the accused products do not meet "remote trusted server" claim limitation. Viasat must produce the code or be precluded from arguing non-infringement based on withheld information.
- **Financial document deficiencies**: Viasat agreed to produce certain financial information that has still not been produced, including IFC financials, pre-existing financial reports, cost information, and data regarding usage by customers from Viasat's Insights Dashboard.
- **Rule 30(b)(6) depositions**: Viasat proposed that each side would provide testimony on two topics for which they had not designated a witness. Sandisk proposes that Viasat put up witness on four such topics, given Viasat had refused on 26 topics (whereas Sandisk has designated witnesses on all agreed-upon topics), and on topics for which its designees were unprepared.
- **Motion to strike interrogatory responses**: The prejudice due to Viasat's late disclosures cannot be cured unless Viasat remedies the deficiencies above, and a further schedule extension is granted. Viasat's offer of two additional hours of Rule 30(b)(6) testimony is grossly inadequate to cure the prejudice, particularly because Sandisk cannot assess Viasat's late disclosed non-infringement theories without the source code that Viasat has not produced.

**Viasat's Position:** Viasat diligently sought to achieve compromises during the parties' Feb. 24 meet and confer to resolve the parties' disputes, even though, as Viasat has explained (dkt. 166), it does not believe Plaintiffs are entitled to additional discovery. Fact discovery ended on Feb. 7 (dkt. 131), and Plaintiffs failed to diligently pursue discovery during the discovery period and now seek discovery far beyond what is relevant or proportional to the needs of this case. In violation of Judge Gilliam's standing order, Plaintiffs waited to bring their list of complaints to the Court's attention until the absolute last minutes of the case schedule. Even so, Viasat offered multiple different efforts at compromise during the Feb. 24 meet-and-confer. Specifically, Viasat suggested that the parties seek to agree to a focused amount of remaining discovery. Viasat encouraged Plaintiffs to work cooperatively on focused ways to bridge the gap between Plaintiffs and Viasat, offering several ideas for compromise premised on completing discovery in a focused manner without impacting Judge Gilliam's schedule including the beginning of expert discovery. Plaintiffs refused Viasat's offers, did not offer any proposed compromises in the Feb. 4 meet and confer, and have only generally identified purportedly "relevant" requests without ever linking any of their current discovery demands to any specific discovery requests. That approach did not facilitate resolution of any disputed issue. Viasat therefore respectfully submits there are no discovery issues to be resolved, and Plaintiffs' requests should therefore be denied. That said Viasat remains ready and willing to come to a compromise based on a focused set of requests from Plaintiffs that can be completed without disrupting Judge Gilliam's schedule.

The Honorable Peter H. Kang
February 28, 2025

Respectfully submitted,

| /s/ *L. Kieran Kieckhefer* | /s/ *Patrick D. Curran* |
|---|---|
| L. Kieran Kieckhefer | Patrick D. Curran |
| Gibson, Dunn & Crutcher LLP | Quinn Emanuel Urquhart & Sullivan LLP |
| *Attorneys for Plaintiffs* | *Attorneys for Viasat* |

**Filer's Attestation**: Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

/s/ *L. Kieran Kieckhefer*

L. Kieran Kieckhefer