L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>VIASAT, INC,<br><br>  Defendants | Case No. 4:22-CV-4376-HSG<br><br>**SANDISK'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE VIASAT'S INTERROGATORY RESPONSES RE NON-INFRINGEMENT AND NON-INFRINGING ALTERNATIVES** |

**Table of Contents**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | VIASAT FAILED TO TIMELY DISCLOSE ITS NON-INFRINGEMENT ARGUMENTS AND NON-INFRINGING ALTERNATIVES | 2 |
| | A. Viasat Deliberately Waited Until The Close Of Fact Discovery To Supplement Its Interrogatory Responses With Information That Had Long Been In Its Possession | 2 |
| | B. The Arguments Viasat Raises To Distract From Its Failure Should Be Rejected | 3 |
| |     1. There Is No Blanket Rule That Contention Interrogatories Need Not Be Answered Until The End Of Fact Discovery | 3 |
| |     2. Allegations About SanDisk's Conduct Are A Red Herring | 4 |
| |     3. SanDisk's Cases Support Striking Viasat's Responses | 5 |
| |     4. The Inventor Depositions Do Not Excuse Viasat's Tardiness | 5 |
| |     5. SanDisk's January 3 Amended Infringement Contentions Do Not Excuse Viasat's Tardiness | 6 |
| III. | VIASAT'S FAILURE TO TIMELY DISCLOSE ITS ARGUMENTS CAUSED SUBSTANTIAL PREJUDICE | 6 |
| | A. Viasat Deprived SanDisk Of A Full Opportunity To Test Viasat's Non-Infringement And Non-Infringing Alternatives Arguments In Discovery | 6 |
| | B. Viasat's Arguments Do Not Show That Prejudice Was Absent Or Cured | 8 |
| |     1. Viasat's Argument That It Did Not Disclose Any New Facts Is Both Incorrect And Irrelevant | 8 |
| |     2. Viasat's Purported Failure To Cite Additional Documents Or Source Code Does Not Demonstrate Lack Of Prejudice To SanDisk | 9 |
| IV. | VIASAT'S FAILURE TO TIMELY DISCLOSE ITS ARGUMENTS WAS NOT SUBSTANTIALLY JUSTIFIED OR HARMLESS | 10 |
| V. | CONCLUSION | 10 |

# Table of Authorities

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 11-CV-01846-LHK, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) ....................................... 5, 7

*Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*,
  377 F. Supp. 3d 990 (N.D. Cal. 2019) ........................................................................................ 4, 5

*Campbell v. Facebook Inc.*,
  2015 WL 3533221 (N.D. Cal. June 5, 2015) ................................................................................... 4

*In re Convergent Techs. Sec. Litig.*,
  108 F.R.D. 328 (N.D. Cal. 1985) .................................................................................................... 4

*La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*,
  285 F.R.D. 481 (N.D. Cal. 2012) .................................................................................................... 4

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
  No. 14-CV-03657-SI, 2018 WL 6046465 (N.D. Cal. Nov. 19, 2018) ............................................. 4

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  236 F. Supp. 3d 1110 (N.D. Cal. 2017) .......................................................................................... 9

*Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.*,
  2003 WL 25761597 (C.D. Cal. Dec. 2, 2003) ................................................................................ 9

**Rules**

Fed. R. Civ. P. 26(e) ............................................................................................................... 3, 4, 5, 9

Fed. R. Civ. P. 33(b) ........................................................................................................................ 3, 5

Fed. R. Civ. P. 37(c) ...................................................................................................................... 9, 10

## I. INTRODUCTION

Viasat's February 6, 2025 Third Supplemental Response to SanDisk's Interrogatory No. 8 (regarding non-infringement) and February 6, 2025 Second Supplemental Response to SanDisk's Interrogatory No. 14 (regarding non-infringing alternatives) (collectively, the "February 6 responses") should be stricken. Although Viasat's opposition attempts to distract from its dilatory conduct through irrelevant facts and inapposite caselaw, Viasat does not dispute the fundamental facts:

- Viasat served its interrogatory responses the night of February 6—a mere 24 hours before the close of fact discovery—that for the first time disclosed explanations for its non-infringement positions and identified the specific changes it contends would constitute non-infringing alternatives.

- Viasat's prior interrogatory responses were materially incomplete, as evidenced by the fact that Viasat's February 6 responses added nearly 40 pages and more than tripled the total length of its responses.

