UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK3D IP HOLDINGS LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No. 22-cv-04376-HSG<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO EXTEND THE DEADLINE FOR THE CLOSE OF FACT DISCOVERY AND EXTEND CASE SCHEDULE**<br><br>Re: Dkt. No. 158 |

Pending before the Court is Plaintiffs SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, SanDisk Storage Malaysia SDN BHD, and Sandisk Technologies, Inc.'s (collectively, "Plaintiffs") motion, filed on the evening of the fact discovery deadline, to extend the deadline for the close of fact discovery and extend case schedule. Dkt. No. 158. The Court finds this matter appropriate for disposition without oral argument and takes it under submission. *See* Civil L.R. 7-1(b). For the following reasons, the Court **DENIES** Plaintiffs' motion.

This case has been pending for almost three years.[1] The initial case management conference was held on December 19, 2023. Dkt. No. 82. The Court entered a case schedule on December 27, 2023, setting the deadline for the close of claim construction discovery on April 10, 2024. Dkt. No. 86. The Court held a claim construction hearing on August 27, 2024, Dkt. No. 109, and issued its claim construction order on September 20, 2024. Dkt. No. 120. A further case management conference was held on October 15, 2024, Dkt. No. 128, and the Court entered a scheduling order for the remainder of the case. The scheduling order set the deadline for the close of fact discovery on February 7, 2025, the deadline for the close of expert discovery on May 9,

---

[1] Plaintiffs filed the case on July 28, 2022, Dkt. No. 1, and filed an amended complaint on November 8, 2023. Dkt. No. 73.

1   2025, and a jury trial start date of December 1, 2025.  Dkt. No. 131.  Plaintiffs now move to
2   extend the scheduling order as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery | February 7, 2025 | March 14, 2025 |
| Opening Expert Disclosures and Reports for Party Bearing Burden of Proof | March 24, 2025 | May 28, 2025 |
| Rebutting Expert Disclosures and Reports | April 14, 2025 | June 19, 2025 |
| Close of Expert Discovery | May 9, 2025 | July 14, 2025 |
| Dispositive Motion Filing Deadline | June 9, 2025 | August 13, 2025 |
| Dispositive Motion Opposition | June 30, 2025 | September 4, 2025 |
| Dispositive Motion Reply | July 14, 2025 | September 18, 2025 |
| Dispositive Motion Hearing | August 14, 2025, at 2:00 p.m. | October 17, 2025 |
| Final Pretrial Conference | November 18, 2025, at 3:00 p.m. | January 19, 2026 |
| Jury Trial | December 1, 2025, at 8:30 a.m. | February 16, 2026, at 8:30 am |

Dkt. No. 158 at 3.

Plaintiffs offer two justifications for their proposed extension.  First, Plaintiffs argue an extension is necessary due to Defendant's "[b]elated [i]dentification of [w]itnesses."  *Id*.  Plaintiffs contend that Defendant served amended Rule 26 disclosures on December 10, 2024, which identified "two new financial witnesses[,]" "six new technical witnesses—including two in Ireland[,]" and a "third party relating to the operation, design, and development of products and instrumentalities that relate to the Accused Products," such that a "modest extension . . . is necessary to accommodate the remaining depositions . . . ."  *Id*. at 3–4.  Defendant counters that Plaintiffs did not seek to take any depositions until December 2024, and notes that Plaintiffs have already deposed all but three of the witnesses identified in Defendant's amended Rule 26 disclosures.  Dkt. No. 166 at 4.  Next, Plaintiffs argue that an extension is necessary due to Defendant's "belated (and still-incomplete) document production."  Dkt. No. 158 at 4–6.  Plaintiffs contend that "more than half of [Defendant's] document production occurred after the January 6, 2025 deadline for substantial completion of document discovery," "recent depositions have confirmed that [] deficiencies in [Defendant's] production remain," and "[Defendant] has failed to produce financial and other damages-related data for the Accused Functionalities."  *Id*.  Defendant counters that it "produced technical documentation by the Jan[uary] 6 substantial

2

completion deadline" and the documents produced after January 6 were "non-technical marketing materials" responsive to discovery requests Plaintiffs served on December 7, 2024.  Dkt. No. 166 at 5.

       Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions.  *See* Fed. R. Civ. P. 16(b)(4).  Once in place, "[a] schedule may be modified only for good cause and with the judge's consent."  *Id*.  The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment."  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609 (quotation omitted).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion . . . [i]f [the] party was not diligent, the inquiry should end."  *Id*.

       Plaintiffs have not shown good cause to extend the case schedule.  Despite initiating this case in July 2022, Plaintiffs opted not to notice or take any fact depositions until December 2024.  Plaintiffs also "waited until Dec[ember] 31, 2024 to serve a Rule 30(b)(6) notice with 104 deposition topics" and served "twenty new discovery requests" on December 7, 2024.  *Id*. at 3.  This District's local rules direct parties to "initiate discovery requests and notice depositions sufficiently in advance of the [discovery] cut-off date."  L.R. 37-3, Commentary.  Although Defendant bears some responsibility for disclosing new witnesses in December 2024, Plaintiffs could and should have acted sooner.  Put another way, Plaintiffs have not shown diligence here.

//

//

3

1   Accordingly, the Court **DENIES** Plaintiffs' motion to extend the deadline for the close of
2   fact discovery and the case schedule.  Dkt. No. 158.
3   **IT IS SO ORDERED.**
4   Dated:   3/10/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge