UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK3D IP HOLDINGS LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No. 22-cv-04376-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SEAL**<br><br>Re: Dkt. No. 145 |

Pending before the Court is Plaintiffs' administrative motion to file under seal, Dkt. No. 145, filed in connection with Plaintiffs' motion for leave to amend their infringement contentions, Dkt. No. 146. For the reasons detailed below, the Court **GRANTS** Plaintiffs' motion to seal.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

II.   **DISCUSSION**

Plaintiffs' motion to seal was filed in connection with Plaintiffs' motion for leave to amend their infringement contentions. Dkt. No. 146. Plaintiffs' motion to seal seeks to seal Plaintiffs' infringement contention claim charts, which include "excerpts and quotes of [Defendant's] technical documents and source code." Dkt. No. 145 at 2. Defendant filed a response in support

of Plaintiffs' motion to seal and attached as exhibits redacted versions of Plaintiffs' claim charts. Dkt. Nos. 147-2–147-5. Because Plaintiffs' motion for leave to amend their infringement contentions is a nondispositive motion and is "only tangentially related" to the underlying cause of action, the Court applies the lower "good cause" standard.

Defendant has shown good cause exists to seal Plaintiffs' infringement contention claim charts. Defendant states that its source code and product operation information "could be used by [its] competitors to [its] detriment." Dkt. No. 147 at 3. More specifically, Defendant states that the "operation [], and inner workings of [Defendant's] products and proprietary technology . . . are not apparent from normal consumer operation[,]" and "[i]f this confidential source code and product operation information were disclosed, significant competitive harm could result for [Defendant] because [Defendant's] competitors could use this proprietary source code and product operation information . . . to replicate this product operation and source code in their own products." Dkt. No. 147-1 ¶ 4.

Courts routinely grant motions to seal confidential source code and product operation information. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Exhibit 23 . . . consists entirely of Samsung's source code . . . . Thus, Exhibit 23 meets the 'compelling reasons' standard."); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database").

Because Plaintiffs' infringement contention claim charts divulge Defendant's confidential source code and product operation information unrelated to the public's understanding of the judicial proceedings in this case, the Court finds the parties have established good cause to file the documents under seal.

**III.     CONCLUSION**

The Court **GRANTS** Plaintiffs' administrative motion to file under seal. Dkt. No. 145. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated:     3/17/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge