QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
  Hannah Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  111 Huntington Ave, Suite 520
  Boston, MA 02199
  Telephone:    (617) 712-7100
  Facsimile:    (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
  Gyu Shik Jang (Bar No, 337747)
  kevinjang@quinnemanuel.com
  50 California Street, 22nd Floor
  San Francisco, CA 94111
  Telephone:    (415) 875-6600
  Facsimile:    (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*proc hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
  295 5th Avenue
  New York, NY 10016
  Telephone:    (212) 849-7000
  Facsimile:    (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No.: 4:22-cv-4376-HSG |
| Plaintiffs, | |
| v. | **MARCH 24, 2025 DECLARATION OF STEVEN CHERNY IN RESPONSE TO THE COURT'S MARCH 14, 2025 ORDER** |
| VIASAT, INC., | |
| Defendant. | |

## <u>DECLARATION OF STEVEN CHERNY</u>

I, Steven Cherny, declare as follows:

1.  I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP and lead counsel for Defendant Viasat, Inc. in the above-captioned matter.  I submit this Declaration in response to the Court's March 14, 2025 Order (dkt. 183).  This Declaration is based on my personal knowledge; if called as a witness I could and would testify as follows.

2.  Counsel for Viasat and counsel for Plaintiffs had a meet and confer via Zoom teleconference on February 24 at 10:30 AM PT in response to the Court's Order of February 19, 2025 (dkt. 175). It lasted approximately 25-30 minutes.

3.  I started the discussion by noting that Viasat was open to compromise and wanted to find a way to resolve the open disputes.  I emphasized, however, that any agreed further fact discovery needed to be focused and capable of being completed within the Court's schedule.  I noted that Plaintiffs had filed a Motion To Extend The Deadline For The Close Of Fact Discovery And Extend Case Schedule (dkt. 158) but that, at that time, the Court had not ruled on that motion so it was incumbent on both parties to work within the existing schedule.[1]  I noted that, to that end, Viasat had compromises to propose that we thought were achievable on that basis.

4.  At that time, other Viasat team members stepped through specifics of our proposal, with comments from me interspersed with each element of our proposal.

5.  These discussions of Viasat's proposal included a number of exchanges between me and Kieran Kieckenhefer, lead counsel for Plaintiffs, to clarify and further explain Viasat's proposal and the timing in which Viasat expected to complete the proposed compromise tasks.

6.  As relates to the 30(b)(6) deposition topics, Patrick Curran and I first explained that, with respect to the pending motion to strike certain interrogatory responses, Viasat would be willing to

---

[1]  That motion to extend the schedule was denied on March 10.  Dkt. 181.

agree to present one additional 30(b)(6) witness on Stream non-infringement and non-infringing alternative issues for a total of 2 hours. We further proposed that, as to undesignated deposition topics subject to the pending letter brief seeking to compel further deposition designations, both sides could agree to limited additional designees on two topics in order to resolves disputes over witness designation issues. We proposed that these further focused 30(b)(6) depositions take place the following week.

7. As to disputes regarding Viasat's productions, Patrick Curran and I stated that Viasat would be willing to produce Valour Consultancy reports for IFE (In-Flight Entertainment) as part of its overall proposal. Patrick Curran also explained that Viasat did not understand what deficiency Plaintiffs were alleging with respect to any other financials, given that counsel for Viasat had identified specific documents by Bates number in both interrogatory responses and in correspondence between the parties. Patrick Curran also tried to clarify if Plaintiffs' concern was based on the formatting of the financial data that Viasat had produced, and offered to work with Plaintiffs on obtaining reports of financial information reported in a different fashion or format if that was the core of the dispute. Ahmed ElDessouki, counsel for Plaintiffs, stated that Plaintiffs sought tail count information on a quarterly basis. In response, Patrick Curran and I also stated that Viasat would investigate producing specific, targeted financial and tail count information at the quarterly intervals requested by Plaintiffs, to the extent such information was kept in the ordinary course of business or could be readily prepared, again as part of its overall proposal to resolve the dispute without affecting the case schedule or expert report timing.

