L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al., | Case No. 4:22-CV-4376-HSG-PHK |
| Plaintiffs, | **SANDISK'S MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER RESOLVING DISCOVERY LETTER BRIEFS RE DISPUTES RE SOURCE CODE, FINANCIAL DOCUMENTS, AND DEPOSITIONS (DKT. 183)** |
| v. | |
| VIASAT, INC, | |
| Defendants | |

Pursuant to Civil L.R. 7-9(b), Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (collectively, "Plaintiffs" or "SanDisk") respectfully move for leave to file a motion for partial reconsideration before the Magistrate Judge regarding the March 14, 2025 Order Resolving Discovery Letter Briefs re Disputes re Source Code, Financial Documents, and Depositions (Dkt. 183) (the "Order").

SanDisk seeks clarification or reconsideration of the following statements in the Order:

> The Complaint does not appear to aver a theory of constructive notice and has no averments as to marking. *Id*. Patent damages are recoverable for the period of actual notice, if the patentee is not relying on patent marking and constructive notice. 35 U.S.C. § 287(a). Accordingly, the Court finds that the temporal scope of discovery regarding these financial documents is from July 28, 2022 (the date of the Complaint) until February 7, 2025 (the date of this motion).

Dkt. 183 at 12. It is not clear whether this statement from the Court is intended as a substantive ruling that the damages period for this case is "from July 28, 2022 (the date of the Complaint) until February 7, 2025 (the date of this motion)." To the extent that the Court did not intend to make such a finding, SanDisk requests clarification in the Order that it is not making a finding that the damages period begins at the date of the Complaint. To the extent that the Court did so find, SanDisk requests reconsideration of that holding because it was both not necessary to the issue briefed and legally erroneous.

The Order cites 35 U.S.C. § 287(a) in the portion quoted above, but § 287(a), the patent marking statute, only applies when patentees (or third parties who act "for or under them") make, sell, offer to sell, or import a "patented article." "The recovery of damages is not limited [by § 287] where there is no failure to mark, i.e., where the proper patent notice appears on products or ***where there are no products to mark***." *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1219-20 (Fed. Cir. 2002) (emphasis added), *overruled in part on other grounds by Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). Here, neither SanDisk (the patentee) nor Western Digital (the prior patent owner) made or sold any products that practice the Asserted Patents, nor did they authorize any third parties to do so. Also, Viasat has not identified any products that it contends should be marked, and it bears the burden to do so. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial

1   burden of production to articulate the products it believes are unmarked 'patented articles' subject to §
2   287."). Accordingly, the limitations on damages in § 287(a) do not apply in this case, and SanDisk is
3   entitled to damages from six years before the filing of the Complaint (i.e., July 2016 forward).  *See* 35
4   U.S.C. § 286.  SanDisk submits that the temporal scope of damages discovery should be commensurate
5   with § 286, and thus seeks reconsideration of the Court's Order.

6   Importantly, neither party had identified a dispute regarding the temporal scope of damages
7   discovery in their submissions to the Court such that a substantive ruling on that issue was appropriate.
8   *See* Dkts. 159, 170, 179.  Further, the parties have since met and conferred, and Viasat has agreed not
9   to limit its production to the post-suit period, and SanDisk agreed not to use that as an admission
10  regarding the appropriate damages period.  Accordingly, SanDisk requests that the Order be modified
11  to remove the language about the damages period or temporal scope of damages discovery.  Although
12  the parties have reached an agreement with respect to Viasat's production of financial agreements,
13  SanDisk is required to request such reconsideration and correction so that this Court's finding does not
14  become law of the case.  To the extent the Court wants to make a determination about the precise
15  damages period—which was not previously before the Court—SanDisk requests full briefing.[1]

17  Dated: March 25, 2025                                  GIBSON, DUNN & CRUTCHER LLP

18                                                         */s/ L. Kieran Kieckhefer*
19                                                         L. Kieran Kieckhefer

20                                                         *Counsel for Plaintiffs*

---

[1] SanDisk has been diligent in seeking reconsideration under Civil L.R. 7-9(b):  After receiving the Court's Order, the parties met and conferred and reached an agreement regarding Viasat's production of documents as described above.  SanDisk is mindful that it has limited time to seek reconsideration by the Magistrate Judge before its deadline to file objections with the presiding judge, *see* Fed. R. Civ. P. 72(a); however, given that a small portion of the Order is at issue, and SanDisk's request concerns an issue not briefed by the parties, it seemed likely that the parties could reach a resolution, and SanDisk felt it was important to meet and confer with Viasat and attempt to narrow the issues before further petitioning the Court.