# Exhibit D

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac forthcoming*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:    (617) 712-7100
Facsimile:    (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA,
## OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD., <br><br> Plaintiff, <br><br> vs. <br><br> VIASAT, INC.,, <br><br> Defendant. | Case No. 5:22-cv-4376-HSG <br><br> **VIASAT, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** <br> **(NOS. 1-46)** |

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Viasat, Inc.

("Viasat") hereby responds to Plaintiffs' First Set of Requests for Production (Nos. 1-46) as follows.

Pursuant to Federal Rule of Civil Procedure 26(e), Viasat reserves the right to supplement its

responses to these Interrogatories if it learns of additional responsive information.

## PRELIMINARY STATEMENT

Viasat's investigation, discovery, and analysis are ongoing.  The responses to these Requests are based on information presently available to Viasat after a reasonable investigation.  Viasat reserves the right to supplement or amend these responses as further information and documents are identified, disclosed, or discovered.  Viasat's responses are without prejudice to its right to introduce as evidence any subsequently discovered or unintentionally omitted information or documents.

Viasat's statement that it "will produce" documents means that Viasat will produce responsive, non-privileged documents in its possession, custody, or control based upon a reasonable search to the extent that they exist, and is not an admission that responsive, nonprivileged, or otherwise producible documents exist.  Viasat's responses to these Requests are not intended to be and shall not be construed as a concession or admission by Viasat of the competency, relevance, materiality, privilege, or admissibility of the Requests or its responses thereto, or of any document or information referred to in the Requests or these responses.  The fact that Viasat has responded to any Request, or any part of any Request, does not imply or admit that it accepts or admits the existence of any facts stated or assumed by such Requests.  The failure of Viasat to object to any of the Requests on a specific ground shall not be construed as a waiver of its right to object at a later time on that ground or any additional grounds.  Viasat incorporates each of the following General Objections and Objections and Responses to Instructions and Definitions into its Responses to each of Plaintiffs' Requests, whether or not expressly referred to in each such Response.  Viasat reserves the right to object to further discovery regarding the same subject matter as any Request and to object to the introduction into evidence any documents or information provided in response to the Requests.

## GENERAL OBJECTIONS

Viasat makes the following General Objections, whether or not separately set forth in response to each Request, to each and every instruction, definition, and Request. By responding to any of the Requests or failing to specifically refer to or specify any particular General Objection in response to a particular Request, Plaintiff does not waive any of these General Objections, or admit or concede the appropriateness of any purported Request or any assumptions contained therein.

1.      Viasat objects to these Requests, including their Definitions, to the extent they attempt to impose upon Viasat obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, Northern District of California Local Rules, or any other applicable law, rule, or regulation.

2.      Viasat objects to these Requests to the extent they are directed to matters and seek information, documents, or things that are not relevant to the subject matter at issue in this action.

3.      Viasat objects that Plaintiffs' Requests fail to "describe with reasonable particularity each item or category of items" that Western Digital seeks as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(1)(A). Instead, Plaintiffs' Requests are generally overbroad, vague, ambiguous, unduly burdensome, disproportionate to the needs of the action, unintelligible, or otherwise lack particularity and thereby require Viasat to engage in conjecture as to their meaning. Viasat's response to each Request is subject to its reasonable interpretation of such Request.

4.      Viasat objects to these Requests to the extent they seek documents or information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, common interest privilege, or any other applicable privilege (collectively, "Privileged Information").  Such documents and information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such documents or information, or of any work product doctrine protections which may attach thereto.

5.      Consistent with the foregoing privileges, Viasat will not produce discovery from outside counsel retained in connection with this action in response to any Request notwithstanding that such outside counsel may have acquired documents, knowledge or information responsive to that Request in the course of representing Viasat.

6.      Viasat objects to these Requests to the extent their scope is not restricted to the time period relevant to the allegations in the action, or without reference to a reasonable and relevant time period, as overbroad, unduly burdensome, beyond the scope of the allegations in the action, not relevant to any claim or defense, and not proportional, material and necessary to the prosecution

or defense of the action.  Viasat's response to each Request incorporates a reasonable time period, taking into account the nature and scope of the Request.

7.    Viasat objects to these Requests to the extent they seek documents or information that is already in the possession, custody, or control of Plaintiffs or otherwise equally accessible to Plaintiffs, including documents and information available from public sources.

8.    Viasat objects to these Requests to the extent they seek documents or information not within Viasat's possession, custody, or control or purport to require Viasat to seek documents or information in the knowledge, possession, custody, or control of third parties.  Viasat disclaims any obligation to obtain or produce documents or information that is not within its knowledge, possession, custody, or control.  The voluntary production of documents or information that may otherwise fall within this objection shall not be deemed a waiver of this objection as to other information in the possession, custody, or control of third parties.

