Exhibit E

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac forthcoming*)
  stevencherny@quinnemanuel.com
  Patrick Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:     (617) 712-7100
Facsimile:     (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA,
### OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD., | Case No. 5:22-cv-4376-HSG |
| Plaintiff, | **VIASAT, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 47-74)** |
| vs. | |
| VIASAT, INC., | |
| Defendant. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Viasat, Inc. ("Viasat") hereby responds to Plaintiffs' Second Set of Requests for Production (Nos. 47-74) as follows. Pursuant to Federal Rule of Civil Procedure 26(e), Viasat reserves the right to supplement its responses to these Requests if it learns of additional responsive information.

## PRELIMINARY STATEMENT

Viasat's investigation, discovery, and analysis are ongoing. The responses to these Requests are based on information presently available to Viasat after a reasonable investigation. Viasat reserves the right to supplement or amend these responses as further information and documents are identified, disclosed, or discovered. Viasat's responses are without prejudice to its right to introduce as evidence any subsequently discovered or unintentionally omitted information or documents.

Viasat's statement that it "will produce" documents means that Viasat will produce responsive, non-privileged documents in its possession, custody, or control based upon a reasonable search to the extent that they exist, and is not an admission that responsive, nonprivileged, or otherwise producible documents exist. Viasat's responses to these Requests are not intended to be and shall not be construed as a concession or admission by Viasat of the competency, relevance, materiality, privilege, or admissibility of the Requests or its responses thereto, or of any document or information referred to in the Requests or these responses. The fact that Viasat has responded to any Request, or any part of any Request, does not imply or admit that it accepts or admits the existence of any facts stated or assumed by such Requests. The failure of Viasat to object to any of the Requests on a specific ground shall not be construed as a waiver of its right to object at a later time on that ground or any additional grounds. Viasat incorporates each of the following General Objections and Objections and Responses to Instructions and Definitions into its Responses to each of Plaintiffs' Requests, whether or not expressly referred to in each such Response. Viasat reserves the right to object to further discovery regarding the same subject matter as any Request and to object to the introduction into evidence any documents or information provided in response to the Requests.

## GENERAL OBJECTIONS

Viasat makes the following General Objections, whether or not separately set forth in response to each Request, to each and every instruction, definition, and Request. By responding to any of the Requests or failing to specifically refer to or specify any particular General Objection in response to a particular Request, Plaintiff does not waive any of these General Objections, or admit or concede the appropriateness of any purported Request or any assumptions contained therein.

1.      Viasat objects to these Requests, including their Definitions, to the extent they attempt to impose upon Viasat obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, Northern District of California Local Rules, or any other applicable law, rule, or regulation.

2.      Viasat objects to these Requests to the extent they are directed to matters and seek information, documents, or things that are not relevant to the subject matter at issue in this action.

3.      Viasat objects that Plaintiffs' Requests fail to "describe with reasonable particularity each item or category of items" that Western Digital seeks as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(1)(A). Instead, Plaintiffs' Requests are generally overbroad, vague, ambiguous, unduly burdensome, disproportionate to the needs of the action, unintelligible, or otherwise lack particularity and thereby require Viasat to engage in conjecture as to their meaning. Viasat's response to each Request is subject to its reasonable interpretation of such Request.

4.      Viasat objects to these Requests to the extent they seek documents or information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, common interest privilege, or any other applicable privilege (collectively, "Privileged Information").  Such documents and information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such documents or information, or of any work product doctrine protections which may attach thereto.

5.      Consistent with the foregoing privileges, Viasat will not produce discovery from outside counsel retained in connection with this action in response to any Request notwithstanding that such outside counsel may have acquired documents, knowledge or information responsive to that Request in the course of representing Viasat.

6.      Viasat objects to these Requests to the extent their scope is not restricted to the time period relevant to the allegations in the action, or without reference to a reasonable and relevant time period, as overbroad, unduly burdensome, beyond the scope of the allegations in the action, not relevant to any claim or defense, and not proportional, material and necessary to the prosecution

or defense of the action.  Viasat's response to each Request incorporates a reasonable time period, taking into account the nature and scope of the Request.

7.      Viasat objects to these Requests to the extent they seek documents or information that is already in the possession, custody, or control of Plaintiffs or otherwise equally accessible to Plaintiffs, including documents and information available from public sources.

8.      Viasat objects to these Requests to the extent they seek documents or information not within Viasat's possession, custody, or control or purport to require Viasat to seek documents or information in the knowledge, possession, custody, or control of third parties.  Viasat disclaims any obligation to obtain or produce documents or information that is not within its knowledge, possession, custody, or control.  The voluntary production of documents or information that may otherwise fall within this objection shall not be deemed a waiver of this objection as to other information in the possession, custody, or control of third parties.

9.      Viasat objects to these Requests to the extent they seek confidential and/or proprietary business, financial, and/or technical information or trade secrets, the disclosure of which may damage Viasat's business, violate the privacy or proprietary rights of others including employees, clients, or business partners of Viasat, or breach any duty or regulatory requirement, or violate any agreement or order pursuant to which Viasat is precluded from disclosing such information.  Any documents or information provided by Viasat in response to these Requests is being provided for purposes of this action only.  Viasat reserves the right to withhold personal, private, or non-responsive documents or information.  Viasat also objects to the use of any documents or information provided in this action in any other action or proceeding and/or in any manner inconsistent with any Confidentiality Order to be entered in this action.  For the avoidance of doubt, any discovery provided to Plaintiffs will be governed by the Protective Order agreed to by the parties or, until a Protective Order is entered in this case, by the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

10.     Viasat objects to these Requests to the extent they are cumulative and/or duplicative of other discovery requests and, therefore, unduly burdensome.

11.     Viasat objects to these Requests to the extent the documents and information sought therein could be obtained through other, less burdensome discovery, and are not, therefore, the proper subject of a Request for Production.

12.     Viasat objects to these Requests to the extent they assume facts that do not exist.

13.     Viasat objects to these Requests to the extent they call for a legal opinion or conclusion.

14.     Viasat objects to the Requests to the extent they are unduly burdensome and oppressive in that they would require a search for documents that are of little or no benefit with respect to the issues or controversies in these actions, so that the value of the documents would be outweighed by the burden of obtaining them.  Viasat further objects to the Requests to the extent that they seek electronic documents and/or electronically stored information that is/are not reasonably accessible because of undue burden or cost.  Viasat will undertake a search for documents that is reasonable under the circumstances.

15.     Viasat objects to these Requests to the extent they seek documents or information related to expert disclosure.  Viasat will comply with obligations related to expert disclosure in accordance with the schedule agreed upon or to be agreed upon by the parties.

16.     Viasat objects to these Requests as premature to the extent they seek information ahead of the Court ordered deadlines in this case.

17.     Where Viasat agrees to produce documents responsive to these Requests, this agreement to produce is subject to agreement with Plaintiffs over appropriate search terms and custodians.

18.     These Objections shall apply to each of the Requests as if fully set forth therein.

## OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS

1.     Viasat objects to the definition of "Accused Products" to the extent it encompasses "media streaming and/or content delivery software, systems, and services **such as residential** and in-flight entertainment and/or **communication systems**, **including** the Accused Instrumentalities identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023, Plaintiffs' Amended Infringement Contentions served on March 22, 2024, and any amendments

thereto," as well as "and IFE and/or IFEC system (as defined below) made, used, sold, leased, and/or offered for sale or lease by Viasat, as well as the Viasat Content Delivery System." This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024. Viasat also objects to the definition of "Accused Products" to the extent that it includes "products identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023" because, as Viasat has previously expressed to Plaintiffs, Plaintiffs' Patent L.R. 3-1 infringement contentions are deficient in that, *inter alia*, they fail to sufficiently identify the products, software, or systems that Plaintiffs accuse of infringement. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "Accused Product" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

2.    Viasat objects to the definition of "IFE System" to the extent it encompasses "***any system that facilitates the playback of media on an aircraft***, and any related hardware, software, and/or services (***e.g., the provision of internet connectivity***, the provision of media content, and the provision of DRM services)." This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "IFE System" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

3.    Viasat objects to the definition of "IFC System" to the extent it encompasses "any in-flight communication system and any system that facilitates communications on an aircraft, and any related hardware, software, and/or services" as well as "any in-flight communication system, software, or service related to facilitating communications within an aircraft, between aircraft, and/or between an aircraft and any ground-based component." "IFC System" was not disclosed as

1   an Accused Product or Accused Instrumentality in Plaintiffs' operative Complaint or Plaintiffs'

2   Patent L.R. 3-1 infringement contentions served on March 22, 2024.  Unless otherwise stated in

3   response to a specific Request for Production, Viasat construes the term "IFC System" to refer only

4   to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and

5   Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any

6   products, systems, and services were sufficiently identified such that they can be known and

7   understood by Viasat.

8          4.      Viasat objects to the definition of "IFEC System" to the extent it encompasses "any

9   product and/or service, or combination of products and/or services, that includes both an IFE system

10  ***and an IFC system***, whether sold or leased together or separately" as well as "any instances in

11  which Viasat provides both an IFE system ***and IFC system for use on the same aircraft***."  This

12  definition is broader and encompasses more products/services than those disclosed in Plaintiffs'

13  operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22,

14  2024.  Unless otherwise stated in response to a specific Request for Production, Viasat construes

15  the term "IFE System" to refer only to those products, systems, or services expressly identified in

16  Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on

17  March 22, 2024, to the extent any products, systems, and services were sufficiently identified such

18  that they can be known and understood by Viasat.

19         5.      Viasat objects to the definition of "Playback Device" to the extent it encompasses

20  "***any device that supports media playback*** by any Viasat IFE system" and to the extent it "includes

21  ***but is not limited to*** 'seatback' devices, 'semi-embedded' devices, and passenger devices, as

22  described in VIASAT_00006471–6537 at -6477."  This definition is generally overbroad, vague,

23  ambiguous, unduly burdensome, disproportionate to the needs of the action, unintelligible, and lacks

24  particularity thereby requiring Viasat to engage in conjecture as to the meaning of "Playback

25  Device."  Unless otherwise stated in response to a specific Request for Production, Viasat construes

26  the term "Playback Device" to refer only to seatback devices, semi-embedded devices, and

27  passenger devices, as described in VIASAT_00006471–6537 at -6477.

28

6. Viasat objects to the definition of "Viasat," "Defendant," "You," or "Your" to the extent it encompasses persons and entities other than Viasat Inc. and is overbroad, vague, and ambiguous with respect to "subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its . . . officers, directors, representatives, consultants, accountants, and attorneys." Unless otherwise stated in response to a specific Request for Production, Viasat construes the terms "Viasat," "Defendant," "You," or "Your" to encompass only Viasat Inc. and its employees and agents.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show all types of Playback Devices, including differences in implementations to support each type of Playback Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Playback Devices." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent it seeks documents or information that are equally accessible to Plaintiffs, including documents and information available from public sources.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show how of each type of Playback Device is installed, repaired, maintained, and replaced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Playback Devices." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent it seeks documents or information that are equally accessible to Plaintiffs, including documents and information available from public sources. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections and based on Viasat's investigation to-date and facts currently known to it, Viasat does not have in its possession, custody, or control documents responsive to this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to identify, and to describe the services performed by, all third parties that provide any service related to the installation, repair, maintenance, or replacement of any Playback Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Playback Devices." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent it seeks documents or information that are equally accessible to Plaintiffs, including documents and

information available from public sources.  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections and based on Viasat's investigation to-date and facts currently known to it, Viasat does not have in its possession, custody, or control documents responsive to this Request.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show the actual and relative number of each type of Playback Device used or available for use with any Viasat IFE or IFEC system, broken down by customer on a quarter-by-quarter basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Playback Devices." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent it seeks documents or information that are equally accessible to Plaintiffs, including documents and information available from public sources.  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request.  Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 51:**

All documents related to any attempts to estimate or quantify the actual or relative number and/or usage of each type of Playback Device.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

2      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

3  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

4  and ambiguous, including without limitation through its use of the phrase "Playback Devices."

5  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

6  possession, custody, or control.  Viasat further objects to this Request to the extent it seeks

7  documents or information that are equally accessible to Plaintiffs, including documents and

8  information available from public sources.  Viasat further objects to this Request to the extent its

9  scope it is not limited in time or the time period is vague and ambiguous.

10      Subject to and without waiving the foregoing objections, Viasat will not produce documents

11  in response to this Request.  Viasat is willing to meet and confer regarding the scope of this Request.

12      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

13  supplement its objections and/or responses as its investigation continues.

14  **REQUEST FOR PRODUCTION NO. 52:**

15      Documents sufficient to show (i) the number of each of Viasat's customer's aircrafts

16  equipped with a Viasat IFE or IFEC system, and (ii) the number of each such customer's aircrafts

17  that are equipped with seatback devices, each broken down by customer on a quarter-by-quarter

18  basis.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

20      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

21  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

22  possession, custody, or control.  Viasat further objects to this Request to the extent its scope it is not

23  limited in time or the time period is vague and ambiguous.

24      Subject to and without waiving the foregoing objections, Viasat will produce nonprivileged

25  and responsive documents and information to the extent such documents and information are within

26  its possession, custody, or control, and to the extent such documents exist and can be located

27  following a reasonable search.

28

1    Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

2 supplement its objections and/or responses as its investigation continues.

3 **REQUEST FOR PRODUCTION NO. 53:**

4    All documents related to customer and/or end-user preferences or feedback regarding any

5 IFE or IFEC system, including preferences or feedback regarding the type of Playback Device.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

7    Viasat incorporates by reference all of its General Objections as if fully set forth herein.

8 Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

9 and ambiguous, including without limitation through its use of the phrase "Playback Devices."

10 Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

11 possession, custody, or control. Viasat further objects to this Request to the extent it seeks

12 documents or information that are equally accessible to Plaintiffs, including documents and

13 information available from public sources. Viasat further objects to this Request to the extent its

14 scope it is not limited in time or the time period is vague and ambiguous.

15    Subject to and without waiving the foregoing objections, Viasat will not produce documents

16 in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

17    Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

18 supplement its objections and/or responses as its investigation continues.

19 **REQUEST FOR PRODUCTION NO. 54:**

20    All documents related to Viasat's marketing of Accused Products.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

22    Viasat incorporates by reference all of its General Objections as if fully set forth herein.

23 Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

24 and ambiguous, including without limitation through its use of the phrase "Accused Products."

25 Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

26 is vague and ambiguous.

27    Subject to and without waiving the foregoing objections, Viasat has produced documents

28 responsive to this Request. Viasat will also produce any additional nonprivileged and responsive

1  documents and information to the extent such documents and information are within its possession,

2  custody, or control, and to the extent such documents exist and can be located following a reasonable

3  search.

4      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

5  supplement its objections and/or responses as its investigation continues.

6  **REQUEST FOR PRODUCTION NO. 55:**

7      All documents related to Viasat's order backlog for any Accused Product and anticipated

8  potential future orders of the Accused Products. *See e.g.*, VIASAT_00016223 at 228, 230.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

10     Viasat incorporates by reference all of its General Objections as if fully set forth herein.

11 Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

12 and ambiguous, including without limitation through its use of the phrase "Accused Products."

13 Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

14 is vague and ambiguous.

15     Subject to and without waiving the foregoing objections, Viasat will produce any

16 nonprivileged and responsive documents and information to the extent such documents and

17 information are within its possession, custody, or control, and to the extent such documents exist

18 and can be located following a reasonable search.

19     Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

20 supplement its objections and/or responses as its investigation continues.

21 **REQUEST FOR PRODUCTION NO. 56:**

22     All agreements related to any Accused Product between Viasat and each of Viasat's

23 customers, including agreements related to the provision of services related to any Accused

24 Product.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

26     Viasat incorporates by reference all of its General Objections as if fully set forth herein.

27 Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

28 and ambiguous, including without limitation through its use of the phrase "Accused Products."

1  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

2  is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks documents and

3  things subject to confidentiality agreements, protective orders, or any other obligation pursuant to

4  which Viasat is required to protect or maintain the confidentiality of any such documents and things.

5       Subject to and without waiving the foregoing objections, Viasat has produced agreements

6  regarding the Accused Products.  Viasat will also produce any additional nonprivileged and

7  responsive agreements regarding the Accused Products between Viasat and Viasat's customers.

8       Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

9  supplement its objections and/or responses as its investigation continues.

10 **REQUEST FOR PRODUCTION NO. 57:**

11      All agreements between You and any content providers relating to the provision or

12 playback of media using any Accused Product.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

14      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

15 Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

16 and ambiguous, including without limitation through its use of the phrase "Accused Products."

17 Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

18 is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks documents and

19 things subject to confidentiality agreements, protective orders, or any other obligation pursuant to

20 which Viasat is required to protect or maintain the confidentiality of any such documents and things.

21      Subject to and without waiving the foregoing objections, Viasat will produce any final,

22 executed, commercial agreements between Viasat and content providers that concern the provision

23 of media using the Accused Products to the extent such documents and information are within its

24 possession, custody, or control, and to the extent such documents exist and can be located following

25 a reasonable search.

26      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

27 supplement its objections and/or responses as its investigation continues.

28

**REQUEST FOR PRODUCTION NO. 58:**

All invoices that You issued since July 1, 2016 related to any Viasat IFE and/or IFEC system, including any related services (*e.g.*, the provision of internet connectivity, the provision of media content, and the provision of DRM services).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "related to any Viasat IFE and/or IFEC system."

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 59:**

All customer relationship management ("CRM") data associated with the sale, license, lease, or attempted sale, license, or lease of any Accused Product or services related to any Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "Accused Products" and "[a]ll customer relationship management data." Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.

1    Subject to and without waiving the foregoing objections, Viasat will not produce documents

2  in response to this Request.  Viasat is willing to meet and confer regarding the scope of this Request.

3    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

4  supplement its objections and/or responses as its investigation continues.

5  **REQUEST FOR PRODUCTION NO. 60:**

6    Documents sufficient to show Viasat's costs, including capital and maintenance costs, in

7  providing bandwidth for media streaming over satellite for use by the Accused Products.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

9    Viasat incorporates by reference all of its General Objections as if fully set forth herein.

10  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

11  and ambiguous, including without limitation through its use of the phrase "Accused Products."

12  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

13  is vague and ambiguous.

14    Subject to and without waiving the foregoing objections, Viasat will produce any

15  nonprivileged and responsive documents and information to the extent such documents and

16  information are within its possession, custody, or control, and to the extent such documents exist

17  and can be located following a reasonable search.

18    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

19  supplement its objections and/or responses as its investigation continues.

20  **REQUEST FOR PRODUCTION NO. 61:**

21    Documents sufficient to show the satellite bandwidth used by the Accused Products to

22  stream media to end-user devices and any bandwidth savings associated with the implementation

23  of the Viasat Content Delivery System. *See e.g.*, VIASAT_00003234.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

25    Viasat incorporates by reference all of its General Objections as if fully set forth herein.

26  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

27  and ambiguous, including without limitation through its use of the phrase "Accused Products."

28  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat will produce any nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 62:**

All documents relating to the performance of Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "Accused Products" and "performance."  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request.  Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to show the location of the manufacture and installation of each hardware module of the Accused Products, including the Network Access Terminal, the Mobile Broadband Router, the Mobile Application Server, the Wireless Access Points, and the Randome. *See e.g.*, VIASAT_00008075 at 083; VIASAT_00006471 at 526.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Accused Products." Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 64:**

Documents sufficient to show the installed location on a plane for each hardware module of the Accused Products, including Network Access Terminal, the Mobile Broadband Router, the Mobile Application Server, the Wireless Access Points, and the Randome. *See e.g.*, VIASAT_00008075 at 083; VIASAT_00006471 at 526.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Accused Products." Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 65:**

Documents sufficient to show the location of ground servers used in connection with the Accused Products, including the VCDS servers (see VIASAT_00008420 at 424), the CMS (see VIASAT_00005782 at 798), and the IPTV Ground Segment (see VIASAT_00006471 at 513).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Accused Products." Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the

extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request.  Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 66:**

Documents and source code sufficient to show the "Authentication/Authorization" used in connection with IPTV offerings. *See e.g.*, VIASAT_00006471 at 513.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Authentication/Authorization."  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request.  Viasat will also produce any additional nonprivileged and responsive documents, information, and source code to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

Case No. 5:22-cv-4376-HSG
OBJECTIONS & RESPONSES TO PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 67:**

Documents and source code sufficient to show all methods relating to the authentication or authorization by an Accused Product of a Playback Device or other user device, including user devices for use with Viasat's residential users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "Accused Product" and "Playback Device." Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat has produced documents and source code responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents, information, and source code sufficient to show the authentication or authorization by an Accused Product of a Playback Device or other user device on an aircraft to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 68:**

All technical and marketing documents related to Viasat's Open Stream platform. *See e.g.*, VIASAT_00007559 at 574.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

1   and ambiguous, including without limitation through its use of the phrase "[a]ll technical and

2   marketing documents." Viasat further objects to this Request to the extent it seeks documents and

3   things subject to confidentiality agreements, protective orders, or any other obligation pursuant to

4   which Viasat is required to protect or maintain the confidentiality of any such documents and things.

5   Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

6   possession, custody, or control. Viasat further objects to this Request to the extent its scope it is not

7   limited in time or the time period is vague and ambiguous.

8       Subject to and without waiving the foregoing objections, Viasat will not produce documents

9   in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

10      Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

11  supplement its objections and/or responses as its investigation continues.

12  **REQUEST FOR PRODUCTION NO. 69:**

13      All technical and marketing documents related to Viasat's provision of "sponsored access"

14  content and/or Internet, including agreements related to such "sponsored access" and Application

15  Programming Interface ("APIs") to enable such "sponsored access." (*See e.g.*,

16  VIASAT_00008097 at 118; VIASAT_00008364 at 379).

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

18      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

19  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

20  and ambiguous, including without limitation through its use of the phrase "[a]ll technical and

21  marketing documents." Viasat further objects to this Request to the extent it seeks documents and

22  things subject to confidentiality agreements, protective orders, or any other obligation pursuant to

23  which Viasat is required to protect or maintain the confidentiality of any such documents and things.

24  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

25  possession, custody, or control. Viasat further objects to this Request to the extent its scope it is not

26  limited in time or the time period is vague and ambiguous.

27      Subject to and without waiving the foregoing objections, Viasat has produced documents

28  responsive to this Request. Viasat will also produce any additional nonprivileged and responsive

documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 70:**

All documents related to software development kits ("SDKs") and Application Programming Interface ("APIs") for development of applications for passenger devices and integrations between the Accused Products and Playback Devices. (*See e.g.*, VIASAT_00005782 at 927; VIASAT_00008258 at 273).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "Accused Products" and "Playback Devices." Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 71:**

All technical and marketing documents related to the use of the Viasat Content Delivery System by residential users, including its deployment to residential users, including documents related to Viasat Stream. (*See e.g.*, VIASAT_00008738 at 745; VIASAT_00008428 at 444; VIASAT_00007581 at 583).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "[a]ll technical and marketing documents." Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to show all form agreements related to the provision of any Accused Products or associated services to residential users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Accused Products." Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is

required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 73:**

Documents sufficient to show the number of residential subscribers to Viasat's services that are connected to the Viasat Content Delivery System and the revenue to Viasat, or any of its subsidiaries, associated with sales or licenses or products and/or services provided to those subscribers, broken down by legal entity, quarter, and service/sale type. *See* VIASAT_00008738 at 745.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 74:**

Documents and source code sufficient to show any non-infringing alternatives You have attempted or considered for the Accused Products or will rely on in this case, and the performance of any such non-infringing alternative.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2         Viasat incorporates by reference all of its General Objections as if fully set forth herein.

3    Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

4    and ambiguous, including without limitation through its use of the phrases "Accused Products" and

5    "performance." Viasat further objects to this Requests to the extent it seeks Privileged Information.

6    Viasat objects to this Request to the extent it seeks documents or information related to expert

7    disclosure.

8         Subject to and without waiving the foregoing objections, Viasat will produce nonprivileged

9    and responsive documents and information to the extent such documents and information are within

10   its possession, custody, or control, and to the extent such documents exist and can be located

11   following a reasonable search.

12        Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

13   supplement its objections and/or responses as its investigation continues.

14

15

16   DATED: November 1, 2024         QUINN EMANUEL URQUHART &

17                        SULLIVAN, LLP

18

19                 By:     */s/ Nicola R. Felice*

20                    Nicola R. Felice
                      Attorney for *Defendant Viasat Inc.*

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, I caused a copy of the foregoing document to be served on the following counsel for Plaintiffs via email:

|  |  |
|---|---|
| L. Kieran Kieckhefer: | KKieckhefer@gibsondunn.com |
| Ahmed ElDessouki: | aeldessouki@gibsondunn.com |
| Lillian J. Mao: | LMao@gibsondunn.com |

*/s/ Nicola R. Felice*
Nicola R. Felice
Counsel for Defendant