# Exhibit F

QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Steven Cherny (*pro hac vice*)
   stevencherny@quinnemanuel.com
   Patrick D. Curran (Bar No. 241630)
   patrickcurran@quinnemanuel.com
   Tzivya H. Beck (*pro hac vice*)
   tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:    (617) 712-7100
Facsimile:    (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Jodie Cheng (Bar No. 292330)
   jodiecheng@quinnemanuel.com
   Gyu Shik Jang (Bar No, 337747)
   kevinjang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Nicola R. Felice (*proc hac vice*)
   nicolafelice@quinnemanuel.com
   Vanessa Blecher (*pro hac vice*)
   vanessablecher@quinnemanuel.com
   Alicia Lai (*pro hac vice*)
   alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | |
|                Plaintiffs, | Case No.: 4:22-cv-4376-HSG |
|          v. | **DEFENDANT VIASAT, INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 75-94)** |
| VIASAT, INC., | |
|               Defendant. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Viasat, Inc. hereby responds to Plaintiffs SanDisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd.'s Third Set of Requests For Production (Nos. 75-94) as follows.

## PRELIMINARY STATEMENT

Viasat's investigation, discovery, and analysis are ongoing. The responses to these Requests are based on information presently available to Viasat after a reasonable investigation. Viasat reserves the right to supplement or amend these responses as further information and documents are identified, disclosed, or discovered. Viasat's responses are without prejudice to its right to introduce as evidence any subsequently discovered or unintentionally omitted information and/or documents.

Viasat's statement that it "will produce" documents means that Viasat will produce responsive, non-privileged documents in its possession, custody, or control based upon a reasonable search to the extent that they exist, and is not an admission that responsive, non-privileged, or otherwise producible documents exist. Viasat's responses to these Requests are not intended to be and shall not be construed as a concession or admission by Viasat of the competency, relevance, materiality, privilege, or admissibility of the Requests or its responses thereto, or of any document or information referred to in the Requests or these responses. The fact that Viasat has responded to any Request, or any part of any Request, does not imply or admit that it accepts or admits the existence of any facts stated or assumed by such Requests. The failure of Viasat to object to any of the Requests on a specific ground shall not be construed as a waiver of its right to object at a later time on that ground or any additional grounds. Viasat incorporates each of the following General Objections and Objections and Responses to Instructions and Definitions into its Responses to each of Plaintiffs' Requests, whether or not expressly referred to in each such Response. Viasat reserves the right to object to further discovery regarding the same subject matter as any Request and to object to the introduction into evidence any documents or information provided in response to the Requests.

## GENERAL OBJECTIONS

Viasat makes the following General Objections, whether or not separately set forth in response to each Request, to each and every instruction, definition, and Request. By responding to any of the Requests or failing to specifically refer to or specify any particular General Objection in response to a particular Request, Plaintiff does not waive any of these General Objections, or admit or concede the appropriateness of any purported Request or any assumptions contained therein.

1.      Viasat objects to these Requests, including their Definitions, to the extent they attempt to impose upon Viasat obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, Northern District of California Local Rules, or any other applicable law, rule, or regulation.

2.      Viasat objects to these Requests to the extent they are directed to matters and seek information, documents, or things that are not relevant to the subject matter at issue in this action.

3.      Viasat objects that Plaintiffs' Requests fail to "describe with reasonable particularity each item or category of items" that Plaintiffs seek as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(1)(A). Instead, Plaintiffs' Requests are generally overbroad, vague, ambiguous, unduly burdensome, disproportionate to the needs of the action, unintelligible, or otherwise lack particularity and thereby require Viasat to engage in conjecture as to their meaning. Viasat's response to each Request is subject to its reasonable interpretation of such Request.

4.      Viasat objects to these Requests to the extent they seek documents or information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, common interest privilege, or any other applicable privilege (collectively, "Privileged Information"). Such documents and information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such documents or information, or of any work product doctrine protections which may attach thereto.

5.      Consistent with the foregoing privileges, Viasat will not produce discovery from outside counsel retained in connection with this action in response to any Request notwithstanding

that such outside counsel may have acquired documents, knowledge, or information responsive to that Request in the course of representing Viasat.

6.      Viasat objects to these Requests to the extent their scope is not restricted to the time period relevant to the allegations in the action, or without reference to a reasonable and relevant time period, as overbroad, unduly burdensome, beyond the scope of the allegations in the action, not relevant to any claim or defense, and not proportional, material and necessary to the prosecution or defense of the action. Viasat's response to each Request incorporates a reasonable time period, taking into account the nature and scope of the Request.

7.      Viasat objects to these Requests to the extent they seek documents or information that is already in the possession, custody, or control of Plaintiffs or otherwise equally accessible to Plaintiffs, including documents and information available from public sources.

8.      Viasat objects to these Requests to the extent they seek documents or information not within Viasat's possession, custody, or control or purport to require Viasat to seek documents or information in the knowledge, possession, custody, or control of third parties. Viasat disclaims any obligation to obtain or produce documents or information that is not within its knowledge, possession, custody, or control. The voluntary production of documents or information that may otherwise fall within this objection shall not be deemed a waiver of this objection as to other information in the possession, custody, or control of third parties.

9.      Viasat objects to these Requests to the extent they seek confidential and/or proprietary business, financial, and/or technical information or trade secrets, the disclosure of which may damage Viasat's business, violate the privacy or proprietary rights of others including employees, clients, or business partners of Viasat, or breach any duty or regulatory requirement, or violate any agreement or order pursuant to which Viasat is precluded from disclosing such information. Any documents or information provided by Viasat in response to these Requests is being provided for purposes of this action only. Viasat reserves the right to withhold personal, private, or non-responsive documents or information. Viasat also objects to the use of any documents or information provided in this action in any other action or proceeding and/or in any

manner inconsistent with the Protective Order (Dkt. 90) entered in this action. For the avoidance of doubt, any discovery provided to Plaintiffs will be governed by the Protective Order.

10.    Viasat objects to these Requests to the extent they are cumulative and/or duplicative of other discovery requests and, therefore, unduly burdensome.

11.    Viasat objects to these Requests to the extent the documents and information sought therein could be obtained through other, less burdensome discovery, and are not, therefore, the proper subject of a Request for Production.

12.    Viasat objects to these Requests to the extent they assume facts that do not exist.

13.    Viasat objects to these Requests to the extent they call for a legal opinion or conclusion.

14.    Viasat objects to the Requests to the extent they are unduly burdensome and oppressive in that they would require a search for documents that are of little or no benefit with respect to the issues or controversies in these actions, so that the value of the documents would be outweighed by the burden of obtaining them. Viasat further objects to the Requests to the extent that they seek electronic documents and/or electronically stored information that is/are not reasonably accessible because of undue burden or cost. Viasat will undertake a search for documents that is reasonable under the circumstances.

15.    Viasat objects to these Requests to the extent they seek documents or information related to expert disclosure. Viasat will comply with obligations related to expert disclosure in accordance with the schedule agreed upon or to be agreed upon by the parties.

16.    Viasat objects to these Requests as premature to the extent they seek information ahead of the Court ordered deadlines in this case.

17.    Where Viasat agrees to produce documents responsive to these Requests, this agreement to produce is subject to agreement with Plaintiffs over appropriate search terms and custodians.

18.    These Objections shall apply to each of the Requests as if fully set forth therein.

## OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS

1.      Viasat objects to the definition of "Accused Products" to the extent it encompasses "media streaming and/or content delivery software, systems, and services ***such as residential*** and in-flight entertainment and/or ***communication systems***, ***including*** the Accused Instrumentalities identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023, Plaintiffs' Amended Infringement Contentions served on March 22, 2024, and any amendments thereto," as well as "any IFE and/or IFEC system (as defined below) made, used, sold, leased, and/or offered for sale or lease by Viasat, as well as the Viasat Content Delivery System." This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024. Viasat also objects to the definition of "Accused Products" to the extent that it includes "products identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023" because, as Viasat has previously expressed to Plaintiffs, Plaintiffs' Patent L.R. 3-1 infringement contentions are deficient in that, *inter alia*, they fail to sufficiently identify the products, software, or systems that Plaintiffs accuse of infringement. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "Accused Product" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

2.      Viasat objects to the definition of "IFE System" to the extent it encompasses "any in-flight entertainment system and ***any system that facilitates the playback of media on an aircraft***, and any related hardware, software, and/or services (***e.g., the provision of internet connectivity***, the provision of media content, and the provision of DRM services)." This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "IFE System" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to

the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

3. Viasat objects to the definition of "IFC System" to the extent it encompasses "any in-flight communication system and any system that facilitates communications on an aircraft, and any related hardware, software, and/or services" as well as "any in-flight communication system, software, or service related to facilitating communications within an aircraft, between aircraft, and/or between an aircraft and any ground-based component." "IFC System" was not disclosed as an Accused Product or Accused Instrumentality in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "IFC System" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

4. Viasat objects to the definition of "IFEC System" to the extent it encompasses "any product and/or service, or combination of products and/or services, that includes both an IFE system **and an IFC system**, whether sold or leased together or separately" as well as "any instances in which Viasat provides both an IFE system **and IFC system for use on the same aircraft.**" This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "IFE System" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

5. Viasat objects to the definition of "Playback Device" to the extent it encompasses "**any device that supports media playback** by any Viasat IFE system" and to the extent it "includes **but is not limited to** 'seatback' devices, 'semi-embedded' devices, and passenger devices, as

described in VIASAT_00006471–6537 at -6477." This definition is generally overbroad, vague, ambiguous, unduly burdensome, disproportionate to the needs of the action, unintelligible, and lacks particularity thereby requiring Viasat to engage in conjecture as to the meaning of "Playback Device." Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "Playback Device" to refer only to seatback devices, semi-embedded devices, and passenger devices, as described in VIASAT_00006471–6537 at -6477.

6.    Viasat objects to the definition of "Media Streaming" as overbroad, unduly burdensome, vague, and ambiguous to the extent it encompasses "***delivery of media*** through a network for rendering of that media on a Playback Device."

7.    Viasat objects to the definition of "Viasat," "Defendant," "You," or "Your" to the extent it encompasses persons and entities other than Viasat, Inc. and is overbroad, vague, and ambiguous with respect to "subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its . . . officers, directors, representatives, consultants, accountants, and attorneys." Unless otherwise stated in response to a specific Request for Production, Viasat construes the terms "Viasat," "Defendant," "You," or "Your" to encompass only Viasat, Inc. and its employees and agents.

## RESPONSES TO REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 75:**

Documents sufficient to show (i) the total volume of data traffic transmitted or received by Viasat's IFC systems, and (ii) the volume of data traffic transmitted or received by Viasat's IFC systems that relate to Media Streaming by the Accused Products, broken down by customer on a quarter-by-quarter basis.

**RESPONSE TO DOCUMENT REQUEST NO. 75:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "volume of data traffic," "IFC systems," "Media Streaming," and "Accused Products." Viasat further objects to this Request

to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat also objects to this Request as duplicative of Plaintiffs' Interrogatory No. 16.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents and information sufficient to show the total volume of data transmitted or received by the accused uses of the Accused Products[1] to the extent such documents are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 76:**

Documents sufficient to show (i) the total volume of data traffic transmitted or received by Viasat's residential customers, and (ii) the volume of data traffic transmitted or received by Viasat's residential customers that relate to Media Streaming by the Accused Products, broken down on a quarter-by-quarter basis.

**RESPONSE TO DOCUMENT REQUEST NO. 76:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds that seeks information that is not relevant to the claims or defense of any party and is not proportional to the needs of the case where it seeks information concerning products that are not Accused Products. Viasat further objects to this

---

[1]    As noted in Viasat's objections to Plaintiffs' definitions, above, any agreement to produce documents concerning "Accused Products," is limited to only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "volume of data traffic," "residential customers," "Media Streaming," and "Accused Products." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat also objects to this Request as duplicative of Plaintiffs' Interrogatory No. 17.

Subject to and without waiving the foregoing objections, and solely for the purpose of avoiding further dispute as set forth in Viasat's correspondence to Plaintiffs, including in an email dated December 6, 2024, Viasat will produce non-privileged and responsive documents sufficient to show the total volume of data transmitted or received using residential VCDS systems to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 77:**

Documents sufficient to show the (i) total volume of data traffic transmitted or received by Viasat's IFE systems to Playback Devices, and (ii) total volume of data traffic stored on a VCDS Edge Cache and transmitted or received by Viasat's IFE systems to Playback Devices, broken down by customer and Playback Device type on a quarter-by-quarter basis.

**RESPONSE TO DOCUMENT REQUEST NO. 77:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "volume of data traffic," "IFE systems," and "Playback Devices."  Viasat further objects to this Request on the grounds that seeks information that is not relevant to the claims or defense of any party and is not proportional

to the needs of the case, including to the extent that it seeks data "broken down by customer," "broken down by … Playback Device," and on a "quarter-by-quarter" basis. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat also objects to this Request as duplicative of Plaintiffs' Interrogatory No. 18.

Subject to and without waiving the foregoing objections, Viasat responds as follows: Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the relevance and scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 78:**

Documents sufficient to show the (i) total volume of data traffic transmitted or received by Viasat's IFE systems to Playback Devices, and (ii) total volume of data traffic that relates to media protected using a digital rights management system and transmitted or received by Viasat's IFE systems to Playback Devices, broken down by customer and Playback Device type on a quarter-by-quarter basis.

**RESPONSE TO DOCUMENT REQUEST NO. 78:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "volume of data traffic," "IFE systems," and "digital rights management system." Viasat further objects to this Request on the grounds that seeks information that is not relevant to the claims or defense of any party and is not proportional to the needs of the case, including to the extent that it seeks data "broken down by customer," "broken down by…Playback Deviece," and on a "quarter-by-quarter" basis. Viasat

further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat also objects to this Request as duplicative of Plaintiffs' Interrogatory No. 19.

Subject to and without waiving the foregoing objections, Viasat responds as follows: Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the relevance and scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 79:**

Documents sufficient to show usage statistics related to using an Accused Product for Media Streaming requiring any type of user authentication, account verification, identify verification, or password, such as and including Apple Music and Disney+.

**RESPONSE TO DOCUMENT REQUEST NO. 79:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "usage statistics," "Accused Product," "Media Streaming," and "user authentication, account verification, identify verification, or password." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show usage data concerning use of Accused Products for Media Streaming requiring authentication or account verification to the extent such documents and

information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 80:**

All documents, logs, or analytics tracking the volume of bandwidth saved, traffic shifted, or latency reduced using VCDS Edge Caches and/or multicast capabilities. *See e.g.*, VIASAT_00003234 at 237-238.

**RESPONSE TO DOCUMENT REQUEST NO. 80:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "documents, logs, or analytics," "bandwidth saved," "traffic shifted," "latency reduced," and "multicast capabilities." Viasat further objects to this Request on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case to the extent that it seeks "[a]ll" "documents, logs, or analytics." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show tracking analytics to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 81:**

All Documents related to any capital investments to improve Viasat's capabilities to stream media, including for example, by launching new satellites.

**RESPONSE TO DOCUMENT REQUEST NO. 81:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "related to," "capital investments," "improve … capabilities" and "stream media." Viasat further objects to this Request on the grounds that seeks information that is not relevant to the claims or defense of any party and is not proportional to the needs of the case, including to the extent that it seeks "[a]ll Documents" "related to" "any capital investments." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the relevance and scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 82:**

All documents related to opportunity costs associated with offering Media Streaming services using Viasat's satellite communications network as compared with offering other services using Viasat's satellite communications network.

**RESPONSE TO DOCUMENT REQUEST NO. 82:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

and ambiguous, including without limitation through its use of the phrases "related to," "opportunity costs," "associated with," "Media Streaming," "satellite communications networks," and "other services." Viasat further objects to this Request on the grounds that seeks information that is not relevant to the claims or defense of any party and is not proportional to the needs of the case, including to the extent that it seeks "[a]ll documents" "related to" "opportunity costs." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the relevance and scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 83:**

Documents sufficient to show the date of first use of the Accused Instrumentalities in the Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 83:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "first use," "Accused Instrumentalities," and "Accused Products." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat also objects to this Request as duplicative of Plaintiffs' Interrogatory No. 20.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents and sufficient to show the first use of the Accused Products to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 84:**

Documents sufficient to show schedules for deployment and/or customer rollout of the Accused Products and Accused Instrumentalities.

**RESPONSE TO DOCUMENT REQUEST NO. 84:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "schedules for deployment," "customer rollout," "Accused Products.," and "Accused Instrumentalities." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show the rollout schedule for Accused Products to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 85:**

Documents sufficient to show any advertising or promotion revenue earned by You or Your customers related to the Accused Products, broken down by customer on a quarter-by-quarter basis. *See e.g.*, VIASAT_00015156 at 228 to 233 (agreement related to Viasat Engage Managed Services).

**RESPONSE TO DOCUMENT REQUEST NO. 85:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "advertising or promotion revenue," "related to," and "Accused Products." Viasat further objects to this Request on the grounds that seeks information that is not relevant to the claims or defense of any party and is not proportional to the needs of the case, including to the extent that it seeks information "broken down by customer," and on a "quarter-by-quarter" basis. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show advertising or promotion revenue earned by Viasat in connection with the accused uses of the Accused Products to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 86:**

All communications between you and JWP, Inc. ("JWP" d/b/a JW Player) and/or JWP's counsel regarding this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 86:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. ViaViasat further objects to this Request on the grounds it is overbroad, unduly burdensome, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including to the extent it seeks "[a]ll communications." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Requests to the extent it seeks Privileged Information.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive communications with JWP to the extent such documents are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 87:**

Documents sufficient to show the functionality of JWP's digital rights management ("DRM") system in the Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 87:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "functionality," "digital rights management ("DRM") system," and "Accused Products." Viasat further objects to this Request on the grounds it is not relevant to the claims or defenses in this action and not proportional to the needs of the case. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat objects to this request to the extent it seeks

confidential and protected information of third parties, the disclosure of which is restricted. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Requests to the extent it seeks Privileged Information.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show functionality of JWP's DRM system in the Accused Productsto the extent such documents are within Viasat's possession, custody, or control and can be located following a reasonable search; to the extent that Viasat is permitted to disclose the requested documents; and to the extent that any such documents have not been produced by JWP in response to Plaintiffs' subpoena to JWP.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 88:**

All agreements between You and Vualto Ltd., or between You and JWP.

**RESPONSE TO DOCUMENT REQUEST NO. 88:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including to the extent it seeks "[a]ll" agreements. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Requests to the extent it seeks Privileged Information.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged final, executed agreements in Viasat's possession, custody, or control concerning the accused uses of the Accused Products, to the extent such agreements exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 89:**

All documents related to the negotiation of any agreement between You and Vualto Ltd., or between You and JWP.

**RESPONSE TO DOCUMENT REQUEST NO. 89:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including to the extent it seeks "[a]ll" documents "related to" "negotiation" of "any" agreement. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.  Viasat further objects to this Requests to the extent it seeks Privileged Information.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged final, executed agreements in Viasat's possession, custody, or control concerning the accused uses of the Accused Products, to the extent such agreements exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 90:**

Documents sufficient to show the value of Viasat's Media Streaming and/or in-flight connectivity businesses, including any documents, offers, inquiries, valuations, or analyses related to any prospective acquisition of Viasat's Media Streaming and/or in-flight connectivity businesses. *See* Q2 2025 Viasat Inc Earnings Call ("Q. Can you perhaps comment on if you've gotten external strategic or financial interest in some of these assets? . . . A. Okay. So one is it's actually not unusual

1 for us to get inquiries all the time on a number of our assets. So that part is not unusual. . . . And one

2 of the things that we are assessing is working on what the valuation is for them.").

3 **RESPONSE TO DOCUMENT REQUEST NO. 90:**

4      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

5 Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

6 and ambiguous, including without limitation through its use of the phrases "value," "Media

7 Streaming and/or in-flight connectivity businesses," and "any documents, offers, inquiries,

8 valuations, or analyses related to any prospective acquisition." Viasat further objects to this Request

9 on the grounds it is not relevant to the claims or defenses in this action and not proportional to the

10 needs of the case.  Viasat further objects to this Request to the extent it seeks information that is not

11 in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its

12 scope is not limited in time or the time period is vague and ambiguous.

13

14      Subject to and without waiving the foregoing objections, Viasat will produce any non-

15 privileged and responsive documents and information to the extent that Viasat understands this

16 request; to the extent such documents and information are within its possession, custody, or control;

17 and to the extent such documents exist and can be located following a reasonable search.

18

19      Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

20 supplement its objections and/or responses as its investigation continues.

21 **DOCUMENT REQUEST NO. 91:**

22      All technical Documents related to APIs provided by You to Your customers to enable

23 Media Streaming. *See e.g.*, VIASAT_00015862 at 928 (Viasat to "provide the necessary APIs to

24 enable . . . the Stored Content Streaming Services . . . [and] the IPTV Service.").

25 **RESPONSE TO DOCUMENT REQUEST NO. 91:**

26

27      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

28 Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

and ambiguous, including without limitation through its use of the phrases "APIs provided to you" and "enable Media Streaming." Viasat further objects to this Request on the grounds it is not relevant to the claims or defenses in this action and not proportional to the needs of the case including to the extent it seeks "[a]ll" technical Documents "related to" APIs.  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive APIs that Viasat provides to its customers to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 92:**

Documents sufficient to show any revenues earned by You or Your customers related to media services enabled using Your APIs. *Id.*

**RESPONSE TO DOCUMENT REQUEST NO. 92:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "revenues earned," "related to media services," "enabled," and "using Your APIs." Viasat further objects to this Request on the grounds it is not relevant to the claims or defenses in this action and not proportional to the needs of the case.  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control, including because it seeks information in the possession,

custody, or control of Viasat's customers.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the relevance and scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 93:**

All Documents related to any certifications that for the Accused Products related to compliance with standards provided by the Streaming Video Alliance, Inc.

**RESPONSE TO DOCUMENT REQUEST NO. 93:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "certifications," "Accused Products," and "compliance with standards." Viasat further objects to this Request as vague and ambiguous with respect to "Streaming Video Alliance, Inc." Viasat further objects to this Request on the grounds it is not relevant to the claims or defenses in this action and not proportional to the needs of the case.  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce any non-privileged and responsive documents sufficient to show whether any Accused Product is certified to comply with standards provided by the Streaming Video Technology Alliance, to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 94:**

Documents sufficient to show Your status as a member of the Streaming Video Alliance.

**RESPONSE TO DOCUMENT REQUEST NO. 94:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Viasat further objects to this Request as vague and ambiguous with respect to "Streaming Video Alliance, Inc." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show Viasat's status as a member of the Streaming Video Technology Alliance to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

DATED: January 6, 2025                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _/s/ Patrick D. Curran_
      Patrick D. Curran

*Attorneys for Defendant Viasat, Inc.*

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on January 6, 2025, a copy of the foregoing document was served on

3   the following counsel for Plaintiff via email:

4                   L. Kieran Kieckhefer:       kkieckhefer@gibsondunn.com

5                   Ahmed ElDessouki:          aeldessouki@gibsondunn.com

6                   Lillian J. Mao:             lmao@gibsondunn.com

7

8   DATED:  January 6, 2025                By  */s/ Tzivya H. Beck*

9                                             Tzivya H. Beck

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28