# EXHIBIT D

QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Steven Cherny (*pro hac forthcoming*)
 stevencherny@quinnemanuel.com
 Patrick Curran (Bar No. 241630)
 patrickcurran@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:     (617) 712-7100
Facsimile:     (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Jodie Cheng (Bar No. 292330)
 jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA,
### OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD., | Case No. 5:22-cv-4376-HSG |
| Plaintiff, | **VIASAT, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)** |
| vs. | |
| VIASAT, INC.,, | |
| Defendant. | |

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Viasat, Inc.

("Viasat") hereby responds to Plaintiffs' First Set of Requests for Production (Nos. 1-46) as follows.

Pursuant to Federal Rule of Civil Procedure 26(e), Viasat reserves the right to supplement its

responses to these Interrogatories if it learns of additional responsive information.

11.     Viasat objects to these Requests to the extent the documents and information sought therein could be obtained through other, less burdensome discovery, and are not, therefore, the proper subject of a Request for Production.

12.     Viasat objects to these Requests to the extent they assume facts that do not exist.

13.     Viasat objects to these Requests to the extent they call for a legal opinion or conclusion.

14.     Viasat objects to the Requests to the extent they are unduly burdensome and oppressive in that they would require a search for documents that are of little or no benefit with respect to the issues or controversies in these actions, so that the value of the documents would be outweighed by the burden of obtaining them.  Viasat further objects to the Requests to the extent that they seek electronic documents and/or electronically stored information that is/are not reasonably accessible because of undue burden or cost.  Viasat will undertake a search for documents that is reasonable under the circumstances.

15.     Viasat objects to these Requests to the extent they seek documents or information related to expert disclosure.  Viasat will comply with obligations related to expert disclosure in accordance with the schedule agreed upon or to be agreed upon by the parties.

16.     Viasat objects to these Requests as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

17.     Where Viasat agrees to produce documents responsive to these Requests, this agreement to produce is subject to agreement with Plaintiffs over appropriate search terms and custodians.

18.     These Objections shall apply to each of the Requests as if fully set forth therein.

**OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS**

1.     Viasat objects to the definition of "Accused Products" to the extent it encompasses "media streaming software, systems, and services *such as* in-flight entertainment and communication ("IFEC") systems for use in commercial and private aviation, *including* products identified in Plaintiffs' Complaint and any amendments thereto, and products identified in Plaintiffs'

Patent L.R. 3-1 infringement contentions served on February 23, 2023, and any amendments thereto," as well as "Viasat products, services, and components referred to or described in "Viasat in-flight connectivity solutions" (WD-Viasat-NDCA00000181) and "Wireless IFE Datasheet" (WD-Viasat-NDCA00000204)." Viasat also objects to the definition of "Accused Products" to the extent that it includes "products identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023" because, as Viasat has previously expressed to Plaintiffs, Plaintiffs' Patent L.R. 3-1 infringement contentions are deficient in that, *inter alia*, they fail to sufficiently identify the products, software, or systems that Plaintiffs accuse of infringement. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "Accused Product" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

2.     Viasat objects to the definition of "Viasat," "Defendant," "You," or "Your" to the extent it encompasses persons and entities other than Viasat Inc. and is overbroad, vague, and ambiguous with respect to "subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its . . . officers, directors, representatives, consultants, accountants, and attorneys." Unless otherwise stated in response to a specific Request for Production, Viasat construes the terms "Viasat," "Defendant," "You," or "Your" to encompass only Viasat Inc. and its employees and agents.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

All Documents relating to the design, development, functionality, or testing of any Accused Product that is presently sold or has been sold since July 2016, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, and source code.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify all purchasers and customers of the Accused Products since July 2016, whether directly or through a third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request as premature, including

1   because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement

2   contentions served on February 23, 2023 are deficient.

3          Subject to and without waiving the foregoing General and Specific Objections, Viasat has

4   produced documents responsive to this Request.   Viasat will also produce any additional

5   nonprivileged and responsive documents and information to the extent such documents and

6   information are within its possession, custody, or control, and to the extent such documents exist

7   and can be located following a reasonable search..

8          Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

9   supplement its objections and/or responses as its investigation continues.

10  **REQUEST FOR PRODUCTION NO. 3:**

11  Documents sufficient to show all services, including but not limited to consultation,

12  installation, configuration, and technical support, that Viasat offers, provides, or sells to purchasers

13  or users of the Accused Products, or has offered, provided, or sold since July 2016.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

15         Viasat incorporates by reference its General Objections.  Viasat further objects to this

16  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

17  without limitation through its use of the term "Accused Products," which as noted above, is not

18  clearly defined.  Viasat further objects to this Request to the extent it seeks information that is not

19  relevant to any claim or defense currently in this case and not proportional to the needs of the case.

20  Viasat further objects to this Request to the extent it seeks documents and things subject to

21  confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is

22  required to protect or maintain the confidentiality of any such documents and things.  Viasat further

23  objects to this Request to the extent it seeks information that is not in Viasat's possession, custody,

24  or control.  Viasat further objects to this Request as premature, including because the Court has not

25  yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on

26  February 23, 2023 are deficient.

27         Subject to and without waiving the foregoing General and Specific Objections, Viasat has

28  produced documents responsive to this Request.   Viasat will also produce any additional

1  nonprivileged documents sufficient to show consultation, installation, configuration, and technical
2  support services related to the Accused Products that Viasat offers, provides, or sells to purchasers
3  or users of the Accused Products, to the extent such documents are within its possession, custody,
4  or control, and to the extent such documents exist and can be located following a reasonable search.

5    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or
6  supplement its objections and/or responses as its investigation continues.

7  **REQUEST FOR PRODUCTION NO. 4:**

8    For each of the Asserted Patents, all Documents relating to Viasat's first knowledge of the
9  Asserted Patent, including Documents showing the date, circumstances and persons involved or
10  with knowledge thereof, identifying all Persons at Viasat who were informed of the patent, and
11  identifying all actions taken by Viasat as a result of becoming aware of the Asserted Patents,
12  including any comparisons made to the Accused Products.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

14    Viasat incorporates by reference its General Objections.  Viasat further objects to this
15  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including
16  without limitation through its use of the term "Accused Products," which as noted above, is not
17  clearly defined.  Viasat further objects to this Requests to the extent it seeks Privileged Information.
18  Viasat further objects to this Request to the extent it seeks documents and things subject to
19  confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is
20  required to protect or maintain the confidentiality of any such documents and things.  Viasat further
21  objects to this Request as premature, including because the Court has not yet set a schedule in this
22  case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are
23  deficient.

24    Subject to and without waiving the foregoing General and Specific Objections, Viasat will
25  produce nonprivileged documents and information responsive to this request to the extent such
26  documents and information are within its possession, custody, or control, and to the extent such
27  documents exist and can be located following a reasonable search.

28

OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

1    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

2    supplement its objections and/or responses as its investigation continues.

3    **REQUEST FOR PRODUCTION NO. 5:**

4    Documents sufficient to identify each Accused Product, including components thereof, by

5    product name, model number, marketing names, code names, and any other identifying name or

6    code, that is made, used, offered for sale, or sold in the United States, or imported into the United

7    States, since July 2016.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

9    Viasat incorporates by reference its General Objections.  Viasat further objects to this

10   Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

11   without limitation through its use of the term "Accused Product," which as noted above, is not

12   clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things

13   subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

14   Viasat is required to protect or maintain the confidentiality of any such documents and things.

15   Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

16   possession, custody, or control.  Viasat further objects to this Request as premature, including

17   because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement

18   contentions served on February 23, 2023 are deficient.

19   Subject to and without waiving the foregoing General and Specific Objections, Viasat has

20   produced documents responsive to this Request.  Viasat will also produce any additional

21   nonprivileged documents and information responsive to this request to the extent such documents

22   and information are within its possession, custody, or control, and to the extent such documents

23   exist and can be located following a reasonable search.

24   Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

25   supplement its objections and/or responses as its investigation continues.

26

27

28

OBJECTIONS & RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

1  **REQUEST FOR PRODUCTION NO. 6:**

2       All Documents relating to any advantages or disadvantages of any feature or functionality

3  accused of infringement, including documents relating to any features that drive consumer demand

4  for any Accused Product.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

6       Viasat incorporates by reference its General Objections.  Viasat further objects to this

7  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

8  without limitation through its use of the term "Accused Product," which as noted above, is not

9  clearly defined.  Viasat further objects to this Request as premature, including because the Court

10  has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served

11  on February 23, 2023 are deficient.

12       Subject to and without waiving the foregoing General and Specific Objections, Viasat has

13  produced documents responsive to this Request.  Viasat will also produce any additional

14  nonprivileged documents and information responsive to this request to the extent such documents

15  and information are within its possession, custody, or control, and to the extent such documents

16  exist and can be located following a reasonable search.

17       Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

18  supplement its objections and/or responses as its investigation continues.

19  **REQUEST FOR PRODUCTION NO. 7:**

20       For each version of each Accused Product that is presently sold or has been sold since July

21  2016, all Documents relating to market studies, reports, or analyses concerning product design,

22  competition, consumer or consultant feedback received in any form, including surveys, advertising

23  campaigns, promotional or sales training materials, market segments, market share, or market

24  revenue (actual or predicted).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

26       Viasat incorporates by reference its General Objections.  Viasat further objects to this

27  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

28  without limitation through its use of the term "Accused Product," which as noted above, is not

clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request.  Viasat will also produce any additional nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 8:**

Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved at any time in the design, development, operation, manufacture, testing, marketing, or sale of any Accused Product that is presently sold or has been sold since July 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request as premature, including because the Court has not yet set a

1   schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February

2   23, 2023 are deficient.

3        Subject to and without waiving the foregoing General and Specific Objections, Viasat will

4   produce nonprivileged documents and information responsive to this request to the extent such

5   documents and information are within its possession, custody, or control, and to the extent such

6   documents exist and can be located following a reasonable search.

7        Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

8   supplement its objections and/or responses as its investigation continues.

9   **REQUEST FOR PRODUCTION NO. 9:**

10       All Documents relating to the decision to develop any Accused Product, including

11  documents relating to the potential market for each product, potential competitors, and third-party

12  patent rights.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

14       Viasat incorporates by reference its General Objections.  Viasat further objects to this

15  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

16  without limitation through its use of the term "Accused Product," which as noted above, is not

17  clearly defined.  Viasat further objects to this Requests to the extent it seeks Privileged Information.

18  Viasat objects to this Request to the extent it calls for a legal opinion or conclusion. Viasat further

19  objects to this Request to the extent it seeks documents and things subject to confidentiality

20  agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect

21  or maintain the confidentiality of any such documents and things.  Viasat further objects to this

22  Request as premature, including because the Court has not yet set a schedule in this case and

23  Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

24       Subject to and without waiving the foregoing General and Specific Objections, Viasat will

25  produce nonprivileged documents and information responsive to this request to the extent such

26  documents and information are within its possession, custody, or control, and to the extent such

27  documents exist and can be located following a reasonable search.

28

1    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

2    supplement its objections and/or responses as its investigation continues.

3    **REQUEST FOR PRODUCTION NO. 10:**

4    Documents sufficient to show any third party's involvement with the testing, manufacture,

5    design, or development of hardware or software for implementing, using, or supporting the Accused

6    Products and/or components thereof.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

8    Viasat incorporates by reference its General Objections.  Viasat further objects to this

9    Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

10   without limitation through its use of the term "Accused Products," which as noted above, is not

11   clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things

12   subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

13   Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat

14   further objects to this Request to the extent it seeks information that is not in Viasat's possession,

15   custody, or control.  Viasat further objects to this Request as premature, including because the Court

16   has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served

17   on February 23, 2023 are deficient.

18   Subject to and without waiving the foregoing General and Specific Objections, Viasat will

19   produce nonprivileged documents and information responsive to this request to the extent such

20   documents and information are within its possession, custody, or control, and to the extent such

21   documents exist and can be located following a reasonable search.

22   Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

23   supplement its objections and/or responses as its investigation continues.

24   **REQUEST FOR PRODUCTION NO. 11:**

25   All Documents relating to any application by Viasat to any private or governmental agency

26   for registration, certification, or approval of any aspect of any Accused Product, including aspects

27   relating to media storage or streaming.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined.  Viasat further objects to this Requests to the extent it seeks Privileged Information. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show all standards followed, embodied by, or used by the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

1    Subject to and without waiving the foregoing General and Specific Objections, Viasat will

2  produce nonprivileged documents and information responsive to this request to the extent such

3  documents and information are within its possession, custody, or control, and to the extent such

4  documents exist and can be located following a reasonable search.

5    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

6  supplement its objections and/or responses as its investigation continues.

7  **REQUEST FOR PRODUCTION NO. 13:**

8    All Documents relating to how Viasat instructs others on how to manufacture or use any

9  Accused Product, including any user manuals, articles, data sheets, or product specifications.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11    Viasat incorporates by reference its General Objections.  Viasat further objects to this

12  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

13  without limitation through its use of the term "Accused Product," which as noted above, is not

14  clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things

15  subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

16  Viasat is required to protect or maintain the confidentiality of any such documents and things.

17  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

18  possession, custody, or control.  Viasat further objects to this Request as premature, including

19  because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement

20  contentions served on February 23, 2023 are deficient.

21    Subject to and without waiving the foregoing General and Specific Objections, Viasat has

22  produced documents responsive to this Request.  Viasat will also produce any additional

23  nonprivileged and responsive documents and information to the extent such documents and

24  information are within its possession, custody, or control, and to the extent such documents exist

25  and can be located following a reasonable search.

26    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

27  supplement its objections and/or responses as its investigation continues.

28

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to the advertising or promotion of any Accused Product, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents relating to the market for the Accused Products, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show all of Viasat's implementations of, or efforts to implement, open caching or edge storage, whether for in-flight applications, home systems, or otherwise, including any products that implement open caching or edge storage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case.  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat is willing to meet and confer regarding this Request, including to attempt to reduce the burden and narrow the scope of this Request to information that is reasonably calculated to lead to the discovery of admissible evidence.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to any products that compete with any Accused Product, including any analyses of the strengths or weaknesses of those products compared to any Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent it seeks documents or information that are equally accessible to Plaintiffs, including documents and information available from public sources. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show, for each of the Accused Products and each service related to the Accused Products, separately on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient. Plaintiff further objects to this Request to the extent it is cumulative and duplicative of other Requests, including at least Request No. 2.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show the profitability of the Accused Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.  Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.  Plaintiff further objects to this Request to the extent it is cumulative and duplicative of other Requests, including at least Request No. 18.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request.  Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show Viasat's projected sales and revenues relating to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Viasat incorporates by reference its General Objections.  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Products," which as noted above, is not clearly defined.  Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which

1  Viasat is required to protect or maintain the confidentiality of any such documents and things.

2  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

3  is vague and ambiguous.  Viasat further objects to this Request as premature, including because the

4  Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions

5  served on February 23, 2023 are deficient.  Plaintiff further objects to this Request to the extent it is

6  cumulative and duplicative of other Requests, including at least Request Nos. 18 and 19.

7        Subject to and without waiving the foregoing General and Specific Objections, Viasat has

8  produced documents responsive to this Request.  Viasat will also produce any additional

9  nonprivileged and responsive documents and information to the extent such documents and

10  information are within its possession, custody, or control, and to the extent such documents exist

11  and can be located following a reasonable search.

12        Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

13  supplement its objections and/or responses as its investigation continues.

14  **REQUEST FOR PRODUCTION NO. 21:**

15        All Documents relating to any license, settlement, or other agreement entered, offered to or

16  by, or accepted by Viasat relating to any Accused Product.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

18        Viasat incorporates by reference its General Objections.  Viasat further objects to this

19  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

20  without limitation through its use of the term "Accused Product," which as noted above, is not

21  clearly defined.  Viasat further objects to this Requests to the extent it seeks Privileged Information.

22  Viasat objects to this Request to the extent it calls for a legal opinion or conclusion. Viasat further

23  objects to this Request to the extent it seeks documents and things subject to confidentiality

24  agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect

25  or maintain the confidentiality of any such documents and things.  Viasat further objects to this

26  Request to the extent it seeks information that is not in Viasat's possession, custody, or control.

27  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

28  is vague and ambiguous.  Viasat further objects to this Request as premature, including because the

1  Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions

2  served on February 23, 2023 are deficient.

3         Subject to and without waiving the foregoing General and Specific Objections, Viasat will

4  produce nonprivileged documents and information responsive to this request to the extent such

5  documents and information are within its possession, custody, or control, and to the extent such

6  documents exist and can be located following a reasonable search.

7         Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

8  supplement its objections and/or responses as its investigation continues.

9  **REQUEST FOR PRODUCTION NO. 22:**

10         All Documents relating to any patent infringement indemnification provisions or agreements

11  between Viasat and any other person relating to any Accused Product, including Communications

12  between Viasat and such other person relating to such indemnification provisions or agreements.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

14         Viasat incorporates by reference its General Objections.  Viasat further objects to this

15  Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including

16  without limitation through its use of the term "Accused Product," which as noted above, is not

17  clearly defined.  Viasat further objects to this Requests to the extent it seeks Privileged Information.

18  Viasat objects to this Request to the extent it calls for a legal opinion or conclusion. Viasat further

19  objects to this Request to the extent it seeks documents and things subject to confidentiality

20  agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect

21  or maintain the confidentiality of any such documents and things.  Viasat further objects to this

22  Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

23  Viasat further objects to this Request as premature, including because the Court has not yet set a

24  schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February

25  23, 2023 are deficient.

26         Subject to and without waiving the foregoing General and Specific Objections, and in

27  accordance with any third-party confidentiality obligations and/or other applicable protections,

28  Viasat will  produce nonprivileged documents and information responsive to this request to the

1    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

2    supplement its objections and/or responses as its investigation continues.

3    **REQUEST FOR PRODUCTION NO. 30:**

4    All Documents relating to any contention by Viasat that any claim of any Asserted Patent is

5    invalid pursuant to any provision of 35 U.S.C. §§ 101, 102, 103, or 112.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7    Viasat incorporates by reference its General Objections.  Viasat further objects to this

8    Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

9    it calls for a legal opinion or conclusion.  Viasat objects to this Request to the extent it seeks

10    documents or information related to expert disclosure.  Viasat further objects to this Request as

11    premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent

12    L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

13    Subject to and without waiving the foregoing General and Specific Objections, Viasat has

14    produced documents responsive to this Request.  Viasat will also produce any additional

15    nonprivileged and responsive documents and information to the extent such documents and

16    information are within its possession, custody, or control, and to the extent such documents exist

17    and can be located following a reasonable search.

18    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

19    supplement its objections and/or responses as its investigation continues.

20    **REQUEST FOR PRODUCTION NO. 31:**

21    All Documents relating to any contention, affirmative defense, or counterclaim by Viasat

22    that any Accused Product does not infringe, either literally or under the doctrine of equivalents, any

23    claim of any Asserted Patent.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

25    Viasat incorporates by reference its General Objections.  Viasat further objects to this

26    Requests to the extent it seeks Privileged Information.  Viasat objects to this Request to the extent

27    it calls for a legal opinion or conclusion.  Viasat objects to this Request to the extent it seeks

28    documents or information related to expert disclosure.  Viasat further objects to this Request as

premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to any contention by Viasat that any Asserted Patent is unenforceable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Requests to the extent it seeks Privileged Information. Viasat objects to this Request to the extent it calls for a legal opinion or conclusion. Viasat objects to this Request to the extent it seeks documents or information related to expert disclosure. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

Subject to and without waiving the foregoing General and Specific Objections, Viasat will produce nonprivileged documents and information responsive to this request to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents relating to each operational version of each Accused Product, including the Source Code therefor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Viasat incorporates by reference its General Objections. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the term "Accused Product," which as noted above, is not clearly defined. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request as premature, including because the Court has not yet set a schedule in this case and Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023 are deficient. Plaintiff further objects to this Request to the extent it is cumulative and duplicative of other Requests, including at least Request No. 18.

Subject to and without waiving the foregoing General and Specific Objections, Viasat has produced and/or made available documents responsive to this Request, including Source Code. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

1

2   DATED:  December 8, 2023          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
3

4

5                                     By:_____/s/ Jodie Cheng_____
                                         Jodie Cheng
6                                        Attorney for *Defendant Viasat Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on December 8, 2023, I caused a copy of the foregoing document to be

3

served on the following counsel for Plaintiffs via email:

4

               L. Kieran Kieckhefer:     KKieckhefer@gibsondunn.com

5

               Ahmed ElDessouki:     aeldessouki@gibsondunn.com

6

               Lillian J. Mao:           LMao@gibsondunn.com

7

8

9

                                       */s/ Nicola R. Felice*

10

                                         Nicola R. Felice
                                         Counsel for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
        Steven Cherny (*pro hac forthcoming*)
2       stevencherny@quinnemanuel.com
        Patrick Curran (Bar No. 241630)
3       patrickcurran@quinnemanuel.com
    111 Huntington Ave, Suite 520
4   Boston, MA 02199
    Telephone:    (617) 712-7100
5   Facsimile:    (617) 712-7200

6   QUINN EMANUEL URQUHART & SULLIVAN, LLP
        Jodie Cheng (Bar No. 292330)
7       jodiecheng@quinnemanuel.com
    50 California Street, 22nd Floor
8   San Francisco, CA 94111
    Telephone:    (415) 875-6600
9   Facsimile:    (415) 875-6700

10  *Attorneys for Defendant Viasat, Inc.*

11

12                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA,
13                        OAKLAND DIVISION

14

15  WESTERN DIGITAL TECHNOLOGIES, INC.,        Case No. 5:22-cv-4376-HSG
    WESTERN DIGITAL IRELAND LTD.,
16  SANDISK 3D IP HOLDINGS LTD.,
    SANDISK TECHNOLOGIES LLC,
17  SANDISK STORAGE MALAYSIA SDN. BHD.,        **VIASAT, INC.'S OBJECTIONS &
                                               RESPONSES TO PLAINTIFFS'
18                 Plaintiff,                   SECOND SET OF REQUESTS FOR
                                               PRODUCTION**
19          vs.                                **(NOS. 47-74)**

20  VIASAT, INC.,

21                 Defendant.

22

23          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Viasat, Inc.

24  ("Viasat") hereby responds to Plaintiffs' Second Set of Requests for Production (Nos. 47-74) as

25  follows.  Pursuant to Federal Rule of Civil Procedure 26(e), Viasat reserves the right to supplement

26  its responses to these Requests if it learns of additional responsive information.

27

28

11.    Viasat objects to these Requests to the extent the documents and information sought therein could be obtained through other, less burdensome discovery, and are not, therefore, the proper subject of a Request for Production.

12.    Viasat objects to these Requests to the extent they assume facts that do not exist.

13.    Viasat objects to these Requests to the extent they call for a legal opinion or conclusion.

14.    Viasat objects to the Requests to the extent they are unduly burdensome and oppressive in that they would require a search for documents that are of little or no benefit with respect to the issues or controversies in these actions, so that the value of the documents would be outweighed by the burden of obtaining them.  Viasat further objects to the Requests to the extent that they seek electronic documents and/or electronically stored information that is/are not reasonably accessible because of undue burden or cost.  Viasat will undertake a search for documents that is reasonable under the circumstances.

15.    Viasat objects to these Requests to the extent they seek documents or information related to expert disclosure.  Viasat will comply with obligations related to expert disclosure in accordance with the schedule agreed upon or to be agreed upon by the parties.

16.    Viasat objects to these Requests as premature to the extent they seek information ahead of the Court ordered deadlines in this case.

17.    Where Viasat agrees to produce documents responsive to these Requests, this agreement to produce is subject to agreement with Plaintiffs over appropriate search terms and custodians.

18.    These Objections shall apply to each of the Requests as if fully set forth therein.

## OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS

1.    Viasat objects to the definition of "Accused Products" to the extent it encompasses "media streaming and/or content delivery software, systems, and services *such as residential* and in-flight entertainment and/or *communication systems*, *including* the Accused Instrumentalities identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023, Plaintiffs' Amended Infringement Contentions served on March 22, 2024, and any amendments

thereto," as well as "and IFE and/or IFEC system (as defined below) made, used, sold, leased, and/or offered for sale or lease by Viasat, as well as the Viasat Content Delivery System."  This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024.  Viasat also objects to the definition of "Accused Products" to the extent that it includes "products identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023" because, as Viasat has previously expressed to Plaintiffs, Plaintiffs' Patent L.R. 3-1 infringement contentions are deficient in that, *inter alia*, they fail to sufficiently identify the products, software, or systems that Plaintiffs accuse of infringement.  Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "Accused Product" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

    2.    Viasat objects to the definition of "IFE System" to the extent it encompasses "***any system that facilitates the playback of media on an aircraft***, and any related hardware, software, and/or services (***e.g., the provision of internet connectivity***, the provision of media content, and the provision of DRM services)."  This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024.  Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "IFE System" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

    3.    Viasat objects to the definition of "IFC System" to the extent it encompasses "any in-flight communication system and any system that facilitates communications on an aircraft, and any related hardware, software, and/or services" as well as "any in-flight communication system, software, or service related to facilitating communications within an aircraft, between aircraft, and/or between an aircraft and any ground-based component."  "IFC System" was not disclosed as

1  documents and information to the extent such documents and information are within its possession,

2  custody, or control, and to the extent such documents exist and can be located following a reasonable

3  search.

4      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

5  supplement its objections and/or responses as its investigation continues.

6  **REQUEST FOR PRODUCTION NO. 55:**

7      All documents related to Viasat's order backlog for any Accused Product and anticipated

8  potential future orders of the Accused Products. *See e.g.*, VIASAT_00016223 at 228, 230.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

10     Viasat incorporates by reference all of its General Objections as if fully set forth herein.

11  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

12  and ambiguous, including without limitation through its use of the phrase "Accused Products."

13  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

14  is vague and ambiguous.

15     Subject to and without waiving the foregoing objections, Viasat will produce any

16  nonprivileged and responsive documents and information to the extent such documents and

17  information are within its possession, custody, or control, and to the extent such documents exist

18  and can be located following a reasonable search.

19     Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

20  supplement its objections and/or responses as its investigation continues.

21  **REQUEST FOR PRODUCTION NO. 56:**

22     All agreements related to any Accused Product between Viasat and each of Viasat's

23  customers, including agreements related to the provision of services related to any Accused

24  Product.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

26     Viasat incorporates by reference all of its General Objections as if fully set forth herein.

27  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

28  and ambiguous, including without limitation through its use of the phrase "Accused Products."

1   Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

2   is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks documents and

3   things subject to confidentiality agreements, protective orders, or any other obligation pursuant to

4   which Viasat is required to protect or maintain the confidentiality of any such documents and things.

5          Subject to and without waiving the foregoing objections, Viasat has produced agreements

6   regarding the Accused Products.  Viasat will also produce any additional nonprivileged and

7   responsive agreements regarding the Accused Products between Viasat and Viasat's customers.

8          Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

9   supplement its objections and/or responses as its investigation continues.

10  **REQUEST FOR PRODUCTION NO. 57:**

11         All agreements between You and any content providers relating to the provision or

12  playback of media using any Accused Product.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

14         Viasat incorporates by reference all of its General Objections as if fully set forth herein.

15  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

16  and ambiguous, including without limitation through its use of the phrase "Accused Products."

17  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

18  is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks documents and

19  things subject to confidentiality agreements, protective orders, or any other obligation pursuant to

20  which Viasat is required to protect or maintain the confidentiality of any such documents and things.

21         Subject to and without waiving the foregoing objections, Viasat will produce any final,

22  executed, commercial agreements between Viasat and content providers that concern the provision

23  of media using the Accused Products to the extent such documents and information are within its

24  possession, custody, or control, and to the extent such documents exist and can be located following

25  a reasonable search.

26         Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

27  supplement its objections and/or responses as its investigation continues.

28

**REQUEST FOR PRODUCTION NO. 58:**

All invoices that You issued since July 1, 2016 related to any Viasat IFE and/or IFEC system, including any related services (*e.g.*, the provision of internet connectivity, the provision of media content, and the provision of DRM services).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "related to any Viasat IFE and/or IFEC system."

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 59:**

All customer relationship management ("CRM") data associated with the sale, license, lease, or attempted sale, license, or lease of any Accused Product or services related to any Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "Accused Products" and "[a]ll customer relationship management data." Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.

1    Subject to and without waiving the foregoing objections, Viasat will not produce documents

2  in response to this Request.  Viasat is willing to meet and confer regarding the scope of this Request.

3    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

4  supplement its objections and/or responses as its investigation continues.

5  **REQUEST FOR PRODUCTION NO. 60:**

6    Documents sufficient to show Viasat's costs, including capital and maintenance costs, in

7  providing bandwidth for media streaming over satellite for use by the Accused Products.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

9    Viasat incorporates by reference all of its General Objections as if fully set forth herein.

10  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

11  and ambiguous, including without limitation through its use of the phrase "Accused Products."

12  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

13  is vague and ambiguous.

14    Subject to and without waiving the foregoing objections, Viasat will produce any

15  nonprivileged and responsive documents and information to the extent such documents and

16  information are within its possession, custody, or control, and to the extent such documents exist

17  and can be located following a reasonable search.

18    Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

19  supplement its objections and/or responses as its investigation continues.

20  **REQUEST FOR PRODUCTION NO. 61:**

21    Documents sufficient to show the satellite bandwidth used by the Accused Products to

22  stream media to end-user devices and any bandwidth savings associated with the implementation

23  of the Viasat Content Delivery System. *See e.g.*, VIASAT_00003234.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

25    Viasat incorporates by reference all of its General Objections as if fully set forth herein.

26  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

27  and ambiguous, including without limitation through its use of the phrase "Accused Products."

28  Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

Case No. 5:22-cv-4376-HSG
OBJECTIONS & RESPONSES TO PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION

1   is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks information

2   that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the

3   extent it seeks documents and things subject to confidentiality agreements, protective orders, or any

4   other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of

5   any such documents and things.

6          Subject to and without waiving the foregoing objections, Viasat will produce any

7   nonprivileged and responsive documents and information to the extent such documents and

8   information are within its possession, custody, or control, and to the extent such documents exist

9   and can be located following a reasonable search.

10         Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

11  supplement its objections and/or responses as its investigation continues.

12  **REQUEST FOR PRODUCTION NO. 62:**

13         All documents relating to the performance of Accused Products.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

15         Viasat incorporates by reference all of its General Objections as if fully set forth herein.

16  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

17  and ambiguous, including without limitation through its use of the phrases "Accused Products" and

18  "performance."  Viasat further objects to this Request to the extent its scope it is not limited in time

19  or the time period is vague and ambiguous.  Viasat further objects to this Request to the extent it

20  seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to

21  this Request to the extent it seeks documents and things subject to confidentiality agreements,

22  protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain

23  the confidentiality of any such documents and things.

24         Subject to and without waiving the foregoing objections, Viasat will not produce documents

25  in response to this Request.  Viasat is willing to meet and confer regarding the scope of this Request.

26         Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

27  supplement its objections and/or responses as its investigation continues.

28

1    **REQUEST FOR PRODUCTION NO. 63:**

2         Documents sufficient to show the location of the manufacture and installation of each

3    hardware module of the Accused Products, including the Network Access Terminal, the Mobile

4    Broadband Router, the Mobile Application Server, the Wireless Access Points, and the Randome.

5    *See e.g.*, VIASAT_00008075 at 083; VIASAT_00006471 at 526.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

7         Viasat incorporates by reference all of its General Objections as if fully set forth herein.

8    Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

9    and ambiguous, including without limitation through its use of the phrase "Accused Products."

10   Viasat further objects to this Request to the extent its scope it is not limited in time or the time period

11   is vague and ambiguous.  Viasat further objects to this Request to the extent it seeks information

12   that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the

13   extent it seeks documents and things subject to confidentiality agreements, protective orders, or any

14   other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of

15   any such documents and things.

16        Subject to and without waiving the foregoing objections, Viasat has produced documents

17   responsive to this Request.  Viasat will also produce any additional nonprivileged and responsive

18   documents and information to the extent such documents and information are within its possession,

19   custody, or control, and to the extent such documents exist and can be located following a reasonable

20   search.

21        Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

22   supplement its objections and/or responses as its investigation continues.

23   **REQUEST FOR PRODUCTION NO. 64:**

24        Documents sufficient to show the installed location on a plane for each hardware module

25   of the Accused Products, including Network Access Terminal, the Mobile Broadband Router, the

26   Mobile Application Server, the Wireless Access Points, and the Randome.  *See e.g.*,

27   VIASAT_00008075 at 083; VIASAT_00006471 at 526.

28

OBJECTIONS & RESPONSES TO PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Accused Products." Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 65:**

Documents sufficient to show the location of ground servers used in connection with the Accused Products, including the VCDS servers (see VIASAT_00008420 at 424), the CMS (see VIASAT_00005782 at 798), and the IPTV Ground Segment (see VIASAT_00006471 at 513).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Accused Products." Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the

extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents and information to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 66:**

Documents and source code sufficient to show the "Authentication/Authorization" used in connection with IPTV offerings. *See e.g.*, VIASAT_00006471 at 513.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrase "Authentication/Authorization." Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat has produced documents responsive to this Request. Viasat will also produce any additional nonprivileged and responsive documents, information, and source code to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

1  **REQUEST FOR PRODUCTION NO. 67:**

2      Documents and source code sufficient to show all methods relating to the authentication or

3  authorization by an Accused Product of a Playback Device or other user device, including user

4  devices for use with Viasat's residential users.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

6      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

7  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

8  and ambiguous, including without limitation through its use of the phrases "Accused Product" and

9  "Playback Device."  Viasat further objects to this Request to the extent it seeks documents and

10 things subject to confidentiality agreements, protective orders, or any other obligation pursuant to

11 which Viasat is required to protect or maintain the confidentiality of any such documents and things.

12 Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

13 possession, custody, or control.  Viasat further objects to this Request to the extent its scope it is not

14 limited in time or the time period is vague and ambiguous.

15      Subject to and without waiving the foregoing objections, Viasat has produced documents

16 and source code responsive to this Request.  Viasat will also produce any additional nonprivileged

17 and responsive documents, information, and source code sufficient to show the authentication or

18 authorization by an Accused Product of a Playback Device or other user device on an aircraft to the

19 extent such documents and information are within its possession, custody, or control, and to the

20 extent such documents exist and can be located following a reasonable search.

21      Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

22 supplement its objections and/or responses as its investigation continues.

23 **REQUEST FOR PRODUCTION NO. 68:**

24      All technical and marketing documents related to Viasat's Open Stream platform. *See e.g.*,

25 VIASAT_00007559 at 574.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

27      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

28 Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

1   documents and information to the extent such documents and information are within its possession,

2   custody, or control, and to the extent such documents exist and can be located following a reasonable

3   search.

4          Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

5   supplement its objections and/or responses as its investigation continues.

6   **REQUEST FOR PRODUCTION NO. 70:**

7          All documents related to software development kits ("SDKs") and Application

8   Programming Interface ("APIs") for development of applications for passenger devices and

9   integrations between the Accused Products and Playback Devices. (*See e.g.*, VIASAT_00005782

10  at 927; VIASAT_00008258 at 273).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

12         Viasat incorporates by reference all of its General Objections as if fully set forth herein.

13  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

14  and ambiguous, including without limitation through its use of the phrases "Accused Products" and

15  "Playback Devices."  Viasat further objects to this Request to the extent it seeks documents and

16  things subject to confidentiality agreements, protective orders, or any other obligation pursuant to

17  which Viasat is required to protect or maintain the confidentiality of any such documents and things.

18  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's

19  possession, custody, or control.  Viasat further objects to this Request to the extent its scope it is not

20  limited in time or the time period is vague and ambiguous.

21         Subject to and without waiving the foregoing objections, Viasat has produced documents

22  responsive to this Request.  Viasat will also produce any additional nonprivileged and responsive

23  documents and information to the extent such documents and information are within its possession,

24  custody, or control, and to the extent such documents exist and can be located following a reasonable

25  search.

26         Viasat's investigation and discovery are ongoing.  Viasat reserves all rights to amend or

27  supplement its objections and/or responses as its investigation continues.

28

required to protect or maintain the confidentiality of any such documents and things. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 73:**

Documents sufficient to show the number of residential subscribers to Viasat's services that are connected to the Viasat Content Delivery System and the revenue to Viasat, or any of its subsidiaries, associated with sales or licenses or products and/or services provided to those subscribers, broken down by legal entity, quarter, and service/sale type. *See* VIASAT_00008738 at 745.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request to the extent its scope it is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Request to the extent it seeks documents and things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Viasat is required to protect or maintain the confidentiality of any such documents and things.

Subject to and without waiving the foregoing objections, Viasat will not produce documents in response to this Request. Viasat is willing to meet and confer regarding the scope of this Request.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**REQUEST FOR PRODUCTION NO. 74:**

Documents and source code sufficient to show any non-infringing alternatives You have attempted or considered for the Accused Products or will rely on in this case, and the performance of any such non-infringing alternative.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

3  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

4  and ambiguous, including without limitation through its use of the phrases "Accused Products" and

5  "performance." Viasat further objects to this Requests to the extent it seeks Privileged Information.

6  Viasat objects to this Request to the extent it seeks documents or information related to expert

7  disclosure.

8      Subject to and without waiving the foregoing objections, Viasat will produce nonprivileged

9  and responsive documents and information to the extent such documents and information are within

10 its possession, custody, or control, and to the extent such documents exist and can be located

11 following a reasonable search.

12     Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

13 supplement its objections and/or responses as its investigation continues.

14

15

16 DATED: November 1, 2024              QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
17

18

19                                 By: _____/s/ Nicola R. Felice_____
                                       Nicola R. Felice
20                                     Attorney for *Defendant Viasat Inc.*

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2
3       I hereby certify that on November 1, 2024, I caused a copy of the foregoing document to
be served on the following counsel for Plaintiffs via email:

4                   L. Kieran Kieckhefer:      KKieckhefer@gibsondunn.com

5                   Ahmed ElDessouki:      aeldessouki@gibsondunn.com

6                   Lillian J. Mao:          LMao@gibsondunn.com

7

8

9                                         */s/ Nicola R. Felice*

10                                       Nicola R. Felice
                                 Counsel for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Steven Cherny (*pro hac vice*)
2    stevencherny@quinnemanuel.com
     Patrick D. Curran (Bar No. 241630)
3    patrickcurran@quinnemanuel.com
     Tzivya H. Beck (*pro hac vice*)
4    tzivyabeck@quinnemanuel.com
   111 Huntington Ave, Suite 520
5  Boston, MA 02199
   Telephone:   (617) 712-7100
6  Facsimile:   (617) 712-7200

7  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Jodie Cheng (Bar No. 292330)
8    jodiecheng@quinnemanuel.com
     Gyu Shik Jang (Bar No, 337747)
9    kevinjang@quinnemanuel.com
   50 California Street, 22nd Floor
10 San Francisco, CA 94111
   Telephone:   (415) 875-6600
11 Facsimile:   (415) 875-6700

12 QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Nicola R. Felice (*proc hac vice*)
13   nicolafelice@quinnemanuel.com
     Vanessa Blecher (*pro hac vice*)
14   vanessablecher@quinnemanuel.com
     Alicia Lai (*pro hac vice*)
15   alicialai@quinnemanuel.com
   295 5th Avenue
16 New York, NY 10016
   Telephone:   (212) 849-7000
17 Facsimile:   (212) 849-7100

18 *Attorneys for Defendant Viasat, Inc.*

19

20                 **UNITED STATES DISTRICT COURT**
                 **NORTHERN DISTRICT OF CALIFORNIA**
21                      **OAKLAND DIVISION**

22 SANDISK TECHNOLOGIES, INC., et al.,

23              Plaintiffs,              Case No.: 4:22-cv-4376-HSG

24       v.                              **DEFENDANT VIASAT, INC.'S**
                                         **RESPONSES TO PLAINTIFFS' THIRD**
25 VIASAT, INC.,                         **SET OF REQUESTS FOR PRODUCTION**
                                         **(NOS. 75-94)**
26              Defendant.

27

28

**OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS**

1.      Viasat objects to the definition of "Accused Products" to the extent it encompasses "media streaming and/or content delivery software, systems, and services *such as residential* and in-flight entertainment and/or *communication systems*, *including* the Accused Instrumentalities identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023, Plaintiffs' Amended Infringement Contentions served on March 22, 2024, and any amendments thereto," as well as "any IFE and/or IFEC system (as defined below) made, used, sold, leased, and/or offered for sale or lease by Viasat, as well as the Viasat Content Delivery System." This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024. Viasat also objects to the definition of "Accused Products" to the extent that it includes "products identified in Plaintiffs' Patent L.R. 3-1 infringement contentions served on February 23, 2023" because, as Viasat has previously expressed to Plaintiffs, Plaintiffs' Patent L.R. 3-1 infringement contentions are deficient in that, *inter alia*, they fail to sufficiently identify the products, software, or systems that Plaintiffs accuse of infringement. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "Accused Product" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to the extent any products, systems, and services were sufficiently identified such that they can be known and understood by Viasat.

2.      Viasat objects to the definition of "IFE System" to the extent it encompasses "any in-flight entertainment system and *any system that facilitates the playback of media on an aircraft*, and any related hardware, software, and/or services (*e.g., the provision of internet connectivity*, the provision of media content, and the provision of DRM services)." This definition is broader and encompasses more products/services than those disclosed in Plaintiffs' operative Complaint or Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024. Unless otherwise stated in response to a specific Request for Production, Viasat construes the term "IFE System" to refer only to those products, systems, or services expressly identified in Plaintiffs' operative Complaint and Plaintiffs' Patent L.R. 3-1 infringement contentions served on March 22, 2024, to

described in VIASAT_00006471–6537 at -6477.” This definition is generally overbroad, vague, ambiguous, unduly burdensome, disproportionate to the needs of the action, unintelligible, and lacks particularity thereby requiring Viasat to engage in conjecture as to the meaning of “Playback Device.” Unless otherwise stated in response to a specific Request for Production, Viasat construes the term “Playback Device” to refer only to seatback devices, semi-embedded devices, and passenger devices, as described in VIASAT_00006471–6537 at -6477.

6.      Viasat objects to the definition of “Media Streaming” as overbroad, unduly burdensome, vague, and ambiguous to the extent it encompasses “*delivery of media* through a network for rendering of that media on a Playback Device.”

7.      Viasat objects to the definition of “Viasat,” “Defendant,” “You,” or “Your” to the extent it encompasses persons and entities other than Viasat, Inc. and is overbroad, vague, and ambiguous with respect to “subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its . . . officers, directors, representatives, consultants, accountants, and attorneys.” Unless otherwise stated in response to a specific Request for Production, Viasat construes the terms “Viasat,” “Defendant,” “You,” or “Your” to encompass only Viasat, Inc. and its employees and agents.

## RESPONSES TO REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 75:**

Documents sufficient to show (i) the total volume of data traffic transmitted or received by Viasat’s IFC systems, and (ii) the volume of data traffic transmitted or received by Viasat’s IFC systems that relate to Media Streaming by the Accused Products, broken down by customer on a quarter-by-quarter basis.

**RESPONSE TO DOCUMENT REQUEST NO. 75:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases “volume of data traffic,” “IFC systems,” “Media Streaming,” and “Accused Products.” Viasat further objects to this Request

**DOCUMENT REQUEST NO. 85:**

Documents sufficient to show any advertising or promotion revenue earned by You or Your customers related to the Accused Products, broken down by customer on a quarter-by-quarter basis. *See e.g.*, VIASAT_00015156 at 228 to 233 (agreement related to Viasat Engage Managed Services).

**RESPONSE TO DOCUMENT REQUEST NO. 85:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "advertising or promotion revenue," "related to," and "Accused Products." Viasat further objects to this Request on the grounds that seeks information that is not relevant to the claims or defense of any party and is not proportional to the needs of the case, including to the extent that it seeks information "broken down by customer," and on a "quarter-by-quarter" basis. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show advertising or promotion revenue earned by Viasat in connection with the accused uses of the Accused Products to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 86:**

All communications between you and JWP, Inc. ("JWP" d/b/a JW Player) and/or JWP's counsel regarding this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 86:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. ViaViasat further objects to this Request on the grounds it is overbroad, unduly burdensome, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including to the extent it seeks "[a]ll communications." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous. Viasat further objects to this Requests to the extent it seeks Privileged Information.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive communications with JWP to the extent such documents are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 87:**

Documents sufficient to show the functionality of JWP's digital rights management ("DRM") system in the Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 87:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "functionality," "digital rights management ("DRM") system," and "Accused Products." Viasat further objects to this Request on the grounds it is not relevant to the claims or defenses in this action and not proportional to the needs of the case. Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat objects to this request to the extent it seeks

confidential and protected information of third parties, the disclosure of which is restricted. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.  Viasat further objects to this Requests to the extent it seeks Privileged Information.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show functionality of JWP's DRM system in the Accused Products to the extent such documents are within Viasat's possession, custody, or control and can be located following a reasonable search; to the extent that Viasat is permitted to disclose the requested documents; and to the extent that any such documents have not been produced by JWP in response to Plaintiffs' subpoena to JWP.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 88:**

All agreements between You and Vualto Ltd., or between You and JWP.

**RESPONSE TO DOCUMENT REQUEST NO. 88:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including to the extent it seeks "[a]ll" agreements.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.  Viasat further objects to this Requests to the extent it seeks Privileged Information.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged final, executed agreements in Viasat's possession, custody, or control concerning the accused uses of the Accused Products, to the extent such agreements exist and can be located following a reasonable search.

1   for us to get inquiries all the time on a number of our assets. So that part is not unusual. . . . And one

2   of the things that we are assessing is working on what the valuation is for them.").

3   **RESPONSE TO DOCUMENT REQUEST NO. 90:**

4       Viasat incorporates by reference all of its General Objections as if fully set forth herein.

5   Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

6   and ambiguous, including without limitation through its use of the phrases "value," "Media

7   Streaming and/or in-flight connectivity businesses," and "any documents, offers, inquiries,

8   valuations, or analyses related to any prospective acquisition." Viasat further objects to this Request

9   on the grounds it is not relevant to the claims or defenses in this action and not proportional to the

10  needs of the case.  Viasat further objects to this Request to the extent it seeks information that is not

11  in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its

12  scope is not limited in time or the time period is vague and ambiguous.

13

14      Subject to and without waiving the foregoing objections, Viasat will produce any non-

15  privileged and responsive documents and information to the extent that Viasat understands this

16  request; to the extent such documents and information are within its possession, custody, or control;

17  and to the extent such documents exist and can be located following a reasonable search.

18

19      Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or

20  supplement its objections and/or responses as its investigation continues.

21  **DOCUMENT REQUEST NO. 91:**

22      All technical Documents related to APIs provided by You to Your customers to enable

23  Media Streaming. *See e.g.*, VIASAT_00015862 at 928 (Viasat to "provide the necessary APIs to

24  enable . . . the Stored Content Streaming Services . . . [and] the IPTV Service.").

25

26  **RESPONSE TO DOCUMENT REQUEST NO. 91:**

27      Viasat incorporates by reference all of its General Objections as if fully set forth herein.

28  Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague,

and ambiguous, including without limitation through its use of the phrases "APIs provided to you" and "enable Media Streaming." Viasat further objects to this Request on the grounds it is not relevant to the claims or defenses in this action and not proportional to the needs of the case including to the extent it seeks "[a]ll" technical Documents "related to" APIs.  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control.  Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive APIs that Viasat provides to its customers to the extent such documents and information are within Viasat's possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 92:**

Documents sufficient to show any revenues earned by You or Your customers related to media services enabled using Your APIs. *Id.*

**RESPONSE TO DOCUMENT REQUEST NO. 92:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the phrases "revenues earned," "related to media services," "enabled," and "using Your APIs." Viasat further objects to this Request on the grounds it is not relevant to the claims or defenses in this action and not proportional to the needs of the case.  Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control, including because it seeks information in the possession,

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**DOCUMENT REQUEST NO. 94:**

Documents sufficient to show Your status as a member of the Streaming Video Alliance.

**RESPONSE TO DOCUMENT REQUEST NO. 94:**

Viasat incorporates by reference all of its General Objections as if fully set forth herein. Viasat further objects to this Request on the grounds it is overbroad, unduly burdensome, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Viasat further objects to this Request as vague and ambiguous with respect to "Streaming Video Alliance, Inc." Viasat further objects to this Request to the extent it seeks information that is not in Viasat's possession, custody, or control. Viasat further objects to this Request to the extent its scope is not limited in time or the time period is vague and ambiguous.

Subject to and without waiving the foregoing objections, Viasat will produce non-privileged and responsive documents sufficient to show Viasat's status as a member of the Streaming Video Technology Alliance to the extent such documents and information are within its possession, custody, or control, and to the extent such documents exist and can be located following a reasonable search.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

DATED: January 6, 2025    QUINN EMANUEL URQUHART &
            SULLIVAN, LLP

          By  */s/ Patrick D. Curran*
           Patrick D. Curran

          *Attorneys for Defendant Viasat, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2025, a copy of the foregoing document was served on the following counsel for Plaintiff via email:

|  |  |
|---|---|
| L. Kieran Kieckhefer: | kkieckhefer@gibsondunn.com |
| Ahmed ElDessouki: | aeldessouki@gibsondunn.com |
| Lillian J. Mao: | lmao@gibsondunn.com |

DATED:  January 6, 2025                    By  */s/ Tzivya H. Beck*
                                                        Tzivya H. Beck