L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al., | Case No. 4:22-CV-4376-HSG-PHK |
| Plaintiffs, | **SANDISK'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| v. | |
| VIASAT, INC, | |
| Defendants | |

Pursuant to Civil L.R. 72-2, Fed. R. Civ. P. 72(a), and 28 U.S.C. § 636(b)(1)(A), Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (collectively, "Plaintiffs" or "Sandisk") respectfully seek relief from portions of the Magistrate Judge's April 28, 2025 Orders Denying Plaintiff Sandisk's Motion to Strike Interrogatory Responses; Denying Plaintiff's Motion to Shorten Time as Moot; Granting Motions to Seal (Dkt. 196) (the "Order"). Specifically, Sandisk objects to the portions of the Order denying Sandisk's Motion to Strike Viasat's Third Supplemental Response to Interrogatory No. 8 and Second Supplemental Response to Interrogatory No. 14 (Dkt. 168) (the "Motion to Strike"), and the underlying findings (Order at 5-11). Sandisk seeks an order sustaining its objections and granting Sandisk's Motion to Strike. This motion is based on the arguments set forth herein as well as the briefing and exhibits submitted in support of the Motion to Strike.

## BACKGROUND

On the night of February 6, 2025—a mere 24 hours before the close of fact discovery—Defendant Viasat, Inc. ("Viasat") served supplemental responses to Sandisk's interrogatories regarding non-infringement and non-infringing alternatives (Interrogatory Nos. 8 and 14, respectively) (collectively, the "February 6 responses"). Viasat's February 6 responses added nearly 40 pages of new text and more than tripled the total length of its responses to those two interrogatories. By the time Viasat served its February 6 responses, Sandisk had already deposed multiple Viasat technical witnesses and was set to begin the deposition of another technical witness within hours.

Viasat has had Sandisk's original infringement contentions since February 2023 and Sandisk's supplemental infringement contentions since March 2024. Moreover, Viasat's responses were based on its own documents and information concerning its own products. There is no reason Viasat could not have provided the information in the February 6 responses much earlier in the discovery period.

Sandisk promptly moved to strike Viasat's February 6 responses on February 11, 2025. Dkt. 168. The Court referred the Motion to Strike and "all discovery disputes and issues in this case" to a Magistrate Judge on February 13, 2025. Dkt. 173. On February 19, 2025, the Magistrate Judge ordered the parties to meet and confer regarding the pending discovery disputes and file a one-page statement. Dkt. 175. On February 25, 2025, Viasat filed an opposition to Sandisk's Motion to Strike.

Dkt. 176. On February 28, 2025, as ordered, the parties submitted a joint statement of the issues they had been unable to resolve, including the Motion to Strike. Dkt. 179. On March 4, 2025, Sandisk filed its reply in support of the Motion to Strike. Dkt. 180. On April 28, 2025, the Magistrate Judge issued the Order denying Sandisk's Motion to Strike and resolving related issues (e.g., motions to seal). Dkt. 196. Sandisk now moves for relief from the portion of the Order denying Sandisk's Motion to Strike.

## ARGUMENT

This Court may "modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Sandisk respectfully submits that the Order was clearly erroneous in finding Viasat's February 6 responses were not prejudicial (Order at 6, 8) and contrary to law in concluding it was proper for Viasat to disclose its non-infringement and non-infringing alternatives theories at the tail end of discovery simply because they were contention interrogatory responses (Order at 6, 10). Because the Order's denial of Sandisk's Motion to Strike was based on those errors, that decision should be set aside, and Sandisk's Motion to Strike should be granted.

**Viasat's conduct was prejudicial.** Fundamentally, the Order is clearly erroneous because it concludes that Viasat's February 6 responses were not prejudicial—even though the responses articulated new theories of non-infringement and non-infringing alternatives, were significantly longer than Viasat's prior responses, and were served 24 hours before the close of fact discovery, thereby depriving Sandisk of any opportunity to take meaningful discovery on Viasat's newly disclosed theories. Sandisk's Motion to Strike demonstrated that Viasat's February 6 responses introduced new theories, including new arguments for why its products purportedly did not satisfy claim language and specific modifications that could be made to its products (compared to prior generic assertions that any component found to satisfy claim language could be removed). Dkt. 167-2 at 7-8. The magnitude of Viasat's supplementation was also apparent from examining Viasat's responses themselves, which were submitted for the Court's review (Dkts. 167-3, 167-4). The timing of Viasat's February 6 responses meant that Sandisk took depositions on nearly 50 technical Rule 30(b)(6) topics *before* it could digest Viasat's new arguments. Dkt. 168 at 6. Sandisk explained that courts in this District have stricken new non-infringement theories in situations where, as here, "[the plaintiff] did not have the

2

opportunity to conduct additional fact discovery regarding [the defendant's] new theories" (*id.* at 9 (quoting *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012); also citing *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003-05 (N.D. Cal. 2019))).  The Order does not address these authorities.

The Order's analysis of prejudice in denying Sandisk's motion to strike cannot be squared with the Court's order denying Sandisk's motion to amend (Dkt. 182).[1]  The Order rejected Sandisk's prejudice argument because it "focuses primarily on the timing issue and the allegedly general concern that Sandisk could have sought other or different discovery (or asked different deposition questions)." Order at 7.  Yet these were the precise concerns that the Court credited in finding that *Viasat* would be prejudiced by Sandisk's amended contentions. Dkt. 182 at 8 (finding Sandisk moved to amend "only three weeks before the close of fact discovery" and that allowing amendment "would likely require modification of the case schedule, including by allowing additional discovery").  Compared to Sandisk's timing, Viasat's timing in serving supplemental interrogatory responses is truly egregious and should not be permitted.  The Order also "presum[es]" that Sandisk already took discovery on every claim limitation, so further discovery would not be proportional.  Order at 7.  But there is a difference between taking discovery to prove that each limitation is satisfied, as Sandisk has done, and taking discovery to test Viasat's new arguments for why its products are different from the claim language, which Sandisk was deprived of the opportunity to do.

**Sandisk was not required to move to compel.**  The Order relies on Sandisk not moving to compel a more fulsome response after any of Viasat's prior responses to the non-infringement and non-infringing alternatives interrogatories to conclude that Sandisk had not been diligent.  Order at 6, 7, 8.  But Sandisk had no notice that Viasat was concealing entire theories of non-infringement and non-infringing alternatives that it should be seeking to compel.  Viasat does not bear the burden of proof on non-infringement and Viasat is not required to assert non-infringing alternatives, so it could have

---

[1] Although different, the applicable standards are similar:  Sandisk was required to show good cause to amend its contentions; and Viasat bore the burden to show that its failure to timely supplement was "substantially justified or harmless," *In re Koninklijke Philips Pat. Litig.*, 2020 WL 7398647, at *2 (N.D. Cal. Apr. 13, 2020) (quoting *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).  The Order does not hold Viasat to its burden, which Viasat cannot and did not meet.

provided *no* responsive information, and its responses would not be deficient.  Here, Viasat provided general denials of each claim limitation indicating that it would attempt to challenge Sandisk's proof (because Viasat, in fact, infringes), which is far different than the February 6 responses, which provided (for the first time) affirmative non-infringement explanations as to why, factually, it allegedly does not infringe.  Viasat's February 6 responses are not supported by or even hinted at in Viasat's prior responses.  Contrary to the Order, Sandisk did not argue that "the[] earlier responses . . . were deficient" in the abstract (Order at 6), but rather Sandisk argued that the earlier responses were insufficiently detailed to disclose the new theories that Viasat then explained in its February 6 supplementation.

The Order does not cite—and Sandisk has not found—any authority for the proposition that Sandisk was required to move to compel in these circumstances, or that lack of a motion to compel excuses Viasat's waiting until the very end of fact discovery to serve its supplemental contentions.  A requirement to move to compel is at odds with Viasat's affirmative duty to supplement discovery responses set forth in Rule 26(e) and the corresponding preclusion remedy in Rule 37(c)(1).  For example, Sandisk's purported lack of diligence in moving to compel does not bear on whether Viasat's failure to timely supplement "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Philips*, 2020 WL 7398647, at *2.  Accordingly, this line of analysis does not support the Order's conclusion that Viasat's conduct was not prejudicial.

**Viasat's last-minute supplemental contentions were contrary to this District's well-considered policies regarding patent contentions.**  In declining to strike Viasat's February 6 responses, the Order found that "it is common for contention interrogatory responses in patent cases to be served towards the end of the fact discovery period," citing *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991), *overruled on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991), and *Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 WL 33292943 at *7 (N.D. Cal. Sept. 17, 1999).  Order at 6, 10.  But that principle no longer applies in this District to patent-related contentions.  Both *McCormick-Morgan* and *Lexington* long predate this District's Patent Local Rules, which were enacted to avoid the traditionally "last minute" nature of contention interrogatories.  *See Looksmart Grp. Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1226 (N.D. Cal. 2019).  *Lexington* was not a patent case, and *McCormick-Morgan* dealt with infringement (not non-infringement) contentions,

which are now specifically required to be disclosed early in the case. As Sandisk explained in its reply brief, the general principle that contention interrogatory responses may be served at the end of the discovery period applies to contentions that depend on discovery obtained from the opposing party. Dkt. 180 at 4. But here, Viasat was always in possession of the relevant information about how its own products work—and was in possession of Sandisk's operative infringement contentions since April 2024. Thus, the contention nature of Sandisk's interrogatories does not excuse Viasat's last-minute responses, nor does it serve as a basis for denying the Motion to Strike.

**Sandisk's attempt to amend its infringement contentions, which was denied, is irrelevant.** The Order attempts to excuse Viasat's tardiness by noting that Sandisk had attempted to amend its contentions in January 2025, finding that "Viasat can hardly be faulted for some delay" because there was "uncertainty as to which of SanDisk's infringement contentions would be operative in this case." Order at 6. But the events of January 2025 do not change the fact that Viasat had Sandisk's prior contentions since March 2024 and should have disclosed its responsive non-infringement contentions long before January 2025. Notably, in opposition to Sandisk's Motion to Strike, Viasast did not identify any portions of its February 6 responses that were prompted by Sandisk's proposed amendments to its infringement contentions. *See* Dkt. 176; *Philips*, 2020 WL 7398647, at *2 (Viasat bears the burden to show its delay was "substantially justified or harmless"). And ultimately, Sandisk's motion to amend was denied, and the March 2024 contentions remain operative. Thus, to the extent Viasat's supplementation solely responded to Sandisk's amended contentions, they are moot and should still be stricken or disregarded.

## CONCLUSION

For the foregoing reasons, Sandisk respectfully requests that the Court grant Sandisk's Motion to Strike, and set aside the portions of the Order finding that Viasat's February 6 responses were not prejudicial.

5
SANDISK'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE No. 4:22-CV-4376-HSG-PHK

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| Dated: May 12, 2025 | GIBSON, DUNN & CRUTCHER LLP |
| | */s/ L. Kieran Kieckhefer* |
| | L. Kieran Kieckhefer |
| | *Counsel for Plaintiffs* |