QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:    (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jodie Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
  Gyu Shik Jang (Bar No. 337747)
  kevinjang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*proc hac vice*)
  nicolafelice@quinnemanuel.com
  Anastasia Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No.: 4:22-cv-4376-HSG |
| Plaintiffs, | **DEFENDANT VIASAT, INC.'S ADMINISTRATIVE MOTION TO SEAL VIASAT'S MOTIONS TO STRIKE AND PORTIONS OF THE EXHIBITS THERETO [DKT NOS. 199, 199-2, 199-3, 199-6, AND 200-5]** |
| v. | |
| VIASAT, INC., | |
| Defendant. | [FILED CONCURRENTLY WITH [PROPOSED] ORDER] |

Pursuant to Local Rules 7-11 and 79-5(c) and the Protective Order entered in this case (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Administrative Motion to Seal Portions of its Motion to Strike Portions of Sandisk's Expert Reports [Dkt. No. 199], as well as portions of certain exhibits filed in support of that motion [Dkt. Nos. 199-2, 199-3, and 199-6] and an exhibit filed in support of its Motion to Strike Lauren Kindler's May 5, 2025 Supplemental Expert Report [Dkt. No. 200-5], collectively the "Exhibits."

| Dkt. No. Public/ (Sealed) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| Dkt. No. 199 / (Dkt. No. 201-2) | Viasat's Motion To Strike Portions of SanDisk's Expert Reports | Analysis of Viasat confidential financial, technical, and source code-related information (on portions of PDF pages 4-5, 7-9, and 13) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt No. 199-2 / (Dkt. No. 201-3) | Exhibit A to the Curran Declaration in Support of Viasat's Motion to Strike Portions of SanDisk's Expert Reports – Dr. Easttom's Opening Expert Report on Infringement, dated March 24, 2025 | Analysis of Viasat confidential technical and source code-related information, including the names and descriptions of variables (on portions of pages 31, 50, 52-62, 68-72, 78-81, 83-112, 114, 116-120, 122-131, 136-140, 146-163, 165-173, 175-187, 190-194, 196-204, 206-213, 215-216, 220, 222-227, 229, 231, 245, 247, 249-257, 259-265, 268-270, 272-275, 277-285, 304) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. No. 199-3 / (Dkt. No. 201-4) | Exhibit B to the Curran Declaration in Support of Viasat's Motion to Strike Portions of SanDisk's Expert Reports – Ms. Kindler's Opening Expert Report on Damages, dated March 24, 2025 | Analysis of Viasat confidential technical and financial information (on portions of pages 42, 54, 61-62, 9-100, 126-127, 162, 164, 178-180) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. No. 199-6 / (Dkt. No. 201-5) | Exhibit E to the Curran Declaration in Support of Viasat's Motion to Strike Portions of SanDisk's Expert Reports – Deposition Testimony of Dr. Easttom, dated May 2, 2025 | Deposition testimony regarding technical and source code-related information (on portions of pages 82-84) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. No. 200-5 / (Dkt. No. 201-6) | Exhibit D to the Curran Declaration in Support of Viasat's Motion to Strike Lauren Kindler's May 5, 2025 Supplemental Expert Report – | Analysis of Viasat confidential technical and financial information (on portions of PDF page 3 ) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – | Ward. Decl. ¶¶ 3-4 |

| Dkt. No. Public/ (Sealed) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| | an excerpt from Ms. Kindler's Supplemental Expert Report on Damages, dated May 5, 2025 | SOURCE CODE" under the Protective Order (Dkt. 90). | |

Portions of Viasat's Motion to Strike Portions of Sandisk's Expert Reports and the Exhibits contain Viasat's highly confidential financial, technical and source code-related information, confidential discussions with third-party content sources, and related deposition testimony. Viasat seeks to seal only the portions of the exhibit that contain Viasat's highly confidential information. Filed concurrently herewith are redacted versions of the Motion to Strike Portions of Sandisk's Expert Reports and the Exhibits, which redact only the highly confidential information regarding the operation of and source code for Viasat's products and Viasat's finances.

If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit A, Declaration of Colin Ward in Support of Viasat's Administrative Motion to Seal Portions of Viasat's Discovery Letter [Dkt. 201-1] ("Ward Decl.") (filed concurrently herewith).

Records attached to nondispositive motions are not subject to the strong presumption of access by the public. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist . . . such as the use of records to . . . release trade secrets." "[A] trade secret

may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (citations and internal quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database). Likewise, damages analyses that reference a party's confidential financial information warrant sealing. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014).

If filed publicly, the Viasat highly confidential information reflected in the Motion to Strike Portions of Sandisk's Expert Reports and the Exhibits could be used by Viasat's competitors to Viasat's detriment. *See* Ward Decl. ¶¶ 3-4. For instance, the Motion to Strike Portions of Sandisk's Expert Reports reflects discussion of Viasat's highly confidential financial, technical and source code-related information for Viasat's products (on portions of PDF pages 4-5, 7-9, and 13). These confidential references to Viasat's confidential internal financial information, the internal system architecture of Viasat's products and associated source code files and functions, as well as confidential interactions with third-party content sources, warrant sealing. The source code, operation of, and inner workings of Viasat's products and proprietary technology are not apparent from normal consumer operation. *See* Ward Decl. ¶ 4. If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to

replicate the product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; *see also Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"). Similarly, Viasat keeps its internal financial information confidential so that competitors cannot use it to Viasat's detriment in the in-flight entertainment industry. *See Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014).

Pursuant to Civil Local Rule 79-5(c), and on the basis of the harm to Viasat if disclosed, Viasat submits this motion establishing good cause to permit the sealing of the unredacted versions of the Motion to Strike Portions of Sandisk's Expert Reports and the Exhibits.

DATED: June 4, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Patrick D. Curran*
   Patrick D. Curran

*Attorney for Defendant Viasat Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2025, a copy of the foregoing response, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: June 4, 2025                     By  /s/ Patrick D. Curran
                                            Patrick D. Curran