QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
  Hannah Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  111 Huntington Ave, Suite 520
  Boston, MA 02199
  Telephone:   (617) 712-7100
  Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
  295 5th Avenue
  New York, NY 10016
  Telephone:   (212) 849-7000
  Facsimile:   (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No.: 4:22-cv-4376-HSG |
| Plaintiffs, | |
| v. | **DEFENDANT VIASAT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' UNTIMELY '400 PATENT "AUTHENTICATING" THEORIES** |
| VIASAT, INC., | |
| Defendant. | Date: August 14, 2025<br>Time: 2:00 pm |
| | ████████████ |

# <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

NOTICE OF MOTION AND MOTION ..................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................2

I.      INTRODUCTION.......................................................................................................2

II.     RELEVANT FACTS ..................................................................................................3

III.    LEGAL STANDARD .................................................................................................3

IV.     ARGUMENT ..............................................................................................................4

    A.      Dr. Easttom's Infringement Theories For The "Authenticating" Limitation
            Were Not Disclosed In Plaintiffs' Infringement Contentions ...................................4

        1.      Dr. Easttom's "Use Case #1" .................................................................4

        2.      Dr. Easttom's "Use Case #2" and "Use Case #4" ..........................................6

        3.      Dr. Easttom's  "Use Case #3" ................................................................6

    B.      Viasat Would Be Prejudiced By Dr. Easttom's New Infringement Theories ............7

V.      CONCLUSION ...........................................................................................................7

VIASAT'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY '400 PATENT "AUTHENTICATING" THEORIES

# TABLE OF AUTHORITIES

**Page**

## Cases

*Adobe Sys. Inc. v. Wowza Media Sys.*,
   No. 11-CV-02243-JST, 2014 WL 709865 (N.D. Cal. Feb. 23, 2014) .................................. 4, 7

*ASUS Comp. Int'l v. Round Rock Research, LLC*,
   No. 12-cv-02099 JST (NC), 2014 WL 1463609 (N.D. Cal. Apr. 11, 2014) ........................... 4

*Berger v. Rossignol Ski. Co.*,
   No. 05-02523, 2006 WL 1095914 (N.D. Cal. Apr. 25, 2006) ................................................ 2

*Finjan, Inc. v. Proofpoint, Inc.*,
   No. 13-cv-05808-HSG, 2016 WL 612907 (N.D. Cal. Feb. 16, 2016)
   (Gilliam, J.) ........................................................................................................................ 4

*KlausTech, Inc. v. Google LLC*,
   No. 10-cv-05899-JSW, 2018 WL 5109383 (N.D. Cal. Sept. 14, 2018),
   *subsequently aff'd*, 792 F. App'x 954 (Fed. Cir. 2020) ............................................................ 4

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) .......................................................................................... 3

*Plexxikon Inc. v. Novartis Pharm. Corp.*,
   No. 17-CV-04405-HSG, 2020 WL 1820733 (N.D. Cal. Apr. 10, 2020) ................................ 4

*Radware Ltd. v. F5 Networks, Inc.*,
   No. C-13-02021-RMW, 2014 WL 3728482 (N.D. Cal. Jan. 1, 2014) ................................... 2

## Rules

Patent L.R. 3-1 ......................................................................................................................... 3, 6

Patent L.R. 3-6 ......................................................................................................................... 3, 4

VIASAT'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY '400 PATENT "AUTHENTICATING" THEORIES

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on June 9, 2025, Defendant Viasat, Inc. ("Viasat" or "Defendant") will and hereby does move the Court to strike portions of the expert reports of Chuck Easttom submitted on behalf of Plaintiffs SanDisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. ("SanDisk" or "Plaintiffs"), and to preclude Dr. Easttom from testifying at trial regarding the same. Portions of Dr. Easttom's infringement report advance brand-new theories of infringement for the "authenticating" limitation in Claim 1[e] and 9[d] of the '400 patent that Plaintiffs did not disclose in their infringement contentions. These untimely theories should be stricken.

This Motion is based on this Notice, the Memorandum included herein, the Declaration of Patrick D. Curran, the proposed Order served concurrently herewith, and any oral or documentary evidence adduced at the oral hearing on this matter.

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    <u>INTRODUCTION</u>**

3        Throughout this litigation, the Court emphasized the need for timely disclosure of

4    infringement contentions and diligence in conducting discovery. *See* Dkt. Nos. 181, 182, 183. The

5    Patent Local Rules likewise require plaintiffs to provide detailed infringement contentions by a date

6    certain "'to crystallize their theories of the case early in the litigation.'" Dkt. No. 182 at 3 (quoting

7    *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *2 (N.D. Cal.

8    Jan. 1, 2014)). Yet Plaintiffs served an expert report from Dr. Easttom that ignores the Court's

9    admonitions and violates the Patent Local Rules.[1]

10        Specifically, Dr. Easttom's infringement opinions on the "authenticating" required by claims

11    1[e] and 9[d] of the '400 patent are based on new theories that were not disclosed by the deadlines

12    in the Court's schedule and in the Patent Local Rules. Dr. Easttom's infringement report sets out

13    what Dr. Easttom calls four "use cases" that supposedly infringe the '400 patent. But none of Dr.

14    Easttom's four "use cases," or the theories those "use cases" are based on for claims 1[e] or 9[d] of

15    the '400 patent, were included in Plaintiffs' infringement contentions.

16        Plaintiffs cannot flaunt the Patent Local Rules and spring new these theories of infringement

17    on Viasat at the eleventh hour, long after the close of fact discovery. *See Berger v. Rossignol Ski.*

18    *Co.*, No. 05-02523, 2006 WL 1095914, at *3 (N.D. Cal. Apr. 25, 2006) ("The patent rules are

19    designed to avoid 'vexatious shuffling of positions' that could occur if the parties are permitted to

20    freely modify their infringement contentions at any point in the action."). Viasat respectfully

21    requests that the Court strike Dr. Easttom's reliance on these untimely theories of infringement for

22    claims 1[e] and 9[d] that were not disclosed in Plaintiffs' infringement contentions.

23

24    ─────────────────────

[1] This is Viasat's second motion to strike Dr. Easttom's untimely infringement theories. At this time,

25    Viasat is limiting its briefing on Dr. Easttom's untimely theories to 25 pages of total briefing and is
limiting that briefing to issues most relevant to the dispositive motion deadline. But Dr. Easttom

26    submitted hundreds of pages of reports that disregard the Court's schedule and the Patent Local
Rules. Indeed, most of the infringement opinions Dr. Easttom offered and essentially all the validity

27    opinions Dr. Easttom offered exceed Plaintiffs' contentions. Given the extent of Plaintiffs' disregard
for the schedule and for the Patent Local Rules, Viasat reserves the right to seek the Court's guidance

28    on how best to address these repeated violations.

## II.    <u>RELEVANT FACTS</u>

In February 2023, Plaintiffs served their initial infringement contentions. Curran Decl. ¶ 2. Plaintiffs amended those contentions with leave in March 2024. Curran Decl. ¶ 3. Plaintiffs then did not engage in discovery in any meaningful way for nearly a year, until Plaintiffs moved to amend their infringement contentions again in January 2025. Dkt. No. 146. The Court denied that motion for leave, finding that Plaintiffs had not been diligent in disclosing the basis for the proposed amendments under the Patent Local Rules. *See* Dkt. No. 182 at 3–7 & 5 n.7.

On March 24, 2025, Plaintiffs served Dr. Easttom's expert report. Curran Decl. ¶ 6. The report contained brand-new and previously undisclosed theories of infringement for how various Viasat products purportedly "authenticate[] the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface." '400 patent, cl. 1; Dkt. No. 199-2 ¶¶ 249–252. Those new theories of infringement for claim 1[e] were repeated for the corresponding method step in claim 9[d]. '400 patent, cl. 9; Dkt. No. 199-2 ¶¶ 435–438. None of these new "authenticating" theories were included in Plaintiffs' operative March 2024 infringement contentions, and Plaintiffs did not receive leave to add these new theories to their contentions.

## III.    <u>LEGAL STANDARD</u>

The Patent Local Rules require parties to disclose theories of infringement early in the case, and to adhere to those theories once they have been disclosed. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). Patent Local Rule 3-1 requires that a party claiming patent infringement serve a disclosure of asserted claims and infringement contentions that are "as specific as possible," including a "claim chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(b)–(c). Once served, the infringement contentions may be amended "only by order of the Court upon a timely showing of good cause." *See* Patent L.R. 3-6.

Critically, the detailed contentions required by Patent Local Rule 3-1 cannot be amended by an expert report. As this Court has held, "a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art

references not disclosed in the parties' infringement contentions or invalidity contentions." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 612907, at *1 (N.D. Cal. Feb. 16, 2016) (Gilliam, J.) (quoting *ASUS Comp. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST (NC), 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014)). In deciding a motion to strike, the relevant inquiry is whether "the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether." *Id.* at *1. If the theory is new, "prejudice is inherent in the assertion of a new theory after discovery has closed." *Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-CV-02243-JST, 2014 WL 709865, at *15 n.7 (N.D. Cal. Feb. 23, 2014).

## IV.    ARGUMENT

Dr. Easttom's opinions on claim limitations 1[e] and 9[d] are broken into what Dr. Easttom calls four different "use cases." Each of those four "use cases" are based on new theories that Plaintiffs did not disclose in their operative March 2024 infringement contentions. Dr. Easttom's infringement theories that were not included in Plaintiffs' infringement contentions should be struck. *See* Patent L.R. 3-6; *KlausTech, Inc. v. Google LLC*, No. 10-cv-05899-JSW, 2018 WL 5109383, at *3–9 (N.D. Cal. Sept. 14, 2018), *subsequently aff'd*, 792 F. App'x 954 (Fed. Cir. 2020) (striking theories first disclosed in expert report); *Plexxikon Inc. v. Novartis Pharm. Corp.*, No. 17-CV-04405-HSG, 2020 WL 1820733, at *4 (N.D. Cal. Apr. 10, 2020) ("Having failed to amend its infringement contentions, Plaintiff cannot use Dr. Metzker's expert report—served several months after the close of fact discovery—to introduce a new [theory].").

### A.    Dr. Easttom's Infringement Theories For The "Authenticating" Limitation Were Not Disclosed In Plaintiffs' Infringement Contentions

#### 1.    Dr. Easttom's "Use Case #1"

Dr. Easttom's opinions for what Dr. Easttom calls "Use Case #1" are based on two different untimely theories: (1) the "software update" theory, and (2) the "HLS/DASH" theory. Both should be excluded.

*"Software Update" Theory.* Dr. Easttom admits that the DRM servers for FairPlay and Widevine are not "remote" servers at all—rather, they reside "onboard" the aircraft and run on the same S4 server Dr. Easttom calls part of the "kiosk." Dkt. No. 199-2 ¶ 249. But Dr. Easttom

1    nevertheless claims these local DRM servers receive "*software updates*" via an "*SSLK*" package,

2    and that the (unnamed) server providing the "software update" in an "SSLK package" is a "remote

3    trusted server." *See id*. ¶ 249 ("[T]he *onboard* DRM server [FairPlay or Widevine] . . . *update[s]*

4    server policies *as part of software updates* by communicating *with a remote trusted server*")

5    (emphases added); *id*. ¶ 252 ("In the case of Fairplay (Apple) and WideView [sic]

6    (Google) . . . Viasat Updates [sic] to the DRM license policy may be done Over The Air as part of

7    the *'SSLK' updates* containing Configuration Updates in a bundle," and "the *onboard* DRM license

8    server *communicat[es]* with a *remote trusted server* (DRM license server) to *update* the DRM

9    license OTA.") (emphases added).

10          This theory of "software updates" via "SSLK" packages, whereby a local "onboard" server

11    somehow infringes by communicating with an unnamed "update" server, is not disclosed in

12    Plaintiffs' operative infringement contentions. Those contentions never mention "software updates"

13    or "SSLK" or updating a "license policy." Dkt. No. 146-3 at 47–60, 78. Plaintiffs cannot use this

14    late theory of infringement to advance new claims of infringement Plaintiffs did not disclose by the

15    deadline in the Court's schedule or in the Patent Local Rules.

16          *HLS and DASH.*  Dr. Easttom's report further opines that claims 1[e] and 9[d] are infringed

17    when DRM servers receive an "HLS or DASH string." Dkt. No. 199-2 ¶ 252. But Plaintiffs'

18    infringement contentions never disclose the theory that the "unique identifier" required by claim

19    1[e] or 9[d] is an "HLS or DASH string." Dkt. No. 146-3 at 40–47. To the extent Dr. Easttom is

20    now calling the "HLS or DASH string" the "unique identifier," that untimely theory should be

21    stricken.

22          Dr. Easttom also seems to argue at times that "the HLS or DASH string" is not a "unique

23    identifier," but is instead something that is *"at least based on"* a unique identifier, or that *"contains*

24    *information generated from"* a unique identifier. Dkt. No. 199-2 ¶ 252 (alleging the PlayReady

25    ground server receives "the HLS or DASH string, which is at least based on the unique identifier of

26    the portable data storage device"); *id*. (for "FairPlay (Apple) and WideView [sic] (Google)" alleging

27    "the kiosk authenticates the portable data storage device by communicating the HLS or DASH

28    string, which contains    information generated    from the    obtained unique    identifier of    the

device"). This theory that claim 1[e] or 9[d] can be satisfied not by using the unique identifier, but by using something "at least based on" the unique identifier, or something that "contains information generated from" the unique identifier, is not disclosed in Plaintiffs' infringement contentions. To the extent Dr. Easttom is advancing a doctrine of equivalents theory, whereby the HLS or DASH string are not the "unique identifier" but are supposedly somehow equivalent to a "unique identifier," that needed to be disclosed in Plaintiffs' infringement contentions. *See* Patent L.R. 3-1(e). Because Plaintiffs' infringement contentions never disclosed the theories Dr. Easttom relies on for "HLS or DASH strings" meeting this claim limitation, the theory should be struck.

### 2.     Dr. Easttom's "Use Case #2" and "Use Case #4"

Dr. Easttom opines that for what he calls "Use Cases 2 [Disney+] and 4 [Residential "Stream" Service]," claim 1[e] and 9[d] are satisfied when "the kiosk transmits ██████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. Dkt. No. 199-2 ¶ 254. But ████████████████████ is never mentioned in Plaintiffs' infringement contentions for limitations 1[e] or 9[d]. *See* Dkt. No. 146-3 at 47–60, 78.[2] Because this theory was never disclosed in Plaintiffs' contentions, it should be precluded.

### 3.     Dr. Easttom's "Use Case #3"

As explained elsewhere, Dkt. No. 199, Plaintiffs did not identify Viasat's IPTV system as an Accused Instrumentality anywhere in its infringement contentions. Dkt. No. 146-3. For that reason alone, "Use Case #3" should not be considered. Even if it were considered, Dr. Easttom's theory on claim 1[e] or 9[d] for Viasat's IPTV product should be precluded. Plaintiffs' infringement contentions never identify a "unique identifier" used by a "remote trusted server" to authenticate any devices for IPTV. To the extent Plaintiffs contend Dr. Easttom did this in his report, Dr.

---

[2] Plaintiffs mention ████████████ only once in their contentions, for a different claim limitation—claim 1[b]. Dkt. No. 146-3 at 35. Disclosing this component elsewhere, for a ***different*** claim limitation, shows that if Plaintiffs believed it also played a role for claim 1[e] or claim 9[d], they were perfectly capable of disclosing this theory in their infringement contentions for those claim limitations. Plaintiffs did not do so. There is no mention of ████████████ at all for claims 1[e] or 9[d] in Plaintiffs' infringement contentions, much less a mention of supposedly sending ████████ ████████████████ information "to ████████████." Dkt. No. 146-3 at 47–60, 78.

VIASAT'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY '400 PATENT "AUTHENTICATING" THEORIES

1  Easttom's new opinions on whether or how a "unique identifier" is used by a "remote trusted server"

2  to authenticate a device for IPTV should be precluded.

3      **B.**    **Viasat Would Be Prejudiced By Dr. Easttom's New Infringement Theories**

4      Viasat would be significantly prejudiced if Plaintiffs were permitted to rely upon their

5  eleventh-hour disclosure of these new infringement theories for claims 1[e] and 9[d]. "[P]rejudice

6  is inherent in the assertion of a new theory after discovery has closed." *Adobe*, 2014 WL 709865, at

7  *15 n.7; *see also* Dkt. No. 182 at 8 (Order Denying Plaintiffs' Motion for Leave to Amend

8  Infringement Contentions) ("Granting Plaintiffs leave to amend a month after the close of fact

9  discovery would disrupt the case schedule and unduly prejudice Defendant. Even a limited

10 amendment . . . would likely require modification of the case schedule, including by allowing

11 additional discovery.") (quotation marks omitted). Because these new theories were not disclosed

12 until March 2025, well after the close of fact discovery, Plaintiffs have had no opportunity to depose

13 witnesses on this theory, conduct third-party discovery, investigate responsive prior art, or

14 supplement invalidity contentions. Permitting Plaintiffs to rely on their untimely new theories for

15 claim limitations 1[e] and 9[d] would be inherently prejudicial and violate the Patent Local Rules.

16 These new theories should be struck, and Dr. Easttom should be precluded from discussing them at

17 trial.

18 **V.**    **<u>CONCLUSION</u>**

19     For the foregoing reasons, Viasat respectfully requests that the Court strike the relevant

20 portions of Dr. Easttom's report and preclude Dr. Easttom from opining on these new infringement

21 theories at trial.

23 DATED: June 9, 2025        QUINN EMANUEL URQUHART & SULLIVAN, LLP

25         By  */s/ Patrick D. Curran*

26         Patrick D. Curran
        *Attorneys for Viasat, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 9, 2025, a copy of the foregoing was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.


DATED: June 9, 2025                        By

*/s/ Patrick D. Curran*
Patrick D. Curran

VIASAT'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY '400 PATENT "AUTHENTICATING" THEORIES