# EXHIBIT C

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC. et al., § § Plaintiff, § § v. § § VIASAT, INC., § § Defendant. § | Case No. 5:22-cv-4376 |

**EXPERT INFRINGEMENT REPORT OF DR. WILLIAM C. EASTTOM II (CHUCK EASTTOM) Ph.D., D.Sc.**

482. Dr. Almeroth makes several inaccurate statements on Sandisk's infringement theories. For example, he demonstrates his lack of understanding on Viasat's infringement of the '667 patent by stating the following, without any citation or support:

- "I understand that Plaintiffs have alleged, for infringement purposes, that a storage device satisfies this claim if there are security measures applied to the entire device." Almeroth Report, ¶ 347.

- "I understand that, for purposes of infringement, Plaintiffs have previously alleged that a variable indicating that a storage device is encrypted satisfies the claimed "indication" of this limitation." Almeroth Report, ¶ 350.

- "I understand that, for purposes of infringement, Plaintiffs have alleged that requiring a user to access content through using Viasat's systems satisfies the limitation requiring that 'access to the secure region is controlled by the media streaming system.'" Almeroth Report, ¶ 352.

483. Simply put, these assumptions are not quite true. As discussed below, this limitation has many elements, such as the NAS device, a secure region, an indication of the NAS device, and each element has specific requirements. By failing to understand the appropriate interpretation of the claims (i.e., Sandisk's infringement reads), Dr. Almeroth fails to support how his proposed reference and/or combination anticipates and/or renders obvious this limitation.

484. Note that I explained Sandisk's infringement theory with respect to the '667 patent in my March 24, 2025 report, which I incorporate here by reference.

485. With respect to the NAS device, it is my opinion that what is in Dr. Almeroth's report with respect to this combination does not show a NAS device that satisfies the requirements of the claims. Among the requirements within claim 1 of the '667 patent, the NAS device must have an indication that it has a secure region. Per the Claim Construction Order, this indication requires the presence of a secure

region *within* the NAS device. Claim Construction Order (Dkt. 120), 21. Dr. Almeroth's discussion (or lack thereof) on this combination does not support disclosure of a NAS device that satisfies the requirements of a NAS device as claimed in the '667 patent.

486. With respect to a secure region, it is my opinion that Dr. Almeroth failed to show what in his proposed combination corresponds to a secure region (in the NAS device). Dr. Almeroth fails to discuss what is the secure region within the NAS device, especially in which there is an associated indication thereof. Almeroth Report, ¶¶ 346–353.

487. With respect to indication of the NAS device it is my opinion that Dr. Almeroth failed to show what in his proposed combination is the indication that satisfies the requirements of the claims. Per the Claim Construction Order, the indication in this limitation is that of the presence of a secure region *within* the NAS device. Claim Construction Order (Dkt. 120), 21. Dr. Almeroth fails to discuss what in his proposed combination would satisfy the requirements for indication of a secure region within the NAS device, as opposed to that on entire devices. Almeroth Report, ¶ 350.

488. For example, with respect to claim limitation 1[d] which recites "transmit the digital content to the secure region within the NAS device for playback by the separate display device from the buffer," it is my opinion that Dr. Almeroth's proposed combination does not disclose this limitation. For this limitation, Dr. Almeroth relies on material directed to SCSA. Almeroth Report, ¶¶ 354–355.

489. With respect to the secure region within the NAS device, it is my opinion that Dr. Almeroth failed to show what in his proposed combination corresponds to a secure region (in the NAS device). Dr. Almeroth fails to discuss what is the secure region *within* the NAS device, especially in which there is an associated indication thereof (as opposed to treating the secure region as the entire storage device). Almeroth Report, ¶¶ 354–355.

490. With respect to the NAS device, it is my opinion that what is in Dr. Almeroth's report with respect to this combination does not show a NAS device that satisfies the requirements of the claims. Among the requirements within claim 1 of the '667 patent, the NAS device must have an indication that it has a secure region. Per the Claim Construction Order, this indication requires the presence of a secure region *within* the NAS device. Claim Construction Order (Dkt. 120), 21. Dr. Almeroth's discussion (or lack thereof) on this combination does not support disclosure of a NAS device that satisfies the requirements of a NAS device as claimed in the '667 patent.

491. For example, with respect to claim limitation 1[e] which recites "transmit instructions to the NAS device to control streaming access to the digital content stored on the buffer," it is my opinion that Dr. Almeroth's proposed combination does not disclose this limitation. For this limitation, Dr. Almeroth relies on material directed to SCSA. Almeroth Report, ¶¶ 356–358.

492. With respect to the NAS device, it is my opinion that what is in Dr. Almeroth's report with respect to this combination does not show a NAS device that satisfies the requirements of the claims. Among the requirements within claim 1 of the

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Plano, Texas on the  14th of April   2025.

_____
Dr. William C. Easttom II