# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG |

**REBUTTAL REPORT OF KEVIN C. ALMEROTH, Ph.D.**
**REGARDING NON-INFRINGEMENT OF U.S. PATENT NOS. 9,424,400 & 10,447,667**

for the DRM-encrypted files" that Mr. Hughes testified about exists for "ingested" content—not other "OTA" content, including any content for Dr. Easttom's use cases involving non-ingested content (i.e., any content that is not delivered to the plane by manual "side-loading" or "sneaker net" transmission). As such, Dr. Easttom has failed to establish that his new theory on a "separate subfolder for the DRM-encrypted files" regarding "ingested" content applies to the use cases Dr. Easttom identifies. Hughes Tr. 105:4-16. Indeed, even W-IFE content that is delivered OTA instead of via sideloading/sneakernet would not go through this ingestion process. *Id.*

### 4. The Accused Systems Do Not "Receive An Indication Of The NAS Device Having A Secure Region" ('667 Claim 1[c], 11[b])

272. Claim limitation 1[c] of the '667 Patent requires that the claimed "media streaming system" "***receive an indication of the NAS device having a secure region*** comprising a buffer for streaming media on a separate display device on the local area network, wherein access to the secure region is controlled by the media streaming system." Claim limitation 11[b] of the '667 Patent requires "***receiving an indication of the NAS device having a secure region*** comprising a buffer for streaming media on a separate display device on the local area network, wherein access to the secure region is controlled by the media streaming system."

273. I understand that the phrase "receive an indication of the NAS device having a secure region" was construed by the Court to mean "receive an indication of the presence of a secure region within the NAS device." Docket No. 120 at 18-19. I have applied this construction in my analysis below.

274. In its claim construction opinion, the Court found that "[t]he focus of the '667 Patent, as described by the specification, is a novel NAS device having a secure region to buffer content from streaming services" and "as such, the claims logically require an indication that the NAS device has such a secure region for this buffer." *Id.* at 19. "Otherwise," the Court held, "the

claimed invention would not make sense, because if the system did not have an indication of the presence of the secure region, it would not be able to use that secure region to buffer content." *Id.* Therefore, I understand that the claimed indication must specifically indicate whether there is a secure region within the NAS device, and I agree with the Court's conclusion that this is required for the claimed invention to "make sense."

275. Dr. Easttom alleges that the VCDS code includes " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" "an indication of a secure region." Easttom Rep. ¶¶ 554-61, 573-79, 734-41, 752-58. According to Dr. Easttom, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 555 (fn. 28). For this reason, Dr. Easttom claims that this variable satisfies the claim limitation.

276. First, I understand from counsel that Dr. Easttom's opinion that the ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ is the claimed "indication" is the same argument that Plaintiffs first raised in their January 3, 2025 Proposed Infringement Contentions and that the Court previously denied Plaintiffs leave to add in the Court's Order Denying Plaintiffs' Motion for Leave to Amend Infringement Contentions. *See* Docket No. 182. Thus, I understand that this infringement theory is not properly part of Plaintiffs' infringement contentions or this case. In the event that the Court reconsiders and permits Plaintiffs to raise this late-disclosed theory despite the earlier rejection, I will address it in my report as follows.

277. I disagree with Dr. Easttom's conclusions. Dr. Easttom's description of this value is inaccurate; the value does not reflect whether a region of a storage device is encrypted, and does it indicate that a storage device has a "secure region" at all, much less one for storing media. Furthermore, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

115

███████████████████████████████████████████████ Thus, to the extent this ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

278.    I have analyzed the source code produced in this case. Based on my analysis of that source code, the ██ ██ ███████ █████ █████ ██ ██ ██ ██ ██████████ █ ██ █████ █████████████████████ █████ VIASAT-SC_0000374 at -382-383. Specifically, ██████████████████████████ ██ ██ ██ █████ █████ █████ █████ █ █████ ████ ███████████████████████████████████████████████ ███████████████████████████████████████████████. *Id.*

279.    ███████████████████████████████████████████████ ██████████. VIASAT-SC_0000374 at 375.

280.    Therefore, █████████████████████████████████ ███████████████████████████████████████████████ ████████. *See* VIASAT-SC_0000374 at 375, 382-383; Neri Tr. 185:24-187:5.

281.    I note that the presence of ████████████████ does not actually indicate whether a storage device is encrypted.  As Mr. Neri explained in his deposition, ██████████ ███████████████████████████████████████████" Neri Tr. 184:24-185:3.  The comments in ███████████████████████████████████████████████ ███████████████████████████████████ VIASAT-SC_0000374 at 382.  And because the ███████████████████████████████████████████████ ███████████████████████████████████████

282. Viasat engineer Jason Neri confirmed this in his deposition, noting that there is █

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

283. Moreover, even if ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████ ████████████████████████

████████████████████████████████, neither can serve as "an indication of the presence of a secure region within the NAS device."

284. In any event, even ██████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

117

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████

285. ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

286. ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████ Easttom Rep. ¶ 555 fn. 28.  Dr. Easttom's first opinion, ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████ ██

██████████████████████████████████████ does not indicate that a NAS device has a secure region, and Dr. Easttom has not explained why a person of skill would reach the opposite conclusion.

287. ████████████████████████████████████████████

████████████ let alone whether there is a particular secure region within the device to act as a buffer for media content, this claim limitation is not met in *any* use case.  Moreover, because the

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

288.    Dr. Easttom also alleges, as a separate theory of infringement, that ████████

████████████████████████████████████████████████████

██████████████████████ Easttom Rep. ¶¶ 572, 751.  But, as explained above, this theory

---

[12] ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████

[13]    As discussed above, I understand from counsel that Dr. Easttom's theories concerning DRM were not disclosed by Plaintiffs as accused as infringing the '667 patent in this case.  This is a theory of infringement that Plaintiffs never disclosed in any infringement contentions and that I had never seen or analyzed before reviewing Dr. Easttom's opening report.  Because I have only seen this infringement theory for the first time in reviewing Dr. Easttom's opening report, I have had limited time to analyze it.  While I offer a preliminary response to this new theory here, I

fails for multiple reasons, including because (1) a folder does not serve as a secure region because it does not correspond to physical space on the device—it is merely an operating system abstraction and not an indication of where files are actually stored on disk; (2) even if a folder did indicate a region of a storage device (it does not) that folder would not have received any DRM encrypted files by the time the indication is transmitted—so if anything, these file paths would serve as an indication of a *folder*, not of a secure region, or even an indication of a folder having DRM-protected files; (3) the testimony Dr. Easttom relies on ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

289.    Moreover, and critically, Dr. Easttom does not even allege that these file paths and folder names are *ever* transmitted or *received* by any other devices, or that these file paths provide any "indication" to some other device that "receiv[es]" them. In doing so, Dr. Easttom ignores the claim language. Claims 1 and 11 do not just require that the claimed "indication" *exist* in a vacuum; the claims require that the indication be "*received*" by the "one or more processors" of the media streaming system. Dr. Easttom's failure to allege that the file paths are "received" by anything, let alone to show how this alleged "indication" of "having a secure region" is "received" in the manner required by the claim, is an additional failure to demonstrate that these limitations are met by the Accused Products, in any use case.

---

reserve the right to supplement this preliminary response in the event that the Court later permits Plaintiffs to add this novel theory in an amended set of infringement contentions.

352. I understand from counsel that Plaintiffs have not identified any alleged copying of the Asserted Patents in response to Viasat's Interrogatory No. 5, served on December 8, 2023.

353. I am not aware of any "copying" of the Asserted Patents. Indeed, the accused products for the '667 patent already existed and were already in use before the '667 patent issued.

## IX. CONCLUSION

354. I hereby certify that this report is a complete and accurate statement of all of my opinions, and the basis and reasons for them, to which I will testify under oath.

DATED: April 14, 2025

*Kevin C. Almeroth*
Kevin C. Almeroth, Ph.D.