QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DEFENDANT VIASAT, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> [FILED CONCURRENTLY WITH [PROPOSED] ORDER RE MOTION TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) and the Protective Order (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Administrative Motion to File Under Seal, seeking to seal portions of the unredacted versions of: (i) Viasat's Motion to Strike New '400 Patent Claim 1[e] and 9[d] Theories and Exhibit A thereto [Dkt. 204]; (ii) Viasat's Motion for Summary Judgment and Exhibits D and E thereto [Dkts. 205, 205-5, and 205-6]; and (iii) Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler and Exhibit A thereto [Dkts. 206 and 206-2].

| Dkt. No. Sealed/ (Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| Dkt. 207-2 / (204) | Viasat's Motion to Strike New '400 Patent Claim 1[e] and 9[d] Theories | Analysis of Viasat confidential technical and source code-related information, including the names and descriptions of variables (on portions of pages 6) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. 207-3 / (205) | Viasat's Motion for Summary Judgment | Analysis of Viasat confidential technical and source code-related information, including the names and descriptions of variables (on portions of pages are 7-10, 13, and 17) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. 207-4 / (205-5) | Exhibit D to the Ward Declaration in Support of Viasat's Motion for Summary Judgment | Analysis of Viasat confidential technical and source code-related information, including the names and descriptions of variables (on portions of pages 115-120) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. 207-5 / (205-6) | Exhibit E to the Ward Declaration in Support of Viasat's Motion for Summary Judgment | Analysis of Viasat confidential technical and source code-related information, including the names and descriptions of variables (on portions of pages 127-129, 137, 143-45, and 154-55) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| Dkt. 207-6 / (206) | Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of pages 3, 5, and 6) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3, 5 |
| Dkt. 207-7 / (206-2) | Exhibit A to the Curran Declaration in Support of Viasat's Motion to Exclude Certain | Analysis of Viasat confidential financial information and contract information, including the specific terms of Viasat's contracts with third parties (on portions of pages 5-7, 67-69, 153-157, 173, 178-180, and Exhibit 10.2) that | Ward. Decl. ¶¶ 3, 5 |

| Dkt. No. Sealed/ (Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| | Opinions of Chuck Easttom and Lauren Kindler | were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | |

Viasat seeks to seal only the portions of these motions and exhibits that contain Viasat's highly confidential source code, product operation, financial, and contract. Filed concurrently herewith are redacted versions of each document that redact only the highly confidential information noted above (at the pages noted in the table above). If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'s Administrative Motion to File Under Seal ("Ward Decl.") (filed concurrently herewith).

Courts generally apply a "compelling reasons" standard when considering motions to seal documents attached to dispositive motions. *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-CV-01247-HSG, 2022 WL 1131632, at *1 (N.D. Cal. Mar. 29, 2022) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to seal documents in connection with a dispositive motion must "articulate compelling reasons supported by specific factual findings, such as "the use of records to … release trade secrets," that "outweigh" the strong presumption in favor of public access. *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard and requires that the party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law ... The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v.*

*Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

      Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist . . . such as the use of records to . . . release trade secrets." "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (citations and internal quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"); Dkt. 435, Order on Motions to Seal ("The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and proprietary information relating to the operations of Defendant."); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database). Likewise, damages analyses that reference a party's confidential financial information warrant sealing. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014); *see also Unlockd Media, Inc. Liquidation Tr. v. Google*

*LLC*, No. 21-CV-07250-HSG, 2023 WL 2600464, at *1 (N.D. Cal. Mar. 21, 2023) (finding compelling reasons to seal monthly financial metrics and projections of future revenue as "confidential business and financial information").

### A. Viasat's Motion to Strike New '400 Patent Claim 1[e] and 9[d] Theories, Viasat's Motion for Summary Judgment, and Exhibits D & E Thereto

If filed publicly, the Viasat highly confidential information reflected in Viasat's Motion to Strike New '400 Patent Claim 1[e] and 9[d] Theories and Exhibit A thereto [Dkt. 204], Viasat's Motion for Summary Judgment [Dkt. 205], and Exhibits D and E thereto [Dkts. 205-5, and 205-6] could be used by Viasat's competitors to Viasat's detriment. *See* Ward Decl. ¶¶ 3-4. Viasat's Motion to Strike discusses excerpts of Dr. Easttom's infringement report regarding Viasat's products, the redacted portions of which reflect Viasat's highly confidential information about the operation of and source code for Viasat's products, and specifically about source code variables and how those variables relate to the way that Viasat's products operate. Similarly, Exhibits D and E to Viasat's Motion for Summary Judgment are excerpts from Dr. Almeroth's Rebuttal Non-Infringement Report and excerpts from Dr. Chuck Easttom's infringement report, respectively. These Exhibits contain the same types of highly confidential information about Viasat's products, including information about their source code and the way the products operate. Finally, Viasat's Motion for Summary Judgment contains discussions of Exhibits D and E that reflect this same confidential information. These confidential references to the architecture of Viasat's products warrant sealing. The source code, operation of, and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4.

If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in

their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; *see also Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

**B.    Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler and Exhibit A Thereto**

If filed publicly, the Viasat highly confidential information reflected in Viasat's Motion to Exclude [Dkt. 206] and Exhibit A thereto [Dkt. 206-2] could be used by Viasat's competitors to Viasat's detriment. *Baird v. BlackRock Institutional Tr., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019) ("[C]onfidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard."). The disclosure of this non-public business information "could reasonably place [Visa] at a competitive disadvantage if disclosed."); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing confidential business information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"). *MiCamp Sols., LLC v. Visa Inc.*, No. 23-CV-06351-HSG, 2025 WL 1063419, at *2 (N.D. Cal. Mar. 28, 2025). Viasat's Motion to Exclude, and Exhibit A thereto, discuss the confidential contractual terms of Viasat's agreement with American Airlines as well as Ms. Kindler's analyses of Viasat's confidential internal financial metrics and other financial information. These confidential references to the Viasat's financial information and contractual dealings warrant sealing. Viasat's internal financial information, and the terms of its contracts with customers, are not publicly available and would provide Viasat's competitors with an unfair advantage in competitive bidding against Viasat. *See* Ward Decl. ¶¶ 3, 5. If this confidential information was disclosed, significant competitive harm could result for Viasat.

Pursuant to Civil Local Rule 79-5(c), and on the basis of the harm to Viasat if disclosed, Viasat submits this motion which establishes good cause to permit the sealing of the unredacted versions of the aforementioned Motions and Exhibits.

DATED: June 9, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Patrick D. Curran*
Patrick D. Curran

*Attorney for Defendant Viasat Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2025, a copy of the foregoing response, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: June 9, 2025             By /s/ *Patrick D. Curran*
                                   Patrick D. Curran