1   L. Kieran Kieckhefer (SBN 251978)
    GIBSON, DUNN & CRUTCHER LLP
2   One Embarcadero Center, Suite 2600
    San Francisco, CA 94105-0921
3   Telephone: 415.393.8337
    Email: KKieckhefer@gibsondunn.com
4
    Robert A. Vincent (*pro hac vice*)
5   GIBSON, DUNN & CRUTCHER LLP
    2001 Ross Avenue Suite 2100
6   Dallas, TX 75201-2923
    Telephone: 214.698.3281
7   RVincent@gibsondunn.com
8   Lillian J. Mao (SBN 267410)
    GIBSON, DUNN & CRUTCHER LLP
9   310 University Avenue
    Palo Alto, CA 94301-1744
10  Telephone: 650.849.5307
    LMao@gibsondunn.com

    Ahmed ElDessouki (*pro hac vice*)
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
    New York, NY 10166-0193
    Telephone: 212.351.2345
    AElDessouki@gibsondunn.com

    Brian M. Buroker (*pro hac vice*)
    Shuo Zhang (*pro hac vice*)
    GIBSON, DUNN & CRUTCHER LLP
    1700 M St, N.W.
    Washington DC 20036-4504
    BBuroker@gibsondunn.com
    SZhang@gibsondunn.com

11
    *Attorneys for Plaintiffs*
12

13          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
14               **OAKLAND DIVISION**

15
    SANDISK TECHNOLOGIES, INC., et. al.,          Case No. 4:22-CV-4376-HSG-PHK
16
                        Plaintiffs,               **SANDISK'S NOTICE OF MOTION
17                                                AND MOTION FOR PARTIAL
              v.                                  SUMMARY JUDGMENT**
18
    VIASAT, INC,                                  Date:      August 14, 2025
19                                                Time:      2:00 p.m.
                        Defendant                 Dept.:     Courtroom 2, 4th Floor
20                                                Judge:     Hon. Haywood S. Gilliam, Jr.
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION..................................................................................................1

MEMORANDUM AND POINTS AND AUTHORITIES.............................................1

    A.    Background ........................................................................................2

    B.    Legal Standard .................................................................................3

    C.    Argument .........................................................................................5

        1.    Viasat Failed to Present Clear and Convincing Evidence that the '400 Patent Is Anticipated by Either Rae or Buttars .........................................5

            a.    Viasat Failed to Present Clear and Convincing Evidence that the '400 Patent Is Anticipated by Rae...................5

            b.    Viasat Failed to Present Clear and Convincing Evidence that the '400 Patent Is Anticipated by Buttars .............6

        2.    Viasat Failed to Present Clear and Convincing Evidence that Any Claims of the '400 Patent Are Invalid For Obviousness .........................7

        3.    Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated ............................................................... 12

            a.    Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by Smith .............12

            b.    Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by Smoyer ..........13

            c.    Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by the SCSA System..................................................................14

            d.    Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by the DirecTV DVR System ...............................................16

            e.    Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by the DISH DVR...................................................................17

        4.    Viasat Failed to Present Clear and Convincing Evidence that Any Claims of the '667 Patent Is Invalid As Obvious .................................. 18

            a.    Viasat Failed to Present Clear and Convincing Evidence that Any Claims of the '667 Patent Is Obvious by Combining the TiVo DVR System ........................18

i

          b.    Viasat Failed to Present Clear and Convincing Evidence that Claims 3 and 12 of the '667 Patent Is Invalid As Obvious ....................................................................19

    5.    Viasat's Fifth Affirmative Defense for Failure to State a Claim is Not a Proper Defense..........................................................................20

    6.    Viasat Cannot Meet Its Burden Regarding Its Fourteenth Affirmative Defense of Failure to Mark ....................................................21

D.    Conclusion ........................................................................................22

# TABLE OF AUTHORITIES

## Cases

*ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012)...............................................................................3

*Adapt Pharma Operations Ltd. v. Teva Pharms. USA, Inc.*,
   25 F.4th 1354 (Fed. Cir. 2022) ...............................................................................8

*Anderson v. Liberty Lobby*,
   477 U.S. 242 (1986)...................................................................................................3

*Arctic Cat v. Bombardier Recreational Products*,
   876 F.3d 1350 (Fed. Cir. 2017)............................................................................21

*Asetek Danmark A/S v. CoolIT Sys. Inc.*,
   No. 19-CV-00410-EMC, 2022 WL 21306656 (N.D. Cal. Oct. 25, 2022) .........................3, 11

*Barnes v. AT&T Pension Ben. Plan–Nonbargained Program*,
   718 F.Supp.2d 1167 (N.D. Cal. 2010) .................................................................20

*Connell v. Sears, Roebuck & Co.*,
   722 F.2d 1542 (Fed. Cir. 1983)..........................................................................5, 6

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   880 F.3d 1356 (Fed. Cir. 2018).............................................................................3

*Ctr. Admixture Pharmacy Servs., Inc. v. Adv. Cardiac Sols., P.C.*,
   482 F.3d 1347 (Fed. Cir. 2007)..............................................................................3

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
   567 F.3d 1314 (Fed. Cir. 2009).............................................................................11

*Forest Labs., LLC v. Sigmapharm Labs., LLC*,
   918 F.3d 928 (Fed. Cir. 2019)................................................................................8

*In re Koninklijke Philips Pat. Litig.*,
   No. 18-CV-01885-HSG, 2020 WL 7398647 (N.D. Cal. Apr. 13, 2020).........................7, 8, 10

*In re Kotzab*,
   217 F.3d 1365 (Fed. Cir. 2000)..............................................................................8

*KSR Int'l Co. v. Teleflex Inc.*,
   550 U.S. 398 (2007).................................................................8, 9, 11, 18, 20

*Microsoft Corp. v. Biscotti, Inc.*,
   878 F.3d 1052 (Fed. Cir. 2017)......................................................................15, 16

*Microsoft Corp. v. I4I Ltd. P'ship*,
   564 U.S. 91 (2011)....................................................................................................2

*Novartis Corp. v. Ben Venue Labs., Inc.*,
    271 F.3d 1043 (Fed. Cir. 2001) .......................................................................3

*In re O'Farrell*,
    853 F.2d 894 (Fed. Cir. 1988) .........................................................................4

*Procter & Gamble v. Teva Pharms. USA, Inc.*,
    566 F.3d 989 (Fed. Cir. 2009) ......................................................................3, 4

*Regents of Univ. of Cal. v. Broad Inst., Inc.*,
    903 F.3d 1286 (Fed. Cir. 2018) .......................................................................8

*Tech 7 Systems, Inc. v. Vacation Acquisition, LLC*,
    594 F. Supp. 2d 76 (Dist. D.C. 2009) ...............................................................4

*Thorpe v. Utility Masters, L.L.C.*,
    No. 4:09CV92, 2010 WL 11530466 (E.D. Tex. July 21, 2010) .............................4

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) .......................................................................3

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) .......................................................................20

**Statutes**

35 U.S.C. § 102(a) ..............................................................................................3

35 U.S.C. § 102(b) ..............................................................................................3

**Other Authorities**

Wayback website
    https://web.archive.org/web/20130526050011/http://www.directv.com/technol
    ogy/hd_dvr_receiver?lpos=Header:3 ...............................................................16

**Rules**

Fed. R. Civ. P. 56 ................................................................................................3

Fed. R. Civ. P. 56(a) ...........................................................................................2

iv

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
| --- | --- |
| "Plaintiffs" or "Sandisk" | Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. |
| Dkt. | Docket Number |
| the '400 Patent | U.S. Patent No. 9,424,400 |
| the '667 Patent | U.S. Patent No. 10,447,667 |
| Rae | U.S. Patent No. 8,600,062 to Rae et al. |
| Buttars | U.S. Patent Publication No. 2008/0279533 by Buttars |
| Spencer | U.S. Patent Publication No. 2003/0014630 by Spencer et al. |
| Smith | U.S. Patent Publication No. 2003/0001978 by Smith et al. |
| Smoyer | U.S. Patent Publication No. 2010/0325675 by Smoyer et al. |
| McDysan | U.S. Patent Publication No. 2012/0131623 to McDysan et al. |
| Almeroth Rep. | Expert Report of Dr. Kevin Almeroth dated March 24, 2025 |

## NOTICE OF MOTION

TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 14, 2025 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2, 4th Floor, of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (collectively, "Plaintiffs" or "Sandisk") will and hereby do move this Court for an order granting Partial Summary Judgment. This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Josh Zhang filed concurrently herewith, all of the pleadings and other documents on file in this case, and any further argument or evidence that may be received by the Court at the hearing.

## RELIEF REQUESTED

Sandisk seeks partial summary judgment (1) finding no anticipation of any of claims 1, 2, 6, 8, 9, 10, 13, and 17 of the '400 Patent, including specifically, no anticipation by the only allegedly anticipatory references Viasat relies on (*i.e.*, Rae and Buttars); (2) finding no obviousness of any of claims 1, 2, 6, 8, 9, 10, 13, and 17 of the '400 Patent, including specifically, no obviousness over the only proposed combinations Viasat relies on (*i.e.*, Rae in combination with Spencer and Buttars alone or Buttars in combination with Spencer or Rae); (3) finding no anticipation of claims 1, 2, 3, 4, 5, 6, 7, 11, 12, 13, 14, 15, and 16 of the '667 Patent, including specifically, no anticipation by the only five allegedly anticipatory references Viasat relies on (*i.e.*, Smith, Smoyer, SCSA System, DirecTV System, and DISH DVR System); (4) finding no obviousness of claims 1, 2, 3, 4, 5, 6, 7, 11, 12, 13, 14, 15, and 16 of the '667 Patent, including specifically, no obviousness over the only alleged combinations Viasat relies on (*i.e.*, each of DirecTV System and DISH DVR System in view of TiVo DVR System, and further specifically for claims 3 and 12, each of Smith, Smoyer, and SCSA, DirecTV System, and DISH DVR System in view of McDysan); and (5) dismissing Viasat's Fifth Affirmative Defense of failure to state a claim and its Fourteenth Affirmative Defense of failure to mark.

## <u>MEMORANDUM AND POINTS AND AUTHORITIES</u>

Sandisk seeks partial summary judgment as to certain of Viasat's invalidity defenses and the Fifth and Fourteenth Affirmative Defenses alleged in Viasat's Answer.

A patent is presumed valid, and Viasat as the party raising invalidity defenses bears the burden of proving invalidity of any claims. 35 U.S.C. § 282. Further, invalidity defenses must be proved by clear and convincing evidence. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011). Viasat's expert report on invalidity fell way below this standard. For anticipation, Viasat was required to map elements in a single reference to each and every element of each and every challenged claim. Instead, its pleadings failed to map elements from the references, and simply block quoted from the references without any explanation of how the reference's disclosure contains the required element. For other alleged anticipation arguments, it failed to identify what single reference it was relying on. Its efforts to show obviousness failed as well. Viasat failed to address how any claim would be invalid for obviousness with an explanation of why a skilled artisan would have modified or combined the cited prior art to reach any claims. Instead, it offered conclusory allegations that such modifications or combinations could be made. Viasat's hand-waving approach to invalidity is insufficient. Given that it had the burden to show invalidity through expert testimony and its expert failed to meet the minimal requirements for anticipation and obviousness, summary judgment on all invalidity issues should be entered.

Despite Viasat asserting numerous alleged prior art references and other invalidity grounds in its contentions, Viasat's technical expert, Dr. Almeroth, opined only on anticipation and obviousness with respect to a handful of references. Each of those invalidity allegations is deficient because the asserted references are missing required claim elements and/or Viasat and Dr. Almeroth fail to provide sufficient evidence of why a person of ordinary skill in the art would have combined or modified the references in the way Viasat proposes. Accordingly, summary judgment is appropriate as to ***all of Viasat's prior art-based invalidity defenses*** as to asserted U.S. Patent No. 9,424,400 (the "'400 Patent") and as to asserted U.S. Patent No. 10,447,667 (the "'667 Patent").

Further, in its Answer Viasat alleged purported affirmative defenses of failure to state a claim (Fifth Affirmative Defense) and failure to mark (Fourteenth Affirmative Defense). Summary judgment is appropriate, as these asserted defenses are either not proper affirmative defenses, and/or Viasat cannot adduce evidence sufficient to create a genuine issue of material fact.

## A.  **Background**

Sandisk asserts that Viasat infringes claims from two patents: claims 1, 2, 6, 8, 9, 10, 13, and 17 of the '400 Patent and claims 1–7 and 11–16 of the '667 Patent (collectively, the "asserted claims"). On March 24, 2025—the deadline for the parties to serve expert reports on issues where they bear the burden of proof—Viasat served an Expert Report of Dr. Kevin Almeroth, opining on anticipation or obviousness of the asserted claims. *See* Ex. A ("Almeroth Rep."). Viasat did not serve any other reports opining on invalidity.

With respect to the '400 Patent, Viasat and Dr. Almeroth rely on three alleged prior art references: U.S. Patent No. 8,600,062 to Rae et al. ("Rae"), U.S. Patent Publication No. 2008/0279533 by Buttars ("Buttars"), and U.S. Patent Publication No. 2003/0014630 by Spencer et al. ("Spencer"). Viasat alleges anticipation based on Rae and Buttars, and obviousness based on Rae alone, Rae in view of Spencer, Buttars alone, Buttars in view of Spencer, or Buttars in view of Rae. Ex. A (Almeroth Rep.) at ¶¶ 178, 189, 240–250, 258. Although Viasat's Expert Report includes section titles alleging Rae alone renders obvious the claims of the '400 Patent, it does not discuss this ground for any of the claim elements.

With respect to the '667 Patent, Viasat and Dr. Almeroth rely, *inter alia*, on U.S. Patent Publication No. 2003/0001978 by Smith et al. ("Smith"), U.S. Patent Publication No. 2010/0325675 by Smoyer et al. ("Smoyer"), U.S. Patent Pub. No. 2012/0131623 by McDysan et al. ("McDysan"), and the so-called SCSA, DirecTV, and DISH "systems." Viasat asserts each of Smith, Smoyer, SCSA System, DirecTV System, and DISH DVR System as "primary" references, *i.e.*, that each allegedly anticipates one or more claims, or allegedly discloses the majority of claim limitations for purposes of obviousness. Ex. A (Almeroth Rep.) at ¶¶ 270, 337, 338, 474. With respect to the DirecTV System and DISH DVR System, Viasat relies on

additional disclosures of TiVo DVR System for each of its invalidity grounds. Ex. A (Almeroth Rep.) at ¶¶ 382, 422. With respect to claim 3, Viasat relies on the disclosures of McDysan for each of its invalidity grounds. Ex. A (Almeroth Rep.) at ¶¶ 289, 320, 361, 403, 451.

Viasat filed its Answer to the operative complaint on December 20, 2023. Dkt. 81. Among its affirmative defenses, Viasat alleges the following:

> **FIFTH DEFENSE**
> (Failure to State a Claim)
>
> Plaintiffs' complaint fails to state a claim upon which relief can be granted.
>
> . . . .
>
> **FOURTEENTH DEFENSE**
> (Failure to Mark)
>
> To the extent that Plaintiffs or any predecessors-in-interest and/or any and all licensees of the '400 or '667 Patents failed to properly mark any of their relevant products as required 35 U.S.C. § 287 or otherwise give proper notice that Viasat's actions allegedly infringe the '400 and '667 patents, Viasat is not liable to Plaintiffs for the acts alleged to have been performed before receiving actual notice that it was allegedly infringing the '400 and '667 patents.

*Id.* at 10, 12.

**B.**    **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment must be granted against a party who has failed to introduce evidence sufficient to establish the existence of an essential element of that party's case, on which the party will bear the burden of proof at trial." *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001); Fed. R. Civ. P. 56. "A fact is material if its resolution will affect the outcome of the case." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1323 (Fed. Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "To defeat summary judgment, the evidence as properly construed must be sufficient for a reasonable jury to find for the nonmoving party; a mere scintilla of evidence will not suffice." *Id.*

**Anticipation:** To show anticipation a party must show that every claim element was disclosed in a single patent or printed publication, or that the invention was known, used, in public use, or on sale. 35 U.S.C. § 102(a), (b). Because a patent is presumed valid, the party asserting invalidity has the burden of proof to show anticipation by clear and convincing evidence. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1364 (Fed. Cir. 2018). Summary judgment of no anticipation is appropriate when there is no genuine issue of material fact and "no reasonable jury could find [anticipation] by clear and convincing evidence." *Ctr. Admixture Pharmacy Servs., Inc. v. Adv. Cardiac Sols., P.C.,* 482 F.3d 1347, 1358 (Fed. Cir. 2007).

**Obviousness:** "To invalidate a patent claim based on obviousness, a challenger must demonstrate 'by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so.'" *ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012) (quoting *Procter & Gamble v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009)).

"While it is true that motivation to combine is a question of fact, mere conclusory arguments by an expert without factual support are not 'sufficient for the question of obviousness to reach the jury.'" *Asetek Danmark A/S v. CoolIT Sys. Inc.*, No. 19-CV-00410-EMC, 2022 WL 21306656, at *7 (N.D. Cal. Oct. 25, 2022) (quoting *ActiveVideo Networks*, 694 F.3d at 1327). An invention is not obvious under section 103 "just because it was obvious 'to explore a new technology or general approach that seemed to be a promising field of experimentation, where the prior art gave only general guidance as to the particular form of the claimed invention or how to achieve it.'" *Procter & Gamble Co.*, 566 F.3d at 997 (quoting *In re O'Farrell*, 853 F.2d 894, 903 (Fed. Cir. 1988)).

**Affirmative Defenses:** "Where summary judgment is sought based on an affirmative defense, as it is here, the defendant bears the burden of proof of establishing facts supporting the affirmative defense." *Tech 7 Systems, Inc. v. Vacation Acquisition, LLC*, 594 F. Supp. 2d 76, 80 (Dist. D.C. 2009); *see also Thorpe v. Utility Masters, L.L.C.*, No. 4:09CV92, 2010 WL

11530466, at *2 n.1 (E.D. Tex. July 21, 2010) ("Since Defendants would have the burden to prove these affirmative defenses, it would be their obligation to offer summary judgment evidence to raise a fact issue. . . . [T]he failure of Defendants to offer summary judgment evidence on defenses where they bear the burden of proof would be grounds for granting the motion for summary judgment.").

## C.    Argument

### 1.    Viasat Failed to Present Clear and Convincing Evidence that the '400 Patent Is Anticipated by Either Rae or Buttars

Summary judgment should be granted on Viasat's allegation that claims 1, 2, 6, 8, 9, 10, 13, and 17 of the '400 Patent are anticipated by Rae and by Buttars. Claims 1 and 9—the two independent claims all dependent claims depend on—both require a unique identifier that "is concealed by the portable data storage device," and Viasat has failed to identify that teaching in either Rae or Buttars.

#### a.    Viasat Failed to Present Clear and Convincing Evidence that the '400 Patent Is Anticipated by Rae

Viasat failed to identify any part of Rae that discloses that any of what Viasat asserts are the claimed "unique identifiers" is "concealed by the portable data storage device" as required by all asserted claims in the '400 Patent. For context, the claims of the '400 patent are directed to a kiosk for provisioning secure media content or a method for provisioning secure media content from a kiosk, where one step of such provisioning is to obtain a unique identifier from the device to which media content is provided, *i.e.*, the claimed "portable data storage device." That unique identifier must be "concealed by the portable data storage device."

First, Viasat's expert failed to identify what element or elements of Rae correspond with the claimed "unique identifier." Having failed to provide any mapping whatsoever, his report simply block quotes from Rae without any attempt to indicate what element(s) from Rae disclose the claim limitation. *See, e.g.*, Ex. A (Almeroth Rep.) at ¶¶ 186–188. Anticipation should fail for this reason alone. *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) ("Anticipation requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim.").

Second, the passages Dr. Almeroth quotes reference what Rae calls "device IDs" and "private keys," but nowhere in the block quotes is there any discussion of those items being concealed. Ex. A (Almeroth Rep.) at ¶¶ 186 and 188. Viasat does not even attempt to identify any portion of Rae's disclosure that could possibly show that either the "device IDs" or the "private keys" are concealed by the portable data storage device as required by the claims. Ex. A (Almeroth Rep.) at ¶¶ 184–188.

Acknowledging that Rae does not meet the limitation, Viasat instead argues that this limitation is superfluous and simply asserts that "under Plaintiffs' theory of infringement, any unique identifier of the end-user device—even if it is not 'obtained from' the end-user device, 'specific to' the end-user device, and 'concealed by' the end-user device—would meet the 'unique identifier' limitation." *Id.* at ¶ 185. Setting aside the fact that this is a mischaracterization of Sandisk's infringement positions, Viasat and its expert must prove that all elements of each asserted claim is met to prove anticipation. Viasat cannot simply ignore the requirement that the unique identifier must be concealed, as explicitly stated in the claims. Viasat's failure to identify any disclosure in Rae means that its anticipation ground must fail.

### b.    Viasat Failed to Present Clear and Convincing Evidence that the '400 Patent Is Anticipated by Buttars

Similarly, Viasat failed to identify any part of Buttars that discloses that any of what Viasat asserts are the claimed "unique identifiers" is "concealed by the portable data storage device" as required by all asserted claims.

Viasat's expert failed to identify what element(s) of Buttars correspond with the claimed "unique identifier." Having failed to provide any mapping whatsoever, his report simply block quotes from Buttars without any attempt to indicate what element(s) from Buttars discloses this claim limitation. Ex. A (Almeroth Rep.) at ¶ 239. Anticipation should fail for this reason alone. *Connell*, 722 F.2d at 1548.

The passages Dr. Almeroth quotes reference what Buttars calls a "Playback Device key" but nowhere in the block quotes is there any discussion of the referenced "Playback Device key" being concealed. *Id.* Like with Rae, Viasat does not attempt to identify any portion of Buttars'

disclosure that could possibly demonstrate that the "Playback Device key" is concealed by the portable data storage device as required by the claims. Ex. A (Almeroth Rep.) at ¶¶ 237–240.

Similar to Rae—which also did not meet this limitation—Viasat again argues that the limitation is superfluous by mischaracterizing Sandisk's infringement positions. *Id.* at ¶ 238 ("under Plaintiffs' theory of infringement, any unique identifier of the end-user device—even if it is not 'obtained from' the end-user device, 'specific to' the end-user device, and 'concealed by' the end-user device—would meet the 'unique identifier' limitation."). But again, to prove anticipation, Viasat and its expert must prove that all elements of each asserted claim are met. It is not permitted to hide behind mischaracterized infringement positions and ignore the requirement that the unique identifier must be concealed. Even in the light most favorable to Viasat, Viasat failed to present clear and convincing evidence that Buttars discloses this element of all claims and therefore, its anticipation theory must fail.

### 2. Viasat Failed to Present Clear and Convincing Evidence that Any Claims of the '400 Patent Are Invalid For Obviousness

Recognizing that both Rae and Buttars do not anticipate claims 1 and 9, Viasat also alleges that the claims would have been obvious in light of the following combinations:

- *Buttars Alone*: Viasat argues that claims 1 and 9 are obvious in view of Buttars' disclosures relating to the following claim limitations: "obtain a unique identifier from the portable data storage device, wherein the unique identifier is specific to the portable data storage device and is concealed by the portable data storage device" and "authenticate the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface." Ex. A (Almeroth Rep.) at ¶¶ 240 and 246.

- *Either Rae or Buttars in view of Spencer*: Viasat argues that claims 1 and 9 are obvious in view of either Rae or Buttars in view of Spencer's alleged disclosure of the following claim limitations: "a second data interface configured to communicate, over a network, with a remote trusted server," "obtain a unique identifier from the portable data storage device, wherein the unique identifier is

specific to the portable data storage device and is concealed by the portable data storage device," and "authenticate the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface." Ex. A (Almeroth Rep.) at ¶¶ 178, 189, 241–243, 247–249.

- *Buttars in view of Rae*: Viasat argues that independent claims 1 and 9, and dependent claims 6 and 13, are obvious in view of Rae's alleged disclosure of the following claim limitations: (1) "authenticate the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface" required by claims 1 and 9 and (2) "wherein the second data interface is a network interface" required by dependent claims 6 and 13. Ex. A (Almeroth Rep.) at ¶¶ 250 and 258.

As illustrated below, all of Viasat's combinations fail. Viasat's obviousness arguments are all *ad hoc*, gap-filling arguments made to patch up perceived holes in the disclosure of the primary references, Rae and Buttars.

    **All Grounds**: Importantly, for all its obviousness grounds, Viasat failed to provide any motivation, suggestion or teaching of the desirability for *making the specific combination*. At most, Viasat provides only conclusory arguments, without factual support, that making some unspecified combination may be possible. That is legally deficient. "An invention is not obvious simply because all of the claimed limitations were known in the prior art at the time of the invention," rather there must be "a reason, suggestion, or motivation in the prior art that would lead one of ordinary skill in the art to combine the references, and that would also suggest a reasonable likelihood of success." *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 7398647, at *2 (N.D. Cal. Apr. 13, 2020) (quoting *Forest Labs., LLC v. Sigmapharm Labs., LLC*, 918 F.3d 928, 934 (Fed. Cir. 2019)). This Court has recognized that "[m]ost if not all inventions arise from a combination of old elements . . . . [T]o establish obviousness based on a combination of the elements disclosed in the prior art, there must be some motivation,

1    suggestion or teaching of the desirability of making the specific combination that was made by

2    the applicant." *Id.* (quoting *In re Kotzab*, 217 F.3d 1365, 1369-70 (Fed. Cir. 2000)).

3    **Rae-Buttars and Rae-Spencer Based Grounds**:    At the outset, Viasat asserts that "[a]

4    POSITA would have been motivated to combine Rae with either Buttars or Spencer because they

5    all are directed towards inventions with a similar purpose: enabling the secure transfer of media

6    content from one storage device to another storage device. A POSITA evaluating Rae would

7    naturally consider other similar patents, and to the extent one of the patents contained features

8    missing from others, a POSITA would have been motivated to incorporate such features with the

9    other patents." Ex. A (Almeroth Rep.) at ¶ 156. But being directed to the same purpose is far

10   from enough to establish obviousness. Proving obviousness "requires finding that a person of

11   ordinary skill in the art would have been motivated to combine or modify the teachings in the

12   prior art and would have had a reasonable expectation of success in doing so." *Regents of Univ.*

13   *of Cal. v. Broad Inst., Inc.*, 903 F.3d 1286, 1291 (Fed. Cir. 2018). This requires "identify[ing] a

14   reason that would have prompted a person of ordinary skill in the relevant field to combine the

15   elements *in the way the claimed new invention does*." *Adapt Pharma Operations Ltd. v. Teva*

16   *Pharms. USA, Inc.*, 25 F.4th 1354, 1365 (Fed. Cir. 2022) (quoting *KSR Int'l Co. v. Teleflex Inc.*,

17   550 U.S. 398, 418 (2007)) (emphases added). Viasat failed to spell out in any degree of specificity

18   the relevant features to be combined into Rae or Buttars, the advantages of such features to be

19   combined into the Rae system or the Buttars system as understood by a skilled artisan, how the

20   combination would have been made, or why a skilled artisan would have a reasonable expectation

21   of success in making the specific combination.

22        Viasat's bare contention that a POSITA would combine Rae with Buttars or Spencer,

23   without any specific support, is legally insufficient for any obviousness grounds. Viasat has the

24   burden to prove that it would have been obvious at the time of the invention to make any

25   modifications or combinations in *the specific configuration* claimed by the '400 Patent. *KSR*, 550

26   U.S. at 418. Viasat's expert report lacks this required specificity. More specifically, for example,

27   while proposing to combine Rae and Spencer to meet the requirement of "a second data interface

28   configured to communicate, over a network, with a remote trusted server" in claims 1 and 9,

9

Viasat only alleges that "Spencer describes a network between end-user devices and a remote content server, and a network between a kiosk and a remote content server would also be obvious to a POSITA" but gives no reason why such a "computer network" would provide any specific advantage to the system disclosed by Rae. Ex. A (Almeroth Rep.) at ¶ 178.

**Buttars Alone**:   While proposing to modify Buttars to meet the requirements of "obtain a unique identifier from the portable data storage device, wherein the unique identifier is specific to the portable data storage device and is concealed by the portable data storage device" and "authenticate the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface" in claims 1 and 9, Viasat only conclusorily states that it would have been obvious to use a "Storage Device" instead of what is called a "Playback Device" without explaining what the proposed "Storage Device" in this context would be, or what specific advantages the proposed modification would bring. Ex. A (Almeroth Rep.) at ¶¶ 240 and 246. Viasat also proposes to copy and paste the "security routines" applied to the Playback Device according to some portions of Buttars' disclosure to the "Storage Device" discussed elsewhere in Buttars but again failed to give specific reasons why such a modification would be advantageous. Ex. A (Almeroth Rep.) ¶¶ 248–249.

**Buttars-Spencer Grounds**: While proposing to combine Buttars and Spencer to meet the requirements of "obtain a unique identifier from the portable data storage device, wherein the unique identifier is specific to the portable data storage device and is concealed by the portable data storage device" in claims 1 and 9, Viasat contends that Spencer discloses a method comprising identifying a "digital media playback device" with an identifier but did not provide any reasons why integrating such device identifier into the system according to Buttars would be advantageous. Ex. A (Almeroth Rep.) at ¶¶ 242–243. Similarly, for the requirement of "authenticate the portable data storage device, using at least the unique identifier, by communicating with the remote trusted server over the second data interface," Viasat contends that Spencer discloses a "well known way to authenticate" devices with an identifier but does not provide any reasons why integrating such device identifier into the system according to Buttars would be advantageous. Ex. A (Almeroth Rep.) at ¶¶ 247.

1       **Buttars-Rae Grounds**: While proposing to combine Buttars and Rae to meet the

2   requirement of "authenticate the portable data storage device, using at least the unique identifier,

3   by communicating with the remote trusted server over the second data interface," Viasat only

4   conclusorily states that it would have been obvious to combine Buttars and Rae, without giving

5   any specific reasons why incorporating Rae's so-called "conditional access system" would be

6   advantageous or even feasible. Ex. A (Almeroth Rep.) at ¶¶ 250.

7       Finally, while proposing to combine Buttars and Rae to meet the requirement of "wherein

8   the second data interface is a network interface" in claims 6 and 13, Viasat only conclusorily

9   states that it would have been obvious to combine Buttars and Rae, without even identifying what

10  teachings in Rae constitutes the claimed "second data interface" or why specifically

11  incorporating that into the Buttars system would be advantageous. Ex. A (Almeroth Rep.) at

12  ¶¶ 258. Again, this is insufficient.

13      **Conclusion:** As explained above, all of Viasat's obviousness grounds are hindsight, gap-

14  filling exercises guided by the claim elements themselves. Viasat did not (and cannot) provide

15  any evidence, let alone clear and convincing evidence, that identifies "a reason, suggestion, or

16  motivation in the prior art that would lead one of ordinary skill in the art to combine the

17  references, and that would also suggest a reasonable likelihood of success." *Koninklijke Philips*

18  *Pat. Litig.*, 2020 WL 7398647, at *2. At most, Viasat provides conclusory statements from its

19  expert that do not specify why the specific modifications or combinations would be made to

20  achieve the missing element from the primary reference in the proposed modification or

21  combination. But Viasat's expert report is the exact form of conclusory statements that this Court

22  has specifically rejected in *Asetek Danmark*. In *Asetek Danmark*, this Court rejected an expert

23  report which merely described the problem each of the prior art references attempted to solve

24  and stated that, "because [references] are attempting to solve similar issues and each disclose or

25  teach known techniques that can be used for one another, a POS[IT]A, when reading them

26  together, would have been motivated to combine . . . [the references]." 2022 WL 21306656, at

27  *7 (quoting the rejected expert report in question). Here Viasat did even less: its expert report

28  did not even describe the problem each prior art attempted to solve but simply contended that it

was known and possible to combine. Even assuming Rae, Buttars, and the cited secondary reference Spencer were generally directed to similar purposes,[1] Viasat's obviousness arguments are legally insufficient because Viasat failed to identify how the proposed modification or combination would have been expected to work for any intended purpose. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1326 (Fed. Cir. 2009) ("[T]he 'predictable result' discussed in KSR refers not only to the expectation that prior art elements are capable of being physically combined, but also that the combination would have worked for its intended purpose.") (citing *KSR*, 550 U.S. 398).

As such, the Court should grant summary judgment of no obviousness for the '400 Patent.

**3. Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated**

Summary judgment should be granted on Viasat's allegations that claims 1–7, 11–16 of the '667 Patent are anticipated by Smith, Smoyer, SCSA System, DirecTV System, and DISH DVR System. Claims 1 and 11—the two independent claims all dependent claims depend on—both require an "indication of the NAS device having a secure region," and Viasat has failed to identify that teaching in any of the asserted references.

**a. Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by Smith**

Viasat failed to identify any part of Smith that discloses the claimed "indication of the NAS device having a secure region" as required by all asserted claims in the '667 patent. Under the Court's Claim Construction Order, this term refers to "an indication of the presence of a secure region *within* the NAS device." Dkt. 120 (Claim Construction Order) at 21 (emphasis added). As such, the '667 Patent requires this indication to relate to a particular region that is within the NAS device, not to the NAS device as a whole. However, Viasat failed to identify any portion of Smith that discloses such indication. Ex. A (Almeroth Rep.) at ¶¶ 277–280.

First, Viasat's expert does not identify which element(s) of Smith correspond to the claimed "indication of the NAS device having a secure region." His report simply block quotes from Smith with no explanation. For example, in Dr. Almeroth's discussion of claim 1, which

---

[1] Which they are not. *See* Ex. B (Easttom Rebuttal Report) at ¶¶ 89–91.

includes the "indication of the NAS device having a secure region" requirement, the only words which are not copy-pasted from Smith are "Smith discloses that," "[f]or example," "Smith also discloses that," "Figure 2A illustrates this process; it shows," and "Figure 2B shows a similar system; it shows." Ex. A (Almeroth Rep.) at ¶¶ 277–280. Anticipation should fail for this reason alone. *Connell*, 722 F.2d at 1548.

Second, the passages that Dr. Almeroth quotes reference "a secure storage location on a local, remote, or networked storage device" but nowhere in the blocked quotes is there any discussion of an indication that relates to the secure region within the secure storage device. *Id*. To exacerbate the lack of disclosures, Dr. Almeroth, through mere presentation of block quotes from Smith, failed to identify what he even contends to be the claimed "indication of the NAS device having a secure region" disclosed by Smith.

As discussed above, to prove anticipation, Viasat and its expert had to prove that ***all elements*** of the claims are met. Viasat cannot ignore the requirement that the indication must be directed to a region within the NAS device—as required by the claim construction Viasat itself sought and obtained. Viasat's failure to identify any such disclosure in Smith means that its anticipation ground must fail.

> **b.    Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by Smoyer**

Likewise, Viasat failed to identify any part of Smoyer that discloses the claimed "indication of the NAS device having a secure region" as required by all asserted claims in the '667 Patent. Again, Viasat failed to address the requirement in the Court's Claim Construction Order that this indication is directed to "the presence of a secure region *within* the NAS device." D.I. 120 (Claim Construction Order) at 21 (emphasis added). Viasat failed to identify any portion of Smoyer that discloses such indication. Ex. A (Almeroth Rep.) at ¶¶ 312–313.

First, Viasat's expert does not identify which element(s) of Smoyer correspond to the claimed "indication of a NAS device having a secure region." His report simply block quotes from Smoyer without any attempt to indicate what text from Smoyer shows that the element is met. For example, in Dr. Almeroth's discussion of claim 1 which includes the "indication of the NAS device having a secure region" requirement, the only words which are not copy-pasted from

Smoyer are "Smoyer disclosed that," "[t]his system utilized," "Fig. 4 illustrates this device; it depicts." Ex. A (Almeroth Rep.) at ¶¶ 312–313. Anticipation should fail for this reason alone. *Connell*, 722 F.2d at 1548.

Second, the passages that Dr. Almeroth quotes reference "service provider reserved memory 404," which is described as "a section of memory addresses reserved for the service provider," but nowhere in the block quotes is there any discussion of an indication that relates to this service provider reserved memory. *Id*. To exacerbate the lack of disclosures, Dr. Almeroth, through mere presentation of block quotes from Smoyer, failed to engage in identifying what he even contends to be the claimed "indication of the NAS device having a secure region" disclosed by Smoyer.

As discussed above, to prove anticipation, Viasat and its expert had to prove that ***all elements*** of the claims are met. Viasat cannot ignore the requirement that the indication must be directed to a region within the NAS device. Its failure to identify any such disclosure in Smoyer means that its anticipation ground must fail.

### c. Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by the SCSA System

Viasat, with respect to the SCSA System, failed to identify what the prior art system is, and further failed to identify disclosures related to the claimed "indication of the NAS device having a secure region" as required by all asserted claims in the '667 Patent.

Viasat relies on a range of documents from different sources in its description of the SCSA System that relate to multiple versions of the systems. This results in lack of clarity as to which version of "SCSA" Viasat relies on as invalidating prior art. For example, Viasat cites to a news article from March 2012 discussing "Project Phenix," while also relying on a 2012 document with a link mentioning "Vidity," and also a 2014 presentation regarding SCSA. Ex. A (Almeroth Rep.) at ¶¶ 339, 342, 346, 352, 354, 362, 364, 366, 368 (citing the 2012 Project Phenix article); ¶¶ 339, 342, 346, 349, 352, 354, 356, 362, 364, 366, 368 (citing the Vidity document); ¶¶ 340, 348 (citing the 2014 SCSA presentation). Even though Viasat's expert Dr. Almeroth admits that the SCSA System can mean many different things (referring to Vidity and Project

Phenix), instead of identifying a specific version or product, Visat chose to collect support from a range of diverging products under the single term "SCSA System." *Id*. at ¶ 133.

Indeed, some of this evidence does not even relate to the features in the SCSA System. Sandisk's witness Mr. David Blankenbeckler has already confirmed, while discussing the 2014 SCSA presentation, that SCSA involved many features that were not included in the "soft launch" (around the 2014/2015 timeframe), but were later included in the "hard launch" (around the 2015/2016 timeframe), and therefore may not qualify as prior art in view of the '667 Patent's February 5, 2015 priority date. Blankenbeckler Depo. Tr. at 157:19-158:19. As such, the documents that Viasat relies upon to show the alleged SCSA System do not necessarily reflect an actual prior art system.

In addition, Viasat failed to identify any part of the SCSA system that discloses the claimed "indication of the NAS device having a secure region" as required by all asserted claims in the '667 patent. Again, the Court's Claim Construction Order held that this indication is directed to the presence of a secure region *within* the NAS device. Dkt. 120 (Claim Construction Order) at 21. In other words, this indication cannot be simply directed to the entire NAS device, and must relate to a region within the device. This is precisely why Sandisk pointed to indications related to certain segments within the accused NAS device, and not the entire NAS device itself, in support of Viasat's infringement of the '667 patent. Ex. E (Easttom Opening Report) at ¶¶ 553–581.

Yet, Viasat relies on an incorrect assertion that "Plaintiffs have alleged, for infringement purposes, that a storage device satisfies this claim if there are security measures applied to the *entire device*." Ex. A (Almeroth Rep.) at ¶ 347 (emphasis added). Viasat further asserts that "for purposes of infringement Plaintiffs have previously alleged that *a variable indicating that a storage device is encrypted satisfies the claimed 'indication'* of this limitation." *Id*. at ¶ 350 (emphasis added).[2] Based on these mischaracterizations of Sandisk's infringement theories, and further ignoring the Court's claim construction for the "indication" term, Viasat only points to support related to the encryption of entire devices to satisfy the "indication" requirement. *Id*. at

---

[2] Viasat fails to cite any support for its characterizations of Plaintiffs' alleged infringement read.

SANDISK'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 4:22-CV-4376-HSG-PHK

¶ 351. But to prove anticipation, Viasat and its expert had to prove that all elements of the claims are met. Viasat cannot ignore the requirement that the "indication" must be directed to the presence of a secure region *within* the NAS device, regardless of whether Sandisk allegedly did so for infringement purposes. Viasat's failure to identify any disclosure of such an indication in SCSA System means that its anticipation ground must fail.

### d.    Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by the DirecTV DVR System

Viasat, with respect to the DirecTV DVR System, failed to identify what the prior art system is, and further failed to identify disclosures related to the claimed "indication of the NAS device having a secure region" as required by all asserted claims in the '667 patent.

In support of its invalidity theory, Viasat relies on a range of documents, including those on different versions of the DirecTV DVR. This results in lack of clarity as to the version of DirecTV DVR that Viasat relies on as invalidating prior art. Namely, Viasat points to two different DirecTV DVR receivers, HR23 and Genie, as the alleged prior art system. Ex. A (Almeroth Rep.) at ¶¶ 111, 141. The reliance on two distinct products as a single prior art system itself is improper. *Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1063 (Fed. Cir. 2017) (affirming finding that combing "multiple, distinct teachings" across embodiments, even within the same reference, was insufficient to anticipate a claim). In addition, Viasat even relies on sources beyond these two systems, *e.g.*, the DirecTV Plus HD DVR Receiver. *Id*. at ¶¶ 389, 391-392, 401.[3]  Instead of identifying a specific version or product, Visat improperly chose to collect support from a range of diverging products under the single term "DirecTV DVR System." *Id*. at ¶ 142.

In addition, Viasat failed to identify a specific element of the DirecTV DVR system that discloses the claimed "indication of the NAS device" as required by all asserted claims in the '667 patent. As it did for the SCSA system, Viasat improperly ignored the requirement of an indication directed to the presence of a secure region *within* the NAS device, and instead relied on mischaracterizing Sandisk's infringement theories to argue that it need not satisfy the

---

[3]  Dr. Almeroth refers to the following citations to the Wayback website https://web.archive.org/web/20130526050011/http://www.directv.com/technology/hd_dvr_receiver?lpos=Header:3.

SANDISK'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 4:22-CV-4376-HSG-PHK

requirement explicitly set forth in the Court's claim construction. Based on its mischaracterization of Sandisk's infringement theories, Viasat only points to support related to a device's model to satisfy the "indication" requirement. Ex. A (Almeroth Rep.) at ¶ 392. But, again, to prove anticipation, Viasat and its expert had to prove that all elements of the claims are met. Viasat cannot simply ignore the requirement that the "indication" be that directed to the presence of a secure region *within* the NAS device. Viasat's failure to identify any disclosure of such an indication in DirecTV DVR System means that its anticipation ground must fail.

### e.     Viasat Failed to Present Clear and Convincing Evidence that the '667 Patent Is Anticipated by the DISH DVR

With respect to the DISH DVR System, Viasat failed to identify the specific prior art system, and further failed to identify disclosures related to the claimed "indication of the NAS device having a secure region" as required by all asserted claims in the '667 patent.

In support of its invalidity theory, Viasat again relies on a range of documents, including those regarding different versions of the DISH DVR. This results in lack of clarity as to the version of DISH DVR Viasat relies on as invalidating prior art. Namely, Viasat points to three different DISH DVR receivers, ViP 622, ViP 722, and Hopper / Joey receivers, as the prior art system. Ex. A (Almeroth Rep.) at ¶ 146. The reliance on three distinct products as a single prior art system itself is improper. *Microsoft*, 878 F.3d at 1063. In addition, Viasat even relies on sources beyond these three systems, *e.g.*, the EchoStar DVR. *Id.* at ¶ 457. Instead of identifying a specific version or product, Visat chose to collect support from a range of diverging products under the single term "DISH DVR System." *Id.* at ¶ 146.

In addition, Viasat failed to identify any part of the DISH DVR system that discloses the claimed "indication of the NAS device having a secure region" as required by all asserted claims in the '667 patent. Once more, Viasat ignores the Court's claim construction and tries to hide behind a mischaracterization of Sandisk's infringement theories. Based on its incorrect claim that "for purposes of infringement Plaintiffs have previously alleged that information indicating whether a drive is properly formatted to be able to accept encrypted files satisfies the claimed 'indication' of this limitation," Viasat makes only conclusory statements that DISH DVR

17

Systems meet this limitation. *Id*. at ¶ 433 (emphasis added). Because Viasat ignored claim requirements and failed to identify any support for DISH DVR System meeting the requirement, its anticipation ground must fail.

**4.     Viasat Failed to Present Clear and Convincing Evidence that Any Claims of the '667 Patent Is Invalid As Obvious**

Recognizing that all five primary references fail to anticipate any asserted claim, Viasat argues that it would have been obvious to combine the primary references with McDysan to render obvious claim 3 of the '667 patent. *See* Ex. A (Almeroth Rep.) at ¶¶ 289, 320, 361, 403, 451. In addition, Viasat argues that it would have been obvious to combine either the DirecTV DVR System or DISH DVR System with another system, the TiVo DVR System, where the combined system would have rendered the claims of the '667 patent obvious. *Id*. at ¶¶ 382, 422.

Other than the two types of obviousness arguments above, Viasat's obviousness arguments only add conclusory statements. *See*, *e.g.*, Ex. A (Almeroth Rep.) at ¶¶ 350, 364, 368. In other words, they add nothing more to the anticipation arguments based on the five primary references.

For the reasons below, Viasat failed to present clear and convincing evidence in support of its obviousness arguments with respect to combing any primary reference with McDysan. And Viasat likewise failed with respect to combing either DirecTV DVR System or DISH DVR System with the TiVo DVR System. Viasat's obviousness case is therefore legally insufficient, and summary judgment on obviousness for the '667 Patent should be entered.

**a.     Viasat Failed to Present Clear and Convincing Evidence that Any Claims of the '667 Patent Is Obvious by Combining the TiVo DVR System**

Viasat's arguments regarding prior art combinations including the TiVo DVR System failed, as Viasat does not provide any motivation to combine the proposed combinations. Other than conclusory statements, Dr. Almeroth failed to explain how or why a POSITA would have been motivated to combine any of the primary references with the TiVo DVR System. As such Viasat failed to provide sufficient support for its proposed combinations and cannot satisfy its burden of proving obviousness of the '667 Patent claims.

1    Viasat argues that it would have been obvious to combine the DirecTV DVR System with

2    the TiVo DVR System, Ex. A (Almeroth Rep.) at ¶ 382, or to combine the DISH DVR System

3    with the TiVo DVR System, *id.* at ¶ 422. However, in its attempt to gap-fill the lack of disclosures

4    from DirecTV DVR System and DISH DVR System with that from TiVo DVR, Viasat failed to

5    prove that a person of ordinary skill in the art would have made that specific combination.

6    Instead, Viasat merely asserts that "[t]o the extent [a reference] are missing any limitations from

7    the '667 asserted claims, it would have been obvious to combine [the reference] with the TiVo

8    DVR System," and that "a POSITA would have been motivated to incorporate such features into

9    [the reference]." Ex. A (Almeroth Rep.) at ¶¶ 382, 422. Viasat failed to specify the "missing"

10   features to be combined into any other reference. Viasat also failed to specify the advantages of

11   the combination, how the combination would have been made, or why a skilled artisan would

12   have a reasonable expectation of success in making the specific combination.

13   Once again, Viasat's bare contentions, without any support whatsoever, are legally

14   insufficient for all obviousness grounds. Viasat has the burden to prove that it would have been

15   obvious at the time of the invention to make any modifications or combinations in *the specific*

16   *configuration* claimed by the '667 Patent, but failed to do so. *KSR.*, 550 U.S. at 418 (2007).

17   **b.    Viasat Failed to Present Clear and Convincing Evidence that Claims 3 and 12 of the '667 Patent Is Invalid As Obvious**

18   For claims 3 and 12, Viasat's expert Dr. Almeroth argued that the combination of a

19   primary prior art reference (such as Smith, Smoyer, the SCSA System, DirecTV DVR System,

20   and DISH DVR System) with McDysan renders obvious that claim. Yet other than conclusory

21   arguments, Dr. Almeroth failed to justify how a POSITA would have been motivated to combine

22   any of the primary references with McDysan. As such, Viasat failed to provide sufficient support

23   for *all* of its proposed combinations and cannot satisfy its burden of proving obviousness of

24   claims 3 or 12 of the '667 Patent.

25   Viasat attempts to gap-fill the lack of disclosures from the primary references (*i.e.*, Smith,

26   Smoyer, the SCSA System, DirecTV DVR System, and DISH DVR System) with disclosures

27   from McDysan, but failed to prove that a person of ordinary skill in the art would have made the

28   combination with any specificity. Instead, Viasat merely asserts that "[t]o the extent [a reference]

did not practice [claims 3 or 12], it would have been obvious to combine it with the teachings of another reference such as US Pat. App. Pub. No. 2012/0131623 ('McDysan')." *Id*. Viasat failed to specify the relevant features to be combined into any other reference. Viasat also failed to specify the advantages of such features to be combined into other prior art systems as understood by a skilled artisan, how the combination would have been made, or why a skilled artisan would have a reasonable expectation of success in making the specific combination.

As with the '400 Patent, Viasat's bare contention, without any specific support, is legally insufficient for all obviousness grounds. Viasat had the burden to prove that it would have been obvious at the time of the invention to make any modifications or combinations in *the specific configuration* claimed by the '667 Patent, but failed. *KSR.*, 550 U.S. at 418 (2007). Viasat's invalidity contentions and the supporting expert report lack this required specificity. Further, Viasat's expert report is simply the exact form of conclusory statements that this Court has specifically rejected in *Asetek Danmark* and *Procter & Gamble*. Even assuming Smith, Smoyer, the SCSA System, DirecTV DVR System, and DISH DVR System, and the cited secondary reference McDysan were generally directed to similar purposes,[4] it is legally insufficient.

### 5. Viasat's Fifth Affirmative Defense for Failure to State a Claim is Not a Proper Defense

Viasat's Fifth Affirmative Defense simply states, "Plaintiffs' complaint fails to state a claim upon which relief can be granted." Dkt. 81 at 10. But failure to state a claim is not an affirmative defense. *Barnes v. AT&T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010) (recognizing that failure to state a claim is not a proper affirmative defense but rather, asserts a defect in the prima facie case); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). To the extent Viasat believed that Sandisk's claims were deficient, it could have filed an appropriate motion. *Barnes*, 718 F.Supp.2d at 1174 ("[F]ailure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense."). It did not. Accordingly, Sandisk is entitled to summary judgment

---

[4] Which they do not. Ex. B (Easttom Rebuttal Report) at ¶¶ 333–338, 400–405, 465–470, 556–561, 638–643.

on Viasat's Fifth Affirmative Defense for failure to state a claim, as this is not a proper affirmative defense at all.

### 6.     Viasat Cannot Meet Its Burden Regarding Its Fourteenth Affirmative Defense of Failure to Mark

Viasat's Fourteenth Affirmative Defense asserts that "[t]o the extent that Plaintiffs or any predecessors-in-interest and/or any and all licensees of the '400 or '667 Patents failed to properly mark any of their relevant products as required 35 U.S.C. § 287 or otherwise give proper notice that Viasat's actions allegedly infringe the '400 and '667 patents, Viasat is not liable to Plaintiffs for the acts alleged to have been performed before receiving actual notice that it was allegedly infringing the '400 and '667 patents." Dkt. 81 at 12. But no party has ever identified any product of Sandisk, any predecessor-in-interest, or any licensee that practices the '400 or '667 patents. Accordingly, there is no genuine factual dispute that Section 287's limitation on damages do not apply here.

To the extent Viasat sought to limit damages under § 287, it had the burden to identify products it alleged practiced the patents. *Arctic Cat v. Bombardier Recreational Products*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287."). Viasat did not do so. Its Amended Answer is silent as to any fact supporting this defense. Dkt. 81 at 12. Viasat does not contend in its Responsive Damages Contentions that damages are limited by § 287, and it does not identify any allegedly practicing products. Ex. C (Viasat's Responsive Damages Contentions). Nor does it do so in response to Sandisk's Interrogatory No. 7 seeking Viasat's contentions regarding damages. Ex. D (Viasat's Fourth Supplemental Objections & Responses to Plaintiffs' First Set of Interrogatories (Nos. 1–8) at 15–20. At no point in this case did Viasat identify any allegedly practicing products—a necessary predicate of Viasat's defense of failure to mark. Because Viasat failed to meet its burden under *Arctic Cat*, summary judgment that damages are not limited by § 287 is appropriate.

1

**D.    <u>Conclusion</u>**

2      For the foregoing reasons, Sandisk respectfully requests that the Court grant its Motion

3 for Partial Summary Judgment, finding no anticipation and no obviousness of any asserted claim,

4 and dismissing Viasat's Fifth Affirmative Defense of failure to state a claim and its Fourteenth

5 Affirmative Defense of failure to mark..

6

7 Dated: June 9, 2025                                    GIBSON, DUNN & CRUTCHER LLP

8
                                                        */s/ L. Kieran Kieckhefer*
9                                                        L. Kieran Kieckhefer

10                                                       *Counsel for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28