1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Steven Cherny (*pro hac vice*)
     stevencherny@quinnemanuel.com
     Patrick D. Curran (Bar No. 241630)
3    patrickcurran@quinnemanuel.com
     Hannah E. Dawson (*pro hac vice*)
4    hannahdawson@quinnemanuel.com
     Tzivya H. Beck (*pro hac vice*)
5    tzivyabeck@quinnemanuel.com
     111 Huntington Ave, Suite 520
6    Boston, MA 02199
     Telephone:    (617) 712-7100
7
8  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Anastasia M. Fernands (*pro hac vice*)
     anastasiafernands@quinnemanuel.com
9    Nicola R. Felice (*pro hac vice*)
     nicolafelice@quinnemanuel.com
10   Vanessa Blecher (*pro hac vice*)
     vanessablecher@quinnemanuel.com
11   Alicia Lai (*pro hac vice*)
     alicialai@quinnemanuel.com
12   295 5th Avenue
     New York, NY 10016
13   Telephone:    (212) 849-7000

14  *Attorneys for Defendant Viasat, Inc.*

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                    **OAKLAND DIVISION**

17

18  SANDISK TECHNOLOGIES, INC., et al.,        CASE NO. 4:22-cv-04376-HSG

19                  Plaintiffs,
                                               **DECLARATION OF COLIN WARD IN**
20          v.                                 **SUPPORT OF VIASAT, INC.'S**
                                               **STATEMENT IN SUPPORT OF THE**
21  VIASAT, INC.,                              **ADMINISTRATIVE MOTIONS TO**
                                               **CONSIDER WHETHER ANOTHER**
                                               **PARTY'S MATERIALS SHOULD BE**
22                  Defendant.                 **SEALED [DKTS. 209, 211]**

23

24

25

26

27

28
                                               Case No. 4:22-cv-04376-HSG

C. Ward Decl. In Support of Viasat's Statement Re. Admin. Sealing Mots. [Dkts. 209, 211]

1    I, Colin Ward, declare as follows:

2    1.    I submit this Declaration pursuant to Civil Local Rule 79-5(c) and (f) in support of

3    Viasat, Inc. ("Viasat")'s Statement In Support Of Administrative Motions To Consider Whether

4    Another Party's Material Should Be Sealed [Dkts. 209, 211], to establish that the unredacted

5    versions of (i) certain of the exhibits to Plaintiffs' Motion for Summary Judgment [Dkts. 210-2 to

6    210-6, excepting Dkt. 210-4]; and (ii) Sandisk's Daubert Motion To Exclude Certain Opinions Of

7    Gareth Macartney, Ph.D. and the exhibits thereto [Dkts. 208, 209-3 to 209-7] contain Viasat's

8    confidential information and are subject to sealing by this Court.

9    2.    I am currently employed as Vice President and Chief Litigation Counsel at Viasat,

10    where I have worked for the past nine years.  Previously, I worked as a law clerk to the Honorable

11    Edward M. Chen of the U.S. District Court for the Northern District of California from September

12    2014 to September 2015, in private practice as a litigation associate from September 2013 to

13    September 2014, and as a law clerk to the Honorable Milan D. Smith, Jr. of the Ninth Circuit Court

14    of Appeals from September 2012 to September 2013.  Before that, I also worked in private practice

15    as a litigation associate from September 2011 to September 2012.  If called as a witness, I could and

16    would testify competently to the information set forth in this Declaration.

17    3.    The confidential information in the documents above that Viasat seeks to seal reflect

18    analysis of highly confidential source code and product architecture information, confidential

19    internal Viasat financial information, and confidential, non-public information about Viasat's

20    contracts with third parties.

21    4.    The source code, operation of, and inner workings of Viasat's products and

22    proprietary technology—including details of how Viasat's system is architected (e.g., where specific

23    pieces of source code run), which third-parties Viasat's products interact with, and how Viasat

24    actually hosts and distributes content—are not apparent from normal consumer operation.  If this

25    confidential source code and product operation information were disclosed, competitive harm could

26    result for Viasat.  For instance, Viasat's competitors could use this information to replicate Viasat's

27    software architecture; something that Viasat invested time and resources to develop.

28

5.    If released, the confidential financial and contract information that Viasat seeks to seal would enable Viasat's competitors to gain insight into Viasat's business model, strategy and pricing.

WHEREFORE, I respectfully request that the Court issue Viasat's [Proposed] Order Granting Plaintiffs' Administrative Motion to Seal [Dkt. 218-23], and seal the unredacted versions of (i) certain of the exhibits to Plaintiffs' Motion for Summary Judgment [Dkts. 210-2 to 210-6, excepting 210-4]; and (ii) Sandisk's Daubert Motion To Exclude Certain Opinions Of Gareth Macartney, Ph.D. and the exhibits thereto [Dkts. 208, 209-3 to 209-7] .

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed on June 16, 2025 in Los Angeles, California.

DATED:  June 16, 2025                Respectfully submitted,


By  */s/ Colin Ward*_____
                    Colin Ward



**ATTESTATION**


I, Patrick D. Curran, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Colin Ward has concurred in the aforementioned filing.

    */s/ Patrick D. Curran*
    Patrick D. Curran

C. Ward Decl. In Support of Viasat's Statement Re. Admin. Sealing Mots. [Dkts. 209, 211]