QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
  Hannah Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  111 Huntington Ave, Suite 520
  Boston, MA 02199
  Telephone:   (617) 712-7100
  Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
  295 5th Avenue
  New York, NY 10016
  Telephone:   (212) 849-7000
  Facsimile:   (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>VIASAT, INC.,<br><br>          Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT** |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on August 21, 2025, Defendant Viasat, Inc. ("Viasat" or "Defendant") will and hereby does move the Court to grant Viasat's motion for leave to file a second motion for summary judgment. Good cause exists to allow a second motion on the distinct issue of patentee standing involving undisputed issues of fact. Viasat respectfully requests the Court grant Viasat's motion for leave to file a second motion for summary judgment.

This Motion is based on this Notice, the Memorandum included herein, the Declaration of Patrick D. Curran and accompanying exhibits, the proposed Order served concurrently herewith, and any oral or documentary evidence adduced at the oral hearing on this matter.

DATED: June 20, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Patrick D. Curran*
Patrick D. Curran
Attorneys for Defendant Viasat, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Viasat, Inc. ("Viasat") respectfully asks the Court for leave to file a second motion for summary judgment seeking dismissal of SanDisk Technologies LLC ("SDT") for lack of standing. Unfortunately, Plaintiffs both belatedly confirmed that SDT does not have standing to pursue this action while also refusing to voluntarily dismiss SDT from this litigation.

Viasat tried for months to avoid burdening the Court with this issue given it is clear SDT and its predecessor, Western Digital Ireland Ltd. ("WDI"), do not have standing. But as this Court previously found, Plaintiffs have been "needlessly cagey" about standing in this action. Dkt. 72 at 4–5. While the Court nevertheless ultimately permitted WDI/SDT to prosecute this action, the Court previously also noted that if discovery established one or more plaintiffs lacked standing, Viasat should move for summary judgment.[1] Discovery established just that. Yet Plaintiffs will not voluntarily dismiss SDT. Viasat thus has no choice but to seek leave to move for summary judgment on that issue.

It is hard to understand why Plaintiffs are forcing Viasat to make this motion. It should have been obvious to Plaintiffs that WDI and its successor SDT did not have standing. Nearly a month ago, Plaintiffs appeared willing to resolve this dispute without Court intervention. But Plaintiffs then took no steps to voluntarily dismiss SDT and, most recently have improperly attempted to condition dismissal upon extracting concessions from Viasat.

District courts have discretion to permit successive motions for summary judgment. *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Allowing second motions is logical when it promotes just, speedy, inexpensive resolution of suits. *Id.* (citing Fed. R. Civ. P. 1 for the proposition that "allowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits"). A second motion assists in efficiently resolving a suit when it addresses issues "distinct" from a prior motion for summary judgment. *Casa Nido*

---

[1] *See* Dkt. 72 at 5 ("Because the Court finds that Plaintiffs have sufficiently pled that each [plaintiff entity] possess some exclusionary rights in the [asserted] patents, Plaintiffs have met their burden at this stage to adequately plead standing to sue under 35 U.S.C. § 281. However, *if facts come to light during discovery that undermine these allegations, the Court would consider entertaining a partial motion for summary judgment as to issues of patentee standing*.") (emphasis added).

*Partnership v. Kwon*, No. 20-CV-07923-EMC, 2024 WL 628438, at *1 (N.D. Cal. Feb. 14, 2024) (finding no prejudice to the non-movant and permitting a second motion for summary judgment on a "distinct" cause of action). A second motion also assists in efficiently resolving a suit when there is no "plainly disputed issue of fact." *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 4281336, at *2 (N.D. Cal. Sept. 21, 2021). Filing a second motion for summary judgment is permitted by both the Federal Rules of Civil Procedure and this Court's civil standing order. *See* Standing Order ¶ 20 ("Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court and must show good cause."). Viasat requests leave to do so here.

Good cause exists to allow a second motion on the distinct issue of patentee standing. The proposed second motion for summary judgment would facilitate the efficient resolution of that discrete issue of whether a particular plaintiff entity does, in fact, possess exclusionary rights in the '400 and '667 patents. Addressing these distinct issues at the summary judgment phase will narrow and focus the case for trial, including by eliminating entities that have no standing to pursue claims at trial. *Casa Nido*, No. 2024 WL 628438, at *1 (finding good cause where second motion addresses distinct legal issues).

Good cause also exists because the proposed second motion for summary judgment involves different undisputed issues of fact than the previously filed motion. There are no disputed issues of fact as to the rights WDI or its successor SDT have in the '400 and '667 patents. As explained in the proposed motion for summary judgment, documents prepared by Plaintiffs' own counsel (and verified in deposition by Plaintiffs' 30(b)(6) corporate representative) admit and graphically illustrate that SDT has no exclusionary rights to the '400 and '667 patents. Viasat's proposed second motion for summary judgment is therefore likely to resolve the undisputed issue of SDT's lack of standing and facilitate resolution of disputed issues. *See Hoffman*, 593 F.3d at 911.

For the foregoing reasons, Viasat asks the Court for leave to file the attached summary judgment motion to dismiss SDT for lack of standing.

| | | |
|---|---|---|
| DATED: June 20, 2025 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By | /s/ *Patrick D. Curran* |
| | | Patrick D. Curran<br>*Attorneys for Viasat, Inc.* |

# **CERTIFICATE OF SERVICE**

I hereby certify that, on June 20, 2025, a copy of the foregoing was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: June 20, 2025

By  /s/ Patrick D. Curran
Patrick D. Curran