QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>              Plaintiffs,<br><br>        v.<br><br>VIASAT, INC.,<br><br>              Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[FILED CONCURRENTLY WITH [PROPOSED] ORDER RE MOTION TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) and the Protective Order (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Administrative Motion to File Under Seal, seeking to seal portions of the unredacted versions of: (i) Viasat's Response In Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D [Dkt. 225] and Exhibits A to D thereto [Dkts. 225-2 to 225-5].

| Dkt. No. Sealed/ (Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| Dkt. 226-2 / (225) | Viasat's Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D | Analysis of Viasat confidential technical information, financial information, and product and contract information, including confidential information about Viasat's source code and how Viasat secures its products, as well as analysis revealing the specific terms of Viasat's contracts with third parties (on portions of pages 1, 3, 4, 5, 7, 9, 11) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3, 4, 5 |
| Dkt. 226-3/ (225-2) | Ex. A to the Curran Declaration in Support of Viasat's Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D – an excerpt from Dr. Almeroth's April 14, 2025 Rebuttal Non-Infringement Report | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties and analysis of Viasat confidential technical information, including the information about Viasat's product architecture (on portions of pages 16) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3, 4, 5 |
| Dkt. 226-4/ (225-3) | Ex. B to the Curran Declaration in Support of Viasat's Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D – an excerpt from Dr. Gareth Macartney's workpapers, served alongside his rebuttal damages report on April 14, 2025 | Analysis of Viasat confidential product and contract information, including the specific terms of Viasat's contracts with third parties and non-public information about the usage of Viasat's services (on redacted portions of sole page) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3, 5 |
| Dkt. 226-5/ (225-4) | Ex. C to the Curran Declaration in Support of Viasat's Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D – an excerpt from Ms. Lauren Kindler's March 24, 2025 Expert Report and the Appendices thereto | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties and confidential internal metrics about Viasat's products and services (on portions of pages 149, 150, 153) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – | Ward. Decl. ¶¶ 3, 5 |

| Dkt. No. Sealed/ (Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
|  |  | SOURCE CODE" under the Protective Order (Dkt. 90). |  |
| Dkt. 226-6/ (225-5) | Ex. D to the Curran Declaration in Support of Viasat's Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D – an excerpt from the transcript of the deposition of Finn Hughes | Analysis of Viasat confidential technical and source code-related information, including the names and descriptions of variables (on portions of pages 188, 189) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3, 4 |

Viasat seeks to seal only the portions of its Opposition and the exhibits thereto that contain Viasat's highly confidential source code, product operation, financial, and contract information. Filed concurrently herewith are redacted versions of each document that redact only the highly confidential information noted above (at the pages noted in the table above). If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'s Administrative Motion to File Under Seal ("Ward Decl.") (filed concurrently herewith).

Records attached to nondispositive motions must meet the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh

the public's interest in disclosure and justify sealing court records exist . . . such as the use of records to . . . release trade secrets." "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (citations and internal quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"); Dkt. 435, Order on Motions to Seal ("The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and proprietary information relating to the operations of Defendant."); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database). Likewise, damages analyses that reference a party's confidential financial information warrant sealing. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014); *see also Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV-07250-HSG, 2023 WL 2600464, at *1 (N.D. Cal. Mar. 21, 2023) (finding compelling reasons to seal monthly financial metrics and projections of future revenue as "confidential business and financial information").

### A. Viasat's Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D

If filed publicly, the Viasat highly confidential information reflected in Viasat's Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D [Dkt. 225] could be used by Viasat's competitors or by actors with negative intent, to Viasat's detriment. *See*

Ward Decl. ¶¶ 3-5. Specifically, the Opposition contains discussions of confidential information about Viasat's security practices for its products; and information about Viasat's source code. The redacted portions of the Opposition reflect Viasat's highly confidential information about the operation of and source code for Viasat's products, including information about how Viasat's products have changed over time that might reveal security vulnerabilities. These confidential references to the architecture of Viasat's products warrant sealing. The source code, operation of, and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4. If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; *see also Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

The redacted portions of the Opposition also reflect information about the pricing structure of its agreements with a supplier and information about the terms of its agreement with a customer.

Information about Viasat's contracts with third parties, and the specific terms in two such contracts, (including pricing information) could be used by Viasat's competitors to Viasat's detriment. *Baird v. BlackRock Institutional Tr., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019) (citations and quotations omitted) ("[C]onfidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard. The disclosure of this non-public business information could reasonably place [Visa] at a competitive disadvantage if disclosed."); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing confidential business information "prevent[ed] competitors from gaining insight into the

parties' business model and strategy"). *MiCamp Sols., LLC v. Visa Inc.*, No. 23-CV-06351-HSG, 2025 WL 1063419, at *2 (N.D. Cal. Mar. 28, 2025). These confidential references to the Viasat's financial information and contractual dealings warrant sealing. Viasat's internal financial information, and the terms of its contracts with customers, are not publicly available and would provide Viasat's competitors with an unfair advantage in competitive bidding against Viasat. *See* Ward Decl. ¶¶ 3, 5. If this confidential information was disclosed, significant competitive harm could result.

**B.      Exhibits A, B, C, and D to Viasat's Opposition to Sandisk's Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D**

Exhibits A, B, C, and D contain similar types of confidential information and warrant partial sealing for much the same reasons as the Opposition's analysis of them does.

Specifically, Exhibit A—an excerpt from Dr. Almeroth's April 14, 2025 Rebuttal Non-Infringement Report—contains Viasat's confidential financial and contract information, including the specific terms of Viasat's contracts with third parties for certain software its products use; as well as analysis of Viasat confidential technical information, including the information about Viasat's product architecture.  This information could harm Viasat if revealed, both by permitting its competitors unfair insights into how Viasat's products work and what cost structures Viasat's products have, and by permitting ill-intended members of the public with information they could try to use to breach Viasat's products and their security features.  The unredacted portions of this exhibit should therefore be sealed. Ward Decl. ¶¶ 3-5.

Exhibit B—an excerpt from Dr. Gareth Macartney's workpapers—contains a detailed analysis of Viasat confidential product and contract information, including the specific terms of Viasat's contracts with third parties and non-public usage metrics related to Viasat's services, which competitors could use to unfairly benchmark against Viasat's products or gain insight into Viasat's costs. The unredacted portions of this exhibit should therefore be sealed. Ward Decl. ¶¶ 3, 5.

Exhibit C—an excerpt from Ms. Lauren Kindler's March 24, 2025 Expert Report and the Appendices thereto—contains analysis of Viasat's confidential financial information and its

confidential product and contract information, including the specific terms of Viasat's contracts with third parties and confidential internal metrics about Viasat's products and services. As with similar discussion in the Opposition, these confidential pieces of information warrant sealing. Ward Decl. ¶¶ 3, 5.

Exhibit D—an excerpt from the transcript of the deposition of Finn Hughes—contains testimony from Mr. Hughes about Viasat's product architecture and its confidential technical and source code-related information. The unredacted portions of this exhibit should therefore be sealed. Ward Decl. ¶¶ 3, 4.

Pursuant to Civil Local Rule 79-5(c), and on the basis of the harm to Viasat if disclosed, Viasat submits this motion which establishes good cause to permit the sealing of the unredacted versions of the aforementioned Opposition and Exhibits.

1
2
3  DATED: June 23, 2025           QUINN EMANUEL URQUHART &
4                                 SULLIVAN, LLP
5
6                                 By /s/ *Patrick D. Curran*
7                                    Patrick D. Curran
8                                    *Attorney for Defendant Viasat Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, a copy of the foregoing response, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: June 23, 2025           By  */s/ Patrick D. Curran*
                                   Patrick D. Curran