QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKTS. 231-234]**<br><br>[FILED CONCURRENTLY WITH [PROPOSED] ORDER RE APPLICATION FOR LEAVE TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) & (f) and the Protective Order entered in this case (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Response to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed [Dkts. 231-234].

As to Plaintiffs' first motion to consider whether another party's material should be sealed [Dkt. 231], Viasat seeks to seal portions of: excerpts from the Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 [Dkt. 231-3]; excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 [Dkt. 231-4]; excerpts from the Expert Report of Dr. Kevin Almeroth, served by Viasat on March 24, 2025 [Dkt. 231-5]; VIASAT_00003234 [Dkt. 231-6]; excerpts from VIASAT_00003288 [Dkt. 231-7]; excerpts from VIASAT_00006471 [Dkt. 231-8]; VIASAT_00006927 [Dkt. 231-9]; excerpts from VIASAT_00007973 [Dkt. 231-10]; excerpts from VIASAT_00014633 [Dkt. 231-11]; excerpts from the Deposition transcript of Jason Neri, taken on February 5, 2025 [Dkt. 231-14]; and excerpts from Viasat's Fourth Supplemental Objections & Responses to Plaintiffs' First Set of Interrogatories (Nos. 1–8), dated February 7, 2025 [Dkt. 231-15] (collectively, the "MTS Experts Exhibits"); as well as portions of Sandisk's Opposition to Viasat's Motion to Strike Portions of Sandisk's Expert Reports [Dkt. 231-2] (the "MTS Experts Opposition"), which relies on the foregoing attachments.

As to Plaintiffs' second motion to consider whether another party's material should be sealed [Dkt. 232], Viasat seeks to seal portions of: excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 [Dkt. 232-2]; and the Supplemental Expert Rebuttal Report of Ms. Lauren Kindler, served by SanDisk on May 5, 2025 [Dkt. 232-3] (collectively, the "MTS Kindler Exhibits").

As to Plaintiffs' third motion to consider whether another party's material should be sealed [Dkt. 233], Viasat seeks to seal portions of: the Deposition transcript of Jason Neri, taken on February 5, 2025 [Dkt. 233-3]; the Deposition transcript of Des O'Sullivan, taken on February 26, 2025 [Dkt. 233-4]; and the Errata to the Expert Report of Dr. Chuck Easttom, served by SanDisk on June 23, 2025 [Dkt. 233-5] (collectively, the "MTS '400 Exhibits"); as well as portions of

Sandisk's Opposition to Viasat's Motion to Strike Plaintiffs' '400 Patent "Authenticating" Theories [Dkt. 233-2] (the "MTS '400 Opposition"), which relies on the foregoing attachments.

As to Plaintiffs' fourth motion to consider whether another party's material should be sealed [Dkt. 234], Viasat seeks to seal portions of: excerpts from the Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 [Dkt. 234-3]; excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 [Dkt. 234-4]; and excerpts from the Deposition transcript of Lauren Kindler, taken on May 9, 2025 [Dkt. 234-5] (collectively, the "MTE Exhibits"); as well as portions of Sandisk's Opposition to Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler [Dkt. 234-2] (the "MTE Opposition"), which relies on the foregoing attachments.

| Dkt. No.<br>(Original Filing/Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| 231-2 / 239-2 | Sandisk's Opposition to Viasat's Motion to Strike Portions of Sandisk's Expert Reports | Viasat confidential technical and source code-related information (on portions of PDF pages 5, 8-10, 14, and 19-23) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 231-3 / 239-3 | Excerpts from the Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF pages 2-69) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 231-4 / 239-4 | Excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 9, 11, 13-23, 30-42, 44-46, and 50) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 |
| 231-5 / 239-5 | Excerpts from the Expert Report of Dr. Kevin Almeroth, served by Viasat on March 24, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF page 14) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 231-6 / N/A | VIASAT_00003234 | Plaintiffs filed as an exhibit an *entire internal technical document (all 56 pages)*. Plaintiffs did this despite *only citing to 8 pages (-3241, 44, 46-48, 50, 84, and 352)*. The document was marked by Viasat as "HIGHLY CONFIDENTIAL – | Ward. Decl. ¶¶ 3-4 |

| | | |
|---|---|---|
| | | ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed the entire document despite only citing to 8 pages, Viasat requests that the entire document remain sealed given the confidential nature of the topics discussed in this document and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | |
| 231-7 / N/A | Excerpts from VIASAT_00003288 | Plaintiffs filed as an exhibit a **_43-page excerpt_** from a confidential sales presentation with materials not revealed publicly as a compilation, and which competitors could use to unfairly compete against Viasat. Plaintiffs did this despite **_only citing to 8 pages (-3310, 12, 13, 16, 17, 40, and 41)_**. The document was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed an unnecessarily large excerpt of the document despite only citing to 8 pages, Viasat requests that the entire document remain sealed given the confidential nature of the topics discussed in this document and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-5 |
| 231-8 / N/A | Excerpts from VIASAT_00006471 | Plaintiffs filed as an exhibit a **_17-page excerpt_** from a confidential sales presentation with materials not revealed publicly as a compilation, and which competitors could use to unfairly compete against Viasat. Plaintiffs did this despite **_only citing to 1 page (-6495)_**. The document was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed an unnecessarily large excerpt of the document despite only citing to 1 page, Viasat requests that the entire document remain sealed given the confidential nature of the topics discussed in this document and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-5 |
| 231-9 / N/A | VIASAT_00006927 | Plaintiffs filed as an exhibit an **_entire internal technical document (all 66 pages)_**. Plaintiffs did this despite **_only citing to 1 page (-6929)_**. The document was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed the entire document despite only citing to 1 page, Viasat requests that the entire document remain sealed given the confidential nature of the topics discussed in this document and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 231-10 / 239-6 | Excerpts from VIASAT_00007973 | Viasat confidential sales presentation materials, revealing information about a third-party customer, and which competitors could use to unfairly compete against Viasat, (on portions of PDF pages 2 and 3) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' | Ward. Decl. ¶¶ 3-5 |

| | | | |
|---|---|---|---|
| | | EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | |
| 231-11  / 239-7 | Excerpts from VIASAT_00014633 | Analysis of Viasat confidential, sensitive commercial contract terms, including specific pricing terms and formulas, (on portions of PDF pages 2-17) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 |
| 231-12  / N/A | Excerpts from the Deposition transcript of Edwin Edillon, taken on February 7, 2025 | Viasat does not seek to seal any portion of this exhibit. | N/A |
| 231-13  / N/A | Excerpts from the Deposition transcript of Ajai Tuli, taken on February 5, 2025 | Viasat does not seek to seal any portion of this exhibit. | N/A |
| 231-14  / 239-8 | Excerpts from the Deposition transcript of Jason Neri, taken on February 5, 2025 | Confidential testimony of a Viasat employee relating to technical details of Viasat's systems (on portions of PDF pages 7-9) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 231-15  / 239-9 | Excerpts from Viasat's Fourth Supplemental Objections & Responses to Plaintiffs' First Set of Interrogatories (Nos. 1– 8), dated February 7, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF pages 21, 22, 24, 26-28, 34, 35, 37, and 38) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 232-2  / 239-10 | Excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 4-10 and 12) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 |
| 232-3  / 239-11 | the Supplemental Expert Rebuttal Report of Ms. Lauren Kindler, served by SanDisk on May 5, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 5-25) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 |
| 232-4  / N/A | Excerpts from the Deposition transcript of Lauren Kindler, taken on May 9, 2025 | Viasat does not seek to seal any portion of this exhibit. | N/A |
| 233-2  / 239-12 | Sandisk's Opposition to Viasat's Motion to Strike Plaintiffs' '400 Patent "Authenticating" Theories | Analysis and quoting/excerpting of Viasat confidential technical documentation (on portions of PDF pages 2 and 7-16) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY | Ward. Decl. ¶¶ 3-4 |

| | | | | |
|---|---|---|---|---|
| | | | CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | |
| 233-3 / N/A | | Deposition transcript of Jason Neri, taken on February 5, 2025 | Plaintiffs filed as an exhibit the **entire deposition transcript (all 223 pages) of Mr. Neri**, one of Viasat's engineers and a 30b6 designee on topics related to Viasat's technical documentation and source code. Plaintiffs did this despite **only citing to (not even quoting from) 14 lines (45:13-46:1)**. The transcript was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). Because Plaintiffs have filed the entire deposition transcript despite only citing to 14 lines, Viasat requests that the entire transcript remain sealed given the confidential nature of the topics discussed in this transcript and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 233-4 / N/A | | Deposition transcript of Des O'Sullivan, taken on February 26, 2025 | Plaintiffs filed as an exhibit the **entire deposition transcript (all 203 pages) of Mr. O'Sullivan**, one of Viasat's engineers and a 30b6 designee on topics related to Viasat's technical documentation and source code. Plaintiffs did this despite **only citing to (not even quoting from) 46 lines (48:20-50:15)**. The transcript was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). Because Plaintiffs have filed the entire deposition transcript despite only citing to 46 lines, Viasat requests that the entire transcript remain sealed given the confidential nature of the topics discussed in this transcript and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 233-5 / 239-13 | | Errata to the Expert Report of Dr. Chuck Easttom, served by SanDisk on June 23, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF pages 2-7) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 234-2 / 239-14 | | Sandisk's Opposition to Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 3 and 5-8) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 |
| 234-3 / 239-15 | | Excerpts from the Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF pages 2-24) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |

| 234-4 / 239-16 | Excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 5-12) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 |
|---|---|---|---|
| 234-5 / 239-17 | Excerpts from the Deposition transcript of Lauren Kindler, taken on May 9, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 3 and 4) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 |

Viasat seeks to seal only the portions of these motions and exhibits that contain Viasat's highly confidential source code, product operation, financial, and contract. Filed concurrently herewith are redacted versions of each document that redact only the highly confidential information noted above (at the pages noted in the table above). If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'s Statement in Support of the Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed ("Ward Decl.") (filed concurrently herewith).

Courts generally apply a "compelling reasons" standard when considering motions to seal documents attached to dispositive motions. *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-CV-01247-HSG, 2022 WL 1131632, at *1 (N.D. Cal. Mar. 29, 2022) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to seal documents in connection with a dispositive motion must "articulate compelling reasons supported by specific factual findings, such as "the use of records to … release trade secrets," that "outweigh" the strong presumption in favor of public access. *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard and requires that the party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade

secret or otherwise entitled to protection under the law ... The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist . . . such as the use of records to . . . release trade secrets." "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (citations and internal quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"); Dkt. 435, Order on Motions to Seal ("The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and proprietary information relating to the operations of Defendant."); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential

information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database). Likewise, damages analyses that reference a party's confidential financial information warrant sealing. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014); *see also Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV-07250-HSG, 2023 WL 2600464, at *1 (N.D. Cal. Mar. 21, 2023) (finding compelling reasons to seal monthly financial metrics and projections of future revenue as "confidential business and financial information").

### A.    Documents Containing Confidential Business Information

If filed publicly, the Viasat highly confidential information reflected in the MTE Opposition and certain Exhibits thereto—excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 [Dkt. 234-4]; and excerpts from the Deposition transcript of Lauren Kindler, taken on May 9, 2025 [Dkt. 234-5]—as well as certain of the MTS Experts Exhibits and MTS Kindler Exhibits—excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 [Dkt. 231-4]; excerpts from VIASAT_00003288 [Dkt. 231-7]; excerpts from VIASAT_00006471 [Dkt. 231-8]; excerpts from VIASAT_00007973 [Dkt. 231-10]; excerpts from VIASAT_00014633 [Dkt. 231-11]; excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 [Dkt. 232-2]; and the Supplemental Expert Rebuttal Report of Ms. Lauren Kindler, served by SanDisk on May 5, 2025 [Dkt. 232-3] (collectively, the "MTS Kindler Exhibits")—could be used by Viasat's competitors to Viasat's detriment. *See* Ward Decl. ¶¶ 3-5; *see also Baird v. BlackRock Institutional Tr., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019) ("[C]onfidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard."). The disclosure of this non-public business information "could reasonably place [Visa] at a competitive disadvantage if disclosed." ); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing

that sealing confidential business information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"). *MiCamp Sols., LLC v. Visa Inc.*, No. 23-CV-06351-HSG, 2025 WL 1063419, at *2 (N.D. Cal. Mar. 28, 2025).

The redacted portions of the MTE Opposition reflect the confidential contractual terms of Viasat's agreements with third parties and information about how Viasat's products a customers and suppliers, and other financial information. The MTE Opposition Exhibits, MTS Experts Exhibits, and MTS Kindler Exhibits should be sealed for the same reasons. First, the excerpts from Ms. Kindler's deposition (Dkt. 234-5) and her reports (Dkt. 231-4, 232-2, 232-3, and 234-4) reflect Ms. Kindler's underlying analysis of Viasat's confidential internal metrics, its confidential contracts with its customers and suppliers, and other financial information, including pricing and profitability information. Second, VIASAT_00003288, VIASAT_00006471, and VIASAT_00007973 reflect internal marketing presentations provided to third-party partners about Viasat's services, revealing non-public information about Viasat's dealings with those third-parties. Finally, VIASAT_00014633 reflects a specific, confidential contract with a third-party supplier revealing non-public information about the terms of Viasat's dealings with that third-party, including confidential information how it secures its services.

These confidential references to the Viasat's financial information, internal metrics, security practices and contractual dealings warrant sealing. Viasat's internal financial information, and the terms of its contracts with customers, are not publicly available and would provide Viasat's competitors with an unfair advantage in competitive bidding against Viasat. *See* Ward Decl. ¶¶ 3, 5. If this confidential information was disclosed, significant competitive harm could result for Viasat. Further, confidential information about Viasat's security practices with respect to its products warrants sealing. The inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4. If this confidential product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary product operation

information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *See Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

**B.    Documents Containing Confidential Technical Information**

If filed publicly, the Viasat highly confidential information reflected in the MTS Experts Opposition and the MTS '400 Opposition, and certain Exhibits thereto—excerpts from the Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 [Dkt. 231-3]; excerpts from the Expert Report of Dr. Kevin Almeroth, served by Viasat on March 24, 2025 [Dkt. 231-5]; VIASAT_00003234 [Dkt. 231-6]; VIASAT_00006927 [Dkt. 231-9]; excerpts from the Deposition transcript of Jason Neri, taken on February 5, 2025 [Dkt. 231-14]; excerpts from Viasat's Fourth Supplemental Objections & Responses to Plaintiffs' First Set of Interrogatories (Nos. 1–8), dated February 7, 2025 [Dkt. 231-15]; the Deposition transcript of Jason Neri, taken on February 5, 2025 [Dkt. 233-3]; the Deposition transcript of Des O'Sullivan, taken on February 26, 2025 [Dkt. 233-4]; and the Errata to the Expert Report of Dr. Chuck Easttom, served by SanDisk on June 23, 2025 [Dkt. 233-5]—as well as certain of the MTE Exhibits—excerpts from the Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 [Dkt. 234-3]—would likewise cause competitive harm to Viasat.

If filed publicly, the Viasat highly confidential information reflected in the MTS Experts Opposition, MTS '400 Opposition, MTS Experts Exhibits, MTS '400 Exhibits, and MTE Exhibits could be used by Viasat's competitors to Viasat's detriment because they reflect highly confidential information about the operation of and source code for Viasat's products, including about source code variables and how those variables relate to the way that Viasat's products operate. *See* Ward Decl. ¶¶ 3-4. Specifically, the redacted portions of the MTS Experts Opposition and MTS '400 Opposition reflect confidential information about the technical operation of Viasat's products. The expert reports of Dr. Kevin Almeroth [Dkt. 231-5], and Dr. Easttom [Dkt. 231-3, 233-5, and 234-3], and Viasat's Fourth Supplemental Objections & Responses to Plaintiffs'

First Set of Interrogatories (Nos. 1–8), dated February 7, 2025 [Dkt. 231-15], each contain analysis of confidential information about Viasat's non-infringing alternatives and the technical operation of Viasat's products, which Viasat keeps confidential to protect the security of Viasat's products from bad actors and to preserve Viasat's competitive standing.  The deposition transcripts of Jason Neri [Dkt. 231-14 and 233-3] and Des O'Sullivan [Dkt. 233-4] both contain technical testimony from Viasat engineers concerning Viasat's documentation and source code.  VIASAT_00003234 [Dkt. 231-6] and VIASAT_00006927 [Dkt. 231-9] are both internal technical documents containing detailed information concerning the technical operation of Viasat's products.  These confidential references to the architecture of Viasat's products, and the source code, operation of, and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4.

If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; *see also Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

Pursuant to Civil Local Rule 79-5(c) and (f), and on the basis of the harm to Viasat if disclosed, Viasat submits this motion which establishes good cause to permit the sealing of the unredacted versions of the aforementioned Motion and Exhibits.

1

2     DATED: June 30, 2025            QUINN EMANUEL URQUHART &
3                                   SULLIVAN, LLP

4

5                                By  /s/ *Patrick D. Curran*

6                                    Patrick D. Curran

7                                 *Attorney for Defendant Viasat Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2025, a copy of the foregoing response, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED:  June 30, 2025                    By  */s/ Patrick D. Curran*
                                            Patrick D. Curran