**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>VIASAT, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 4:22-cv-04376-HSG<br><br>**DECLARATION OF COLIN WARD IN SUPPORT OF VIASAT, INC.'S STATEMENT IN SUPPORT OF THE ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [DKTS. 231-234]** |

I, Colin Ward, declare as follows:

1. I submit this Declaration pursuant to Civil Local Rule 79-5(c) in support of Viasat, Inc. ("Viasat")'s Statement In Support Of Administrative Motions To Consider Whether Another Party's Material Should Be Sealed [Dkts. 231-234], to establish that the unredacted versions of (i) Sandisk's Opposition to Viasat's Motion to Strike Portions of Sandisk's Expert Reports and the exhibits thereto [Dkt. 231-2 to 231-11, 231-14, and 231-15]; (ii) certain of the exhibits filed in support of Sandisk's Opposition to Viasat's Motion to Strike Lauren Kindler's May 5, 2025 Supplemental Expert Report [Dkts. 232-2 and 232-3]; (iii) Sandisk's Opposition to Viasat's Motion to Strike Plaintiffs' '400 Patent "Authenticating" Theories and the exhibits thereto [Dkt. 233-2 to 231-5]; and (iv) Sandisk's Opposition to Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler and the exhibits thereto [Dkt. 234-2 to 234-5] contain Viasat's confidential information and are subject to sealing by this Court.

2. I am currently employed as Vice President and Chief Litigation Counsel at Viasat, where I have worked for the past nine years. Previously, I worked as a law clerk to the Honorable Edward M. Chen of the U.S. District Court for the Northern District of California from September 2014 to September 2015, in private practice as a litigation associate from September 2013 to September 2014, and as a law clerk to the Honorable Milan D. Smith, Jr. of the Ninth Circuit Court of Appeals from September 2012 to September 2013. Before that, I also worked in private practice as a litigation associate from September 2011 to September 2012. If called as a witness, I could and would testify competently to the information set forth in this Declaration.

3. The confidential information in the documents above that Viasat seeks to seal reflect analysis of highly confidential source code and product architecture information, confidential internal Viasat financial information, and confidential, non-public information about Viasat's contracts with third parties.

4. The source code, operation of, and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. If this

confidential source code and product operation information were disclosed, competitive harm could result for Viasat. For instance, Viasat's competitors could use this information to replicate Viasat's software architecture; something that Viasat invested time and resources to develop.

5. If released, the confidential financial and contract information that Viasat seeks to seal would enable Viasat's competitors to gain insight into Viasat's business model, strategy and pricing.

WHEREFORE, I respectfully request that the Court issue Viasat's [Proposed] Order Granting Plaintiffs' Administrative Motion to Seal [Dkt. 239-18], and seal the unredacted versions of (i) Sandisk's Opposition to Viasat's Motion to Strike Portions of Sandisk's Expert Reports and the exhibits thereto [Dkt. 231-2 to 231-11, 231-14, and 231-15]; (ii) certain of the exhibits filed in support of Sandisk's Opposition to Viasat's Motion to Strike Lauren Kindler's May 5, 2025 Supplemental Expert Report [Dkts. 232-2 and 232-3]; (iii) Sandisk's Opposition to Viasat's Motion to Strike Plaintiffs' '400 Patent "Authenticating" Theories and the exhibits thereto [Dkt. 233-2 to 231-5]; and (iv) Sandisk's Opposition to Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler and the exhibits thereto [Dkt. 234-2 to 234-5].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed on June 30, 2025 in Los Angeles, California.

DATED: June 30, 2025                    Respectfully submitted,


                                        By /s/ Colin Ward
                                           Colin Ward

**ATTESTATION**

I, Patrick D. Curran, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Colin Ward has concurred in the aforementioned filing.

 /s/ Patrick D. Curran
Patrick D. Curran

C. WARD DECL. IN SUPPORT OF VIASAT'S STATEMENT RE; ADMIN. SEALING MOTS. [DKTS. 231-234]

3

Case No. 4:22-cv-04376-HSG