# EXHIBIT L

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

- - - - - - - - - - - - - - -x

SANDISK TECHNOLOGIES,        :

INC., et al.,                :

        Plaintiffs,    :   Civil Action No.

  v.                         :   4:22-CV-04376-HSG

VIASAT, INC.,                :

        Defendant.

- - - - - - - - - - - - - - -x

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Videotaped Deposition of Jason Neri, as corporate representative of Viasat, Inc., and in his personal capacity

Boston, Massachusetts

February 5, 2025

9:20 a.m.

Job No.: 010215

Pages: 1 - 192

Reported By: Alan H. Brock, RDR, CRR

TransPerfect Legal Solutions
212-400-8845 - Depo@TransPerfect.com

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

Page 2

```
 1                A P P E A R A N C E S
 2   ON BEHALF OF PLAINTIFFS AND THE WITNESS:
 3        BRIAN M. BUROKER, ESQ.
 4        SHUO JOSHUA ZHANG, ESQ.
 5        GIBSON, DUNN & CRUTCHER LLP
 6        1700 M Street, N.W.
 7        Washington, D.C. 20036
 8        202.955.8500
 9        bburoker@gibsondunn.com
10        szhang@gibsondunn.com
11
12   ON BEHALF OF DEFENDANT:
13        PATRICK D. CURRAN, ESQ.
14        QUINN EMANUEL URQUHART & SULLIVAN, LLP
15        111 Huntington Avenue, Suite 520
16        Boston, Massachusetts 02199
17        617.712.7100
18        patrickcurran@quinnemanuel.com
19
20
21   ALSO PRESENT:
22        Colin Ward, Viasat
23        Deane Carstensen, Videographer
24
25
```

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

Page 5

1                February 5, 2025        9:20 a.m.
2                     P R O C E E D I N G S
3                THE VIDEOGRAPHER:  Good morning.  We are
4     now on the record.  Today's date is February 5th,
5     2025.  The time right now is 9:20 a.m. Eastern
6     Standard Time.
7                This is the video deposition of Jason Neri
8     in the matter of SanDisk Technologies, Inc., versus
9     Viasat, Inc., filed in the United States District
10    Court, Northern District of California, Oakland
11    Division, Case No. 4:22-cv-4376-HSG.
12               This deposition is taking place at 111
13    Huntington Ave., Boston, Massachusetts.
14               My name is Deane Carstensen.  I'm the
15    videographer, representing TransPerfect Legal
16    Solutions.
17               Would counsel on the conference please
18    identify themselves and state whom you represent,
19    beginning with the questioning attorney.
20               MR. BUROKER:  This is Brian Buroker, from
21    Gibson Dunn, on behalf of SanDisk.  We also have Josh
22    Zhang, from Gibson Dunn, on behalf of SanDisk.
23               MR. CURRAN: Patrick Curran, Quinn Emanuel,
24    on behalf of defendant Viasat and the witness.
25               MR. BUROKER:  Thank you.  Our court

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

Page 6

1  reporter today is Alan Brock, also representing
2  TransPerfect.  Our court reporter will swear in the
3  witness, and then we may proceed.
4                       JASON NERI,
5  being first duly sworn or affirmed to testify to the
6  truth, the whole truth, and nothing but the truth, was
7  examined and testified as follows:
8                       EXAMINATION
9  BY MR. BUROKER:
10     Q.   Good morning.  Could you please state your
11  full name for the record.
12     A.   Jason Neri.
13     Q.   And where do you currently reside, Mr. Neri?
14     A.   My home address?  17 Lotus Ave., Scituate,
15  Mass.
16     Q.   And do you have a work address?
17     A.   I work at home.
18     Q.   Are you assigned to a work location within
19  Viasat?
20          MR. CURRAN:  Objection, form.
21     A.   My technical location is remote.
22     Q.   Have you ever been deposed before?
23     A.   No.
24     Q.   I'm sure your counsel's gone over this, but
25  for the record I'll do some of the setting of the

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

Page 7

1  expectations today.  You understand that you are under
2  oath and testifying as if you were in front of a judge
3  and jury in this case?
4       A.   Yes.
5       Q.   And I will ask questions throughout the day,
6  and if you could please let me finish my questions
7  before you start to answer, I will do the same for
8  you.  Does that make sense?
9       A.   Yes.
10      Q.   Please make sure that your answers are
11 audible.  Nods and shaking of the head and those kinds
12 of things don't translate into the record, so we need
13 an audible response.  Do you understand that?
14      A.   Yes.
15      Q.   If you need clarification on any of my
16 questions, please do so.  Otherwise I will assume you
17 understand it, subject to your counsel's objections.
18 Does that make sense?
19      A.   Yes.
20      Q.   We'll take breaks throughout the day.  I just
21 ask that we not take a break while questioning is
22 pending.  In other words, I'll ask a question, you can
23 answer, and then we can take a break.  Does that make
24 sense?
25      A.   Yes.

1            MR. CURRAN:  Objection, form and scope.
2       A.   In this document it appears to show the CMS
3   and ADM components.
4       Q.   Is there a process by which Viasat updates
5   movies and TV shows on the servers on their planes by
6   initiating a delivery of new content over the Viasat
7   content delivery service?
8            MR. CURRAN:  Objection, form and scope.
9       A.   Can you ask that question again?
10      Q.   Sure.  Is there a process by which Viasat
11  updates the available movies and TV shows on a plane
12  by causing the Viasat content delivery service to
13  transmit those new movies or TV shows?
14           MR. CURRAN:  Object to form.
15  ▇▇   ▇▇▇
16  ▇▇   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇ ▇▇▇▇▇▇▇
19           MR. CURRAN:  Object to form.
20  ▇▇   ▇▇▇
21  ▇▇   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇ ▇▇▇
24           MR. CURRAN:  Objection, form and scope.
25  ▇▇   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

Page 45

```
 1       ■    ███████████████████████████████
         ■    ███████████████████████████████
         ■  ▇ED.
 4                MR. CURRAN:  Object to form and scope.
 5       ■  ▇  ▇
         ■  ▇  ██████████████████████████ ■
         ■    ███████████████████████████████
         ■    ███████████████████████████████
         ■    ███████████████████████████████
         ■  ▇▇
11                MR. CURRAN: Same objections.
12       ■  ▇  ██████████████████████████████
         ■  ▇  ████████████████████████
         ■    ███████████████████████████████
         ■    ██████████████  ███████████████
         ■  ▇▇
17              ████████████████████████████
         ■    ███████████████████████████████
         ■    ███████████████████████████████
         ■  ██████████████
21                MR. CURRAN:  Objection, form and scope.
22       ■  ▇  ████████████████████████
         ■  ▇  ██████████████████████████
         ■  ▇  ████████████████████
         ■  ▇  ██████████
```

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

```
                                                         Page 46
 1      █    ██████████████████████████████
 █      █    █████████████
 █      █    ██
 █      █    ███████████████████████████████
 █      ██████████████████████████████████
 █      ██████████████████████████████████████
 7           MR. CURRAN:  Objection, form and scope.
 8      █    ██
 █      █    ██████████████████████████ █
 █      ██████████████████████████████████
 █      ██████████████████████
12           MR. CURRAN:  Object to the form.
13      █    ██████████████████████████████
 █      ███████████████
 █      █    █████████████████████████
 █      ██████████████████████████████████
 █      ██████████████
18           MR. CURRAN:  Object to the form and the
19      scope.
20      █    ██████████████████████████████
 █      ██████
 █      █    ██████████████████████████
 █      ██████████████████████████████████
 █      ███████████████████████
 █      ██████████████████████████████████
```