1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>VIASAT, INC.,<br><br>  Defendant. | CASE NO. 4:22-cv-04376-HSG<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKTS. 231-234]** |

The Court having considered Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed [Dkts. 231-234], Viasat's Statement in Support of Plaintiffs' Motions to Consider Whether Another Party's Materials Should Be Sealed [Dkt. 239], and the Ward Declaration in Support [Dkt. 239-1], the Court finds good cause to seal the unredacted versions of Sandisk's Opposition to Viasat's Motion to Strike Portions of Sandisk's Expert Reports [Dkt. 231-2], and the Exhibits thereto [Dkts. 231-3 to 231-11, 231-14, and 231-15], certain of the exhibits filed in support of Sandisk's Opposition to Viasat's Motion to Strike Lauren Kindler's May 5, 2025 Supplemental Expert Report [Dkts. 232-2 and 232-3], Sandisk's Opposition to Viasat's Motion to Strike Plaintiffs' '400 Patent "Authenticating" Theories, [Dkt. 233-2], and the Exhibits thereto [Dkts. 233-3 to 233-5], and Sandisk's Opposition to Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler [Dkt. 234-2], and the Exhibits thereto [Dkts. 234-3 to 234-5] from public access, and thus the Court hereby GRANTS Plaintiffs' Motions and ORDERS that the following be filed UNDER SEAL, except for Dkt. 231-12, 231-13, and 232-4:

| Dkt. No. (Original Filing/Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing | Ruling |
|---|---|---|---|---|
| 231-2 / 239-2 | Sandisk's Opposition to Viasat's Motion to Strike Portions of Sandisk's Expert Reports | Viasat confidential technical and source code-related information (on portions of PDF pages 5, 8-10, 14, and 19-23) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 | |
| 231-3 / 239-3 | Excerpts from the Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF pages 2-69) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 | |
| 231-4 / 239-4 | Excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 9, 11, 13-23, 30-42, 44-46, and 50) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 | |

| | | | | |
|---|---|---|---|---|
| 231-5 / 239-5 | Excerpts from the Expert Report of Dr. Kevin Almeroth, served by Viasat on March 24, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF page 14) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 | |
| 231-6 / N/A | VIASAT_00003234 | Plaintiffs filed as an exhibit an *entire internal technical document (all 56 pages)*. Plaintiffs did this despite *only citing to 8 pages (-3241, 44, 46-48, 50, 84, and 352)*. The document was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed the entire document despite only citing to 8 pages, Viasat requests that the entire document remain sealed given the confidential nature of the topics discussed in this document and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 | |
| 231-7 / N/A | Excerpts from VIASAT_00003288 | Plaintiffs filed as an exhibit a *43-page excerpt* from a confidential sales presentation with materials not revealed publicly as a compilation, and which competitors could use to unfairly compete against Viasat. Plaintiffs did this despite *only citing to 8 pages (-3310, 12, 13, 16, 17, 40, and 41)*. The document was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed an unnecessarily large excerpt of the document despite only citing to 8 pages, Viasat requests that the entire document remain sealed given the confidential nature of the topics discussed in this document and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-5 | |
| 231-8 / N/A | Excerpts from VIASAT_00006471 | Plaintiffs filed as an exhibit a *17-page excerpt* from a confidential sales presentation with materials not revealed publicly as a compilation, and which competitors could use to unfairly compete against Viasat. Plaintiffs did this despite *only citing to 1 page (-6495)*. The document was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed an unnecessarily large excerpt of the document despite only citing to 1 page, Viasat requests that the entire document remain sealed given the confidential nature of the topics discussed in this document and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-5 | |

| | | | | |
|---|---|---|---|---|
| 231-9 / N/A | VIASAT_00006927 | Plaintiffs filed as an exhibit an *entire internal technical document (all 66 pages)*. Plaintiffs did this despite *only citing to 1 page (-6929)*. The document was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed the entire document despite only citing to 1 page, Viasat requests that the entire document remain sealed given the confidential nature of the topics discussed in this document and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 | |
| 231-10 / 239-6 | Excerpts from VIASAT_00007973 | Viasat confidential sales presentation materials, revealing information about a third-party customer, and which competitors could use to unfairly compete against Viasat, (on portions of PDF pages 2 and 3) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 | |
| 231-11 / 239-7 | Excerpts from VIASAT_00014633 | Analysis of Viasat confidential, sensitive commercial contract terms, including specific pricing terms and formulas, (on portions of PDF pages 2-17) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 | |
| 231-12 / N/A | Excerpts from the Deposition transcript of Edwin Edillon, taken on February 7, 2025 | Viasat does not seek to seal any portion of this exhibit. | N/A | |
| 231-13 / N/A | Excerpts from the Deposition transcript of Ajai Tuli, taken on February 5, 2025 | Viasat does not seek to seal any portion of this exhibit. | N/A | |
| 231-14 / 239-8 | Excerpts from the Deposition transcript of Jason Neri, taken on February 5, 2025 | Confidential testimony of a Viasat employee relating to technical details of Viasat's systems (on portions of PDF pages 7-9) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 | |
| 231-15 / 239-9 | Excerpts from Viasat's Fourth Supplemental Objections & Responses to Plaintiffs' First Set of Interrogatories (Nos. 1–8), dated February 7, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF pages 21, 22, 24, 26-28, 34, 35, 37, and 38) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 | |
| 232-2 / 239-10 | Excerpts from the Expert Report of Ms. Lauren | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific | Ward. Decl. ¶¶ 3-5 | |

| | | | | |
|---|---|---|---|---|
| | Kindler, served by SanDisk on March 24, 2025 | terms of Viasat's contracts with third parties (on portions of PDF pages 4-10 and 12) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | | |
| 232-3 / 239-11 | the Supplemental Expert Rebuttal Report of Ms. Lauren Kindler, served by SanDisk on May 5, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 5-25) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 | |
| 232-4 / N/A | Excerpts from the Deposition transcript of Lauren Kindler, taken on May 9, 2025 | Viasat does not seek to seal any portion of this exhibit. | N/A | |
| 233-2 / 239-12 | Sandisk's Opposition to Viasat's Motion to Strike Plaintiffs' '400 Patent "Authenticating" Theories | Analysis and quoting/excerpting of Viasat confidential technical documentation (on portions of PDF pages 2 and 7-16) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 | |
| 233-3 / N/A | Deposition transcript of Jason Neri, taken on February 5, 2025 | Plaintiffs filed as an exhibit the *entire deposition transcript (all 223 pages) of Mr. Neri*, one of Viasat's engineers and a 30b6 designee on topics related to Viasat's technical documentation and source code. Plaintiffs did this despite *only citing to (not even quoting from) 14 lines (45:13-46:1)*. The transcript was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). Because Plaintiffs have filed the entire deposition transcript despite only citing to 14 lines, Viasat requests that the entire transcript remain sealed given the confidential nature of the topics discussed in this transcript and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 | |
| 233-4 / N/A | Deposition transcript of Des O'Sullivan, taken on February 26, 2025 | Plaintiffs filed as an exhibit the *entire deposition transcript (all 203 pages) of Mr. O'Sullivan*, one of Viasat's engineers and a 30b6 designee on topics related to Viasat's technical documentation and source code. Plaintiffs did this despite *only citing to (not even quoting from) 46 lines (48:20-50:15)*. The transcript was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under | Ward. Decl. ¶¶ 3-4 | |

| | | | the Protective Order (Dkt. 90). Because Plaintiffs have filed the entire deposition transcript despite only citing to 46 lines, Viasat requests that the entire transcript remain sealed given the confidential nature of the topics discussed in this transcript and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | |
|---|---|---|---|---|
| 233-5 / 239-13 | Errata to the Expert Report of Dr. Chuck Easttom, served by SanDisk on June 23, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF pages 2-7) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 | |
| 234-2 / 239-14 | Sandisk's Opposition to Viasat's Motion to Exclude Certain Opinions of Chuck Easttom and Lauren Kindler | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 3 and 5-8) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 | |
| 234-3 / 239-15 | Excerpts from the Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential technical and source code-related information (on portions of PDF pages 2-24) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 | |
| 234-4 / 239-16 | Excerpts from the Expert Report of Ms. Lauren Kindler, served by SanDisk on March 24, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 5-12) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 | |
| 234-5 / 239-17 | Excerpts from the Deposition transcript of Lauren Kindler, taken on May 9, 2025 | Analysis of Viasat confidential financial information and confidential product and contract information, including the specific terms of Viasat's contracts with third parties (on portions of PDF pages 3 and 4) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 | |

**IT IS SO ORDERED.**

1  DATED: _____

3
                                                    _____
4                                                   HAYWOOD S. GILLIAM, JR.