QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No.: 4:22-cv-4376-HSG |
| Plaintiffs, | **DEFENDANT VIASAT, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' UNTIMELY '400 PATENT "AUTHENTICATING" THEORIES** |
| v. | |
| VIASAT, INC., | |
| Defendant. | Date: August 14, 2025<br>Time: 2:00 pm |

**TABLE OF CONTENTS**

Page

I.   DR. EASTTOM'S "SOFTWARE UPDATE" AUTHENTICATION THEORY WAS NOT IN PLAINTIFFS' INFRINGEMENT CONTENTIONS ...................................1

II.  DR. EASTTOM'S "HLS OR DASH" AUTHENTICATION THEORY WAS NOT IN PLAINTIFFS' INFRINGEMENT CONTENTIONS .........................................................3

III. DR. EASTTOM'S "███████████" AUTHENTICATION THEORY WAS NOT IN PLAINTIFFS' INFRINGEMENT CONTENTIONS ............................................4

IV.  DR. EASTTOM'S "IPTV" AUTHENTICATION THEORY WAS NOT IN PLAINTIFFS' INFRINGEMENT CONTENTIONS .........................................................5

V.   DR. EASTTOM'S NEW INFRINGEMENT THEORIES ARE PREJUDICIAL AS A MATTER OF LAW ..................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. Inc. v. Wowza Media Sys.*,
No. 11-cv-02243-JST, 2014 WL 709865 (N.D. Cal. Feb. 23, 2014) ........................................ 6

*ASUS Computer Int'l v. Round Rock Rsch., LLC*,
2014 WL 1463609 (N.D. Cal. Apr. 11, 2014) ..................................................................... 5, 6

*KlausTech, Inc. v. Google LLC*,
2018 WL 5109383 (N.D. Cal. Sept. 14, 2018), *subsequently aff'd*, 792 F. App'x
954 (Fed. Cir. 2020) ............................................................................................................ 2, 3

*Mariscal v. Graco, Inc.*,
52 F. Supp. 3d 973 (N.D. Cal. 2014) ....................................................................................... 4

*Mullins v. Premier Nutrition Corp.*,
178 F. Supp. 3d 867 (N.D. Cal. Apr. 15, 2016) ....................................................................... 3

*In re Toy Asbestos Litig.*,
No. 19-CV-00325-HSG, 2020 WL 8815916 (N.D. Cal. May 27, 2020) .................................. 4

**Other Authorities**

Fed. R. Civ. P. 26(e) ............................................................................................................... 3, 4

Fed. R. Civ. P. 30(e) .................................................................................................................. 3

L.R. 3-1(b)–(c) ....................................................................................................................... 2, 5

Plaintiffs' opposition confirms Dr. Easttom's "authentication" theories are all new: If the theories were in Plaintiffs' operative infringement contentions, they would simply point Viasat and the Court to the pages where they were disclosed. Plaintiffs do not do this, because they cannot. Dr. Easttom's infringement theories for claim limitations 1[e] and 9[d] were never disclosed in Plaintiffs' contentions. Plaintiffs instead rely on contentions for *other* limitations and even try to change their experts' opinion *yet again* by claiming to fix a "typo" that is, in fact, another substantive change by Dr. Easttom. Adding a new theory by "errata" simply stacks rule violation on rule violation. Because none of Dr. Easttom's theories of "authentication" for limitations 1[e] or 9[d] were disclosed by the deadline for Plaintiffs' infringement contentions, those new infringement theories should be struck.

## I. DR. EASTTOM'S "SOFTWARE UPDATE" AUTHENTICATION THEORY WAS NOT IN PLAINTIFFS' INFRINGEMENT CONTENTIONS

Viasat explained in its motion to strike that Plaintiffs' infringement contentions did not disclose Dr. Easttom's theory of infringement for limitations 1[e] and 9[d]—namely, that the claimed "authentication" supposedly occurs when "software updates" to "the DRM license policy" are applied via "SSLK" packages. Dkt. 229 at 4–5. Plaintiffs' full contentions for these claim limitations are set out at pages 47–60 and 78 of their contentions. Dkt. 146-3. None of those pages mention "software updates," updating a "DRM license policy," or "SSLK" packages *at all*.

Plaintiffs' opposition instead cites other parts of the contentions for other limitations—not for limitations 1[e] or 9[d]—to claim the "authentication" theory was somehow disclosed. Specifically, Plaintiffs rely on their contentions for the preamble, and on a screenshot cited in connection with the preamble where one of twelve bullet points mentions updating an "on-demand *movie catalog*."[1] Dkt. 229 at 8 (citing page 17 of the infringement contentions—the preamble for claim 1). Apart from being untethered to the relevant "authentication" limitations, this passing reference to updating a movie catalogue is not a disclosure of a "software update." It is a *movie*

---

[1] Plaintiffs' infringement contentions do not actually discuss the bullet regarding updates to an "on-demand movie catalog," or explain how that one bullet (as opposed to the other eleven) demonstrates infringement. Instead, it appears that Plaintiffs are now citing to any words that appear anywhere in their contentions to try to manufacture an adequate disclosure well after the fact.

update; the *files* in the movie library are updated, so that passengers can watch new movies in the coming month. Although the *content* in the media library changes, Viasat's *software* remains unchanged—and tellingly the screenshot says nothing about a "*software* update." *Id.* More fundamentally, this single mention of a movie "update" in the preamble, which appears 30 pages before Plaintiffs first address claim limitation 1[e] on "authentication," discloses nothing about "authentication" or any theory for how limitation 1[e] is satisfied.[2]

None of Plaintiffs' other citations in their opposition brief mention "updates" at all, and certainly none mention a "DRM license policy" changing due to "software updates." Dkt. 229 at 6–8. As noted, Plaintiff's contentions do not mention either a "DRM license policy" or an "SSLK" container or "software updates" at all. The idea of an infringing "authentication" process through "software updates" to a "DRM license policy" simply never appears in Plaintiffs' contentions for limitation 1[e]. The new theory in Dr. Easttom's report should be struck as untimely.

This Court's decision in *KlausTech* is instructive. There, the Court struck an expert's opinions where the infringement contentions "do not explicitly state that the operating system is the claimed browser to which the mobile app is downloaded," but purportedly "implicitly disclose the operating-system-as-browser theory" because "when a mobile device downloads a mobile app from the app store, it downloads and runs it on an operating system." *KlausTech, Inc. v. Google LLC*, 2018 WL 5109383, at *4 (N.D. Cal. Sept. 14, 2018), *subsequently aff'd*, 792 F. App'x 954 (Fed. Cir. 2020). The Court noted this was not enough: "Implicit disclosures are contrary to the purpose of the local patent rules, which require parties to disclose the basis for their contentions in order to make them *explicit* and streamline patent litigation." *Id.* (emphasis in original, internal quotation marks omitted). Here, just as in *KlausTech*, there is no explicit disclosure of Plaintiffs' "software updates" theory, and so expert opinions on Plaintiffs' new "authentication" infringement theory should be struck.

---

[2] Importantly, the Patent Local Rules require "identifying specifically where and how **each limitation** of each asserted claim is found" within the accused products. *See* Patent L.R. 3-1(b)–(c) (emphasis added). Plaintiffs' claim that disclosures for the preamble also apply to claim 1[e] is not consistent with the Patent Local Rules' "each limitation" requirement—particularly where the preamble does not mention authentication at all. *See* '400 patent, cl. 1.

## II. DR. EASTTOM'S "HLS OR DASH" AUTHENTICATION THEORY WAS NOT IN PLAINTIFFS' INFRINGEMENT CONTENTIONS

Plaintiffs effectively admit their contentions never disclosed the "HLS or DASH string" as a "unique identifier" for claim 1[e] and 9[d]. Rather than defend the theory, Plaintiffs now claim it was "based on a typographical error in the Easttom report," Dkt. 229 at 9–10, and purport to "issue[] an errata (Ex. C) to clarify that the HLS or DASH string was not intended to be identified as the unique identifier." *Id*. But this "errata" does not correct a "typographical error"—it presents yet another new and untimely theory of infringement that should itself be struck, just like the "HLS or DASH" theory Plaintiffs purport to replace.[3] Plaintiffs say Dr. Easttom's "errata" is simply addressing "a clear typo" where "the word 'and' is missing between 'token' and 'the HLS.'" *Id.* at 10. This is wrong. Dr. Easttom's actual change fully eliminates his prior theory—that "the kiosk authenticates the portable data storage device by communicating the HLS or DASH string"—and replaces that (undisclosed) authentication theory with a new one:

> bundle. As such, the kiosk authenticates the portable data storage device by communicating the token HLS or DASH string, which contains information generated from the obtained unique identifier of the device, to the DRM license server, and having the onboard DRM license server communicating with a remote trusted server (DRM license server) to update the DRM license OTA which is over the second data interface (satellite network interface).

Dkt. 229-4 (red and blue added for strikethrough clarity). This is no typo. A "token" is not the same as an HLS or DASH string, as Plaintiffs admit in their own brief.[4] Dr. Easttom previously

---

[3] Plaintiffs claim Exhibit C is an "errata" to Dr. Easttom's expert report, but the Federal Rules of Civil Procedure only permit an "errata" for an expert deposition, *see* Fed. R. Civ. P. 30(e), and only permit experts to issue deposition erratas containing "corrective, and not contradictory, changes" within 30 days after the deposition transcript is available. *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 888–89 (N.D. Cal. Apr. 15, 2016). The revised report is not an errata to a deposition; it is a substantive change to an expert report and constitutes an improper "supplement" to expert disclosures under Fed. R. Civ. P. 26(e).

[4] Dkt. 229 at 10 (claiming "and" should appear between "token" and "HLS or DASH" elsewhere in Dr. Easttom's report, to separate these two different things).

-3-      Case No. 4:22-cv-4376-HSG
VIASAT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' UNTIMELY '400 PATENT "AUTHENTICATING" THEORIES

relied on the "HLS or DASH string" for his authentication opinion, as shown above. Eliminating "HLS or DASH string" and replacing that with "token" is a substantive change. Tellingly, Dr. Easttom did not mention any need for such a change in his deposition. Eight weeks ago, Dr. Easttom testified he "stand[s] by all the opinions that [he] offer[s] in [his] opening report in this case" and was not "aware of any errors" in the report after reviewing it. *See* Ex. A (Deposition Transcript of Chuck Easttom) at 38:23–39:6. Plaintiffs' new substantive change, to swap out one authentication theory ("the kiosk authenticates . . . by communicating the HLS or DASH string") for another ("the kiosk authenticates . . . by communicating the token") is not proper.[5] Dr. Easttom should be precluded from offering the "HLS or DASH" theory he improperly included in his report and that Plaintiffs did not disclose in their infringement contentions. And he should be doubly precluded from offering a new untimely expert opinion to replace his earlier undisclosed theory.

### III. DR. EASTTOM'S ▌▌▌▌▌▌▌▌▌▌ AUTHENTICATION THEORY WAS NOT IN PLAINTIFFS' INFRINGEMENT CONTENTIONS

Dr. Easttom relies on "▌▌▌▌▌▌▌▌" for his "authentication" opinions on what he calls "Use Cases 2 and 4" (InFlight OnDemand and Home OnDemand). *See* Dkt. 199-2 ¶ 254. But "▌▌▌▌▌▌▌▌" was never mentioned in Plaintiffs' infringement contentions for the "authentication" limitations (1[e] or 9[d]). *See* Dkt. 146-3 at 47–60, 78.

Plaintiffs' opposition instead relies on one disclosure for a ***different*** claim limitation—specifically, claim limitation 1[b]—where one of the eleven boxes in one screenshot happens to say "▌▌▌▌▌▌▌▌" and where that one box is not highlighted or indicated differently than the other ten boxes in the figure. Dkt. 229 at 10–11. This reference appears nearly 15 pages before Plaintiffs begin to address limitation 1[e] or the "authentication" requirement—and "▌▌▌▌▌▌▌▌" is

---

[5] *See, e.g., In re Toy Asbestos Litig.*, No. 19-CV-00325-HSG, 2020 WL 8815916, at *3 (N.D. Cal. May 27, 2020) (denying leave to "supplement" expert report after deadlines in order to disclose new opinions; "Rule 26(e) creates a duty to supplement, but not a right to do so," and "Rule 26(e) is not a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise its disclosures, may do so after the Court's deadline") (cleaned up); *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983–84 (N.D. Cal. June 26, 2014) ("Although Rule 26(e) obliges a party to supplement or correct its disclosures upon information later acquired, this does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report.") (quotation marks omitted).

never mentioned in *any* of Plaintiffs' disclosures on how claim 1[e]'s "authentication" limitation is supposedly met.

Patent litigation is not a scavenger hunt. The Patent Local Rules required Plaintiffs disclose a "claim chart identifying *specifically* where and how *each limitation* of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(b)–(c) (emphases added). Plaintiffs' theories for limitation 1[e] were thus required to be disclosed when discussing limitation 1[e]. If ▮▮▮▮▮▮▮▮ was what Plaintiffs were relying on for the "authentication" step in claim limitation 1[e], Plaintiffs needed to say so in that limitation. They did not. Saying it for the first time in Dr. Easttom's report is too late. Because there is no mention of "▮▮▮▮▮▮▮▮" at all in Plaintiffs' infringement contentions for claim limitation 1[e] or 9[d], much less a disclosure of "authentication" by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as Dr. Easttom opines in his report, Dkt. 199-2 ¶¶ 254, 440, Dr. Easttom's new theory should be struck. *See, e.g., ASUS Computer Int'l v. Round Rock Rsch., LLC*, 2014 WL 1463609, at *4 (N.D. Cal. Apr. 11, 2014) (striking expert's claim that "Bus_Width bit" in source code satisfied claim elements where contentions did not identify that bit for the claim element at issue and only generally identified it for other limitations, and opining "[a]lthough the infringement contentions include the term 'BUS_WIDTH' in a copied and pasted chart, nowhere do the contentions explain this element or how it infringes").

### IV.    DR. EASTTOM'S "IPTV" AUTHENTICATION THEORY WAS NOT IN PLAINTIFFS' INFRINGEMENT CONTENTIONS

Plaintiffs' infringement contentions never disclose IPTV as an Accused Instrumentality as required in the Patent Local Rules. Dkt. 199. For that reason alone, Dr. Easttom's "Use Case #3" should be struck. *Id*.

Even if Dr. Easttom's opinions regarding IPTV as an additional accused product are considered, Dr. Easttom's theory on claim 1[e] and 9[d] for IPTV should be struck. As Viasat explained in its motion, Plaintiffs' infringement contentions never identify a unique identifier used by a remote trusted server to authenticate any portable storage devices for IPTV. Dkt. 204 at 6–7. Plaintiffs' opposition relies on one diagram that contains the word "Authentication," which

Plaintiffs cited in their contentions without any discussion or analysis. Dkt. 229 at 13. Plaintiffs again appear to cite to any words that overlap with any portion of the claim, to try to manufacture an adequate disclosure after the fact. But Plaintiffs do not contest that the contentions never explain how a "unique identifier" is used by a "remote trusted server" to authenticate any devices for IPTV. *See ASUS*, 2014 WL 1463609, at *4.

Plaintiffs now advance a new claim construction theory to excuse their new infringement theory. Plaintiffs say that "so long as there is communication that occurs with a remote trusted server at some point in time ***prior to*** the authentication, then the claim limitation is met." Dkt. 229 at 12. This is not what the claim says. The claim says communication with the remote server is how authentication occurs; it recites "authenticating . . . using at least the unique identifier, ***by*** communicating with the remote trusted server"—not "authenticating . . . using at least the unique identifier, ***after*** communicating with the remote trusted server." But in any event, Plaintiffs' new claim construction arguments are irrelevant to the question posed in Viasat's motion to strike. Dr. Easttom's infringement theories for IPTV are not contained in Plaintiffs' infringement contentions, just as IPTV is not identified as an Accused Instrumentality in the infringement contentions. For those reasons, Dr. Easttom's opinions on IPTV "authentication" should be struck. New untimely theories of claim construction cannot excuse new late theories of infringement.

## V. DR. EASTTOM'S NEW INFRINGEMENT THEORIES ARE PREJUDICIAL AS A MATTER OF LAW

Plaintiffs conclude by claiming Viasat is not prejudiced by new infringement theories first disclosed in Dr. Easttom's expert report. Not so. As explained in Viasat's motion, Defendants are wrong on the law: "[P]rejudice ***is inherent*** in the assertion of a new theory after discovery has closed." *Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-cv-02243-JST, 2014 WL 709865, at *15 n.7 (N.D. Cal. Feb. 23, 2014) (emphasis added). Defendants' suggestion that prejudice is nevertheless absent here because Viasat has access to its own source code and employees is meritless. Every defendant has access to its own code and witnesses. What the defendant does not have, and should not have to surmise on its own, is Plaintiffs' theory of infringement. This district's Patent Local Rules require that theory of infringement to be crystallized and disclosed early in the case, to avoid

just the type of shifting-sands litigation displayed here. After Plaintiffs did not prosecute this case diligently, did not timely disclose infringement theories under either Viasat's or the Court's constructions, and were denied leave to amend their infringement contentions, Plaintiffs disclosed new theories of infringement in Dr. Easttom's report and then again in opposition to this very motion. This is prejudicial as a matter of law. Indeed, it is hard to imagine what could ever constitute prejudice if the Court finds that Viasat was not prejudiced on these facts.

\* \* \*

For the foregoing reasons, Viasat respectfully requests that the Court strike paragraphs 249–252, 254–255, 278, 435–438, 440–441, and 464 of Dr. Easttom's report in their entirety, and strike the portions of paragraphs 133–508 as they pertain to "Use Case #3" or "IPTV," and preclude Dr. Easttom from opining on these new infringement theories at trial.

DATED: July 3, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Patrick D. Curran*

Patrick D. Curran
*Attorneys for Defendant Viasat, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 3, 2025, a copy of the foregoing was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: July 3, 2025

By  */s/ Patrick D. Curran*
Patrick D. Curran