1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Steven Cherny (*pro hac vice*)
2   stevencherny@quinnemanuel.com
    Patrick D. Curran (Bar No. 241630)
3   patrickcurran@quinnemanuel.com
    Hannah E. Dawson (*pro hac vice*)
4   hannahdawson@quinnemanuel.com
    Tzivya H. Beck (*pro hac vice*)
5   tzivyabeck@quinnemanuel.com
    111 Huntington Ave, Suite 520
6   Boston, MA 02199
    Telephone:    (617) 712-7100
7
8
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
9   Nicola R. Felice (*pro hac vice*)
    nicolafelice@quinnemanuel.com
10  Anastasia M. Fernands (*pro hac vice*)
    anastasiafernands@quinnemanuel.com
11  Vanessa Blecher (*pro hac vice*)
    vanessablecher@quinnemanuel.com
12  Alicia Lai (*pro hac vice*)
    alicialai@quinnemanuel.com
13  295 5th Avenue
    New York, NY 10016
14  Telephone:    (212) 849-7000
    *Attorneys for Defendant Viasat, Inc.*
15

16              UNITED STATES DISTRICT COURT
17     NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

18  SANDISK TECHNOLOGIES, INC., et al.,          Case No.: 4:22-cv-4376-HSG

19                          Plaintiffs,           **DEFENDANT VIASAT, INC.'S REPLY
                                                  IN SUPPORT OF ITS MOTION TO
20               v.                               STRIKE LAUREN KINDLER'S MAY 5,
                                                  2025 SUPPLEMENTAL EXPERT
21  VIASAT, INC.,                                 REPORT**

22                          Defendant.           ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

23
                                                  Date: August 21, 2025
24                                                Time: 2:00 p.m.

25

26

27

28
                                                           Case No. 4:22-cv-4376-HSG

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     CONSIDERING THE SCHEDULING ORDER, MS. KINDLER'S
       SUPPLEMENTAL REPORT WAS NOT TIMELY ..................................................2

II.    THE MAY KINDLER REPORT IS A REPLY THAT GOES BEYOND THE
       "DUTY" TO SUPPLEMENT UNDER RULE 26(E)...........................................3

III.   THE MAY KINDLER REPORT WAS NOT SUBSTANTIALLY JUSTIFIED.................5

       A.     Ms. Kindler's Deposition Testimony Confirms That The Timing Was Not
              Substantially Justified ....................................................................5

       B.     The Scope of Ms. Kindler's May 5 Supplement Was Not Substantially
              Justified ......................................................................................6

IV.    VIASAT WAS PREJUDICED BY MS. KINDLER'S MAY 5 REPORT ..........................6

       A.     Viasat Was Prejudiced In Its Ability To Depose Ms. Kindler ..................6

       B.     Viasat Was Prejudiced In Its Ability To Test And Rebut The Untimely
              Opinions From Ms. Kindler And Dr. Easttom ...........................................7

       C.     The Prejudice Cannot Be Cured Without Disrupting the Case Schedule .................7

V.     PLAINTIFFS ARE BOUND BY RULE 16(B) AND THE SCHEDULING ORDER..........9

VIASAT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE LAUREN KINDLER'S MAY 5, 2025
SUPPLEMENTAL EXPERT REPORT

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
    No. 13CV04700EMCKAW, 2015 WL 6667460 (N.D. Cal. Nov. 2, 2015) ............................ 8

*C.R. Bard, Inc. v. Med. Components, Inc.*,
    No. 2:17-CV-00754, 2024 WL 4766852 (D. Utah Nov. 13, 2024) ......................................... 6

*Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*,
    No. 21-CV-01129-EJD, 2025 WL 980830 (N.D. Cal. Apr. 1, 2025) ..................................... 3

*Cellspin Soft, Inc. v. Garmin Int'l, Inc.*,
    No. 17-CV-05934-YGR, 2021 WL 12171867 (N.D. Cal. Dec. 21, 2021) .............................. 4

*Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*,
    No. C-06-1066 PJH (EMC), 2009 WL 2058245 (N.D. Cal. July 13, 2009) ............... 4, 5, 8, 9

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
    No. 16-CV-01393-JST, 2019 WL 468809 (N.D. Cal. Feb. 6, 2019) .................................. 2, 6

*Plexxikon Inc. v. Novartis Pharms. Corp.*,
    No. 17-CV-04405-HSG, 2020 WL 1325068 (N.D. Cal. Mar. 20, 2020) ................................. 3

*Sound View Innovations, LLC v. Hulu*,
    LLC, 2019 WL 9047211 (C.D. Cal. Nov. 18, 2019) .............................................................. 5

*In re Toy Asbestos Litig.*,
    No. 19-CV-00325-HSG, 2020 WL 8815916 (N.D. Cal. May 27, 2020)
    .................................................................................................................... 1, 3, 4, 6, 7, 8, 9

*Vnus Med. Techs. Inc. v. Biolitec*,
    No. C 08-3129 MMC, 2010 WL 2629714 (N.D. Cal. June 29, 2010) .................................... 7

## **Rules/Statutes**

Rule 16 .................................................................................................................................... 9

Rule 26 ............................................................................................................................. 4, 5, 9

Fed. R. Civ. P. 26(a)(2)(B) ...................................................................................................... 6

Fed. R. Civ. P. 26(e) ....................................................................................................... 1, 2, 3, 6

Rule 37(c)(1) ........................................................................................................................... 5

1    Viasat does not dispute that Plaintiffs could supplement Ms. Kindler's opening report if,

2    after considering Viasat's March 24 production, they believed Ms. Kindler's report was incorrect or

3    incomplete. Fed. R. Civ. P. 26(e); *In re Toy Asbestos Litig.*, No. 19-CV-00325-HSG, 2020 WL

4    8815916, at *3 (N.D. Cal. May 27, 2020). But as Viasat explained in its motion, Plaintiffs were

5    required to do so in a ***timely*** manner. Ms. Kindler's May 5, 2025 report was not timely. Nor was it

6    limited to addressing the information in Viasat's focused production. It should therefore be stricken.

7    First, Plaintiffs served Ms. Kindler's May 5, 2025 supplemental report on a timeline that

8    disregarded the Court's scheduling order. Plaintiffs argue (Opp. (Dkt. 228) 4-5) Ms. Kindler

9    required *six weeks* to digest Viasat's March 24 production and supplement her opening report—but

10   also argue (Opp. 8-9) Viasat had sufficient time to address the supplement in just *four days*. Viasat

11   was prejudiced by Plaintiffs' delay in preparing and serving the supplement, particularly where Ms.

12   Kindler admits she and her eight-person team did not diligently review the new production because

13   they "had other things [they] had to do" and gave "priority [to those other tasks] over analyzing the

14   new data." Dkt. 200-3 at 31:10-20.

15   Second, the May Kindler Report should be stricken because it is not a supplement—it is a

16   reply report served without leave, in violation of the scheduling order. "Rule 26(e) is not a loophole

17   through which a party [may] … revise [its] disclosures … after the Court's deadline." *In re Toy

18   Asbestos Litig.*, 2020 WL 8815916, at *3 (quote omitted). An "iterative approach"—where a party

19   attempts to "supplement[] its … expert's report only once it review[s] *other* expert reports"—is not

20   permitted. *Id.* Such an approach "invites gamesmanship," and "would … render[] merely advisory"

21   the "Court's expert discovery deadlines." *Id.* Rather than serve a timely supplement focused on Ms.

22   Kindler's analysis of Viasat's March 24 production, Plaintiffs waited for Ms. Kindler to analyze

23   Viasat's April 14 rebuttal report and then incorporated reply points into her new May 5 report.

24   Plaintiffs' untimeliness in reviewing Viasat's production was no accident. It was caused by their

25   desire to reply to Viasat's rebuttal expert. Had Plaintiffs restricted themselves to an actual

26   supplement to address a discrete production of new material, they could have served a timely

27   supplement. Instead they chose to go well beyond supplementation and used the March 24

28   production as a pretext for a reply. This put Viasat in the position of receiving an alleged supplement

VIASAT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE LAUREN KINDLER'S MAY 5, 2025
SUPPLEMENTAL EXPERT REPORT

to an opening report, filled with new arguments, at a time when a response was not feasible. The schedule does not allow for what Plaintiffs did. The timing and content of the May Kindler Report were neither substantially justified nor harmless to Viasat. It should be stricken.

**I.      CONSIDERING THE SCHEDULING ORDER, MS. KINDLER'S SUPPLEMENTAL REPORT WAS NOT TIMELY**

The May Kindler Report is untimely in light of the case schedule and the timing of Viasat's production. The Court's December 2024 schedule gave Plaintiffs six weeks from the February 7 close of fact discovery to the March 24 deadline for Ms. Kindler's opening report, and then gave Viasat three weeks from receipt of the opening report to serve rebuttal reports. Dkt. 131 at 1-2. Expert discovery was scheduled to close on May 9, four weeks after the April 14 rebuttal report deadline. *Id*. Seeking to keep the case on schedule, Viasat produced the additional financial materials before the Court's production deadline. Dkt. 169 at 16. Yet Plaintiffs waited until the very last week of expert discovery—May 5—to serve the May Kindler Report.[1] This left Viasat no time to depose Plaintiffs' technical expert, Dr. Easttom, regarding Ms. Kindler's purported new reliance on him; no time to prepare a supplemental damages rebuttal report; no time to prepare a supplemental technical rebuttal report from Dr. Almeroth; and no time even to fully analyze the May Kindler Report prior to Ms. Kindler's own May 9 deposition. In light of this schedule, the May Kindler Report was not timely.

Viasat does not contend, as Plaintiffs suggest (Opp. 5-6), that Ms. Kindler should have analyzed the March 24 production on the same day Viasat served it. But Plaintiffs' own Opposition confirms that taking six weeks to prepare the supplement was not timely. If, as Plaintiffs claim (Opp. 8), Viasat and its rebuttal damages expert could have digested and rebutted the May Kindler

---

[1] Plaintiffs argue (Opp. 5) that Viasat should have inferred that Ms. Kindler would serve a late supplement from the fact that Plaintiffs sought the documents in Viasat's March 24 production, and from a reservation of rights in Ms. Kindler's report. But not every document requested in an RFP results in a supplemental damages report, and neither does a routine reservation of rights. Plaintiffs should have informed Viasat of their intent to supplement and their contemplated timeline. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co*., No. 16-CV-01393-JST, 2019 WL 468809, at *3 (N.D. Cal. Feb. 6, 2019) (emphasis added) (quoting Fed. R. Civ. P. 26(e)) (report not timely after eight-week-delay between new information and notice of intent to supplement). Regardless, putting the burden on Viasat to anticipate rules violations is not appropriate.

Report—and her analysis of the Viasat documents on which she purportedly relies—within four days, then there is no reason it should have taken Ms. Kindler and her team six weeks to prepare a supplemental report based on those same materials. Were supplementation the actual goal, Ms. Kindler and her team should have been able to supplement her report much sooner, and at least by the April 14 deadline for rebuttal reports. Waiting to serve the May Kindler report with only four days before the close of expert discovery, six weeks from receipt of the March 24 production and three weeks *after* the receipt of rebuttal reports, was not timely or reasonable—particularly where Ms. Kindler admits she and her team did not review the March 24 production promptly because they "had other things [they] had to do" and gave "priority [to those other tasks] over analyzing the new data." Dkt. 200-3 at 31:10-20.

## II.    THE MAY KINDLER REPORT IS A REPLY THAT GOES BEYOND THE "DUTY" TO SUPPLEMENT UNDER RULE 26(E)

Plaintiffs were obligated to supplement Ms. Kindler's report if they learned that, in some material respect, it was "incomplete or incorrect." Fed. R. Civ. P. 26(e). Plaintiffs conflate (Opp. 7) that "duty" to supplement under Rule 26(e) with a "right" to do so that does not exist. *In re Toy Asbestos Litig.*, 2020 WL 8815916, at *3 (citations omitted) ("As the Ninth Circuit has recognized, Rule 26(e) creates a duty to supplement, but not a right to do so."); *accord Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2020 WL 1325068, at *2-*3 (N.D. Cal. Mar. 20, 2020). Plaintiffs' citation to *Carl Zeiss* (Opp. 7) in fact underscores Viasat's point: a supplement is not an opportunity to offer a report that is "significantly different from the original reports" or "in effect, alter[s] [a party's] theories … []or … contain[s] additional opinions or rationales or seek to strengthen or deepen opinions expressed in the original expert report." *Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, No. 21-CV-01129-EJD, 2025 WL 980830, at *2-*3 (N.D. Cal. Apr. 1, 2025) (cited Opp. 4, 7) (granting ***unopposed*** motion to file supplemental expert reports, where the attempted supplement did not "alter theories" or "contain additional opinions" or "seek to strengthen or deepen opinions").

Ms. Kindler's report does exactly what the court in *Carl Zeiss* said was impermissible: it seeks to "strengthen" and "deepen" Ms. Kindler's opinions with new analysis. As Ms. Kindler

herself explained in her supplement, in "Supplemental Exhibits 8.1 - 8.5," as well as in "Supplemental Exhibits 9.1 - 9.5," she "updated" her "estimates of bandwidth savings …. to reflect the alternative … bitrate claimed by Dr. Macartney." Ex. I (Excerpt from May Kindler Rpt. Supplemental Exhibits) (Supplemental Exhibit 1). As such, she attempts to address Dr. Macartney's rebuttal report and insulate her analysis from his criticisms.

To attempt to bolster her own bitrate estimate, Ms. Kindler also cited a new conversation with Dr. Easttom in which he apparently "disagree[d] with Dr. Macartney" about the correct bitrate estimate (Dkt. 232-3 nn.10 & 69) and attempted to critique Dr. Macartney's "use [of] the ████ ████████ provided in the ████████████ contract" (*id.* 69).[2] This is exactly what the court in *Cellspin* (cited Mot. 7-8) rejected as "inappropriate." In *Cellspin,* the court ruled that "supplemental reports [we]re inappropriate sur-reply rebuttal reports" where the expert admitted that the "revisions" in his "supplemental reports" "followed a review of [the opposing] expert report[.]" *Cellspin Soft, Inc. v. Garmin Int'l, Inc.*, No. 17-CV-05934-YGR, 2021 WL 12171867, at *2 (N.D. Cal. Dec. 21, 2021). Ms. Kindler did the same thing: she directly acknowledged that she was offering updated "estimates of bandwidth savings … to reflect the alternative … bitrate claimed by Dr. Macartney[.]" Ex. I. As such, her report is not a permissible supplement. *In re Toy Asbestos Litig.*, 2020 WL 8815916, at *3 (rejecting such an "iterative approach" as "gamesmanship" and denying motion to supplement).

Plaintiffs rely on *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, No. C-06-1066 PJH (EMC), 2009 WL 2058245, at *1 (N.D. Cal. July 13, 2009), but that case also supports Viasat. There the court rejected an expert's attempt to rely on information that was "available when the first report was filed" but "not expressly discussed in the original report." *Medtronic*, 2009 WL

---

[2] Plaintiffs claim (Opp. 12) that this conversation with Dr. Easttom "has nothing to do with … Ms. Kindler's updated calculations using Dr. Macartney's bitrate." But this argument underscores the reason that Rule 26 requires timely disclosures—to permit fulsome discovery of the basis for Ms. Kindler's opinions via depositions of both experts. Viasat is not required to take Plaintiffs' word for what happened in an apparently undocumented conversation between its two experts. *See In re Toy Asbestos Litig.*, No. 19-CV-00325-HSG, 2020 WL 8815916, at *3 (N.D. Cal. May 27, 2020) (denying motion to supplement expert report as untimely, and noting "Plaintiffs' right to probe Dr. Vachani's opinions and proffer a rebuttal report as needed").

2058245, at *1 (cited Opp. 7). Here, Ms. Kindler could have had a conversation with Dr. Easttom

about the ███████████████████████, and whether her reliance on a data consumption

figure for an unrelated Viasat product was reasonable, prior to issuing her opening report. Likewise,

she could have used the ███████████████████ to generate her damages number

in her opening expert report. As such, her supplement—like the supplement in *Medtronic*—"clearly

constitutes a late-filed supplemental report that does not comply with Rule 26." *Id*. Neither applying

Dr. Macartney's bitrate numbers nor attempting to undercut them by parroting new technical

opinions from Dr. Easttom "merely clarifies or amplifies matters ***expressly referenced*** in the

original report ***without revising or reversing*** [her original] opinion[.]" *Id.* (emphasis added).[3]

### III.    THE MAY KINDLER REPORT WAS NOT SUBSTANTIALLY JUSTIFIED

Plaintiffs argue that Ms. Kindler's supplementation was substantially justified because

Viasat produced new materials. Opp. 8. But although that *might* justify supplementation, it does not

justify the *timing* or the *scope* of Ms. Kindler's supplementation.

#### A.    Ms. Kindler's Deposition Testimony Confirms That The Timing Was Not Substantially Justified

Contrary to Plaintiffs' assertions, Ms. Kindler's deposition testimony reveals that the timing

of the May Kindler Report was not justified under Rule 37(c)(1). When Viasat asked if Ms.

Kindler's team analyzed the March 24 production "promptly," Ms. Kindler responded, in part, "I

don't know what you mean by 'promptly,'" and then explained that she had prioritized other tasks

after submitting her opening report. Dkt. 200-3 at 31:10-20. And when asked to pin down when she

and her team began drafting her supplemental report, Ms. Kindler could only state that it was

"sometime in April" and that she "d[id]n't have a specific date in mind." *Id.* at 30:2-4; *see also id.*

at 30:8-11 ("Q: Was it more than three weeks ago, do you think? A: Now we're getting into an area

---

[3] Even if reply reports had been authorized, Dr. Easttom's nested *ipse dixit* in the May Kindler Report would still be improper; it was not properly disclosed under Rule 26. *See, e.g., Sound View Innovations, LLC v. Hulu*, LLC, 2019 WL 9047211, at *14 (C.D. Cal. Nov. 18, 2019) (striking damages expert opinions where "[damages expert] relies on discussions with [technical expert] that are not described in any of [technical expert's] reports" because "[w]ithout a disclosure of those opinions and their basis, [] a direct challenge [to the undisclosed opinions] cannot be made.").

I don't know.").[4] Plaintiffs cannot justify the report's timing where Ms. Kindler admits that she and her team did not diligently analyze materials and instead "had other things [they] had to do" and gave "priority [to those other tasks] over analyzing the new data," *id*. at 31:10-20.

### B.    The Scope of Ms. Kindler's May 5 Supplement Was Not Substantially Justified

"Rule 26(e) is not a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise [its] disclosures may do so after the Court's deadline." *In re Toy Asbestos Litig.*, 2020 WL 8815916, at *3 (quotations omitted). Here, Plaintiffs impermissibly attempt to use Viasat's March 24 production as the basis for a much wider supplement. *See supra* § 2. Plaintiffs' argument (Opp. 8-9) that "there was no practical ability for Ms. Kindler to include the belatedly produced financial data in her opening report" and that "she had to provide a supplement in order to account for such information" does not substantially justify the report Ms. Kindler actually served, which far exceeds the scope of Viasat's March 24 production.

## IV.    <u>VIASAT WAS PREJUDICED BY MS. KINDLER'S MAY 5 REPORT</u>

### A.    Viasat Was Prejudiced In Its Ability To Depose Ms. Kindler

Plaintiffs' arguments that Viasat was not prejudiced—or that the prejudice could be cured with a "short follow-up deposition" (Opp. 9) of Ms. Kindler—are not credible. If an untimely expert disclosure causes "disruption to the schedule of the [C]ourt and other parties," including via disruption to "the expert discovery and summary judgment schedules," it is "not harmless." *Oracle*, 2019 WL 468809, at *4. If a party is "forced to respond to reports outside the district court's previously ordered schedule, and to depose the experts who submitted them," it "suffer[s] prejudice." *Vnus Med. Techs. Inc. v. Biolitec*, No. C 08-3129 MMC, 2010 WL 2629714, at *5 (N.D. Cal. June 29, 2010).

---

[4] Viasat's request that Plaintiffs produce the native excel files corresponding to the exhibits to Ms. Kindler's opening report does not excuse Ms. Kindler's lack of diligence. Those materials should have been gathered and served with the initial report, and would also have been readily accessible. This is a standard request for material required under FRCP 26(a)(2)(B). *See, e.g., C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-CV-00754, 2024 WL 4766852, at *3 (D. Utah Nov. 13, 2024).

Plaintiffs argue that Viasat "had a full opportunity to explore Ms. Kindler's supplemental report during her deposition" because Viasat received the report four days before Ms. Kindler's deposition. Opp. 12. But this is not realistic, and is inconsistent with Plaintiffs' argument that Ms. Kindler's eight-person team required six weeks to complete the underlying analysis and prepare the May Kindler Report. Plaintiffs' suggestion that Viasat could have "asked to delay Ms. Kindler's deposition," or "asked for a short follow-up deposition on another day," is similarly unrealistic. *Id*. This would have cut into Viasat's time to prepare motions before the June 9, 2025 deadline, showing the cascading effects of Plaintiffs' disregard for the scheduling order. *Cf. Vnus Med. Techs. Inc. v. Biolitec*, No. C 08-3129 MMC, 2010 WL 2629714, at *5 (N.D. Cal. June 29, 2010) ("TVS also fails to convince the Court that VNUS would not be prejudiced by the necessity to depose Goodman and Draper in the midst of opposing the summary judgment motions just filed by both Defendants … The Court finds that VNUS would suffer prejudice[.]").

### B.    Viasat Was Prejudiced In Its Ability To Test And Rebut The Untimely Opinions From Ms. Kindler And Dr. Easttom

Even assuming Plaintiffs' other assertions are true, a short supplemental deposition of Ms. Kindler would still not have sufficed to cure the prejudice to Viasat. First, Viasat would also have needed to depose Dr. Easttom again, because—according to Ms. Kindler's untimely supplement— he provided previously-undisclosed support for her reply opinions. Viasat had the "right to probe [the untimely supplemental expert] opinions" via depositions. *In re Toy Asbestos Litig.*, 2020 WL 8815916, at *3. Since Ms. Kindler relied on Dr. Easttom's after-the-fact to attempt to support her faulty opinion on bitrates, and to critique Dr. Macartney's reliance on the ▇▇▇▇▇▇ agreement, Viasat would be entitled to depose Dr. Easttom as well as Ms. Kindler about his purported new opinions. *Id.* In addition, Viasat would also be entitled to "proffer a rebuttal report" from Dr. Macartney and Dr. Almeroth about the untimely new opinions from Ms. Kindler and (indirectly) Dr. Easttom. *Id.* Plaintiffs unauthorized reply opinions during the last week of expert discovery deprived Viasat of the ability to provide rebuttal opinions concerning issues that Plaintiffs should have addressed in their opening reports. Mot. 10.

### C.    The Prejudice Cannot Be Cured Without Disrupting the Case Schedule

1    Plaintiffs have never accepted the Court's schedule. Plaintiffs proposed a much longer case
2    schedule (Dkt. 126 at 10-11), which the Court denied in favor of a quicker one (Dkt. 131 at 1-2).
3    Plaintiffs then disregarded that schedule, delayed in seeking discovery, and asked to extend the
4    Court's deadlines on the last day of discovery. Dkt. 158. Again, the Court denied Plaintiffs' request
5    to extend the schedule. Dkt. 181. Judge Kang even remarked on the likelihood that Plaintiffs had
6    manufactured discovery disputes in "an evident attempt to create discovery issues to support its
7    motion to extend the fact discovery deadline," but denied those requests, noting that "[t]he Court is
8    not blind to the tactical timing and sequence of Sandisk's motion here (and the linkage to the motion
9    to extend the case deadlines)." Dkt. 183 at 8.

10    Plaintiffs' justifications for Ms. Kindler's unauthorized reply report show they continue to
11    disregard binding deadlines. Plaintiffs essentially propose an entire reworking of the ongoing
12    summary judgment and *Daubert* deadlines. But where "dispositive motions have already been filed
13    and are set to be heard by the Court," "allowing [an expert] to supplement [her] report would require
14    the Court to re-open discovery and would significantly alter the case schedule," since the other party
15    has the "right to probe [the untimely supplemental] opinions and proffer a rebuttal report as needed."
16    *In re Toy Asbestos Litig.*, 2020 WL 8815916, at *3. Here, as in *Toy Asbestos*, the case is in a "late
17    stage" and re-opening discovery would be required, disrupting a schedule that is already set for
18    dispositive motions.

19    Plaintiffs' cases on this issue are readily distinguishable. In *Aylus Networks, Inc. v. Apple
20    Inc.*, No. 13CV04700EMCKAW, 2015 WL 6667460, at *3 (N.D. Cal. Nov. 2, 2015) (cited Opp.
21    12), the untimely expert report was served with three weeks remaining in the expert discovery
22    period—not four days. And in *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, No. C-
23    06-1066 PJH (EMC), 2009 WL 2058245, at *1–2 (N.D. Cal. July 13, 2009) (cited Opp. 12), the
24    Court struck much of the untimely supplement and only permitted the remainder because of its
25    limited scope and previous timely citation of the same materials "in the same context" in the expert's
26    initial report. *Id.* (striking majority of untimely supplement). Here, in contrast, the May Kindler
27    Report was an unauthorized reply that sought to get the last word on an issue in direct contravention
28    of the scheduling order. The May Kindler Report also relied on a previously undisclosed

-8-                                          Case No. 4:22-cv-4376-HSG

conversation with Dr. Easttom—a conversation not supported by anything in Dr. Easttom's reports, and the response to which would require additional, technical rebuttal evidence. Dkt. 131.

## V.    PLAINTIFFS ARE BOUND BY RULE 16(B) AND THE SCHEDULING ORDER

Plaintiffs summarily state (Opp. 7) that "Sandisk did not need to modify the case schedule under Rule 16 to" supplement Ms. Kindler's report. But in a closely analogous case, this Court has explicitly ruled otherwise: "Rule 26 is not an invitation to ignore case deadlines." *In re Toy Asbestos Litig.*, 2020 WL 8815916, at *3 (denying motion to allow expert to supplement expert report because doing so "would require the Court to … significantly alter the case schedule"). A party seeking to supplement its expert's report must therefore demonstrate good cause and diligence under Rule 16(b). *Id.* at *2. Otherwise, "the Court's expert discovery deadlines would be rendered merely advisory[.]" *Id.* at *3. Because Plaintiffs have not even attempted to meet this burden, Viasat's motion to strike should be granted.

For the foregoing reasons, Viasat respectfully requests that the Court strike the May Kindler Report.

DATED: July 3, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Patrick D. Curran*

Patrick D. Curran
*Attorneys for Defendant Viasat, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 3, 2025, a copy of the foregoing was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.


DATED: July 3, 2025                    By  _/s/ Patrick D. Curran_
                                           Patrick D. Curran

VIASAT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE LAUREN KINDLER'S MAY 5, 2025
SUPPLEMENTAL EXPERT REPORT