# EXHIBIT B

L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | CASE NO. 4:22-cv-4376-HSG <br><br> **PLAINTIFFS' RESPONSES AND OBJECTIONS TO VIASAT'S FIRST SET OF INTERROGATORIES (NOS. 1-13)** |

106916610.4

diligence occurring between the dates of conception and reduction to practice, each person involved in such conception, diligence and/or reduction to practice, where the invention was first reduced to practice, when, where, and to whom the invention was first disclosed, and identifying each person, including third parties, who worked on the development of the alleged invention(s) described and claimed in the Patents-in-Suit, describing each person's role (e.g., producer, developer, tester, technician, researcher, etc.) and the dates and places each such person assisted, supervised, or was otherwise so involved, and identifying all documents relating to these facts.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

WDT incorporates its General Objections as if fully set forth herein. WDT objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly because the '400 and '667 patents are governed by the "first inventor to file" provisions of the AIA. WDT further objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or protection.

Subject to and without waiving its General Objections and the foregoing specific objections, WDT responds as follows: The inventions of the '400 patent were conceived no later than March 2011 and constructively reduced to practice no later than April 20, 2012. David L. Blankenbeckler, Danny O. Ybarra, and Lambertus Hesselink were involved in both conception and reduction to practice. The inventions of the '667 patent were conceived no later than August 2014 and constructively reduced to practice no later than February 5, 2015. Dean M. Jenkins and Robert P. Ryan were involved in both conception and reduction to practice. Discovery is ongoing and accordingly WDT reserves the right to supplement, amend, or modify its response at a later time.

**INTERROGATORY NO. 3:**

For each asserted claim of the Patents-in-Suit, explain in detail all legal and factual bases as to why that asserted claim is not invalid under 35 U.S.C. § 101 and/or 112, and for each reference identified as prior art for that asserted claim in Viasat's Patent Rule 3-3 disclosures in this litigation, identify each claim limitation you contend is not disclosed by and/or rendered obvious by that prior art reference, including an explanation in detail of all legal and factual bases for your contentions as to

why that reference does not invalidate the asserted claim under 35 U.S.C. § 102 or 103, with an identification identifying any documents relating to such legal and factual contentions, and any persons with knowledge relevant to those contentions.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

WDT incorporates its General Objections as if fully set forth herein. WDT objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case. WDT also objects to this Interrogatory as composed of multiple discrete subparts and, as such, functions to circumvent the limits on number of Interrogatories under Fed. R. Civ. P. 33(a). WDT will interpret this interrogatory as three separate interrogatories. WDT further objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or protection.

WDT further objects to this Interrogatory as premature as fact discovery has just commenced. As of the date of these responses, document productions are currently underway, no fact depositions have been taken, and no expert reports have been served. WDT further objects to this Interrogatory as requiring WDT to form and state affirmative validity contentions which is improper as the burden of establishing invalidity lies with the defendants in accordance with established patent law and the expectations as set forth in the Court's Joint Case Management Statement and Order (Dkt. 80). WDT further objects to this Interrogatory as calling for expert testimony and/or legal conclusions.

Subject to and without waiving its General Objections and the foregoing specific objections, WDT responds as follows: Viasat has not met its burden to demonstrate that any asserted claim is invalid under 35 U.S.C. §§ 101, 102, 103, or 112. WDT's investigation is ongoing, and, WDT reserves the right to amend and/or supplement this response. Additionally, to the extent any expert witness for WDT intends to offer an opinion on this subject, the opinion will be disclosed in an expert report or reports served in accordance with case deadlines.

**INTERROGATORY NO. 4:**

Identify and describe in detail on a claim-by-claim basis all the manners or techniques by which each asserted claim of the Patents-in-Suit improved upon the prior art, added functionality that did not exist in the prior art, overcame technical challenges found in the prior art or the failure of others, or

**INTERROGATORY NO. 5:**

State whether Plaintiffs contend there are secondary considerations or objective indicia of non-obviousness that should be considered by the Court in connection with its determination pursuant to 35 U.S.C. § 103 of the validity of each asserted claim of the Patents-in-Suit, and if the answer is anything other than an unqualified negative for any claim, identify for that claim each such secondary consideration and describe in detail Plaintiffs' contentions as to why each such secondary consideration demonstrates obviousness or non-obviousness and all facts in support thereof, including but not limited to identifying any documents in support of such facts, and any persons with knowledge of such facts.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

WDT incorporates its General Objections as if fully set forth herein. WDT objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including "anything other than an unqualified negative." WDT also objects to this Interrogatory as composed of multiple discrete subparts and, as such, functions to circumvent the limits on number of Interrogatories under Fed. R. Civ. P. 33(a). WDT further objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or protection.

WDT further objects to this Interrogatory as premature as fact discovery has just commenced. As of the date of these responses, document productions are currently underway, no fact depositions have been taken, and no expert reports have been served. WDT further objects to this Interrogatory as calling for expert testimony and/or legal conclusions.

Subject to and without waiving its General Objections and the foregoing specific objections, WDT responds as follows: Viasat has not met its burden to demonstrate that any asserted claim is invalid under 35 U.S.C. §§ 101, 102, 103, or 112. WDT's investigation is ongoing, and WDT reserves the right to amend and/or supplement this response. Additionally, to the extent any expert witness for WDT intends to offer an opinion on this subject, the opinion will be disclosed in an expert report or reports served in accordance with the deadlines set forth in the Court's Joint Case Management Statement and Order (Dkt. 80).

106916610.4

Pursuant to Rule 33(d), WDT states that additional responsive information may be found in the documents produced at WD-Viasat-NDCA00000391 to WD-Viasat-NDCA00001865 and WD-Viasat_NDCA00002642 to WD-Viasat_NDCA00002686.

Discovery is ongoing and accordingly WDT reserves the right to supplement, amend, or modify its response at a later time.

DATED: January 17, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ L. Kieran Kieckhefer*
    L. Kieran Kieckhefer
    Lillian Mao
    Ahmed ElDessouki

*Attorneys for Plaintiffs*

106916610.4

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I caused a copy of the foregoing document to be served on the following counsel for defendant Viasat, Inc. via email:

Patrick Curran, patrickcurran@quinnemanuel.com
Jodie Cheng, jodiecheng@quinnemanuel.com
Kevin Jang, kevinjang@quinnemanuel.com
Steven Cherny, stevencherny@quinnemanuel.com
qe-viasat-wd@quinnemanuel.com

*/s/ Lillian J. Mao*
Lillian J. Mao