L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC, <br><br> Defendants | Case No. 4:22-CV-4376-HSG-PHK <br><br> **SANDISK'S OPPOSITION TO VIASAT'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT** <br><br> Date:  August 21, 2025 <br> Time:  2:00 p.m. <br> Dept.:  Courtroom 2, 4th Floor <br> Judge:  Hon. Haywood S. Gilliam, Jr. |

Viasat's motion for leave to file an out-of-time second summary judgment motion on standing (Dkt. 221) should be denied. Viasat's motion is both procedurally deficient and substantively incorrect. Procedurally, Viasat filed its motion for leave after the June 9, 2025 dispositive motion deadline (Dkt. 131) and makes no effort to address its tardiness. Substantively, Viasat's summary judgment motion is wrong: Viasat asks for leave to seek dismissal of SanDisk Technologies LLC ("SDT LLC"), but SDT LLC is undisputedly a proper party in this case for multiple reasons, including because final judgment has not been entered as to U.S. Patent No. 8,504,834 (the "'834 Patent"), which SDT LLC undisputedly held ownership rights in and Viasat completely fails to mention (*see generally* Dkt. 220-1). Plaintiffs provide further arguments that Viasat's summary judgment motion lacks merit in their concurrently filed opposition to that motion.

### A. Viasat Has Not Demonstrated Good Cause Under Rule 16 to File a Dispositive Motion After the Scheduling Order Deadline.

Dispositive motions like the one Viasat seeks leave to file were due on June 9, 2025. Dkt. 131. Viasat filed over a week late, on June 20, 2025. Viasat did not—as it was required to do—request a modification of the scheduling order under Federal Rule of Civil Procedure 16 to permit it to file a summary judgment motion out of time. Moreover, had Viasat sought such a modification, it would have been unsuccessful. Modifying a scheduling order under Rule 16 requires good cause. Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If [the moving] party was not diligent, the inquiry should end." *Id.* Here, Viasat has been aware of the facts relevant to standing ***since February 2023***, and its proposed summary judgment motion is based (in part) on deposition testimony obtained in February 2025. Viasat does not demonstrate diligence between February 2025 and its motion on June 20, 2025, much less since February 2023. Thus, "the inquiry should end," and Viasat's motion should be denied. *Id.*

Viasat has been in search of a standing defense since the inception of this case, yet it slept on the issue once its pleadings challenge was ultimately unsuccessful. The relevant timeline is as follows:

Gibson, Dunn & Crutcher LLP

| Date | Event |
|---|---|
| 7/28/2022 | Complaint filed. Dkt. 1. |
| 10/27/2022 | Viasat moves to dismiss for failure to plead standing. Dkt. 27. |
| 11/17/2022 | Plaintiffs oppose Viasat's motion but indicate they "would likely be amenable to dismissing specific plaintiffs if Viasat contends, and agrees, that suit can be maintained without them." Dkt. 28 at 6 n.3. |
| 2/23/2023 | Pursuant to Patent L.R. 3-2(d), Plaintiffs produce agreements that show the ownership of rights in the asserted patents. Mao Decl., ¶ 3. |
| 4/18/2023 | The Court grants Viasat's motion to dismiss with leave to amend. Dkt. 36. The Court also stays discovery until Plaintiffs successfully plead standing. *Id.* at 5 n.3. |
| 5/9/2023 | Plaintiffs file amended complaint. Dkt. 38. |
| 5/24/2023 | Viasat again moves to dismiss for failure to *plead* standing (Dkt. 42), rather than raising a factual challenge based on the agreements it has received. |
| 11/8/2023 | The Court denies Viasat's second standing motion (Dkt. 72), but invites Viasat to file a partial motion for summary judgment "if facts come to light during discovery that undermine these allegations." *Id.* at 5. |
| 1/17/2024 | In response to Viasast's interrogatory asking for a "complete chain of title of the Patents-in-Suit," Plaintiffs provide response that explains how the previously produced agreements show the chain of title and the rights owned by each named plaintiff. Mao Decl., Ex. A. |
| 2/4/2025 | Viasat for the first time complains that Plaintiffs' interrogatory response is deficient. Mao Decl., Ex. B. |
| 2/13/2025 | Plaintiffs provide a supplemental interrogatory response expanding on their prior explanation of how rights in the asserted patents are held. Dkt. 220-2. |
| 2/14/2025 | Viasat deposes Soji John, Plaintiffs' corporate designee regarding chain of title. |
| 6/20/2025 | Viasat seeks leave to file an out-of-time second motion for summary judgment on standing. Dkt. 221. |

As reflected in the timeline above, Viasat had the relevant agreements—the very agreements that it now claims demonstrate that SDT LLC lacks standing—*since February 2023*. Viasat also had the ability to seek additional information about standing during discovery *since November 2023*, when discovery reopened. Viasat also had Sandisk's discovery responses on this issue *since January 2024*. Nonetheless, Viasat waited over a year—and three days before the close of fact discovery—to identify purported deficiencies in Plaintiffs' interrogatory response. Even if Mr. John's deposition and/or Plaintiffs' supplemental response had revealed unexpected information, Viasat waited another four months to seek leave to move for summary judgment. There is simply no reason Viasat could not have moved on standing as part of its June 9, 2023 summary judgment motion.

To the extent that Viasat tries to justify its delay in seeking summary judgment because it wanted to resolve the issue without Court intervention—Viasat points to *no change in circumstance* between the time that Viasat should have filed (June 9, 2025) and the time Viasat did file (June 25, 2025). Viasat also provides *no reason* why it could not have filed on June 9, 2025. Instead, Viasat filed its late motion during the pendency of the parties' discussions about potential resolution, and without even notifying Plaintiffs that Viasat was going to file. Mao Decl., ¶ 6.

Because Viasat failed to demonstrate diligence in seeking leave to file a summary judgment motion after the dispositive motion deadline, its motion for leave should be denied.

### B.  Viasat Has Not Demonstrated Good Cause to File a Second Summary Judgment Motion.

In addition to showing good cause under Rule 16, Viasat was also required to show good cause under this Court's standing order to file a second motion for summary judgment. Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr., ¶ 20 ("Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court and must show good cause."). For the same reasons Viasat has not shown good cause under Rule 16, Viasat cannot show good cause under the Court's standing order. Specifically, Viasat has not and cannot justify why it did not bring its proposed summary judgment motion on June 9, 2025 at the same time as, and as part of, its currently pending first summary judgment motion (Dkt. 205). Viasat possessed of all the facts relevant to standing long before it filed its first summary judgment motion.

Moreover, the issue on which Viasat seeks adjudication (whether SDT LLC is a proper party to this case) does not impact any other issue in this case. All plaintiffs have been represented by the same counsel, and there are no issues, such as lost profits, that might turn on which entity does what.

Accordingly, Viasat has not shown good cause under the Court's standing order to bring a second, untimely motion for summary judgment.

C. **Viasat's Summary Judgment Motion Should Be Denied As Meritless.**

Even if the Court modified the case schedule and granted Viasat leave under its standing order to permit Viasat's untimely summary judgment motion (it should not), Viasat's motion for leave should be denied because the underlying motion is meritless. Viasat's proposed summary judgment motion seeks dismissal of SDT LLC (*see* Dkt. 222-6), but SDT LLC is a proper party in this case for at least the reason that it owned the '834 Patent when this suit was filed, and thus, is still a proper party under Rule 25(c). Viasat's proposed summary judgment motion does not address the '834 Patent at all—indicating that Viasat is not aware or does not even recall that SDT LLC is indisputably relevant as to the '834 Patent. Viasat's omission of the fact of SDT LLC's ownership of the '834 Patent defeats its proposed summary judgment motion out of the gate because, although the '834 Patent was dismissed on § 101 grounds (Dkt. 75), no final judgment has been entered, and thus the Court's dismissal order "does not end the action as to [those] claims or parties." Fed. R. Civ. P. 54(b). Because SDT LLC is a proper party at least as to the '834 Patent, Viasat's requested relief of dismissing SDT LLC is improper, and the Court need not further consider Viasat's proposed summary judgment motion.

\* \* \*

For the foregoing reasons, Viasat's motion for leave (Dkt. 221) should be denied.

Dated: July 7, 2025

GIBSON, DUNN & CRUTCHER LLP

*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer

*Counsel for Plaintiffs*