# Exhibit A

L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., WESTERN DIGITAL IRELAND LTD., SANDISK 3D IP HOLDINGS LTD., SANDISK TECHNOLOGIES LLC, SANDISK STORAGE MALAYSIA SDN. BHD.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VIASAT, INC.,<br><br>　　　　Defendant. | CASE NO. 4:22-cv-4376-HSG<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO VIASAT'S FIRST SET OF INTERROGATORIES (NOS. 1-13)** |

106916610.4

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Western Digital Technologies, Inc., Western Digital Ireland Ltd., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (collectively "Plaintiffs" or "WDT") hereby serve the following objections and responses to Defendant Viasat, Inc.'s ("Defendant" or "Viasat") First Set of Interrogatories ("the Interrogatories").

WDT's response to any Interrogatory is not an admission or acknowledgment that any information provided is relevant to this litigation or, where appropriate, that any particular information exists, is non-privileged, or is admissible into evidence. WDT's response shall not prejudice its right to assert at the time of taking testimony, in argument, or at any other subsequent proceeding, that such information is inadmissible, irrelevant, immaterial, or not the proper basis for discovery, and is without prejudice to any objection to any future use of such information that WDT may make.

The following responses are based upon information and documentation that is currently available and specifically known to WDT following a reasonable and ongoing investigation and are given without prejudice to WDT's right to produce or rely on subsequently discovered, uncovered, or learned information. It is anticipated that further discovery, independent investigation, and analysis may lead to the discovery of additional documents, supply additional facts, and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, or variations from, the information set forth herein. The following responses reflect WDT's good faith effort to provide responsive information now known to WDT, but WDT specifically reserves the right both to supplement and amend any of the responses set forth below and to utilize at trial any further information revealed by further discovery, independent investigation, and analysis.

**GENERAL OBJECTIONS**

WDT makes the following general objections to Defendant's Interrogatories, which WDT expressly incorporates by reference into each of its Responses below. By providing a specific objection to any Interrogatory or any of the Definitions and Instructions, WDT does not waive or otherwise limit these general objections. Furthermore, reference to these general objections in any specific response or with regard to specific Definitions and Instructions shall not waive or otherwise limit the applicability

106916610.4

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

WDT incorporates its General Objections as if fully set forth herein. WDT objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case. WDT also objects to this Interrogatory as composed of multiple discrete subparts and, as such, functions to circumvent the limits on number of Interrogatories under Fed. R. Civ. P. 33(a). WDT further objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or protection.

WDT further objects to this Interrogatory as premature as fact discovery has just commenced. As of the date of these responses, document productions are currently underway, no fact depositions have been taken, and no expert reports have been served.

Subject to and without waiving its General Objections and the foregoing specific objections, WDT responds as follows: WDT is not presently aware of any non-privileged valuations of the '400 or the '667 patents. Discovery is ongoing and accordingly WDT reserves the right to supplement, amend, or modify its response at a later time. Additionally, to the extent any expert witness for WDT intends to offer an opinion on this subject, the opinion will be disclosed in an expert report or reports served in accordance with the deadlines set forth in the Court's Joint Case Management Statement and Order (Dkt. 80).

**INTERROGATORY NO. 13:**

Describe in detail and chronologically the complete chain of title of the Patents-in-Suit, including an identification of each and every person or party that has ever had an ownership interest (whether absolute or conditional) in the Patents-in-Suit of any kind, any and all promises, transfers, liens, assignments, and agreements relating to the ownership of the Patents-in-Suit, or transfer or assignment thereof, and including an identification of when and how each and every transfer or assignment of interest occurred from the named inventor through Plaintiffs' purported ownership of them and any subsequent transfer thereof by Plaintiffs.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

WDT incorporates its General Objections as if fully set forth herein. WDT objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the

case. WDT further objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege, work product immunity, or any other applicable privilege or protection.

Subject to and without waiving its General Objections and the foregoing specific objections, WDT responds as follows:

With respect to the '400 patent: On June 5, 2023, June 18, 2023, and July 11, 2012, respectively, named inventors David L. Blankenbeckler, Danny O. Ybarra, and Lambertus Hesselink assigned all right, title, and interest in their inventions reflected in the '400 patent to Western Digital Technologies, Inc. *See* WD-Viasat-NDCA00001643-48.

With respect to the '667 patent: On November 25, 2015 and November 28, 2015, respectively, named inventors Dean M. Jenkins and Robert P. Ryan assigned all right, title, and interest in their inventions reflected in the '667 patent to Western Digital Technologies, Inc. *See* WD-Viasat-NDCA00000619-21.

With respect to both the '400 and '667 patents: By operation of Section 6.1(a) of the Research & Development Services Agreement Between WDT and WDI dated June 30, 2007 (WD-Viasat-NDCA00002673), all rights, title, and interest in the inventions automatically vested in Western Digital Ireland Ltd. upon their creation. Further, by operation of Section 6.1(b) of the same agreement, Western Digital Technologies, Inc. was assigned legal title to the patent applications and resulting issued patents, as well as certain rights in the patents. On June 22, 2018, pursuant to a Technology License Agreement between Western Digital Ireland, Ltd. and SanDisk 3D IP Holdings, Ltd. (WD-Viasat-NDCA00002651), SanDisk 3D IP Holdings, Ltd. received "a perpetual, exclusive, right and license, with the right to grant sublicenses, in, to, and under" the patents. On November 30, 2019, pursuant to a Memorandum of Understanding, SanDisk 3D IP Holdings' rights were assigned down the shareholding chain to SanDisk Storage Malaysia Sdn. Bhd. As of October 30, 2023, Western Digital Ireland, Ltd. has merged with SanDisk Technologies LLC and, as the surviving company, SanDisk Technologies LLC acquired all rights previously held by Western Digital Ireland, Ltd.

Pursuant to Rule 33(d), WDT states that additional responsive information may be found in the documents produced at WD-Viasat-NDCA00000391 to WD-Viasat-NDCA00001865 and WD-Viasat-NDCA00002642 to WD-Viasat_NDCA00002686.

Discovery is ongoing and accordingly WDT reserves the right to supplement, amend, or modify its response at a later time.

DATED: January 17, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer
Lillian Mao
Ahmed ElDessouki

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I caused a copy of the foregoing document to be served on the following counsel for defendant Viasat, Inc. via email:

Patrick Curran, patrickcurran@quinnemanuel.com
Jodie Cheng, jodiecheng@quinnemanuel.com
Kevin Jang, kevinjang@quinnemanuel.com
Steven Cherny, stevencherny@quinnemanuel.com
qe-viasat-wd@quinnemanuel.com

*/s/ Lillian J. Mao*
Lillian J. Mao