# Exhibit B

**quinn emanuel** trial lawyers | boston

111 Huntington Avenue, Suite 520, Boston, Massachusetts 02199-7626 | TEL (617) 712-7100 FAX (617) 712-7200

WRITER'S DIRECT DIAL NO.
**(617) 712-7103**

WRITER'S EMAIL ADDRESS
**patrickcurran@quinnemanuel.com**

February 4, 2025

**PRIVATE & CONFIDENTIAL**
**VIA E-MAIL**
**AELDESSOUKI@GIBSONDUNN.COM**
**GDCWESTERNDIGITALVIASAT@GIBSONDUNN.COM**

Ahmed ElDessouki
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

Re:     *SanDisk Technologies, Inc., et al v. Viasat Inc.*, Case No. 4:22-cv-04376-HSG (NDCA)

Dear Mr. ElDessouki:

        I write concerning several deficiencies in Plaintiffs' discovery responses and document production.  As I explain below, these responses are noticeably incomplete in multiple places, and there are several categories of documents that Western Digital has not produced at all.

**SCSA Documents**



**quinn emanuel urquhart & sullivan, llp**

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

February 4, 2025



## Documents Relating to Ownership and Change of Custody Regarding Patents-In-Suit

Deficiencies also remain in Plaintiffs' discovery responses relating to ownership and the chain of custody of the '400 and '667 patents (the "Patents-in-Suit"). There are numerous deficiencies with Plaintiffs' discovery responses and productions, which Viasat raised as early as April of last year. These include Plaintiffs' failure to describe in detail and provide documents sufficient to show the complete chain of title of the Patents-in-Suit. *See, e.g.*, Plaintiffs' Response to Viasat's Interrogatory No. 13.

**Interrogatory No. 13**: In response to Viasat's request for Plaintiffs to describe in detail and chronologically the complete chain of title of the Patents-in-Suit, Plaintiffs responded with three short, bare-bones paragraphs ostensibly chronicling several decades' worth of chain of title transfers, and a citation to a Bates range pursuant to Federal Rules of Civil Procedure 33(d). This response is woefully deficient for several reasons.

As an initial matter, Plaintiffs' citation to business records pursuant to Federal Rules of Procedure 33(d) is improper. "In order for a party to take advantage of the alternative procedure set forth in Rule 33(d) the burden of deriving or ascertaining the answer must be substantially the same for the party serving the interrogatory as for the party served and the party responding must specify in sufficient detail where the answers can be found." *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004). And, "at a minimum, [Plaintiff] must specify where in the documents [Defendant] can find the requested information." *West v. Ultimate Metals Co.*, No. 13–CV–03651–WHO (MEJ), 2014 WL 466795, at *2 (N.D. Cal. Feb. 3, 2014). It is unclear where in these cited documents, if anywhere, Viasat can look to discern, for example, whether and when title to the '400 patent was transferred, by whom and to whom title was transferred if at all, what kind of title was transferred, whether title was then reacquired by a transferring party at some later point and when, and which entity currently holds title to the '400 patent. The same questions exist with respect to the '667 patent. Citations to general licensing and R&D agreements vaguely referencing "Intellectual Property" without so much as a list of the patents contemplated is far from a detailed description of the chain of title of the Patents-in-Suit. Plaintiffs are in far better position than Viasat to explain and chronicle the chain of ownership of the Patents-in-Suit. Instead, Plaintiffs have placed a substantial burden on Viasat to ascertain an answer and fill in holes to trace ownership, severely prejudicing Viasat's ability to defend itself in this lawsuit.

February 4, 2025

What little narrative response Plaintiffs do provide is equally deficient. For example, Plaintiffs first note that the named inventors of the '400 patent assigned all right, title, and interest related to the '400 patent to Western Digital Technologies, citing to WD-Viasat-NDCA00001643-48. While the cover page of the patent assignment that was filed references Patent Application No. 14/571,178 (the application for the '400 patent), the actual Assignment Agreement that is executed by the inventors and notarized makes no mention of Patent Application No. 14/571,178 (the application for the '400 patent) at all. Rather, the Assignment Agreement references Patent Application No. 13/460,805, which is the application for a patent that is later issued as Patent No. 8,914,634. The '400 patent does not appear to be contemplated anywhere in the Assignment Agreement executed by the inventors. With respect to the '667 patent, the alleged assignment document referenced by Plaintiffs (WD-Viasat-NDCA00000619) makes no reference to the '667 patent at all. Both the cover page and the executed/notarized Assignment Agreement reference Patent Application No. 14/615,367 (which is the application for a patent later issued as Patent No. 9,948,618). The '667 patent does not appear to be contemplated anywhere in the Assignment Agreement executed by the inventors. Plaintiffs have not provided or cited to a single Assignment Agreement between the inventors of the Patents-in-Suit and Western Digital Technologies that specifically reference either the '400 or '667 patents. Viasat is left doing pure guesswork to ascertain how and at which point the inventors' interest in the Patents-in-Suit was transferred to Western Digital Technologies.

Next, Plaintiffs claim that that a June 30, 2007 agreement (WD-Viasat-NDCA00002673-83) gave Western Digital Ireland all rights, title, and interest to both the '400 and '667 patents, which were issued well after June 30, 2007. Plaintiffs fail to explain where specifically in the June 30, 2007 agreement the transfer of interest to Western Digital Ireland with respect to the Patents-in-Suit is contemplated. To the extent Plaintiffs rely on Section 6 of the agreement (stating that all rights, title, and interest in the Developed Products automatically vested in Western Digital Ireland Ltd. upon their creation), Plaintiffs fail to describe at all, let alone in detail, how the '400 and '667 patents would be included in the definition of "Developed Products." From what Viasat can best discern, "Developed Products" include products "created, designed or developed by WDT." It is not clear from the documents cited or narrative response that WDT "created, designed or developed" the technology related to either the '400 or the '667 patent. Moreover, the June 30, 2007 agreement appears to reference a "Technology License Agreement" entered into on that same date (see Sec. 1.8). This agreement has seemingly not been produced, prejudicing Viasat's ability to obtain a full picture of the transactions that occurred in 2007. Production of these types of agreements is at least responsive to Viasat's Request for Production Nos. 16, 25, 46 as well.

Plaintiffs then briefly describe a series of transactions starting in 2018 whereby title to the Patents-in-Suit was transferred by various entities to other various entities. It is unclear from these descriptions and the documents cited that the transferor had title to transfer to begin with. As an initial matter, the documents cited by Plaintiffs reference other agreements that have seemingly not been produced. For example, a June 14, 2018 Technology License Contribution Agreement between SanDisk Technologies LLC and SanDisk 3D IP Holdings Ltd. (WD-Viasat-NDCA00002642) references a "Technology Contribution Agreement" between SanDisk LLC and SanDisk Technologies LLC (see Recital D). This document cannot be found in any of

February 4, 2025

Plaintiffs' productions. Production of these types of agreements is at least responsive to Viasat's Request for Production Nos. 16, 25, 46 as well.

Regarding the substance of this short narrative response, it appears that Plaintiffs are claiming that rights to the Patents-in-Suit was transferred in a chain of transactions that ended with SanDisk Storage Malaysia Sdn. Bhd. holding rights to the Patents-in-Suit as of November 30, 2019.[1] If that is the case, it is unclear to Viasat what impact, if any, the October 30, 2023 merger between Western Digital Ireland, Ltd. and SanDisk Technologies LLC had on the chain of ownership of the Patents-in-Suit. While it appears that Plaintiffs are suggesting that title to the Patents-in-Suit was acquired by SanDisk Technologies LLC from Western Digital Ireland, Ltd. during that merger, Viasat is left piecing together a convoluted puzzle – did Western Digital Ireland, Ltd. still have title to the Patents-in-Suit such that it could transfer those rights during the merger? What rights does SanDisk Storage Malaysia Sdn. Bhd. still have to the Patents-in-Suit? What rights were left in Western Digital Technologies such that it could transfer legal title of the Patents-in-Suit to SanDisk Technologies, Inc. on May 6, 2024 like Plaintiffs claim? *See* Dkt. 121. This is a non-exhaustive description of the intricate maze that Plaintiffs have created through deficient responses and now expect Viasat to navigate.

The burden on Viasat to fill in the gaps created by Plaintiffs is substantial and extremely prejudicial. Please confirm by Thursday, February 6 that Plaintiffs will provide a supplemental response with a complete, detailed narrative describing the complete chain of title of the Patents-in-Suit with citations to supporting documentation. To the extent Plaintiffs do not agree to do so, please provide availability to meet and confer.

To the extent that Plaintiffs wish to meet and confer with Viasat regarding any of the foregoing, please provide your availability to meet and confer on Thursday, February 6.

***

We look forward to hearing from you.

Sincerely,

Patrick D. Curran

---

[1] Many of the agreements in this series of transactions reference additional agreements that Plaintiffs have not produced. For example, an Assignment Agreement between Western Digital Ireland, Ltd. and SanDisk 3D IP Holdings Ltd. dated June 22, 2018 (WD-Viasat-NDCA00002672) references ten separate agreements in Schedule 1, only one of which Plaintiffs have produced (WD-Viasat-NDCA00002673).