L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VIASAT, INC.,<br><br>　　　　　Defendant. | Case No.: 4:22-cv-4376-HSG-PHK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

1  Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Sandisk Technologies, Inc., SanDisk 3D IP Holdings Ltd., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd., (together "Plaintiffs" or "Sandisk") respectfully submit this Administrative Motion to File Under Seal, seeking to seal portions of the unredacted versions Sandisk's Opposition to Viasat's Motion for Summary Judgement on Standing (Dkt. 252) and Exhibits 1 and 2 thereto.

Sandisk seeks to seal only the portions of its Opposition and the exhibits that contain confidential information relating to Sandisk and its predecessor, Western Digital. If filed publicly, this confidential information could be used by Sandisk's competitors to determine economic terms related to the R&D services performed by each entity in the corporate family. *See* Declaration Of Jennifer Beard In Support Of Sandisk's Administrative Motion to File Under Seal ("Beard Decl.") (filed concurrently herewith); Declaration Of Robert Stockton In Support Of Western Digital's Administrative Motion to File Under Seal ("Stockton Decl.") (Dkt. 37-1). In particular, Sandisk requests the following materials to the concurrently filed Mao Declaration to be sealed:

| Dkt. No. Sealed (Public) | Document | Portions Sought to Be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| Dkt. 253-3 (Dkt. 252) | Sandisk's Opposition to Viasat's Motion for Summary Judgement on Standing | Page 8, lines 11-14 | Beard Decl., ¶¶ 3-4; Stockton Decl., ¶¶ 3-7. |
| Dkt. 253-4 | Ex. 1 to Mao Declaration – Excerpt of Research & Development Services Agreement between Western | Entire exhibit | Beard Decl., ¶¶ 3-4; Stockton Decl., ¶¶ 3-7. |

| | | | |
|---|---|---|---|
| | Digital Ireland Ltd. ("WDI") and Western Digital Technologies, Inc. ("WDT") | | |
| Dkt. 253-5 | Ex. 2 to Mao Declaration – Excerpt of Assignment Agreement between WDI and SanDisk 3D IP Holdings Ltd. | Entire exhibit | Beard Decl., ¶¶ 3-4; Stockton Decl., ¶¶ 3-7. |

The "compelling reasons" standard applies to sealing portions of dispositive motions, and the "good cause" standard applies to nondispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Here, compelling reasons justify the sealing of limited information in Plaintiffs' Opposition and exhibits thereto to protect Plaintiffs' interests in maintaining the confidentiality of their, and their predecessor's, corporate organizational structure, particularly how various R&D services are allocated among companies in the corporate family. Plaintiffs would be harmed by the disclosure of the information sought to be sealed because outside observers would be able to access highly confidential inter-company agreements, allowing outsiders to glean details about Plaintiffs' (and their predecessor's) organizational structure that is otherwise valuable, highly confidential, and not disclosed publicly, and use that information to Plaintiffs' detriment. *See* Beard Decl. ¶¶ 3-4, Stockton Decl., ¶¶ 3-7. Courts have previously sealed such corporate organizational information under the "compelling reasons" standard. *See, e.g., Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6395513, *2 (N.D. Cal. Feb. 4, 2020) (finding compelling reasons to seal information regarding "organizational structure"); *Via Techs., Inc. v. Asus Computer Int'l*, No. 14-cv-

03586-BLF, 2017 U.S. Dist. LEXIS 52464, *3 (compelling reasons to seal "company structure" and "business relationships"); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, *2 (N.D. Cal. June 18, 2019) (compelling reasons to seal "Confidential Corporate Structure Charts"); *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 2167400, *2 (N.D. Cal. Feb. 21, 2023) (compelling reasons to seal "investment structure" that "may deter outside funders or change the terms that those funders demand"). Moreover, although the Court has denied Plaintiffs' motion to seal portions of its Amended Complaint relating to the ownership structure of the patents-in-suit (Dkt. 71), Plaintiff's present motion seeks to seal the underlying agreements that pertain to R&D services and IP ownership and the allocation of the R&D services and IP ownership as between different companies in the corporate family. The underlying agreements reveal significantly more information that the information currently available in the Amended Complaint (Dkt. 37-3) and other publicly filed information related to ownership of the patents-in-suit. *See e.g.*, Dkt. 220-2.

Plaintiffs' request is narrowly tailored to seal only the detailed terms of the allocations as between the various corporate entities. Plaintiffs are ***not*** asking to seal the provisions that establish Plaintiffs' standing in this case. Plaintiffs' interest in sealing the other information in these agreements outweighs the presumption in favor of access to judicial records and the public interest in understanding the judicial process because there is limited incremental benefit to the public in understanding the details of Plaintiffs' corporate organization and inter-company relationships that are not relevant to the standing dispute before the Court. Even with the subject information under seal, the public will still have notice of the ownership interest of each plaintiff.

For the reasons above, Sandisk respectfully requests that the materials identified above be filed under seal or redacted.

DATED: July 7, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer
Brian M. Buroker
Robert A. Vincent
Lillian J. Mao
Ahmed ElDessouki
Shuo Zhang

*Attorneys for Plaintiffs*