# EXHIBIT 1

## REDACTED VERSION

## RESEARCH & DEVELOPMENT SERVICES AGREEMENT

## BETWEEN WDT AND WDI

THIS RESEARCH & DEVELOPMENT SERVICES AGREEMENT ("Agreement") is made and entered into effective as of June 30, 2007 ("Effective Date") by and between:

**Western Digital Ireland Ltd.**, a company organized and existing under the laws of the Cayman Islands, with its registered office located at P.O. Box 309GT, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands ("WDI"),

and

**Western Digital Technologies, Inc.**, a company organized and existing under the laws of the State of Delaware, U.S.A., with its principal place of business located at 20511 Lake Forest Drive, Lake Forest, California 92630, U.S.A. ("WDT").

(WDI and WDT are collectively referred to as the "Parties" and individually referred to as "Party")

## RECITALS

A.  WDI wishes to retain the services of WDT to develop Products (as defined in Article 1 below).

B.  WDT has represented to WDI that it has the facilities, personnel, technical capabilities and expertise to perform such services, and is willing to perform such services on the terms and conditions set forth herein.

WDI and WDT agree as follows:

Section 1 - Definitions

For purposes of this Agreement, the following terms shall have meanings set forth below:



EXECUTION VERSION

1.4     "Developed Products" shall mean and include any and all developments, designs, ideas, technologies, reports, or other work product, including without limitation, any localizations, modifications, corrections, updates, improvements, derivatives or enhancements thereto, that are created, designed or developed by WDT hereunder either alone or with others at any time during its engagement by WDI, and reduced to practice or writing within one year following the termination of such engagement, to the extent that they relate to the R&D Services or embody Confidential Information or Intellectual Property Rights.

1.5     "Documentation" shall mean and include any and all flow charts, user's manuals and other documents, reports, and materials prepared or developed by WDT in connection with, or relating to, any of the Developed Products or R&D Services.

1.7     "Intellectual Property Rights" shall mean and include all inventions, patents and patent applications, copyrights, Confidential Information, designs and any other intellectual or proprietary rights, and any and all registrations and applications therefor that are used in connection with making, using, and/or selling the Products.

EXECUTION VERSION                                2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                WD-Viasat-NDCA00002674



Section 6 - Ownership of Intellectual Property Rights



    6.2    The rights to Developed Products and Documentation shall be as follows:

            (a)    WDT and WDI hereby agree that all Developed Products, and Documentation, and all Intellectual Property Rights

EXECUTION VERSION    4

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY    WD-Viasat-NDCA00002676

related thereto are "works made for hire" and agree that they are and shall remain the sole and exclusive property of WDI, and all rights, title and interest therein shall automatically vest in WDI at the time that such Developed Products or Documentation are first created. In the event that any or all rights, title or interest in and to any of the Developed Products, Documentation or Intellectual Property Rights related thereto are deemed not to vest in WDI, for any reason whatsoever, WDT agrees, on the request of WDI, to assign, transfer and convey to WDI, all such rights, title and interest in and to all of the Developed Products, Documentation and Intellectual Property Rights related thereto, including all economic rights and moral rights of authorship. In the event that, as a matter of law, any of the foregoing rights are not assignable by WDT to WDI, as provided in this Section 6.2, WDT shall, and hereby does, grant to WDI an exclusive, irrevocable, worldwide, perpetual, royalty-free license to all such rights for any purpose whatsoever.

(b) In the interest of collectively protecting the freedom of both WDI and WDT to act in the manner specified in this Agreement, WDI hereby grants to WDT (or such Affiliate of WDT as WDT specifically designates) the right to enforce any Intellectual Property Rights in the Improvements against any third party for the benefit of WDI, WDT, and their respective Affiliates and hereby grants the authority to grant non-exclusive licenses to the Intellectual Property Rights in exchange for reasonable consideration. For the sole purposes of registering, securing, enforcing, and granting licenses to Intellectual Property Rights pursuant to this Section 6.2, WDT is hereby assigned legal title to the Intellectual Property Rights without any rights, with the exception of any rights specifically provided herein.

(c) The Parties acknowledge and agree that any such assignment, transfer, or conveyance shall be in consideration for ███████████████████████████ WDT shall take all actions, and shall execute and deliver to WDI, or file with appropriate government agencies, all documents and other materials, as reasonably requested by WDI, in order to permit WDI to perfect and protect its ownership of all rights, title and interest in and to all of the Developed Products, Documentation and Intellectual Property Rights related thereto.

(d) Without limiting the generality of the foregoing, WDT shall both during and after termination of its engagement by WDI assist WDI in every proper manner to obtain for WDI, and to maintain and enforce, in any and all countries, patents, registered designs and copyrights on all Developed Products, processes and materials assigned by WDT as provided in paragraph (a) above. For such purposes, WDT shall execute all U.S. and foreign patent applications, copyright registrations, design registrations, recordable assignments, supplemental filings or declarations and all other legal documents as WDI may request.

(e) WDT shall cause each of its Representatives who will perform any R&D Services hereunder to execute a written proprietary rights agreement, by the terms of which each such Representative acknowledges and agrees that (i) he or she has no rights, title or interests whatsoever in or to any of the Developed Products or Documentation, (ii) to the extent such Representative acquires any such rights by operation of law or otherwise, such Representative assigns any and

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY	WD-Viasat-NDCA00002677

all such rights to WDT, and (iii) he or she assigns, waives, and agrees not to assert, any moral rights of authorship with respect to any and all Developed Products or Documentation. The Parties agree that any such assignment of rights, title, or interest by any Representative of WDT in the Intellectual Property Rights shall be subject to the provisions of this Agreement. WDT shall furnish WDI with copies of any such proprietary rights agreements executed by WDT's Representatives, as and when requested by WDI.

6.3     During the continuance of this Agreement and thereafter and absent any specific authorization under this Section 6, WDT shall not (a) assert or represent to any third party that it has any rights whatsoever in any Intellectual Property Rights relating to the Products, Developed Products or Documentation, or (b) take, or permit any third party to take, any action that may limit or impair WDI's sole ownership of all rights, title and interests in and to all such Intellectual Property Rights.

6.4     WDT shall be solely responsible for the prosecution, settlement and discharge of all infringement claims, suits, actions and proceedings relating to enforcement of the Intellectual Property Rights; *provided, however*, that WDI shall provide WDT, at WDI's cost, with such assistance as WDT shall reasonably request in connection with the prosecution, settlement and/or discharge of any or all such infringement claims, suits, actions and proceedings. WDT shall have the obligation to enforce such Intellectual Property Rights upon the reasonable request of WDI at WDI's sole expense after written notice from WDI of (a) infringements of any of the Intellectual Property Rights, including, but not limited to, any Intellectual Property Rights embodied in, or relating to, any of the Developed Products or Documentation, or (b) any allegations that any of the Developed Products or Documentation infringe the intellectual property rights of any third party.



EXECUTION VERSION                                6

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                                                 WD-Viasat-NDCA00002678

The Parties have caused this Agreement to be executed by their duly authorized representatives, effective as of the Effective Date.

| WESTERN DIGITAL IRELAND LTD. | WESTERN DIGITAL TECHNOLOGIES, INC. |
|---|---|
| By: *(signature)* | By: *(signature)* |
| Name: Raymond M. Bukaty | Name: Timothy M. Leyden |
| Title: Assistant Secretary | Title: Executive Vice President and CFO |
| Date: 8-31-07 | Date: 8-31-07 |

EXECUTION VERSION                                   10

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                    WD-Viasat-NDCA00002682