QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>VIASAT, INC.,<br><br>                    Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKTS. 241, 243]**<br><br>[FILED CONCURRENTLY WITH [PROPOSED] ORDER RE APPLICATION FOR LEAVE TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) & (f) and the Protective Order entered in this case (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Response to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed [Dkts. 241, 243].

Throughout the summary judgment briefing process, Plaintiffs have consistently filed significantly more of Viasat's confidential information than they have cited. Most recently, in support of their Opposition to Viasat's Motion for Summary Judgment of Noninfringement (Dkt. No. 241-2), Plaintiffs filed 31 exhibits and requested that all 31 be filed under seal (as all 31 contain Viasat confidential information). Dkt. 241. These 31 exhibits total over 2,000 pages of material; few, if any, are excerpted, even though Plaintiffs' opposition cites or relies on only a handful of pages. *See* Dkt. 241-14 through 33. Indeed, Plaintiffs cite to merely 200 of those pages (nearly half of which are citations to Dr. Easttom's expert report). Plaintiffs have therefore unnecessarily filed over **1,800 pages** of Viasat's highly confidential information.

This is inconsistent with Civil Local Rule 79-5: "A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." By not minimizing their submission of confidential material (by, for example, submitting only excerpts of the materials they actually rely on) Plaintiffs have unduly burdened Viasat and the Court. Viasat has spent considerable time reviewing and redacting material that was never even referenced in the associated motions, and the Court has had to review additional sealing-related pleadings and consider whether or not to seal materials that should have never been filed in the first instance. Filing this material not only burdens the Court and Viasat— it also needlessly risks disclosure of large amounts of Viasat's sensitive, confidential information.

Viasat has identified redactions for the entirety of Dr. Easttom's report, as well as for documents of reasonable length. However, where Plaintiffs placed extremely long documents in the record but relied on only a few pages, Viasat respectfully requests that the Court order either (1) that those documents (identified in the table below) be sealed in their entirety, or (2) in the

alternative, order Plaintiffs to refile these documents in excerpted form, such that only the portions referenced in their Opposition are included.

As to Plaintiffs' first motion to consider whether another party's material should be sealed [Dkt. 241], Viasat seeks to seal portions of:

- VIASAT_SC_0000001 [Dkt. 241-3];
- VIASAT_SC_0000076 [Dkt. 241-4];
- VIASAT_SC_0000107 [Dkt. 241-5];
- VIASAT_SC_0000115 [Dkt. 241-6];
- VIASAT_SC_0000189 [Dkt. 241-7];
- VIASAT_SC_0000212 [Dkt. 241-8];
- VIASAT_SC_0000249 [Dkt. 241-9];
- VIASAT_SC_0000278 [Dkt. 241-10];
- VIASAT_SC_0000374 [Dkt. 241-11];
- VIASAT_SC_0000451 [Dkt. 241-12];
- VIASAT_SC_0000487 [Dkt. 241-13];
- The Expert Report of Dr. Chuck Easttom, served by SanDisk on March 24, 2025 [Dkt. 241-14];
- The deposition transcript of Finn Hughes, taken on February 28, 2025 [Dkt. 241-15];
- The deposition transcript of Jason Neri, taken on February 5, 2025 [Dkt. 241-16];
- The deposition transcript of Daniel Newman, taken on February 7, 2025 [Dkt. 241-17];
- The deposition transcript of Des O'Sullivan, taken on February 26, 2025 [Dkt. 241-18];
- The deposition transcript of Joshua Slater, taken on February 6, 2025 [Dkt. 241-19];
- VIASAT_00000618 [Dkt. 241-20];
- VIASAT_00005782 [Dkt. 241-21];

- VIASAT_00006153 [Dkt. 241-22];
- VIASAT_00006354 [Dkt. 241-23];
- VIASAT_00006471 [Dkt. 241-24];
- VIASAT_00006779 [Dkt. 241-25];
- VIASAT_00007395 [Dkt. 241-26];
- VIASAT_00008420 [Dkt. 241-27];
- VIASAT_00008738 [Dkt. 241-28];
- VIASAT_00014554 [Dkt. 241-29];
- VIASAT_00016425 [Dkt. 241-30];
- VIASAT_00017825 [Dkt. 241-31];
- VIASAT_00055833 [Dkt. 241-32]; and
- VIASAT_00060099 [Dkt. 241-33] (collectively, the "SJ Opposition Exhibits").

Viasat also seeks to seal portions of Sandisk's Opposition to Viasat's Motion for Summary Judgment of Noninfringement [Dkt. 241-2] (the "SJ Opposition"), which relies on the foregoing attachments.

As to Plaintiffs' second motion to consider whether another party's material should be sealed [Dkt. 243], Viasat seeks to seal portions of Sandisk's Reply in Support of Daubert Motion to Exclude Certain Opinions of Gareth Macartney, Ph.D. [Dkt. 243-2] (the "Daubert Reply").

| Dkt. No. (Original Filing/Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| 241-2 / 257-2 | SD's Opp. to Viasat's Mot. for SJ of Noninfringement | Analysis of Viasat confidential technical information (on portions of PDF pages 7, 9-16, 19-21, 23-26, 28-29) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 241-3 / N/A | Ex. 1 - VIASAT_SC_0000001 | Dkt. 241-3 is a Manual Filing Notification explaining that Exhibit 1 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 1 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed | Ward. Decl. ¶¶ 3-4 |

| | | electronically, Viasat requests that the entirety of Exhibit 1 be kept under seal. | |
|---|---|---|---|
| 241-4 / N/A | Ex. 2 - VIASAT_SC_0000076 | Dkt. 241-4 is a Manual Filing Notification explaining that Exhibit 2 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 2 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 2 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-5 / N/A | Ex. 3 - VIASAT_SC_0000107 | Dkt. 241-5 is a Manual Filing Notification explaining that Exhibit 3 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 3 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 3 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-6 / N/A | Ex. 4 - VIASAT_SC_0000115 | Dkt. 241-6 is a Manual Filing Notification explaining that Exhibit 4 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 4 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 4 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-7 / N/A | Ex. 6 - VIASAT_SC_0000189 | Dkt. 241-7 is a Manual Filing Notification explaining that Exhibit 6 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 6 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 6 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-8 / N/A | Ex. 7 - VIASAT_SC_0000212 | Dkt. 241-8 is a Manual Filing Notification explaining that Exhibit 7 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 7 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 7 be kept under seal. | Ward. Decl. ¶¶ 3-4 |

| | | | |
|---|---|---|---|
| 241-9 / N/A | Ex. 8 - VIASAT_SC_0000249 | Dkt. 241-9 is a Manual Filing Notification explaining that Exhibit 8 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 8 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 8 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-10 / N/A | Ex. 9 - VIASAT_SC_0000278 | Dkt. 241-10 is a Manual Filing Notification explaining that Exhibit 9 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 9 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 9 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-11 / N/A | Ex. 10 - VIASAT_SC_0000374 | Dkt. 241-11 is a Manual Filing Notification explaining that Exhibit 10 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 10 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 10 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-12 / N/A | Ex. 11 - VIASAT_SC_0000451 | Dkt. 241-12 is a Manual Filing Notification explaining that Exhibit 11 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 11 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 11 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-13 / N/A | Ex. 12 - VIASAT_SC_0000487 | Dkt. 241-13 is a Manual Filing Notification explaining that Exhibit 12 to Declaration Of Shuo Zhang In Support Of Plaintiffs' Opposition To Viasat's Motion For Summary Judgment Of Noninfringement is a source code file that was filed pursuant to Section 9(e) of the Protective Order. Dkt. 90. As Exhibit 12 has been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by Viasat, and was not filed electronically, Viasat requests that the entirety of Exhibit 12 be kept under seal. | Ward. Decl. ¶¶ 3-4 |
| 241-14 / 257-3 | Ex. 13 - Easttom Op. Rep. | Analysis of Viasat confidential technical and source code-related information (on portions of | Ward. Decl. ¶¶ 3-4 |

| | | | |
|---|---|---|---|
| | | PDF pages 2-69) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | |
| 241-15 / N/A | Ex. 14 - Hughes Depo. Tr. | Plaintiffs filed as an exhibit an *entire technical transcript (195 pages)*. Plaintiffs did this despite *only citing to 5 pages (21, 56, 103, 105, and 125)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 195-page exhibit despite only citing to 5 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-16 / N/A | Ex. 15 - Neri Depo. Tr. | Plaintiffs filed as an exhibit an *entire technical transcript (190 pages)*. Plaintiffs did this despite *only citing to 30 pages (36-37, 47-48, 53-55, 57-59, 64, 70, 72-74, 101, 117-118, 129-132, 156-157, 167-168, 176-178, 181)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 190-page exhibit despite only citing to 30 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-17 / N/A | Ex. 16 - Newman Depo. Tr. | Plaintiffs filed as an exhibit an *entire technical transcript (163 pages)*. Plaintiffs did this despite *only citing to 3 pages (81-83)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 163-page exhibit despite only citing to 3 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-18 / N/A | Ex. 17 - O'Sullivan Depo. Tr. | Plaintiffs filed as an exhibit an *entire technical transcript (170 pages)*. Plaintiffs did this despite *only citing to 7 pages (47, 61, 109, 110-111, 127, 148)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 170-page exhibit despite only citing to 7 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-19 / N/A | Ex. 18 - Slater Depo. Tr. | Plaintiffs filed as an exhibit an *entire technical transcript (178 pages)*. Plaintiffs did this despite | Ward. Decl. ¶¶ 3-4 |

STATEMENT IN SUPPORT OF SANDISK'S ADMIN. SEALING MOTIONS (DKTS. 241, 243)
CASE NO.: 5:22-cv-4376-HSG
6

| | | | |
|---|---|---|---|
| | | *only citing to 5 pages (101-105)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 178-page exhibit despite only citing to 5 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | |
| 241-20 / 257-4 | Ex. 19 - VIASAT_00000618 | Analysis of Viasat confidential technical information (on portions of PDF pages 3-13) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 241-21 / N/A | Ex. 20 - VIASAT_00005782 | Plaintiffs filed as an exhibit a 360-page internal *technical document*. Plaintiffs did this despite *only citing to 6 pages (798-801, 819, 821)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 360-page exhibit despite only citing to 6 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-22 / 257-5 | Ex. 21 - VIASAT_00006153 | Analysis of Viasat confidential technical information (on portions of PDF pages 3-14) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 241-23 / N/A | Ex. 22 - VIASAT_00006354 | Plaintiffs filed as an exhibit a 23-page internal *technical document*. Plaintiffs did this despite *only citing to 2 pages (365, 367)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 23-page exhibit despite only citing to 2 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-24 / N/A | Ex. 23 - VIASAT_00006471 | Plaintiffs filed as an exhibit a 68-page internal *technical document*. Plaintiffs did this despite *only citing to 3 pages (499, 513, 526)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 68-page exhibit despite only citing to 3 pages, Viasat requests that the entire exhibit remain sealed given the | Ward. Decl. ¶¶ 3-4 |

| | | confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | |
|---|---|---|---|
| 241-25 / N/A | Ex. 24 - VIASAT_00006779 | Plaintiffs filed as an exhibit a 27-page internal *technical document*. Plaintiffs did this despite *only citing to 3 pages (787, 790-791)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 27-page exhibit despite only citing to 3 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-26 / N/A | Ex. 25 - VIASAT_00007395 | Plaintiffs filed as an exhibit a 35-page internal *technical document*. Plaintiffs did this despite *only citing to 1 page (418)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 35-page exhibit despite only citing to 1 page, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-27 / 257-6 | Ex. 26 - VIASAT_00008420 | Analysis of Viasat confidential technical information (on portions of PDF pages 1-6) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 241-28 / N/A | Ex. 27 - VIASAT_00008738 | Plaintiffs filed as an exhibit a 173-page internal *technical document*. Plaintiffs did this despite *only citing to 8 pages (745-746, 766-767, 772, 775, 803, 846)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 173-page exhibit despite only citing to 8 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 241-29 / 257-7 | Ex. 28 - VIASAT_00014554 | Analysis of Viasat confidential technical information (on portions of PDF pages 3-16) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 241-30 / 257-8 | Ex. 29 - VIASAT_00016425 | Analysis of Viasat confidential technical information (on portions of PDF pages 2-4) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES | Ward. Decl. ¶¶ 3-4 |

| | | ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | |
|---|---|---|---|
| 241-31 / 257-9 | Ex. 30 - VIASAT_00017825 | Analysis of Viasat confidential technical information (on portions of PDF pages 2-7) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 241-32 / 257-10 | Ex. 31 - VIASAT_00055833 | Analysis of Viasat confidential technical information (on portions of PDF pages 1-7) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 241-33 / N/A | Ex. 32 - VIASAT_00060099 | Plaintiffs filed as an exhibit a 93-page internal *technical document*. Plaintiffs did this despite *only citing to 16 pages (132-136, 153-156, 183-189)*. The exhibit was marked by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Because Plaintiffs have filed a 93-page exhibit despite only citing to 16 pages, Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit and the fact that Plaintiffs are relying on nearly none of it in support of their motion. | Ward. Decl. ¶¶ 3-4 |
| 243-2 / 257-11 | SD's Reply in Supp. Of Daubert Mot. to Exclude Certain Opinions of G. Macartney | Analysis of Viasat confidential technical and financial information (on portions of PDF pages 2-5 and 7-8) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-5 |

Viasat seeks to seal only the portions of these motions and exhibits that contain Viasat's highly confidential source code, or describe product operations, or financial and contract details. Filed concurrently herewith are redacted versions of each document that redact only the highly confidential information noted above (at the pages noted in the table above). If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'s Statement in Support of the Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed ("Ward Decl.") (filed concurrently herewith).

Courts generally apply a "compelling reasons" standard when considering motions to seal documents attached to dispositive motions. *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-CV-01247-HSG, 2022 WL 1131632, at *1 (N.D. Cal. Mar. 29, 2022) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to seal documents in connection with a dispositive motion must "articulate compelling reasons supported by specific factual findings, such as "the use of records to … release trade secrets," that "outweigh" the strong presumption in favor of public access. *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard and requires that the party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law ... The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist . . . such as the use of records to . . . release trade secrets." "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (citations and internal

quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"); Dkt. 435, Order on Motions to Seal ("The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and proprietary information relating to the operations of Defendant."); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database). Likewise, damages analyses that reference a party's confidential financial information warrant sealing. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014); *see also Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV-07250-HSG, 2023 WL 2600464, at *1 (N.D. Cal. Mar. 21, 2023) (finding compelling reasons to seal monthly financial metrics and projections of future revenue as "confidential business and financial information").

  A.  **Documents Containing Confidential Business Information**

  If filed publicly, the Viasat highly confidential information reflected in the Daubert Reply could be used by Viasat's competitors to Viasat's detriment. *See* Ward Decl. ¶¶ 3-5; *see also Baird v. BlackRock Institutional Tr., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019) ("[C]onfidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard."). The disclosure of this non-public business information "could reasonably place [Visa] at a competitive disadvantage if disclosed."); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing confidential business information

"prevent[ed] competitors from gaining insight into the parties' business model and strategy"). *MiCamp Sols., LLC v. Visa Inc.*, No. 23-CV-06351-HSG, 2025 WL 1063419, at *2 (N.D. Cal. Mar. 28, 2025).

The redacted portions of the Daubert Reply reflect specific, confidential contracts and dealings with third-party partners revealing non-public information about the terms of Viasat's dealings with such third-parties, including confidential information about how Viasat secures their services. These confidential references to Viasat's financial information, internal metrics, security practices and contractual dealings warrant sealing. Viasat's internal financial information, and the terms of its contracts with customers, are not publicly available and would provide Viasat's competitors with an unfair advantage in competitive bidding against Viasat. *See* Ward Decl. ¶¶ 3, 5. If this confidential information was disclosed, significant competitive harm could result for Viasat. Further, confidential information about Viasat's security practices with respect to its products warrants sealing. The inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4. If this confidential product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *See Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

### B. Documents Containing Confidential Technical Information

If filed publicly, the Viasat highly confidential information reflected in the SJ Opposition and Exhibits thereto would likewise cause competitive harm to Viasat. If filed publicly, the Viasat highly confidential information reflected in the SJ Opposition and Exhibits thereto could be used by Viasat's competitors to Viasat's detriment because they reflect highly confidential information

about the operation of and source code for Viasat's products, including about source code variables and how those variables relate to the way that Viasat's products operate. *See* Ward Decl. ¶¶ 3-4. These confidential references to the architecture of Viasat's products, and the source code, operation of, and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4.

If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; *see also Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

Pursuant to Civil Local Rule 79-5(c) and (f), and on the basis of the harm to Viasat if disclosed, Viasat submits this motion which establishes good cause to permit the sealing of the unredacted versions of the aforementioned Motion and Exhibits.

DATED: July 10, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Patrick D. Curran*
Patrick D. Curran

*Attorney for Defendant Viasat Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025, a copy of the foregoing response, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: July 10, 2025           By  */s/ Patrick D. Curran*
                                   Patrick D. Curran