QUINN EMANUEL URQUHART & SULLIVAN, LLP
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (Bar No. 241630)
patrickcurran@quinnemanuel.com
Tzivya H. Beck (*pro hac vice*)
tzivyabeck@quinnemanuel.com
Hannah Dawson (*pro hac vice*)
hannahdawson@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:    (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Nicola R. Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
Anastasia M. Fernands (*pro hac vice*)
anastasiafernands@quinnemanuel.com
Vanessa Blecher (*pro hac vice*)
vanessablecher@quinnemanuel.com
Alicia Lai (*pro hac vice*)
alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>                    Plaintiffs,<br>         v.<br>VIASAT, INC.,<br><br>                    Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT** |

Good cause exists to permit Viasat to file a second motion for summary judgment. For years, Plaintiffs vaguely and incorrectly represented to Viasat and to the Court that WDI and SDT LLC had exclusionary rights in the '400 and '667 patents. *See, e.g.*, Dkts. 1, 28, 38, 56. Viasat filed two motions to dismiss for lack of standing. Dkts. 27, 45. The Court granted the first and, on the second, although the Court saw WDI's allegations "as needlessly cagey," it ultimately allowed WDI to continue prosecuting this case but expressly invited Viasat to file a partial motion for summary judgment on standing "if facts come to light during discovery that undermine" Plaintiffs' standing allegations. Dkt. 72 at 4–5. Those very facts came to light, albeit in an interrogatory response and deposition testimony obtained after the close of fact discovery. *See* Dkt. 222-2 (Plaintiffs' Second Supplemental Responses to Viasat's First Set of ROGs (No. 13)); Dkt. 222-3 (Exhibit 3 to Soji John Deposition).

Once it became clear that SDT LLC lacked standing, Viasat promptly asked Plaintiffs to drop SDT LLC from the litigation. Dkt. 222-5 (Mar. 6, 2025 Emails Between Plaintiffs and Viasat); Dkt. 222-4 (Mar. 28, 2025 Emails Between Plaintiffs and Viasat). Plaintiffs ignored Viasat's outreach for over two months. Then, on May 28, 2025, Plaintiffs represented that they were "willing to stipulate to SDT LLC's dismissal" but conditioned it upon extracting concessions from Viasat vis-à-vis the standing of other Plaintiff entities. Dkt. 222-4. Viasat explained that it did not understand the ultimatum because "[s]tanding either exists or it doesn't." *Id.* Then, on June 5, 2025—a week later and a mere four days before the dispositive motion deadline—Plaintiffs sent a draft stipulation to drop SDT LLC from the case caption, rather than a motion to dismiss SDT LLC from this case with prejudice. *Id.* Still believing that Plaintiffs were conferring in good faith, and in an attempt to avoid burdening the Court with this issue, Viasat continued the discussion, explaining on June 8, 2025 that a dismissal with prejudice was warranted. *Id.* Plaintiffs then went silent until after the dispositive motion deadline on June 9, 2025. *Id.*

Having received no answer from Plaintiffs, Viasat ultimately felt compelled to file its motion for leave and motion for summary judgment on standing on June 20, 2025. Dkts. 221, 222. Plaintiffs then quickly re-engaged Viasat on standing on June 25, 2025—and **again agreed to dismiss SDT LLC from the case**, this time with prejudice. Ex. 1 (June 25, 2025 Emails Between Plaintiffs and

Viasat). But the draft stipulation was conditioned on Viasat's agreement to avoid the Court's sealing procedures. *Id.* Viasat explained it could not do so: Only the Court can change its sealing procedures. *Id.*

Viasat was subsequently surprised that, after offering to dismiss SDT LLC twice for lack of standing, Plaintiffs turned around and filed an opposition brief arguing that SDT LLC in fact does have standing and should not be dismissed.

Plaintiffs' actions with respect to standing have been nothing short of frustrating. Since the beginning of the case, Plaintiffs have stonewalled Viasat's diligent efforts to discover the facts regarding who, if anyone, has exclusionary rights in the asserted patents. But Plaintiffs now contend Viasat "slept on the issue" of standing, and "provides no reason why it could not have filed on June 9, 2025." Dkt. 251 at 1, 3. Essentially Plaintiffs blame Viasat for attempting to avoid unnecessary motions practice and, more fundamentally, ignore their own dilatory conduct and bait-and-switch offers to dismiss.

Plaintiffs also fault Viasat for not combining its second motion regarding standing together with its first motion regarding infringement. *Id.* at 3. But no "combining" should have been necessary, as Viasat did not believe Plaintiffs would persist with meritless claims of standing after offering to dismiss SDT LLC voluntarily. On these facts, a second and targeted summary judgment motion on a focused issue is appropriate; district courts have found that a second motion assists in efficiently resolving a suit particularly when it addresses issues "distinct" from a prior motion for summary judgment. *Casa Nido Partnership v. Kwon*, No. 20-CV-07923-EMC, 2024 WL 628438, at *1 (N.D. Cal. Feb. 14, 2024) (finding no prejudice to the non-movant and permitting a second motion for summary judgment on a "distinct" cause of action). As explained in Viasat's motion for leave, a second motion for summary judgment would facilitate the efficient resolution of the discrete issue of whether SDT LLC does, in fact, possess exclusionary rights in the '400 and '667 patents. Dkt. 221. Addressing this distinct issue at the summary judgment phase will streamline the case for trial, including by eliminating an entity with no standing to pursue claims at trial.

For the foregoing reasons, Viasat asks the Court for leave to file its summary judgment motion and reply brief to dismiss SDT LLC for lack of standing.

DATED: July 14, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Patrick D. Curran*

Patrick D. Curran
*Attorneys for Viasat, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 14, 2025, a copy of the foregoing was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: July 14, 2025

By /s/ Patrick D. Curran
Patrick D. Curran