# EXHIBIT 1

| | |
|---|---|
| **From:** | Hannah Dawson |
| **Sent:** | Friday, July 4, 2025 7:04 AM |
| **To:** | Lillian Mao; QE-Viasat-WD |
| **Cc:** | GDC-NDCA Western Digital-Viasat |
| **Subject:** | RE: Sandisk v. Viasat - dismissal of SDT LLC |

Counsel,

We did not receive a response to the email below.  Viasat understands Plaintiffs are refusing to pay fees and costs.  We therefore assume you will ask the Court to dismiss SDT LLC with prejudice.  Viasat will not oppose that request.  Viasat will, however, move for fees and costs, and we understand Plaintiffs will oppose.

Best,
Hannah

**Hannah Dawson**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

111 Huntington Ave Suite 520
Boston, MA 02199
617.712.7107 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
hannahdawson@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Hannah Dawson
**Sent:** Monday, June 30, 2025 4:01 PM
**To:** Mao, Lillian <LMao@gibsondunn.com>; QE-Viasat-WD <qe-viasat-wd@quinnemanuel.com>
**Cc:** *** GDC-NDCA Western Digital-Viasat <GDCWesternDigitalNDCA@gibsondunn.com>
**Subject:** RE: Sandisk v. Viasat - dismissal of SDT LLC

Counsel,

Thank you for your email. On the point regarding surprise — we are surprised that Plaintiffs did not dismiss SDT LLC in March when Viasat asked what basis Plaintiffs had to continue bringing claims in SDT LLC's name. By waiting 12 weeks finally to agree to dismiss the entity, Viasat was forced to bring a summary judgment motion on standing. We are also surprised that SDT LLC was a plaintiff at all, since discovery shows SDT LLC never had any

1

exclusionary rights in the '400 patent or '667 patent. As a result, Viasat was forced to bring multiple motions to dismiss an entity that should never have been named as a plaintiff. And we are surprised that Plaintiffs would tell the Court, multiple times, that SDT LLC had exclusionary rights in the '400 patent and '667 patent when SDT LLC never had such rights.  By representing that SDT LLC had exclusionary rights to the '400 patent or the '667 patent, Plaintiffs forced Viasat to seek discovery on standing, to analyze documents Plaintiffs reluctantly produced after repeated correspondence and meet & confers, and to take depositions that confirmed SDT LLC never had standing.

Regardless, we are glad that Plaintiffs finally are  willing to dismiss SDT LLC with prejudice. Please let us know if Plaintiffs will also agree to reimburse Viasat for fees and costs in connection with the activities noted above. If Plaintiffs will reimburse Viasat , the parties can put the standing issue behind us.  If Plaintiffs will not reimburse Viasat for fees and costs, please confirm Plaintiffs will be filing with the court (1) a request to dismiss SDT LLC with prejudice, and (2) an explanation for Plaintiffs' good-faith basis to have named SDT LLC as a plaintiff and for Plaintiffs' repeated claim in filings with the Court that SDT LLC possessed exclusionary rights to the '400 patent and the '667 patent. Viasat will then respond to that submission. This will give the Court a full record that permits the Court to assess the standing issues and appropriate next steps.

Finally, the proposed stipulation appears to include an agreement on sealing.  We do not believe the parties can agree to amend sealing procedures in this fashion and suggest that the parties follow the local rules on sealing.

Thank you,

Hannah

**Hannah Dawson**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

111 Huntington Ave Suite 520
Boston, MA 02199
617.712.7107 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
hannahdawson@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Mao, Lillian <LMao@gibsondunn.com>
**Sent:** Monday, June 30, 2025 1:14 PM
**To:** QE-Viasat-WD <qe-viasat-wd@quinnemanuel.com>
**Cc:** *** GDC-NDCA Western Digital-Viasat <GDCWesternDigitalNDCA@gibsondunn.com>
**Subject:** Re: Sandisk v. Viasat - dismissal of SDT LLC

2

[EXTERNAL EMAIL from lmao@gibsondunn.com]



This message needs your attention
- Some Recipients have never replied to this person.

Counsel,

Following up on the below.

Thanks,

Lillian

**From:** Mao, Lillian <LMao@gibsondunn.com>
**Date:** Wednesday, June 25, 2025 at 10:33 AM
**To:** QE-Viasat-WD <qe-viasat-wd@quinnemanuel.com>
**Cc:** *** GDC-NDCA Western Digital-Viasat <GDCWesternDigitalNDCA@gibsondunn.com>
**Subject:** Sandisk v. Viasat - dismissal of SDT LLC

Counsel,

We were surprised that Viasat filed a second summary judgment motion on standing rather than continue to engage with Sandisk on this issue, when Sandisk had agreed to drop SDT LLC from the case and the parties were engaging on the format of dismissal.

Regardless, in light of the language in Viasat's proposed order, please find attached a draft stipulation that we believe should resolve these issues. Please let us know if you approve of the stipulation, or else provide your proposed edits.

Best,

Lillian



**Lillian Mao**
Associate Attorney

T: +1 650.849.5307
LMao@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
310 University Avenue, Palo Alto, CA 94301-1744

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.