QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
  Hannah Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:    (617) 712-7100
Facsimile:    (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*proc hac vice*)
  nicolafelice@quinnemanuel.com
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>VIASAT, INC.,<br><br>                    Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[FILED CONCURRENTLY WITH [PROPOSED] ORDER RE MOTION TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) and the Protective Order entered in this case (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Administrative Motion to File Under Seal. Viasat seeks to seal portions of Viasat's Reply in Support of Motion for Summary Judgment of Noninfringement [Dkt. 260] from public access.

| Dkt. No. (Public/Sealed) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| Dkt. 260 / 261-2 | Viasat's Reply in Support of Motion for Summary Judgment of Noninfringement | Analysis of Viasat confidential technical and source code-related information, including the names and descriptions of variables, (on portions of pages i, 2-14) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |

Viasat seeks to seal only the portions of this brief that contains Viasat's highly confidential source code and product operation information. Filed concurrently herewith is an redacted version of the brief that redacts only the highly confidential information regarding the operation of and source code for Viasat's products (at the pages noted in the table above). If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'s Administrative Motion to File Under Seal ("Ward Decl.") (filed concurrently herewith).

Courts generally apply a "compelling reasons" standard when considering motions to seal documents attached to dispositive motions. *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-CV-01247-HSG, 2022 WL 1131632, at *1 (N.D. Cal. Mar. 29, 2022) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to seal documents in connection with a dispositive motion must "articulate compelling reasons supported by specific factual findings, such as "the use of records to . . . release trade secrets," that "outweigh" the strong presumption in favor of public access. *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard and requires that the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret

or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

If filed publicly, the Viasat highly confidential information reflected in Viasat's Reply in Support of Motion for Summary Judgment of Noninfringement would likewise cause competitive harm to Viasat. The Viasat highly confidential information reflected in this Reply could be used by Viasat's competitors to Viasat's detriment because it reflects highly confidential information about the operation of and source code for Viasat's products, including about source code variables and how those variables relate to the way that Viasat's products operate. *See* Ward Decl. ¶¶ 3-4. The confidential references in this Reply to the architecture of Viasat's products, and the source code, operation of, and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4. If the public had access to this information, malicious actors could try to identify security vulnerabilities, while competitors could try to co-opt Viasat's technical operations and security features for its own competing products.

If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

Pursuant to Civil Local Rule 79-5(c) , and on the basis of the harm to Viasat if disclosed, Viasat submits this motion which establishes good cause to permit the sealing of the unredacted version of the aforementioned Reply.

|   |   |
|---|---|
| DATED: July 18, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By /s/ *Patrick D. Curran*<br>　　Patrick D. Curran<br><br>*Attorney for Defendant Viasat Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2025, a copy of the foregoing motion was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: July 18, 2025                By  /s/ *Patrick D. Curran*
                                        Patrick D. Curran