L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC, <br><br> Defendant | Case No. 4:22-CV-4376-HSG <br><br> **SANDISK'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF VALIDITY [DKT. 210]** <br><br> Date: August 21, 2025 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 2, 4th Floor <br> Judge: Hon. Haywood S. Gilliam, Jr. <br><br> **REDACTED VERSION** |

**Table of Contents**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. There Is No Triable Issue Regarding Whether the '400 Patent Is Anticipated ............. 1

        1. Rae does not disclose a "unique identifier" that is "concealed" ....................... 2

        2. Buttars does not disclose a "unique identifier" that is "concealed" ................. 3

    B. There Is No Triable Issue Regarding Whether the '400 Patent Is Obvious ................. 3

    C. There Is No Triable Issue Regarding Whether the '667 Patent Is Anticipated ............. 6

        1. Viasat failed to present clear and convincing evidence that the asserted claims of the '667 Patent are anticipated by Smith ........................................... 6

        2. Viasat failed to present clear and convincing evidence that the asserted claims of the'667 Patent are anticipated by Smoyer ......................................... 8

        3. Viasat failed to present clear and convincing evidence that the asserted claims of the'667 Patent are anticipated by any system ................................. 10

    D. There Is No Triable Issue Regarding Whether the '667 Patent Is Obvious ................ 11

    E. Viasat's Complaints About Sandisk's Interrogatory Responses Do Not Absolve It of Its Burden on Invalidity, and In Any Event Are Meritless. ................... 13

    F. Viasat's Standing Defense Should Be Dismissed ....................................................... 14

    G. Viasat's Failure to Mark Defense Should Be Dismissed ............................................ 14

III. CONCLUSION ............................................................................................................. 15

**Table of Authorities**

Page(s)

Cases

*Adapt Pharma Operations Ltd. v. Teva Pharms. USA, Inc.*,
    25 F.4th 1354 (Fed. Cir. 2022) ..........................................................................................3

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
    6 F.3d 1523 (Fed. Cir. 1993) ............................................................................................15

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017) ..................................................................................14, 15

*Asetek Danmark A/S v. CoolIT Sys. Inc.*,
    No. 19-CV-00410-EMC, 2022 WL 21306656 (N.D. Cal. Oct. 25, 2022) ....................5, 13

*Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*,
    555 F.3d 984 (Fed. Cir. 2009) ..........................................................................................12

*Barnes v. AT&T Pension Benefit Plan–Nonbargained Program*,
    718 F. Supp. 2d 1167 (N.D. Cal. 2010) ............................................................................14

*Broadcom Corp. v. Emulex Corp.*,
    732 F.3d 1325 (Fed. Cir. 2013) ..........................................................................................4

*Cent. Admixture Pharmacy Servs., Inc. v. Adv. Cardiac Sols., P.C.*,
    482 F.3d 1347 (Fed. Cir. 2007) .................................................................................1, 2, 3

*Connell v. Sears, Roebuck & Co.*,
    722 F.2d 1542 (Fed. Cir. 1983) ..................................................................1, 3, 7, 8, 10, 11

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
    880 F.3d 1356 (Fed. Cir. 2018) ..........................................................................................2

*Ctr. for Biological Diversity v. Kempthorne*,
    588 F.3d 701 (9th Cir. 2009) ............................................................................................14

*Gamevice, Inc. v. Nintendo Co., Ltd.*,
    2020 WL 13739193 (N.D. Cal. June 4, 2020) .................................................................13

*Implicit Networks, Inc. v. Juniper Networks, Inc.*,
    Case No. 3:10-cv-04234, Dkt. 92 (N.D. Cal. June 6, 2012) .............................................14

*In re Koninklijke Philips Pat. Litig.*,
    No. 18-CV-01885-HSG, 2020 WL 7398647 (N.D. Cal. Apr. 13, 2020) .....................5, 12

*In re Kotzab*,
    217 F.3d 1365 (Fed. Cir. 2000) ..........................................................................................5

*KSR Int'l Co. v. Teleflex Inc.*,
    550 U.S. 398 (2007) ...........................................................................................................4

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
    2014 WL 2854773 (N.D. Cal. June 20, 2014) .................................................................13

*In re O'Farrell*,
   853 F.2d 894 (Fed. Cir. 1988) .................................................................................................. 6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) .............................................................................................. 12

*Power-One, Inc. v. Artesyn Techs., Inc.*,
   599 F.3d 1343 (Fed. Cir. 2010) ................................................................................................ 4

*Procter & Gamble Co.*,
   566 F.3d at 997 ........................................................................................................................ 6

*Regents of Univ. of Cal. v. Broad Inst., Inc.*,
   903 F.3d 1286 (Fed. Cir. 2018) ................................................................................................ 3

*Virtek Vision Int'l ULC v. Assembly Guidance Sys.*,
   97 F.4th 882 (Fed. Cir. 2024) ............................................................................................ 5, 12

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
   796 F. Supp. 2d 1025 (N.D. Cal. 2011) ................................................................................... 3

*Wyers v. Master Lock Co.*,
   616 F.3d 1231 (Fed. Cir. 2010) ................................................................................................ 5

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ................................................................................................ 14

**Statutes**

35 U.S.C. § 287(a) ........................................................................................................................ 15

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................................................ 12

## I. INTRODUCTION

Viasat failed to meet its burden on invalidity and marking, and pled an affirmative defense that does not qualify as one. Summary judgment on each of these issues is appropriate.

Viasat's opposition confirms that it failed to adduce clear and convincing evidence of invalidity. Viasat does not address the deficiencies Sandisk identified in its opening brief, and instead focuses on mischaracterizing Sandisk's positions and pointing to scant discussions in Dr. Almeroth's report or block quotes from the prior art references that are insufficient to meet Viasat's burden. For example, with respect to the '400 Patent, Viasat does not show how the purported "unique identifiers" in the prior art are "concealed" as required by the claims.

As another example, Viasat has no evidence or argument that the prior art discloses the "indication of a secure region" claim limitation of the '667 Patent. Instead, Viasat's prior art either lacks the required "indication" or only shows that the entire device is the "secure region" (as opposed to having a secure region *within* the device). Viasat argues that its showing is enough for infringement and invalidity to rise or fall together because Sandisk allegedly shows only that much for infringement. Viasat is incorrect—Sandisk specifically shows the accused products have an "indication" of a secure region *within* the device. Since that is Viasat's only rebuttal on invalidity, Viasat has **not** shown the prior art satisfies the "indication" requirement under the Court's construction, and summary judgment is appropriate.

With respect to its affirmative defenses, Viasat relies on inapposite parts of the record that do not relate to what Viasat pled—subject matter jurisdiction instead of failure to state a claim, and invalidity instead of marking. Summary judgment on Viasat's defenses should be granted.

## II. ARGUMENT

### A. There Is No Triable Issue Regarding Whether the '400 Patent Is Anticipated

"Anticipation requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim." *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983). Summary judgment of no anticipation is appropriate where there is no genuine issue of material fact and "no reasonable jury could find [anticipation] by clear and convincing evidence." *Cent. Admixture Pharmacy Servs., Inc. v. Adv. Cardiac Sols., P.C.*, 482 F.3d 1347, 1358 (Fed. Cir. 2007).

With respect to anticipation of the '400 Patent, Sandisk's Motion (Dkt. 210) shows that Viasat failed to adduce sufficient evidence to establish that the prior art—specifically, Rae or Buttars—discloses a unique identifier that "is concealed by the portable data storage device," as required by all asserted claims. Dkt. 210, 5-7. Viasat's Opposition (Dkt. 248 (public); 250-1 (under seal)) failed to identify anything in the record that shows that the concealed unique identifier limitation is disclosed by the prior art. Because a patent is presumed valid, the party asserting invalidity has the burden of proof to show anticipation by clear and convincing evidence. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1364 (Fed. Cir. 2018). Because Viasat lacks such evidence, summary judgment of no anticipation is appropriate. *See Cent. Admixture Pharmacy*, 482 F.3d at 1358.

### 1. Rae does not disclose a "unique identifier" that is "concealed"

Sandisk explained in its Motion that Viasat failed to show either of the potential unique identifiers in Rae that Dr. Almeroth appeared to point to—a "device ID" and a "private key"—were concealed by the portable data storage device. Dkt. 210, 5-7. In its Opposition, Viasat abandons the "device ID" theory and makes no effort to show that it is concealed. Dkt 250-1, 5-6. The Court should thus grant summary judgment on Viasat's "device ID" theory for Rae.

With respect to the "private key" theory, Viasat cites only a conclusory statement from its expert that is not supported by cited text from Rae, which is also insufficient to defeat summary judgment. Dkt. 250-1, 5-6 (quoting Dkt. 218-8, ¶ 188 and Rae at 11:46:47). The section of Dr. Almeroth's report that Viasat relies on in its Opposition simply states that "Rae explains that the private key is concealed within the secure central processing unit of the end-user device." Dkt. 218-8, ¶ 188. But the conclusory statement is clearly unsupported by the quoted section from Rae, which states: "[t]he private key associated with the device's certificate is extracted from the secure CPU." *Id.* (quoting Rae at 11:46-47). Dr. Almeroth failed to explain how a skilled artisan would have understood that this "private key," which is "extracted from the secure CPU," is somehow "concealed." To the contrary, Rae repeatedly discloses, as Viasat and Dr. Almeroth agree, that the "private key" is simply "locally stored" at the "playback device." Dkt. 218-8, ¶ 188 (citing Rae at 5:27-37). But being stored locally does not mean that the "private key" is "concealed." Viasat has no evidence showing how a skilled artisan would have understood that Rae's "private key" is "concealed" as required by the claims.

In *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1082 (N.D. Cal. 2011), the Court found summary judgment of no anticipation appropriate where the defendant "[had] not produced evidence showing that a person skilled in the art would have understood" the prior art's disclosure to satisfy the claim limitation at-issue. Similarly here, Viasat failed to provide any evidence of how a skilled artisan would have read the quoted section from Rae to mean that the "private key" is concealed. Further, *Volterra* criticized the defendant for ignoring other sections of the cited prior art reference that contradict its reading. Viasat similarly ignored Rae's repeated disclosure that the "private key" is simply "locally stored," which does not support any logical leap to it being "concealed."

Because no reasonable jury could find, by clear and convincing evidence, that Rae discloses all elements of any claims of the '400 Patent, the Court should find that the claims of the '400 Patent are not anticipated by Rae as a matter of law.

### 2. Buttars does not disclose a "unique identifier" that is "concealed"

Viasat failed to identify a "unique identifier" in Buttars that is concealed by the portable data storage device as required by the claims. Dkt. 210, 6-7. In its opposition, Viasat argues that Dr. Almeroth included in his report a statement that an alleged "playback device key" may identify a device, but Viasat fails to identify any evidence that such "playback device key" is ***concealed by*** the portable data storage device. Dkt. 250-1, 6. Viasat's failure is dispositive of the anticipation question for all asserted claims of the '400 Patent. Because no reasonable juror could find that Buttars discloses a unique identifier that is concealed, the Court should find that the claims of the '400 Patent are not anticipated by Buttars as a matter of law. *Connell*, 722 F.2d at 1548; *Cent. Admixture Pharmacy*, 482 F.3d at 1358.

### B. There Is No Triable Issue Regarding Whether the '400 Patent Is Obvious

Sandisk demonstrated (Dkt. 210, 7-12) that Viasat's evidence is insufficient for a jury to find obviousness, and Viasat failed to rebut that. Proving obviousness "requires finding that a person of ordinary skill in the art would have been motivated to combine or modify the teachings in the prior art and would have had a reasonable expectation of success in doing so." *Regents of Univ. of Cal. v. Broad Inst., Inc.*, 903 F.3d 1286, 1291 (Fed. Cir. 2018). This requires "identify[ing] a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements ***in the way the claimed new invention does***." *Adapt Pharma Operations Ltd. v. Teva Pharms. USA, Inc.*, 25 F.4th 1354, 1365

(Fed. Cir. 2022) (quoting *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007)) (emphases added). Viasat quotes a slew of conclusory statements from its expert report but still does not even address why a skilled artisan would have combined the specific combinations of references cited for the specific claim element it alleges to be obvious. Dkt. 250-1, 7-8.

Although Viasat failed to articulate how the specific references could have rendered the claims obvious, Sandisk provided a framework in its Motion setting out the combinations Viasat appeared to be asserting and why each lacked sufficient evidentiary support. Dkt. 210, 7-11. For example, as Sandisk noted, Viasat's expert alleged that Buttars alone renders an element of claims 1 and 9 obvious, that Rae in view of Spencer or Buttars in view of Spencer renders another element of claims 1 and 9 obvious, and that Buttars in view of Rae renders another element of claims 1 and 9 as well was dependent claims 6 and 13 obvious. *Id.* But even provided with the framework to specifically address each element and combination of references, Viasat still ignored the lack of specificity in its obviousness analysis and did not address this issue at all in its Opposition. Dkt. 250-1, 6-8. Indeed, Viasat only defends the combination of "Rae with Buttars or Spencer" (*id.*), so summary judgment should be granted as to all other combinations and single-reference obviousness arguments.

Instead of proffering the required obviousness evidence, Viasat mischaracterizes the legal standard, arguing incorrectly that "obviousness requires **only** a 'plausible rational[e] as to why the prior art references would have worked together.'" Dkt. 250-1, 7 (quoting *Broadcom Corp. v. Emulex Corp.*, 732 F.3d 1325, 1334 (Fed. Cir. 2013)) (emphasis added). *Broadcom*, however, held that this "plausible rationale" requirement is a **necessary** showing, but nowhere states that it is **sufficient** to prove obviousness as Viasat suggests. *See* 732 F.3d at 1335 ("An invention is not obvious just 'because all of the elements that comprise the invention were known in the prior art;' rather a finding of obviousness at the time of invention requires a 'plausible rational [sic] as to why the prior art references would have worked together.'") (quoting *Power-One, Inc. v. Artesyn Techs., Inc.*, 599 F.3d 1343, 1351 (Fed. Cir. 2010)). Obviousness requires **not only** a plausible rationale as to why the prior art references would have worked together but also everything required for a proper motivation to combine analysis as required by other case law.

*Broadcom* does not eliminate the legal requirement that "to establish obviousness based on a

combination of the elements disclosed in the prior art, there must be some motivation, suggestion or teaching of the desirability of making **the specific combination** that was made by the applicant." *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 7398647, at *2 (N.D. Cal. Apr. 13, 2020) (quoting *In re Kotzab*, 217 F.3d 1365, 1369-70 (Fed. Cir. 2000)) (emphases added). Nor does *Broadcom* contradict *Asetek Danmark A/S v. CoolIT Sys. Inc.*, No. 19-CV-00410-EMC, 2022 WL 21306656, at *7 (N.D. Cal. Oct. 25, 2022), where the court rejected an expert report which merely described the problem each of the prior art references attempted to solve and stated that, "because [references] are attempting to solve similar issues and each disclose or teach known techniques that can be used for one another, a POS[IT]A, when reading them together, would have been motivated to combine . . . [the references]." Under the same logic as these prior decisions, Viasat's obviousness showing fails.

As part of its faulty legal argument, Viasat also misquotes *Wyers* for the incorrect proposition that "logic, judgment, and common sense" can be freely used to gap-fill holes in Viasat's evidence. Dkt. 250-1, 7 (quoting *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1239 (Fed. Cir. 2010)). *Wyers* is inapposite because Viasat and its expert failed to provide any specific analysis required for motivation to make the proposed combinations. Viasat therefore did not identify what the required "logic, judgment, and common sense" that would be used to gap-fill all the missing pieces from its expert report. *See Virtek Vision Int'l ULC v. Assembly Guidance Sys.*, 97 F.4th 882, 887-88 (Fed. Cir. 2024) (reversing obviousness finding and noting "there was no argument about common sense" put forward by patent challenger or its expert). The Federal Circuit's holding in *Wyers* is directed to the obvious logical deductions that should not be required to be explicit in every single step. *Wyers* explicitly illustrates the kind of situations its holding is applicable to: "If 100 email deliveries were ordered, and the first transmission delivered only 95, common sense dictates that one should try again. One could do little else." 616 F.3d at 1240. Viasat failed to identify any similar place where "common sense" could patch its obviousness case. Viasat cannot demonstrate the applicability of *Wyers*, since the holes in its evidence (i.e., an entire absence of analyses having the required specificity) are too large. *See e.g.*, *Asetek*, 2022 WL 21306656, at *7 ("[M]ere conclusory arguments by an expert without factual support are not 'sufficient for the question of obviousness to reach the jury.'") (quoting *ActiveVideo Networks*, 694

1  F.3d at 1327); *Procter & Gamble Co.*, 566 F.3d at 997 (quoting *In re O'Farrell*, 853 F.2d 894, 903
2  (Fed. Cir. 1988)) (An invention is not obvious under section 103 "just because it was obvious 'to ex-
3  plore a new technology or general approach that seemed to be a promising field of experimentation,
4  where the prior art gave only general guidance as to the particular form of the claimed invention or
5  how to achieve it.'").

6  Viasat and its expert failed to provide any specific analysis that could demonstrate obviousness
7  and instead cite to nothing more than conclusory statements that do not even address the specific mo-
8  tivation to combine requirement. Accordingly, the Court should find that the claims of the '400 Patent
9  are not rendered obvious by any of the proposed grounds as a matter of law.

**C.    There Is No Triable Issue Regarding Whether the '667 Patent Is Anticipated**

Viasat's opposition fails to salvage its anticipation theories against the '667 Patent. Sandisk moved for summary judgment because Viasat failed to present clear and convincing evidence that any of the various allegedly anticipatory references and systems—Smith, Smoyer, SCSA (a/k/a Vidity/Project Phenix), DirecTV DVRs, and DISH DVRs—discloses all elements of the '667 Patent claims. Dkt. 210, 12-18. In response, Viasat points to only block quote citations from the alleged prior art references that further emphasize the lack of discussion in its expert's report, and the improper mixing-and-matching of features from different sources. Each proffered anticipatory reference fails to disclose at least one essential limitation of the asserted '667 Patent claims. No reasonable jury could find the asserted claims of the '667 Patent anticipated on the factual record of this case.

**1.    Viasat failed to present clear and convincing evidence that the asserted claims of the '667 Patent are anticipated by Smith**

Viasat's argument (Dkt. 250-1, 8) that certain block quotes from Smith included in Dr. Almeroth's report support disclosure of an "indication of the NAS device having a secure region" and hence supports its anticipation theory fails. First, Dr. Almeroth's report does not map what portions of the block quote allegedly meet the claim requirement and further, the block quotes do not disclose the "indication" requirement. Dkt. 218-8, ¶¶ 277–280; Dkt. 210, 12–13. Viasat does not respond to Sandisk's call-out of the lack of *any* discussion in Dr. Almeroth's report. Dkt. 250-1, 8. Indeed, Viasat does not even dispute that Dr. Almeroth's report on Smith is nothing more than a collage of block

6

quotes without any discussions mapping the claim elements to disclosures from Smith. *Id*. Viasat merely attempts (and fails) to add color to Dr. Almeroth's discussion-less report, arguing that cited block quotes from Smith disclose an "indication." *Id*. Viasat's attorney argument is insufficient to defeat Sandisk's motion on this issue. *See Connell*, 722 F.2d at 1548; Mot. at 12–13.

In addition, in arguing non-infringement, Viasat has conceded that its showing on Smith is insufficient to satisfy the claims. Viasat argues, for invalidity, that a system having a secure region is sufficient to show the claimed "indication." Dkt. 250-1, 8. Yet Viasat argues, for non-infringement, that simply having a secure region (e.g., Viasat's system with the "▮▮▮▮" secure region) is insufficient to show the same "indication" limitation. Dkt. 205, 9-10. Sandisk has rebutted Viasat's non-infringement argument and shown that the accused products contain a specific "indication"—for example, an indicator that reflects ▮▮▮▮ of a given location within a device. Dkt. 240, 5–12. Viasat failed to identify (nor does Smith provide) the specific existence of an "indication" for its invalidity case.

In its Opposition, Viasat argues that Smith discloses a device that "*identifies* a secure storage location" (Dkt. 250-1, 8), but Dr. Almeroth did not provide any mapping between the claim limitation and block quotes from Smith, nor offer any opinion that a POSITA would have understood that language as a disclosure of an "indication" as required by the claims. Viasat's post-hoc attorney argument does not amount to clear and convincing evidence supporting disclosure of an "indication" as required by the claims. Moreover, the claims require "*receiving* an indication of the NAS device having a secure region." Without expert opinion support, Viasat cannot prove that merely "identifying" secure storage, as Smith discloses, equates with "receiving an indication." Viasat's attempt to bootstrap Smith's single word "identifies"—which Dr. Almeroth never called out nor explained—into a disclosure of the "receiving an indication" limitation should be rejected.

Dr. Almeroth had the opportunity to provide reasons why a POSITA would have purportedly understood from the block quote from Smith that the "indication" limitation was met. He did not. He did not even provide any explanation that maps the text in the block quotes to the claimed "indication" requirement. The factual record on this issue, at best, is limited to a set of block quotes in Dr. Almeroth's report that do not actually disclose the claimed "indication," without any explanation from Dr.

Almeroth, and Sandisk's expert's explanation on why Smith lacks such disclosure. Dkt. 240-13 (Easttom Op. Rept.), ¶¶ 350–354. Thus, the '667 Patent is not anticipated by Smith.

### 2. Viasat failed to present clear and convincing evidence that the asserted claims of the '667 Patent are anticipated by Smoyer

Viasat also fails to demonstrate any fact that would support denying summary judgment of no anticipation based on Smoyer, because it too fails to disclose the required "indication." Viasat's only response is that its "invalidity theory on [Smoyer] is a mirror image" of Sandisk's infringement theory that allegedly points to an indication of *an entire device* rather than that of a secure region *within* that device and therefore "infringement and invalidity must rise and fall together." Dkt. 250-1, 8-9. But Viasat's characterization of Sandisk's infringement theory is wrong and its argument just confirms that Smoyer indeed does not anticipate the '667 Patent.

<u>*Viasat Does Not Dispute Smoyer Fails to Disclose The "Indication Of The Presence Of A Secure Region Within The NAS Device"*</u>: Tellingly, Viasat does not dispute the substance of Sandisk's arguments and admits that Smoyer only discloses an "indication of [an entire] device" and not that of a location *within* the device. *Id.* Not once does Viasat argue that Smoyer discloses an indication for a secure region *within* a storage device, as required by the claims. Indeed, Viasat's own arguments elsewhere in its opposition demonstrate the lacking disclosure in Smoyer. In arguing for anticipation by Smith, Viasat admitted that the proper inquiry for the "indication" limitation is of a secure region within a storage device and attempted to point to such in Smith. *Id.*, 8. Now with Smoyer, Viasat fails to do so. And Viasat cannot, as Smoyer does not disclose an indication for a secure region. Thus, Smoyer does not anticipate any asserted claim of the '667 Patent. *Connell*, 722 F.2d at 1548.

<u>*Contrary to Viasat's Contention, Sandisk's Infringement Theory Specified the "Indication" Related to a "Secure Region"*</u>: Viasat's opposition regarding Smoyer hinges on its mischaracterization of Sandisk's infringement theory, and the assertion under such misinterpretation that "infringement and invalidity must rise and fall together." Dkt. 250-1, 9. Yet Sandisk's infringement theory of the "indication" limitation, contrary to Viasat's mischaracterization, is correctly directed to that of a secure region *within* a device, *not* a secure device as a whole. Dkt. 240-13 (Easttom Op. Rept.), ¶¶ 554, 557–559, 572; Dkt. 240 (Sandisk's Op. to Viasat's Mot. of Non-Infringement), 5. Sandisk's expert applied

8

the Court's interpretation of the claim term: "receive an indication of the presence of a secure region *within* the NAS device," *i.e.*, that the indication be "an indication of the presence of the secure region itself." Dkt. 120 (Claim Construction Order), 21 (emphasis added); Dkt. 240-13 (Easttom Op. Rept.), ¶¶ 553-581.

Sandisk repeatedly corrected Viasat's mischaracterization of Sandisk's infringement theory, including in its Opposition to Motion to Strike Portions of Sandisk's Expert Reports (Dkt. 230) and Opposition to Motion for Summary Judgment of Noninfringement (Dkt. 240). Sandisk pursued a ***single, consistent infringement theory*** regarding the "indication" limitation, directed to a region within a storage device, which was disclosed in and well-supported by Sandisk's March 2024 Infringement Contentions ("ICs"). Dkt. 230, 15-18; Dkt. 240, 5-7. All asserted claims require receiving "an indication of the NAS device having a secure region comprising *a buffer* for streaming media on a separate display device on the local area network." Sandisk identified the " ███ " in the accused products as the claimed buffer of the secure region. Dkt. 189-4, 39; Dkt. 230, 15-16; Dkt. 240, 5-6. Sandisk's ICs also outlined how Viasat's system stores media content in a ███████████ ███████████████████████████████████. Dkt. 189-4, 58. Essentially, the accused system distinguishes between secure (encrypted, hidden) storage areas and public areas by using specific file paths and encryption status, which satisfies the indication-of-secure-region element.

In further support of this theory, Dr. Easttom, Sandisk's technical expert, identified ███ ████████████ in Viasat' source code as an "indication," explaining that programmer comments in the source code file confirm that this value reflects the status of "████████████ *i.e.*, a portion of the storage, and not the entire storage devices as Viasat claims. Dkt. 240-13 (Easttom Op. Rept.), ¶ 554; *see also* Dkt. 240-7 (VIASAT_SC_0000212-248).

In addition, Dr. Easttom presented evidence that Viasat's file path logic reflects the indication of a secure region. Viasat's system ██████████████████████████████████████████ ████████████████████████████████████████████████████████████, which was also confirmed by Viasat's Mr. Hughes' testimony. Dkt. 240-13 (Easttom Op. Rept.), ¶¶ 562, 571-572; *see*

1  *also* Dkt. 240-14 (Hughes Depo. Tr.), 103:3-16, 105:4-16. Sandisk's expert opined that these ▇
2  ▇ serve as an "indication of a secure region" because content in those subfolders are protected, while
3  content outside are not. The ▇ thus contains a secure region (*i.e.*, the set of ▇)
4  and the system indicates this by how it addresses and accesses said ▇. Dkt. 240-13
5  (Easttom Op. Rept.), ¶¶ 562, 571-572.

6  Viasat's argument that infringement and invalidity rise and fall together is thus unfounded.
7  Viasat continues to ignore Sandisk's infringement allegations clearly disclosed in the ICs and further
8  illustrated in Dr. Easttom's report. Sandisk has met its burden to show the presence of an indication of
9  a secure region *within* a device, in accord with the Court's construction of the term, whereas Viasat
10 failed to show disclose of such in Smoyer.

### 3. Viasat failed to present clear and convincing evidence that the asserted claims of the '667 Patent are anticipated by any system

Viasat's system-based anticipation theories fail for the same reason as Smoyer. Viasat argues that, "as with Smoyer," its invalidity theory for the "indication" limitation mirrors Sandisk's infringement theory and "invalidity and infringement will rise and fall together." Dkt. 250-1, 13.

But as discussed above, Sandisk's infringement theory regarding the "indication" limitation is not the same as Viasat's invalidity theory. Again, Sandisk pursued a ***single, consistent infringement theory*** regarding the "indication" limitation, directed to a region *within* a storage device as required by the Court's construction. *Supra*, II.C.2; Dkt. 230 at 15-18; Dkt. 240 at 5-7.

In contrast, Viasat fails to identify any support that any prior art system discloses an indication for a region within a device. In regurgitating its arguments for Smoyer, Viasat does not dispute the substance of Sandisk's arguments. Viasat does not contend that any of these prior art systems—SCSA, DirecTV DRV, and DISH DVR—discloses an indication of a secure region *within* the device. *See* Dkt. 250-1, 10-13. Indeed, Viasat admits that "[Sandisk is] correct" to contend that for each prior art system, "'Viasat only points to support related to the encryption of entire devices' to satisfy the 'indication' requirement." *Id.* Thus, there is no dispute that the prior art systems—SCSA, DirecTV DRV, and DISH DVR—fail to disclose an "indication of the presence of a secure region *within* the NAS device," and there is no anticipation. *Connell*, 722 F.2d at 1548.

Sandisk's infringement theory stands, and Viasat's system-based invalidity theories fall. Sandisk showed how the "indication" limitation is met under the Court's construction, whereas Viasat admitted its failure to do so.[1]

### D. There Is No Triable Issue Regarding Whether the '667 Patent Is Obvious

In its Motion, Sandisk pointed out clear deficiencies in Dr. Almeroth's report that warrant summary judgment against Viasat's obviousness arguments for the '667 Patent. Dkt. 210, 18-20. Specifically, Dr. Almeroth failed to "specify the relevant features to be combined into any other reference" and also failed to support any motivation to combine in making specific combinations. *Id*., 19-20. In response, Viasat does not dispute Dr. Almeroth's failure. Instead Viasat argues that Sandisk should have challenged issues on motivation to combine in Sandisk's response to Viasat's interrogatories on validity. Dkt. 250-1, 14. As explained in the next section, Viasat's complaints about Sandisk's interrogatory responses (which are unfounded in any event) do not lower Viasat's burden on obviousness. Viasat then points to *generic boilerplate* statements in *its invalidity contentions*, but not in Dr. Almeroth's report, as disclosures it may rely on "to prove obviousness at trial." *Id*., 15. But Viasat is wrong that these generic statements—which are not in its expert's report—can create "a factual dispute regarding motivation to combine that cannot be resolved on summary judgment." *Id*., 15-16.

***Viasat Does Not Dispute Dr. Almeroth Failed to Discuss Specific Motivations to Combine Viasat's Proposed Obviousness Combinations***: Viasat does not contest Dr. Almeroth's failure to provide motivation to combine support for any of its proposed obviousness combinations. *See generally* Dkt. 250-1, 14-16. Viasat cannot. Dr. Almeroth, as Sandisk explained in its Motion, "failed to specify the 'missing' features to be combined into any other reference," and "also failed to specify the advantages of the combination, how the combination would have been made, or why a skilled artisan would have a reasonable expectation of success in making the specific combination." Dkt. 210, 19-20.

---

[1] Viasat further attempts to address its reliance on documents describing multiple different versions of the prior art systems as if directed to a singular system. Dkt. 250-1, 10-13. Sandisk maintains its position that this is improper, and has already provided detailed support of its position for each prior art system—SCSA, DirecTV DRV, and DISH DVR—in its motion. Dkt. 210, 14–18. Regardless, Viasat's admission of the lack of disclosures directed to the "indication" limitation is sufficient for the Court to grant Sandisk's request for partial summary judgement of validity regarding the alleged prior art systems. *Connell*, 722 F.2d at 1548.

And by omission Viasat concedes to this glaring deficiency in Dr. Almeroth's report. This precludes Dr. Almeroth from proffering opinions on motivation to combine at trial. Fed. R. Civ. P. 26(a)(2)(B); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366–67 (Fed. Cir. 2006). ("Under Rule 26(a)(2), a party must disclose, as directed by the court, its expert witnesses and a report that 'contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor.'").Viasat's invalidity contentions do not cure the deficiency in Dr. Almeroth's report, nor has Viasat identified any other person that may speak to the issues on motivation to combine at trial. Viasat's obviousness case on the '667 Patent fails for this reason alone. *Virtek Vision Int'l ULC v. Assembly Guidance Sys., Inc*., 97 F.4th 882, 887 (Fed. Cir. 2024) (Ruling against obviousness as expert "did not provide any reason to combine the references in his expert declaration.").

**_Even Considering the Generic Statements in its Invalidity Contentions, There Is No Triable Issue of Material Fact with Obviousness_**: Viasat points to generic statements in its invalidity contentions as support that there is "a factual dispute regarding motivation to combine that cannot be resolved on summary judgment." Dkt. 250-1, 16. For this proposition, Viasat cites *Wyers* and *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 555 F.3d 984 (Fed. Cir. 2009). *Id.*, 15-16. Yet, again, the cases Viasat cites do not cure the clear deficiencies in its obviousness invalidity arguments.

Similar to the discussions above on the '400 Patent, Viasat cannot demonstrate the applicability of *Wyers* for the '667 Patent, as the holes in its evidence (i.e., an entire absence of analyses having the required specificity) is much larger than what can be gap-filled by logic and common sense. *Supra*, II.B. Viasat and its expert failed to show "some motivation, suggestion or teaching of the desirability of making **the specific combination** that was made by the applicant." *In re Koninklijke Philips Pat. Litig.*, 2020 WL 7398647 at *2. Likewise, *Ball Aerosol*, which held that teaching in the prior art of a motivation to combine need not be explicit, is inapposite here. Sandisk does not argue that the motivation to combine must be explicit in the prior art. What Sandisk expected is much less—for Viasat to state **what** the motivation to combine is for the **specific combination** that Viasat contends renders the claims of the '667 Patent obvious. Viasat failed to do even that.

Viasat's expert's report and invalidity contentions have nothing more than conclusory statements that do not address the specific motivation to combine requirement. Accordingly, the Court

should find that the claims of the '667 Patent are not rendered obvious by any of the proposed grounds as a matter of law. *See Asetek*, 2022 WL 21306656 at *7 (N.D. Cal. Oct. 25, 2022) ("[M]ere conclusory arguments by an expert without factual support are not 'sufficient for the question of obviousness to reach the jury.'").

### E. Viasat's Complaints About Sandisk's Interrogatory Responses Do Not Absolve It of Its Burden on Invalidity, and In Any Event Are Meritless.

Viasat's "statement of relevant facts" (Dkt. 250-1, 2-3) includes more than a page of ***irrelevant*** discussion about Sandisk's interrogatory responses and expert report on validity. The Court can ignore that discussion because it is Viasat's burden to prove invalidity and Viasat's burden, at summary judgment, to come forward with sufficient evidence of invalidity. Sandisk's interrogatory responses do not change those burdens, which Viasat has failed to meet. Viasat's purported belief "that Plaintiffs would do nothing more than stand on the presumption of validity"—although incorrect—is sufficient for purposes of resolving Sandisk's motion. Indeed, Sandisk's Motion did not cite any argument by Dr. Easttom; it relied solely on Viasat's failure of proof.

Nonetheless, Viasat has no basis to complain about or seek relief based on Sandisk's interrogatory responses or service of a rebuttal expert report on validity. Contrary to Viasat's characterizations, the interrogatory responses specifically stated that Sandisk might offer expert opinion on the topic of validity, and that "the opinion will be disclosed in an expert report or reports served in accordance with the deadlines set forth in the Court's Joint Case Management Statement and Order." Dkt. 248-3 at 6, 8. Viasat never moved to compel a further response. As promised in its interrogatory responses, Sandisk timely served a validity expert report from Dr. Easttom on April 14, 2025. Courts in this district have held that disclosure of validity positions is properly made in expert reports, regardless of whether those positions were detailed in an interrogatory response. *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 2854773, at *5 (N.D. Cal. June 20, 2014) ("The Court will not penalize [plaintiff] for providing its response—its rebuttal expert report—at the time appointed by the Court's scheduling order."); *Gamevice, Inc. v. Nintendo Co., Ltd.*, 2020 WL 13739193, at *7 (N.D. Cal. June 4, 2020) (refusing to strike plaintiff's validity report because "[defendant] has the burden of proof on invalidity, so it cannot fault [plaintiff] for not yet having rebutted an issue about which [defendant] had not yet made its initial

showing" in an opening report); *see also Implicit Networks, Inc. v. Juniper Networks, Inc.*, Case No. 3:10-cv-04234, Dkt. 92 at 2 (N.D. Cal. June 6, 2012) (denying motion to compel validity interrogatory response because "unlike non-infringement contentions . . . which hinge on [defendant's] insight into and understanding of the functionality of its own products – neither side has a better understanding of how or whether the prior art references and combinations . . . disclose each of the claim elements at issue here."). Viasat's complaints are both unfounded and irrelevant.

### F. Viasat's Standing Defense Should Be Dismissed

Viasat's Fifth Affirmative Defense, that "Plaintiffs' complaint fails to state a claim upon which relief can be granted" (Dkt. 81 at 10), is not a proper affirmative defense under Rule 8(c) and should be dismissed or stricken. Courts in this District recognize that "failure to state a claim is not a proper affirmative defense but rather, asserts a defect in the prima facie case." *Barnes v. AT&T Pension Benefit Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). The Ninth Circuit has explained, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). By contrast, an affirmative defense "does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes*, 718 F. Supp. 2d at 1173. Because Viasat's defense does not meet that standard, summary judgment should be granted.

Viasat relies on prior motions under Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction, but those are distinct from 12(b)(6) attacks on pleading sufficiency. Moreover, to the extent Viasat now seeks to preserve its standing arguments for summary judgment or trial, it did not need to assert an improper "failure to state a claim" defense to do so. *Ctr. for Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009). There was no need—and no legal basis—for preserving this challenge through a catchall affirmative defense that fails as a matter of law.

Because "failure to state a claim" is not a valid affirmative defense and Viasat has offered no legitimate basis to preserve it here, summary judgment should be granted in favor of Plaintiffs.

### G. Viasat's Failure to Mark Defense Should Be Dismissed

Viasat does not dispute that it had the burden to "articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d

14

1350, 1368 (Fed. Cir. 2017). Viasat also does not dispute that its Responsive Damages Contentions and interrogatory responses fail to identify any such products. *See* Mot. at 21. Rather, Viasat makes the nonsensical argument that it satisfied its *Arctic Cat* burden by identifying—in its invalidity contentions—the "SCSA system" as practicing the asserted patents. Opp. at 17 (citing Dkt. 218-8 ¶¶ 338-380; Ex D (Invalidity Contentions Exhibit 667-13).[2] Viasat's invalidity contentions cannot possibly satisfy its *Arctic Cat* burden. Setting aside the fact that Viasat's contentions make no mention of Section 287 or marking at all, Section 287 applies only to "patented article[s]." 35 U.S.C. § 287(a). A product cannot be a "patented article" subject to § 287 before the patent issues. And, as one would expect regarding prior art, all of the evidence regarding the SCSA system cited in Viasat's contentions predates the issuance of the '400 and '667 patents (August 23, 2016 and October 15, 2019, respectively). *See, e.g.*, Dkt. 248-5 (Invalidity Contentions Exhibit 667-13). Such pre-issuance activity does not trigger § 287's marking requirement. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) ("Any products entering the market prior to issuance of the patent will not be marked."). Nowhere does Viasat identify any allegedly practicing product made, sold, offered for sale, or imported ***after the issuance of the patents***.

Viasat was required to provide at least "some notice of what market products [it] believes required marking." *Arctic Cat*, 876 F.3d at 1368. At no point in this case did Viasat ever identify the SCSA system—or any other product—as a "'patented article[]' subject to § 287." *Id.* Accordingly, summary judgment that damages are not limited by § 287 is warranted.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant Sandisk's motion for partial summary judgment.

Dated: July 18, 2025                                         GIBSON, DUNN & CRUTCHER LLP

*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer

*Counsel for Plaintiffs*

---

[2] Viasat incorrectly states that its expert "explain[s] extensively how the SCSA system practices the asserted claims of the . . . '400 patent[]." Opp. at 17. To the contrary, Viasat's expert's opinions regarding the SCSA system are limited to the '667 patent. *See* Dkt. 218-8 ¶¶ 130, 338–380.