L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC, <br><br> Defendants | Case No. 4:22-CV-4376-HSG-PHK <br><br> **SANDISK'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF OPPOSITION TO VIASAT'S MOTION FOR SUMMARY JUDGMENT ON STANDING** <br><br> Date: August 21, 2025 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 2, 4th Floor <br> Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiffs respectfully move this Court, pursuant to Civil Local Rules 7-3(d) and 7-11, for leave to file a sur-reply in opposition to Defendant Viasat, Inc.'s Reply in Support of Motion for Summary Judgment on Standing (Dkt. 259) ("Viasat's Reply"). Plaintiffs' proposed sur-reply is attached hereto as Exhibit 1 and is accompanied by a supporting declaration attached hereto as Exhibit 2.

Plaintiffs seek leave to file their sur-reply to address a new argument raised for the first time in Viasat's Reply. "If a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond." *GT Nexus, Inc. v. Inttra, Inc.*, No. C 11-02145-SBA, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014) (citing *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-1041 (9th Cir. 2003); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *see also, e.g.*, *Acer, Inc. v. Tech. Properties Ltd.*, 2012 WL 6053968, at *1 (N.D. Cal. Dec. 4, 2012) (permitting sur-reply where defendants' reply brief introduced new arguments and evidence). Viasat's motion sought summary judgment that SanDisk Technologies LLC ("SDT LLC") lacked standing as the successor-in-interest to Western Digital Ireland Ltd. ("WDI") as to the asserted '400 and '667 Patents; Viasat's motion did not raise any argument that SDT LLC lacked standing as to the other patent in this lawsuit, the '834 Patent, ***at all***. Dkt. 220-1. WDI never held any rights to the '834 Patent, so it was clear that Viasat's motion—which focused on WDI's rights that later transferred to SDT LLC through merger—did not challenge standing as to the '834 Patent. Plaintiffs' opposition pointed out that SDT LLC is a proper party to this case for the independent reason that it owned the '834 Patent, which has never been disputed. Viasat's Reply seeks to retroactively and improperly amend its summary judgment motion to raise a new argument—that SDT LLC lacks standing as to the '834 Patent as well.

The argument in Viasat's Reply—that Plaintiffs are at fault for not introducing evidence with their opposition brief that SDT LLC had standing as to the '834 Patent—is backwards. ***Viasat's motion made no mention at all of the '834 Patent***. *See* Dkt. 220-1. Thus, Viasat did not meet its "initial responsibility of informing the district court of the basis for its motion," namely, that it was purportedly contending that SDT LLC lacked standing to assert the '834 Patent. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Stevenson & Fitzgerald, *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial* § 14:136 ("The moving party must identify the specific issue or issues on which it claims the

opposing party has no supporting evidence, and demonstrate the absence of such evidence"). As a result, Plaintiffs were not "on notice to that [they] had to come forward with all of [their] evidence" on the issue. *Celotex*, 477 U.S. at 326.

Viasat's new argument about the '834 Patent in its reply should not be considered—or, if the Court wishes to consider it, Plaintiffs should first be "given an opportunity to respond." *GT Nexus*, 2014 WL 3373088, at *1. Plaintiffs' proposed sur-reply establishes that SDT LLC owned the '834 Patent at the time this suit was filed. The evidence establishing this fact is a matter of public record and was produced to Viasat in this litigation years ago. Had Viasat argued that SDT LLC did not have standing with respect to the '834 Patent in its motion, Plaintiffs would have submitted the evidence with its opposition. When Plaintiffs filed their opposition, however, "[i]t [was] undisputed that SDT LLC had standing to assert the '834 Patent when this case was filed—Viasat has never challenged that fact and does not address the '834 Patent at all in its motion." Dkt. 255-1 at 5. Only in reply did Viasat challenge the previously undisputed assertion that SDT LLC had standing to assert the '834 Patent. Accordingly, if this argument is considered, Plaintiffs should be granted an opportunity to respond to Viasat's new standing challenge.

For these reasons, Plaintiffs respectfully request that the Court grant leave to file the accompanying sur-reply and supporting evidence.

Dated: July 23, 2025                                    GIBSON, DUNN & CRUTCHER LLP

                                                        */s/ L. Kieran Kieckhefer*
                                                        L. Kieran Kieckhefer

                                                        *Counsel for Plaintiffs*