# EXHIBIT 1

L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et. al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>VIASAT, INC,<br><br>      Defendants | Case No. 4:22-CV-4376-HSG-PHK<br><br>**SANDISK'S SUR-REPLY IN SUPPORT OF OPPOSITION TO VIASAT'S MOTION FOR SUMMARY JUDGMENT ON STANDING**<br><br>Date:      August 21, 2025<br>Time:     2:00 p.m.<br>Dept.:    Courtroom 2, 4th Floor<br>Judge:   Hon. Haywood S. Gilliam, Jr. |

Viasat did not address the asserted '834 Patent whatsoever in its late-filed motion for summary judgement. Instead, Viasat claimed that Western Digital Ireland Ltd. ("WDI")—and its successor-in-interest SanDisk Technologies LLC ("SDT LLC")—lacked standing with respect to the '400 and '667 Patents. In opposition, Plaintiffs explained that SDT LLC is a proper party with respect to the '400 and '667 Patents, and also explained that SDT LLC is a proper party in the litigation because SDT LLC was the assignee and patent owner of the forgotten '834 Patent when this lawsuit began. Dkt. 255-1. Recognizing that its motion for summary judgment failed to challenge SDT LLC's standing with respect to the '834 Patent, Viasat attempts in reply to cure that flaw by challenging—for the first time—whether SDT LLC "ever had standing to assert the '834 patent" and incorrectly asserting that "*Plaintiffs* were required to establish that 'by affidavit or other evidence.'" Dkt. 259 at 2-3. Viasat is incorrect for multiple reasons.

First, as a procedural matter, Viasat's argument as to the '834 Patent is twice untimely: it was not raised before the deadline to file dispositive motions (*see* Dkt. 251), and it was not raised even in Viasat's out-of-time second summary judgment motion (*see* Dkt. 220-1 (Viasat's motion made no mention of the '834 Patent)). Plaintiffs do not have a burden to come forward with evidence **unless** Viasat meets its burden on summary judgment to specifically identify the issue that allegedly lacks supporting evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion."); Stevenson & Fitzgerald, *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial* § 14:136 ("The moving party must identify the specific issue or issues on which it claims the opposing party has no supporting evidence, and demonstrate the absence of such evidence."). For the reasons explained above, Viasat failed to do this. Accordingly, the Court should refuse to consider this late-filed argument as being untimely.

Second, even Viasat's reply does not satisfy its burden as the moving party. "The party moving for summary judgment cannot sustain his burden merely by denying the allegations in the non-movant's pleadings" or "with a conclusory assertion that the plaintiff has no evidence to prove his case." *Muhammad v. Cardoza*, 1993 WL 169288, at *4 (N.D. Cal. 1993) (citing *Ross v. Int'l Broth. of Elec. Workers, AFL-CIO*, 544 F.2d 1022 (9th Cir. 1976)); *Celotex*, 477 U.S. at 328 (White, J., concurring);

*accord* 10A *Fed. Prac. & Proc. Civ. (Wright & Miller)* § 2727.1 (4th ed. 2025) ("[T]he party moving for summary judgment cannot sustain its burden merely by denying the allegations in the opponent's pleadings, or merely by asserting that the nonmovant lacks evidence to support its claim."). Viasat has done no more than that. Plaintiffs alleged that SDT LLC was "the owner and patentee of the '834 patent and holds all substantial rights to the '834 patent" (Dkt. 73, ¶ 50) and cited that allegation in their opposition (Dkt. 255-1 at 2). Viasat's reply argues only that "Viasat does not know one way or another whether SDT LLC ever had standing to assert the '834 patent" and that "Plaintiffs did not even try to carry their evidentiary burden" on the issue. Dkt. 259 at 2. Again, Plaintiffs had no burden to respond on issues that Viasat had not raised. *Celotex*, 477 U.S. at 326 (nonmoving party must be "on notice that [it] had to come forward with all of [its] evidence"). Viasat's conclusory assertion that Plaintiffs lacked evidence does not entitle Viasat to summary judgment.

Third, there is ample evidence to support Plaintiffs' position that SDT LLC was the proper party to assert the '834 Patent when this case was filed.[1] SDT LLC's rights in the '834 Patent are a matter of public record—the documents are recorded with the U.S. Patent & Trademark Office and were produced to Viasat on February 23, 2023 pursuant to Patent Local Rule 3-2(d). Mao Decl. ¶ 6 & Ex. C. The chain of title is summarized below:

- On January 5, 2012, the sole named inventor, Fabrice E. Jogand-Coulomb, assigned to SanDisk Technologies Inc. his "entire right, title and interest" in Patent Application No. 13/341,590, which later issued as the '834 Patent. Mao Decl., Ex. A.
- On May 16, 2016, SanDisk Technologies Inc. converted to SanDisk Technologies LLC. Mao Decl., Ex. B.

(The "SanDisk Technologies Inc." that received assignment from the inventor is not the same Sandisk Technologies, Inc. that is a named plaintiff in this case but rather is the pre-conversion name of SDT LLC.) There were no further changes to ownership of the '834 Patent until December 31, 2024—after this suit was filed. Mao Decl., Ex. D. Thus, at the time of filing suit, SDT LLC was the owner who

---

[1] As explained in Plaintiffs' opposition, SDT LLC has since transferred its rights to another plaintiff, Sandisk Technologies, Inc., but Rule 25(c) provides that the action may be continued by SDT LLC until SDT Inc. is substituted. Dkt. 255-1 at 5.

Gibson, Dunn & Crutcher LLP

had statutory standing to assert the '834 Patent. The attached evidence, which Viasat has no basis to dispute, is sufficient to defeat Viasat's newly raised argument.

For these reasons and those set forth in Plaintiffs' opposition (Dkt. 255-1), Viasat's motion for summary judgment on standing should be denied.

Dated: July 23, 2025                                    GIBSON, DUNN & CRUTCHER LLP

                                                      */s/ L. Kieran Kieckhefer*
                                                      L. Kieran Kieckhefer

                                                      *Counsel for Plaintiffs*