QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>VIASAT, INC.,<br><br>          Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKTS. 263]**<br><br>[FILED CONCURRENTLY WITH [PROPOSED] ORDER RE APPLICATION FOR LEAVE TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) & (f) and the Protective Order entered in this case (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [Dkts. 263].

As to Plaintiffs' motion to consider whether another party's material should be sealed [Dkt. 263], Viasat seeks to seal portions of Sandisk's Reply in Support of Its Motion for Partial Summary Judgment of Validity [Dkt. 262-2]. Viasat has sought to seal this same information previously at, for example, Dkt. 261.

| Dkt. No. (Original Filing/Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| 262 / 262-2 | Sandisk's Reply in Support of Its Motion for Partial Summary Judgment of Validity | Analysis of Viasat confidential technical and source code-related information, including the names and description of variables (on portions of PDF pages 11, 13, and 14) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |

Viasat seeks to seal only the portions of this motion that contain Viasat's highly confidential technical information and source code. Filed concurrently herewith is a redacted version of the document that redacts only the highly confidential information noted above (at the pages noted in the table above). If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'s Statement in Support of the Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed ("Ward Decl.") (filed concurrently herewith).

Courts generally apply a "compelling reasons" standard when considering motions to seal dispositive motions. *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-CV-01247-HSG, 2022 WL 1131632, at *1 (N.D. Cal. Mar. 29, 2022) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to seal documents in connection with a dispositive motion must "articulate compelling reasons supported by specific factual findings, such as "the use of records to … release trade secrets," that "outweigh" the strong presumption in favor of

1  public access. *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard and requires
2  that the party seeking to file a document or portions of it under seal must "establish[ ] that the
3  document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to
4  protection under the law ... The request must be narrowly tailored to seek sealing only of sealable
5  material." Civil L.R. 79-5(b).

6  Records attached to nondispositive motions must meet the lower "good cause" standard of
7  Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
8  tangentially related, to the underlying cause of action." *See Kamakana v. City & Cty. of Honolulu*,
9  447 F.3d 1172, 1179-80 (9th Cir. 2006). This requires a "particularized showing" that "specific
10 prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v.
11 Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad
12 allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not
13 suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation
14 omitted).

15 Courts have found it appropriate to seal documents that contain "business information that
16 might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S.
17 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir.
18 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh
19 the public's interest in disclosure and justify sealing court records exist . . . such as the use of
20 records to . . . release trade secrets." "[A] trade secret may consist of any formula, pattern, device
21 or compilation of information which is used in one's business, and which gives him an opportunity
22 to obtain an advantage over competitors who do not know or use it.") (citations and internal
23 quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v.
24 Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10,
25 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code
26 clearly meets the definition of a trade secret"); Dkt. 435, Order on Motions to Seal ("The parties
27 have provided good cause for sealing portions of the various documents listed below because they
28 contain confidential business and proprietary information relating to the operations of

Defendant."); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database). Likewise, damages analyses that reference a party's confidential financial information warrant sealing. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014); *see also Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV-07250-HSG, 2023 WL 2600464, at *1 (N.D. Cal. Mar. 21, 2023) (finding compelling reasons to seal monthly financial metrics and projections of future revenue as "confidential business and financial information").

### A. Documents Containing Confidential Technical Information

If filed publicly, the Viasat highly confidential information reflected in Sandisk's Reply in Support of Its Motion for Partial Summary Judgment of Validity [Dkt. 262-2] could be used by Viasat's competitors to Viasat's detriment or cause competitive harm to Viasat.

If filed publicly, the Viasat highly confidential information reflected in Sandisk's Reply in Support of Its Motion for Partial Summary Judgment of Validity could be used by Viasat's competitors to Viasat's detriment because it reflects highly confidential information about the operation of and source code for Viasat's products, including about source code variables and how those variables relate to the way that Viasat's products operate. *See* Ward Decl. ¶¶ 3-4. Specifically, the redacted portions of Sandisk's Reply in Support of Its Motion for Partial Summary Judgment of Validity reflect confidential information about the technical operation of Viasat's products. These confidential references to the architecture of Viasat's products, and the source code, operation of, and inner workings of Viasat's products and proprietary technology— including details of how Viasat's system is architected (e.g., where specific pieces of source code

run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4.

If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; *see also Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

Pursuant to Civil Local Rule 79-5(c) and (f), and on the basis of the harm to Viasat if disclosed, Viasat submits this motion which establishes good cause to permit the sealing of the unredacted versions of the aforementioned Reply.

1
2  DATED: July 25, 2025                QUINN EMANUEL URQUHART &
3                                      SULLIVAN, LLP
4
5                                      By /s/ *Patrick D. Curran*
                                           Patrick D. Curran
6
7                                      *Attorney for Defendant Viasat Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2025, a copy of the foregoing response, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: July 25, 2025                By  */s/ Patrick D. Curran*
                                            Patrick D. Curran