QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Steven Cherny (*pro hac vice*)
 stevencherny@quinnemanuel.com
 Patrick D. Curran (Bar No. 241630)
 patrickcurran@quinnemanuel.com
 Tzivya H. Beck (*pro hac vice*)
 tzivyabeck@quinnemanuel.com
 Hannah Dawson (*pro hac vice*)
 hannahdawson@quinnemanuel.com
 111 Huntington Ave, Suite 520
 Boston, MA 02199
 Telephone:   (617) 712-7100
 Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Nicola R. Felice (*pro hac vice*)
 nicolafelice@quinnemanuel.com
 Anastasia M. Fernands (*pro hac vice*)
 anastasiafernands@quinnemanuel.com
 Vanessa Blecher (*pro hac vice*)
 vanessablecher@quinnemanuel.com
 Alicia Lai (*pro hac vice*)
 alicialai@quinnemanuel.com
 295 5th Avenue
 New York, NY 10016
 Telephone:   (212) 849-7000
 Facsimile:   (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>VIASAT, INC.,<br><br>　　　　　　　　Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO MOTION FOR SUMMARY JUDGMENT ON STANDING**<br><br>Date: August 21, 2025<br>Time: 2:00 pm |

Plaintiffs' sur-reply request should be denied for multiple independent reasons. It seeks to add new, unproduced documents to the record that Plaintiffs refused to produce in discovery—and does so by claiming, wrongly, that Viasat raised a "new" argument in reply.

Plaintiffs seek a sur-reply to introduce an unproduced assignment chain, itself referencing three unproduced assignment agreements for the '834 patent, each transferring unspecified rights in that patent.[1] None of this was produced in discovery. To the contrary: Plaintiffs **objected** to producing discovery on '834 patent standing during discovery, and repeatedly "**object[ed]** [to any Viasat discovery request] ***insofar as it includes the '834 patent***"—including requests for chain-of-title information and for agreements covering the '834 patent.[2] Indeed, Plaintiffs objected seven times to providing '834 patent discovery in response to Viasat's discovery requests.[3] But Plaintiffs now ask to add via sur-reply materials they would not produce.

Plaintiffs claim this sur-reply request is justified because Viasat supposedly made "new" arguments in its reply. But Viasat's reply contained no new arguments. That reply only responded to Plaintiffs' opposition brief, by pointing out Plaintiffs cited **no** evidence in that opposition to support their arguments on the '834 patent. Dkt. 259. The only "new" argument was Plaintiffs' claim, in their opposition brief, that the '834 patent was relevant at all. Four months ago, after discovery ended, Viasat asked Plaintiffs for their basis to maintain SDT LLC as a party; Plaintiffs

---

[1] *See* Ex. D, Dkt. 265-2, at 31–32 (proposing to submit an unproduced chain-of-title document for the '834 patent, which references: (1) a Dec. 27, 2024 document described as "Assignment of Assignors Interest (See Document For Details)," registered as assigning rights from "Sandisk Technologies LLC" to "Sandisk Technologies, Inc.", listed as "Assignment 3"; (2) an Apr. 24, 2025 document described as "Security Agreement," registered as assigning rights from "Sandisk Technologies, Inc." to "JPMorgan Chase Bank", listed as "Assignment 4"; and (3) an April 24, 2025 document described as "Partial Release of Security Interests," registered as assigning rights from "JPMorgan Chase Bank" to "Sandisk Technologies, Inc.", listed as "Assignment 5").

[2] *See* Curran Decl. ¶¶ 2–3. Viasat's Interrogatory No. 13 sought "the complete chain of title of the Patents-in-Suit." *Id*. Viasat's Interrogatory No. 9 sought "all agreements . . . involving the Patents-in-Suit," including "any assignments." Plaintiffs "object[ed] to the definition of 'Patents-in-Suit' . . . insofar as it includes the '834 patent, which has been dismissed by the Court," and only provided information as to "the '400 and '667 patents." *Id*.

[3] *See* Curran Decl. ¶ 4 (detailing discovery responses objecting to '834 patent discovery).

VIASAT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO MOTION FOR SUMMARY JUDGMENT ON STANDING

said **nothing** about the invalid '834 patent as a basis for SDT LLC to remain a plaintiff, and instead responded by indicating a willingness to drop SDT LLC.[4] On June 20, 2025, after trying to resolve standing issues for months without burdening the Court, Viasat moved for summary judgment that WDI and its successor SDT LLC lacked standing. Dkt. 222. Plaintiffs initially indicated they would not oppose.[5] Plaintiffs then u-turned and opposed, invoking the '834 patent to argue SDT LLC has standing. Dkt. 252. Viasat's reply noted Plaintiffs' opposition made this argument without any citations to evidence. Dkt. 259. It is not a "new" argument for Viasat to note, in reply, that Plaintiffs' opposition did not cite any evidence on an issue where Plaintiffs bear the burden. *Clapper v. Amnesty Int'l. USA*, 568 U.S. 398, 412–13 (2013) ("The party invoking federal jurisdiction bears the burden of establishing standing—and, at the summary judgment stage, such a party can no longer rest on mere allegations, but must set forth by affidavit or other evidence specific facts.") (cleaned up).

Local Rule 7-3(d) allows a sur-reply only if (1) "new evidence has been submitted in the reply," or (2) "a relevant judicial opinion was published after the date the opposition or reply was filed by filing." *Ortega v. Flores*, No. 19-CV-00319-HSG, 2023 WL 4771178, at *6 (N.D. Cal. July 26, 2023) (denying motion for leave to file sur-reply). Neither applies here. An argument "submitted in direct response to [arguments] raised in the preceding brief ***is not new***." *Chang v. Cashman*, No. 22-CV-02010-AMO, 2024 WL 4804976, at *2 (N.D. Cal. Nov. 15, 2024) (cleaned up, emphasis

---

[4] On March 28, 2025, Viasat emailed Plaintiffs, noting that discovery "confirm[ed] that SDT LLC does not have exclusionary rights in the patents-in-suit," and asked Plaintiffs to "explain [their] basis for continuing to include SDT LLC as a plaintiff in this action." Dkt. 222-4 (Mar. 28, 2025 & May 28, 2025 Emails Between Plaintiffs and Viasat). Viasat heard nothing for two months. When Plaintiffs finally responded on May 28, 2025, they stated they were "willing to stipulate to SDT LLC's dismissal," making no mention of the '834 patent at all. *Id.* Plaintiffs' offer to dismiss SDT LLC was conditioned on Viasat stipulating that all other Plaintiffs do have standing. Viasat declined that offer, explaining that it was improper to maintain a party clearly without standing in order to extract a concession that Plaintiffs need not meet their burden of establishing standing at trial. *Id.*

[5] Plaintiffs actually stated they were "surprised" by Viasat's summary judgment motion because "**Sandisk had agreed to drop SDT LLC from the case** and the parties were engaging on the format of dismissal." Dkt. 258-3. It is inexplicable that, days later, Plaintiffs would then oppose summary judgment, based on an argument Plaintiffs refused to provide discovery on and never previously advanced during months of discussions regarding this issue.

added). Rather, the only thing "new" is Plaintiffs' attempt to inject unproduced documents regarding the invalid '834 patent. But the desire to belatedly shore up evidentiary deficiencies is not a proper basis for a sur-reply. *Lin v. Solta Medical, Inc.*, 2021 WL 5771140, at *8 (N.D. Cal. Dec. 6, 2021) (denying request to file a sur-reply because Local Rule 7-3 only permits sur-replies for "new" evidence raised in a moving party's reply, not new "evidence relat[ing] to an issue brought up in [the responding] party's opposition").

Plaintiffs' conduct has been vexatious. After repeatedly agreeing SDT LLC should be dismissed from this case, Plaintiffs then wasted Viasat's and the Court's time making meritless arguments with no evidence to substantiate them. Now, Plaintiffs ask to file a sur-reply to submit untimely evidence Plaintiffs refused to produce in discovery—evidence that cannot defeat Viasat's summary judgment motion in any event.[6] The Court should deny Plaintiffs' motion for leave to file a sur-reply.

DATED: July 28, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Patrick D. Curran*

Patrick D. Curran
*Attorneys for Viasat, Inc.*

---

[6] The Court should not grant Plaintiffs' request for a sur-reply to now cite documents it could have produced and cited long ago, but even if this Court considered Plaintiffs' unproduced evidence regarding ownership of the '834 patent at the time this lawsuit was filed, it remains true that SDT LLC **currently** lacks standing to assert any patent—the '834 patent included. *See* Dkt. 265-1 n.1 ("SDT LLC has since transferred its rights"). Standing "must be extant at **all stages of review**, not merely at the time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33 (2008) (emphasis added); *see also Shalaby v. Jacobowitz*, No. C 03-0227-CRB, 2003 WL 1907664, at *3 (N.D. Cal. Apr. 11, 2003), *aff'd*, 138 F. App'x 10 (9th Cir. 2005) ("Standing to sue or defend is an aspect of the case or controversy requirement.").

## CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2025, a copy of the foregoing was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: July 28, 2025

By  /s/ Patrick D. Curran
Patrick D. Curran