QUINN EMANUEL URQUHART & SULLIVAN, LLP
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (Bar No. 241630)
patrickcurran@quinnemanuel.com
Tzivya H. Beck (*pro hac vice*)
tzivyabeck@quinnemanuel.com
Hannah Dawson (*pro hac vice*)
hannahdawson@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:   (617) 712-7200

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Nicola R. Felice (*proc hac vice*)
nicolafelice@quinnemanuel.com
Anastasia M. Fernands (*pro hac vice*)
anastasiafernands@quinnemanuel.com
Vanessa Blecher (*pro hac vice*)
vanessablecher@quinnemanuel.com
Alicia Lai (*pro hac vice*)
alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DECLARATION OF PATRICK D. CURRAN IN SUPPORT OF VIASAT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO MOTION FOR SUMMARY JUDGMENT ON STANDING** |

## DECLARATION OF PATRICK D. CURRAN

I, Patrick D. Curran, declare as follows:

1. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Viasat, Inc. in the above-captioned matter. I submit this Declaration in connection with Viasat's Opposition to Plaintiffs' Motion for Leave to File to a Sur-Reply to Motion for Summary Judgment on Standing. This Declaration is based on my personal knowledge; if called as a witness I could and would testify as follows.

2. On January 17, 2024, Plaintiffs served their responses and objections to Viasat's First Set of Interrogatories (Nos. 1-13). In this response, Plaintiffs stated: "WDT objects to the definition of 'Patents-in-Suit' (as well as any similar terms such as 'asserted patents') insofar as it includes the '834 patent, which has been dismissed by the Court. WDT will interpret 'Patents-in-Suit' to refer only to the '400 and '667 patents." This objection was offered in response to, *inter alia*, Viasat's Interrogatory No. 13, which asked Plaintiffs to: "Describe in detail and chronologically the complete chain of title of the Patents-in-Suit, including an identification of each and every person or party that has ever had an ownership interest (whether absolute or conditional) in the Patents-in-Suit of any kind, any and all promises, transfers, liens, assignments, and agreements relating to the ownership of the Patents-in-Suit, or transfer or assignment thereof, and including an identification of when and how each and every transfer or assignment of interest occurred from the named inventor through Plaintiffs' purported ownership of them and any subsequent transfer thereof by Plaintiffs." This objection was also offered in response to, *inter alia*, Viasat's Interrogatory No. 9, which asked Plaintiffs to: "Identify all agreements, transactions, or negotiations involving the Patents-in-Suit, including but not limited to any assignments, licenses, settlements, dismissals of litigation, covenants not to sue, litigation financing, investments, or loans, with any third party, including but not limited to former employees of Plaintiffs, investors, financial institutions, venture funding, former defendants, or any software or device manufacturers."

3. On February 7, 2025, Plaintiffs served their first supplemental responses and objections to Viasat's First Set of Interrogatories (Nos. 1, 2, 4, 7, 8, 9, 13) and on February 13, 2025, Plaintiffs served their second supplemental responses and objections to Viasat's First Set of Interrogatories (No. 13). These supplemental responses again "object[ed] to the definition of 'Patents-in-Suit' (as well as any similar terms such as 'asserted patents') insofar as it includes the '834 patent, which has been dismissed by the Court. SanDisk will interpret 'Patents-in-Suit' to refer only to the '400 and '667 patents."

4. Plaintiffs included this objection or a near-identical objection directed to the '834 patent at least seven times, including in their response to Viasat's First Set of RFPs (served on January 17, 2024), response to Viasat's Second Set of RFPs (served on January 6, 2025), response to Viasat's Third Set of RFPs (served on February 11, 2025), first response to Viasat's First Set of Interrogatories (served on January 17, 2024), supplemental response to Viasat's First Set of Interrogatories (served on February 7, 2025), response to Viasat's Second Set of Interrogatories (served on February 11, 2025), and second supplemental response to Viasat's First Set of Interrogatories (served on February 13, 2025).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2025 in Boston, Massachusetts.

By */s/ Patrick D. Curran*
Patrick D. Curran

-2-   Case No. 4:22-cv-4376-HSG

DECLARATION OF P. CURRAN IN SUPPORT OF VIASAT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO MOTION FOR SUMMARY JUDGMENT ON STANDING

## CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2025, a copy of the foregoing document was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: July 28, 2025                    By  /s/ *Patrick D. Curran*
                                              Patrick D. Curran

Case No. 4:22-CV-4376-HSG
Declaration of P. Curran in Support of Viasat's Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply to Motion for Summary Judgment on Standing