L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>VIASAT, INC.,<br><br>    Defendant. | CASE NO. 4:22-cv-4376-HSG<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PARTIES**<br><br>Date: November 13, 2025<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 13, 2025, at 2:00 p.m. in Courtroom 2, 4th Floor located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs will and hereby move to substitute parties. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting declaration of Soji John, and the proposed order submitted herewith, and such other evidence and argument as may be presented at or before any hearing on this Motion, and all matters of which the Court may take judicial notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 25(c), Plaintiffs Sandisk Technologies, Inc. ("SDT Inc."), SanDisk 3D IP Holdings Ltd. ("SD3D"), SanDisk Technologies LLC ("SDT LLC"), and SanDisk Storage Malaysia Sdn. Bhd. ("SDSM") (collectively, "Plaintiffs" or "Sandisk"), hereby request the Court to substitute Plaintiff SDT LLC with Plaintiff SDT Inc. with respect to U.S. Patent No. 8,504,834 (the "'834 Patent") and Plaintiff SD3D with Plaintiff SDSM with respect to U.S. Patent Nos. 9,424,400 (the "'400 Patent") and 10,447,667 (the "'667 Patent"). Substitution is appropriate because, on December 27, 2024, SDT LLC assigned to SDT Inc. its ownership in the '834 Patent, and on January 23, 2025, SD3D assigned to SDSM its exclusive license in the '400 and '667 Patents. These substitutions do not result in the addition of any new parties to this case.

## I.     BACKGROUND

This case was filed on July 28, 2022, asserting three patents and naming five plaintiffs—Western Digital Technologies, Inc. ("WDT"), Western Digital Ireland, Ltd. ("WDI"), SD3D, SDT LLC, and SDSM. During the pendency of this case, the ultimate parent company, Western Digital Corporation, engaged in corporate restructuring, spinning off its flash memory business into an independent entity. The spin-off was completed through a series of transactions that completed on February 24, 2025, and resulted in the creation of a new publicly traded corporation, Sandisk Corporation.[1] During the spin-off, certain rights in the asserted patents were transferred such that all rights are now wholly owned by companies in the Sandisk corporate family.

---

[1] *See, e.g.*, https://www.sandisk.com/company/newsroom/press-releases/2025/sandisk-celebrates-nasdaq-listing-after-completing-separation.

On November 27, 2024, the Court substituted SDT LLC for WDI and SDT Inc. for WDT to account for WDI's merger into SDT LLC and WDT's transfer of legal title of the '400 and '667 Patents to SDT Inc., respectively. Dkt. 130. Since then, two relevant rights transfers have occurred: On December 27, 2024, SDT LLC transferred legal title of the '834 Patent to SDT Inc. (Dkt. 252-4), and on January 23, 2025, SD3D assigned its exclusive license in the '400 and '667 Patents to SDSM (John Decl., Ex. 1). The original and current ownership of patent rights is reflected in the chart below. By the present motion, Plaintiffs seek substitution to reflect the emphasized changes.

| U.S. Patent No. | May 9, 2023 (Am. Compl., Dkt. 38) | July 7, 2025 |
|---|---|---|
| 9,424,400 | WDT – legal title<br>**SD3D – exclusive licensee**<br>WDI – all other rights and interests | SDT Inc. – legal title<br>**SDSM – exclusive licensee**<br>SDT LLC – all other rights and interests |
| 10,447,667 | WDT – legal title<br>**SD3D – exclusive licensee**<br>WDI – all other rights and interests | SDT Inc. – legal title<br>**SDSM – exclusive licensee**<br>SDT LLC – all other rights and interests |
| 8,504,834 | **SDT LLC – owner and patentee**<br>SDSM – exclusive licensee | **SDT Inc. – owner and patentee**<br>SDSM – exclusive licensee |

Plaintiffs' substitution requests do not result in the addition of any new parties, since SDSM and SDT Inc. are already named plaintiffs in this case. After substitution, SD3D will no longer be a party, since all of its relevant interests have been transferred to SDSM. SDT LLC should remain a party because it is a co-owner of the '400 and '667 Patents, as explained in Plaintiffs' opposition to Viasat's motion to dismiss SDT LLC for lack of standing (Dkt. 255-1 at 6-9).[2]

## II.    ARGUMENT

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." "The decision of whether to grant a

---

[2] Plaintiffs also argued that SDT LLC should not be dismissed because it is a proper party as to the '834 Patent. If this substitution motion is granted, that argument will be moot, because SDT Inc. will have stepped into SDT LLC's shoes as to the '834 Patent.

motion to substitute or join a party is left to the 'sound discretion' of the district court, weighing whether 'the transferee's presence would facilitate the conduct of the litigation.'" *Mobilemedia Ideas LLC v. Samsung Electronics Co., Ltd.,* Case No. 17-cv-01958-HSG, Dkt. 92 (N.D. Cal. Jul. 6, 2017) (*citing In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000)). "Rule 25(c) permits the court to continue to hear a case where the action survives but the original party has transferred interest in the litigation to another." *Gen. Battery Corp. v. Globe–Union, Inc.,* 100 F.R.D. 258, 262 (D. Del. 1982) (finding that the court may continue to hear the patent infringement action following the transfer of ownership of patents between parent corporation and wholly owned subsidiaries during the course of the litigation); *see also Abbott Lab'ys v. Roxane Lab'ys, Inc.*, 2013 WL 2322770, *10-*13 (D. Del. 2013), *report and recommendation adopted*, 2013 WL 12173929 (D. Del. June 18, 2013) (granting motion to substitute under Rule 25(c) where named plaintiff assigned the patents to a new corporate entity during the pendency of the litigation).

      A.      **SDT Inc. Should Be Substituted for SDT LLC as to the '834 Patent.**

SDT LLC held legal title to the '834 Patent when this case was filed. *See* Dkt. 265-2. Pursuant to an intellectual property transfer agreement, SDT LLC assigned all of its rights—including all rights to sue and recover damages for past, present and future infringement claims, and to control litigation regarding the same—to SDT Inc. Dkt. 252-4. Accordingly, Plaintiff SDT LLC should be substituted with SDT Inc. pursuant to Rule 25(c). *See, e.g.*, *Mobilemedia*, Case No. 17-cv-01958-HSG, Dkt. 92 (substituting plaintiff after the patent-in-suit were assigned to a different legal entity); *Abbott Lab'ys*, 2013 WL 12173929; Dkt. 130 (granting substitution of SDT Inc. for Western Digital Technologies, Inc. because the latter had transferred its rights to the former). Because SDT Inc. is already a named plaintiff and SDT LLC remains a co-owner of the other two asserted patents, this substitution does not result in any net change to the parties in this case.

Plaintiffs note that the '834 Patent has not been the subject of fact or expert discovery, because it was dismissed on § 101 grounds at the pleading stage. Dkt. 75. No final judgment covering the infringement claim based on the '834 Patent was entered, however, and Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ***does not end the action as to any of***

*the claims or parties*." Accordingly, the case has not ended as to the '834 Patent. When the Court enters final judgment in this case, SDT LLC—or SDT Inc., once substituted—will be the appropriate party to appeal the decisions as to the '834 Patent. *See also* Dkt. 76 (reserving the right to appeal dismissal of the '834 Patent after final judgment).

**B.  SDSM Should Be Substituted for SD3D.**

It is not disputed that SD3D was the exclusive licensee of the '400 and '667 Patents when this case was filed. Dkt. 73 (unredacted version of Dkt. 38) ¶¶ 20, 37; *see also* Dkt. 220-3. As of January 23, 2025, SD3D's rights in those patents—including rights with respect to past, present, and future infringement claims—have been transferred to SDSM by way of an Intellectual Property Assignment Agreement. John Decl., ¶¶ 2-3; *id.*, Ex. 1 §§ 2.01, 2.05; *id.*, Ex. 2. Accordingly, Plaintiff SD3D should be substituted with Plaintiff SDSM pursuant to Rule 25(c). *See, e.g.*, *Mobilemedia*, Case No. 17-cv-01958-HSG, Dkt. 92; *Abbott Lab'ys*, 2013 WL 12173929; Dkt. 130. Because all of SD3D's relevant rights have been transferred to SDSM, SD3D is no longer needed as a party to this case after substitution.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court substitute Plaintiff SDT LLC with Plaintiff SDT Inc. as to the '834 Patent and substitute Plaintiff SD3D with Plaintiff SDSM as to the '400 and '667 Patents.

DATED: August 22, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ L. Kieran Kieckhefer*
      L. Kieran Kieckhefer

*Attorneys for Plaintiffs*