1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Steven Cherny (*pro hac vice*)
2     stevencherny@quinnemanuel.com
     Patrick D. Curran (Bar No. 241630)
3     patrickcurran@quinnemanuel.com
     Tzivya H. Beck (*pro hac vice*)
4     tzivyabeck@quinnemanuel.com
     Hannah Dawson (*pro hac vice*)
5     hannahdawson@quinnemanuel.com
     111 Huntington Ave, Suite 520
6     Boston, MA 02199
     Telephone:    (617) 712-7100
7     Facsimile:    (617) 712-7200

8  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Nicola R. Felice (*pro hac vice*)
9     nicolafelice@quinnemanuel.com
     Anastasia M. Fernands (*pro hac vice*)
10    anastasiafernands@quinnemanuel.com
     Vanessa Blecher (*pro hac vice*)
11    vanessablecher@quinnemanuel.com
     Alicia Lai (*pro hac vice*)
12    alicialai@quinnemanuel.com
     295 5th Avenue
13    New York, NY 10016
     Telephone:    (212) 849-7000
14    Facsimile:    (212) 849-7100

15  *Attorneys for Defendant Viasat, Inc.*

16              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
17                  **OAKLAND DIVISION**

18  SANDISK TECHNOLOGIES, INC., et al.,        Case No.: 4:22-cv-4376-HSG

19                        Plaintiffs,           **DEFENDANT VIASAT, INC.'S**
20              v.                              **OPPOSITION TO PLAINTIFFS'**
                                               **MOTION TO SUBSTITUTE PARTIES**
21  VIASAT, INC.,
                                                Date: November 13, 2025
22                        Defendant.            Time: 2:00 pm

23

24

25

26

27

28

Less than 2 months ago Plaintiffs opposed Viasat's motion for summary judgment on SDT LLC's lack of standing and insisted that SDT LLC is a proper party to this action. Plaintiffs now move to drop SDT LLC from the caption under the guise of "substitution" of parties, but the facts have not changed since Plaintiffs opposed Viasat's summary judgment motion Plaintiffs' Rule 25 motion is simply the latest installment in their years long refusal to dismiss SDT LLC, a party that clearly lacks standing. In fact, Plaintiffs' latest motion confirms what Viasat has been saying all along: SDT LLC has no exclusionary rights in the '400, '667, or '834 patents and should be dismissed from this case. The Court should thus deny Plaintiffs' Rule 25 motion (Dkt. 269) and grant Viasat's pending motion for summary judgment on standing (Dkt. 222).

Plaintiffs wasted many months being "cagey" about standing. Dkt. 72 at 4. But discovery conclusively proved that SDT LLC lacked standing to pursue this action. Dkt. 222-2 (Plaintiffs' Second Supplemental Responses to Viasat's First Set of ROGs (No. 13)); Dkt. 222-3 (Exhibit 3 to Soji John Deposition). As soon as Viasat obtained that clarifying discovery, it asked Plaintiffs to dismiss SDT LLC for lack of standing. *See* Dkt. 222-4 at 4 (Mar. 28 email from Viasat to Plaintiffs). ***Plaintiffs agreed, stating they were "willing to stipulate to SDT LLC's dismissal."*** *Id.* Plaintiffs, however, conditioned that dismissal on Viasat stipulating that all other plaintiffs had standing. *Id.* Viasat explained that such a condition was improper. *Id.* at 3. Dismissing one party that plainly lacks standing does not mean that Plaintiffs' can ignore their burden of establishing standing for the remaining plaintiffs. Then, Plaintiffs changed tactics and offered to stipulate to merely dropping SDT LLC from the case caption rather than dismissing SDT LLC with prejudice. *Id.* at 2. Viasat rejected this offer as well, explaining that changing the caption was not the proper way to address a party lacking standing. *Id.* Plaintiffs did not respond to that communication, so Viasat filed its motion for summary judgment that SDT, LLC lacks standing on June 20, 2025. Dkts. 221, 222. Plaintiffs then contacted Viasat claiming that they were "surprised" by the filing, and stating that

"*Sandisk had agreed to drop SDT LLC from the case*."  Dkt. 259-2 at 4 (June 25, 2025, Emails Between Plaintiffs and Viasat).  Viasat responded that it was "glad that Plaintiffs finally are willing to dismiss SDT LLC with prejudice."  *Id.* at 3.  Plaintiffs never responded to that communication and never dismissed SDT LLC.

Curiously, just twelve days after agreeing to dismiss SDT LLC for a second time, Plaintiffs opposed Viasat's motion and argued, anomalously, that "SDT LLC *is* a proper party to this case." Dkt. 255-1 at 1.  Plaintiffs now argued that SDT LLC must remain in the case because of its alleged rights in the invalid '834 patent.  *Id.* at 5.  Plaintiffs *did not* dispute that SDT LLC lacked exclusionary rights in the '400 and '667 patents.  *Id.* at 6.  Instead, Plaintiffs argued that "the Court's order dismissing the '834 Patent did not 'end the action' as to that claim nor to the parties bringing it (i.e., SDT LLC (the owner) and SDSM (the exclusive licensee))," and that "[w]hen the Court enters final judgment in this case, SDT LLC—or its successor-in-interest SDT Inc.—will have standing to appeal the decisions as to the '834 Patent, and thus should be kept in the case until that time."  *Id.*  In response, Viasat pointed out that SDT LLC holds no rights to the '834 patent either, and so the only party with the right to appeal the Court's judgment that the '834 patent is invalid is SDT, Inc., the current owner of that invalid patent.  Dkt. 258-2 at 9.

Plaintiffs now change course once again.  In the instant motion, they state that "[p]ursuant to an intellectual property transfer agreement, *SDT LLC assigned all of its rights—including all rights to sue and recover damages for past, present and future infringement claims, and to control litigation regarding the same*—to SDT Inc."  Dkt. 269 at 3.  Thus, contrary to Plaintiffs' assertion in their Summary Judgment Opposition, SDT, Inc., not SDT LLC, has standing to appeal the Court's decisions as to the '834 patent.  Instead, Plaintiffs now assert that SDT LLC allegedly had rights in the '400 and '667 patents as a rationale for why SDT LLC should remain a party to this case.  But as Viasat previously explained and *Plaintiffs did not dispute* (Dkt. 258-2 at 5), SDT LLC holds no

exclusionary rights in the '400 and '667 patents. Dkt. 258-2 at 2, 5-6; Dkt. 255-1 at 4, 7. No matter how many inconsistent positions Plaintiffs have taken on this issue, it is absolutely clear that SDT, LLC has no standing to remain as a party to this action based on any asserted patent, whether valid or invalid.

SDT LLC should be dismissed for lack of standing, not substituted with SDT Inc. Plaintiffs' Rule 25 motion is a mere repeat of Plaintiffs' earlier attempt to avoid dismissal by offering to drop SDT LLC from the caption. SDT LLC *has no exclusionary rights in any patent in this case*, which is the hallmark of constitutional standing. SDT LLC thus has no cognizable rights that would permit another party to take its place. Plaintiffs simply seek to avoid dismissal by pretending that SDT, LLC is a proper party that now has conveyed exclusionary rights to another party who seeks substitution. That is not the case. The Court should deny Plaintiffs' motion to substitute and grant Viasat's motion for summary judgment on standing.

Plaintiffs are also wrong that SDSM should be substituted for SD3D rather than dismissed. There is no dispute that SD3D lacks any exclusionary rights in any of the patents and, thus, it lacks standing to pursue this action. Indeed, Plaintiffs state that: "After substitution, SD3D will no longer be a party*, since all of its relevant interests have been transferred to SDSM.*" Dkt. 269 at 2. And Plaintiffs' motion confirms that SD3D transferred its exclusive license to the '400 and '667 patents to SDSM on January 23, 2025. *Id.* at 4. Given this, the proper resolution is to dismiss SD3D, not substitute it with SDSM as Plaintiffs request.


DATED: September 5, 2025              QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

                                     By  /s/ *Patrick D. Curran*
                                     _____
                                     Patrick D. Curran
                                     *Attorneys for Viasat, Inc.*

1

2

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 5, 2025, a copy of the foregoing was filed with the

Court using the Court's ECF system, which sent notice to all counsel of record.

3

4

5

6

DATED: September 5, 2025

By *            /s/ Patrick D. Curran            *
            Patrick D. Curran

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VIASAT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES