L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>VIASAT, INC.,<br><br>　　　　　Defendant. | CASE NO. 4:22-cv-4376-HSG<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SUBSTITUTE PARTIES**<br><br>Date: November 13, 2025<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

The Court should grant Plaintiffs' motion for substitution (Dkt. 269) to make clear that:

(1) Sandisk Technologies, Inc. ("SDT Inc.") is now the party pursuing infringement claims of U.S. Patent No. 8,504,834 (the "'834 Patent") as the owner of that patent, and

(2) SanDisk Storage Malaysia Sdn. Bhd. ("SDSM") is now the party pursuing infringement claims of U.S. Patent Nos. 9,424,400 (the "'400 Patent") and 10,447,667 (the "'667 Patent") as the exclusive licensee of those patents.

Viasat does not dispute that SDT Inc. and SDSM are the proper parties to pursue those respective claims. Accordingly, the end-result of Plaintiffs' motion is not in dispute.

Instead, Viasat's opposition (Dkt. 270) is focused on two issues that do not affect the substantive end-result of Plaintiffs' motion: (1) whether SanDisk Technologies LLC ("SDT LLC") should remain a party to this case after the substitution, and (2) whether SanDisk 3D IP Holdings Ltd. ("SD3D") should be substituted with SDSM or simply dismissed. Viasat is wrong on both counts. First, SDT LLC is still a co-owner of the '400 and '667 Patents and should thus remain a party. That issue is not implicated by Plaintiffs' motion for substitution, but it is the subject of Viasat's motion for leave to file an out-of-time second summary judgment motion. Dkts. 221, 222. As explained in Plaintiffs' opposition to Viasat's motion, inter-company agreements establish SDT LLC as an owner of the '400 and '667 Patents. Dkt. 255-1 at 6-8. The fallacy in Viasat's argument is its narrow focus on exclusionary rights and Article III standing, ignoring the patent doctrines of statutory standing and prudential standing, which require SDT LLC's joinder in this case. Second, there is no practical difference between substitution and mere dismissal—the parties agree that SDSM should proceed and its predecessor-in-interest SD3D should be dropped from the case—but Plaintiffs submit that substitution is the better course to make clear that SDSM is asserting all claims, across the full damages period, that were previously being pursued by SD3D.

Accordingly, Plaintiffs' motion should be granted as follows:

1. SDT LLC should be substituted with SDT Inc. as to the '834 Patent.
2. SD3D should be substituted with SDSM as to the '400 and '667 Patents.
3. SDT LLC should remain a party to this case.
4. SD3D should be terminated as a party.

Gibson, Dunn & Crutcher LLP

### A. SDT Inc. Should Be the Party Pursuing Claims as to the '834 Patent.

As previously explained, the '834 Patent remains a part of this case in that its dismissal on Section 101 grounds can be appealed after final judgment is entered in this case. Dkt. 269 at 3-4. At the time this case was filed, SDT LLC held legal title to the '834 Patent; it assigned all rights in the '834 Patent to SDT Inc. on December 27, 2024. *Id.* at 2; Dkt. 252-4. Viasat agrees that "SDT Inc. . . . has standing to appeal the Court's decision as to the '834 Patent." Dkt. 270 at 2.

### B. SDSM Should Replace SD3D as to the '400 and '667 Patents.

At the time this case was filed, SD3D was the exclusive licensee of the '400 and '667 Patents; it assigned those rights to SDSM on January 23, 2025. Dkt. 269 at 2; Dkt 269-1 ¶¶ 2-3; Dkt. 269-2. Viasat appears to agree that "SD3D transferred its exclusive license to the '400 and '667 patents to SDSM" and does not appear to dispute that SDSM, in place of SD3D, is a proper party to assert the '400 and '667 Patents going forward. Dkt. 270 at 3.

### C. SDT LLC Should Remain a Party to This Case.

The only real dispute that Viasat raises in opposing Plaintiffs' motion is actually a dispute that arises from Viasat's own motion for leave to file a second summary judgment motion, not from Plaintiffs' motion for substitution. To be clear, Plaintiffs' motion did not ask for SDT LLC's dismissal.[1] Plaintiffs only seek to change SDT LLC's status with respect to the '834 Patent. As clearly stated in the motion: "SDT LLC should remain a party because it is a co-owner of the '400 and '667 Patents, as explained in Plaintiffs' opposition to Viasat's motion to dismiss SDT LLC for lack of standing (Dkt. 255-1 at 6-9)." Dkt. 269 at 2. Viasat's recapitulation of Plaintiffs' standing arguments (Dkt. 270 at 2) misleadingly and incorrectly suggests that Plaintiffs relied only on SDT LLC's rights in the '834 Patent as a basis to keep SDT LLC in this case. To the contrary, Plaintiffs have repeatedly explained that SDT LLC is an owner of the '400 and '667 Patents.

The fundamental error in Viasat's argument that SDT LLC lacks standing is Viasat's narrow focus on only one type of standing. A claim of patent infringement implicates at least three distinct principles regarding who must be joined in the suit. First, constitutional or Article III standing, which

---

[1] Due to a clerical error, the footer on the cover page of Plaintiffs' motion mistakenly states that it is a "motion to substitute parties and dismiss SDT LLC" but everywhere else it is correctly identified as simply a motion to substitute parties.

is jurisdictional, requires a party with exclusionary rights. *WiAV Sol'ns LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) ("[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury."). Here, the requirement is satisfied by joinder of SDT Inc. and SDSM, who each have exclusionary rights, as Viasat admits. Dkt. 222 at 7 ("SDT Inc. owns the patents, and SDSM has an exclusive license to the patents."). Second, statutory standing, which is non-jurisdictional, derives from the fact that 35 U.S.C. § 281 allows a "patentee" and successors in title to bring suit for patent infringement; licensees with exclusionary rights must bring suit along with the patentee. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229-30 (Fed. Cir. 2019); *id.* at 1235 ("so-called 'statutory standing' defects do not implicate a court's subject-matter jurisdiction"). Third, a separate prudential principle provides that all patent owners should be joined in the same suit, if possible, to avoid a multiplicity of claims against the same infringer. *See IpVenture, Inc. v. Prostar Computer, Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007) ("Only the entity or entities that own or control all substantial rights in a patent can enforce rights controlled by that patent, lest an accused infringer be subjected to multiple suits and duplicate liability."). Here, statutory standing and the concern against multiple suits are satisfied by joining SDT LLC, who is a patent owner (along with SDT Inc.) as previously explained. Dkt. 255-1 at 6-9.

Viasat has buried its head in the sand with respect to these additional standing requirements and Plaintiffs' explanations of why SDT LLC satisfies them; instead, Viasat continues to incorrectly assert that possession of exclusionary rights is the sole test for who should be joined in a patent suit. Viasat's position is easily disproved: in the very simple factual example of a patentee who confers all exclusionary rights on its exclusive licensee, the patentee would still need to be joined as a matter of statutory standing. *See, e.g.*, *Intellectual Prop.*, 248 F.3d at 1348 ("an exclusive licensee having fewer than all substantial patent rights [must] sue[] in the name of, and jointly with, the patent owner . . . . except in extraordinary circumstances, such as where the infringer is the patentee and cannot sue itself"). Viasat's analysis of why SDT LLC should be dismissed is incomplete and, as a result, incorrect.

3
REPLY ISO PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES
CASE NO. 4:22-CV-4376-HSG

Viasat's reliance on Plaintiffs' prior offer to dismiss SDT LLC is also misplaced. In light of Viasat's insistence that SDT LLC should be dismissed, Plaintiffs were willing to dismiss SDT LLC to avoid a dispute, if Viasat would agree that the case could proceed without SDT LLC.[2] Dkt. 220-4 at 3. Viasat refused to agree (*id.* at 2), however, and Plaintiffs could not unilaterally dismiss SDT LLC if there was a risk that Viasat would later claim that the case as a whole should be dismissed without SDT LLC. When Plaintiffs again raised the possibility of stipulating to SDT LLC's dismissal, Viasat insisted that Plaintiffs either "agree to reimburse Viasat for fees and costs in connection with [standing disputes]" or "fil[e] with the court . . . an explanation for Plaintiffs' good-faith basis to have named SDT LLC as a plaintiff." Dkt. 259-2 at 2. Viasat's fees request is entirely unjustified, and Plaintiffs accordingly opposed Viasat's motion for leave to file a second summary judgment motion. Plaintiffs' explanation of the basis for finding that SDT LLC is a co-owner of the '400 and '667 Patents (Dkt. 255-1 at 6-9) is more than enough to show that Plaintiffs have acted in good faith. Plaintiffs have never conceded that SDT LLC is not properly joined as a patent owner—but they were open to discussing whether the parties could come to agreement on the issue to avoid Court intervention—and their current position is that SDT LLC should remain a party.

Thus, because SDT LLC is a co-owner of the '400 and '667 Patents by virtue of the inter-company agreements that allocated the rights in those patents (Dkt. 255-1 at 6-9), the Court should not dismiss SDT LLC after substituting SDT Inc. with respect to the '834 Patent.

### D.     SD3D Should Be Dropped from This Case After Substitution.

All of SD3D's relevant rights have been transferred to SDSM, so once SDSM is substituted for SD3D, SD3D is no longer needed as a party to this case. Dkt. 269 at 4. Viasat agrees there is no reason to keep SD3D in this case. Dkt. 270 at 3. Viasat contends, however, that "the proper resolution is to dismiss SD3D, not substitute it with SDSM." *Id.* While this is a distinction without a practical difference, Plaintiffs submit that substitution is the better course of action.

Under Federal Rule of Civil Procedure 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party **unless the court, on motion, orders** the transferee to be

---

[2] Since SDT LLC's standing, unlike Article III standing, is not jurisdictional, Plaintiffs believed a stipulation to dismiss SDT LLC would not impact the Court's jurisdiction to hear this case.

substituted in the action or joined with the original party" (emphasis added). Thus, without substitution, it is presently unclear whether the infringement claims are being asserted by SD3D or SDSM or both. By granting Plaintiffs' motion for substitution, the Court can make clear that the claims are now being pursued by SDSM alone. Substitution does not affect the scope of the claim—for example, the damages period does not change—since SDSM received SD3D's rights with respect to past, present, and future infringement claims. Dkt. 269 at 4.

Nonetheless, courts and parties generally treat dismissal of the old party and substitution of the new party as going hand-in-hand. *See, e.g.*, *Klaustech, Inc. v. AdMob, Inc.*, Case No. 10-cv-05899, Dkt. 167 (N.D. Cal. April 18, 2016) (granting stipulation regarding "dismissal of AdMob and substitution of Google"); *Random Chat, LLC v. Kate Spade & Co., LLC*, Case No. 7:24-cv-00240, Dkt. 21 (W.D. Tex. Jan. 16, 2025) (ordering that one defendant "is dismissed and [another party] is substituted in [its] place"). Viasat has not explained what the difference is between its request to "dismiss SD3D" and Plaintiffs' request to substitute SDSM for SD3D and then terminate or dismiss SD3D as a party. Because substitution is the typical approach when patent rights have changed hands during the pendency of a case, as well as the approach this Court has previously taken in this case (Dkt. 130), SDSM should be substituted for SD3D. However, there is no dispute as to the end-result: SD3D will no longer be a party, and SDSM will pursue all claims as exclusive licensee of the '400 and '667 Patents.

* * *

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for substitution (Dkt. 269).

DATED: September 12, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer

*Attorneys for Plaintiffs*