L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | CASE NO. 4:22-cv-4376-HSG <br><br> **RESPONSE TO ORDER TO SHOW CAUSE** |

RESPONSE TO ORDER TO SHOW CAUSE
CASE NO. 4:22-CV-4376-HSG

Gibson, Dunn & Crutcher LLP

Plaintiffs respectfully submit this response to the Court's October 21, 2025 Order to Show Cause ("OSC"). Dkt. 274 at 39.

### A. Introduction

Throughout this litigation, Plaintiffs have believed in good faith and with reasonable basis in fact and law that SanDisk Technologies LLC ("SDT LLC") and its predecessor-in-interest Western Digital Ireland Ltd. ("WDI") were proper plaintiffs to this case. Kieckhefer Decl. ¶ 3. Plaintiffs ordinarily (with limited exceptions) must join all entities with an ownership interest or exclusive license in the asserted patents, because each of those parties has a right to challenge any invalidity grounds raised by a defendant, and the lack of such a party can result in dismissal of the entire case. There are no other implications from SDT LLC's joinder—i.e., there is no impact on damages or infringement.

Viasat challenged whether SDT LLC had sufficient ownership interests in the asserted patents such that it should be a party to the case. Plaintiffs were open to resolve the issue of SDT LLC's joinder without Court intervention, but Plaintiffs *could not* dismiss SDT LLC without a finding by the Court that SDT LLC should be dismissed (such that Plaintiffs could appeal if necessary), or an agreement between the parties that SDT LLC was not a necessary party and that Viasat would not use the absence of SDT LLC against Plaintiffs as a way to dismiss the case in its entirety. Viasat would not agree. Because Viasat refused to stipulate to that dismissal, the issue had to go to this Court.

However, Plaintiffs never demanded a "quid pro quo" whereby Viasat would surrender all other potential standing challenges (Dkt. 274 at 39). Plaintiffs only asked Viasat to confirm that "if SDT LLC were dismissed, Viasat would not contend that the case should be dismissed for failure to join SDT LLC as a party." Dkt. 220-4 at 2. The proposed dismissal of SDT LLC was *never* conditioned on agreement about the standing of other entities. Kieckhefer Decl. ¶ 8.

As to Plaintiffs' substitution motion, it only impacted SDT LLC's status for the '834 Patent. SDT LLC was still a proper party because of its ownership interests in the '400 and '667 Patents.

Plaintiffs maintain that SDT LLC had, and has, proper standing. Plaintiffs acted reasonably and pursuant to a good faith application of the law on standing to the facts of this case. Plaintiffs tried to resolve the issue with Viasat to avoid judicial intervention and preserve resources. Viasat would not agree, requiring the issue to be litigated. No sanction should be imposed here against Plaintiffs.

### B. Plaintiffs Believe—and Have Always Believed—that SDT LLC (Previously WDI) Has Ownership Interests and Was Properly Joined as a Plaintiff

Plaintiffs have always maintained that SDT LLC holds ownership rights in the asserted '400 and '667 Patents and was properly joined as a plaintiff. Patent ownership and standing are distinct, albeit overlapping, inquiries. Constitutional standing asks which entities have an "exclusionary right" in the patent, *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010), whereas patent ownership asks which entity or group holds "all substantial rights" in the patent—which are not limited to exclusionary rights, *Lone Star Silicon Innovations v. Nanya Tech. Corp.*, 925 F.3d 1225, 1228 (Fed. Cir. 2019); *Alfred E. Mann Foundation for Scientific Research. v. Cochlear Corp.*, 604 F.3d 1354, 1360-61 (Fed. Cir. 2010). In addition, a court "'must ascertain the intention of the parties and examine the substance of what [the licensing agreement] granted' to determine if it conveys all of the substantial rights in the patent." *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971, 976 (Fed. Cir. 2005).

Applying those principles, Plaintiffs reasonably concluded that SDT LLC held ownership rights in the asserted '400 and '667 patents. Kieckhefer Decl. ¶ 3; *see also* Dkt. 255-1 (Plaintiffs' corrected summary judgment opposition) at 6-9. Specifically, the agreement that originally allocated the rights between WDI (SDT LLC's predecessor-in-interest) and Western Digital Technologies, Inc. ("WDT") (SDT Inc.'s predecessor-in-interest) repeatedly stated that WDT's rights and responsibilities were for the sake of **protecting WDI's ownership of the patents**. Dkt. 255-1 at 7-8 (citing Dkt. 253-4). The "intention of the parties" to the agreement, as evidenced by the contractual language, thus, in Plaintiffs' view, supported the conclusion that WDI was a patent owner. *Sicom*, 427 F.3d at 976.

Having concluded that WDI, along with WDT, held ownership rights in those two patents, Plaintiffs reasonably concluded that WDI (and then SDT LLC following the merger) should be joined as a plaintiff to satisfy standing requirements. Kieckhefer Decl. ¶ 12. "Standing analysis involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Sweet v. Cardona*, 121 F.4th 32, 41 (9th Cir. 2024) (internal quotations omitted). To satisfy **constitutional standing**, a party must have exclusionary rights in the patent. *WiAV*, 631 F.3d at 1265. In addition, "these exclusionary rights must be enforced through or in the name of **the owner of the patent**, and the patentee who transferred these exclusionary interests is usually joined to satisfy **prudential standing**

concerns." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007) (internal quotations omitted) (emphasis added). Thus, Plaintiffs believed that WDI (and then SDT LLC) should at least be joined for prudential reasons, if not also because it had exclusionary rights.[1] While the Court made a legal determination to the contrary, Plaintiffs submit that their position had an objectively reasonable basis in fact and law and was held in good faith.

### C. Plaintiffs' Conduct Regarding the Standing Issue Was Reasonable

Plaintiffs litigated the issue of standing in accordance with their above-explained view that SDT LLC should be joined in this case. Pursuant to Patent L.R. 3-2(d), Plaintiffs promptly produced all details regarding the ownership agreements to Viasat in discovery, including the agreement between WDI and WDT. Dkt 251-1 ¶ 3. Plaintiffs also promptly responded to Viasat's December 2023 interrogatories and described the full chain of title. Dkt. 251-2. Viasat was silent on Plaintiffs' response for over a year and only raised the issue just before the close of fact discovery. Dkt. 251-3.

The OSC notes that Plaintiffs served a supplemental interrogatory response on February 13, 2025—i.e., "nearly three years after initiating this case" (Dkt. 274 at 38)—but Plaintiffs were simply responding to Viasat's late-raised request. All of the relevant documents and facts were already identified in Plaintiffs' original response; the supplement merely provided additional details and quotes from those documents and facts. Kieckhefer Decl. ¶ 7; *compare* Dkt. 251-2 *with* Dkt. 220-2. Plaintiffs respectfully disagree with any suggestion that they were slow to disclose the facts relevant to standing. When Viasat subsequently wrote on March 28, 2025 to ask Plaintiffs' basis for joining SDT LLC, Plaintiffs had already (and on multiple occasions) explained the basis for SDT LLC's inclusion, including the production of documents, responses to interrogatories, supplements to interrogatories, and a Rule 30(b)(6) witness on the topic. Similar to the issues of infringement and invalidity, the parties simply had a fundamental, but good faith, disagreement about the application of the law to the facts—Plaintiffs believed SDT LLC should be a party, and Viasat disagreed.

In May 2025—roughly a month before summary judgment motions were due—Plaintiffs attempted to resolve the issue of SDT LLC's joinder without court intervention. Because the lack of a

---

[1] Given the contractual language that provided WDT would act to protect WDI's ownership of the patents, Plaintiffs also believed that WDI had exclusionary rights. *See WiAV*, 631 F.3d at 1265.

necessary party could result in dismissal of the entire case, Plaintiffs could not dismiss SDT LLC—whom they believed necessary based on its ownership rights—without either a finding from the Court or agreement by Viasat that it would not weaponize SDT LLC's absence against Plaintiffs. Plaintiffs thus reached out to Viasat regarding a potential stipulation to drop SDT LLC from the case. On May 28, 2025, Plaintiffs wrote to confirm whether Viasat would dispute that "the remaining Plaintiffs have standing to maintain this action if SanDisk Technologies LLC were dismissed from the case"—i.e., that SDT LLC's absence from the case, standing alone, would not subsequently be used against Plaintiffs. Dkt. 220-4 at 3. Viasat responded the next day that they "do not understand . . . Standing exists or it doesn't." Dkt. 220-4 at 2. A day later, Plaintiffs made clear: "We simply sought to confirm that, if SDT LLC were dismissed, Viasat would not contend that the case should be dismissed ***for failure to join SDT LLC as a party***." *Id.* Thus, contrary to the OSC's apparent understanding, Plaintiffs did not demand a "quid pro quo" whereby Viasat would not challenge any other party's standing (Dkt. 274 at 39 & n.19). Kieckhefer Decl. ¶ 8. Plaintiffs simply requested agreement that SDT LLC could safely be dropped from the case.

Viasat did not accept any of Plaintiffs' proposed stipulations. *Id.* ¶ 10. Even after Viasat moved for summary judgment, Plaintiffs again offered to resolve the issue pursuant to agreement and without Court intervention; Viasat again refused a stipulation. *Id.*; Dkt. 259-2 at 2. Thus, the time and resources spent were required to resolve the parties' good-faith dispute as to SDT LLC's standing.

### D. Plaintiffs' Conduct Regarding the Substitution Motion Was Reasonable

Plaintiffs' motion to substitute also was filed in good faith and with reasonable basis. Plaintiffs' motion sought relief to address two ***undisputed*** facts: (1) that SD3D had transferred its exclusive license in the '400 and '667 Patents to SDSM, and (2) that SDT LLC had transferred its ownership of the '834 Patent to SDT Inc. Plaintiffs explained that the requested relief would moot only one of Plaintiffs' bases for keeping SDT LLC in the case—SDT LLC was still a proper party to the case because it held an ownership interest in the '400 and '667 Patents. Dkt. 269 at 2 & n.2.

The formal substitution of SDT LLC with SDT Inc. as to the '834 Patent was a formality—i.e., the parties did not change because SDT Inc. and SDT LLC were already parties in the case. As a reminder, SDT LLC and SDSM had originally asserted infringement of the '834 Patent. While the

case was pending, SDT LLC transferred its interests to SDT Inc., who was already a party for other reasons. While formal substitution under Rule 25 may not have been required given the transferee party was already a party in the case, Plaintiffs sought substitution to make the record clear that SDT Inc. would thereafter be the entity asserting the '834 Patent—including, for example, on appeal.

### E. Plaintiffs' Conduct Does Not Warrant Sanctions

Sanctions are an "extraordinary remedy" and should be exercised only with "extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996). Imposing such a remedy requires a finding of "bad faith," and the pursuit of "nonfrivolous" arguments—even if later disagreed with by the court on the merits—is not a proper basis for the imposition of sanctions. *Id.* at 435-36; *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (requiring finding that "the sanctioned party's behavior constituted or was tantamount to bad faith"); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986) ("If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then [Rule 11] sanctions should not be imposed."). A finding of bad faith, which "sets a high threshold," is only "warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (internal quotation marks omitted).

Here, Plaintiffs at all times acted in good faith pursuant to a reasonable belief that SDT LLC has ownership interests and should be joined as a plaintiff. Even though the Court ultimately took a different view of SDT LLC's status, Plaintiffs respectfully submit that the underlying issue was nonfrivolous and that litigating the legal question of SDT LLC's standing was necessary because Viasat would not stipulate to their dismissal. Such conduct was not pursued out of bad faith or for any improper purpose, but rather was pursued consistent with Plaintiffs' long-held position that SDT LLC was a necessary party and was important for the effective representation of Plaintiffs in the circumstances. *See Primus Automotive*, 115 F.3d at 649 (even where an "argument clearly lacks merit," "effective representation [of a client] often will call for innovative arguments," and so sanctions should be "reserved for the rare and exceptional case[s]" (internal quotation marks omitted)). Accordingly, Plaintiffs respectfully submit that no sanctions are warranted here.

| | | |
|---|---|---|
| 1 | DATED: October 28, 2025 | Respectfully submitted, |
| 2 | | GIBSON, DUNN & CRUTCHER LLP |
| 3 | | |
| 4 | | By: /s/ L. Kieran Kieckhefer |
| | | L. Kieran Kieckhefer |
| 5 | | *Attorneys for Plaintiffs* |