L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DECLARATION OF L. KIERAN KIECKHEFER IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE** |

I, L. Kieran Kieckhefer, declare as follows:

1. I am a partner with the law firm Gibson, Dunn & Crutcher LLP. I represent Plaintiffs Sandisk Technologies, Inc., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (together "Plaintiffs" or "Sandisk") in the above-captioned action, brought against Viasat, Inc. ("Viasat"). I have personal knowledge of the matters discussed herein.

2. I make this declaration in support of Plaintiffs' response to the Order to Show Cause dated October 21, 2025.

3. Throughout this case, Plaintiffs (including their counsel) have believed in good faith that Western Digital Ireland Ltd. ("WDI") and its successor-in-interest SanDisk Technologies LLC ("SDT LLC") should be named as plaintiffs in this case. We maintain the belief—which is based on the law and facts of this case, as explained in Plaintiffs' response to the Order to Show Cause that this declaration supports—that WDI and then SDT LLC are proper parties to this case.

4. On December 8, 2023, Viasat served Interrogatory No. 13 regarding chain of title.

5. On January 17, 2024—pursuant to the parties' agreement—Plaintiffs served their original response to Viasat's Interrogatory No. 13 regarding chain of title for the patents-in-suit. This is available in the record at Dkt. 251-2.

6. Over one year later, on February 3, 2025, Viasat complained about Plaintiffs' interrogatory response. This is available in the record at Dkt. 251-3.

7. Ten days later, on February 13, 2025, Plaintiffs served a supplemental response to Interrogatory No. 13 in response to Viasat's complaint. This is available in the record at Dkt. 220-2. This response did not disclose new information about chain of title but rather was intended to recapitulate the previously disclosed facts in a way that addressed the complaints Viasat raised on February 3, 2025.

8. While Plaintiffs have always believed that WDI and SDT LLC should be named parties, Plaintiffs were open to resolving the dispute regarding SDT LLC's joinder without court intervention because, other than standing, Plaintiffs do not believe that SDT LLC's joinder has any

1

KIECKHEFER DECLARATION IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE
CASE NO. 4:22-CV-4376-HSG

practical effect on the litigation. Plaintiffs never requested that Viasat give up any standing challenges as to other named parties in exchange for dismissing SDT LLC, and it was never Plaintiffs' intent to do so. The agreement that Plaintiffs sought to obtain from Viasat was only that Viasat would not argue that standing was deficient if SDT LLC were dismissed from the case. While Viasat did appear confused by Plaintiffs' original request, Plaintiffs immediately clarified: "We simply sought to confirm that, if SDT LLC were dismissed, Viasat would not contend that the case should be dismissed for failure to join SDT LLC as a party." Dkt. 220-4 at 2 (5/30/2025 email from L. Mao). Even if Viasat stipulated to the dismissal of SDT LLC, Viasat would be free to make any other standing arguments regarding any other parties in the case.

9. Plaintiffs cannot and would not unilaterally dismiss a party that they believe has standing. Plaintiffs only engaged in discussing a potential resolution of SDT LLC's joinder because Plaintiffs believed that the issue of SDT LLC's joinder has no implications on the case other than standing and they wanted to preserve judicial resources if an agreement could be worked out between the parties.

10. Viasat repeatedly refused to agree. Viasat's repeated response to Sandisk's outreach was that Sandisk should unilaterally dismiss SDT LLC—Viasat would not stipulate to that dismissal or otherwise agree that SDT LLC's absence would not defeat standing. For example, on May 29, 2025, Viasat told Plaintiffs to "drop SDT LLC, or we will need to seek relief from the Court." Dkt. 220-4 at 2 (5/29/2025 email from H. Dawson). Similarly, on June 30, 2025, Viasat rejected Plaintiffs' revised stipulation and demanded confirmation that "Plaintiffs will be filing with the court . . . a request to dismiss SDT LLC with prejudice." Dkt. 259-2 at 2 (6/30/2025 email from H. Dawson); *see also id.* at 1 (7/4/2025 email from H. Dawson) ("We . . . assume you will ask the Court to dismiss SDT LLC with prejudice."). Because Plaintiffs believed SDT LLC to be a proper party and they had no agreement from Viasat, Plaintiffs could not unilaterally dismiss SDT LLC.

11. To the best of my knowledge, I am not presently aware of any dispute regarding the standing of the other Plaintiffs.

12. Plaintiffs have never used the standing issue or the joinder of any particular party in a tactical manner. At all times, Plaintiffs have included the parties that we believed in good faith are needed, and have made good faith attempts to resolve disputes so as to minimize the burden on the parties and the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of October 2025 in San Francisco, California.

/s/ L. Kieran Kieckhefer
L. Kieran Kieckhefer