QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>                     Plaintiffs,<br><br>          v.<br><br>VIASAT, INC.,<br><br>                     Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DEFENDANT VIASAT, INC.'S RESPONSE IN SUPPORT OF AMENDED ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 277]**<br><br>[FILED CONCURRENTLY WITH [PROPOSED] ORDER RE MOTION TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) & (f) and the Protective Order entered in this case (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Response to Plaintiffs' Amended Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [Dkt. 277].

Viasat seeks to seal portions of the Amended Exhibits to SanDisk's Opposition to Viasat's Motion for Summary Judgment of Noninfringement, which Plaintiffs amended and re-filed attached to their Amended Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [Dkts. 277-3 – 277-13].

| Dkt. No. (Original Filing/Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| 277-3 / 282-2 | Ex. 14 - Hughes Depo. Tr. | Testimony concerning Viasat confidential technical information and analysis (on portions of pages 7, 18-21, 50-57, 86, 88-125) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 277-4 / 282-3 | Ex. 15 - Neri Depo. Tr. | Testimony concerning Viasat confidential technical information and analysis (on portions of pages 3-26, 28-37, 43-50) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 277-5 / 282-4 | Ex. 16 - Newman Depo. Tr. | Testimony concerning Viasat confidential technical information and analysis (on portions of pages 3-4, 7-8) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 277-6 / 282-5 | Ex. 17 - O'Sullivan Depo. Tr. | Testimony concerning Viasat confidential technical information and analysis (on portions of pages 7, 16-17, 20, 41-69, 106-129, 142-153) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 277-7 / 282-6 | Ex. 18 - Slater Depo. Tr. | Testimony concerning Viasat confidential technical information and analysis (on portions of pages 7, 98-100, 104-109, 178) that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |
| 277-8 / 282-7 | Ex. 20 - VIASAT_00005782 | Viasat document displaying Viasat's confidential technical information that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90).  Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit. | Ward. Decl. ¶¶ 3-4 |

| 277-9 / 282-8 | Ex. 22 - VIASAT_00006354 | Viasat document displaying Viasat's confidential technical information that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit. | Ward. Decl. ¶¶ 3-4 |
|---|---|---|---|
| 277-10 / 282-9 | Ex. 23 - VIASAT_00006471 | Viasat document displaying Viasat's confidential technical information that were designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit. | Ward. Decl. ¶¶ 3-4 |
| 277-11 / 282-10 | Ex. 24 - VIASAT_00006779 | Viasat document displaying Viasat's confidential technical information that was designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit. | Ward. Decl. ¶¶ 3-4 |
| 277-12 / 282-11 | Ex. 25 - VIASAT_00007395 | Viasat's internal technical presentation that was designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit. | Ward. Decl. ¶¶ 3-4 |
| 277-13 / 282-12 | Ex. 27 - VIASAT_00008738 | Viasat document displaying Viasat's confidential technical information and analysis that was designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit. | Ward. Decl. ¶¶ 3-4 |
| 277-14 / 282-13 | Ex. 32 - VIASAT_00060099 | Viasat document displaying Viasat's confidential technical information and analysis that was designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). Viasat requests that the entire exhibit remain sealed given the confidential nature of the topics discussed in this exhibit. | Ward. Decl. ¶¶ 3-4 |

Viasat seeks to seal only the portions of these exhibits that contain Viasat's highly confidential source code, or describe product operations, financial details, contract details, or witness' home addresses. Filed concurrently herewith are redacted versions of each document that redact only the highly confidential information noted above (at the pages noted in the table above). If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'s Statement in Support of the Amended Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed ("Ward Decl.") (filed concurrently herewith).

Courts generally apply a "compelling reasons" standard when considering motions to seal documents attached to dispositive motions. *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-CV-01247-HSG, 2022 WL 1131632, at *1 (N.D. Cal. Mar. 29, 2022) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to seal documents in connection with a dispositive motion must "articulate compelling reasons supported by specific factual findings, such as "the use of records to … release trade secrets," that "outweigh" the strong presumption in favor of public access. *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard and requires that the party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law ... The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist . . . such as the use of records to . . . release trade secrets." "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (citations and internal quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"); Dkt. 435, Order on Motions to Seal ("The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and proprietary information relating to the operations of Defendant."); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential

information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database). Likewise, damages analyses that reference a party's confidential financial information warrant sealing. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014); *see also Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV-07250-HSG, 2023 WL 2600464, at *1 (N.D. Cal. Mar. 21, 2023) (finding compelling reasons to seal monthly financial metrics and projections of future revenue as "confidential business and financial information").

If filed publicly, the Viasat highly confidential information reflected in the Exhibits to SanDisk's Opposition to Viasat's Motion for Summary Judgment of Noninfringement would cause competitive harm to Viasat. If filed publicly, this Viasat highly confidential information could be used by Viasat's competitors to Viasat's detriment because they reflect highly confidential information about the operation of and source code for Viasat's products, including about source code variables and how those variables relate to the way that Viasat's products operate. *See* Ward Decl. ¶¶ 3-4. These confidential references to the architecture of Viasat's products, and the source code, operation of, and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run), which third-parties Viasat's products interact with, and how Viasat actually hosts and distributes content—are not apparent from normal consumer operation. Ward Decl. ¶ 4.

If this confidential source code and product operation information was disclosed, significant competitive harm could result for Viasat because Viasat's competitors could use this proprietary source code and product operation information for Viasat's products—that Viasat invested time and resources to develop—to replicate this product operation and source code in their own products, and because the redacted information contains confidential information about how Viasat maintains the security of its products. *Id.*; *see also Apple, Inc.*, 2012 WL 6115623, at

*2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

Pursuant to Civil Local Rule 79-5(c) and (f), and on the basis of the harm to Viasat if disclosed, Viasat submits this motion which establishes good cause to permit the sealing of the unredacted versions of the aforementioned Exhibits.

DATED: November 4, 2025          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ *Patrick D. Curran*
   Patrick D. Curran

   *Attorney for Defendant Viasat Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, a copy of the foregoing response, was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: November 4, 2025			By  */s/ Patrick D. Curran*
					Patrick D. Curran