# Exhibit A

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
gibsondunn.com

L. Kieran Kieckhefer
Direct: +1 415.393.8337
Fax: +1 415.801.7404
kkieckhefer@gibsondunn.com

August 24, 2023

VIA EMAIL

Patrick Curran
Quinn Emanuel Urquhart & Sullivan LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199-7626

Re:   *Western Digital Technologies, Inc. et al. v. Viasat Inc.,*
      *Case No. 4:22-cv-04376-HSG (N.D. Cal.)*

Dear Mr. Curran:

We are in receipt of your letters dated August 4, 2023 and May 19, 2023.[1]  We disagree with your assertions that Western Digital lacks a good-faith basis to continue this lawsuit or that Viasat would be entitled to any relief under § 285, as explained in greater detail below.  With regards to Viasat's offer in your August 4, 2023 letter—*i.e.*, that Viasat will agree not to seek attorneys' fees or other relief under § 285, in exchange for Plaintiffs' withdrawal of the action and providing covenants not to sue on the three asserted patents—Western Digital respectfully declines as it believes there is no basis for Viasat's attorneys' fees request or the other relief under § 285.

As an initial matter, we note that the motions previously set for hearing on August 17, 2023 are not case dispositive.  Viasat has acknowledged that standing is adequately alleged for at least one plaintiff for each asserted patent, and Viasat challenged only one out of the three asserted patents on Section 101 grounds.  Thus, regardless of the outcome of Viasat's motions, this case will move forward.  Viasat's demand that Plaintiffs dismiss the entirety of their suit prior to the hearing on these motions, which was just vacated, is a substantial overreach.

**The '834 Patent Is Patent Eligible And Valid**

Plaintiffs' position with respect to the patent eligibility of the '834 patent is set forth in their briefing, so we will not repeat those arguments here.  We remind you, however, that the motion is procedurally improper under Rule 12(g) and pursuant to Judge Gilliam's decision that is directly on point.  We also remind you that Viasat's motion is substantively flawed

---

[1] I note, however, that your May 2023 letter was purportedly sent to me at Shearman & Sterling the day after I left the firm.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

August 24, 2023
Page 2

because it ignores the specification of the '834 patent and completely mischaracterizes the claims.

Viasat's invalidity contentions are similarly flawed.  Tellingly, your more recent letter is only able to point us to a single alleged prior art reference out of the numerous systems and references you generically alluded to in your May 19 letter.  Even with respect to that Pestoni reference, however, it remains Viasat's burden to demonstrate invalidity, and Viasat has not met that burden.  For example, Viasat has not shown that the methods of Pestoni occur "in a host device in communication with a storage device storing encrypted content" within the understanding of a person of ordinary skill in the art.  Similarly, Viasat has not shown that Pestoni's unelaborated reference to sending decryption keys in a "content stream" satisfies the '834 patent's requirement of "deriving a key from the received stream of data" as that language is properly understood in the context of the specification.  Viasat also has not met its burden to show that Pestoni discloses the requirements of the asserted dependent claims.  These are just a few of the shortcomings of the Pestoni reference, and we reserve the right to highlight and explain its other problems as alleged prior art at the appropriate time in this case.

**Plaintiffs Have Standing to Maintain This Case**

As noted above, Viasat has admitted that at least one plaintiff has standing to assert each patent in this case.  Again, Plaintiffs' position with respect to WDI's and SDSM's standing is set forth in their briefing and will not be repeated here.  Plaintiffs have met their burden at the pleading stage.  Moreover, Plaintiffs have already produced to Viasat the agreements that evidence each plaintiff's rights in the asserted patents.  Viasat's choice to ignore the evidentiary record and still bring a pleadings motion appears to be an improper delay tactic.

**The '667 and '400 Patents Are Valid**

Viasat has not met its burden to show invalidity of the asserted patents.  In your May 19 letter, you did not highlight any particular prior art references or explain how they meet the claims; instead, you generically referred to the invalidity contentions.  Those contentions, however, simply confirm that none of the asserted references adequately disclose the limitations of the asserted claims to invalidate the claims.  In addition, Viasat's contentions suggest that, as with the '834 patent, Viasat has misapprehended the fundamental nature and novelty of the asserted patents.

**Viasat Infringes**

As previously discussed with your team, Plaintiffs' infringement contentions clearly explain why Viasat infringes each asserted claim.  Notably, your letter did not identify any affirmative evidence showing non-infringement, even though Viasat has made its Patent L.R. 3-4 production of technical documents.  Our review of those documents has

GIBSON DUNN

August 24, 2023
Page 3

confirmed, not contradicted, the infringement analysis set forth in our contentions. Moreover, the purported deficiencies you identified are easily disproven. For example, you complain that "Plaintiffs point to no evidence that the accused Viasat in-cabin IFEC server stores encrypted media content," even though Plaintiffs' contentions quote Viasat's own statement that "Viasat works with all major content Service Providers to ingest content into the W-IFE systems, confirm content quality and completeness, and *encrypt content in accordance with DRM requirements*." (Infringement Contentions, Ex. C at 7.) Once again, the failing is on Viasat's part to properly read the patents and Plaintiffs' contentions.

* * *

Viasat's poorly researched and tactically motivated arguments are not well taken. If your client were interested in legitimate discussions regarding resolution of the serious claims against your client given that this case will certainly proceed past the pleadings stage, we would remain open to such discussions. Otherwise, we look forward to continuing Western Digital's assertion of these patents so that Western Digital receives all appropriate remedies for Viasat's infringement.

Sincerely,

L. Kieran Kieckhefer

106531674.3