# Exhibit B

# Exhibit B

**GIBSON DUNN**

Ahmed ElDessouki
Counsel
T: +1 212.351.2345
M: +1 917.921.0682
aeldessouki@gibsondunn.com

April 3, 2024

VIA EMAIL

Patrick Curran
Quinn Emanuel Urquhart & Sullivan LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199-7626

Re: *Western Digital Technologies, Inc. et al. v. Viasat Inc.*,
Case No. 4:22-cv-04376-HSG (N.D. Cal.)

Counsel,

We write regarding Viasat's deficient discovery responses and document productions.

**Document Productions**

Although Plaintiffs' RFPs were served approximately one year ago, and discovery has been open since November 8, 2023 (approx. *five* months ago), Viasat has only produced 179 non-public documents to date. Viasat failed to produce *any* documents responsive to the vast majority of Plaintiffs' RFPs, despite agreeing to produce responsive documents "that can be located following a reasonable search." Viasat's R&Os dated 12/8/2023. Viasat's production is also deficient as to its core technical and financial documents, as explained below. Please confirm that you will supplement Viasat's productions as required and agreed to by April 12, 2024, and provide a date certain by which we can expect such production that is no later than April 26, 2024.

**Technical Disclosures**

Viasat's technical disclosures—as required by Patent Local Rule 3-4(a) and in response to RFP Nos. 1, 11, 12, 16, and 46, and Interrogatory Nos. 1, 3 and 4—are plainly deficient and appear to violate Rule 37. On December 22, 2023, Western Digital outlined to Viasat examples of the types of documents that it expects Viasat to produce. Despite agreeing to produce all requested documents by February 7, 2024 (*see* 12/22/2023 Kieckhefer Letter; 1/11/2024 Felice Email ("Viasat would agree to produce the requested categories of technical documents by February 7.")), Viasat failed to produce documents responsive to at least the following categories listed in the December 22 letter:

**GIBSON DUNN**

- Documents sufficient to identify the SKU and product name / description of all of Viasat IFEC and WIFE systems and all Viasat devices and systems that implement open caching specifications
- Documents sufficient to show the operation of Viasat's "Sponsored Access" services
- Documents sufficient to show messages exchanged between Viasat's IFEC system, Viasat or third-party servers and/or modems, user devices, seat-back devices, data centers, and any other device for playback of media content
- Documents sufficient to show the data associated with each user device or seat back device that Viasat collects or otherwise receives and/or maintains
- Documents sufficient to show the authentication protocol used to provision user devices or seat back devices with Viasat's IFEC systems and/or with remote services, like Apple Music and fuboTV, using Viasat's IFEC systems, to support Viasat's "Sponsored Access" services
- Documents sufficient to show any data security or authentication methods or systems implemented on in Viasat's IFEC systems to prevent unauthorized access to media content
- Documents sufficient to identify any agreements between Viasat and media content providers, such as and including Apple and fuboTV, for Viasat to provide media content in its IFEC systems
- Communications between Viasat and media content providers, such as and including Apple and fuboTV, regarding Viasat's provision of media content using its IFEC system
- Documents and communications relating to the preparation and drafting of the Viasat documents cited in the infringement contentions

Viasat must immediately supplement its document productions to address the above identified categories, which it already agreed to produce. To the extent that Viasat contends that it has already produced these documents, please identify them by Bates number.

**Custodian Metadata**

Viasat's document productions do not include any custodian information. Viasat must produce custodian metadata overlay for its previously produced documents, and provide that information on a going forward basis for all documents that it produces.

**Financial Disclosures**

Viasat's financial disclosures—as required by Patent Local Rule 3-4(d) and in response to RFP Nos. 18 and 19, and Interrogatory No. 3—are plainly deficient and also appear to violate

2



Rule 37. Viasat has an obligation to provide accurate information under Federal Rules 33, 34, and 37, and PLR 3-4(d). It appears that Viasat has failed to do so. Viasat must immediately supplement its responses to Western Digital's requests.

**Interrogatory Responses**

In addition, Viasat's Responses to Plaintiffs' Initial Set of Interrogatories are also deficient and must be supplemented. For example:

- **Rog. No. 1** – Viasat failed to identify all relevant products and systems as requested. The identified documents do not identify the products/systems "by name, model number, and any other identifying indicia any Viasat products or services that use or provide media streaming," as required by the Interrogatory.
- **Rog No. 2** – Viasat failed to identify the individuals most knowledgeable as requested by the Interrogatory other than Dan Newman. To the extent there are other individuals that Viasat intends to rely on at trial, it must identify them now. Moreover, although Viasat is relying on documents pursuant to Rule 33(d), it has failed to produce custodian information such that Western Digital could identify the individual who had custody of the document. To the extent these files were produced from Dan Newman's custodial files, Viasat must so state. To the extent different individual(s) had custody of the files that Viasat is identifying as responsive to this interrogatory, Viasat must identify those individual(s). Viasat's response also fails to explain which topic each witness is knowledgeable about. Viasat must provide the relevant, requested, and required information.
- **Rog. No. 3** – Viasat relies on one document—the "IFEC Financials" spreadsheet (VIASAT_00005781)—in response to this interrogatory. That spreadsheet, however, is insufficient to respond to the interrogatory because it failed to provide the required information about the total number of units sold, the location of each sale, and the applicable gross and net profit margins. Viasat's reliance on Rule 33(d) in its response is improper because Western Digital cannot determine the answer to this Interrogatory by "examining, auditing, compiling, abstracting, or summarizing a party's business records

3

**GIBSON DUNN**

(including electronically stored information)." *See* Fed. R. 33(d). Given the plain deficiencies in the response to this Interrogatory, Viasat must immediately confirm that the IFEC Financials includes "all sales of the Accused Products, regardless of whether the sale, revenue, and/or profit was booked or recognized by Viasat itself or by an affiliated entity" as specified in the Interrogatory, or must supplement its production immediately.

- **Rog. No. 4** – Viasat must update the response to Rog. No. 4 to reflect the recently produced technical documents (VIASAT_PROD002 bearing Bates numbers VIASAT_00006153-VIASAT_00013213).
- **Rog. No. 5** – Viasat relies exclusively on the IFEC Financials spreadsheet in its response, which is inadequate and insufficient because it does not provide any information about Viasat's distributors, manufacturers, or any other entities purchasing, selling or making any Accused Product, as required by the interrogatory. Moreover, Viasat has failed to identify the total number of units shipped or delivered and total sales in dollar value to or by each such entity for each calendar quarter of sales, which is also required by the interrogatory.
- **Rog. Nos. 7 & 8** – Viasat must now update its response to this Interrogatory in view of the newly served infringement contentions.

Viasat must promptly supplement its discovery responses and document productions. Plaintiffs reserve all rights in connection with and as a result of Viasat's deficient discovery responses and deficient document productions.

Sincerely,

Ahmed ElDessouki

4