L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DECLARATION OF BRIAN M. BUROKER IN SUPPORT OF SANDISK'S OPPOSITION TO VIASAT'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285** |

I, Brian M. Buroker, declare as follows:

1. I am a partner with the law firm Gibson, Dunn & Crutcher LLP. I represent Plaintiffs Sandisk Technologies, Inc., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (together "Plaintiffs" or "Sandisk") in the above-captioned action, brought against Viasat, Inc. ("Viasat"). I have personal knowledge of the matters discussed herein.

2. I make this declaration in support of Plaintiffs' Opposition to Viasat's Motion for Attorneys' Fees.

3. On October 16, 2024, I attended the Case Management Conference on behalf of Sandisk. Because Viasat had refused to proffer a case schedule in the Joint Case Management Statement (Dkt. 126) filed days on October 8, 2024, Judge Gilliam noted that Viasat's refusal to propose a schedule was "not helpful" and "frustrating." Judge Gilliam also suggested Viasat to move for early summary judgement if it had a basis to do so. Judge Gilliam also stated that he would enter a case schedule similar to the schedule proposed by Sandisk.

4. Throughout the pendency of this litigation Sandisk continued to evaluate the strength of its infringement claims, and Sandisk's technical expert confirmed the same.

5. For example, after receiving Viasat's April 2, 2024 letter, Sandisk analyzed the infringement allegations under Viasat's proposed constructions, and analyzed Viasat-produced source code and technical documents to confirm that Sandisk had a good faith basis to proceed with its case under the claim constructions that Viasat had proposed.

6. Similarly, after the Court issued its *Markman* order on September 20, 2024 (Dkt. 120), Sandisk again confirmed that it had a good faith basis to proceed with its case under the Court's claim constructions, and Sandisk's technical expert confirmed the same. Again, after Viasat's and the Court's statements at the at the October 16, 2024 case management conference, Sandisk re-evaluated its good faith basis. Further, Sandisk served additional discovery requests on October 2, 2024. Dkts. 176-5, 176-6. That discovery included a request for Viasat to provide a source code mapping – a description of what each folder within the produced source code performs.

1

7. Sandisk also planned additional source code review sessions to start on or around November 4, which was scheduled to be shortly after Viasat's deadline to respond to the discovery served on October 2, 2024. Sandisk requested to inspect Viasat's source code review computer, and Viasat confirmed that computer would be made available on November 5.

8. Viasat responded to the requested discovery on November 1, 2024, but did not provide the required source code mapping. As such, Sandisk postponed the planned source code review. A true and correct copy of Viasat's November 1, 2024 Interrogatory Responses is attached as **Exhibit D.**

9. On November 4, 2024, my colleague Ahmed ElDessouki called counsel for Viasat to explain that Sandisk needs the source code mapping before the source code review, then followed up by email the following day. I understand that my colleague requested that Viasat provide a date certain by which it would produce the source code mapping, but counsel for Viasat simply refused. As a result of Viasat's refusal, counsel for Sandisk requested a meet and confer, which occurred on November 14. However, the meet and confer, did not resolve the issue. On November 20, counsel for Sandisk wrote to Viasat and explained:

> Viasat has relied on Rule 33(d) in responding to the Interrogatories but has not identified nor produced the corresponding documents. On the meet and confer, Viasat was not able to provide any timeline for the production of the relevant documents. Please let us know when we can expect the supplementation. We also note that on 10/8, Counsel for Viasat made unsubstantiated allegations that Western Digital had no Rule 11 basis to proceed with this action but failed to articulate any basis for this allegation. Western Digital requested on the 10/14 meet and confer that Viasat explain the basis for its allegation, for example in a letter or by supplementing its non-infringement contention interrogatory responses. So far, we have not received any response. Moreover, as we explained on 11/4, Viasat's failure to respond to Interrogatory No. 15 (which was due on 11/1) has delayed Western Digital's ability to schedule a source code review, and in fact forced Western Digital to reschedule the source code review. As we explained previously, the source code review will allow Western Digital to consider amendments to its infringement contentions in view of the Court's claim construction order.

10. A true and correct copy of the November 20, 2024 email from Sandisk to Viasat is attached as **Exhibit E.**

11. On December 2, 2024, the Court entered a case schedule, setting January 6, 2025 as the deadline for the substantial completion of document discovery and February 7, 2025 as the deadline for the close of fact discovery. Dkt. 131. This was the first time the Court had set a deadline for the substantial completion of document discovery and for the close of fact discovery. Moreover, these deadlines were different than what was proposed by either party. In the October Case Management Statement, Sandisk proposed March 14, 2025 as the deadline for the close of fact discovery, and Viasat did not provide a competing date.

12. In view of the looming deadline for the close of fact discovery, Sandisk served Viasat with a joint discovery letter on December 4, 2024 to compel the production of the source code mapping. The discovery letter requested that the "Court compel Viasat to produce the requested source code correlation within 1 day of this Court's order," "in view of the upcoming deadline for the substantial completion of document discovery by January 6, 2025." A true and correct copy of the draft December 4, 2024 joint report from Sandisk to Viasat is attached as **Exhibit F**. On December 6, 2024, Viasat agreed to provide the source code mapping the following week, which mooted that issue, and therefore this issue was never presented to the Court.

13. Viasat served the source code mapping on December 13, 2024. A true and correct copy of Viasat's December 13, 2024 Interrogatory Responses is attached as **Exhibit G**.

14. Sandisk's technical expert was scheduled to review Viasat's source code on December 12 and December 13. However, due to a medical emergency, that source code review was postponed until December 17 and December 18.

15. After completing the source code review, Sandisk worked over the holidays to prepare amended infringement contentions, which it served on Viasat on January 3, 2025. Viasat responded on January 9, 2025 to state that "in an effort to avoid motion practice, Viasat will not oppose the proposed amendment if Plaintiffs will agree to the proposed 30 day window for Viasat's

supplemental invalidity contentions, to alleviate some of the prejudice Plaintiffs' late proposed amendment would cause." A true and correct copy of Viasat's January 9, 2026 email concerning the amended contentions as **Exhibit H**.

16. Sandisk was unwilling to accept Viasat's offer because it allowed Viasat to make unspecified changes to the Invalidity Contentions, and those changes would only be served after the close of fact discovery. As such, Sandisk sought leave of this Court to amend its infringement contentions.

17. When the Court denied the motion for leave, Sandisk worked closely with its technical expert to ensure that the expert opinions were supported by the Operative Contentions.

18. On January 7, 2025, my colleagues Ahmed ElDessouki and Lillian Mao, and I met and conferred with counsel for Viasat. Counsel for Viasat included Anastasia Fernands, Vanessa Blecher, and Tzivya Beck. Ms. Fernands stated that Viasat was "substantially done" with its document productions, but anticipated "some cleanup."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of November 2025 in Washington, D.C.

*/s/ Brian M. Buroker*
Brian M. Buroker

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(h)(3), the undersigned hereby attests that the other signatories have concurred in the filing of this document.

*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer