# Exhibit H

Case 4:22-cv-04376-HSG   Document 291-10   Filed 11/18/25   Page 2 of 5

**From:** Vanessa Blecher vanessablecher@quinnemanuel.com
**Subject:** Re: Sandisk v. Viasat - Amended Contentions
**Date:** January 9, 2025 at 10:38 AM
**To:** ElDessouki, Ahmed AElDessouki@gibsondunn.com, Patrick Curran patrickcurran@quinnemanuel.com, QE-Viasat-WD qe-viasat-wd@quinnemanuel.com, Alicia Lai alicialai@quinnemanuel.com
**Cc:** *** GDC-NDCA Western Digital-Viasat GDCWesternDigitalNDCA@gibsondunn.com

> **This Message Is From an External Sender**
> This message came from outside your organization.

Counsel:

We do not agree that there is any good cause for plaintiffs proposed amendments to its infringement contentions barely a month before the close of fact discovery. We further note that plaintiffs' proposed amended infringement contentions do not cure deficiencies that Viasat has repeatedly identified in plaintiffs' earlier contentions. Plaintiffs do not have a good faith basis to proceed with this case. Viasat reserves all rights and will seek fees and costs.

Notwithstanding those issues, and despite plaintiffs' inexcusably late request to amend its infringement contentions, Viasat will not oppose the proposed amendments in the form that plaintiffs served on Viasat on January 3, 2025, provided that plaintiffs agree that they will not oppose any request by Viasat to amend its invalidity contentions within 30 days of receiving those new infringement contentions (i.e., on or before February 2, 2025). With respect to this request, Viasat notes that, pursuant to PLR 3-3, defendants typically have 45 days after receipt of infringement contentions to serve invalidity contentions. Here, Plaintiffs approached Viasat with its request to supplement its infringement contentions fewer than 45 days before the close of fact discovery. In light of the upcoming discovery deadline, Viasat's proposed compromise disadvantages Viasat by both reducing the number of days it would normally have to prepare invalidity contentions in response to plaintiffs' contentions, and by requiring that Viasat prepare those responsive invalidity contentions during the last few weeks of discovery when the parties are scheduling numerous depositions. But in an effort to avoid motion practice, Viasat will not oppose the proposed amendment if Plaintiffs will agree to the proposed 30 day window for Viasat's supplemental invalidity contentions, to alleviate some of the prejudice Plaintiffs' late proposed amendment would cause.

Please let us know whether plaintiffs agree to this proposal. If plaintiffs do not agree, Viasat will oppose plaintiffs' request to amend its infringement contentions this close to the close of fact discovery.

Thanks,
Vanessa

**From:** ElDessouki, Ahmed <AElDessouki@gibsondunn.com>
**Sent:** Monday, January 6, 2025 7:46 PM
**To:** Patrick Curran <patrickcurran@quinnemanuel.com>; QE-Viasat-WD <qe-viasat-wd@quinnemanuel.com>; Alicia Lai <alicialai@quinnemanuel.com>
**Cc:** *** GDC-NDCA Western Digital-Viasat <GDCWesternDigitalNDCA@gibsondunn.com>
**Subject:** Re: Sandisk v. Viasat - Amended Contentions

**[EXTERNAL EMAIL from aeldessouki@gibsondunn.com]**

Hi Patrick,
The proposed amendments address recently produced discovery as a result of the Court's claim construction, including Viasat's December 13, 2024 Interrogatory Response and December 19, 2024 production, as permitted under LPR 3-6(a) and (c).

Many thanks,
Ahmed


### Ahmed ElDessouki
Counsel

T: +1 212.351.2345
AElDessouki@gibsondunn.com

### GIBSON DUNN
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193


**From:** Patrick Curran <patrickcurran@quinnemanuel.com>
**Date:** Friday, January 3, 2025 at 10:55 PM
**To:** Ahmed ElDessouki^ <AElDessouki@gibsondunn.com>, QE-Viasat-WD <qe-viasat-wd@quinnemanuel.com>, Alicia Lai <alicialai@quinnemanuel.com>
**Cc:** *** GDC-NDCA Western Digital-Viasat <GDCWesternDigitalNDCA@gibsondunn.com>
**Subject:** Re: Sandisk v. Viasat - Amended Contentions

Ahmed, so that we can evaluate this request, please provide the basis for the motion, including the proposed basis Plaintiffs would offer in support of a motion for leave. Thanks.

- -
Patrick Curran | +1 (617) 712-7103 (Boston) | +1 (212) 849-7216 (NY) | patrickcurran@quinnemanuel.com


**From:** ElDessouki, Ahmed <AElDessouki@gibsondunn.com>
**Date:** Friday, January 3, 2025 at 10:44 PM

**Date:** Friday, January 3, 2025 at 10:44 PM
**To:** QE-Viasat-WD <qe-viasat-wd@quinnemanuel.com>, Alicia Lai <alicialai@quinnemanuel.com>
**Cc:** *** GDC-NDCA Western Digital-Viasat <GDCWesternDigitalNDCA@gibsondunn.com>
**Subject:** Sandisk v. Viasat - Amended Contentions

[EXTERNAL EMAIL from aeldessouki@gibsondunn.com]

Counsel,

Plaintiffs plan to move for leave to amend their infringement contentions pursuant to Patent Local Rule 3-6 (a) and (c).

The revised contentions and a courtesy redline copy showing revisions against the infringement contentions served on March 22, 2024, have been uploaded to the following link in a password protected zip file: https://gibsondunn.sharefile.com/d-se31b690771834fd1a5fa94abcef5d721. I will send the password separately.

Please let us know if you plan to oppose the motion and, if you plan to oppose, the basis for your opposition.

Kind regards,
Ahmed


**Ahmed ElDessouki**
Counsel

T: +1 212.351.2345
AElDessouki@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.