L. Kieran Kieckhefer (SBN 251978)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337
Email: KKieckhefer@gibsondunn.com

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281
RVincent@gibsondunn.com

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307
LMao@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345
AElDessouki@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504
BBuroker@gibsondunn.com
SZhang@gibsondunn.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>  Defendant. | Case No.: 4:22-cv-4376-HSG<br><br>**DECLARATION OF DR. WILLIAM C. EASTTOM II (CHUCK EASTTOM) IN SUPPORT OF SANDISK'S OPPOSITION TO VIASAT'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285** |

I, William C. Easttom II, declare as follows:

1. I am an adjunct professor of computer science at Vanderbilt University and Georgetown University, and I have been retained as a technical expert by Plaintiffs Sandisk Technologies, Inc., SanDisk Technologies LLC, and SanDisk Storage Malaysia Sdn. Bhd. (together "Plaintiffs" or "Sandisk") in the above-captioned action, brought against Viasat, Inc. ("Viasat"). I prepared and submitted two expert reports in this case, addressing infringement and validity of two of the asserted patents. I have personal knowledge of the matters discussed herein.

2. I make this declaration in support of Plaintiffs' Opposition to Viasat's Motion for Attorneys' Fees.

3. I understand that Sandisk served the operative contentions in this litigation on March 22, 2024 (the "Operative Contentions"). I was personally involved in the preparation of the Operative Contentions and believed that those Operative Contentions demonstrated infringement. I also reviewed the Operative Contentions after the Court issued its claim construction order dated September 20, 2024, and believed that the Operative Contentions demonstrated infringement under the Court's claim constructions.

4. I also understand that Sandisk served proposed amended contentions on January 3, 2025 (the "Proposed Amended Contentions") and then sought leave to amend the Operative Contentions, which the Court denied. I also was personally involved in the preparation of the Proposed Amended Contentions and also believed that those Proposed Amended Contentions demonstrated infringement in light of the Court's Claim construction.

5. In preparing both the Operative Contentions and the Proposed Amended Contentions, I reviewed technical documents and source code that Viasat produced in the litigation. I travelled to New York to review Viasat source code on the following days: March 10-12, 2024; December 18-19, 2024; and February 24-25, 2025.

6. I believe that all infringement theories disclosed in my infringement expert report, dated March 24, 2025, were consistent with and based on the theories disclosed in the Operative Contentions.

7. I believe that the Proposed Amended Contentions did not add any new theories to the Operative Contentions, other than a doctrine of equivalents theory for the "public environment" claim limitation.

8. I have served as an expert witness on over 100 patent cases involving software source code. In these cases, the infringement contentions generally identify relevant source by citing to relevant directories or files. In my experience, the expert reports identify the specific functions in the source code files identified in the infringement contentions that are relevant to infringement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of November 2025 in Dallas, Texas.

_____
William C. Easttom II