QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Steven Cherny (*pro hac vice*)
  stevencherny@quinnemanuel.com
  Patrick D. Curran (Bar No. 241630)
  patrickcurran@quinnemanuel.com
  Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
  Tzivya H. Beck (*pro hac vice*)
  tzivyabeck@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Nicola R. Felice (*pro hac vice*)
  nicolafelice@quinnemanuel.com
  Anastasia M. Fernands (*pro hac vice*)
  anastasiafernands@quinnemanuel.com
  Vanessa Blecher (*pro hac vice*)
  vanessablecher@quinnemanuel.com
  Alicia Lai (*pro hac vice*)
  alicialai@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone:   (212) 849-7000

*Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG <br><br> **DEFENDANT VIASAT, INC.'S RESPONSE IN SUPPORT OF AMENDED ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 292]** <br><br> [FILED CONCURRENTLY WITH [PROPOSED] ORDER RE MOTION TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(c) & (f) and the Protective Order entered in this case (Dkt. 90), Defendant Viasat, Inc. ("Viasat") submits this Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [Dkt. 292].

Viasat seeks to seal portions portions of Exhibit G to Sandisk's Opposition To Viasat's Motion For Attorneys' Fees Pursuant To 35 U.S.C. § 285, which contains Viasat, Inc.'s First Supplemental Objections & Response to Plaintiffs' Interrogatory No. 15, dated December 13, 2024 [Dkt. 291-9].

| Dkt. No. (Original Filing/Public) | Document | Portions Sought to be Sealed | Evidence Offered In Support of Sealing |
|---|---|---|---|
| 291-9 / 294-3 | Exhibit G (Viasat, Inc.'s First Supplemental Objections & Response to Plaintiffs' Interrogatory No. 15, dated December 13, 2024) | Interrogatory response containing Viasat's confidential technical information and analysis (on portions of pages 12-16) that was designated by Viasat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 90). | Ward. Decl. ¶¶ 3-4 |

Viasat seeks to seal only the portions of the Exhibit that contain information about the structure and contents of Viasat's highly confidential source code. Filed concurrently herewith is a redacted version of the Exhibit that redacts only the highly confidential information noted above (at the pages noted in the table above). If filed publicly, this confidential information could be used by Viasat's competitors to Viasat's detriment. *See* Exhibit 1, Declaration Of Colin Ward In Support Of Viasat, Inc.'s Statement in Support of the Amended Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed ("Ward Decl.") (filed concurrently herewith).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not

suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted). Civil Local Rule 79-5 supplements the good cause standard and requires that the party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law ... The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing . . . ." *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist . . . such as the use of records to . . . release trade secrets." "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (citations and internal quotations omitted). Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"); Dkt. 435, Order on Motions to Seal ("The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and proprietary information relating to the operations of Defendant."); *accord DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (granting motion to seal "information regarding the identity and operations of . . . components in Apple's products or containing confidential information regarding the operations of source code for Apple's products"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems, [] source code, and [] the names of internal tables in Facebook's database).

The material Viasat seeks to maintain under seal—specifically, the redacted portions of Exhibit G to Sandisk's Opposition To Viasat's Motion For Attorneys' Fees Pursuant To 35 U.S.C. § 285 (Viasat, Inc.'s First Supplemental Objections & Response to Plaintiffs' Interrogatory No. 15, dated December 13, 2024)—reflects highly confidential information about the operation of and source code for Viasat's products, including about source code variables and how those variables relate to the way that Viasat's products operate. *See* Ward Decl. ¶¶ 3-4. These confidential references to the architecture of Viasat's products, and the source code, operation of, and inner workings of Viasat's products and proprietary technology—including details of how Viasat's system is architected (e.g., where specific pieces of source code run)—are not apparent from normal consumer operation. Ward Decl. ¶ 4.

If filed publicly, that information would cause competitive harm to Viasat. If this confidential source code and product operation information was disclosed, Viasat's competitors could replicate this proprietary architecture and product operation information for Viasat's products—that Viasat invested time and resources to develop—in their own products. Further, the redacted information contains confidential information about how Viasat maintains the security of its products. *Apple, Inc.*, 2012 WL 6115623, at *2 (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret").

Pursuant to Civil Local Rule 79-5(c) and (f), and on the basis of the harm to Viasat if disclosed, Viasat submits this motion which establishes good cause to permit the sealing of the unredacted version of the aforementioned document.

DATED: November 25, 2025                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP


                                            By _/s/ Patrick D. Curran_____
                                                Patrick D. Curran

                                                *Attorney for Defendant Viasat Inc.*

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on November 25, 2025, a copy of the foregoing response, was filed

3

with the Court using the Court's ECF system, which sent notice to all counsel of record.

4

5

6     DATED:  November 25, 2025            By  _/s/ Patrick D. Curran_____
                                              Patrick D. Curran
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28