# EXHIBIT 1

# Exhibit G



1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Steven Cherny (*pro hac forthcoming*)
2    stevencherny@quinnemanuel.com
     Patrick Curran (Bar No. 241630)
3    patrickcurran@quinnemanuel.com
   111 Huntington Ave, Suite 520
4  Boston, MA 02199
   Telephone:   (617) 712-7100
5  Facsimile:   (617) 712-7200

6  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Jodie Cheng (Bar No. 292330)
7    jodiecheng@quinnemanuel.com
   50 California Street, 22nd Floor
8  San Francisco, CA 94111
   Telephone:   (415) 875-6600
9  Facsimile:   (415) 875-6700

10  *Attorneys for Defendant Viasat, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA,
OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., | Case No. 5:22-cv-4376 |
| Plaintiffs, | |
| vs. | **VIASAT, INC.'S FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES (NOS. 9-15)** |
| VIASAT, INC.,, | |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Viasat, Inc. ("Viasat") hereby supplements its responses to Plaintiffs' Second Set of Interrogatories (Nos. 9-15) as follows. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiff reserves the right to further supplement its responses to these Interrogatories if it learns of additional responsive information.

1   and Viasat will supplement its response to this interrogatory as necessary pursuant to Fed. R. Civ.
2   P. 26(e) after further discovery has been conducted including, for example, an explanation by
3   Plaintiffs of how the Accused Instrumentalities infringe under the Court's claim constructions.

4   Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or
5   supplement its objections and/or responses as its investigation continues.

6   **INTERROGATORY NO. 15:**

7   Correlate each source code folder that Viasat made available (or will make available) for
8   review by Plaintiffs with the corresponding functionality of Viasat's systems (for example, by
9   mapping each source code folder with a block diagram provided in VIASAT_00008705) and the
10  location and type of the computing device that executes the source code (e.g., ground server, plane
11  server, user device, seat-back device, etc.).

12  **RESPONSE TO INTERROGATORY NO. 15:**

13  Viasat incorporates by reference all of its General Objections as if fully set forth herein.
14  Viasat objects to this Interrogatory as compound and containing multiple subparts asserted in a
15  single Interrogatory. Viasat further objects to this Interrogatory on the grounds it is overbroad,
16  unduly burdensome, vague, and ambiguous, including to the extent is seeks information that is
17  equally accessible to Plaintiffs.

18  Subject to and without waiving the foregoing objections, Viasat responds as follows: Subject
19  to and without waiving the foregoing objections, Viasat responds as follows: Pursuant to Federal
20  Rule of Civil Procedure 33(d), Viasat will produce documents responsive to this Interrogatory and
21  the burden of ascertaining further information responsive to this Interrogatory is substantially the
22  same for Plaintiffs as it is for Viasat.

23  Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or
24  supplement its objections and/or responses as its investigation continues.

25  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15 (12/13/2024):**

26  Based on its investigation to date and subject to and without waiving any Objections to
27  Definitions and Instructions, General Objections, or specific objections in its prior responses, Viasat
28  supplements its response to this Interrogatory as follows:

Viasat repeats and incorporates herein its Objections to this Interrogatory, including Viasat's objections to Plaintiff's Definitions and Instructions, Viasat's General Objections, and Viasat's specific objections in its prior responses to this request. As Viasat previously noted, the Interrogatory is overbroad, unduly burdensome, vague, and ambiguous, including in its request to "[c]orrelate" code with "corresponding functionality" or with the "location" of any and every "computing device" that may execute code, including third-party computing devices; because the Interrogatory appears to request information more appropriately obtained through analysis of the source code itself or through depositions of knowledgeable engineers; and to the extent the Interrogatory purports to request discovery on non-accused functionality, including functionalities and block diagrams not mentioned in Plaintiffs' infringement contentions. Viasat further supplements its response to this Interrogatory as follows:

Viasat provides the following additional information on folders of source code that have been available for inspection in this litigation, all of which have been available for inspection since early 2024—and all of which have actually been inspected by Plaintiffs over multiple days, cited in Plaintiffs' infringement contentions, and explained in detail in documentation Viasat already produced (and that Plaintiffs already cited in their infringement contentions), without any claim by Plaintiffs that the source code was impossible to understand without further information responsive to this Interrogatory. Plaintiffs are free to analyze code, print code, and use code in depositions subject to the Protective Order in this litigation. To date Plaintiffs have not taken any depositions in an effort to understand the Accused Products or to diligently pursue their allegations of infringement. Viasat reserves all rights.

- [REDACTED]

1 ████████████████████████████████████████

2 ██████████████████████████████

3 ██████████████████████████████████████████████

4 ████████████████████████████████████████

5 ████████████████████████████████████████

6 ████████████████████████████████████████

7 ████████████████████████████████████████

8 ████████████████████████████████████████

9 ████████████████████████████████████████

10 ██████████████

11 ██████████████████████████████████████████████

12 ████████████████████████████████████████

13 ████████████████████████████████████████

14 ██████

15 ██████████████████████████████████████████████

16 ████████████████████████████████████████

17 ██████████████

18 ██████████████████████████████████████████████

19 ██████████████████████████████████████████████

20 ████████

21 ██████████████████████████████████████████████

22 ██████████████████████████████████████

23 ██████████████████████████████████████████████

24 ████████████████████████████████████████

25 ████████████████████████████████████████

26 ████████████████████████████████████████

27 ████████████████████████████████████████

28 ██████████████████████████

-13-     Case No. 5:22-cv-4376
FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES

1 • ███████████████████████████████████████
2 ███████████████████████████████████████
3 ███████████████████████████████████████
4 ██████████████
5 ████████████████████████████████████████████
6 ███████████████████████████████████████
7 ████████████████████████████
8 ████████████████████████████████████████████
9 ███████████████████████████████████████
10 ██████████████████████████████████████
11 ████████████████████████████████████████████
12 ███████████████████████████████████████
13 ███████████████████████████████████████
14 ██████████████
15 ████████████████████████████████████████████
16 ███████████████████████████████████████
17 ███████████████████████████████████████
18 ██████████████
19 ██████████████████████████
20 ████████████████████████████████████████████
21 ███████████████████████████████████████
22 ████████████████████████████████████████████
23 ████████████████████████████████████████████
24 ██████████████████████████████████
25 ████████████████████████████████████████████
26 ███████████████████████████████████████
27 ███████████████████████████████████████
28 ███████████████████████████████████████

1  ██████████████████████████████████████████████████
2  ████████████████████████████
3  ████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████
5  ██████████████████████████████████████████████████
6  ██████████████
7  ████████████████████████████████████████████████████
8  ████
9  ████████████████████████████████████████████████████
10 ██████████████████████████████████████████████████
11 ██████████████████████████████████████████████████
12 ██████████████████████████████████████████████████
13 ██████████████████████████████████████████████████
14 ██████████████████████████████████████████████████
15 ██████████████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████
18 ██████████████████████████████████████████████████
19 ██████████████████████████████████████████████████
20 ████████████████████████████████████████████████████
21 ████
22 ████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████
24 ████████████████████████████
25 ████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████
27 ████████████
28

-15-                                          Case No. 5:22-cv-4376
FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████

Additionally, pursuant to Federal Rule of Civil Procedure 33(d), Viasat identifies the following materials from which the answer to this interrogatory may be derived or ascertained: VIASAT_00005782, including at VIASAT_00005790-5801; VIASAT_00008738, including at VIASAT_00008749-8763 and VIASAT_00008759-8761; VIASAT_00005782, including at VIASAT_00005798; VIASAT_00006471, including at VIASAT_00006499.

Viasat's investigation and discovery are ongoing. Viasat reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

DATED:  December 13, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  /s/ Patrick Curran
Patrick Curran
Attorneys for *Defendant Viasat Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I caused a copy of the foregoing document to be served on the following counsel for Plaintiffs via email:

| | |
|---|---|
| L. Kieran Kieckhefer: | KKieckhefer@gibsondunn.com |
| Ahmed ElDessouki: | aeldessouki@gibsondunn.com |
| Lillian J. Mao: | LMao@gibsondunn.com |

                                      */s/ Vanessa Blecher*
                                      Vanessa Blecher
                                      Counsel for Defendant