UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK STORAGE MALAYSIA SDN. BHD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Case No. 22-cv-04376-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. Nos. 277 |

Pending before the Court is Plaintiffs' amended administrative motion to consider whether another part's materials should be sealed. Dkt. No. 277. For the reasons detailed below, the Court **GRANTS** the motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

## II. DISCUSSION

Sandisk submitted the proposed sealed materials in support of its opposition to Viasat's Motion for Summary Judgment of Noninfringment. Dkt No. 241. The Court ruled on the sealing motion and found that while Sandisk met the "compelling reasons" standard to seal materials appended to dispositive motions, it did not narrowly tailor its sealing request. Dkt No. 275 at 9. Sandisk's exhibits constituted over 2,000 pages, but Sandisk referenced only a limited number of those pages. *Id.* The Court ordered Sandisk to file an amended motion that appropriately excerpted Exhibits 14–18, 20, 22, 23–25, 27, and 32. *Id.*

Sandisk refiled its motion and reduced the number of pages it seeks to seal. Of the exhibits the Court ordered Sandisk to refile, it reduced the total page count by 796. Visat did not file an objection or response to Sandisk's amended motion. After reviewing the materials, the Court finds that the current request (and Viasat's prior arguments, Dkt. No. 257) satisfies the "compelling reasons" standard and is now sufficiently tailored under Civil Local Rule 79-5.

### III. CONCLUSION

The Court **GRANTS** the amended administrative motion to file under seal. Dkt. No. 277. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 11/26/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3