1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Steven Cherny (*pro hac vice*)
2      stevencherny@quinnemanuel.com
      Patrick Curran (Bar No. 241630)
3      patrickcurran@quinnemanuel.com
   111 Huntington Ave, Suite 520
4  Boston, MA 02199
   Telephone:     (617) 712-7100
5  Facsimile:     (617) 712-7200

6  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Nicola Felice (*pro hac vice*)
7      nicolafelice@quinnemanuel.com
   295 Fifth Avenue, 9th Floor
8  New York, New York 10016
   Telephone:     (212) 849-7000
9  Facsimile:     (212) 849-7100

10    *Attorneys for Defendant Viasat, Inc.*

11

12                    **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
13                        **OAKLAND DIVISION**

14  SANDISK TECHNOLOGIES, INC. et al.,          Case No.: 4:22-cv-4376-HSG

15                      Plaintiff,              **DEFENDANT VIASAT, INC.'S
                                                STATEMENT OF RECENT
16                                              DEVELOPMENTS RELEVANT TO DKT.
                                                NOS. 274 AND 278**
17              v.

18

19  VIASAT, INC.,

20                      Defendant.

21

22

23

24

25

26

27

28

STATEMENT OF RECENT DEVELOPMENT                     Case No. 4:22-CV-04376-HSG

TO THE HONORABLE COURT AND ALL COUNSEL OF RECORD:

Defendant Viasat, Inc. ("Viasat") respectfully submits this statement to update the Court regarding a recent development relevant to the Court's October 21, 2025 Order to Show Cause (Dkt. 274 at 39).

Yesterday, Sandisk Technologies, Inc. ("SDT Inc.") and Sandisk Storage Malaysia Sdn. Bhd. ("SDSM") filed a new suit against Viasat in the Western District of Texas. *SanDisk Techs., Inc. and SanDisk Storage Malaysia Sdn. Bhd., v. Viasat, Inc. and Gigcasters, LLC*, No. 26-CV-00019, Dkt. 1 (W.D. Tex. Jan. 21, 2026). In that new case, SDT Inc. and SDSM assert against Viasat the same two patents asserted in this case, U.S. Patent Nos. 10,447,667 ("the '667 Patent") and 9,424,400 ("the '400 Patent"), along with two patents related to the '667 Patent. That complaint is attached as Exhibit A.

Viasat submits yesterday's filing because SDT Inc. and SDSM's concise assertion regarding ownership of rights relevant to the '400 and '667 Patents stands in stark contrast to the pleadings in this case that gave rise to years of unnecessary litigation regarding standing.

Specifically, the new Texas Complaint states that only two entities—SDT Inc. and SDSM—"own, by assignment, all rights, title, and interest in and to the [Asserted] Patent[s], including the right to sue and recover for infringement thereof." Ex. A ¶¶ 50, 75, 97, 120.[1] Plaintiffs' ability to concisely aver ownership of patent rights in the Texas action highlights the repeated inability or unwillingness to do so here.[2] It is clear from their Texas Complaint that Plaintiffs could have succinctly stated the rights and interests allegedly held by each party. There simply was no reason Plaintiffs repeatedly refused to identify the parties that allegedly held the relevant rights to the asserted patents in this case.

Viasat also notes that, despite Plaintiffs' repeated and recent assertions here that SDT LLC holds an ownership interest and exclusionary rights in the '400 and '667 Patents, SDT Inc. and

---

[1] Viasat takes no position regarding the accuracy of this statement.

[2] For example, by contrast, when Plaintiffs filed their Complaint in this case, they alleged that "[o]ne or more Plaintiffs holds title" and "all substantial rights" to the '667 and '400 Patents. Dkt. 1 ¶¶ 19, 35.

SDSM's Complaint in Texas now alleges that only they—not SDT LLC—hold all rights and interests in those two patents. As recently as December 18, 2025, Plaintiffs averred that SDT Inc. has ownership interests in the asserted patents. Specifically, in their response to the Court's Order to Show Cause, Plaintiffs asserted "that SDT LLC had, and has, proper standing" here "because of its ownership interests in the '400 and '667 Patents." Dkt. 278 at 1; *see also id.* at 2 ("SDT LLC holds ownership rights in the asserted '400 and '667 Patents."). And then, just a month ago when the Court heard argument, Plaintiffs again argued that SDT LLC has exclusionary rights in the '667 and '400 Patents: "[T]he agreement makes clear that SDT LLC, previously WDI, does have exclusionary rights. And so there's been a lot of noise about this and about a chart and they do have – they don't have complete exclusionary rights, but they do have some . . . ." Dkt. 304, Tr. 23:15-19. Yet, now in Texas, SDT Inc. and SDSM clearly and specifically assert the opposite, stating that *they* hold "*all* rights, title, and interest in and to" the '400 and '667 Patents. The Texas Complaint says nothing about SDT LLC's alleged unspecified rights that Plaintiffs have spent years asserting in this case and that led to years of unnecessary litigation. Viasat submits that these actions only further evidence Plaintiffs' questionable conduct that "has wasted the parties' and the Court's time and resources," and warrants sanctions. Dkt. 274 at 39.

DATED: January 22, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   /s/ *Patrick D. Curran*


*Attorneys for Defendant Viasat Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on January 22, 2026, a copy of the foregoing document was served via

3   e-mail to all counsel of record who have appeared in this matter.

4

5

6   DATED:  January 22, 2026                     By  _/s/ Patrick D. Curran_____
                                                     Patrick Curran
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28