L. Kieran Kieckhefer (SBN 251978)
KKieckhefer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105-0921
Telephone: 415.393.8337

Robert A. Vincent (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3281

Lillian J. Mao (SBN 267410)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5307

Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2345

Brian M. Buroker (*pro hac vice*)
Shuo J. Zhang (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington DC 20036-4504

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SANDISK TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Case No.: 4:22-cv-4376-HSG-PHK <br><br> **PLAINTIFFS' OBJECTION AND RESPONSE TO DKT. 305** <br><br> Hon. Haywood S. Gilliam, Jr. |

Yesterday, Defendant Viasat, Inc. ("Viasat") filed an improper and inaccurate "Statement of Recent Developments" with the Court (Dkt. 305). Viasat's submission is not authorized by any court order or local rule, and it assumes facts that are not accurate. Plaintiffs object and ask that the paper be stricken from the record.

Viasat's filing presents inaccurate information. Viasat cites a January 21, 2026 complaint in a different case (Dkt. 305-1) to argue that Plaintiffs are taking inconsistent positions in the two cases regarding the standing of SanDisk Technologies LLC ("SDT LLC"). Dkt. 305 at 2. Viasat is completely incorrect. The day before the new complaint was filed, on January 20, 2026, SDT LLC executed an assignment agreement that assigned all of its rights in the relevant patents to Sandisk Technologies Inc. ("SDT Inc."). Declaration of Ahmed ElDessouki, ¶2; Exs. A-B. SDT LLC was not named as a plaintiff in the new case because it is no longer a proper party as a result of this assignment, which was executed *after* the December 18, 2025 Court hearing. *Id*. As such, Viasat's argument that Plaintiffs took inconsistent positions regarding SDT LLC's interest in the patents is entirely incorrect. The fact that SDT Inc. and SDSM are **now** the sole owners of the patents asserted in that new complaint has no relationship to the issues currently being considered by this Court, which relate to ownership issues well before SDT LLC assigned its interest in the patents.

In addition to being inaccurate, Viasat's filing is procedurally improper. Viasat's filing purports to relate to the Court's October 21, 2025 Order to Show Cause, but it is an unauthorized submission of new (and inaccurate) argument. The Court had already taken the matter under submission: The Court ordered Viasat to respond to Plaintiffs' response to the Order to Show Cause by November 4, 2025 (Dkt. 281), which Viasat did. The matter was then argued to the Court on December 18, 2025. The only additional filing authorized by the Court was a joint submission of the parties' correspondence relating to standing (Dkt. 302). Viasat lacked permission to submit a new brief on the issue. *Cf.* Civil L.R. 7-3(d)(2) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval[.]"). To the extent Viasat styled its filing as "Statement of Recent Developments" in an attempt to emulate a Statement of Recent Decision

under Civil L.R. 7-3(d)(2), Viasat's filing is still improper because that rule specifically provides that the statement must be "without argument." Viasat's filing, on the other hand, is entirely argumentative. Accordingly, Plaintiffs object to Dkt. 305 and ask that it be stricken. *See Picetti v. Stryker Corp.*, No. 20-CV-07454-MMC, 2021 WL 1962793, at *n.1 (N.D. Cal. May 17, 2021) (Striking "statement of recent decisions" as an unauthorized sur-reply in violation of the Local Rules).

      Finally, Viasat's notice, and Plaintiffs' objection and response, could have easily been avoided had Viasat simply met and conferred with Plaintiffs, or otherwise contacted Plaintiffs, in advance of the filing.

Respectfully submitted,

Dated: January 23, 2026        */s/ L. Kieran Kieckhefer*
                                        Counsel for Plaintiffs