UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK STORAGE MALAYSIA SDN. BHD., et al., | Case No. 22-cv-04376-HSG |
| Plaintiffs, | **ORDER DENYING MOTION FOR ATTORNEYS' FEES, TERMINATING ORDER TO SHOW CAUSE, AND GRANTING MOTION TO SEAL** |
| v. | |
| VIASAT, INC., | Re: Dkt. Nos. 274, 284, 292 |
| Defendant. | |

Before the Court is Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Dkt. No. 292, Defendant's Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285, Dkt. No. 284, and an Order to Show Cause why the Court should not impose sanctions against Plaintiffs.  Dkt. No. 274 at 39, 41.  The Court will **GRANT** the motion to seal, Dkt. No. 292, **DENY** the motion for attorneys' fees, Dkt. No. 284, and **TERMINATE** the Order to Show Cause without imposing sanctions.  Dkt. No. 274 at 41.

## I.    BACKGROUND

The Court entered judgment against Plaintiffs (collectively "Sandisk") after granting Defendant Viasat, Inc.'s motions for summary judgment.  Dkt. No. 274.  Throughout this case, the parties engaged in very contentious motions practice, ultimately giving rise to the Court's Order to Show Cause and Viasat's motion for attorneys' fees.  Viasat contends that Sandisk's substantive positions and conduct in this case generally, and especially with respect to the standing of Plaintiff SDT LLC, were so unreasonable as to warrant sanctions.

The parties' dispute regarding Sandisk's substantive positions is explained in greater detail in the Court's summary judgment order.  Dkt. No. 274.  Viasat contends that Sandisk's infringement contentions were misguided from the start of the litigation, and that it told Sandisk as

United States District Court
Northern District of California

much. Dkt. No. 284 at 7. After the Court issued its *Markman* order, Viasat alleges it met with Sandisk and encouraged it not to move forward with infringement contentions that were foreclosed by the Court's order. *Id.* Sandisk did not back down, and sought to change its infringement contentions near the end of fact discovery. Dkt. No. 284 at 8; Dkt. No. 146. The Court denied that motion as untimely. Dkt. No. 182 at 4–8. Then, in conjunction with its summary judgment motions, Viasat successfully moved to strike portions of Sandisk's expert reports that relied on theories not contained in the operative contentions. Dkt. No. 274 at 10–24. Viasat prevailed on all of its motions for summary judgment. Dkt. No. 274 at 40.

Both the order to show cause and motion for attorneys' fees relate to the parties' dispute regarding the standing of Plaintiff SDT LLC. Plaintiffs originally pled that SDT LLC's predecessor had "exclusionary rights," but discovery revealed that SDT only held "all other rights and interests" in the asserted patents. Dkt. No. 252 at 4. Following a Rule 30(b)(6) deposition, Viasat asked Sandisk to dismiss SDT LLC for lack of standing, Dkt. No. 302-1 at 41, and followed up after the close of discovery asking Sandisk to justify SDT LLC's standing. *Id.* at 43. In response, Plaintiffs' counsel said it would agree to dismiss SDT LLC from the case if Viasat agreed not to challenge the standing of any other Plaintiff. *Id.* at 46. Viasat rejected the offer, responding that "We do not understand your email. Standing exists or it doesn't. Either drop SDT LLC, or we will need to seek relief from the Court." *Id.* at 48.

Sandisk responded that they "simply sought to confirm that, if SDT LLC were dismissed, Viasat would not contend that the case should be dismissed for failure to join SDT LLC as a party. We understand from your response that Viasat does not so contend, and we will proceed accordingly." *Id.* at 51. Six days later, Sandisk followed up with a draft stipulation "amending the case caption to remove [SDT LLC] from this action." *Id.* at 54, 58. Viasat rejected the stipulation, arguing that SDT LLC needed to be dismissed with prejudice, not removed from the caption. *Id.* at 59. Seventeen days later, Viasat moved for summary judgment regarding SDT LLC's standing. Dkt. No. 222. Sandisk's counsel restarted the email thread, expressing surprise that Viasat had filed the motion instead of negotiating a stipulation. Dkt. No. 302-1 at 63. Sandisk's counsel again drafted an amended stipulation to resolve the dispute. *Id.* at 63–66. That

stipulation dismissed SDT LLC with prejudice but also sought to remove from the docket or seal the motion for summary judgment on standing. *Id.* at 65. Viasat rejected the stipulation, but instead of just proposing removal of the provisions regarding sealing, it conditioned its agreement on Sandisk's agreement to pay its attorneys' fees. *See id.* at 67 (cover email stating that "[i]f Plaintiffs . . . reimburse Viasat, the parties can put the standing issue behind us."). Otherwise, Viasat invited Sandisk to move on its own to dismiss SDT LLC with prejudice. *Id.*

The Court granted Viasat's motion for summary judgment regarding SDT LLC's standing and directed Plaintiffs' counsel to show cause why it should not be sanctioned. Dkt. No. 274 at 41. In response, Plaintiffs' counsel asserted that it believed that SDT LLC had ownership interests and was properly joined as a plaintiff, but argued that even if that were not true, counsel acted reasonably to protect its client's interests. Dkt. No. 278. In response, Viasat then argued that Sandisk's counsel's behavior was unreasonable, and that it should have reimbursed Viasat for the fees it would not have incurred but for Sandisk's bad faith conduct. Dkt. No. 283.

## II.    MOTION TO SEAL

### A.    Legal Standards

Courts apply different standards when assessing motions to seal depending on whether the materials are contained or attached to a dispositive or nondispositive motion. Courts generally apply a "compelling reasons" standard when considering motions to seal documents attached to dispositive motions. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a document attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

United States District Court
Northern District of California

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*.  Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ."  Civil L.R. 79-5(a).  The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient.  *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action."  *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### B.    Discussion

Viasat seeks to seal portions of Exhibit G to Sandisk's Opposition to Viasat's Motion for Attorneys' Fees.  Dkt. No. 294.  The sealed exhibit is Viasat's interrogatory responses which contain highly confidential source code.  Dkt. No. 291-9.  The confidential material contains details of how Viasat's products function, including describing its proprietary technology that is not apparent from normal consumer operation.  Dkt. No. 294 at 4.  It contends that if filed

United States District Court
Northern District of California

4

publicly, the source code could be used by Viasat's competitors to its detriment. *Id.*

The Court finds that the "good cause" standard applies to this nondispositive motion and that there is good cause to seal portions of the exhibit. Viasat established through its declarant that the public release of its highly confidential information would cause it competitive harm, and it has invested time and resources to develop this proprietary architecture. Viasat tailored its request to seal only the necessary information. Viasat's motion to seal is **GRANTED.**

## III.    LEGAL STANDARDS

### A.    Order to Show Cause

Federal courts have "inherent power . . . to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980). To impose sanctions, a court must make a "specific finding of bad faith." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "[M]ere recklessness, without more, does not justify sanctions under a court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). Sanctions are available for a "variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994. "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" *Id.* at 992 (citation and quotations omitted). The Court may consider both parties' conduct in imposing or declining to impose sanctions. *Vo v. LoanMe, Inc.*, No. SACV 17-00072-CJC (DFMx), 2022 WL 22903716, at *2 (C.D. Cal. Apr. 5, 2022) (citing *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 36 (2nd Cir. 1992) and *Moore v. Vital Products, Inc.*, 641 F.3d 253, 259 (7th Cir. 2011)).

### B.    Motion for Attorneys' Fees

Section 285 of the Patent Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has held that "an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the

case) or the unreasonable manner in which the case was litigated.  District courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (internal quotation marks omitted).  A district court's case-by-case analysis could consider such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6.  "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Id*. (internal quotation marks omitted).

## IV.   DISCUSSION

Viasat argues this is an "exceptional case" under 35 U.S.C. § 285 because Sandisk's substantive positions became unreasonable after the Court's *Markman* order, such that Sandisk's litigation tactics were frivolous, and because Sandisk's conduct related to SDT LLC's standing was indefensible.  Dkt. No. 284.  Viasat requests an award of all of attorneys' fees and costs since the claim construction order.  Dkt. No. 295 at 6.  The Court separately issued an Order to Show Cause based only on the standing issue.  Dkt. No. 274 at 41.

### A.    Substantive Positions

Viasat contends that Sandisk's infringement assertions warrant fees, because Viasat notified Sandisk of its ultimately successful position on the patents, Sandisk continued to argue a view precluded by the claim construction order, and Sandisk ultimately lost at summary judgment on that basis.  Dkt. No. 284 at 12–16.  Viasat also argues that Sandisk included rejected theories in its expert reports that that were then stricken.  *Id.* at 16–19.  Sandisk responds that Viasat's statements of its litigation positions do not make this case exceptional, Dkt. No. 291 at 14–16, Sandisk's proposed amendments to its infringement contentions were reasonable and did not contradict the claim construction order, *id.* at 16–18, it had a reasonable basis for presenting the theories in the expert report, *id.* at 18–22, and that losing on summary judgment in a patent case does not justify fees.  *Id.* at 22.

The record amply reflects that this litigation was needlessly contentious, but that does not

make the case exceptional.  Viasat succeeded in convincing the Court of its position, *see generally* Dkt. No. 274, but that does not warrant a fee award.  *See Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-0119-HSG, 2020 WL 759528, at *3–4 (N.D. Cal. Feb. 14, 2020); *Kreative Power, LLC v. Monoprice, Inc.*, No. 14-cv-02991-SI, 2015 WL 1967289, at *1, 3 (N.D. Cal. Apr. 30, 2015).  While it is true that Sandisk was not allowed to amend its infringement contentions, that does not mean the motion was unreasonable or without basis, as Viasat contends.  Dkt. No. 295 at 9–11.  The Court observes that for two of the proposed infringement contentions, the Court found that Sandisk was diligent, but concluded that to allow an amendment at that stage would have prejudiced Viasat.  *See* Dkt. No. 182 at 4–5, 8.  The same is true regarding the motions to strike infringement theories from Sandisk's expert reports based on source code in its operative infringement contentions.  Dkt. No. 295 at 11–13.  The Court concluded that in that instance, the lines of source code did not put Viasat on notice of Sandisk's infringement theory, but the Court did not decide that "the identification of source code files could never be enough."  Dkt. No. 275 at 12 n.9.  There was at least a colorable basis for both of those motions, even though they were denied.

The Court finds the conduct Viasat identifies does not support an exceptional case finding, and thus **DENIES** Viasat's motion for attorneys' fees.

### B.    Standing

The Court has long expressed serious concerns about Sandisk's counsel's conduct regarding the standing issue, leading to Viasat's motion for attorneys' fees and the Court's Order to Show Cause.  Dkt. No. 275 at 38.  SDT LLC's predecessor owned the '834 Patent at the time that this case was filed such that it appeared to be a proper plaintiff.  *Id.* at 33.  After December 27, 2024, when it transferred its rights to SDT Inc., it was not clear how SDT LLC maintained standing.  *Id.* at 33–34.  Sandisk did not identify a single exclusionary right it still held in the '834 Patent at summary judgment.  *Id.* at 35.  Sandisk provided a chart that showed SDT LLC only held "all other rights and interests" in a patent at issue in this case, which is not a basis for standing.  Dkt. No. 274 at 33–35.  While Sandisk contended the Court did not substitute SDT Inc. for SDT LLC (because SDT Inc. was already a plaintiff), the Order to Show Cause record reflects that

7

Plaintiffs' counsel should have known that SDT LLC lacked standing and that its position was unsupported.

If Sandisk's conduct was analyzed in a vacuum, the Court might be inclined to impose sanctions. But the Court also has to consider Viasat's conduct. Viasat engaged in its own unproductive and overly aggressive tactics, as reflected in the record.[1] *See generally* Dkt. No. 302-1. For example, when the parties' dispute was teed up for summary judgment, Sandisk *agreed* to dismiss SDT LLC and sought a stipulated dismissal with prejudice. *Id.* at 51, 63–66. That was everything Viasat had previously demanded. Instead of putting the issue to rest, Viasat refused to sign the stipulation unless Sandisk paid its attorneys' fees. *Id.* at 67. That attempted quid pro quo was not reasonable, and prolonged a dispute that should have been resolved. On the totality of the record, the Court finds that no one was blameless here and **DENIES** Viasat's fee request in its discretion.

## V.    CONCLUSION

The motion to seal is **GRANTED**. Dkt. Nos. 292, 294. The motion for attorneys' fees is **DENIED**. Dkt. No. 284. The Order to Show Cause is **TERMINATED** without imposing sanctions. Viasat's Statement of Recent Development, Dkt. No. 305, is **STRICKEN.** The Court has invested more than enough of its limited time and resources on this matter.

**IT IS SO ORDERED.**

Dated:    5/6/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] After these matters were taken under submission, Viasat filed an argumentative Statement of Recent Development. Dkt. No. 305. Viasat was required to seek leave before making this submission. Civil L. R. 7-3(d). The Court therefore **STRIKES** the statement.

United States District Court
Northern District of California

8