- By the time Viasat served its February 6 responses, SanDisk had already deposed multiple Viasat technical witnesses, and was set to begin the deposition of another technical witness within hours.

- Viasat has had SanDisk's original infringement contentions since February 2023 and the current, operative infringement contentions since March 2024.

- Viasat has always had access to its own source code, technical documents, and engineers to develop its non-infringement and non-infringing alternatives arguments, and it asserted since at least October 2024 that SanDisk should dismiss its case based on Viasat's (unspecific and unarticulated) non-infringement arguments, but deliberately did not disclose those arguments to SanDisk before February 6 despite repeated requests by SanDisk that it do so.

- Viasat received SanDisk's proposed amendments to its infringement contentions on January 3—more than a month before Viasat's February 6 responses—and, moreover, has not identified any new information in SanDisk's amended contentions that affected Viasat's non-infringement and non-infringing alternatives arguments.

Based at least upon these undisputed facts, Viasat's February 6 responses were untimely, were prejudicial to SanDisk, were not substantially justified or harmless, and should be stricken.

## II. VIASAT FAILED TO TIMELY DISCLOSE ITS NON-INFRINGEMENT ARGUMENTS AND NON-INFRINGING ALTERNATIVES

### A. Viasat Deliberately Waited Until The Close Of Fact Discovery To Supplement Its Interrogatory Responses With Information That Had Long Been In Its Possession

As explained in SanDisk's motion, Viasat has had SanDisk's interrogatory on non-infringement for almost two years, and SanDisk's interrogatory on non-infringing alternatives for over four months, but during that time only provided conclusory and formulaic responses—such as contending, without explanation, that every single limitation was not met, and arguing, without explanation, that any limitation found in the accused products could be removed. Dkt. 168 at 2-4. Not until 11:48 p.m. Pacific time the day before fact discovery was set to close did Viasat serve responses that narratively explained its infringement arguments and identified specific design changes that it argued would constitute non-infringing alternatives. *Id.* at 3-8. Viasat's last-minute responses deprived SanDisk of a fair opportunity to question three technical witnesses, designated on nearly 50 technical 30(b)(6) topics, about Viasat's new arguments.[1] *Id.* at 6.

In contrast to Viasat's delay in disclosing its non-infringement arguments and non-infringing alternatives to SanDisk, the record suggests that Viasat itself has long been aware of those positions. For example, in October 2024, Viasat was so adamant that SanDisk lacked "any viable theory of infringement" that it defiantly refused to propose a case schedule and instead insisted that SanDisk stipulate to non-infringement and agree to dismiss the action. *Id.* at 2. Viasat doubled-down on this position during a meet-and-confer, remarkably stating that it would only explain its factual bases for non-infringement if SanDisk agreed in advance to dismiss the case. *Id.* And as Viasat admits, it has sent SanDisk "a string of correspondence" throughout this litigation insisting, always without explanation, that SanDisk's infringement theories are not viable. Dkt. 176 at 9. In the example letter that Viasat submitted (Dkt. 176-9 at 3), Viasat wrote a single paragraph identifying three limitations

---

[1] By virtue of unrelated scheduling issues, and pursuant to the parties' agreement, SanDisk took three technical depositions after February 7. But, as explained below, that does not cure the prejudice from Viasat's February 6 supplemental interrogatory responses.

that allegedly were not met, with no other explanation than that SanDisk allegedly "point[ed] to no evidence." SanDisk has repeatedly asked Viasat for its factual bases for non-infringement, including through Interrogatory No. 8 served on April 7, 2023, in correspondence, and during meet-and-confers, but never received any explanation until the night before the close of fact discovery. *E.g.*, Dkt. 168-1 (ElDessouki Decl.) ¶¶ 7-8; Dkt. 168-2.

Moreover, Viasat cannot, and does not, dispute that it has always had access to its own source code, technical documents, and engineers, enabling it to develop its non-infringement positions and non-infringing alternatives throughout this litigation.

Federal Rule of Civil Procedure 33 required Viasat to respond to interrogatories with the information available to it, and Rule 26(e) required Viasat to supplement its interrogatory responses "in a timely manner" upon learning its prior response was incomplete. The length of and quantity of information in Viasat's February 6 responses show that Viasat had been improperly withholding information, rendering the prior responses incomplete. Those February 6 responses were not timely, both because Viasat was aware of the missing information well before it served those responses, and because Viasat's last-minute disclosure deprived SanDisk of a full opportunity to test those non-infringement and non-infringing alternatives arguments during fact discovery. There is no other explanation for Viasat's conduct other than a deliberate choice to withhold its non-infringement contentions from SanDisk until the end of discovery. Federal Rule of Civil Procedure 37(c)(1) punishes the failure to comply with Rule 26(e) "unless the failure was substantially justified or is harmless," which, as explained below, Viasat's failure was not.

**B.     The Arguments Viasat Raises To Distract From Its Failure Should Be Rejected**

Viasat does not dispute the facts outlined above that render its February 6 responses untimely and improper. Instead, Viasat throws up a wall of inapposite arguments and excuses, all of which can be rejected.

**1.     There Is No Blanket Rule That Contention Interrogatories Need Not Be Answered Until The End Of Fact Discovery**

Viasat points to a series of non-patent cases that held contention interrogatories could be served near the end of fact discovery. Dkt. 176 at 6-7. But those cases, being non-patent cases, did not deal

3

with disclosure of non-infringement arguments and non-infringing alternatives. For patent cases, this Court has held that parties should "crystallize their theories of the case early in the litigation." *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003-04 (N.D. Cal. 2019) (quoting *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2018 WL 6046465, at *2 (N.D. Cal. Nov. 19, 2018)) (finding defendant violated Rule 26(e)(1) by failing to disclose non-infringement argument in response to contention interrogatory).

Moreover, SanDisk's interrogatories sought Viasat's positions about the operation of ***Viasat's own products***—information that has always been in ***Viasat's possession***—unlike the cases Viasat cites that dealt with contention interrogatories that could only be answered with the benefit of discovery from the ***opposing party***. *See Campbell v. Facebook Inc.*, 2015 WL 3533221, at *2 (N.D. Cal. June 5, 2015) (interrogatories asking plaintiffs about defendant's conduct); *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 491 (N.D. Cal. 2012) (interrogatories asking plaintiff to identify factual bases for its allegations); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 340-47 (N.D. Cal. 1985) (requiring plaintiffs to respond with information in their possession but deferring interrogatories dependent upon defendants' document production). Contrary to Viasat's assertion, there is no blanket rule that contention interrogatories may be deferred until the close of fact discovery—its own cases acknowledge that the inquiry depends on the nature of the information sought. *E.g.*, *La. Pac.*, 285 F.R.D. at 492 ("Each case is different, and the court must also look at what discovery has occurred and what discovery is about to occur and when."). For non-infringement contentions and non-infringing alternatives, withholding disclosures until the last minute is improper and prejudicial. *MLC Intellectual Prop.,* 2018 WL 6046465, at *2.

### 2. Allegations About SanDisk's Conduct Are A Red Herring

Viasat points to SanDisk's supplementation of its interrogatories on February 7 in an attempt to excuse its own delay. Dkt. 176 at 7. Contrary to Viasat's mischaracterizations (*id.*), SanDisk never asserted that the parties had until February 7 to supplement contention interrogatories—SanDisk simply asked Viasat to justify its apparently arbitrary December 30 deadline. Dkt. 176-2 at 3. In the very same paragraph, SanDisk noted Viasat's failure to substantively respond to SanDisk's non-infringement interrogatory and asked Viasat to supplement before depositions began. *Id.* Moreover,

4

there is simply no comparison between SanDisk's supplementation and Viasat's. SanDisk's supplemental responses were incremental and simply confirmed information that had already been made available to Viasat.[2] Viasat's February 6 responses, by contrast, disclosed entirely new non-infringement theories.

Also, Viasat is missing the point. Viasat never disclosed this information ***to begin with*** and now improperly and incorrectly calls it a "supplementation." The Federal Rules do not allow Viasat to ***fail to provide*** information or ***deliberately withhold*** critical information—they require properly responding to interrogatories at the outset with the information available to Viasat and then supplementing "in a timely manner" when new information becomes available if the prior response is "incomplete or incorrect." Fed. R. Civ. P. 33(b), 26(e). Viasat failed at both.

### 3. SanDisk's Cases Support Striking Viasat's Responses

Viasat attempts to distinguish *Asia Vital Components*, 377 F. Supp. 3d at 1003-04, and *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012), because they involved rebuttal expert reports. Dkt. 176 at 7-8. But Viasat's withholding of its non-infringement and non-infringing alternatives arguments until the very end of fact discovery had the same effect as the complete lack of disclosure at issue in those cases: SanDisk "did not have the opportunity to conduct additional fact discovery regarding [Viasat's] new theories." *Apple*, 2012 WL 3155574, at *5. The Court need not wait until the parties have expended the considerable time and expense of expert discovery before resolving this issue.

### 4. The Inventor Depositions Do Not Excuse Viasat's Tardiness

Viasat attempts to explain its delay by pointing to depositions it took in January. Dkt. 176 at 11-12. Viasat's argument fails because its prior interrogatory responses do not contain ***any*** explanation of its non-infringement positions. Notably, Viasat identifies just three limitations for which it cited inventor testimony, and in each instance its reliance is no more than one or two sentences of argument. *Id.*; *see* Dkt. 167-3 at 33:28-34:2, 35:18-20, 28:19-20, 42:2-5. Setting aside the fact that inventor

---

[2] To the extent Viasat took issue with the content or timing of SanDisk's interrogatory responses, it was free to file its own motion, in response to which SanDisk could show, for example, that the information had "otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Viasat's attempt to inject those issues here should be rejected.

testimony has minimal relevance to an infringement inquiry, this handful of citations does not come close to justifying the *over 30 pages* of additional non-infringement arguments that Viasat served on February 6, of which Viasat knew months before and deliberately withheld.

### 5. SanDisk's January 3 Amended Infringement Contentions Do Not Excuse Viasat's Tardiness

Viasat wrongly claims that it had to respond "on short notice" to SanDisk's amended infringement contentions. Dkt. 176 at 12. To begin, SanDisk's must clarify the record: SanDisk served its proposed amended contentions on Viasat on January 3, 2025—*more than a month* before Viasat's February 6 responses. Dkt. 176 (Opp.) at 4 ("On Jan. 3, 2025, Plaintiffs served proposed amended infringement contentions."). Viasat misrepresents the timeline by repeatedly pointing to the January 16 date when SanDisk moved for leave to amend its contentions and misleadingly characterizing its responses as coming "just 15 business days" later. *Id.* at 2, 6.

Moreover, SanDisk's amendments do not justify the magnitude of new arguments that Viasat disclosed at the end of discovery. *See* Dkt. 168 at 3 (explaining the minimal nature of SanDisk's proposed amendments); Dkt. 146 at 5-7 (same). Indeed, Viasat admits that, at most, only "*portions*" of its February 6 responses responded to SanDisk's January 3 amendments. Dkt. 176 at 12 (emphasis added). Even then, Viasat fails to identify *what* portions related to the January 3 contentions or explain why the January 3 contentions gave rise to new non-infringement arguments. There is simply no reason—and Viasat has provided none—that it could not have provided its 30-plus pages of non-infringement disclosures much sooner, prior to depositions occurring. Even accepting that some unidentified portions of Viasat's new responses are directed to SanDisk's January 3 amendments, Viasat has no excuse for its failure to disclose the remainder of its arguments sooner.

### III. VIASAT'S FAILURE TO TIMELY DISCLOSE ITS ARGUMENTS CAUSED SUBSTANTIAL PREJUDICE

#### A. Viasat Deprived SanDisk Of A Full Opportunity To Test Viasat's Non-Infringement And Non-Infringing Alternatives Arguments In Discovery

SanDisk was prejudiced by the belated timing of Viasat's February 6 responses because, at that point, it had already deposed two Viasat technical witnesses and was about to depose a third within hours. Among them, those three witnesses were designated on *nearly 50 technical 30(b)(6) topics*.

1  Dkt. 168 at 6. In addition, Viasat has continued to withhold technical documents and source code
2  relating to certain accused products. *See, e.g.*, Dkts. 159, 179. To top it off, Viasat refused to agree to
3  an extension of fact discovery—despite initially indicating that it agreed to one, and despite the course
4  of conduct between the parties in a parallel case. Dkt. 168 at 6. Each of these circumstances by itself
5  would be prejudicial. Taken together, there can be no question that SanDisk has been prejudiced by
6  Viasat's sandbagging and gamesmanship. *See, e.g.*, *Apple*, 2012 WL 3155574, at *5 (finding prejudice
7  because "Apple did not have the opportunity to conduct additional fact discovery regarding Samsung's
8  new theories").

9  Since receiving Viasat's belated disclosures, SanDisk has done its best to take what discovery
10  it can, but that does not mean it has not been prejudiced all the same. For example, SanDisk attempted
11  to ask Mr. Newman—whose deposition began mere hours after SanDisk received Viasat's February 6
12  responses—about some of the information it had just learned in Viasat's responses, but that did not in
13  any way constitute a full and fair opportunity to test Viasat's arguments, even as to the portions on
14  which Mr. Newman was knowledgeable. Six hours overnight was not enough time for SanDisk to
15  digest Viasat's 30-plus pages of non-infringement argument and 7 pages of non-infringing
16  alternatives—Viasat does not argue otherwise. And that short time certainly was not long enough for
17  SanDisk to consult its technical expert about Viasat's new arguments, for example, or to meaningfully
18  compare Viasat's new arguments to the source code and technical documents that have been produced
19  in this case. The more recent depositions—of Ms. Wilson, Mr. O'Sullivan, and Mr. Hughes (*see* Dkt.
20  176 at 13)—has not fully cured the prejudice either. For example, these witnesses were identified as
21  covering a different set of subject matter than the witnesses SanDisk had already deposed, so they do
22  not make up for SanDisk not having Viasat's interrogatory responses during Mr. Neri's and Mr. Slater's
23  depositions, and for having extremely limited time with the responses before Mr. Newman's
24  deposition. In addition, SanDisk has been handicapped in the recent depositions by Viasat's failure to
25  produce directly responsive source code and documents. *See, e.g.*, Dkts. 158, 159, 179.

26  The magnitude of Viasat's late disclosures resulted in massive prejudice to SanDisk. Such
27  prejudice cannot be cured short of additional relief, including Viasat's immediate production of source
28  code and documents, reopening of numerous depositions, and a significant extension of the case

7

SANDISK'S REPLY IN SUPPORT OF MOTION TO STRIKE VIASAT'S INTERROGATORY RESPONSES
CASE NO. 4:22-CV-4376-HSG

1  schedule. Accordingly, such substantial prejudice to SanDisk warrants striking Viasat's February 6 responses.

### B. Viasat's Arguments Do Not Show That Prejudice Was Absent Or Cured

As with Viasat's unavailing attempts to excuse its tardiness, Viasat's arguments that its February 6 responses were not prejudicial, which focus on the content of those responses, should be rejected.

#### 1. Viasat's Argument That It Did Not Disclose Any New Facts Is Both Incorrect And Irrelevant

Viasat's argument that "[w]here no new facts are disclosed in a supplemental response, no prejudice is suffered" (Dkt. 176 at 9) fails for two independent reasons: First, Viasat's responses *did* disclose new facts, so its argument factually incorrect. Second, there is no such legal standard, so Viasat's argument is legally incorrect.

As demonstrated in SanDisk's motion, Viasat's February 6 responses unquestionably disclosed new information that SanDisk did not previously possess. *See* Dkt. 168 at 6-8 (comparing examples of Viasat's February 6 responses with prior responses). It simply is not credible for Viasat to argue that it disclosed nothing new in, for example, three-and-a-half pages of text about the "authenticating" limitation, compared to its prior response consisting of a single sentence. Importantly, if Viasat truly believed it had not disclosed anything new, it could withdraw its February 6 responses and resolve this issue. Unsurprisingly, Viasat is fighting tooth and nail to keep its February 6 non-infringement arguments in the case because it did not previously disclose *any* non-infringement theories.

Similarly, Viasat's February 6 response regarding non-infringing alternatives disclosed new information beyond simply the "time and cost estimates" that Viasat admits were newly disclosed (Dkt. 176 at 12-13). As illustrated in SanDisk's motion, Viasat's prior responses did little more than recite the formula: "The accused products lack [element X]. To the extent they are found to have [element X], Viasat could remove [element X]. [Element X] is not something that Viasat needs or customers demand." Dkt. 168 at 4, 8; *see* Dkt. 167-4 at 12-18. In contrast, Viasat's February 6 response identified specific changes that it would make to "remove" particular claim elements, as well as why those changes would allegedly be acceptable. Dkt. 168 at 4, 8; *see* Dkt. 167-4 at 18-25. For example, as to

8

the "secure region," Viasat identified two different potential design changes, neither of which had previously been disclosed. Dkt. 168 at 8. Again, if Viasat thought it had disclosed nothing new, the parties would not be here. Viasat's vigorous opposition indicates otherwise.

Viasat is also wrong on the law. Viasat's cases (Dkt. 176 at 9) do not set forth any rule that last-minute contention interrogatory responses are proper as long as they do not disclose new facts. In *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1114-15 (N.D. Cal. 2017), the court found that newly disclosed non-infringement arguments did not constitute good cause for the plaintiff to amend its infringement contentions to add doctrine of equivalents arguments. The court made no findings about whether the non-infringement contentions were prejudicial; moreover, they had been served well before the close of fact discovery. *Id.* at 1112 (supplemental interrogatory responses served November 22, 2016; fact discovery set to close March 3, 2017). *Verinata* is easily distinguishable because SanDisk is not asking to amend its infringement contentions in response to Viasat's belated interrogatory responses. In Viasat's other case, *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 2003 WL 25761597, at *3 (C.D. Cal. Dec. 2, 2003), the court did not conclude that Verizon's non-infringement contentions were permissible because they did not disclose new facts; the court simply concluded that "Katz has failed to demonstrate that it is prejudiced," including because Katz had "demonstrated [its] ability to amply respond to Verizon's new contentions." Here, for the reasons explained above, SanDisk has been severely prejudiced and has been hampered in its ability to test and respond to Viasat's newly disclosed arguments.

### 2. Viasat's Purported Failure To Cite Additional Documents Or Source Code Does Not Demonstrate Lack Of Prejudice To SanDisk

Viasat claims its February 6 responses are proper because all but three of the documents were already available to and cited by SanDisk. Dkt. 176 at 9-10. This is another red herring. A simple examination of Viasat's responses shows that Viasat makes numerous new arguments and factual assertions without citing ***any*** supporting evidence. *See* Dkt. 167-3 at 24-58. SanDisk does not know what testimony or documents Viasat intends to rely on to prove those arguments, and Viasat's failure to identify and produce those documents constitutes a further violation of Rules 26(e) and 37(c). Indeed, it appears that Viasat will rely on source code that it has not produced as the foundation for its

9

engineers or experts to improperly argue non-infringement. *See, e.g.*, Dkt. 179 at 2 (Viasat argues that the accused products do not meet the "remote trusted server" limitation but has failed to produce source code for its "ground server"). Viasat cites documents primarily to argue against SanDisk's reliance on those documents, so it is no surprise that Viasat's citations overlap with SanDisk's. But depositions of Viasat witnesses have revealed that Viasat's production of technical documents and source code remains substantially incomplete,[3] which compounds the prejudice to SanDisk from the fact that, until Viasat's February 6 responses, SanDisk had neither Viasat's new factual assertions relating to non-infringement, nor Viasat's arguments for why the previously produced documents allegedly do not show infringement.

## IV.   VIASAT'S FAILURE TO TIMELY DISCLOSE ITS ARGUMENTS WAS NOT SUBSTANTIALLY JUSTIFIED OR HARMLESS

As discussed above, Viasat waited until the very end of fact discovery to disclose its non-infringement arguments and non-infringing alternatives, despite having that information long before. In doing so, Viasat deprived SanDisk of the opportunity to take full discovery of Viasat's theories. None of Viasat's arguments provide any excuse or justification, nor can the prejudice to SanDisk be easily cured. Thus, Viasat's conduct was not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1).

## V.   CONCLUSION

For the foregoing reasons, and the reasons set forth in SanDisk's motion (Dkt. 168), SanDisk respectfully requests that the Court strike Viasat's Third Supplemental Response to Interrogatory No. 8 and Second Supplemental Response to Interrogatory No. 14.

Dated: March 4, 2025                                GIBSON, DUNN & CRUTCHER LLP

                                                    */s/ L. Kieran Kieckhefer*
                                                    L. Kieran Kieckhefer

                                                    *Counsel for Plaintiffs*

---

[3] This motion asks the Court to strike Viasat's February 6 responses, but SanDisk may seek additional relief to address other instances of Viasat's egregious discovery misconduct to the extent Viasat does not commit to addressing its violations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

11
SANDISK'S REPLY IN SUPPORT OF MOTION TO STRIKE VIASAT'S INTERROGATORY RESPONSES
CASE NO. 4:22-CV-4376-HSG