8. I stated that the proposed compromises were being offered in order to resolve the outstanding disputes to avoid burdening the Court, and without any admission that Plaintiffs were entitled to any additional discovery. During the meet and confer, I made clear that, given the schedule and Plaintiffs' delay in in seeking fact discovery, it was Viasat's position that Plaintiffs were not entitled

to any further discovery. Nonetheless, we explained that we wanted to find a way to resolve the parties' dispute efficiently within the existing schedule, without disrupting the timing of expert reports.

9. Counsel for Viasat also stated that Viasat was open to other compromises and asked for Plaintiffs' position on how to resolve the disputes and on Viasat's proposal. In response, Plaintiffs' counsel indicated that they needed to think, and stated that they did not have any specific proposals to offer at that time. Plaintiffs' counsel emphasized that they did not believe resolution was possible unless the Court's schedule was modified consistent with Plaintiffs' Motion To Extend The Deadline For The Close Of Fact Discovery And Extend Case Schedule.

10. During the meet and confer, I estimate that I spoke approximately 50% percent of the time for Viasat. I estimate that I spoke and responded directly to Kieran Kieckhefer, Plaintiffs' lead counsel, for the majority of the time I spoke, perhaps 10 minutes, during the meet and confer.

11. Plaintiffs responded in a February 26 email and claimed that, based on its proposals, Viasat had admitted certain discovery was due and had agreed to provide it—not that counsel for Viasat had made an offer of compromise in the hope that the offer would resolve the disputes.

12. Plaintiffs' counsel also rejected Viasat's threshold condition that the compromise be accomplished without altering the existing schedule. Counsel for plaintiffs instead took the position that, unless Viasat could agree to all that Plaintiffs wanted in terms of additional documents *and* to extend the schedule, Viasat's proposal would not resolve any of the disputes. Plaintiffs' February 26 email also requested new and additional discovery Plaintiffs had not previously raised, either in the February 24 meet and confer or in their February 7 discovery letter to the Court.

13. Because Plaintiffs would not agree to any proposals that did not extend the schedule, the parties could not reach agreement. Anastasia Fernands, counsel for Viasat, responded to Plaintiffs' email on February 27, including by stating that "Viasat remains willing to produce specific, focused

discovery for the sole purpose of resolving the outstanding discovery disputes, if that will in fact resolve all disputes. Viasat remains open to reasonable offers of compromise and will consider reasonable offers from Plaintiffs." A true and correct copy of the email exchange between Ahmed ElDessouki and Anastasia Fernands on February 25 and February 26, 2025 is attached hereto as Exhibit A.

14. Viasat contributed its portion of the parties' joint one-page letter reporting on the meet and confer. In the letter, counsel for Viasat again invited any compromises from Plaintiffs and noted that we had tried to be focused on compromises that aligned with the Court's schedule. *See* Dkt. 179.

15. Viasat did not receive any offers of compromise from Plaintiffs from the time of the joint letter report on February 28 through the time of the Court's ruling on March 14, 2025.

16. When this matter was referred to Magistrate Judge Kang for discovery purposes (dkts. 173, 174), I read this Court's Standing Order For Discovery In Civil Cases Before Magistrate Judge Peter H. Kang (Effective June 1, 2023), including Section H thereof.

17. On March 18, 2025, I personally delivered a copy of the Court's March 14, 2025 Order (dkt. 183) via email to Robert Blair, Viasat's Senior Vice President, General Counsel and Secretary; and Colin Ward, Viasat's Chief Litigation Counsel and the in-house litigation attorney supervising this litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 24th day of March in Chicago, Illinois.

By /s/ Steven Cherny
Steven Cherny

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 24, 2025, a copy of the foregoing document was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: March 24, 2025                    By  _/s/ Patrick D. Curran_
                                                      Patrick D. Curran

## **ATTESTATION**

I, Patrick D. Curran, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Steven Cherny has concurred in the aforementioned filing.

By */s/ Patrick D. Curran*

Patrick D. Curran