9.    Viasat objects to these Requests to the extent they seek confidential and/or proprietary business, financial, and/or technical information or trade secrets, the disclosure of which may damage Viasat's business, violate the privacy or proprietary rights of others including employees, clients, or business partners of Viasat, or breach any duty or regulatory requirement, or violate any agreement or order pursuant to which Viasat is precluded from disclosing such information.  Any documents or information provided by Viasat in response to these Requests is being provided for purposes of this action only.  Viasat reserves the right to withhold personal, private, or non-responsive documents or information.  Viasat also objects to the use of any documents or information provided in this action in any other action or proceeding and/or in any manner inconsistent with any Confidentiality Order to be entered in this action.  For the avoidance of doubt, any discovery provided to Plaintiffs will be governed by the Protective Order agreed to by the parties or, until a Protective Order is entered in this case, by the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

10.    Viasat objects to these Requests to the extent they are cumulative and/or duplicative of other discovery requests and, therefore, unduly burdensome.

11.     Viasat objects to these Requests to the extent the documents and information sought therein could be obtained through other, less burdensome discovery, and are not, therefore, the proper subject of a Request for Production.

12.     Viasat objects to these Requests to the extent they assume facts that do not exist.

13.     Viasat objects to these Requests to the extent they call for a legal opinion or conclusion.

14.     Viasat objects to the Requests to the extent they are unduly burdensome and oppressive in that they would require a search for documents that are of little or no benefit with respect to the issues or controversies in these actions, so that the value of the documents would be outweighed by the burden of obtaining them.  Viasat further objects to the Requests to the extent that they seek electronic documents and/or electronically stored information that is/are not reasonably accessible because of undue burden or cost.  Viasat will undertake a search for documents that is reasonable under the circumstances.

15.     Viasat objects to these Requests to the extent they seek documents or information related to expert disclosure.  Viasat will comply with obligations related to expert disclosure in accordance with the schedule agreed upon or to be agreed upon by the parties.

16.     Viasat objects to these Requests as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

17.     Where Viasat agrees to produce documents responsive to these Requests, this agreement to produce is subject to agreement with Plaintiffs over appropriate search terms and custodians.

18.     These Objections shall apply to each of the Requests as if fully set forth therein.

## OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS

1.     Viasat objects to the definition of "Accused Products" to the extent it encompasses "media streaming software, systems, and services *such as* in-flight entertainment and communication ("IFEC") systems for use in commercial and private aviation, *including* products identified in Plaintiffs' Complaint and any amendments thereto, and products identified in Plaintiffs'

Patent L.R. 3-1 infringement contentions served on February 23, 2023, and any amendments thereto," as well as "Viasat products, services, and components referred to or described in "Viasat in-flight connectivity solutions" (WD-Viasat-NDCA00000181) and "Wireless IFE Datasheet" (WD-Viasat-NDCA00000204)." Viasat also objects to the definition of "Accused Products" to the extent that it includes "products identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023" because, as Viasat has previously expressed to Plaintiffs, Plaintiffs' Patent L.R. 3-1 infringement contentions are deficient in that, *inter alia*, they fail to sufficiently identify the products, software, or systems that Plaintiffs accuse of infringement. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "Accused Product" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

2.      Viasat objects to the definition of "Viasat," "Defendant," "You," or "Your" to the extent it encompasses persons and entities other than Viasat Inc. and is overbroad, vague, and ambiguous with respect to "subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its . . . officers, directors, representatives, consultants, accountants, and attorneys." Unless otherwise stated in response to a specific Request for Production, Viasat construes the terms "Viasat," "Defendant," "You," or "Your" to encompass only Viasat Inc. and its employees and agents.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents relating to the design, development, functionality, or testing of any Accused Product that is presently sold or has been sold since July 2016, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, and source code.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify all purchasers and customers of the Accused Products since July 2016, whether directly or through a third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request as premature, including

1  because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement

2  contentions served on February 23, 2023 are deficient.

3      Subject to and without waiving the foregoing General and Specific Objections, Viasat has

4  produced documents responsive to this Request.   Viasat will also produce any additional

5  nonprivileged and responsive documents and information to the extent such documents and

6  information are within its possession, custody, or control, and to the extent such documents exist

7  and can be located following a reasonable search..

8      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

9  supplement its objections and/or responses as its investigation continues.

10  **REQUEST FOR PRODUCTION NO. 3:**

11      Documents sufficient to show all services, including but not limited to consultation,

12  installation, configuration, and technical support, that Viasat offers, provides, or sells to purchasers

13  or users of the Accused Products, or has offered, provided, or sold since July 2016.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

15      Viasat incorporates by reference its General Objections.  Viasat further objects to this

16  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

17  without limitation through its use of the term "Accused Products," which as noted above, is not

18  clearly defined.  Viasat further objects to this Request to the extent it seeks information that is not

19  relevant to any claim or defense currently in this case and not proportional to the needs of the case.

20  Viasat further objects to this Request to the extent it seeks documents and things subject to

21  confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is

22  required to protect or maintain the confidentiality of any such documents and things.  Viasat further

23  objects to this Request to the extent it seeks information that is not in Viasat's possession, custody,

24  or control.  Viasat further objects to this Request as premature, including because the Court has not

25  yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on

26  February 23, 2023 are deficient.

27      Subject to and without waiving the foregoing General and Specific Objections, Viasat has

28  produced documents responsive to this Request.    Viasat will also produce any additional

-8-

nonprivileged documents sufficient to show consultation, installation, configuration, and technical support services related to the Accused Products that Viasat offers, provides, or sells to purchasers or users of the Accused Products, to the extent such documents are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 4:**

For each of the Asserted Patents, all Documents relating to Viasat's first knowledge of the Asserted Patent, including Documents showing the date, circumstances and persons involved or with knowledge thereof, identifying all Persons at Viasat who were informed of the patent, and identifying all actions taken by Viasat as a result of becoming aware of the Asserted Patents, including any comparisons made to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Requests to the extent it seeks Privileged Information. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

1   Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

2   supplement its objections and/or responses as its investigation continues.

3   **REQUEST FOR PRODUCTION NO. 5:**

4   Documents sufficient to identify each Accused Product, including components thereof, by

5   product name, model number, marketing names, code names, and any other identifying name or

6   code, that is made, used, offered for sale, or sold in the United States, or imported into the United

7   States, since July 2016.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

9   Viasat incorporates by reference its General Objections.  Viasat further objects to this

10  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

11  without limitation through its use of the term "Accused Product," which as noted above, is not

12  clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things

13  subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

14  Viasat is required to protect or maintain the confidentiality of any such documents and things.

15  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

16  possession, custody, or control.  Viasat further objects to this Request as premature, including

17  because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement

18  contentions served on February 23, 2023 are deficient.

19  Subject to and without waiving the foregoing General and Specific Objections, Viasat has

20  produced documents responsive to this Request.  Viasat will also produce any additional

21  nonprivileged documents and information responsive to this request to the extent such documents

22  and information are within its possession, custody, or control, and to the extent such documents

23  exist and can be located following a reasonable search.

24  Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

25  supplement its objections and/or responses as its investigation continues.

26

27

28

OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to any advantages or disadvantages of any feature or functionality accused of infringement, including documents relating to any features that drive consumer demand for any Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 7:**

For each version of each Accused Product that is presently sold or has been sold since July 2016, all Documents relating to market studies, reports, or analyses concerning product design, competition, consumer or consultant feedback received in any form, including surveys, advertising campaigns, promotional or sales training materials, market segments, market share, or market revenue (actual or predicted).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not

clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request.  Viasat will also produce any additional nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 8:**

Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved at any time in the design, development, operation, manufacture, testing, marketing, or sale of any Accused Product that is presently sold or has been sold since July 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request as premature, including because the Court has not yet set a

schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to the decision to develop any Accused Product, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined. Viasat further objects to this Requests to the extent it seeks Privileged Information. Viasat objects to this Request to the extent it calls for a legal opinion or conclusion. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

1    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

2  supplement its objections and/or responses as its investigation continues.

3  **REQUEST FOR PRODUCTION NO. 10:**

4    Documents sufficient to show any third party's involvement with the testing, manufacture,

5  design, or development of hardware or software for implementing, using, or supporting the Accused

6  Products and/or components thereof.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

8    Viasat incorporates by reference its General Objections.  Viasat further objects to this

9  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

10  without limitation through its use of the term "Accused Products," which as noted above, is not

11  clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things

12  subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

13  Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat

14  further objects to this Request to the extent it seeks information that is not in Viasat's possession,

15  custody, or control.  Viasat further objects to this Request as premature, including because the Court

16  has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served

17  on February 23, 2023 are deficient.

18    Subject to and without waiving the foregoing General and Specific Objections, Viasat will

19  produce nonprivileged documents and information responsive to this request to the extent such

20  documents and information are within its possession, custody, or control, and to the extent such

21  documents exist and can be located following a reasonable search.

22    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

23  supplement its objections and/or responses as its investigation continues.

24  **REQUEST FOR PRODUCTION NO. 11:**

25    All Documents relating to any application by Viasat to any private or governmental agency

26  for registration, certification, or approval of any aspect of any Accused Product, including aspects

27  relating to media storage or streaming.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined.  Viasat further objects to this Requests to the extent it seeks Privileged Information. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show all standards followed, embodied by, or used by the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

1    Subject to and without waiving the foregoing General and Specific Objections, Viasat will

2  produce nonprivileged documents and information responsive to this request to the extent such

3  documents and information are within its possession, custody, or control, and to the extent such

4  documents exist and can be located following a reasonable search.

5    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

6  supplement its objections and/or responses as its investigation continues.

7  **REQUEST FOR PRODUCTION NO. 13:**

8    All Documents relating to how Viasat instructs others on how to manufacture or use any

9  Accused Product, including any user manuals, articles, data sheets, or product specifications.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11    Viasat incorporates by reference its General Objections.  Viasat further objects to this

12  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

13  without limitation through its use of the term "Accused Product," which as noted above, is not

14  clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things

15  subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

16  Viasat is required to protect or maintain the confidentiality of any such documents and things.

17  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

18  possession, custody, or control.  Viasat further objects to this Request as premature, including

19  because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement

20  contentions served on February 23, 2023 are deficient.

21    Subject to and without waiving the foregoing General and Specific Objections, Viasat has

22  produced documents responsive to this Request.  Viasat will also produce any additional

23  nonprivileged and responsive documents and information to the extent such documents and

24  information are within its possession, custody, or control, and to the extent such documents exist

25  and can be located following a reasonable search.

26    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

27  supplement its objections and/or responses as its investigation continues.

28

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to the advertising or promotion of any Accused Product, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents relating to the market for the Accused Products, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show all of Viasat's implementations of, or efforts to implement, open caching or edge storage, whether for in-flight applications, home systems, or otherwise, including any products that implement open caching or edge storage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat is willing to meet and confer regarding this Request, including to attempt to reduce the burden and narrow the scope of this Request to information that is reasonably calculated to lead to the discovery of admissible evidence.

1    Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

2  supplement its objections and/or responses as its investigation continues.

3  **REQUEST FOR PRODUCTION NO. 17:**

4    All Documents relating to any products that compete with any Accused Product, including

5  any analyses of the strengths or weaknesses of those products compared to any Accused Product.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7    Viasat incorporates by reference its General Objections. Viasat further objects to this

8  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

9  without limitation through its use of the term "Accused Product," which as noted above, is not

10 clearly defined. Viasat further objects to this Request to the extent it seeks documents and things

11 subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

12 Viasat is required to protect or maintain the confidentiality of any such documents and things.

13 Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

14 possession, custody, or control. Viasat further objects to this Request to the extent it seeks

15 documents or information that are equally accessible to Plaintiffs, including documents and

16 information available from public sources. Viasat further objects to this Request to the extent its

17 scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to

18 this Request as premature, including because the Court has not yet set a schedule in this case and

19 Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

20   Subject to and without waiving the foregoing General and Specific Objections, Viasat will

21 produce nonprivileged documents and information responsive to this request to the extent such

22 documents and information are within its possession, custody, or control, and to the extent such

23 documents exist and can be located following a reasonable search.

24   Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

25 supplement its objections and/or responses as its investigation continues.

26

27

28

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show, for each of the Accused Products and each service related to the Accused Products, separately on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient. Plaintiff further objects to this Request to the extent it is cumulative and duplicative of other Requests, including at least Request No. 2.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show the profitability of the Accused Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient. Plaintiff further objects to this Request to the extent it is cumulative and duplicative of other Requests, including at least Request No. 18.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show Viasat's projected sales and revenues relating to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

1    Viasat is required to protect or maintain the confidentiality of any such documents and things.

2    Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

3    is vague and ambiguous.  Viasat further objects to this Request as premature, including because the

4    Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions

5    served on February 23, 2023 are deficient.  Plaintiff further objects to this Request to the extent it is

6    cumulative and duplicative of other Requests, including at least Request Nos. 18 and 19.

7           Subject to and without waiving the foregoing General and Specific Objections, Viasat has

8    produced documents responsive to this Request.   Viasat will also produce any additional

9    nonprivileged and responsive documents and information to the extent such documents and

10   information are within its possession, custody, or control, and to the extent such documents exist

11   and can be located following a reasonable search.

12          Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

13   supplement its objections and/or responses as its investigation continues.

14   **REQUEST FOR PRODUCTION NO. 21:**

15          All Documents relating to any license, settlement, or other agreement entered, offered to or

16   by, or accepted by Viasat relating to any Accused Product.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

18          Viasat incorporates by reference its General Objections.  Viasat further objects to this

19   Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

20   without limitation through its use of the term "Accused Product," which as noted above, is not

21   clearly defined.  Viasat further objects to this Requests to the extent it seeks Privileged Information.

22   Viasat objects to this Request to the extent it calls for a legal opinion or conclusion. Viasat further

23   objects to this Request to the extent it seeks documents and things subject to confidentiality

24   agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect

25   or maintain the confidentiality of any such documents and things.  Viasat further objects to this

26   Request to the extent it seeks information that is not in Viasat's possession, custody, or control.

27   Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

28   is vague and ambiguous.  Viasat further objects to this Request as premature, including because the

1  Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions

2  served on February 23, 2023 are deficient.

3       Subject to and without waiving the foregoing General and Specific Objections, Viasat will

4  produce nonprivileged documents and information responsive to this request to the extent such

5  documents and information are within its possession, custody, or control, and to the extent such

6  documents exist and can be located following a reasonable search.

7       Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

8  supplement its objections and/or responses as its investigation continues.

9  **REQUEST FOR PRODUCTION NO. 22:**

10      All Documents relating to any patent infringement indemnification provisions or agreements

11 between Viasat and any other person relating to any Accused Product, including Communications

12 between Viasat and such other person relating to such indemnification provisions or agreements.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

14      Viasat incorporates by reference its General Objections.  Viasat further objects to this

15 Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

16 without limitation through its use of the term "Accused Product," which as noted above, is not

17 clearly defined.  Viasat further objects to this Requests to the extent it seeks Privileged Information.

18 Viasat objects to this Request to the extent it calls for a legal opinion or conclusion. Viasat further

19 objects to this Request to the extent it seeks documents and things subject to confidentiality

20 agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect

21 or maintain the confidentiality of any such documents and things.  Viasat further objects to this

22 Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

23 Viasat further objects to this Request as premature, including because the Court has not yet set a

24 schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February

25 23, 2023 are deficient.

26      Subject to and without waiving the foregoing General and Specific Objections, and in

27 accordance with any third-party confidentiality obligations and/or other applicable protections,

28 Viasat will  produce nonprivileged documents and information responsive to this request to the

1  extent such documents and information are within its possession, custody, or control, and to the
2  extent such documents exist and can be located following a reasonable search.

3      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or
4  supplement its objections and/or responses as its investigation continues.

5  **REQUEST FOR PRODUCTION NO. 23:**

6      All agreements relating to the subject matter or outcome of this Litigation, including
7  agreements reflecting any financial or other interest in the Litigation's outcome or any person's
8  obligation to indemnify.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

10     Viasat incorporates by reference its General Objections.  Viasat further objects to this
11 Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including
12 without limitation through its use of the undefined phrase "subject matter . . . of this Litigation."
13 Viasat further objects to this Requests to the extent it seeks Privileged Information.  Viasat objects
14 to this Request to the extent it calls for a legal opinion or conclusion.  Viasat further objects to this
15 Request to the extent it seeks documents and things subject to confidentiality agreements, protective
16 orders, or any other obligation pursuant to which Viasat is required to protect or maintain the
17 confidentiality of any such documents and things.  Viasat further objects to this Request as
18 premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent
19 L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

20     Subject to and without waiving the foregoing General and Specific Objections, and in
21 accordance with any third-party confidentiality obligations and/or other applicable protections,
22 Viasat will  produce nonprivileged documents and information responsive to this request to the
23 extent such documents and information are within its possession, custody, or control, and to the
24 extent such documents exist and can be located following a reasonable search.

25     Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or
26 supplement its objections and/or responses as its investigation continues.

27

28

Case No. 5:22-cv-4376-HSG
OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to establish Viasat's corporate structure, including any changes thereto dating back to July 2016, including Documents that identify all of Viasat's predecessors and present affiliates, including parent companies, subsidiaries, partnerships, joint ventures, and divisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat is willing to meet and confer regarding this Request to attempt to reduce the burden and narrow the scope of this Request to information that is reasonably calculated to lead to the discovery of admissible evidence.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents referring to or discussing Plaintiffs in connection with media streaming, edge storage, caching, or patent rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any

other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat is willing to meet and confer regarding this Request to attempt to reduce the burden and narrow the scope of this Request to information that is reasonably calculated to lead to the discovery of admissible evidence.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to any Asserted Patents, including all documents that reference or discuss any Asserted Patents, including but not limited to Communications:

(a) regarding the scope of the claims of the Asserted Patents; (b) regarding the alleged infringement of any of the claims of the Asserted Patents; and (c) regarding the validity and/or enforceability of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Requests to the extent it seeks Privileged Information. Viasat objects to this Request to the extent it calls for a legal opinion or conclusion. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

1  Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

2  supplement its objections and/or responses as its investigation continues.

3  **REQUEST FOR PRODUCTION NO. 27:**

4  All Documents relating to any actual or potential litigation relating to any Asserted Patents,

5  including any minutes, notes, presentations, or other documents from any Board of Directors or

6  other internal meetings.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

8  Viasat incorporates by reference its General Objections.  Viasat further objects to this

9  Requests to the extent it seeks Privileged Information.  Viasat further objects to this Request to the

10  extent it seeks documents and things subject to confidentiality agreements, protective orders, or any

11  other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of

12  any such documents and things.  Viasat further objects to this Request to the extent its scope it is

13  not limited in time or the time period is vague and ambiguous.  Viasat further objects to this Request

14  as premature, including because the Court has not yet set a schedule in this case and Plaintiffs'

15  Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

16  Subject to and without waiving the foregoing General and Specific Objections, Viasat will

17  produce nonprivileged documents and information responsive to this request to the extent such

18  documents and information are within its possession, custody, or control, and to the extent such

19  documents exist and can be located following a reasonable search.

20  Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

21  supplement its objections and/or responses as its investigation continues.

22  **REQUEST FOR PRODUCTION NO. 28:**

23  All Documents relating to any analysis of the Asserted Patents completed by or on behalf of

24  Viasat, including any opinions on validity, enforceability, infringement, scope, or ownership.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

26  Viasat incorporates by reference its General Objections.  Viasat further objects to this

27  Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

28  it calls for a legal opinion or conclusion.  Viasat further objects to this Request to the extent its scope

1  it is not limited in time or the time period is vague and ambiguous. Viasat objects to this Request

2  to the extent it seeks documents or information related to expert disclosure. Viasat further objects

3  to this Request as premature, including because the Court has not yet set a schedule in this case and

4  Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

5      Subject to and without waiving the foregoing General and Specific Objections, Viasat will

6  produce nonprivileged documents and information responsive to this request to the extent such

7  documents and information are within its possession, custody, or control, and to the extent such

8  documents exist and can be located following a reasonable search.

9      Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

10  supplement its objections and/or responses as its investigation continues.

11  **REQUEST FOR PRODUCTION NO. 29:**

12      All Prior Art and related Documents that Viasat contends render any claim of any Asserted

13  Patent invalid.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

15      Viasat incorporates by reference its General Objections. Viasat further objects to this

16  Requests to the extent it seeks Privileged Information. Viasat objects to this Request to the extent

17  it calls for a legal opinion or conclusion. Viasat further objects to this Request to the extent it seeks

18  information that is not in Viasat's possession, custody, or control. Viasat further objects to this

19  Request to the extent it seeks documents or information that are equally accessible to Plaintiffs,

20  including documents and information available from public sources. Viasat objects to this Request

21  to the extent it seeks documents or information related to expert disclosure. Viasat further objects

22  to this Request as premature, including because the Court has not yet set a schedule in this case and

23  Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

24      Subject to and without waiving the foregoing General and Specific Objections, Viasat has

25  produced documents responsive to this Request. Viasat will also produce any additional

26  nonprivileged and responsive documents and information to the extent such documents and

27  information are within its possession, custody, or control, and to the extent such documents exist

28  and can be located following a reasonable search.

1    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

2    supplement its objections and/or responses as its investigation continues.

3    **REQUEST FOR PRODUCTION NO. 30:**

4    All Documents relating to any contention by Viasat that any claim of any Asserted Patent is

5    invalid pursuant to any provision of 35 U.S.C. §§ 101, 102, 103, or 112.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7    Viasat incorporates by reference its General Objections.  Viasat further objects to this

8    Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

9    it calls for a legal opinion or conclusion.  Viasat objects to this Request to the extent it seeks

10   documents or information related to expert disclosure.  Viasat further objects to this Request as

11   premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent

12   L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

13   Subject to and without waiving the foregoing General and Specific Objections, Viasat has

14   produced documents responsive to this Request.  Viasat will also produce any additional

15   nonprivileged and responsive documents and information to the extent such documents and

16   information are within its possession, custody, or control, and to the extent such documents exist

17   and can be located following a reasonable search.

18   Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

19   supplement its objections and/or responses as its investigation continues.

20   **REQUEST FOR PRODUCTION NO. 31:**

21   All Documents relating to any contention, affirmative defense, or counterclaim by Viasat

22   that any Accused Product does not infringe, either literally or under the doctrine of equivalents, any

23   claim of any Asserted Patent.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

25   Viasat incorporates by reference its General Objections.  Viasat further objects to this

26   Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

27   it calls for a legal opinion or conclusion.  Viasat objects to this Request to the extent it seeks

28   documents or information related to expert disclosure.  Viasat further objects to this Request as

premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request.  Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to any contention by Viasat that any Asserted Patent is unenforceable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent it calls for a legal opinion or conclusion.  Viasat objects to this Request to the extent it seeks documents or information related to expert disclosure.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

1    **REQUEST FOR PRODUCTION NO. 33:**

2        All Documents or Prior Art relied upon, reviewed, generated, performed, commissioned,

3    ordered, requested, received, contracted, or purchased by or for Viasat in taking a position on the

4    validity, enforceability, or infringement by Viasat of the Asserted Patents.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

6        Viasat incorporates by reference its General Objections.  Viasat further objects to this

7    Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

8    it calls for a legal opinion or conclusion.  Viasat further objects to this Request to the extent it seeks

9    information that is not in Viasat's possession, custody, or control.  Viasat further objects to this

10   Request to the extent it seeks documents or information that are equally accessible to Plaintiffs,

11   including documents and information available from public sources.  Viasat objects to this Request

12   to the extent it seeks documents or information related to expert disclosure.  Viasat further objects

13   to this Request as premature, including because the Court has not yet set a schedule in this case and

14   Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

15       Subject to and without waiving the foregoing General and Specific Objections, Viasat has

16   produced documents responsive to this Request.  Viasat will also produce any additional

17   nonprivileged and responsive documents and information to the extent such documents and

18   information are within its possession, custody, or control, and to the extent such documents exist

19   and can be located following a reasonable search.

20       Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

21   supplement its objections and/or responses as its investigation continues.

22   **REQUEST FOR PRODUCTION NO. 34:**

23       All Documents relating to any communications between Viasat, or anyone acting on its

24   behalf, and any other person relating to any Asserted Patents, this Litigation, or any claim, defense,

25   or remedy in this Litigation.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

27       Viasat incorporates by reference its General Objections.  Viasat further objects to this

28   Requests to the extent it seeks Privileged Information.  Viasat further objects to this Request to the

extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat is willing to meet and confer regarding this Request to attempt to reduce the burden and narrow the scope of this Request to information that is reasonably calculated to lead to the discovery of admissible evidence.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to any attempts to design around or modify the Accused Products to avoid infringement of any Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent it calls for a legal opinion or conclusion.  Viasat objects to this Request to the extent it seeks documents or information related to expert disclosure.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

1    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

2    supplement its objections and/or responses as its investigation continues.

3    **REQUEST FOR PRODUCTION NO. 36:**

4    All Documents relating to any claim by Viasat that it has any right, title, or interest in any

5    Asserted Patents, or any express or implied license to practice any subject matter claimed in any

6    Asserted Patents.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

8    Viasat incorporates by reference its General Objections.  Viasat further objects to this

9    Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

10   it calls for a legal opinion or conclusion.  Viasat objects to this Request to the extent it seeks

11   documents or information related to expert disclosure.  Viasat further objects to this Request as

12   premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent

13   L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

14   Subject to and without waiving the foregoing General and Specific Objections, Viasat will

15   produce nonprivileged documents and information responsive to this request to the extent such

16   documents and information are within its possession, custody, or control, and to the extent such

17   documents exist and can be located following a reasonable search.

18   Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

19   supplement its objections and/or responses as its investigation continues.

20   **REQUEST FOR PRODUCTION NO. 37:**

21   All Documents that Viasat alleges affect, limit, or bear on the meaning or scope of the claims

22   in any Asserted Patents, including any documents on which Viasat may rely to support any

23   construction or interpretation of any claim limitation.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

25   Viasat incorporates by reference its General Objections.  Viasat further objects to this

26   Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

27   it calls for a legal opinion or conclusion.  Viasat further objects to this Request to the extent it seeks

28   documents or information that are equally accessible to Plaintiffs, including documents and

1    information available from public sources.  Viasat objects to this Request to the extent it seeks

2    documents or information related to expert disclosure.  Viasat further objects to this Request as

3    premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent

4    L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

5        Subject to and without waiving the foregoing General and Specific Objections, Viasat will

6    produce nonprivileged documents and information responsive to this request to the extent such

7    documents and information are within its possession, custody, or control, and to the extent such

8    documents exist and can be located following a reasonable search.

9        Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

10   supplement its objections and/or responses as its investigation continues.

11   **REQUEST FOR PRODUCTION NO. 38:**

12       All Documents relating to the level of technical knowledge, schooling, experience, and

13   expertise of a person having ordinary skill in the art of any subject matter claimed in the Asserted

14   Patents.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

16       Viasat incorporates by reference its General Objections.  Viasat further objects to this

17   Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

18   it calls for a legal opinion or conclusion.  Viasat further objects to this Request to the extent it seeks

19   documents or information that are equally accessible to Plaintiffs, including documents and

20   information available from public sources.  Viasat objects to this Request to the extent it seeks

21   documents or information related to expert disclosure.  Viasat further objects to this Request as

22   premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent

23   L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

24       Subject to and without waiving the foregoing General and Specific Objections, Viasat will

25   produce nonprivileged documents and information responsive to this request to the extent such

26   documents and information are within its possession, custody, or control, and to the extent such

27   documents exist and can be located following a reasonable search.

28

OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

1    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or
2    supplement its objections and/or responses as its investigation continues.

3    **REQUEST FOR PRODUCTION NO. 39:**

4    Documents sufficient to describe all Viasat electronic data and document retention policies.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

6    Viasat incorporates by reference its General Objections.  Viasat further objects to this
7    Request to the extent it seeks information that is not relevant to any claim or defense currently in
8    this case and not proportional to the needs of the case.  Viasat further objects to this Requests to the
9    extent it seeks Privileged Information.  Viasat further objects to this Request as premature, including
10   because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement
11   contentions served on February 23, 2023 are deficient.

12   Subject to and without waiving the foregoing General and Specific Objections, Viasat is
13   willing to meet and confer regarding this Request to attempt to reduce the burden and narrow the
14   scope of this Request to information that is reasonably calculated to lead to the discovery of
15   admissible evidence.

16   Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or
17   supplement its objections and/or responses as its investigation continues.

18   **REQUEST FOR PRODUCTION NO. 40:**

19   All Documents identified in Viasat's initial disclosures under Federal Rule of Civil
20   Procedure 26(a) or used, relied on, or considered by Viasat in drafting its initial disclosures.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

22   Viasat incorporates by reference its General Objections.  Viasat further objects to this
23   Requests to the extent it seeks Privileged Information.  Viasat further objects to this Request as
24   premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent
25   L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

26   Subject to and without waiving the foregoing General and Specific Objections, Viasat will
27   produce nonprivileged documents and information responsive to this request to the extent such

28

1  documents and information are within its possession, custody, or control, and to the extent such

2  documents exist and can be located following a reasonable search.

3    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

4  supplement its objections and/or responses as its investigation continues.

5  **REQUEST FOR PRODUCTION NO. 41:**

6    All Documents identified in Viasat's response to the Complaint, or used, relied on, or

7  considered by Viasat in drafting its response to the Complaint.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9    Viasat incorporates by reference its General Objections.  Viasat further objects to this

10  Requests to the extent it seeks Privileged Information.  Viasat further objects to this Request as

11  premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent

12  L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

13    Subject to and without waiving the foregoing General and Specific Objections, Viasat will

14  produce nonprivileged documents and information responsive to this request to the extent such

15  documents and information are within its possession, custody, or control, and to the extent such

16  documents exist and can be located following a reasonable search.

17    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

18  supplement its objections and/or responses as its investigation continues.

19  **REQUEST FOR PRODUCTION NO. 42:**

20    All Documents and Communications received by Viasat in response to any subpoenas

21  propounded by Viasat in this case, or sent by Viasat to any subpoena recipient.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

23    Viasat incorporates by reference its General Objections.  Viasat further objects to this

24  Request to the extent it seeks documents and things subject to confidentiality agreements, protective

25  orders, or any other obligation pursuant to which Viasat is required to protect or maintain the

26  confidentiality of any such documents and things.  Viasat further objects to this Request to the extent

27  it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to

28

OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

1  this Request as premature, including because the Court has not yet set a schedule in this case and

2  Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

3      Subject to and without waiving the foregoing General and Specific Objections, Viasat will

4  produce nonprivileged documents and information responsive to this request to the extent such

5  documents and information are within its possession, custody, or control, and to the extent such

6  documents exist and can be located following a reasonable search.

7      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

8  supplement its objections and/or responses as its investigation continues.

9  **REQUEST FOR PRODUCTION NO. 43:**

10      All Documents identified in Viasat's responses to all interrogatories and requests for

11  admissions or used, relied on, or considered by Viasat in drafting its responses to interrogatories or

12  requests for admissions.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

14      Viasat incorporates by reference its General Objections.  Viasat further objects to this

15  Requests to the extent it seeks Privileged Information.  Viasat further objects to this Request as

16  premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent

17  L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

18      Subject to and without waiving the foregoing General and Specific Objections, Viasat will

19  produce nonprivileged documents and information responsive to this request to the extent such

20  documents and information are within its possession, custody, or control, and to the extent such

21  documents exist and can be located following a reasonable search.

22      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

23  supplement its objections and/or responses as its investigation continues.

24  **REQUEST FOR PRODUCTION NO. 44:**

25      For each person Viasat intends to use as an expert witness: (a) a resume or curriculum vitae

26  sufficient to describe that person's complete education, experience, and training; (b) all publications,

27  articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c)

28  all transcripts of any trial, deposition, or other testimony of that person in any other proceeding

relating to the technology used by the Accused Products; (d) all Documents provided to that person in connection with this Litigation; and (e) all Documents relied on by that person in forming any opinions that have been or may be offered in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Requests to the extent it seeks Privileged Information.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents that Viasat may rely upon or introduce at a deposition, proceeding, or hearing in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

1     Subject to and without waiving the foregoing General and Specific Objections, Viasat will

2   produce nonprivileged documents and information responsive to this request to the extent such

3   documents and information are within its possession, custody, or control, and to the extent such

4   documents exist and can be located following a reasonable search.

5     Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

6   supplement its objections and/or responses as its investigation continues.

7   **REQUEST FOR PRODUCTION NO. 46:**

8     All Documents relating to each operational version of each Accused Product, including the

9   Source Code therefor.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

11     Viasat incorporates by reference its General Objections.  Viasat further objects to this

12   Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

13   without limitation through its use of the term "Accused Product," which as noted above, is not

14   clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things

15   subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

16   Viasat is required to protect or maintain the confidentiality of any such documents and things.

17   Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

18   is vague and ambiguous.  Viasat further objects to this Request as premature, including because the

19   Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions

20   served on February 23, 2023 are deficient.  Plaintiff further objects to this Request to the extent it

21   cumulative and duplicative of other Requests, including at least Request No. 18.

22     Subject to and without waiving the foregoing General and Specific Objections, Viasat has

23   produced and/or made available documents responsive to this Request, including Source Code.

24   Viasat will also produce any additional nonprivileged and responsive documents and information to

25   the extent such documents and information are within its possession, custody, or control, and to the

26   extent such documents exist and can be located following a reasonable search.

27     Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

28   supplement its objections and/or responses as its investigation continues.

1

2   DATED:  December 8, 2023                QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
3

4

5                                           By: _____*/s/ Jodie Cheng*_____
                                                Jodie Cheng
6                                               Attorney for *Defendant Viasat Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2023, I caused a copy of the foregoing document to be served on the following counsel for Plaintiffs via email:

| | |
|---|---|
| L. Kieran Kieckhefer: | KKieckhefer@gibsondunn.com |
| Ahmed ElDessouki: | aeldessouki@gibsondunn.com |
| Lillian J. Mao: | LMao@gibsondunn.com |

*/s/ Nicola R. Felice*
Nicola R. Felice
Counsel for Defendant

OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION